23

SALMA AGHA-KHAN, M.D.
10001 Venice Boulevard # 402
Los Angeles, California  90034
Telephone:  (949) 332-0330
email:  salmahagha@aol.com
Plaintiff-Debtorin Pro Se

CROF

**FILED**

DEC 3 1 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT, BAKERSFIELD DIVISION

SALMA H. AGHA
an individual,

                        **Debtor,**

**Case No. 10-16183**
**Chapter 7**

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
PLAINTIFF-DEBTOR'S MOTION TO
DISQUALIFY KLEIN DENATALE
GOLDNER LAW FIRM FROM
REPRESENTING DEFENDANT
TRUSTEE VETTER DUE TO**
**1. CONFLICT OF INTEREST AS
   PLAINTIFF-DEBTOR WAS THEIR
   FORMER EMPLOYER AND**
**2. THIS CURRENT EMPLOYMENT
   WAS FRAUDULENTLY ALLOWED
   BY DEFENDANT JUDGE
   CLEMENT;**

**Judge: HON RICHARD LEE**
**Hearing Date: February  5, 2015**
**Time: 9:00 am**
**Place: US Bankruptcy Court**
         **1300 18th Street, Ste A**
         **Bakersfield, CA**

**PLEASE NOTE:** The **DUTY TO REPORT MISCONDUCT** to the appropriate

governing authorities is an ethical duty imposed on Judges, Attorneys etc in

the United States by the rules governing professional responsibility. Acts

constituting misconduct include tampering with evidence, suborning perjury

and committing criminal acts of violence or dishonesty. Failure to report

such crimes can result in disbarment, sanctions, impeachment etc.

PLAINTIFF-DEBTOR'S MEMORANDUM OF POINTS & AUTHORITIES RE HER MOTION TO DISQUALIFY
KLEIN DENATALE GOLDNER LAW FIRM FROM REPRESENTING DEFENDANT TRUSTEE VETTER DUE TO
1. CONFLICT OF INTEREST AS PLAINTIFF-DEBTOR WAS THEIR FORMER EMPLOYER AND 2. THIS
CURRENT EMPLOYMENT WAS FRAUDULENTLY ALLOWED BY DEFENDANT JUDGE CLEMENT

1

# **TABLE OF CONTENTS**

1. Rule 7-19..............................................................................Pg 3

2. People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc., 20 20 Cal. 4th 1135, 1148 (1999). ...............................................Pg 7

3. People vs. Deukemejian, 29 Cal. 3d 150 (1981)........................Pg 8

4. California Code of Civil Procedure section 128(a) (5)................Pg 9

5. California Code Civil  Procedure § 128(a) (5)...........................Pg 9

6. FRCP 1, 81 & 11b ..................................................................Pg 9

7. FRCP 11 b...............................................................................Pg 10

8. California State Bar Rules of Professional Conduct Rule 3-310...................Pg 11

9. Evidence Code section 250.......................................................Pg 11

10. Flatt v. Superior Court, 9 Cal. 4th 275, 283 (1994).....................Pg 12

11. Jessen v. Hartford Casualty Ins. Co., 111 Cal. App. 4th 698, 705 (2003) Pg 13

12. Knight v. Ferguson, 149 Cal. App. 4th 1207, 1213 (2007) .........................Pg 13

13. H. F Ahmanson & Co. v. Salomon Bros., Inc., 229 Cal. App. 3d 1445, 1455 (1991)...........................................................................Pg 13

14. Kennedy v. Eldridge, 201 Cal. App. 4th 1197 (2011)...................Pg 13

15. Rules of Professional Conduct: Rule 5-210..................................Pg 14

16. California Business and Professions 6068....................................Pg 15

**PLAINTIFF-DEBTOR'S MEMORANDUM OF POINTS & AUTHORITIES RE HER MOTION TO DISQUALIFY KLEIN DENATALE GOLDNER LAW FIRM FROM REPRESENTING DEFENDANT TRUSTEE VETTER DUE TO 1. CONFLICT OF INTEREST AS PLAINTIFF-DEBTOR WAS THEIR FORMER EMPLOYER AND 2. THIS CURRENT EMPLOYMENT WAS FRAUDULENTLY ALLOWED BY DEFENDANT JUDGE CLEMENT**

2

# MEMORANDUM OF POINTS AND AUTHORITIES

Salma Agha-Khan, MD., Plaintiff-Debtor in Pro Per herein, submits the following Memorandum of Points and Authorities in compliance with Local Rule 7-19 that following **illegal reopening of her Bankruptcy lacking jurisdiction**,

## I.    FACTUAL HISTORY

Defendant Judge Clement **acting under color of professional right against a Minority Woman of Color** with full knowledge of the serious conflict of interest between Plaintiff and Defendant attorneys, approved their fraudulent application, allowing them to be hired by Defendant Trustee Vetter who also knew of the conflict but still "hired" them intentionally as professionals in Plaintiffs illegally reopened Bankruptcy lacking jurisdiction *(Exhibit 8: Summary of Bankruptcy Dates)*.

Defendant Judge Clement acting under color of professional right also fraudulently allowed RETROACTIVE, BACK DATED employment of Defendant attorneys to September 13, 2012, PREDATING even Defendant Trustee Vetters appointment to this case – in violation of Federal Laws of Bankruptcy and US Department of Justice Chapter 7 Trustee Handbook Chapter *(Exhibit 1: Doc #77)* Note: On September 13, 2012 the fraudulent illegal motion to reopen Plaintiffs Bankruptcy was filed – thus these **Defendants were conspiring and colluding prior to the fraudulent, illegal reopening of Plaintiffs Bankruptcy!**

Background for this extreme conflict of interest: Plaintiff Salma Agha-Khan MD., was previously represented by Defendants KDG and that representation resulted in a malpractice claim against them which was

PLAINTIFF-DEBTOR'S MEMORANDUM OF POINTS & AUTHORITIES RE HER MOTION TO DISQUALIFY KLEIN DENATALE GOLDNER LAW FIRM FROM REPRESENTING DEFENDANT TRUSTEE VETTER DUE TO 1. CONFLICT OF INTEREST AS PLAINTIFF-DEBTOR WAS THEIR FORMER EMPLOYER AND 2. THIS CURRENT EMPLOYMENT WAS FRAUDULENTLY ALLOWED BY DEFENDANT JUDGE CLEMENT

3

settled by Defendant Goldner in his office, in the amount of about **$30,000.00** *(Exhibit 2: Defendant KDGs letter to their Client June 29, 2004)* and *(Exhibit 3: Plaintiffs letter to Defendnat KDG outlining their causes of malpractice April 4, 2006)*

Defendant Judge Clement with full appreciation and acknowledgement of Defendant KDGs "need for revenge" against Plaintiff, gave these attorneys the very opportunity they had been wanting for years by legalizing the hiring of these attorneys on Debtor's illegally reopened Bankruptcy case. Judge Clement had to ambush the hiring due the conflict which was catalyzed by these corrupt thieves forging an alliance with fellow thieves Breitman, BBG Ltd, Zouras and Chandler against the Debtor because of their somewhat mutual "needs" to defraud unsuspecting individuals.

Defendant Judge Clements Order *(Exhibit 1: Doc #77)* allowing Defendants attorneys **RETROACTIVE** employment was issued on November 21, 2012, **THIRTEENTH DAY AFTER FILING OF DEFENDANT TRUSTEES ILLEGAL MOTION** REQUESTING THIS APPOINTMENT on November 8, 2012. This fraudulent motion of Defendant Trustee Vetter thus PREDATED ATTORNEYS APPOINTMENT PRIOR TO HIS OWN APPOINTMENT TO THIS CASE *(Exhibit 4: Doc #72)*.

Defendant Judge Clement being an accessory to this conspiracy made sure that no objection to this illegal back dated employment could be filed so he issued his order on ninth day of filing of request for employment, approving this illegal unethical alliance between Defendants. *(Exhibit 1: Doc #77)*.

Defendant Judge Clement further issued an Order in Civil Minutes stating *(Exhibit 5: Doc #109)* that

   i)   "Notice: LBR 9014-1(f)(2); **no written opposition required**"

   ii)   **"No responding party is required to file written opposition to the motion"** (Pg1Paras1&2)

Defendant Judge Clement by issuing these orders ensured ambushed appointment of Defendant attorneys to Plaintiffs illegally reopened Bankruptcy without any written evidence of opposition to this illegal hiring, confirming that he knew and endorsed all the lies stated under oath by Defendant Trustee Vetter *(Exhibit 4: doc #72)* and Defendants Holder and KDG under guidance of Defendant Goldner. Defendant Judge Clement was indeed a "**partner in crime**" acting under color of official right *(Exhibit   6: Doc #73)* and *(Exhibit 7: Doc #97)*

Defendant KDG's continued representation of Defendant Jeffrey Vetter has been violating  FRCP RULE 1 AND 11,  CALIFORNIA CODE OF CIVIL PROCEDURE 128;  CALIFORNIA BUSINESS AND PROFESSIONS CODE 6068; CALIFORNIA STATE BAR RULES   and other statutory law and ethical considerations, which constitute attorneys misconduct.

This motion regarding Notice of their illegal unethical ambushed hiring in Plaintiff's illegally reopened Bankruptcy case is made with the plea that these criminals must no longer be allowed to conspire against the Plaintiff. Defendants KDG, Holder and Goldner etc must be Disqualified from representing Defendant Trustee Vetter.

This notice will also be based upon the Memorandum of Points and Authorities below; on the Declaration of Salma Agha-Khan, MD., with Exhibits attached hereto; and the files and records in this matter.

**PLAINTIFF-DEBTOR'S MEMORANDUM OF POINTS & AUTHORITIES RE HER MOTION TO DISQUALIFY KLEIN DENATALE GOLDNER LAW FIRM FROM REPRESENTING DEFENDANT TRUSTEE VETTER DUE TO 1. CONFLICT OF INTEREST AS PLAINTIFF-DEBTOR WAS THEIR FORMER EMPLOYER AND 2. THIS CURRENT EMPLOYMENT WAS FRAUDULENTLY ALLOWED BY DEFENDANT JUDGE CLEMENT**   5

## II.   **DEFENDANT KDG LAW FIRM NOW REPRESNTING DEFENDANT VETTER HAD PREVIOUSLY REPRESENTED THE PLAINTIFF**

During the period 2004 through 2006, the predecessor of Defendants KLEIN, DENATALE, GOLDNER, COOPER, RENENLIEB & KIMBALL, LLP, erroneously sued as KLEIN, DENATALE, GOLDNER, were in fact called KLEIN, DENATALE, GOLDNER ("KDG").     Plaintiff met with Barry Goldner, partner, and retained them in a civil litigation matter.    Plaintiff paid them over $35,000.00.     Plaintiff disclosed very confidential matters to them pertaining to her primary residence which they were litigating, incidentally the same primary residence which was illegally "mistakenly foreclosed" by Defendant Citi Bank who is a banking client of Defendant KDG law firm.

Defendant Citi Bank **bypassed the Bankruptcy Court** and had the Plaintiff and her two children illegally evicted from their home of ten plus years. This illegal eviction was known to and ALLOWED by Defendant Judge Clement in Adversary Proceedings. Defendant Judge Clement ruled in favor of Citi Bank's illegal eviction of Plaintiff and also refused to vacate the illegal lock-out **knowing it was in Violation of Automatic Stay** imposed by Bankruptcy.

Defendant Attorney's Client, Defendant Citi Bank et al with help of Defendants ReMax and Debbie Banducci et al **repeatedly trespassed** Plaintiff's Primary Residence and **stole all of Plaintiff's and her two children's lifelong belongings** in willful and intentional violation of automatic stay imposed by reopening of Plaintiff's Bankruptcy. Again this was allowed by Defendant Judge Clement.

/////

**PLAINTIFF-DEBTOR'S MEMORANDUM OF POINTS & AUTHORITIES RE HER MOTION TO DISQUALIFY KLEIN DENATALE GOLDNER LAW FIRM FROM REPRESENTING DEFENDANT TRUSTEE VETTER DUE TO 1. CONFLICT OF INTEREST AS PLAINTIFF-DEBTOR WAS THEIR FORMER EMPLOYER AND 2. THIS CURRENT EMPLOYMENT WAS FRAUDULENTLY ALLOWED BY DEFENDANT JUDGE CLEMENT**

6

Plaintiff's belongings stolen from her primary residence included **ALL HER ORIGINAL MEDICAL DIPLOMAS, LICENCES, PERMITS (INCLUDING DRUG ENFORCEMENT AGENCY'S PERMIT)** AND **BOXES OF CONFIDENTIAL PATIENT INFORMATION AND PATIENT RECORDS** FROM HER RECENTLY CLOSED MEDICAL OFFICE. Thus **HIPPA VIOLATION** is part of **Defendants innumerable Grand Thefts**!

Defendant attorneys unethical behavior against Plaintiff, their Client in that representation, resulted in a malpractice claim Plaintiff made against the now Defendant KDG. *(Exhibit 2&3).*    Upon receiving notice of the claim, Defendant Barry Goldner, partner in now Defendant KDG called Plaintiff into his office;  apologized to the Plaintiff;  blamed everything on a junior associate;  and offered Plaintiff a one-time settlement returning Plaintiff **most of the fees she paid to KDG for their services in this legal matter**, but retaining some $10,000.00 for costs, without any accounting for the costs.    Defendant KDGs Principal, Barry Goldner, admitted to the malpractice, but did nothing further to correct the mistakes. Plaintiff lost a substantial amount of monies due to the malpractice as tacitly admitted by Defendant Barry Goldner to the Plaintiff.

## III.  A WELL DOCUMENTED ATTORNEY-CLIENT REALTIONSHIP EXISTED BETWEEN PLAINTIFF AND DEFENDANT ATTORNEYS.

In order to move to disqualify counsel, one must establish that the prior counsel was in fact in an attorney-client relationship with the client. "An attorney represents a client - for purposes of a conflict of interest

PLAINTIFF-DEBTOR'S MEMORANDUM OF POINTS & AUTHORITIES RE HER MOTION TO DISQUALIFY KLEIN DENATALE GOLDNER LAW FIRM FROM REPRESENTING DEFENDANT TRUSTEE VETTER DUE TO 1. CONFLICT OF INTEREST AS PLAINTIFF-DEBTOR WAS THEIR FORMER EMPLOYER AND 2. THIS CURRENT EMPLOYMENT WAS FRAUDULENTLY ALLOWED BY DEFENDANT JUDGE CLEMENT

7

analysis - when the attorney knowingly obtains material confidential information from the client and renders legal advice or services as a result." People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc., 20 Cal. 4th 1135, 1148 (1999).  An attorney that meets with the client, discusses the issues of the case and outlines the options for the client establishes an attorney-client relationship. People vs. Deukemejian, 29 Cal. 3d 150 (1981).

There can be no doubt that the Plaintiff was a client of the now Defendant KDG LLP., and there is no doubt that Plaintiff gave the now Defendant KDG LLP., confidential information with eventual settling of a malpractice claim.

## IV. THIS COURT HAS THE POWER TO UPHOLD THE INTEGRITY OF THE JUDICAL PROCESS AND DISQUALIFY COUNSEL WHEN COUNSEL'S UNETHICAL REPRESENTATION VIOLATES THE BASIC LAWS ON CONFLICT OF INTEREST IN LEGAL PROCEEDINGS

An integral part of the Plaintiff's case arises from the illegal and unethical conduct of the Trustee, Defendant Jeffrey Vetter who conspired with other , acting under color of professional right, to defraud and steal Plaintiffs property as a favor to their "new friends" Defendants Breitman, BBG Ltd, Zouras and Chandler.

All Defendants intentionally and repeatedly lied and misreported in all their pleadings allowed by Defendant Judge Clement who knew the truth. Defendant Judge Clement intentionally and purposefully ignored all the Court records,  filings etc.  contained in Plaintiff's Chapter 7 Bankruptcy as

PLAINTIFF-DEBTOR'S MEMORANDUM OF POINTS & AUTHORITIES RE HER MOTION TO DISQUALIFY KLEIN DENATALE GOLDNER LAW FIRM FROM REPRESENTING DEFENDANT TRUSTEE VETTER DUE TO 1. CONFLICT OF INTEREST AS PLAINTIFF-DEBTOR WAS THEIR FORMER EMPLOYER AND 2. THIS CURRENT EMPLOYMENT WAS FRAUDULENTLY ALLOWED BY DEFENDANT JUDGE CLEMENT

8

evidence on record, proving him to be a co-conspirator in this well thought out and cunningly planned GRAND THEFT scheme perpetrated to steal Plaintiffs properties (Please see Exhibits submitted with Second Amended Complaint).

All Defendants lied about the case itself and lied regarding the contents of all documents and proceedings to fraudulently pursue a matter for which they knew the statute of limitation had expired *(Exhibit 9: DOJ Chapter 7 Trustee Handbook:Pg8-12)* and that Trustee's office had destroyed critical evidence of Creditors Meeting recordings.

Plaintiff's Bankruptcy was illegally reopened September 18, 2012, lacking jurisdiction, over two years after initial filing of Bankruptcy on May 30, 2010 *(Exhibit 8)* and exactly 2 years after the destruction of last Creditors Meeting recording in August 2012, according to Trustee Office Policy *(Exhibit 10)*.

This illegal and unethical collusion was forged between Defendants acting under color of professional right to perpetrate grand theft of intentionally stealing Plaintiffs properties from her by force. This is the reason Plaintiff is in this Court now.

Pursuant to California Code of Civil Procedure section 128(a) (5), the court has the inherent power "to control in furtherance of justice, the conduct of its ministerial officers, and of all persons in any manner connected with a judicial proceeding before it, in every manner pertaining thereto." California Code Civil  Procedure § 128(a) (5); In re Complex.

The Federal Rules of Civil Procedure ("FRCP") also provides for the same.  Rule 1 states as follows: "These rules govern the procedure in all

PLAINTIFF-DEBTOR'S MEMORANDUM OF POINTS & AUTHORITIES RE HER MOTION TO DISQUALIFY KLEIN DENATALE GOLDNER LAW FIRM FROM REPRESENTING DEFENDANT TRUSTEE VETTER DUE TO 1. CONFLICT OF INTEREST AS PLAINTIFF-DEBTOR WAS THEIR FORMER EMPLOYER AND 2. THIS CURRENT EMPLOYMENT WAS FRAUDULENTLY ALLOWED BY DEFENDANT JUDGE CLEMENT

9

civil actions and proceedings in the United States District courts, except as stated in Rule 81. They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

FRCP RULE 11 b)   Representations to the Court provides: "By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

It is well known to all the Defendants that the Plaintiff has made complaints of Judicial Misconduct *(Exhibit 11),* Trustee Misconduct *(Exhibit 12),* Attorneys Misconducts and other reports to appropriate investigating

offices. These complaints are still being investigated, thus unresolved so far. (See Declaration of Salma Agha-Khan, MD and exhibits thereto)

Under the circumstances, Defendants attorneys of Defendant KDG law firm cannot abide by the oath in FRCP Rule 11 B.  It is completely impossible given the facts of their previous representation, and the lack of full disclosure, that these Defendants  can possibly abide by this oath. Their appearance in these matters gives the distinct "**appearance of impropriety".**

Additionally under California State Bar Rules of Professional Conduct Rule 3-310 Avoiding the Representation of Adverse Interests

(A) For purposes of this rule:

(1) "Disclosure" means informing the client or former client of the relevant circumstances and of the actual and reasonably foreseeable adverse consequences to the client or **former client**;

(2) "Informed written consent" means the client's or **former client's written agreement to the representation following written disclosure**;

(3) "Written" means any writing as defined in Evidence Code section 250.

(B) A member shall not accept or continue representation of a client without providing written disclosure to the client where:

(1) The member has a legal, business, financial, professional, or personal relationship with a party or witness in the same matter; or

(2) The member knows or reasonably should know that:

(a) the member previously had a legal, business, financial, professional, or personal relationship with a party or witness in the same matter; and

(b) the previous relationship would substantially affect the member's representation; or

(3) The member has or had a legal, business, financial, professional, or personal relationship with another person or entity the member knows or reasonably should know would be affected substantially by resolution of the matter; or

(4) The member has or had a legal, business, financial, or professional interest in the subject matter of the representation.

(C) A member shall not, without the informed written consent of each client:

(1) Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or

(2) Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict; or

(3) Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter.

(D) A member who represents two or more clients shall not enter into an aggregate settlement of the claims of or against the clients without the informed written consent of each client.

(E) **A member shall not, without the informed written consent of the client or former client, accept employment adverse to the**

**client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment. (emphasis added)**

"Where the potential conflict is one that arises from the successive representation of the clients with potentially adverse interests, the courts have recognized that the chief fiduciary value jeopardized is that of client *confidentiality*." *Flatt v. Superior Court*, 9 Cal. 4th 275, 283 (1994), emphasis in original; see also *Jessen v. Hartford Casualty Ins. Co.*, 111 Cal. App. 4th 698, 705 (2003)

"The paramount concern is the preservation of public trust in the scrupulous administration of justice and the integrity of the bar."  The "substantial relationship test" is "intended to protect the confidences of former clients where an attorney has been in a position to learn them." *Knight v. Ferguson*, 149 Cal. App. 4th 1207, 1213 (2007); quoting H. F *Ahmanson & Co. v. Salomon Bros., Inc.*, 229 Cal. App. 3d 1445, 1455 (1991)

Without going into confidential information about the nature of the underlying representation, Plaintiff can state with certainty that certain items of confidentiality were disclosed to Defendant KDG which these Defendants used to "mistakenly" get her primary residence foreclosed by their client Defendant Citi Bank who also illegally evicted the Plaintiff and her two children from their home bypassing the Bankruptcy Court, stealing their belongings in the process.

Defendant KDG is fully aware of that relationship and **TO THIS DAY HAS NEVER SOUGHT PERMISSION** from Plaintiff to represent the Defendant Trustee Vetter AGAINST HER.

**PLAINTIFF-DEBTOR'S MEMORANDUM OF POINTS & AUTHORITIES RE HER MOTION TO DISQUALIFY** 13
**KLEIN DENATALE GOLDNER LAW FIRM FROM REPRESENTING DEFENDANT TRUSTEE VETTER DUE TO
1. CONFLICT OF INTEREST AS PLAINTIFF-DEBTOR WAS THEIR FORMER EMPLOYER AND 2. THIS
CURRENT EMPLOYMENT WAS FRAUDULENTLY ALLOWED BY DEFENDANT JUDGE CLEMENT**

In addition recent California case, a 2011 decision, *Kennedy v. Eldridge*, 201 Cal. App. 4th 1197 (2011),  suggests an unusual approach considerably different than prior California law to support an attorney's disqualification.  In *Kennedy*, the court found a basis for  arising from **an appearance of impropriety** - a standard that has not been applied to attorney disqualification in California for quite some time - and the **prospect that the lawyer might have to testify as a witness**, even though the proceeding did not involve a jury, and the circumstances would not have violated Rule 5-210 of the Rules of Professional Conduct.

The *Kennedy* court also breathed new life into a discredited standard for disqualification, an "**appearance of impropriety**," even where there is no breach of an ethical rule or a fiduciary duty.

In Plaintiffs case we have more than just the "appearance of impropriety". Here we have prior representation, disclosure of confidential facts in the prior representation, complaint of malpractice by Defendant KDG, complaint of malpractice resolved by compromise with office settlement and returning Plaintiff **about $30,000.00** from the fees paid to them by her.   (This "**in office compromise**" was most likely never reported to the State Bar even though it was well over the legal reporting limit of $10,000.00). *(Exhibits 2&3)*

Dr. Agha-Khan was advised to take the money or the offer would go away. She was not permitted to seek independent legal advice on the matter. Yes Dr. Agha-Khan has since become sophisticated in dealings with lawyers, but back then she had very little if not any experience with lawyers.

**PLAINTIFF-DEBTOR'S MEMORANDUM OF POINTS & AUTHORITIES RE HER MOTION TO DISQUALIFY   14
KLEIN DENATALE GOLDNER LAW FIRM FROM REPRESENTING DEFENDANT TRUSTEE VETTER DUE TO
1. CONFLICT OF INTEREST AS PLAINTIFF-DEBTOR WAS THEIR FORMER EMPLOYER AND 2. THIS
CURRENT EMPLOYMENT WAS FRAUDULENTLY ALLOWED BY DEFENDANT JUDGE CLEMENT**

**TO THIS DAY** there has been no offer made to have the Plaintiff sign off on any disclosure of any type by Defendant KGD regarding their unethical representation of Defendant Trustee in collusion with Defendant Judge Clement.

Defendant Holder has repeatedly lied to the Court regarding all aspects of this case including the pathetic lie with **Defendant Holder fraudulently stating that she was unable to find any conflict because Plaintiff has used another name, deliberately ignoring the name Salma Haider Agha-Khan on all forty-nine pages of previously filed Bankruptcy Schedules** (Exhibit 13)**, a constant lie source for her.**

These Defendants have simply laughed at the Plaintiff, threatened to remove her from Court by force repeatedly, refused to let her speak on her own behalf after she relieved her attorney on the spot and classified her refusal to take part in their legalized theft setup to steal her millions of dollars' worth of property as a **"melt-down"** (Exhibit 14).

**DEFENDANTS CONSPIRED AND COMMITED HATE, RACIAL AND SEXUAL DISCRIMINATION CRIMES AGAINST A MINORITY WOMAN OF COLOR, SINGLE PARENT OF TWO CHILDREN IN THE BANKRUPTCY COURT.**

**DEFENDANTS CONSPIRED AND COMMITED A SERIES OF GRAND THEFT FELONIES IN LIEU OF THEIR HATE CRIMES AGAINST THE SAME MINORITY WOMAN OF COLOR, SINGLE PARENT OF TWO CHILDREN IN THE SAME BANKRUPTCY COURT.**

**This organized corruption in bearers of Justice conspiring to steal unsuspecting Citizens properties using force and threats of physical**

violence against them while acting under color of professional right **MUST BE STOPPED!**

## V. KDG IS IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE 6068

Plaintiff Salma Agha-Khan, MD., also can prove that Defendant KDG violated and continues to violate California Business and Professions 6068. " **It is the duty of an attorney to do all of the following:**

**(e) (1) To maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client.**

**(g) Not to encourage either the commencement or the continuance of an action or proceeding from any corrupt motive of passion or interest."**

There can be no justification for Defendant KDG to continue representing Defendant Jeffrey Vetter.    And finally, **KDG is a Defendant in this matter, and will be a witness in their own case**.   This violates any basic rule of ethics of an attorney and they should disqualify themselves on this basis alone.

## VI. DEFENDANT JUDGE CLEMENT HAS RULED AND ALLOWED UNETICAL REPRESENTATION OF DEFENDANT TRUSTEE BY DEFENDANT KDG IN PLAINTIFF'S ILLEGALLY AND FRAUDULENTLY REOPENED BANKRUPTCY

Defendant Judge Clements, previous "allowing" of Defendants Holder

and KDG to be hired as Professionals by Defendant Trustee Vetter was an illegal, unethical and fraudulent act performed by Defendant Judge Clement who had full knowledge of conflict of interest existing between Plaintiff and Defendant attorneys.

This illegal alliance is made even more evident by Defendant Judge Clements fraudulent allowing of Defendant KDGs **RETROACTIVE, BACK DATED EMPLOYMENT** to September 13, 2012 which **PREDATES DEFENDANT TRUSTEE VETTERS APPOINTMENT TO THIS CASE** – in violation of Federal Laws of Bankruptcy and US Department of Justice Chapter 7 Trustee Handbook Chapter   *(Exhibits 1,4,5,6&7)* Note: On September 13, 2012 the fraudulent illegal motion to reopen Plaintiffs Bankruptcy was filed – thus these Defendants were colluding prior to fraudulent, illegal reopening of Plaintiffs Bankruptcy!

Filing of any kind of opposition was actively and very effectively stopped/prevented  by Defendant Judge Clements Order being issued on November 21, 2012, NINTH DAY AFTER FILING OF DEFENDANT TRUSTEES ILLEGAL MOTION REQUESTING THIS APPOINTMENT on November 8, 2012. *(Exhibit 1: Doc #77)*

Defendant Judge Clement further issued an Order in Civil Minutes stating *(Exhibit 5: Doc #109)* that

i)      "Notice: LBR 9014-1(f)(2); **no written opposition required"**

ii)     **"No responding party is required to file written opposition to the motion"** (Pg1Paras1&2)

Let's not forget all the **ILLEGAL FIRSTS** that have been introduced into our Judicial System by this illegal, unethical alliance between Defendant

attorneys, Defendant Trustee Vetter and Defendant Judge Clement. All these ILLEGAL FIRSTS if not dealt with and removed immediately will get quoted, reported and repeated in future years for all times to come. A list of some **salient "ILLEGAL FIRSTS"** is as follows

i) **illegally changed laws and requirements of Bankruptcy Filings** which now must include in a list of current tangible sellable assets in Schedules all "future, potential, possible, thought processes" that may result in possible future financial gains

ii) **voiding the two year statute of limitation** from date of filing for reopening of Bankruptcy which can now be reopened whenever a Debtor comes into possession something the Trustee, Judge etc may want as a favor for a "special friend"

iii) **disregarding critical evidence of Creditors Meeting recordings** and their contents which are not required for reopening Bankruptcies as these are easily and purposefully ignored

iv) **Presiding Judges can perform following illegal acts**

    a. **violate** Plaintiffs Civil Rights

    b. **threaten** Plaintiffs with physical violence in Court hearings

    c. **actively pick sides** in cases and actively take part in Court proceedings on behalf of their chosen party

    d. **issue orders illegally** on motions on thirteenth day of filing of that motion **to prevent opposition from filing a written objection**

    e. **forbid opposition** from filing written objections to their fraudulent rulings

f. **steal** Plaintiffs property by force in illegally created Court cases **to favor their "special friends"**

g. **redact** documents proving their corruption

h. **create** new case number for filing of these previously redacted documents in an effort to hide dcuments serving as proof of their illegal actions

i. admit and **favor liars** and their lies while ignoring all prior evidence of legal Court filings and proceedings submitted as facts

j. **conduct fraudulent hearings** in the name of Bankruptcy with complete absence of Creditors without posting a Notice of Sale or notifying Creditors of an actual sale date

k. **conduct fraudulent sale of Debtors properties** in the name of Bankruptcy in complete absence of Creditors without posting a Notice of Sale or notifying Creditors of an actual sale date

l. **lying in the Motion,** Proof of Service and even on Court Proceeding Transcript Title as to the real reason for the hearing while conducting fraudulent hearings for other specific purposes their fit their own personal needs

m. **accomplish stealing and selling a lawsuit to a Defendant in that same lawsuit** knowingly and fraudulently accepting the Defendant to be an uninvolved "third party"

n. **be instrumental in getting cases dismissed fraudulently** by getting criminal Defendants be both Plaintiff AND Defendant IN THE SAME CASE

o. fraudulently **DIVERT** the filing of documents into a "New" 13-01086 Case Docket to **hide** and **bury** the filings

p. fraudulently "**SHIFT**" the Bankruptcy Proceedings into a "New" Case docket 13-01086 because it has a recent Filing date August 1, 2013 instead of the Main Bankruptcy Docket 10-16183 which has the Filing Date May 30, 2010, Discharge Date September 23, 2010 and ILLEGAL REOPENING DATE September 1, 2012

q. and on and on and on…..the list is truly ENDLESS.

v) It is really amazing and commendable how Defendant Judge Clement with his co-conspirators accomplished such an IMPRESSIVELY long list of ILLEGAL FIRSTS INTRODUCED INTO OUR JUDICIAL SYSTEM in just ONE CASE!!!

In view of the above facts it is painfully evident just how "LEGAL" is this representation/alliance/collusion between Defendants KDG and Trustee Vetter fostered by Defendant Judge Clement continued by Defendant Judge Lee in Plaintiffs illegally reopened Bankruptcy with the specific purpose of stealing Plaintiffs property as a favor to their "new Friends" Defendants Breitman, BBG Ltd, Zouras, Chandler, Grossmans and Lerer Bros Inc?

/////

////

/////

## VII.   DEFENDANT KDG IS REPRESENTING DEFENDANT TRUSTEE IN THIS CURRENT ADVERSARY ACTION, FEDERAL ACTION ETC NEW AND DIFFERENT CASES AND THIS FRAUD MUST NOT BE ALLOWED TO CONTINUE ANY LONGER

These Defendants, KDG, Lisa Holder and Barry Goldner have little or no ethics of any kind whatsoever.  They are all Defendants in this matter with  an abundance of serious allegations regarding their repeated lies, theft of Plaintiffs property, concealment with obstruction of Justice, fraud and professional misconduct to name a few with documented proof regarding all criminal acts they committed in this matter's record.

Defendant Judge Clement has recently recused himself in Plaintiffs fraudulently and illegally reopened bankruptcy and will hopefully be punished appropriately for each and every crime he committed himself and was an accessory to.

Criminal acts committed by all these Defendants including Defendant Holder, Goldner and KDG law firm are very serious indeed as are the **HATE, RACIAL AND SEXUAL DISCRIMINATION CRIMES AGAINST A MINORITY WOMAN OF COLOR,** all committed under "**legal protection**". These Defendants must never be allowed to represent anyone in this matter.

Plaintiff has proven through a line by line audit of most documents in this case, submitted in Second Amended Complaint, the multitude of frauds perpetrated over several years upon the Bankruptcy Court by Defendant Vetter acting in collusion with Defendants KDG, Goldner and Holder claiming this criminal alliance "legal representation".

Plaintiff has documented an exhaustive list of unending frauds perpetrated upon the Bankruptcy Court by Defendants KDG, Goldner and Holder.   There is no conceivable way this Defendant firm, Defendants Holder or Goldner should be permitted to continue representing anyone who is an adversary to the Plaintiff.

In addition to the serious conflict posed by their prior legal malpractice claim settlement with Plaintiff they have also disclosed their association with Citimortgage with whom Plaintiff has an adversarial matter pending in her bankruptcy which was probably the result of unethical interference and illegally influencing Citimortgage against Plaintiff

This illegal and unethical involvement of Defendants KDG, Goldner and Holder in matters concerning the Plaintiff when they have proven to have been colluding and conspiring with other Defendants to intentionally steal and cause harm to the  Plaintiff does not pass the smell test.

This Court must not permit continued violations of Plaintiff's constitutional and civil rights by these corrupt Defendants KDG, Goldner and Holder, Defendant Trustee Vetter and Defendant Judge Clement that have proven to have been colluding and conspiring with other Defendants to intentionally harm the Plaintiff and also commit HATE CRIMES against her and her two children.   This illegal and unethical alliance and conduct of these Defendants must be stopped.

## VIII. CONCLUSION

Defendants have used Bankruptcy as means to an end where in Bankruptcy Court acting under color of official right Defendants have

1. **PERPETRATED MULTIPLE GRAND THEFT FELONIES** on Plaintiff's properties and on her two children's properties on several occasions

2. **COMMITTED HATE, RACIAL AND SEXUAL DISCRIMINATION CRIMES** against Plaintiff and her two children.

The above described acts were all performed according to Defendants scheme planned well ahead of the illegal reopening of Plaintiff's Bankruptcy on September 18, 2012.

FOR THE REASONS STATED, Plaintiff requests that this Court Order to DISQUALIFY Defendants KDG (KLEIN DENATALE GOLDNER COOPER ROSENLIEB & KIMBALL, LLP) from representing of Defendant Trustee Jeffrey Vetter EFFECTIVE IMMEDIATELY.

Respectfully submitted:

DATED:  December 29, 2014

SALMA AGHA-KHAN, MD.
Plaintiff-Debtor In Pro Se