



1  SALMA AGHA-KHAN, M.D.
2  10001 Venice Boulevard # 402
   Los Angeles, California  90034
3  Telephone:  (949) 332-0330
   email:    salmahagha@aol.com
4  **Plaintiff-Debtor in Pro Se**

FILED

DEC 3 1 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

ISAF

5          **UNITED STATES BANKRUPTCY COURT**

6          **EASTERN DISTRICT, BAKERSFIELD DIVISION**

7                                          **Case No. 10-16183**
                                           **Chapter 7**

8
                                           **EXHIBITS "A" TO "Z-L" IN SUPPORT**
9  SALMA AGHA                              **OF PLAINTIFF-DEBTOR'S MOTION TO**
   an individual,                          **STOP CONTINUOUS DOCKET FRAUD**
10                        **Debtor,**      **PERPETRATION BY DEFENDANTS**
                                           **FRAUDULENTLY CHANGING**
11                                         **BANKRUPTCY DOCKET 10-16183 BY**
                                           **FILING UNDER A NEW CASE NUMBER**
12                                         **13-01086 TO**
                                           **   1. HIDE THEIR READILY APPARENT**
13                                         **      ILLEGAL BANKRUPTCY**
                                           **      REOPENING FRAUD LACKING**
14                                         **      JURISDICTION AND**
                                           **   2. KEEP THE MAIN BANKRUPTCY**
15                                         **      DOCKET "CLEAN" OF ALL**
                                           **      INCRIMINATING FILINGS;**
16

17                                         **Judge: HON RICHARD LEE**
                                           **Hearing Date: January  , 2015**
18                                         **Time: 9:00 am** ~~February 5~~
                                           **Place: US Bankruptcy Court**
19                                         **      1300 18th Street, Ste A**
                                           **      Bakersfield, CA**
20

21  **PLEASE NOTE:** The **DUTY TO REPORT MISCONDUCT** to the appropriate

22  governing authorities is an ethical duty imposed on Judges, Attorneys etc in

23  the United States by the rules governing professional responsibility. Acts

24  constituting Misconduct which include tampering with evidence, suborning

25  perjury and committing criminal acts of violence or dishonesty. Failure to

    report such crimes can result in disbarment, sanctions, impeachment etc

# EXHIBIT A

**Correct Bankruptcy Docket Case Number 10-16183 showing filings from September 6, 2014 to July 23, 2014.**

**Note 1: "missing Bankruptcy filings" regarding Bankruptcy proceedings from October 22, 2013 to February 12, 2014.**

**Note 2: Bankruptcy Dates**

**Filed: May 30, 2010**

**Discharged: September 23, 2010**

**ILLEGALLY Reopened: September 23, 2010**

**MEANSNO, BAKERSFIELD, DISCHARGED, ADVPEND, REOPENED, NOCLOSE**

### U.S. Bankruptcy Court [LIVE-CM 5.1]
### Eastern District of California (Fresno)
### Bankruptcy Petition #: 10-16183

| | |
|---|---|
| | *Date filed:* 05/30/2010 |
| | *Date reopened:* 09/18/2012 |
| | *Debtor discharged:* 09/23/2010 |
| | *341 meeting:* 08/27/2010 |
| | *Deadline for filing claims:* 02/13/2013 |
| | *Deadline for objecting to discharge:* 09/10/2010 |
| | *Deadline for financial mgmt. course:* 08/26/2010 |

*Assigned to:* Hon. Fredrick E. Clement
Chapter 7
Voluntary
Asset

*Debtor disposition:* Standard Discharge

**Debtor**
**Salma H. Agha**
11622 Harrington St
Bakersfield, CA 93311
KERN-CA
SSN / ITIN: xxx-xx-9600

represented by **William R. Cumming**
3080 Bristol Street, #630
Costa Mesa, CA 90292
714-432-6494

**Trustee**
**Jeffrey M. Vetter**
PO Box 2424
Bakersfield, CA 93303
(661) 809-6806

represented by **Lisa Holder**
4550 California Ave 2nd Fl
Bakersfield, CA 93309
(661) 395-1000

**U.S. Trustee**
**Office of the U.S. Trustee**
United States Courthouse
2500 Tulare Street, Room 1401
Fresno, CA 93721

**U.S. Trustee**
**August B. Landis**

represented by **Mark Pope**
2500 Tulare St #1401
Fresno, CA 93721
(559) 487-5002

| Filing Date | # | Docket Text |
|---|---|---|
| 09/06/2012 | 10 | COPYCERTIFY Fee Paid ($28.50, Receipt Number: 1-12-11035) (auto) (Entered: 09/06/2012) |

Case 14-01155    Filed 12/31/14    Doc 20

| 09/13/2012 | 68 | Motion/Application to Reopen Chapter 7 Bankruptcy Case [UST-1] Filed by U.S. Trustee August B. Landis Update Deadline; Follow Up 10/15/2012. (morf) (Entered: 09/13/2012) |
| 09/13/2012 | 69 | Certificate/Proof of Service of Proposed Order, 68 Motion/Application to Reopen Chapter 7 Bankruptcy Case [UST-1] (morf) (Entered: 09/13/2012) |
| 09/18/2012 | 70 | Order Granting 68 Motion/Application To Reopen Bankruptcy Case [UST-1] (cwaf) (Entered: 09/19/2012) |
| 09/19/2012 | 71 (1 pg) | Notice of Appointment of Interim Trustee (cwaf) (Entered: 09/19/2012) |
| 11/08/2012 | 72 | Motion/Application to Employ Lisa Holder as Attorney(s) [KDG-1] Filed by Trustee Jeffrey M. Vetter (morf) (Entered: 11/09/2012) |
| 11/08/2012 | 73 | Declaration of Lisa Holder in support of 72 Motion/Application to Employ Lisa Holder as Attorney(s) [KDG-1] (morf) (Entered: 11/09/2012) |
| 11/08/2012 | 74 | Certificate/Proof of Service of Proposed Order, 72 Motion/Application to Employ Lisa Holder as Attorney(s) [KDG-1], 73 Declaration (morf) (Entered: 11/09/2012) |
| 11/10/2012 | | Trustee's Notice of Assets and 341 Meeting Concluded. The 341 Meeting was held on 07/12/2010. (Vetter, Jeffrey) (Entered: 11/10/2012) |
| 11/13/2012 | 75 (1 pg) | Notice to Creditors to File Proof of Claim as Transmitted to BNC for Service Proofs of Claim due by 2/13/2013. (morf) (Entered: 11/13/2012) |
| 11/13/2012 | 76 (4 pgs) | Certificate of Mailing of Notice to File Claims as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 11/15/2012) |
| 11/21/2012 | 77 | Order Granting 72 Motion/Application to Employ Lisa Holder [KDG-1] (morf) (Entered: 11/21/2012) |
| ./27/2012 | 78 | Motion/Application to Sell [KDG-2] Filed by Trustee Jeffrey M. Vetter (morf) (Entered: 11/28/2012) |
| | 79 | Notice of Hearing Re: 78 Motion/Application to Sell [KDG-2] to be |

Case 14-01155   Filed 12/31/14    Doc 20

| | | |
|---|---|---|
| 11/27/2012 | | held on 12/18/2012 at 01:00 PM at Bakersfield Hearing Location. (morf) (Entered: 11/28/2012) |
| 11/27/2012 | 80 | Declaration of Jeffrey Vetter in support of 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 11/28/2012) |
| 11/27/2012 | 81 | Exhibit(s) in support of 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 11/28/2012) |
| 11/27/2012 | 82 | Certificate/Proof of Service of 79 Notice of Hearing [KDG-2] (morf) (Entered: 11/28/2012) |
| 11/27/2012 | 83 | Certificate/Proof of Service of 78 Motion/Application to Sell [KDG-2], 79 Notice of Hearing, 80 Declaration, 81 Exhibit(s) (morf) (Entered: 11/28/2012) |
| 12/10/2012 | | 50COPYCERTIFY Fee Paid ($14.50, Receipt Number: 1-12-14512) (auto) (Entered: 12/10/2012) |
| 12/18/2012 | 84 (1 pg) | Civil Minutes -- Hearing Re: 78 Motion/Application to Sell [KDG-2] continued; Hearing to be held on 1/23/2013 at 01:00 PM at Bakersfield Hearing Location. (gpaf) (Entered: 12/19/2012) |
| 12/22/2012 | 85 | Transcript regarding Hearing Held 12/18/12 Re: 78 Motion/Application to Sell [KDG-2] [KDG-2] Notice of Intent to Request Redaction Deadline Due By 1/2/2013. Redaction Request Due By 1/14/2013. Redacted Transcript Submission Due By 1/22/2013. Transcript access will be restricted through 3/22/2013. (morf) (Entered: 12/26/2012) |
| 12/26/2012 | 86 (1 pg) | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing on the Motion to Sell held on 12/18/12 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period Re: 85 Transcript [KDG-2] (morf) (Entered: 12/26/2012) |
| 12/26/2012 | 87 (3 pgs) | Certificate of Mailing of Notice of Filing of Transcript and of Deadlines Related to Redaction and Restriction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 12/29/2012) |
| 01/02/2013 | 88 | Opposition/Objection Filed by Debtor Salma H. Agha Re: 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 01/03/2013) |

Case 14-01155    Filed 12/31/14    Doc 20

| | | |
|---|---|---|
| 01/02/2013 | 89 | Certificate/Proof of Service of 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 90 | Declaration of Jeffrey M. Vetter in support of 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 91 | Memorandum of Points and Authorities in support of 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 92 | Certificate/Proof of Service of 90 Declaration, 91 Memorandum of Points and Authorities [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 93 | Brief/Memorandum in support of 78 Motion/Application to Sell [KDG-2] Filed by Creditor BBG, Ltd. (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 94 | Declaration of Bruce Breitman Re: 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 95 | Declaration of Peter Zouras Re: 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 96 | Notice of Hearing Re: 72 Motion/Application to Employ Lisa Holder as Attorney(s) [KDG-1] to be held on 1/23/2013 at 01:00 PM at Bakersfield Hearing Location. (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 97 | Declaration of Lisa Holder Re: 72 Motion/Application to Employ Lisa Holder as Attorney(s) [KDG-1] (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 98 | Certificate/Proof of Service of 96 Notice of Hearing, 97 Declaration [KDG-1] (morf) Modified on 1/22/2013 (morf). (Entered: 01/03/2013) |
| 01/03/2013 | 99 | Request for Judicial Notice Re: 88 Opposition/Objection [KDG-2] Filed by Debtor Salma H. Agha (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 100 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 101 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 102 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |

Case 14-01155   Filed 12/31/14   Doc 20

| 01/03/2013 | 103 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 104 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 105 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 106 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 107 | Certificate/Proof of Service of 99 Request for Judicial Notice [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/09/2013 | 108 | Response/Reply Filed by Debtor Salma H. Agha Re: 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 01/10/2013) |
| 01/23/2013 | 109 (1 pg) | Civil Minutes -- Hearing Held/Concluded Re: 72 Motion/Application to Employ Lisa Holder as Attorney(s) [KDG-1] GRANTED (gpaf) (Entered: 01/23/2013) |
| 01/23/2013 | 110 (4 pgs) | Civil Minutes -- Hearing Held/Concluded Re: 78 Motion/Application to Sell [KDG-2] GRANTED (gpaf) (Entered: 01/23/2013) |
| 01/24/2013 | 111 | Order Granting 78 Motion/Application To Sell [KDG-2] (morf) (Entered: 01/25/2013) |
| 02/18/2013 | 112 | Transcript regarding Hearing Held 01/23/13 Re: 72 Motion/Application to Employ Lisa Holder as Attorney(s) [KDG-1], 78 Motion/Application to Sell [KDG-2] Notice of Intent to Request Redaction Deadline Due By 2/25/2013. Redaction Request Due By 3/11/2013. Redacted Transcript Submission Due By 3/21/2013. Transcript access will be restricted through 5/20/2013. (rgaf) Modified on 2/19/2013 (rgaf). (Entered: 02/19/2013) |
| | 113 (1 pg) | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing on the Motion to Employ Lisa Holder as Attorney, Continued Motion to Sell held on 01/23/13 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be |

| | | |
|---|---|---|
| 02/19/2013 | | purchased from the court transcriber for a 90 day period Re: 112 Transcript [KDG-1, KDG-2] (rgaf) Modified on 2/19/2013 (rgaf). (Entered: 02/19/2013) |
| 02/19/2013 | 114 (3 pgs) | Certificate of Mailing of Notice of Filing of Transcript and of Deadlines Related to Redaction and Restriction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 02/21/2013) |
| 03/25/2013 | | Update Transcript Deadlines Re: 85 Transcript (maaf) (Entered: 03/25/2013) |
| 05/20/2013 | | Update Transcript Deadlines Re: 112 Transcript (bhef) (Entered: 05/20/2013) |
| 08/01/2013 | 115 (24 pgs) | Adversary Case 13-1086. (11 (Recovery of money/property - 542 turnover of property)),(14 (Recovery of money/property - other)) : Complaint by Salma H. Agha against Citimortgage, Inc., CR Title Services, Inc., Wilmington Trust Company (mgrs) (Entered: 08/02/2013) |
| 09/26/2013 | 116 (2 pgs) | Report of Sale/Return on Sale by Trustee [KDG-2] (jbrm) (Entered: 09/27/2013) |
| 10/18/2013 | 117 (3 pgs) | Order Staying Proceedings (rgaf) (Entered: 10/18/2013) |
| 10/18/2013 | 118 (1 pg) | Court's Certificate of Mailing of 117 Order (rgaf) (Entered: 10/18/2013) |
| 11/01/2013 | | Envelope addressed to Salma H. Agha returned to court as undeliverable Re: 117 Order (jflf) (Entered: 11/01/2013) |
| 07/22/2014 | 119 (3 pgs) | Amended 117 Order Staying Proceedings (awys) (Entered: 07/23/2014) |
| 07/23/2014 | 120 (3 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 07/23/2014) |
| 07/23/2014 | 121 (4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 07/25/2014) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/31/2014 07:03:57 | | | |
| PACER Login: | rr6611:4274207:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 10-16183 Fil or Ent: filed From: 9/1/2012 To: 8/31/2014 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 4 | Cost: | 0.40 |

# EXHIBIT B

**Incorrect "NEW" Case Number 13-01086 housing the "missing Bankruptcy filings" from the original Bankruptcy docket pertaining to Bankruptcy proceedings from October 22, 2013 to February 12, 2014.**

**Note: Shows Adversary Proceedings filing Date August 1, 2013 meant to be mistaken as Bankruptcy filing Date. This "new" docket is "Missing" Bankruptcy Dates listed in Main Docket**

**Filed: May 30, 2010**

**Discharged: September 23, 2010**

**ILLEGALLY Reopened: September 23, 2010**

# U.S. Bankruptcy Court [LIVE-CM 5.1]
## Eastern District of California (Fresno)
## Adversary Proceeding #: 13-01086

*Assigned to:* Hon. Fredrick E. Clement
*Lead BK Case:* 10-16183
*Lead BK Title:* Salma H. Agha
*Lead BK Chapter:* 7
*Demand:* $400000

*Date Filed:* 08/01/13

*Nature[s] of Suit:* 11 Recovery of money/property - 542 turnover of property
14 Recovery of money/property - other

**Plaintiff**
-----------------

**Salma H. Agha**
6 Windwood
Irvine, CA 92604
๛-926-4282
SSN / ITIN: xxx-xx-9600

represented by **Salma H. Agha**
PRO SE

V.

**Defendant**
-----------------

**Citimortgage, Inc.**

represented by **Andrew A. Bao**
2175 N. California Blvd., Ste. 645
Walnut Creek, CA 94596
925-280-0004
*LEAD ATTORNEY*

**Heather S. Kim**
2175 N California Blvd #645
Walnut Creek, CA 94596
925-280-0004
*LEAD ATTORNEY*

**Unknown at time of filing**
*LEAD ATTORNEY*

**Defendant**
_____

**CR Title Services, Inc.**

represented by **Eddie R. Jimenez**
4375 Jutland Dr., Suite 200
P.O. Box 17933
San Diego, CA 92177
858-750-7600
_LEAD ATTORNEY_

**Brian A Paino**
4375 Jutland Dr., Suite 200
P.O. Box 17933
San Diego, CA 92177
858-750-7600
_TERMINATED: 04/15/2014_
_LEAD ATTORNEY_

**Unknown at time of filing**
_LEAD ATTORNEY_

**Defendant**
_____

**Wilmington Trust Company**

represented by **Unknown at time of filing**
_LEAD ATTORNEY_

| Filing Date | # | Docket Text |
|---|---|---|
| 08/01/2013 | <u>1</u><br>(24 pgs) | (11 (Recovery of money/property - 542 turnover of property)),(14 (Recovery of money/property - other)) : Complaint by Salma H. Agha against Citimortgage, Inc., CR Title Services, Inc., Wilmington Trust Company. Fee Amount of $293.00 is Exempt. (crof) (Entered: 08/01/2013) |
| 08/01/2013 | <u>2</u><br>(2 pgs) | Adversary Proceeding Cover Sheet (auto) (Entered: 08/01/2013) |
| 08/01/2013 | <u>3</u><br>(4 pgs) | Copy of Summons Issued Re: <u>1</u> Complaint; Status Conference to be held on 10/23/2013 at 01:15 PM at Bakersfield Hearing Location (crof) (Entered: 08/01/2013) |
| 08/01/2013 | <u>4</u><br>(1 pg) | Notice of Availability of Bankruptcy Dispute Resolution Program (crof) (Entered: 08/01/2013) |

| 08/01/2013 | <u>5</u><br>(1 pg) | Order to Confer on Initial Disclosures and Setting Deadlines (crof) (Entered: 08/01/2013) |
|---|---|---|
| 08/22/2013 | <u>6</u><br>(1 pg) | Certificate of Service of Summons and Complaint (awys) (Entered: 08/22/2013) |
| 08/22/2013 | <u>7</u><br>(1 pg) | Certificate of Service of Summons and Complaint (awys) (Entered: 08/22/2013) |
| 08/22/2013 | <u>8</u><br>(1 pg) | Certificate of Service of Summons and Complaint (awys) (Entered: 08/22/2013) |
| 08/30/2013 | <u>9</u><br>(3 pgs) | Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 08/30/2013) |
| 08/30/2013 | <u>9</u><br>(3 pgs) | Notice of Hearing Re: <u>9</u> Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1] to be held on 10/30/2013 at 03:30 PM at Bakersfield Hearing Location. (awys) (Entered: 08/30/2013) |
| 08/30/2013 | <u>10</u><br>(9 pgs) | Memorandum of Points and Authorities in support of <u>9</u> Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1] (awys) (Entered: 08/30/2013) |
| 08/30/2013 | <u>11</u><br>(40 pgs) | Request for Judicial Notice Re: <u>9</u> Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 08/30/2013) |
| 08/30/2013 | <u>12</u><br>(4 pgs) | Certificate/Proof of Service of <u>9</u> Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1], <u>9</u> Notice of Hearing, <u>10</u> Memorandum of Points and Authorities, <u>11</u> Request for Judicial Notice (awys) (Entered: 08/30/2013) |
| 08/30/2013 | <u>13</u><br>(1 pg) | Memo to File Re: Calendar Correction as Transmitted to BNC for Service Re: <u>9</u> Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1] (jdaf) (Entered: 08/30/2013) |
| 08/30/2013 | <u>14</u><br>(3 pgs) | Certificate of Mailing of Memo to File Re: Calendar Correction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/01/2013) |

| 09/03/2013 | **15**<br>(3 pgs) | Amended Notice of Hearing Re: 9 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1] to be held on 10/23/2013 at 01:15 PM at Bakersfield Hearing Location. (awys) (Entered: 09/04/2013) |
| --- | --- | --- |
| 09/03/2013 | **16**<br>(4 pgs) | Certificate/Proof of Service of 15 Amended Notice of Hearing [AAB-1] (awys) (Entered: 09/04/2013) |
| 09/03/2013 | **17**<br>(2 pgs) | Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-1] Filed by Defendant CR Title Services, Inc. (awys) (Entered: 09/04/2013) |
| 09/03/2013 | **18**<br>(2 pgs) | Notice of Hearing Re: 17 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-1] to be held on 10/23/2013 at 01:15 PM at Bakersfield Hearing Location. (awys) (Entered: 09/04/2013) |
| 09/03/2013 | **19**<br>(9 pgs) | Memorandum of Points and Authorities in support of 17 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-1] (awys) (Entered: 09/04/2013) |
| 09/03/2013 | **20**<br>(3 pgs) | Request for Judicial Notice Re: 17 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-1] Filed by Defendant CR Title Services, Inc. (awys) (Entered: 09/04/2013) |
| 09/03/2013 | **21**<br>(56 pgs) | Exhibit(s) in support of 20 Request for Judicial Notice [PD-1] (awys) (Entered: 09/04/2013) |
| 09/03/2013 | **22**<br>(2 pgs) | Statement Regarding Ownership of Corporate Debtor/Party Filed by Defendant CR Title Services, Inc. (awys) (Entered: 09/04/2013) |
| 09/03/2013 | **23**<br>(2 pgs) | Certificate/Proof of Service of 17 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-1], 18 Notice of Hearing, 19 Memorandum of Points and Authorities, 20 Request for Judicial Notice, 21 Exhibit(s), 22 Statement Regarding Ownership of Corporate Debtor/Party (awys) (Entered: 09/04/2013) |
| 10/16/2013 | **24**<br>(5 pgs) | Joint Status Conference Statement Filed by Defendants CR Title Services, Inc., Citimortgage, Inc. (awys) (Entered: 10/17/2013) |
| 16/2013 | **25**<br>(3 pgs) | Certificate/Proof of Service of 24 Status Conference Statement (awys) (Entered: 10/17/2013) |
| | **26** | Non-Opposition Filed by Defendant Citimortgage, Inc. Re: 9 |

| 10/17/2013 | (2 pgs) | Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1] (awys) (Entered: 10/17/2013) |
|---|---|---|
| 10/17/2013 | 27 (3 pgs) | Certificate/Proof of Service of 26 Non-Opposition [AAB-1] (awys) (Entered: 10/17/2013) |
| 10/18/2013 | 28 (3 pgs) | Order Staying Proceedings Re: 1 Complaint (rgaf) (Entered: 10/18/2013) |
| 10/18/2013 | 29 (1 pg) | Court's Certificate of Mailing of 28 Order (rgaf) (Entered: 10/18/2013) |
| 10/22/2013 | 30 (9 pgs) | Motion/Application to Disqualify Judge Filed by Plaintiff Salma H. Agha (awys) (Entered: 10/23/2013) |
| 10/23/2013 | 34 (1 pg) | Civil Minutes -- Hearing Dropped Re: 1 Complaint (resf) (Entered: 10/28/2013) |
| 10/23/2013 | 35 (1 pg) | Civil Minutes -- Hearing Dropped Re: 9 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1] (resf) (Entered: 10/28/2013) |
| 10/23/2013 | 36 (1 pg) | Civil Minutes -- Hearing Dropped Re: 17 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-1] (resf) (Entered: 10/28/2013) |
| 10/24/2013 | 31 (3 pgs) | Order Re: 30 Motion/Application to Disqualify Judge (awys) (Entered: 10/25/2013) |
| 10/25/2013 | 32 (3 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 10/25/2013) |
| 10/25/2013 | 33 (4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 10/27/2013) |
| 11/19/2013 | 37 (16 pgs) | Motion/Application to Transfer Case/Proceeding to Another District Filed by Plaintiff Salma H. Agha (awys) (Entered: 11/20/2013) |
| 11/19/2013 | 38 (2 pgs) | Stipulation Re: 37 Motion/Application to Transfer Case/Proceeding to Another District (awys) (Entered: 11/20/2013) |
| 11/20/2013 | 39 (3 pgs) | Order Regarding 37 Motion/Application to Transfer Case/Proceeding. (shbs) (Entered: 11/21/2013) |

| 11/21/2013 | <u>40</u><br>(3 pgs) | Copy of Document as transmitted to BNC for service. (shbs) (Entered: 11/21/2013) |
| 11/21/2013 | <u>41</u><br>(4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 11/23/2013) |
| 12/09/2013 | <u>42</u><br>(8 pgs) | Motion/Application Vacate Lockout and Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523-121-03-00-3 Filed by Plaintiff Salma H. Agha (awys) (Entered: 12/09/2013) |
| 12/09/2013 | <u>43</u><br>(5 pgs) | Motion/Application to Shorten Time Filed by Plaintiff Salma H. Agha (awys) (Entered: 12/09/2013) |
| 12/17/2013 | <u>44</u><br>(3 pgs) | Order Denying <u>30</u> Motion/Application to Disqualify Judge (awys) (Entered: 12/18/2013) |
| 12/17/2013 | <u>45</u><br>(6 pgs) | Memorandum Opinion/Decision Re: <u>30</u> Motion/Application to Disqualify Judge (awys) (Entered: 12/18/2013) |
| 12/17/2013 | <u>46</u><br>(3 pgs) | Order to Set Hearing Re: <u>42</u> Motion/Application Vacate Lockout and Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523-121-03-00-3; Hearing to be held on 1/9/2014 at 11:00 AM at Fresno Courtroom 11, Department A. (awys) (Entered: 12/18/2013) |
| 12/17/2013 | <u>47</u><br>(3 pgs) | Order Lifting Stay On Limited Basis Re: <u>1</u> Complaint (awys) (Entered: 12/18/2013) |
| 12/18/2013 | <u>48</u><br>(2 pgs) | Court's Certificate of Mailing of <u>44</u> Order, <u>45</u> Memorandum Opinion/Decision, <u>46</u> Order to Set/Continue/Reschedule Hearing, <u>47</u> Order (awys) (Entered: 12/18/2013) |
| 12/23/2013 | | Envelope addressed to Office of the U.S. Trustee returned to court as undeliverable Re: <u>44</u> Order, <u>45</u> Memorandum Opinion/Decision, <u>46</u> Order to Set/Continue/Reschedule Hearing, <u>47</u> Order (awys) (Entered: 12/23/2013) |
| 12/23/2013 | <u>49</u><br>(1 pg) | Court's Certificate of Mailing of <u>44</u> Order, <u>45</u> Memorandum Opinion/Decision, <u>46</u> Order to Set/Continue/Reschedule Hearing, <u>47</u> Order (awys) (Entered: 12/23/2013) |
| 12/23/2013 | <u>50</u><br>(2 pgs) | Certificate/Proof of Service of <u>42</u> Motion/Application Vacate Lockout and Restore Salma Agha to Possession of 11622 |

| | | |
|---|---|---|
| 01/02/2014 | | Harrington Street, Bakersfield, CA 93311, APN Number 523-121-03-00-3, 46 Order to Set/Continue/Reschedule Hearing (awys) (Entered: 01/02/2014) |
| 01/02/2014 | 51 (15 pgs) | Opposition/Objection Filed by Defendant Citimortgage, Inc. Re: 42 Motion/Application Vacate Lockout and Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523-121-03-00-3 (awys) (Entered: 01/03/2014) |
| 01/02/2014 | 52 (48 pgs) | Request for Judicial Notice Re: 51 Opposition/Objection Filed by Defendant Citimortgage, Inc. (awys) (Entered: 01/03/2014) |
| 01/02/2014 | 53 (4 pgs) | Certificate/Proof of Service of 51 Opposition/Objection, 52 Request for Judicial Notice (awys) (Entered: 01/03/2014) |
| 01/09/2014 | 54 (1 pg) | Civil Minutes -- Hearing Re: 42 Motion/Application Vacate Lockout and Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523-121-03-00-3 continued; Hearing to be held on 2/12/2014 at 03:00 PM at Fresno Courtroom 11, Department A. (resf) (Entered: 01/10/2014) |
| 01/13/2014 | | Docket Entry Reserved for Internal Use/Order Processing. (Service List Attached). (resf) (Entered: 01/13/2014) |
| 01/14/2014 | 56 (2 pgs) | Civil Minute Order/Order to Continue Hearing Re: 42 Motion/Application Vacate Lockout and Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523-121-03-00-3 ; Hearing to be held on 2/12/2014 at 03:00 PM at Fresno Courtroom 11, Department A. (awys) (Entered: 01/14/2014) |
| 01/14/2014 | 57 (2 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 01/14/2014) |
| 01/14/2014 | 58 (3 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 01/16/2014) |
| 02/11/2014 | 59 (5 pgs) | Motion/Application to Disqualify Judge Filed by Plaintiff Salma H. Agha (awys) (Entered: 02/11/2014) |
| 02/11/2014 | 60 (3 pgs) | Motion/Application to Shorten Time Filed by Plaintiff Salma H. Agha (awys) (Entered: 02/11/2014) |

| | | |
|---|---|---|
| 02/11/2014 | | Hearing Re: 59 Motion/Application to Disqualify Judge to be held on 2/12/2014 at 03:00 PM at Fresno Courtroom 11, Department A. (awys) (Entered: 02/11/2014) |
| 02/11/2014 | 61 (21 pgs) | Support Document/Complaint Re: 59 Motion/Application to Disqualify Judge Filed by Plaintiff Salma H. Agha (awys) (Entered: 02/11/2014) |
| 02/11/2014 | 62 (8 pgs) | Support Document/Summons Re: 59 Motion/Application to Disqualify Judge Filed by Plaintiff Salma H. Agha (awys) (Entered: 02/11/2014) |
| 02/11/2014 | 63 (3 pgs) | Order Granting 60 Motion/Application to Shorten Time (rgaf) (Entered: 02/11/2014) |
| 02/12/2014 | 64 (1 pg) | Civil Minutes -- Hearing Held/Concluded Re: 42 Motion/Application Vacate Lockout and Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523-121-03-00-3 DENIED (resf) (Entered: 02/17/2014) |
| 02/12/2014 | 65 (1 pg) | Civil Minutes -- Hearing Held/Concluded Re: 59 Motion/Application to Disqualify Judge DENIED (resf) (Entered: 02/17/2014) |
| 02/18/2014 | | Docket Entry Reserved for Internal Use/Order Processing. (Service List Attached). (resf) (Entered: 02/18/2014) |
| 02/18/2014 | | Docket Entry Reserved for Internal Use/Order Processing. (Service List Attached). (resf) (Entered: 02/18/2014) |
| 02/18/2014 | 68 (2 pgs) | Civil Minute Order Denying 59 Motion/Application to Disqualify Judge (awys) (Entered: 02/19/2014) |
| 02/18/2014 | 70 (2 pgs) | Civil Minute Order Denying 42 Motion/Application Vacate Lockout and Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523-121-03-00-3 (awys) (Entered: 02/19/2014) |
| 02/19/2014 | 69 (2 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 02/19/2014) |
| 02/19/2014 | 71 (2 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 02/19/2014) |

| 02/19/2014 | 72 (3 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 02/21/2014) |
|---|---|---|
| 02/19/2014 | 73 (3 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 02/21/2014) |
| 02/26/2014 | 74 (3 pgs) | Notice of Appeal filed by Plaintiff Salma H. Agha Re: 68 Order (Fee Paid $0.00) (awys) (Entered: 02/27/2014) |
| 02/27/2014 | 75 (1 pg) | Transmittal to BAP Re: 74 Notice of Appeal (awys) (Entered: 02/27/2014) |
| 02/27/2014 | 76 (1 pg) | Notice of Referral of Appeal to Bankruptcy Appellate Panel Re: 74 Notice of Appeal (awys) (Entered: 02/27/2014) |
| 02/27/2014 | 77 (1 pg) | Certificate of Notice Re: 74 Notice of Appeal, 76 Notice of Referral to Bankruptcy Appellate Panel (awys) (Entered: 02/27/2014) |
| 02/27/2014 | 78 (3 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 02/27/2014) |
| 02/27/2014 | 79 (1 pg) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 02/27/2014) |
| 02/27/2014 | 80 (4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/01/2014) |
| 02/27/2014 | 81 (2 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/01/2014) |
| 03/10/2014 | | Filing Fee Paid (Fee Paid $298.00 ) Re: 74 Notice of Appeal (dchf) (Entered: 03/10/2014) |
| 03/10/2014 | | Appeal Fee Paid ($298.00, Receipt Number: 1253 by 18) (auto) (Entered: 03/11/2014) |
| 03/10/2014 | 82 (7 pgs) | Transcript regarding Hearing Held 01/09/14 Re: 42 Motion/Application Vacate Lockout and Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523-121-03-00-3 Notice of Intent to Request Redaction Deadline Due By 3/20/2014. Redaction Request Due By 4/3/2014. Redacted Transcript Submission Due By 4/14/2014. |

| 03/13/2014 | | Transcript access will be restricted through 6/11/2014. (isaf) (Entered: 03/13/2014) |
|---|---|---|
| 03/13/2014 | 83 (1 pg) | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing held on 01/09/14 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period. Re: 82 Transcript (isaf) (Entered: 03/13/2014) |
| 03/13/2014 | 84 (26 pgs) | Transcript regarding Hearing Held 02/12/14 Notice of Intent to Request Redaction Deadline Due By 3/20/2014. Redaction Request Due By 4/3/2014. Redacted Transcript Submission Due By 4/14/2014. Transcript access will be restricted through 6/11/2014. (isaf) (Entered: 03/13/2014) |
| 03/13/2014 | 85 (1 pg) | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing held on 02/12/14 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period. Re: 84 Transcript (isaf) (Entered: 03/13/2014) |
| 03/13/2014 | 86 (2 pgs) | Certificate of Mailing of Notice of Filing of Transcript and of Deadlines Related to Redaction and Restriction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/15/2014) |
| 03/13/2014 | 87 (2 pgs) | Certificate of Mailing of Notice of Filing of Transcript and of Deadlines Related to Redaction and Restriction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/15/2014) |
| 03/17/2014 | 88 (4 pgs) | Receipt of Pleadings and Documents from Bankruptcy Appellant Panel Re: 74 Notice of Appeal (rlos) Copy of Opening Letter and Notice (Entered: 03/17/2014) |
| 03/17/2014 | 89 (9 pgs) | Motion/Application to Extend Time to File Statement of Issues and Designation of Record in Appeal Filed by Appellant/Plaintiff Salma H. Agha (rlos) (Entered: 03/17/2014) |
| 04/09/2014 | 91 (2 pgs) | Notice Re: 90 Motion/Application [AAB-2] (awys) (Entered: 04/10/2014) |

| 04/09/2014 | 92 (5 pgs) | Memorandum of Points and Authorities in support of 90 Motion/Application Restore Citimortgage, Inc's Motion to Dismiss Complaint [AAB-2] (awys) (Entered: 04/10/2014) |
| 04/09/2014 | 93 (3 pgs) | Declaration of Andrew A. Bao in support of 90 Motion/Application Restore Citimortgage, Inc's Motion to Dismiss Complaint [AAB-2] (awys) (Entered: 04/10/2014) |
| 04/09/2014 | 94 (4 pgs) | Certificate/Proof of Service of Proposed Order, 91 Notice, 92 Memorandum of Points and Authorities, 93 Declaration [AAB-2] (awys) (Entered: 04/10/2014) |
| 04/10/2014 | 90 (2 pgs) | Motion/Application Restore Citimortgage, Inc's Motion to Dismiss Complaint [AAB-2] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 04/10/2014) |
| 04/10/2014 | 95 (3 pgs) | Supplemental Certificate/Proof of Service of 90 Motion/Application Restore Citimortgage, Inc's Motion to Dismiss Complaint [AAB-2] (crof) (Entered: 04/11/2014) |
| 04/15/2014 | 96 (6 pgs) | Motion/Application to Extend Time to File Opening Brief Filed by Appellant/Plaintiff Salma H. Agha (rlos) (Entered: 04/15/2014) |
| 04/15/2014 | 97 (3 pgs) | Substitution of Attorney. Attorney Brian A Paino removed from the case. Eddie R. Jimenez for CR Title Services, Inc. Substituted in. Filed by Defendant CR Title Services, Inc. (awys) (Entered: 04/16/2014) |
| 04/16/2014 | 98 (3 pgs) | Order Denying 90 Motion/Application Restore Citimortgage, Inc's Motion to Dismiss Complaint [AAB-2] (awys) (Entered: 04/17/2014) |
| 04/17/2014 | 99 (3 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 04/17/2014) |
| 04/17/2014 | 100 (4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 04/19/2014) |
| 06/16/2014 | | Update Transcript Deadlines Re: 82 Transcript, 84 Transcript (maaf) (Entered: 06/16/2014) |
| | 101 (3 pgs) | Receipt of Pleadings and Documents from Bankruptcy Appellant Panel Re: 74 Notice of Appeal (rlos) Copy of Mandate (Entered: |

| 06/26/2014 | | (06/26/2014) |
|---|---|---|
| 07/22/2014 | 102<br>(3 pgs) | Amended 28 Order (awys) (Entered: 07/23/2014) |
| 07/23/2014 | 103<br>(3 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 07/23/2014) |
| 07/23/2014 | 104<br>(4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 07/25/2014) |
| 08/04/2014 | 105<br>(2 pgs) | Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 08/05/2014) |
| 08/04/2014 | 105<br>(2 pgs) | Motion/Application to Confirm Termination or Absence of Stay [AAB-2] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 08/05/2014) |
| 08/04/2014 | 106<br>(5 pgs) | Memorandum of Points and Authorities in support of 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2], 105 Motion/Application to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/05/2014) |
| 08/04/2014 | 107<br>(11 pgs) | Declaration of Andrew A. Bao in support of 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2], 105 Motion/Application to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/05/2014) |
| 08/04/2014 | 108<br>(11 pgs) | Declaration of Travis Nurse in support of 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2], 105 Motion/Application to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/05/2014) |
| 04/2014 | 109<br>(4 pgs) | Certificate/Proof of Service of Proposed Order, 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2], 105 Motion/Application to Confirm Termination or Absence of Stay [AAB-2], 106 Memorandum of Points and Authorities, 107 Declaration, 108 Declaration (awys) (Entered: 08/05/2014) |
| | | Contacted Lisa White from the Law Office of Andrew A. Bao on |

| 08/05/2014 | | 8/5/14 regarding incorrectly submitted Order. Replacement Order requested Re: 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2], 105 Motion/Application to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/05/2014) |
|---|---|---|
| 08/06/2014 | 110 (4 pgs) | Order Denying 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2] (awys) (Entered: 08/07/2014) |
| 08/06/2014 | 110 (4 pgs) | Order Denying 105 Motion to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/07/2014) |
| 08/07/2014 | 111 (4 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 08/07/2014) |
| 08/07/2014 | 112 (5 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/09/2014) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/31/2014 07:22:14 | | |
| PACER Login: | rr6611:4274207:0 | Client Code: |
| Description: | Docket Report | Search Criteria: | 13-01086 Fil or Ent: filed From: 7/1/2013 To: 8/31/2014 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 8 | Cost: | 0.80 |

# EXHIBIT C

## Fraudulent "MISFILING" has begun

**INCORRECT FILING under "NEW" Case # 13-01086 of Defendant Citi Mortgages Reply, Docs # 9 & 11 to Adversary Proceeding for Violation of automatic stay**

**NOTE: Adversary Proceeding for Violation of automatic stay, Doc # 115 was FILED CORRECTLY under original Bankruptcy Case No 10-16183**

**Filed: August 30, 2013**

**3**

1 | Brian H. Gunn (SBN 192594)
*bhgunn@wolfewyman.com*
2 | Andrew A. Bao (SBN 247092)
*aabao@wolfewyman.com*
3 | WOLFE & WYMAN LLP
2175 N. California Blvd., Suite 645
4 | Walnut Creek, California 94596-3502
Telephone:  (925) 280-0004
5 | Facsimile:   (925) 280-0005

6 | Attorneys for Defendant
CITIMORTGAGE, INC.

7

8 | UNITED STATES BANKRUPTCY COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10 | FRESNO DIVISION

| | |
|---|---|
| 11  In Re | Bankruptcy No. 10-16183 |
| 12       SALMA AGHA, | Chapter 7 |
| 13       Debtor. | Adversary No. 13-01086-A |
| 14 | |
| 15  SALMA AGHA, | AAB-1 |
| 16       Plaintiff/Debtor, | **NOTICE OF HEARING AND MOTION BY CITIMORTGAGE, INC. TO DISMISS PLAINTIFF'S COMPLAINT** |
| 17  v. | |
| 18  CITIMORTGAGE, INC., CR. TITLE SERVICES, INC., WILMINGTON | |
| 19  TRUST COMPANY AS TRUSTEE FOR STRUCTURED ASSET | Date:    October 30, 2013
Time:    3:30 p.m.
Place:   U.S. Bankruptcy Court |
| 20  SECURITIES MORTGAGE PASS-THROUGH CERTIFICATES SERIES |              Dept. A
              1300 18th Street |
| 21  2003-18XS, AND DOES 1-100, |              Bakersfield, CA |
| 22       Defendants. | Hon. Fredrick E. Clement |

23

24 | **TO THE HONORABLE FREDRICK E. CLEMENT, UNITED STATES BANKRUPTCY**

25 | **JUDGE, AND ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

26 | PLEASE TAKE NOTICE that on **October 30, 2013** at **3:30 p.m.**, in Dept. A at the

27 | U.S. Bankruptcy Court located at 1300 18th Street, Bakersfield, California, Defendant

28 | CITIMORTGAGE, INC. (hereinafter, "CMI") will and hereby does move to dismiss the Adversary

1

1474757.1

1  Complaint of Plaintiff/Debtor SALMA AGHA (hereinafter, "Plaintiff") pursuant to *Federal Rule of*

2  *Civil Procedure* 12(b)(6) and *Federal Rule of Bankruptcy Procedure* 7012(b) on the grounds that

3  Plaintiff fails to state a claim against CMI.

4      This Motion is based on the Memorandum of Points and Authorities and Request for Judicial

5  Notice concurrently filed herewith, all pleadings and papers on file herein, and upon such oral and

6  documentary evidence as may be presented at the hearing on this Motion.

7      Please take further notice that, pursuant to Local Rule 9014-1(f)(1)(B), opposition, if any, to

8  the granting of the motion shall be in writing and shall be served and filed with the Court by the

9  responding party at least fourteen (14) days preceding the date or continued date of the hearing.

10  Opposition shall be accompanied by evidence establishing its factual allegations. Without good

11  cause, no party shall be heard in opposition to a motion at oral argument if written opposition to the

12  motion has not been timely filed. Failure of the responding party to timely file written opposition

13  may be deemed a waiver of any opposition to the granting of the motion or may result in the

14  imposition of sanctions.

15      The opposition shall specify whether the responding party consents to the Court's resolution

16  of disputed material factual issues pursuant to Fed. R. Civ. P. 43(c) as made applicable by Fed. R.

17  Bankr. P. 9017. If the responding party does not so consent, the opposition shall include a separate

18  statement identifying each disputed material factual issue. The separate statement shall enumerate

19  discretely each of the disputed material factual issues and cite the particular portions of the record

20  demonstrating that a factual issue is both material and in dispute. Failure to file the separate

21  statement shall be construed as consent to resolution of the motion and all disputed material factual

22  issues pursuant to Fed. R. Civ. P. 43(c).

23      Any opposition should be served on moving party herein as well as on the following:

24  Brian H. Gunn, Esq.
    Andrew A. Bao, Esq.
25  WOLFE & WYMAN LLP
    2175 N. California Blvd., Suite 645
26  Walnut Creek, CA 94596-3502
    COUNSEL FOR DEFENDANT
27  CITIMORTGAGE, INC.

28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1474757.1

1    Failure to file timely written opposition may result in the motion being resolved without oral

2    argument and the striking of untimely written opposition.

3

4    DATED:  August 30, 2013                        WOLFE & WYMAN LLP

5

6                                                   By:  /s/ Andrew A. Bao  SBN 247092

7                                                        BRIAN H. GUNN
                                                         ANDREW A. BAO
8                                                   Attorneys for Defendant
                                                    **CITIMORTGAGE, INC.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CMI NOTICE OF HEARING AND MOTION TO DISMISS COMPLAINT**

1474757.1

**40**

1   Brian H. Gunn (SBN 192594)
    *bhgunn@wolfewyman.com*
2   Andrew A. Bao (SBN 247092)
    *aabao@wolfewyman.com*
3   WOLFE & WYMAN LLP
    2175 N. California Blvd., Suite 645
4   Walnut Creek, California 94596-3502
    Telephone:  (925) 280-0004
5   Facsimile:   (925) 280-0005

6   Attorneys for Defendant
    CITIMORTGAGE, INC.

7

8                UNITED STATES BANKRUPTCY COURT

9                EASTERN DISTRICT OF CALIFORNIA

10                      FRESNO DIVISION

11  | In Re | Bankruptcy No. 10-16183 |

12  | SALMA AGHA, | Chapter 7 |

13  | Debtor. | Adversary No. 13-01086-A |

14  |  | AAB-1 |

15  | SALMA AGHA, | **REQUEST FOR JUDICIAL NOTICE BY CITIMORTGAGE, INC. IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

16  | Plaintiff/Debtor, | |

17  | v. | |

18  | CITIMORTGAGE, INC., CR. TITLE SERVICES, INC., WILMINGTON TRUST COMPANY AS TRUSTEE FOR STRUCTURED ASSET SECURITIES MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2003-18XS, AND DOES 1-100, | Date:   October 30, 2013
Time:   3:30 p.m.
Place:  U.S. Bankruptcy Court
         Dept. A
         1300 18th Street
         Bakersfield, CA |

19  |  | |

20  |  | |

21  |  | Hon. Fredrick E. Clement |

22  | Defendants. | |

23

24          Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant CITIMORTGAGE, INC.

25  ("CMI") hereby requests the Court take judicial notice of the following documents in support of its

26  motion to dismiss the Complaint filed by Plaintiff/Debtor SALMA AGHA ("Plaintiff").

27  ///

28  ///

                                        1
         CMI REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS COMPLAINT

1474786.1

1.    Deed of trust recorded on January 17, 2003, as Document No. 020300950, in the official records of Kern County, a true and correct copy of which is attached hereto as Exhibit A.

2.    Assignment of Deed of Trust recorded on March 8, 2010, as Document No. 0210030116, in the official records of Kern County, a true and correct copy of which is attached hereto as Exhibit B.

3.    Notice of Default recorded on March 8, 2010, as Document No. 0210030118, in the official records of Kern County, a true and correct copy of which is attached hereto as Exhibit C.

4.    Substitution of Trustee recorded on March 8, 2010, as Document No. 0210030117, in the official records of Kern County, a true and correct copy of which is attached hereto as Exhibit D.

5.    Notice of Trustee's Sale recorded on August 16, 2011, as Document No. 000211103865, in the official records of Kern County, a true and correct copy of which is attached hereto as Exhibit E.

6.    Trustee's Deed Upon Sale recorded on May 29, 2012, as Document No. 000212071602, in the official records of Kern County, a true and correct copy of which is attached hereto as Exhibit F.

7.    Assignment of Deed of Trust recorded on May 29, 2013, as Document No. 00021271601, in the official records of Kern County, a true and correct copy of which is attached hereto as Exhibit G.

DATED:  August 30, 2013                WOLFE & WYMAN LLP


By: /s/ Andrew A. Bao  SBN 247092
     BRIAN H. GUNN
     ANDREW A. BAO
Attorneys for Defendant
**CITIMORTGAGE, INC.**

CMI REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS COMPLAINT

1474786.1

# EXHIBIT D

**New Case Number - Doc #30: First attempt to remove Defendant Judge Clement from Salma Agha-Khan, MD's Bankruptcy Case -Motion to Disqualify Defendant Judge Clement based on Judicial Review Complaint filed against him**

**Filed: October 22, 2013**

1   Salma Agha
2   6 Windwood
    Irvine, CA 92604
3   Plaintiff In Pro Per
    Tel: 626·569·5783
4

ORIGINAL FILED

OCT 22 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

5       UNITED STATES BANKRUPTCY COURT
6        EASTERN DISTRICT OF CALIFORNIA
            BAKERSFIELD DIVISION

7   In Re Salma Agha, Debtor              )   Chapter 7
8                                         )
    Salma Agha,                           )   Bankruptcy No. 10-16183
9                                         )
    Plaintiff/Debtor                      )   Adversary No. 1-13-AP-01086
10                                        )
    v.                                    )
11                                        )      MOTION TO DISQUALIFY JUDGE
                                          )
12  CITIMORTGAGE, INC.,CR TITLE           )
    SERVICES, INC., WILMINGTON TRUST      )
13  COMPANY AS TRUSTEE FOR                )
    STRUCTURED ASSET SECURITIES           )
14  MORTGAGE PASS-THROUGH                 )
    CERTIFICATES SERIES 2003-18XS, AND    )
15  DOES 1-100                            )
                                          )
16  Defendants                           )

17

18

19      **MOTION FOR JUDGE CLEMENT TO DISQUALIFY HIMSELF**

20      Debtor/Plaintiff Salma Agha states as follows:

21      Debtor moves that The Honorable Judge Frederick Clement disqualify himself from this

22  adversary proceeding under 28 USC § 455.

23      28 USC § 455(a) states: "Any justice, judge, or magistrate judge of the United States shall

24  disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

25

26

27

28

            MOTION FOR JUDGE TO DISQUALIFY HIMSELF
                            - 1 -

## JUDGE CLEMENT'S ACTIONS AT THE HEARING ON JANUARY 23RD, 2013 RAISE A REASONABLE POSSIBILITY THAT HE IS PREJUDICED AGAINST MS. AGHA

A judge's prejudice against a litigant does not have to be from extrajudicial source. The prejudice may stem from acts that occurred inside the courtroom. Liteky v. United States, 510 U.S. 540, 114 S.Ct. 1147.

Judge Clement was previously the bankruptcy judge on Ms. Agha's bankruptcy case, case 1:10-bk-16183. A hearing related to the liquidation of certain assets, which had been adjudged to be property of Ms. Agha's estate at the time that her bankruptcy was filed, took place on January 23rd, 2013. Please see transcript, attached.

Judge Clement refused to allow the debtor to argue, with relation to issues connected to the case, at that hearing on January 23rd. He refused to allow the debtor to argue, even after she discharged her attorney. Please see transcript, generally.

Judge Clement also asked the courtroom security officer to be present in the courtroom at any time that Ms. Agha was there. Please see transcript, p.34-38.

Judge Clement also allowed the law firm of Klein, Denatale, & Goldner (KDG) to represent the trustee, Mr. Vetter, at the January 23rd hearing, even though the judge was aware that this law firm had represented Ms. Agha in a prior lawsuit. Klein, Denatale, & Goldner's excuse, which was that when they performed a conflict check Ms. Agha's name did not come up, because she was using a different name at the time, is unmeritorious. Please see transcript, generally.

The argument is unmeritorious because, by the beginning of the hearing, both Judge Clement and Klein, Denatale, & Goldner were aware that KDG had represented Ms. Agha in the previous case, thus, they had actual knowledge of a potential conflict of interest.

There might be a reasonable explanation for the above actions, but a reasonable person

might also come to the conclusion that Judge Clement is prejudiced against Ms. Agha.

Judge Clement also allowed BBG, the defendant in case CGC-11-515095, to buy the recovery from the case for $15,000, when BBG had previously bid $17,000. This is inexplicable, because both the judge and the bankruptcy trustee are supposed to try to maximize recovery for creditors. Maximizing recovery from creditors would presumably include accepting the highest bid for the lawsuit, which would have been $17,000. Please see transcript, p. 35-38.

There might again be a reasonable explanation for the above actions, but a reasonable person might also come to the conclusion that Judge Clement is prejudiced against Ms. Agha.

## MS. AGHA'S COMPLAINT AGAINST JUDGE CLEMENT RAISES THE INFERENCE THAT HE IS PREJUDICED AGAINST HER

Ms. Agha has since filled out a complaint for judicial misconduct, against Judge Clement. A copy of a letter from the administrative office for the Courts of the Ninth Circuit, discussing Ms. Agha's complaint, is attached as Exhibit A.

Judge Clement will inevitably learn about Ms. Agha's complaint against him, and will have to respond. The instant adversary proceeding may continue for more than a year, and, if this happens, Judge Clement will certainly review Ms. Agha's complaint during the pendency of this adversary proceeding. A reasonable person, who is aware of both the pending adversary proceeding and Ms. Agha's complaint, may question Judge Clement's impartiality.

### CONCLUSION

A reasonable person, knowing of all the facts, would question whether Judge Clement will be impartial in this adversary proceeding, going forward. Judge Clement may in fact be impartial, but a judge must avoid even the appearance of impropriety, or public confidence in the court system will be at risk. The possibility of prejudice in this case is simply too great.

MOTION FOR JUDGE TO DISQUALIFY HIMSELF

Furthermore, as of the date of filing of this motion, Judge Clement has not ruled on anything connected to this adversary proceeding, and therefore, a new judge will have to spend a relatively small amount of time becoming familiar with this matter. Therefore, Ms. Agha respectfully requests that Judge Clement disqualify himself in this matter.

Signed

Salma Agha

10 / 21 / 13

Dated

MOTION FOR JUDGE TO DISQUALIFY HIMSELF

1

2

3

4

5

6   Salma Agha
    6 Windwood
7   Irvine, CA 92604
    Plaintiff In Pro Per
8   Tel: 626 - 569 - 5783

9                    **UNITED STATES BANKRUPTCY COURT**
                     **EASTERN DISTRICT OF CALIFORNIA**
10                        **BAKERSFIELD DIVISION**

11  In Re Salma Agha, Debtor              )    **Chapter 7**
                                          )
12  Salma Agha,                           )    **Bankruptcy No. 10-16183**
                                          )
13  Plaintiff/Debtor                      )    **Adversary No. 1-13-AP-01086**
                                          )
14                                        )
    v.                                    )
15                                        )    **MOTION TO DISQUALIFY JUDGE**
                                          )
16  CITIMORTGAGE, INC.,CR TITLE           )
    SERVICES, INC., WILMINGTON TRUST      )    **PROPOSED ORDER**
17  COMPANY AS TRUSTEE FOR                )
    STRUCTURED ASSET SECURITIES           )
18  MORTGAGE PASS-THROUGH                 )
    CERTIFICATES SERIES 2003-18XS, AND    )
19  DOES 1-100                            )
                                          )
20  Defendants                            )

21  _____

22

23       I, Judge Frederick Clement, have read and considered Salma Agha's motion and accompanying

24  exhibits.  After due consideration, the motion is

25  _____        _____

26

27       Granted                  Denied

28

1
2
3
4
Subject to the following conditions:
5
6
7
_____          _____
8
Signed                       Dated
9
Judge of the Bankruptcy Court
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION FOR JUDGE TO DISQUALIFY HIMSELF

## DECLARATION OF SALMA AGHA

My name is Salma Agha.  I swear under penalty of perjury that the following is true.

1.  I was the debtor in bankruptcy case 1:10-bk-16183 and I am the plaintiff in this case.

2.  I was personally present at the January 23rd, 2013 hearing, which included an auction on San Francisco Superior Court case CGC-11-515095.

3.  I subsequently filed a complaint against Judge Clement.

4.  I feel that, because of the interaction between Judge Clement and myself at the last hearing, and because of my complaint against Judge Clement, I cannot possibly receive a fair hearing in front of him.

5.  I do not understand why Judge Clement did not accept BBG's bid for $17,000, and instead accepted BBG's bid for $15,000, at the January 23rd hearing.

6.  I request that another bankruptcy judge be appointed in my case.  I would prefer that my case be transferred to the Los Angeles bankruptcy courthouse.


Signed

Salma Agha

Plaintiff


10/21/13

Dated

MOTION FOR JUDGE TO DISQUALIFY HIMSELF

7

# EXHIBIT E

**New Case Number - Doc #31, which appears AFTER Doc #s 34-36: Defendant Judge Clements Order to Stay the First Motion for his Judicial Disqualification**

**Filed: October 24, 2013**

FILED

OCT 24 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

Salma Agha                                  Case No. 10-16183-A-7


                    Debtor.
_____/
Salma Agha                                  Adv. No. 13-1086

          Plaintiff,

     vs.

Citimortgage, Inc., et. al.

          Defendant.
_____/


ORDER REGARDING REQUEST FOR JUDICIAL DISQUALIFICATION

1

79903002608015

1    Salma Agha has filed a complaint of judicial misconduct against
2    this court.   Pending resolution of that matter, it is ordered that the
3    motion to disqualify is stayed.
4
5    Dated: October 24, 2013
6
7                                        _____
8                                        Fredrick E. Clement
                                         United States Bankruptcy Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    2

X02606       79903002608015

1    Instructions to Clerk of Court

2    Service List

3

4    The Clerk of Court is instructed to send the Order/Judgment or other

5    court generated document transmitted herewith to the parties below.

6    The Clerk of Court will send the Order via the BNC or, if checked

7    __X__, via the U.S. mail.

8

9        Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if

10   appointed in the case), and _____X_____ Other Persons Specified Below:

11

12

13   Salma H. Agha

14   6 Windwood
    Irvine, CA 92604

15   Wilmington Trust Company
    Rodney Square North

16   1100 N. Market St.
    Wilmington, DE 19890

17

18   Brian H. Gunn, Esq.
    Andrew A. Bao, Esq.

19   WOLF & WYMAN LLP
    2175 N. California Blvd., Suite 645

20   Walnut Creek, CA 94596-3502

21   Brian A. Paino, Esq.
    PITE DUNCAN, LLP

22   P. O. Box 17933
    San Diego, CA 92177-0933

23   Office of the United States Trustee
    2500 Tulare Street, Suite 1401

24   Fresno, CA 93721

25

26

27

28

3

# EXHIBIT F

**New Case Number - Doc #44:
Defendant Judge Clements Delayed
Order  to DENY the First Motion for
his Judicial Disqualification**

**Filed: December 17, 2013**

3

> FILED
>
> DEC 17 2013
>
> UNITED STATES BANKRUPTCY COURT
> EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                         Case No. 10-16183-A-7

Salma H. Agha,


                Debtor.
_____/
                                              Adv. No. 13-01086

Salma Agha,

          Plaintiff,

     vs.

CitiMortgage, Inc., et. al.

          Defendants.
_____/




          ORDER DENYING MOTION TO DISQUALIFY












                                1

For the reasons set forth in the Memorandum of Decision filed herewith, the motion to disqualify is denied.

Dated: December 17, 2013

_____
Fredrick E. Clement
United States Bankruptcy Judge

2

Instructions to Clerk of Court

Service List

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked __X__, via the U.S. mail.

    Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and ____X____ Other Persons Specified Below:

Salma H. Agha
6 Windwood
Irvine, CA 92604

Brian A. Paino, Esq.
4375 Jutland Dr., Suite 200
P. O. Box 17933
San Diego, CA 92177

Andrew A. Bao, Esq.
Brian H. Gunn, Esq.
Heather S. Kim, Esq.
2175 N. California Blvd., Suite 645
Walnut Creek, CA 94596

Wilmington Trust Company
Rodney Square North
1100 N. Market St.
Wilmington, DE 19890

Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, CA 93721

3

# EXHIBIT G

**New Case Number - Doc #45: Defendant Judge Clements Memorandum Decision regarding his Delayed Order Denying Plaintiffs First Motion for his Judicial Disqualification**

**Filed: December 17, 2013**

FILED

DEC 17 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

Salma H. Agha,

                    Debtor.

Case No. 10-16183-A-7

Salma Agha,

          Plaintiff,

     vs.

CitiMortgage, Inc., et. al.

          Defendants.

Adv. No. 13-01086

MEMORANDUM DECISION

1

A judge shall disqualify himself in case in which in "his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A motion to disqualify the undersigned judge has been filed in this adversary proceeding on the basis of adverse rulings in a prior case and a complaint of judicial misconduct. Is disqualification warranted on such grounds?

**FACTS**

In 2010, Salma Agha filed a Chapter 7 bankruptcy case. *In re Agha,* No. 10-16183 (Bankr. E.D. Cal. filed May 30, 2010). Jeffrey M. Vetter was appointed as the Chapter 7 trustee. After the meeting of creditors, Vetter filed a Report of No Distribution. Later, Agha received her bankruptcy discharge, and the case was closed.

In 2012, the bankruptcy case was reopened to administer Agha's interest in unscheduled assets. These assets were a limited liability company, Vodka from Around the World, LLC ("Vodka LLC") and a civil action, *Vodka from Around the World, LLC v. Breitman,* No. CBC-11-515095 (Cal. Super. Ct. 2011).

Vetter moved to sell these assets to BBG, Ltd., a defendant in the civil action. After notice and a hearing, and despite Agha's opposition, the court approved the sale of the estate's interest in the company and the civil action to BBG, Ltd.

In August 2013, Agha filed the complaint in the present adversary proceeding alleging stay violations arising from a foreclosure of Agha's residence located at 11622 Harrington Street, Bakersfield, California, and unlawful detainer proceedings following the foreclosure.

Subsequently, Agha filed a complaint of judicial misconduct

2

1  against the undersigned judge.  This complaint remains pending.

2  　　　Agha moves for disqualification under 28 U.S.C. § 455(a) and

3  (b)(1).  She predicates her disqualification motion on the adverse

4  substantive and procedural rulings relating to the sale of assets in

5  her underlying bankruptcy case and on her pending complaint of

6  judicial misconduct.

7  　　　　　　　　　　　　　　　**DISCUSSION**

8  　　　"Any justice, judge, or magistrate judge of the United States

9  shall disqualify himself in any proceeding in which his impartiality

10  might reasonably be questioned."  28 U.S.C. § 455(a).  The test is

11  "whether a reasonable person with knowledge of all the facts would

12  conclude that the judge's impartiality might reasonably be

13  questioned."  *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d

14  703, 714 (9th Cir. 1990) (quoting *Herrington v. Sonoma Cnty.*, 834 F.2d

15  1488, 1503 (9th Cir. 1987) (internal quotation marks omitted).

16  　　　Under § 455(b)(1), a federal judge should be disqualified if the

17  judge "has a personal bias or prejudice concerning a party."  11

18  U.S.C. § 455(b)(1).  "The negative bias or prejudice . . . must be

19  grounded in some personal animus or malice that the judge harbors

20  against [a party], of a kind that a fair-minded person could not

21  entirely set aside when judging certain persons or causes.  Moreover,

22  recusal is required only if actual bias or prejudice is proved by

23  compelling evidence."  *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir.

24  1996) (citation omitted) (internal quotation marks omitted).  In

25  deciding a disqualification motion, the court exercises its

26  discretion.  *Focus Media, Inc. v. Nat'l Broad. Co. (In re Focus Media,*

27  *Inc.)*, 378 F.3d 916, 922 (9th Cir. 2004) (stating that a court's

28  　　　　　　　　　　　　　　　　　3

1  denial of a disqualification motion is reviewed for abuse of
2  discretion) (citing *United States v. Wilkerson*, 208 F.3d 794, 797 (9th
3  Cir. 2000)).

4      Although her motion contains a number of different assertions,
5  Agha's motion essentially offers two different arguments for
6  disqualification.   First, she suggests that this judge made improper
7  substantive and procedural rulings in her underlying Chapter 7
8  bankruptcy case.   But adverse judicial rulings alone are not proper
9  grounds for judicial disqualification.   *Liteky v. United States,* 510
10  U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never
11  constitute a valid basis for a bias or partiality motion." (citing
12  *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).

13      Agha also cites this judge's decisions concerning his
14  administration of the proceedings including his decisions on such
15  matters as security and the propriety of the debtor offering argument
16  when her counsel was present.   But such ordinary decisions concerning
17  courtroom administration do not establish bias or partiality.   *Liteky,*
18  510 U.S. at 555-56.

19      Absent an opinion derived from an extrajudicial source, which
20  Agha has not shown by the evidence, the standard is that opinions and
21  judicial remarks based on current or prior proceedings must "display a
22  deep-seated favoritism or antagonism that would make fair judgment
23  impossible."   *Id.* at 555.   Agha has not proffered evidence that would
24  satisfy this standard.

25      Second, Agha urges that her complaint of judicial misconduct
26  might cause a reasonable person to doubt this court's impartiality.
27  This ground has also been rejected as basis for judicial
28                             4

1  disqualification.  *Focus Media, Inc.*, 378 F.3d at 929-931; *In re*

2  *Compl. of Judicial Misconduct*, No. 08-90026, 583 F.3d 599, 599 (9th

3  Cir. Jud. Council 2009).

4      Neither ground asserted for disqualification by itself provides a

5  basis for disqualification.  Since the whole is not greater than the

6  sum of its parts in this matter, the aggregate of these grounds also

7  does provide grounds for disqualification.

8      Finally, Agha has not shown by compelling evidence that the

9  undersigned judge has actual bias or prejudice.  No evidence,

10 moreover, has been offered that this judge has formed an opinion

11 regarding Agha from an extrajudicial source or that he has a deep-

12 seated antagonism or favoritism that would make fair judgment

13 impossible.

14                              **CONCLUSION**

15     For each of these reasons the motion will be denied.  The court

16 will issue an order consistent with this decision.

17

18 Dated: December 17, 2013

19                              _____

20                              Fredrick E. Clement
                               United States Bankruptcy Judge

21

22

23

24

25

26

27

28                              5

1    Instructions to Clerk of Court

2    Service List

3

4

5    The Clerk of Court is instructed to send the Order/Judgment or other

6    court generated document transmitted herewith to the parties below.

7    The Clerk of Court will send the Order via the BNC or, if checked

8    __X__, via the U.S. mail.

9

10        Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if

11    appointed in the case), and ____X____ Other Persons Specified Below:

12    Salma H. Agha
      6 Windwood
13    Irvine, CA 92604

14    Brian A. Paino, Esq.
      4375 Jutland Dr., Suite 200
15    P. O. Box 17933
      San Diego, CA 92177
16
      Andrew A. Bao, Esq.
17    Brian H. Gunn, Esq.
      Heather S. Kim, Esq.
18    2175 N. California Blvd., Suite 645
      Walnut Creek, CA 94596
19
      Wilmington Trust Company
20    Rodney Square North
      1100 N. Market St.
21    Wilmington, DE 19890

22    Office of the United States Trustee
      2500 Tulare Street, Suite 1401
23    Fresno, CA 93721

24

25

26

27

28

# EXHIBIT H

**New Case Number - Doc #37: Motion to Transfer Venue of Bankruptcy Case from Bakersfield to Los Angeles**

**Filed: November 19, 2013**

(16)

# PROPOSED ORDER ATTACHED

1  Salma Agha
2  6 Windwood
   Irvine, CA 92604
3  Plaintiff In Pro Per
   Tel: (626)569-5783
4

ISAF

FILED

NOV 19 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

File by fax

5        **UNITED STATES BANKRUPTCY COURT**
6        **EASTERN DISTRICT OF CALIFORNIA**
         **BAKERSFIELD DIVISION**

7  In Re Salma Agha, Debtor                        )    **Chapter 7**
                                                    )
8  Salma Agha,                                      )    **Bankruptcy No. 10-16183**
                                                    )
9  Plaintiff/Debtor                                 )    **Adversary No. 1-13-AP-01086**
                                                    )
10 v.                                               )         **MOTION TO TRANSFER VENUE**
                                                    )
11                                                  )
   CITIMORTGAGE, INC.,CR TITLE                      )
12 SERVICES, INC., WILMINGTON TRUST                 )
   COMPANY AS TRUSTEE FOR                           )
13 STRUCTURED ASSET SECURITIES                      )
   MORTGAGE PASS-THROUGH                            )
14 CERTIFICATES SERIES 2003-18XS, AND               )
   DOES 1-100                                       )
15                                                  )
                                                    )
16 Defendants                                       )

17 _____

18

19                    <u>**MOTION TO TRANSFER VENUE**</u>

20        Debtor/Plaintiff Salma Agha states as follows:

21        Debtor moves under 28 USC § 1404 to transfer venue in this adversary proceeding to the

22 Los Angeles division of the U.S. Bankruptcy Court for the Central District of California.

23        28 USC § 1404 (a) states:

24
   a)  For the convenience of parties and witnesses, in the interest of justice, a district court may
25
       transfer any civil action to any other district or division where it might have been brought or
26
       to any district or division to which all parties have consented.
27
28        28 USC § 1412 states that "A district court may transfer a case or proceeding under title 11

                              MOTION TO TRANSFER VENUE

to a district court for another district, in the interest of justice or for the convenience of the parties."

Federal bankruptcy courts are divisions of federal district courts. Please see *Renaissance Cosmetics, Inc. v. Development Specialists*, Inc. 277 B.R. 5 (S.D. New York 2002). 28 USC § 1404 (a) and 1412 therefore apply to Federal bankruptcy courts.

**The Interests of Justice Favor That This Case be Transferred to the Los Angeles Division**

The factors relevant to the consideration of a section 1404(a) transfer are:

1)  the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances.

Please see *Reliance Ins. Co. v. Six Star, Inc.*, 155 F.Supp.2d 49, 56 (S.D.N.Y. 2001).

These factors are also relevant to transfers under 28 USC § 1412.

In this case, the convenience of the parties strongly favors moving this case to the Los Angeles division of the Central District. Salma Agha resided in Bakersfield at the time that she filed this adversary proceeding, but she has since moved to Irvine. Therefore, Ms. Agha can more easily appear at court in Los Angeles than she can at Bakersfield. In fact, Ms. Agha would have to drive more than 200 miles to reach a court hearing in Bakersfield.

Opposing counsel would also find Los Angeles to be a more convenient forum for this litigation than Bakersfield. Opposing counsel in this case has offices in San Diego and Walnut Creek. See Exhibit A, printout of parties from Pacer of the parties to this adversary proceeding. Therefore, opposing counsel will most likely either drive to Los Angeles, which is closed to both San Diego and

1   Walnut Creek than Bakersfield, or, alternatively, opposing counsel will appear by telephone. If

2   opposing counsel appears by telephone, then the cost to them of appearing in Bakersfield or Los

3   Angeles will be the same. If opposing counsel drives to Los Angeles, this will be easier for them than

4   driving to Bakersfield. Therefore, transfer of this case to Los Angeles will serve the interests of

5   opposing counsel, as well as Ms. Agha.

6

7   The relative means of the parties also strongly favor a transfer to Los Angeles. CitiMortgage, one

8   of the defendants, is a multibillion-dollar corporation. CR Title Services, another defendant, does

9   millions of dollars in business each year. Ms. Agha, by contrast, is a person of limited means, who has

10  lost several properties, and who has filed bankruptcy (Case 10-16183, which this present adversary

11  proceeding "grew" from). Ms. Agha therefore has very limited ability to attend court hearings in

12  Bakersfield, hundreds of miles away. Furthermore, as previously noted, transferring this case to Los

13
    Angeles may make it easier for Defendants' attorneys to attend hearings, which, in turn, would make a
14

15  transfer to Los Angeles helpful to Defendants, as well.

16  Trial efficiency, and the interests of justice, will also be served by the transfer of this case to the Los

17  Angeles division. This adversary proceeding has been effectively stayed because Ms. Agha has filed a

18  complaint against Judge Clement. Furthermore, Ms. Agha has filed a motion for Judge Clement to

19  disqualify himself. If this case is transferred to the Los Angeles division of the Central District of

20
    California, then this proceeding will receive a new judge, and this will enable this adversary
21

22  proceeding to continue while the complaint against Judge Clement is addressed. A speedy resolution

23  of this adversary proceeding is undoubtedly desired by all the parties, and that speedy resolution will

24  be facilitated if this case is assigned a new judge in Los Angeles.

25  The complaint that Ms. Agha filed, and the motion for Judge Clement to disqualify himself, may

26
    require that a new judge be appointed in this case. The Court should therefore take this into account
27

28  when considering whether to grant this motion, which would simply require the new judge to be in Los

Angeles.

Furthermore, the early stage of this proceeding makes a transfer of venue easier. This adversary proceeding is in its beginning stages, because as of yet, some defendants have only filed a pre-answer motion, and one defendant has not answered at all. Therefore, a new judge in the Los Angeles division of the Central District will be able to "catch up" with this adversary proceeding, relatively easily. There have, in fact, been no rulings so far, in this case, except for Judge Clement's decision to stay the case in response to Ms. Agha's complaint. In state court, one of the prerequisites for a new judge to be appointed at the request of a defendant in a criminal trial, is that the present judge not have ruled on any factual matters connected to the case. Please see California Penal Code § 170.6. The fact that no factual rulings have occurred in this case is therefore another factor in favor of a transfer of venue in this case.

Signed

Salma Agha

11/18/2013

Dated

1  Salma Agha
   6 Windwood
2  Irvine, CA 92604
   Plaintiff In Pro Per
3  Tel: 626)569-5783

4              UNITED STATES BANKRUPTCY COURT

5              EASTERN DISTRICT OF CALIFORNIA
                    BAKERSFIELD DIVISION
6
   In Re Salma Agha, Debtor              )  Chapter 7
7                                        )
   Salma Agha,                           )  Bankruptcy No. 10-16183
8                                        )
   Plaintiff/Debtor                      )  Adversary No. 1-13-AP-01086
9                                        )
10 v.                                    )
                                         )  MOTION TO TRANSFER VENUE
11 CITIMORTGAGE, INC., CR TITLE          )  TO THE CENTRAL DISTRICT OF
   SERVICES, INC., WILMINGTON TRUST      )  CALIFORNIA
12 COMPANY AS TRUSTEE FOR                )
   STRUCTURED ASSET SECURITIES           )  PROPOSED ORDER
13 MORTGAGE PASS-THROUGH                 )
   CERTIFICATES SERIES 2003-18XS, AND    )
14 DOES 1-100                            )
                                         )
15                                       )
16 Defendants

17

18     I, Judge Frederick Clement, have read and considered Salma Agha's motion and accompanying

19  exhibits. After due consideration, the motion is

20
   _____    _____
21
22     Granted                Denied

23

24                                Exhibit:
25                        PROPOSED ORDER
26
27                 submitted by PRO SE FILER
28

                    MOTION TO TRANSFER VENUE
                              -5-

Subject to the following conditions:

_____

_____        _____

Signed                         Dated

Judge of the Bankruptcy Court

# DECLARATION OF SALMA AGHA

My name is Salma Agha.  I swear under penalty of perjury that the following is true.

1.  I was the debtor in bankruptcy case 1:10-bk-16183 and I am the plaintiff in this case.

2.  I presently reside in Irvine, California.

3.  I have limited financial means, and driving to Bakersfield for court hearings would be a massive burden upon me.

4.  I desire to conclude this case as speedily as possible, and I believe that this case will be concluded more quickly if this case is transferred to Los Angeles.


Signed

Salma Agha

11/18/2013

Dated

MOTION TO TRANSFER VENUE

-7-

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA       ) SS
COUNTY OF LOS ANGELES)

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and not a party to the within entitled action; my business address is 10755 Lower Azusa Rd., El Monte, CA 91731.  On November 18, 2013, I served the foregoing documents:

**MOTION TO TRANSFER VENUE**
**DECLARATION OF SALMA AGHA**
**MOTION TO TRANSFER VENUE STIPULATION**

on the interested parties in this action, by placing a true copy thereof, enclosed in a sealed envelope and mailing same at El Monte, California, addressed as follows:

**WILMINGTON TRUST COMPANY**
**Rodney Square North**
**1100 N. Market Street**
**Wilmington, DE 19890**

**BRIAN H. GUNN, ESQ.**
**ANDREW A. BAO, ESQ.**
**WOLF & WYMANN, LLP**
**2175 N. California Blvd., Suite 645**
**Walnut Creek, CA 94596-3502**

**BRIAN A. PAINO, ESQ.**
**PITE DUNCAN, LLP.**
**P.O. Box 17933**
**San Diego, CA 92177-0933**

**JUDGE FREDRICK E. CLEMENT**
**2500 Tulare Street Suite 2501**
**Fresno, CA 93721**

**OFFICE OF THE UNITED STATES TRUSTEE**
**2500 Tulare Street, Suite 1401**
**Fresno, CA 93721**

[ X ] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at El Monte, California.

PROOF OF SERVICE

[  ] (VIA FACSIMILE) I caused such document to be transmitted via facsimile to the offices of the addressee(s).

[  ] (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee(s).

[ X ] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[  ] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 18, 2013 at El Monte, California.

Delilah Flores

# EXHIBIT I

**New Case Number - Doc #39: Defendant Judge Clements Order Staying the Motion to Transfer Venue from Bakersfield to Los Angeles**

**Filed: November 20, 2013**

FILED

NOV 20 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                          Case No. 10-16183-A-7

Salma Agha

                Debtor.
                                               Adv. No. 13-1086

Salma Agha

        Plaintiff,

    vs.

Citimmortgage, Inc., et. al.

        Defendant.

ORDER REGARDING REQUEST FOR CHANGE OF VENUE

1

Plaintiff Salma Agha has filed a complaint of judicial misconduct against this court.  Because the motion to transfer venue has not articulated a need for its resolution in advance of the resolution of the complaint for judicial misconduct, it is ordered that the motion for change of venue is stayed.

Dated: November 20, 2013

Fredrick E. Clement
United States Bankruptcy Judge

2

1  Instructions to Clerk of Court

2  Service List

3

4  The Clerk of Court is instructed to send the Order/Judgment or other

5  court generated document transmitted herewith to the parties below.

6  The Clerk of Court will send the Order via the BNC or, if checked

7  __X__, via the U.S. mail.

8

9      Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if

10  appointed in the case), and ____X____ Other Persons Specified Below:

11

12

13  Salma H. Agha
    6 Windwood
14  Irvine, CA 92604

15  Wilmington Trust Company
    Rodney Square North
16  1100 N. Market St.
    Wilmington, DE 19890
17
    Brian H. Gunn, Esq.
18  Andrew A. Bao, Esq.
    WOLF & WYMAN LLP
19  2175 N. California Blvd., Suite 645
    Walnut Creek, CA 94596-3502
20
    Brian A. Paino, Esq.
21  PITE DUNCAN, LLP
    P. O. Box 17933
22  San Diego, CA 92177-0933

23  Office of the United States Trustee
    2500 Tulare Street, Suite 1401
24  Fresno, CA 93721

25

26

27

28                      3

# EXHIBIT J

**New Case Number - Doc #42: Motion to Vacate Illegal Lockout and Restore Salma Agha-Khan, MD's Possession of her Primary Residence 11622 Harrington Street, Bakersfield, CA 93311**

**Filed: December 9, 2013**

PROPOSED ORDER ATTACHED

FILED

LTRF

DEC - 9 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1  Salma Agha
2  6 Windwood
   Irvine, CA 92604
3  Plaintiff In Pro Per
   Tel: (626) 569-5783
4

5            UNITED STATES BANKRUPTCY COURT
             EASTERN DISTRICT OF CALIFORNIA
6                 BAKERSFIELD DIVISION

7  In Re Salma Agha, Debtor           )   Chapter 7
                                      )
8  Salma Agha,                        )   Bankruptcy No. 10-16183
                                      )
9  Plaintiff/Debtor                   )   Adversary No. 1-13-AP-01086
                                      )
10                                    )
                                      )   MOTION TO VACATE LOCKOUT
11 v.                                 )   AND RESTORE SALMA AGHA TO
                                      )   POSSESSION OF 11622
12 CITIMORTGAGE, INC.,CR TITLE        )   HARRINGTON STREET,
   SERVICES, INC., WILMINGTON TRUST   )   BAKERSFIELD, CA 93311, APN
13 COMPANY AS TRUSTEE FOR             )   NUMBER 523-121-03-00-3
   STRUCTURED ASSET SECURITIES        )
14 MORTGAGE PASS-THROUGH              )
   CERTIFICATES SERIES 2003-18XS, AND )
15 DOES 1-100                         )
                                      )
16 Defendants                         )

17 _____

18

19          **MOTION TO RESTORE DEBTOR TO POSSESSION**

20 Debtor/Plaintiff Salma Agha states as follows:

21    Debtor moves this Honorable Court for an order vacating the judgment of lockout in case, and

22 allowing debtor to regain possession of the property at 11622 Harrington street, Bakersfield, CA

23 93311, APN 523-121-03-00-3 ("The Property").

24    Debtor requests that this motion be heard on shortened notice for the following reasons:

25 L.B.R. §144(e), and the Federal Bankruptcy Rules, allow motions to be heard on shortened time in

26 situations when immediate and irreparable injury, loss, or damage will result to the movant if the

27

28 motion is heard on regular notice, and upon showing a satisfactory explanation for the need for the

MOTION TO VACATE JUDGMENT OF LOCKOUT AND PERMIT RE-ENTRY TO PROPERTY

1    issuance of such an order.

2        In this case, debtor Salma Agha will suffer immediate, and irreparable, loss, injury and damage if

3    she is not allowed to re-enter the Property.  Please see declaration of Salma Agha, attached.

4    Furthermore, any harm to Defendants can be mitigated if Ms. Agha posts a bond to secure her

5    occupation of the property.

6

7    **THE COURT SHOULD ALLOW MS. AGHA TO RE-OCCUPY THE PROPERTY TO**

8    **RESTORE THE "STATUS QUO" BEFORE THE AUTOMATIC STAY WAS VIOLATED**

9        Defendants have cited no authority from the Ninth Circuit, in any of their motions, for the proposition

10   that re-opening a bankruptcy does not revive the automatic stay.

11       To the contrary, the law of the Ninth Circuit has liberally construed the automatic stay, in order to

12   protect debtors and ensure an organized distribution of the debtor's estate.  Please see In Re Schwartz, 954

13   F.2d 569.  Ms. Agha therefore submits that the automatic stay was in effect at the time she was evicted

14   from her property.  Ms. Agha also points out that policy reasons also strongly favor concluding that the

15   automatic stay was in effect, and could bar evictions, at the time she was evicted from her property,

16   because an individual with an active bankruptcy filing will have great difficulty finding another place

17   to live.

18

19       Actions taken in violation of the Automatic Stay are void in the 9th circuit.  In Re Schwartz, 954

20   F.2d 569.  A "willful violation" does not require a specific intent to violate the automatic stay.  Rather,

21   the statute provides for damages upon a finding that the defendant knew of the automatic stay and that

22   the defendant's actions which violated the stay were intentional.  Whether the party believes in good

23   faith that it had a right to the property is not relevant to whether the act was "willful" or whether

24   compensation must be awarded.  Goichman v. Bloom, 875 F.2d 224, 227 (9th Cir. 1989).

25   When addressing violations of the automatic stay, a court generally tries to put all parties into the

26   position that they would have occupied if the automatic stay had not been violated.

27

28

In this case, placing Ms. Agha into the position which she would have occupied if the stay had not been violated would entail vacating the judgment of lockout discussed above. Ms. Agha will be greatly aided by this, because she will be able to gather documents and evidence more easily from Bakersfield than she would if she continues to reside in Irvine. The costs which Ms. Agha is facing, associated with commuting, rent, and various other areas of her life, have hugely increased since she has been forced to live in Irvine. Ms. Agha will not be "made whole" until these costs are eliminated-Until she is restored to possession of the Property.

The defendants will not be damaged if Ms. Agha is placed back in possession of the Property, because the Property, as an asset, does not presently generate any money for them. The defendants, instead, have to maintain the property, which costs them money. If Ms. Agha is allowed to re-occupy the Property, the defendants will be relieved of the burden of having to maintain the Property.

The defendants' interest in the Property, moreover, will be protected, because Ms. Agha will post a bond to protect defendants' interest.

For all these reasons, the Court should grant this motion.

Signed

Salma Agha

12-2-2013

Dated

MOTION TO VACATE JUDGMENT OF LOCKOUT AND PERMIT RE-ENTRY TO PROPERTY

-3-

1
2
## DECLARATION OF SALMA AGHA

3
4
My name is Salma Agha.  I swear under penalty of perjury that the following is true.

5
6
7
   1.  I was the debtor in bankruptcy case 1:10-bk-16183 and I am the plaintiff in this case.

8
   2.  I presently reside in Irvine, California.

9
   3.  I have limited financial means, and being forced to move to Irvine has increased my cost of living

10
     significantly

11
   4.  I desire to be permitted to re-enter the property at 11662 Harrington Street.

12
   5.  I am willing to post a bond, to ensure that Defendants' interest in the property is protected.

13
14
15
16
17
Signed

18
Salma Agha

19
12-2-2013

20
Dated

21
22
23
24
25
26
27
28

MOTION TO VACATE JUDGMENT OF LOCKOUT AND PERMIT RE-ENTRY TO PROPERTY

1  Salma Agha
   6 Windwood
2  Irvine, CA 92604
   Plaintiff In Pro Per
3  Tel: (626) 569-5783

4              UNITED STATES BANKRUPTCY COURT
5               EASTERN DISTRICT OF CALIFORNIA
                     BAKERSFIELD DIVISION
6
7  In Re Salma Agha, Debtor          )   Chapter 7
                                     )
8  Salma Agha,                       )   Bankruptcy No. 10-16183
                                     )
9  Plaintiff/Debtor                  )   Adversary No. 1-13-AP-01086
                                     )
10 v.                                )
                                     )   MOTION TO VACATE LOCKOUT
11 CITIMORTGAGE, INC.,CR TITLE       )   AND RESTORE SALMA AGHA TO
   SERVICES, INC., WILMINGTON TRUST  )   POSSESSION OF 11622
12 COMPANY AS TRUSTEE FOR            )   HARRINGTON STREET,
   STRUCTURED ASSET SECURITIES       )   BAKERSFIELD, CA 93311, APN
13 MORTGAGE PASS-THROUGH             )   NUMBER 523-121-03-00-3
14 CERTIFICATES SERIES 2003-18XS, AND)
   DOES 1-100                        )
15                                   )   PROPOSED ORDER
                                     )
16 Defendants                        )

17 _____

18

19

20
   I, Judge Frederick Clement, have read and considered Salma Agha's motion and accompanying
21
   exhibits. After due consideration, the motion is
22

23

24

25
   _____        _____     Exhibit:
26 Granted            Denied          PROPOSED ORDER
27
                                      submitted by PRO SE FILER
28

   MOTION TO VACATE JUDGMENT OF LOCKOUT AND PERMIT RE-ENTRY TO PROPERTY
                                  - 4 -

1

2  Subject to the following conditions:

3  _____

4  _____

5  _____

6

7

8

9  _____        _____

10  Signed                          Dated

11  Judge Frederick Clement

12  Judge of the Bankruptcy Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO VACATE JUDGMENT OF LOCKOUT AND PERMIT RE-ENTRY TO PROPERTY

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA        ) SS
COUNTY OF LOS ANGELES)

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and not a party to the within entitled action; my business address is 10755 Lower Azusa Rd., El Monte, CA 91731. On December 6, 2013, I served the foregoing documents:

**MOTION TO VACATE LOCKOUT AND RESTORE SALMA AGHA TO POSSESSION OF 11622 HARRINGTON STREET, BAKERSFIELD, CA 93311**

**APPLICATION TO SHORTEN TIME ON MOTION TO VACATE LOCKOUT AND RESTORE SALMA AGHA TO POSSESSION OF 11622 HARRINGTON STREET, BAKERSFIELD, CA 93311**

on the interested parties in this action, by placing a true copy thereof, enclosed in a sealed envelope and mailing same at El Monte, California, addressed as follows:

**WILMINGTON TRUST COMPANY**
**Rodney Square North**
**1100 N. Market Street**
**Wilmington, DE 19890**

**BRIAN H. GUNN, ESQ.**
**ANDREW A. BAO, ESQ.**
**WOLF & WYMANN, LLP**
**2175 N. California Blvd., Suite 645**
**Walnut Creek, CA 94596-3502**

**BRIAN A. PAINO, ESQ.**
**PITE DUNCAN, LLP.**
**P.O. Box 17933**
**San Diego, CA 92177-0933**

[ X ] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at El Monte, California.

[   ] (VIA FACSIMILE) I caused such document to be transmitted via facsimile to the offices of the addressee(s).

PROOF OF SERVICE

[　] (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee(s).

[ X ] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[　] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 6, 2013 at El Monte, California.

*Delilah Flores*

Delilah Flores

PROOF OF SERVICE

# EXHIBIT K

**New Case Number - Doc #43:
Application to Shorten the Time for
Motion to Vacate illegal Lockout and
Restore Salma Agha-Khan, MD's
Possession of her Primary Residence
11622 Harrington Street, Bakersfield,
CA 93311**

**Filed: December 9, 2013**

Salma Agha
6 Windwood
Irvine, CA 92604
Plaintiff In Pro Per
Tel: (626) 569-5783

FILED

LTRF

DEC - 9 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### BAKERSFIELD DIVISION

| | |
|---|---|
| In Re Salma Agha, Debtor | Chapter 7 |
| Salma Agha, | Bankruptcy No. 10-16183 |
| Plaintiff/Debtor | Adversary No. 1-13-AP-01086 |
| v. | **APPLICATION TO SHORTEN TIME MOTION TO VACATE LOCKOUT AND RESTORE SALMA AGHA TO POSSESSION OF 11622 HARRINGTON STREET, BAKERSFIELD, CA 93311, APN NUMBER 523-121-03-00-3** |
| CITIMORTGAGE, INC.,CR TITLE SERVICES, INC., WILMINGTON TRUST COMPANY AS TRUSTEE FOR STRUCTURED ASSET SECURITIES MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2003-18XS, AND DOES 1-100 | |
| Defendants | |

## APPLICATION TO SHORTEN TIME

Debtor/Plaintiff Salma Agha states as follows:


Debtor requests that this motion be heard on shortened time for the following reasons:  Local Bankruptcy Rule 144(e), and the Federal Bankruptcy Rules, allow motions to be heard ex parte, or on shortened time upon showing a satisfactory explanation for the need for the issuance of such an order, and when immediate and irreparable injury, loss, or damage will result to the movant if the motion is heard on regular notice.

# PROPOSED ORDER ATTACHED

MOTION TO VACATE JUDGMENT OF LOCKOUT AND PERMIT RE-ENTRY TO PROPERTY

- 1 -

1   In this case, debtor Salma Agha will suffer immediate, and irreparable, loss, injury and damage if

2   she is not allowed to re-enter the Property.  Please see declaration of Salma Agha, attached.

3   Furthermore, any harm to Defendants can be mitigated if Ms. Agha posts a bond to secure her

4   occupation of the property.

5       For all these reasons, the Court should hear this motion shortened time.

6

7

8

9

10

11

12   Signed

13   Salma Agha

14

15   Dated

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO VACATE JUDGMENT OF LOCKOUT AND PERMIT RE-ENTRY TO PROPERTY

-2-

## DECLARATION OF SALMA AGHA

My name is Salma Agha. I swear under penalty of perjury that the following is true.

1. I was the debtor in bankruptcy case 1:10-bk-16183 and I am the plaintiff in this case.

2. I presently reside in Irvine, California.

3. I wish to have this motion heard as soon as possible, So that I can know whether I will be able to return to my house while this adversary is going on-A process which could take many more months.

Signed

Salma Agha

12-2-13

Dated

MOTION TO VACATE JUDGMENT OF LOCKOUT AND PERMIT RE-ENTRY TO PROPERTY

1  Salma Agha
   6 Windwood
2  Irvine, CA 92604
   Plaintiff In Pro Per
3  Tel: (626) 569-5783

4              UNITED STATES BANKRUPTCY COURT
5               EASTERN DISTRICT OF CALIFORNIA
                    BAKERSFIELD DIVISION
6
7  In Re Salma Agha, Debtor              )   Chapter 7
                                         )
8  Salma Agha,                           )   Bankruptcy No. 10-16183
                                         )
9  Plaintiff/Debtor                      )   Adversary No. 1-13-AP-01086
                                         )
10 v.                                    )
                                         )   APPLICATION TO HEAR MOTION
11 CITIMORTGAGE, INC., CR TITLE          )   ON SHORTENED TIME
   SERVICES, INC., WILMINGTON TRUST      )   MOTION TO VACATE LOCKOUT
12 COMPANY AS TRUSTEE FOR                )   AND RESTORE SALMA AGHA TO
   STRUCTURED ASSET SECURITIES           )   POSSESSION OF 11622
13 MORTGAGE PASS-THROUGH                 )   HARRINGTON STREET,
14 CERTIFICATES SERIES 2003-18XS, AND    )   BAKERSFIELD, CA 93311, APN
   DOES 1-100                            )   NUMBER 523-121-03-00-3
15                                       )
                                         )
16 Defendants                                PROPOSED ORDER

17 _____

18

19

20

21 I, Judge Frederick Clement, have read and considered Salma Agha's application to shorten time and

22 accompanying exhibits. After due consideration, the motion is

23

24

25                              Exhibit:
26 _____
                     PROPOSED ORDER
27 Granted      Denied submitted by PRO SE FILER
28

   MOTION TO VACATE JUDGMENT OF LOCKOUT AND PERMIT RE-ENTRY TO PROPERTY

                              - 3 -

1

2 Subject to the following conditions:

3

4

5

6

7

8

9 _____        _____

10 Signed                              Dated

11 Honorable Judge Frederick Clement

12 Judge of the Bankruptcy Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO VACATE JUDGMENT OF LOCKOUT AND PERMIT RE-ENTRY TO PROPERTY

# EXHIBIT L

**New Case Number - Doc #47: Defendant Judge Clements <u>Order to Lift the Stay</u> on Salma Agha's Bankruptcy Proceedings to rule on Motion to Vacate illegal Lockout and Restore Salma Agha-Khan, MD's Possession of her Primary Residence 11622 Harrington Street, Bakersfield, CA 93311**

**Filed: December 17, 2013**

3

FILED

DEC 17 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    Case No. 10-16183-A-7

Salma H. Agha,



            Debtor.
_____/        Adv. No. 13-01086

Salma Agha,

        Plaintiff,

    vs.

CitiMortgage, Inc., et. al.

        Defendants.
_____/



            ORDER LIFTING STAY ON LIMITED BASIS

1

On or about September 6, 2013, plaintiff Salma Agha filed a complaint of judicial misconduct against this court.

On October 18, 2013, this court stayed proceedings pending before it pending resolution of that complaint. Order Staying Proceedings, October 18, 2013, ECF No. 28. That order provided a mechanism to lift the stay in advance of resolution of the judicial misconduct complaint for matters requiring expedited resolution. Order at ¶ 4.

On October 22, 2013, plaintiff Salma Agha moved to disqualify this court under 28 U.S.C. § 455(a). Motion, October 22, 2013, ECF No. 30. That motion was also stayed.

On December 9, 2013, Plaintiff Salma Agha filed an Application for Order Shortening Time and a Motion to Restore Debtor to Possession of 11622 Harrington Street, Bakersfield, California 93311. *Compare,* Application to Shorten Time, December 9, 2013, ECF No. 43, *with* Motion to Restore Debtor to Possession, December 9, 2013, ECF No. 42. The court finds that the later motion requires expedited resolution.

The complaint of judicial misconduct remains pending.

It is therefore ordered that the stay is lifted for the limited purpose of the motion to disqualify and the motion to restore the debtor to possession.


Dated: December 17, 2013

_____
Fredrick E. Clement
United States Bankruptcy Judge

2

1  Instructions to Clerk of Court

2  Service List

3

4

5  The Clerk of Court is instructed to send the Order/Judgment or other

6  court generated document transmitted herewith to the parties below.

7  The Clerk of Court will send the Order via the BNC or, if checked

8  __X__, via the U.S. mail.

9

10      Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if

11  appointed in the case), and ____X_____ Other Persons Specified Below:

12  Salma H. Agha
    6 Windwood
13  Irvine, CA 92604

14  Brian A. Paino, Esq.
    4375 Jutland Dr., Suite 200
15  P. O. Box 17933
    San Diego, CA 92177

16

17  Andrew A. Bao, Esq.
    Brian H. Gunn, Esq.
    Heather S. Kim, Esq.
18  2175 N. California Blvd., Suite 645
    Walnut Creek, CA 94596
19

20  Wilmington Trust Company
    Rodney Square North
21  1100 N. Market St.
    Wilmington, DE 19890

22  Office of the United States Trustee
    2500 Tulare Street, Suite 1401
23  Fresno, CA 93721

24

25

26

27

28                               3

# EXHIBIT M

**New Case Number - Doc #46: Defendant Clements Scheduling Order for Motion to Vacate illegal Lockout and Restore Salma Agha-Khan's Possession of her Primary Residence 11622 Harrington Street, Bakersfield, CA 93311**

**Filed: December 17, 2013**

UB **FILED**

DEC 17 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                          Case No. 10-16183-A-7

Salma H. Agha,


                    Debtor.
_____/
                                               Adv. No. 13-01086

Salma Agha,

          Plaintiff,

     vs.

CitiMortgage, Inc., et. al.


          Defendants.
_____/


SCHEDULING ORDER REGARDING MOTION
TO RESTORE DEBTOR TO POSSESSION

1

It is hereby ordered that:

1.    The hearing on plaintiff Salma Agha's Motion to Restore Possession shall be heard on January 9, 2014, at 11:00 a.m. at the United States Bankruptcy Court, Department A, Courtroom 11, Fifth Floor, United States Courthouse, 2500 Tulare Street, Fresno, California;

2.    Telephonic appearances are authorized are may be arranged by calling (866) 582-6878;

3.    Not later than December 23, 2013, plaintiff Salma Agha shall serve, in person or by mail, all parties to the adversary proceeding: (A) motion to restore possession, and all supporting documents; and (B) a copy of this order;

4.    Not later than December 26, 2013, file a Certificate of Service reflecting compliance with this order; and

5.    Opposition, if any, shall be filed no later than January 2, 2014.


Dated: December 17, 2013

Fredrick E. Clement
United States Bankruptcy Judge

2

1  Instructions to Clerk of Court

2  Service List

3

4

5  The Clerk of Court is instructed to send the Order/Judgment or other

6  court generated document transmitted herewith to the parties below.

7  The Clerk of Court will send the Order via the BNC or, if checked

8  __X__, via the U.S. mail.

9

10       Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if

11  appointed in the case), and ____X_____ Other Persons Specified Below:

12  Salma H. Agha
    6 Windwood
13  Irvine, CA 92604

14  Brian A. Paino, Esq.
    4375 Jutland Dr., Suite 200
15  P. O. Box 17933
    San Diego, CA 92177
16
    Andrew A. Bao, Esq.
17  Brian H. Gunn, Esq.
    Heather S. Kim, Esq.
18  2175 N. California Blvd., Suite 645
    Walnut Creek, CA 94596
19
    Wilmington Trust Company
20  Rodney Square North
    1100 N. Market St.
21  Wilmington, DE 19890

22  Office of the United States Trustee
    2500 Tulare Street, Suite 1401
23  Fresno, CA 93721

24

25

26

27

28                          3

# EXHIBIT N

**New Case Number - Doc #59: Second attempt at Judicial Disqualification - Motion for Defendant Judge Clement to Disqualify himself from Salma Agha-Khan, MD's Bankruptcy Proceedings based on lawsuit filed against him, attached to the Motion**

**Filed: February 11, 2014**

FILED

FEB 11 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

Salma Agha
6 Windwood
Irvine, CA 92604
Plaintiff In Pro Per
Tel: 626-569-5783

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA
### BAKERSFIELD DIVISION

| | |
|---|---|
| In Re Salma Agha, Debtor | ) Chapter 7 |
| | ) |
| Salma Agha, | ) Bankruptcy No. 10-16183 |
| | ) |
| Plaintiff/Debtor | ) Adversary No. 1-13-AP-01086 |
| | ) |
| v. | ) MOTION TO DISQUALIFY JUDGE |
| | ) |
| CITIMORTGAGE, INC., CR TITLE | ) |
| SERVICES, INC., WILMINGTON TRUST | ) |
| COMPANY AS TRUSTEE FOR | ) HEARING DATE: 2/12/2014 |
| STRUCTURED ASSET SECURITIES | ) TIME: 3:00PM |
| MORTGAGE PASS-THROUGH | ) Department: A |
| CERTIFICATES SERIES 2003-18XS, AND | ) |
| DOES 1-100 | ) |
| | ) |
| Defendants | |

### MOTION FOR JUDGE CLEMENT TO DISQUALIFY HIMSELF

Debtor/Plaintiff Salma Agha states as follows:

Debtor moves that The Honorable Judge Frederick Clement disqualify himself from this

adversary proceeding under 28 USC § 455.

Debtor requests that this motion be heard ex parte for the following reasons: Rule 65 of the

Federal Rules of Civil Procedure, and the Federal Bankruptcy Rules, allow motions to be heard

on an ex parte, or emergency basis in situations when immediate and irreparable injury, loss, or

damage will result to the movant if the motion is heard on regular notice.

Dr. Agha will suffer irreparable loss and damage if this motion is heard on regular notice.

MOTION FOR JUDGE TO DISQUALIFY HIMSELF

-1-

This is because Judge Clement will be forced to rule on one or more motions, in this adversary proceeding, before this motion can be heard on regular notice.  These rulings may substantially affect the subsequent development and outcome of this adversary proceeding.  Judge Clement may also find it improper to rule on motions where *one of the parties involved has sued him*. The instant motion must be heard on an ex parte basis in order to prevent this from happening. It is in the interests of all parties for this motion to be heard on an ex parte basis.

28 USC § 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Judge Clements' impartiality can reasonably be questioned in this case, and therefore he should disqualify himself, as will be discussed below.

## JUDGE CLEMENT IS A DEFENDANT IN A LAWSUIT FILED BY DR. AGHA, THEREFORE, JUDGE CLEMENT SHOULD DISQUALIFY HIMSELF FROM THIS ADVERSARY PROCEEDING

The test for whether a judge should disqualify himself from a proceeding has an objective component. *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 (2009).  A judge should disqualify himself from a proceeding in a situation which raises too much of a possibility of bias, even when no actual bias has been demonstrated. *Caperton, Id.*

A judge who has initiated contempt proceedings against a defendant should not be the same judge who hears the contempt proceeding because *the defendant would necessarily have embroiled himself in a controversy with the judge, and therefore the judge would find it difficult to be impartial.* (Mayberry v. Pennsylvania, 400 U.S. 455 (1971) (Italics added).

Here, in this case, Judge Clement has been named as a defendant in a lawsuit filed by Dr. Salma Agha in the Los Angeles County Superior Court.  The case number of this suit is

MOTION FOR JUDGE TO DISQUALIFY HIMSELF

-2-

BC535944. This lawsuit, by definition, involves Judge Clement in a direct controversy with Dr. Agha. This lawsuit is partly based on Judge Clement's conduct with relation to previous hearings connected to Ms. Agha's bankruptcy. Judge Clement would find it hard to be impartial, with relation to subsequent rulings on this adversary proceeding. It would therefore be very inappropriate for Judge Clement to remain as judge in this adversary proceeding.

The inappropriateness of Judge Clement's continuing to preside over this adversary proceeding is made even more obvious by the Supreme Court's opinion in *Caperton*. In that case, the chairman of the board of the A.T. Massey Coal Company had spent more than $3 million on the election of a certain judge to the West Virginia Supreme Court. The judge's own campaign committee had spent $1 million. The U.S. Supreme Court found that the judge, Judge Benjamin, should have recused himself from the consideration of the decision in the case, because there existed too great a possibility of bias, even though no actual bias had been demonstrated. Likewise, here, Judge Clement continuing to preside over this adversary proceeding raises too much of a possibility of bias. Judge Clement should therefore recuse himself from this adversary proceeding.

## JUDGE CLEMENT'S ACTIONS AT THE HEARING ON JANUARY 23RD, 2013 RAISE A REASONABLE POSSIBILITY THAT HE IS PREJUDICED AGAINST MS. AGHA

A judge's prejudice against a litigant does not have to be from extrajudicial source. The prejudice may stem from acts that occurred inside the courtroom. Liteky v. United States, 510 U.S. 540, 114 S.Ct. 1147.

Judge Clement was previously the bankruptcy judge on Ms. Agha's bankruptcy case, case 1:10-bk-16183. A hearing related to the liquidation of certain assets, which had been adjudged to be property of Ms. Agha's estate at the time that her bankruptcy was filed, took place on

January 23rd, 2013.

Judge Clement refused to allow the debtor to argue, with relation to issues connected to the case, at that hearing on January 23rd. He refused to allow the debtor to argue, even after she discharged her attorney.

Judge Clement also asked the courtroom security officer to be present in the courtroom at any time that Ms. Agha was there.

Judge Clement also allowed the law firm of Klein, Denatale, & Goldner (KDG) to represent the trustee, Mr. Vetter, at the January 23rd hearing, even though the judge was aware that this law firm had represented Ms. Agha in a prior lawsuit. Klein, Denatale, & Goldner's excuse, which was that when they performed a conflict check Ms. Agha's name did not come up, because she was using a different name at the time, is unmeritorious.

The argument is unmeritorious because, by the beginning of the hearing, both Judge Clement and Klein, Denatale, & Goldner were aware that KDG had represented Ms. Agha in the previous case, thus, they had actual knowledge of a potential conflict of interest.

Judge Clement also allowed BBG, the defendant in case CGC-11-515095, to buy the recovery from the case for $15,000, when BBG had previously bid $17,000. This is inexplicable, because both the judge and the bankruptcy trustee are supposed to try to maximize recovery for creditors. Maximizing recovery from creditors would presumably include accepting the highest bid for the lawsuit, which would have been $17,000. This, combined with the fact that Dr. Agha has filed suit against Judge Clement, raise a very strong possibility that a reasonable observer would conclude that Judge Clement was biased against Dr. Agha.

MOTION FOR JUDGE TO DISQUALIFY HIMSELF

- 4 -

## MS. AGHA'S COMPLAINT AGAINST JUDGE CLEMENT RAISES THE

## INFERENCE THAT HE IS PREJUDICED AGAINST HER

Ms. Agha has since filled out a complaint for judicial misconduct, against Judge Clement.

A copy of a letter from the administrative office for the Courts of the Ninth Circuit, discussing

Ms. Agha's complaint, is attached as Exhibit A.

Judge Clement has learned about Ms. Agha's complaint against him, and will have to

respond. The instant adversary proceeding may continue for more than a year, and, if this

happens, Judge Clement will certainly review Ms. Agha's complaint during the pendency of

this adversary proceeding. A reasonable person, who is aware of both the pending adversary

proceeding and Ms. Agha's complaint, may question Judge Clement's impartiality.

## CONCLUSION

U.S. Supreme Court caselaw requires that Judge Clement disqualify himself in this

adversary proceeding. The other matters which have transpired are also a strong argument that,

in the interests of justice and public perceptions of fairness, Judge Clement should disqualify

himself.

Therefore, Ms. Agha respectfully requests that Judge Clement disqualify himself in this

matter.

Signed

Salma Agha

2-11-14

Dated

MOTION FOR JUDGE TO DISQUALIFY HIMSELF

- 5 -

MORF

13-1086

**SUMMONS**
**(CITACIÓN JUDICIAL)**

SUM-100

**FILED**

FEB 11 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

FOR COURT USE ONLY
SOLO PARA USO DE LA CORTE

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** FREDRICK CLÉMENT
Please see Addendum for all Defendants

*(handwritten: Commissioned and Judge US Bankruptcy Court)*

**CONFORMED COPY**
ORIGINAL FILED

FEB 10 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
SALMA AGHA-KHAN, MD., an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): SUPERIOR COURT OF | (Número del Caso): |
| CALIFORNIA COUNTY OF LOS ANGELES | BC535944 |
| 111 North Hill St., Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es): Judi Lara

| DATE: | SHERRI R. CARTER | Clerk, by | , Deputy |
|---|---|---|---|
| (Fecha) | | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

FEB 10 2014

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 3 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1
2
3
4
5
6  ADDENDUM TO SUMMONS:

7
8  DEFENDANTS:

FREDERICK CLEMENT, an individual,
9  and Judge of the United States
10  Bankruptcy Court;
11  JEFFREY VETTER, an individual,
12  and Trustee of the United States
13  Bankruptcy Court;
14  BRUCE BREITMAN an individual;
15  LISA HOLDER, an individual;
16  KLEIN, DENATALE AND GOLDNER,
   a professional law corporation;
17  PETER ZOURAS, an individual;
18  and Does 1 through 50 inclusive
19
20
21
22
23
24
25

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
SALMA AGHA-KHAN, MD.
10001 Venice Boulevard
#418
Los Angeles, California 90043
TELEPHONE NO.: 949 332 0330    FAX NO.:
ATTORNEY FOR *(name)*: Plaintiff in Pro Per

**CM-010**

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 10 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Stanley Mosk Courthouse
CITY AND ZIP CODE: Los Angeles, CA. 90012
BRANCH NAME: Central

CASE NAME:
AGHA-KHAN vs. CLEMENTS

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC535944 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:   DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[✓] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
**4.** Number of causes of action *(specify)*: FIVE
**5.** This case [ ] is [✓] is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: FEBRUARY 10, 2014

Salma Agha-Khan

(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) (if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability (not asbestos or
   toxic/environmental) (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) (not civil
   harassment) (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract (not unlawful detainer
         or wrongful eviction)
   Contract/Warranty Breach–Seller
      Plaintiff (not fraud or negligence)
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage (not provisionally
   complex) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (not eminent
      domain, landlord/tenant, or
      foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   (arising from provisionally complex
   case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment (non-
      domestic relations)
   Sister State Judgment
   Administrative Agency Award
      (not unpaid taxes)
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
   above) (42)
   Declaratory Relief Only
   Injunctive Relief Only (non-
      harassment)
   Mechanics Lien
   Other Commercial Complaint
      Case (non-tort/non-complex)
   Other Civil Complaint
      (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition (not specified
   above) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: AGHA-KHAN v/s CLEMENT | CASE NUMBER: BC 595 944 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 8 ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A. Civil Case Cover Sheet Category No. | B. Type of Action (Check only one) | C. Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g. assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE: | CASE NUMBER |
|---|---|
| AGHA-KHAN v/s CLEMENT | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| AGHA-KHAN v/s CLEMENT | | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: | | |
|---|---|---|
| AGHA KHAN v/s CLEMENT | CASE NUMBER | |

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 10001 Venice Blvd, #418 Los Angeles, CA 80043 |
|---|---|
| ☐1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| | | |

**Item IV. Declaration of Assignment:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: February 10th 2014

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

FILED

FEB 1 1 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

MORF  13-1086

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 1 0 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

1.  SALMA AGHA-KHAN, M.D.
    10001 Venice Boulevard
2.  # 418
3.  Los Angeles, California 90043

4.  Telephone: (949) 332-0330
    email:   salmahagha@aol.com
5.
6.  Plaintiff in Propria Persona

7.        SUPERIOR COURT OF CALIFORNIA

8.      COUNTY OF LOS ANGELES – CENTRAL DISTRICT

9.            STANLEY MOSK COURTHOUSE

10.
11. SALMA AGHA-KHAN, MD., an
    individual,
12.        Plaintiff,                      Case No.:
13. vs.                                    Judge:           BC 5 1 5 9 4 4

14.
15. FREDERICK CLEMENT, an individual,      COMPLAINT FOR:
16. and Judge of the United States
    Bankruptcy Court;  JEFFREY VETTER,     VIOLATION OF 42 U.S.C. 1983;
17. an individual, and Trustee of the      FOR PREJUDICE AND BIAS;
    United States Bankruptcy Court;        UNLAWFUL DISCRIMINATION
18. BRUCE BREITMAN an individual;          BASED UPON GENDER;
19. LISA HOLDER, an individual;  KLEIN,    CONSPIRACY TO VIOLATE
    DENATALE AND GOLDNER,                  42 U.S.C. 1983;
20. a professional law corporation; PETER  VIOLATION OF CALIFORNIA
    ZOURAS, an individual;                 CIVIL CODE SECTIONS 43, 51,
21.                                        AND 52; VIOLATION OF UNRUH
    and Does 1 through 50 inclusive        CIVIL RIGHTS ACT;
22.                                        INTENTIONAL INFLICTION OF
                                           EMOTIONAL DISTRESS;
23.                                        INTENTIONAL INTERFERENCE
                                           WITH PROSPECTIVE BUSINESS
24.                                        ADVANTAGE;
                                           PUNITIVE DAMAGES
25.

                Defendants.

        COMPLAINT FOR VIOLATION OF 42 USC 1983                      1

## I. JURISDICTION

1. The acts and allegations forming the basis for this action all occurred in the State of California, Kern County, Los Angeles County and San Francisco California.

## II. THE PARTIES

2. Plaintiff, Salma Agha-Khan, is and during all times material hereto, has been an individual residing in both Los Angeles County, State of California, and in Kern County, State of California.

3. Defendant, Frederick Clements, is an individual, believed to be residing in the County of Kern, State of California, and is and was at all times relevant a Judge of the United States Bankruptcy Court, in Bakersfield California.

4. Defendant, Jeffrey Vetter, is an individual, believed to be residing in the County of Kern, State of California, and is and was at all times relevant a Trustee of the United States Bankruptcy Court, in Bakersfield California.

5. Defendant, Bruce Breitman, is an individual, and a real estate agent and broker, believed to be residing in the County of San Francisco, State of California, and is a Defendant in a lawsuit in San Francisco, in which the Plaintiff herein is also the Plaintiff.

6. Defendant, Peter Zouras, is an individual, believed to be residing in the County of San Francisco, State of California, and at all times relevant was the attorney for Defendant Bruce Breitman.

7. Defendant, Lisa Holder, is an individual, believed to be residing in the County of Kern, State of California, and at all times relevant, was

1   a member of the firm, of Klein, De Natale and Goldner, who represented

2   the Defendant Trustee Vetter herein.

3       8.    Defendant Klein, DeNatale and Goldner, is a professional law

4   firm, a corporation duly organized under the State of California, ("KDG")

5   and who represented the Defendant Trustee Vetter at all times mentioned,

6   but who also previously represented the Plaintiff Salma Agha-Khan.

7       9.    Plaintiff has complied with the claims statutes and

8   the claim and has been neither accepted nor rejected.  Plaintiff therefore

9   brings this action.

10      10.    All the acts complained of and alleged herein occurred in the

11  County of Los Angeles, County of Kern, County of San Francisco, County of

12  Orange, State of California, the various places as alleged.

13      11.    Plaintiff is ignorant of the true names and capacities of the

14  defendants sued herein as Does 1 through 50, inclusive, and therefore sue

15  said defendants by said fictitious names.  Plaintiff will amend this complaint

16  to state said defendants' true names and capacities when the same have

17  been ascertained.

18      12.    Upon information and belief, at all times mentioned herein the

19  Doe defendants, and each of them, were the alter egos, agents, servants,

20  partners, transferees of any type, successors-in-interests, and/or employees

21  of the named defendants and of one another.  Said defendants aided and

22  abetted or participated with the named defendants and with each other in

23  the wrongful acts and course of conduct complained of herein, or otherwise

24  caused the damages sought herein and are responsible for the acts,

25  occurrences, and events alleged in this complaint.  In doing the things

    herein alleged, they were acting within the scope of their authority and with

    the permission and consent of the named defendants and of each other, and

1   said acts, and each of them, have been ratified and consented to by each of

2   the defendants.

3

4   ### III.  FACTS COMMON TO ALL CAUSES OF ACTION

5   13.    Plaintiff, Salma Agha-Khan, MD, ("Dr. Khan") is an American

6   woman of color, a member of a  minority, a single mother of two,  and a

7   practicing and licensed medical doctor in California.

8   14.    On or about May 2010, Plaintiff, Dr. Khan, was forced to file

9   a Chapter Seven Bankruptcy because of the failure of a business venture

    in which Plaintiff lost a considerable sum of monies.

10  15.    That case was entitled In the Matter of Salma H. Agha, and

11  under case number BK-10-16183.

12  16.    Defendant, Jeffrey Vetter was assigned to be the Trustee , and

13  Presiding Officer in Plaintiff Dr. Khan's  Chapter Seven Bankruptcy matter.

14  17.    Plaintiff was represented by competent and able counsel in the

15  Chapter Seven Bankruptcy.

16  18.    Listed in Plaintiff's bankruptcy documents, including but not

17  limited to her Financial Affairs, were *two potential lawsuits* related

18  to an interest Plaintiff held in a business entitled Vodka From Around the

    World, LLC.

19  19.    The names of all the parties and persons who were potential

20  defendants in these lawsuits were not known to Plaintiff at the time of

21  filing of her Financial Affairs.

22  20.    Plaintiff's bankruptcy was filed only two months after the

23  failure of the business Vodka From Around the World, LLC. ("LLC")

24  21.    Also at the time of filing of the Bankruptcy, the entity,

    Vodka From Around the World, LLC had no assets, save and except, these

25  two very vague and potential lawsuits.  Plaintiff did not know for sure if she

1  had any rights to pursue in these lawsuits, nor did she know who she
2  may name as defendants.  Plaintiff had been defrauded but part of the fraud
3  was the failure of real estate broker and agent  to identify who  he and the
4  sellers and leasers of real property  really were.

5       22.    This LLC and the potential lawsuits were discussed in as
6  much detail as requested by the Defendant Trustee Vetter.

7       23.    Questions from Defendant Trustee Vetter were all answered
8  both on and off the record in the Second 341 (a) Meeting of the Creditor's on
9  both July 16, 2010 and August 27, 2010, presided by and questioned by
   Defendant Vetter.

10      24.    Defendant Vetter stated that these potential lawsuits were not
11 worth pursuing and he "does not want to get caught up in a lawsuit that is
12 going to drag on for ages."

13      25.    Plaintiff through her counsel filed and disclosed everything
14 she was obliged to do under any and all United States Code, Law, Statute
15 and otherwise.

16      26.    No one has alleged nor asked Plaintiff to provide any further
17 information or in any other manner than what is heretofore alleged
   regarding these potential lawsuits.

18      27.    Thereafter Defendant Judge Clement discharged Plaintiff
19 Dr.  Khan's bankruptcy on September 23, 2010.

20      28.    Subsequently, Plaintiff became informed and investigated
21 the facts and circumstances regarding the LLC and why she had lost
22 her investment.

23      29.    On or about November 2011, Plaintiff filed two lawsuits
24 concerning her lost investment in the LLC.  One named Defendant Bruce
   Breitman as a defendant.

25      30.    Two years later, Defendant Breitman's attorney Peter Zouras,

1  ("Zouras"). corresponded and wrote emails to the US Trustees Office and
2  Defendant Trustee Vetter, thereby persuading him to reopen the Plaintiff's
3  bankruptcy.

4      31.   In collusion and in response to Zouras's urges, Defendant
5  Vetter filed an Ex Parte Motion to Reopen the Plaintiff's bankruptcy, on
6  September 13, 2012, two years after discharge.

7      32.   The Court granted Defendant Vetter's Motion and reopened
8  Plaintiff's bankruptcy case on September 18, 2012.

9      33.   Plaintiff alleges on documents, information and belief, Defendant
   Vetter attempted to assign the lawsuit in which Plaintiff had named Breitman
10  as a Defendant *directly to Breitman*, without any notice to creditors or a
11  Court hearing or Court Order.

12     34.   Defendant Vetter was represented in the bankruptcy reopened
13  against Plaintiff by Defendant Holder, and Defendant, Klein DeNatale and
14  Goldner.

15     35.   Defendant Holders firm KDG had previously represented
16  Plaintiff, and was now representing the Defendant Trustee suing Plaintiff.

17     36.   Even though the state court (San Francisco County Superior
18  Court) ruled that only the personal interest of Plaintiff Dr. Khan could be sold
19  by the Trustee,  Defendant Judge Clement ruled that both the personal
20  and the LLC interests of the Plaintiff (Debtor) in the first lawsuit,
21  would and was *sold to the Defendants Breitman/BBG Ltd in that
   lawsuit*.

22     37.   Both Defendant Clement and Defendant Vetter, failed to
23  review, acknowledge, include, investigate or otherwise failed to inquire
24  about the second lawsuit filed by Plaintiff and the LLC, alleging the same or
25  similar causes of action, and in complete disregard for the creditor's
   rights in the estate.

COMPLAINT FOR VIOLATION OF 42 USC 1983                                6

38.    The hearing from the transcripts of these actions as alleged above underscore the prejudice, bias, hostility, collusion, conspiracy, failure of decency, unethical and intentional violation of Plaintiff's rights by the Defendants and each of them.

39.    Plaintiff has exhausted her consumer remedies by filing complaints with The State Bar of California; the US Courts for the Ninth Circuit for Judicial Review, and by advising the Creditor's of their losses caused by Defendants, and each of them.

40.    Despite the fact that Plaintiff has filed for Judicial Review as and against Defendant Clement, he still remains the Judge on Plaintiff's bankruptcy, and the acts alleged herein are still occurring.

41.    These facts as alleged above do not constitute all the actions of all the Defendants which give rise to this action.  There are many more.

## IV. FIRST CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS PURSUANT TO 42 UNITED STATES CODE SECTION 1983 AGAINST ALL DEFENDANTS

42.  Plaintiff repeats and repleads paragraphs 1 through 41 and incorporates them by reference as if fully set forth here.

43.  Plaintiff Dr. Khan claims and alleges that she was harmed by Defendants, and each of them, by violating her civil rights provided by the Constitution of the United States and the Constitution of The State of California; by intentionally causing her infliction of emotional distress as well as financial distress; by showing bias and prejudice against a woman of color, a minority, and a party in a litigation;  by singling her out to and attributing false claims against her;  by conspiring to spoliate the Court record;  and many other actions which the Plaintiff will allege when her investigation and discovery is continued.

COMPLAINT FOR VIOLATION OF 42 USC 1983

44.    Plaintiff alleges that Defendants and each of them are responsible for the harm because he, she or they was/were part of a conspiracy to commit the harms as alleged above.

45.    A conspiracy is an agreement by two or more persons to commit a wrongful act. Such an agreement may be made orally or in writing or may be implied by the conduct of the parties.    Here the record is replete with these conspiracies.

46.    Defendants and each of them were aware that their co-conspirators planned to commit the acts as heretofore alleged.

47.    Defendants and each of them agreed with each other and intended the acts as heretofore alleged occur against Plaintiff and cause her harm.

48.    Defendants, and each of them, in doing the acts as heretofore alleged have caused Plaintiff extreme harm, and continue to do so.

## V. SECOND CAUSE OF ACTION FOR VIOLATION OF FEDERAL CIVIL RIGHTS PURSUANT TO 42 UNITED STATES CODE SECTION 1983 AGAINST DEFENDANTS CLEMENT AND VETTER

49.    Plaintiff repeats and repleads paragraphs 1 through 48 and incorporates them by reference as if fully set forth here.

50.    Plaintiff SALMA AGHA-KHAN, MD., alleges that at all times mentioned herein Defendant Vetter and Defendant Clement violated her civil rights.

51.    Defendant Vetter and Clement intentionally, wrongfully, deliberately and repeatedly committed these acts against PLAINTIFF SALMA AGHA-KHAN, MD., as follows:

(a)    colluding with other Defendant's and acting in concert

COMPLAINT FOR VIOLATION OF 42 USC 1983

8

to move the Court to re open Plaintiff's bankruptcy two years after discharge at the sole request of a Defendant Zouras and Breitman, defendant in a lawsuit Plaintiff brought;   in which the Defendant Vetter has now declared an asset after stating orally and on the record previously that this same so called "asset" (during and after two creditor's meetings) was not worth going after, and had no value, in deliberate violation of law and specifically in violation of his duties owed to both the debtor and creditors of this bankruptcy;

(b)  engaging a law firm, KLEIN DENATALE, AND GOLDNER, with which PLAINTIFF alleges on information and belief DEFENDANT VETTER derives some benefit, financial or otherwise, because DEFENDANT VETTER, knew that the same law firm previously represented the PLAINTIFF SALMA AGHA-KHAN, MD., in another  lawsuit and  knowing that by doing so he would severely prejudice PLAINTIFF  and engaging in an illegal and unethical conflict of interest in deliberate violation of law and specifically in violation of his duties owed to both the debtor and creditors of this bankruptcy;

(c)  specially and intentionally  prejudicing PLAINTIFF, and in doing so, accusing her of negligence or fraud in her schedule,  by claiming he had no knowledge of this LLC and lawsuit and/or this asset was "intentionally hidden" ; when the truth of the matter was that he had previous and extensive lengthy and detailed discussions specifically about this so called "asset" LLC and lawsuit with PLAINTIFF, at the two creditor's meetings, of her underlying bankruptcy.

(d)  by trying to ambush PLAINTIFF by deliberately reopening the bankruptcy 2 years after discharge knowing that CD's of Creditors Meetings are destroyed after two years, in violation of law, to cover up his unethical and illegal involvement in some manner with others against PLAINTIFF

(e)  by deliberate, intentional and selective notification of the asset sale to the Defendant in the same lawsuit, and failing to notify any other potential buyers, in violation of law, and in violation of cannons of ethics of US Trustees;

(f)  by Defendant Vetter's tacit admission of his own  financial gain  in this asset and by his failure to notify any other potential buyers (but his co-conspirators) in discarding a more lucrative bid;  thereby prejudicing the procedural and due process federal and state constitutional rights of PLAINTIFF in her bankruptcy;

(g)  Defendant Clements knew and approved of the actions as alleged herein by the Defendant Trustee Vetter;  and knew of the bias and prejudice shown to Plaintiff, and ordered the same from the bench;  thereby showing illegal prejudice against Plaintiff, a woman of color and a minority, and by showing and granting favoritism to parties as and against her in violation of her substantive and procedural due process rights, by ambushing her into submission of his illegal and unethical and racist and gender biased rulings;  by threatening her to have her removed from his courtroom for exercise of her constitutional rights;  by other acts which shall be plead as discovered.

52.    Additionally, Defendant Clement refused a much more lucrative offer of $15,000.00 +10% of Plaintiff's collected winnings from lawsuit on behalf of Trustee (totaling over $100,000.00 when considering the judgment in precedence lawsuit).

53.    Also if both of Plaintiff's lawsuits were assigned  than this number would have been DOUBLED;

54.  More importantly, in revealing his bias and prejudice against Plaintiff and for Defendant Breitman, Defendant Clement reduced final sale.

COMPLAINT FOR VIOLATION OF 42 USC 1983                              10

1   price to $15,000.00 from final bid price of $17,000.00 in favor of Defendant
2   Breitman.

3       55.   Plaintiff has informed the creditors of these actions which are also
4   listed in Judicial Review Complaint and US Trustees Complaint.

5       56.   In further evidence of Defendants Vetter and Clements
6   prejudice and bias against Plaintiff, Defendant Clement specifically asked
7   David Chandler the bidding attorney for Breitman, for his opinion on the
8   case. Chandler who gave a three-page heavily biased opinion when asked
9   by Clement when he was to directly benefit from this sale and was neither
10  an expert witness nor a consultant in any way so had no official knowledge
11  of the situation. This was all to harass, annoy and cause Plaintiff more harm.

12      57.   Defendants Vetter and Clement were acting or purporting to act
13  in the performance of their official duties;

14      58.   Defendant Vetter and Clement's conduct violated Plaintiff's
15  constitutional rights to procedural and substantive due process in a
16  bankruptcy as a debtor, a party, and as a woman of color and a minority.

17      59.   Plaintiff was and continues to be substantially financially and
18  emotionally harmed; and

19      60.   Defendants Vetter and Clement's conduct as herein alleged, was a
20  substantial factor in the harm suffered by PLAINTIFF.

21      "Private parties act under color of state law if they willfully participate
22  in joint action with state officials to deprive others of constitutional rights.
23  Private parties involved in such a conspiracy may be liable under section
24  1983." (N  ( Please see *United Steelworkers of America v. Phelps Dodge
25  Corp.* (9th Cir. 1989) 865 F.2d 1539, 1540.

    61.   The citizens of the United States did not hire nor do they
approve illegal acts of this Defendant Trustee Vetter and Defendant Judge
Clements.

COMPLAINT FOR VIOLATION OF 42 USC 1983                              11

62.    The 11th Amendment does not provide immunity for illegal and unconstitutional acts of any Judge or Trustee.

63.    In doing these acts as alleged, judicial and other officers are stripped of all Eleventh Amendment immunity by the Stripping Doctrine, and they become ministers of their own prejudice.

## VI. THIRD CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL RIGHTS STATUTES AGAINST DEFENDANTS CLEMENT AND VETTER

64.    Plaintiff repeats and repleads Paragraphs 1 through 63 above and incorporates them by reference as if fully set forth herein.    Plaintiff has complied with the reporting requirements under  Government Code section 905 and 945.4 " Subject to certain exceptions, an action for "money or damages" may not be maintained against the "state" or a "public entity" unless a written claim has first been timely presented to the entity and rejected in whole or in part. (G.C. §§905, 905.2, 945.4.)

65.    Plaintiff alleges that Defendants violated her rights pursuant to California Civil Code Section 43 provides: " Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations."

66.    Defendants Vetter and Clement violated Plaintiff's rights by personal insults, and by defaming Plaintiff, a medical doctor, and  about a woman of color, a minority, and by making disparaging comments about Plaintiff's name on the record in a US Bankruptcy proceeding;  and by making false claims and false attributes about Plaintiff.

67.    California Civil Codes Section 51.7.  (a) All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics.  The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive.

68.    Plaintiff Dr. Khan claims that Defendants and each of them, denied her full and equal rights and privileges guaranteed him under both the US and the California Constitutions, due to her gender and her race. Dr. Khan is an American woman of color, and a member of a minority. Plaintiff would not have been treated so illegally if she had been otherwise.

69.    Defendants and each of them, denied full and equal rights and privileges afforded Plaintiff, under both the US and the State of California Constitution.

70.    The motivating reason for Defendants Vetter and Clement, and each of their conduct was their perception of Plaintiff Dr. Khans gender and race, and the color of her skin.

71.    The actions of Defendants, and each of them, in denying Dr. Khan her full and equal rights and privileges, afforded her under both the US and the State's Constitution harmed Plaintiff, and continues to harm Plaintiff.

72.    The actions of Defendants Vetter and Clement, and each of them, in denying Dr. Khan of her full and equal rights and privileges afforded her under both the US and the State's Constitution was a substantial factor in causing Plaintiff's harm.

73.    California Civil Code Section 52.1. states in pertinent part

1    "(a) If a person or persons, whether or not acting under color of law,
2    interferes by threats, intimidation, or coercion, or attempts to interfere by
3    threats, intimidation, or coercion, with the exercise or enjoyment by any
4    individual or individuals of rights secured by the Constitution or laws of the
5    United States, or of the rights secured by the Constitution or laws of this
6    state,  the Attorney General, or any district attorney or city attorney may
7    bring a civil action for injunctive and other appropriate equitable relief in the
8    name of the people of the State of California, in order to protect the
9    peaceable exercise or enjoyment of the right or rights secured. An action
10   brought by the Attorney General, any district attorney, or any city attorney
11   may also seek a civil penalty of twenty-five thousand dollars ($25,000). If
12   this civil penalty is requested, it shall be assessed individually against each
13   person who is determined to have violated this section and the penalty shall
14   be awarded to each individual whose rights under this section are
15   determined to have been violated.
16        (b) Any individual whose exercise or enjoyment of rights secured by
17   the Constitution or laws of the United States, or of rights secured by the
18   Constitution or laws of this state, has been interfered with, or attempted to
19   be interfered with, as described in subdivision (a), may institute and
20   prosecute in his or her own name and on his or her own behalf a civil action
21   for damages, including, but not limited to, damages under Section 52,
22   injunctive relief, and other appropriate equitable relief to protect the
23   peaceable exercise or enjoyment of the right or rights secured.    Plaintiff
24   alleges the defendants herein and each of them have violated
25   her civil rights under this section, by all the actions alleged herein.
          74.      Plaintiff Dr. Khan was threatened by Defendants Vetter and
Clement by threats, intimidation, or coercion, or attempts to interfere by

1  threats, intimidation, or coercion, with the exercise or enjoyment of her
2  Constitutional rights to be treated equally and fairly in a court of law;
3  by not allowing her to speak on her own behalf; by not allowing her to
4  discharge her own attorney so that she could speak freely and represent
5  herself if she so chose; by not treating her with the same and equal dignity
6  and respect as any other party or debtor in a US Courtroom; by making
7  disparaging comments about her legal name; by threatening to throw her
8  out of a US Courtroom because she spoke on her own behalf; by
9  threatening to call the Court Security Officer and to have Plaintiff removed
10  for exercise of her rights secured by the Constitution or laws of the United
11  States, or of the rights secured by the Constitution or laws of this state.

12      75.    California Civil Code Section 52.3 provides: "(a) No
13  governmental authority, or agent of a governmental authority, or person
14  acting on behalf of a governmental authority, shall engage in a pattern or
15  practice of conduct by law enforcement officers that deprives any person of
16  rights, privileges, or immunities secured or protected by the Constitution or
17  laws of the United States or by the Constitution or laws of California."
18  Plaintiff alleges that by the conduct and behaviors plead herein Defendants
19  violated her rights.

20      76.    California Civil Code Section 52.4, "(a) Any person who has been
21  subjected to gender violence may bring a civil action for damages against
22  any responsible party. The plaintiff may seek actual damages, compensatory
23  damages, punitive damages, injunctive relief, any combination of those, or
24  any other appropriate relief. A prevailing plaintiff may also be awarded
25  attorney's fees and costs." Plaintiff alleges that by the conduct and
   behaviors plead herein Defendants and each of them violated her rights.

       77.    Plaintiff contends and alleges that she was threatened with

1  arrest and removal , by exposing the fraud in the bankruptcy hearing and
2  conspiracy as heretofore alleged including  Defendants Vetter and Clement,
3  from her own bankruptcy hearing for exercise of her own  rights, privileges,
4  or immunities secured or protected by the Constitution or laws of the United
5  States or by the Constitution or laws of California.

6      78.  Defendants Vetter and Clements knew that Plaintiff had
7  disclosed all she was required to disclose under law regarding the
8  two potential lawsuits she may have had, during the two creditor's
9  meetings.

10     79.  Thereafter and in combination with other Defendants, and in
11 deliberate denial of Plaintiff's constitutional rights, Defendants Vetter and
12 Clement, at the behest and in illegal collusion with Defendants Breitman and
13 Zouras, and under and through the unethical and colluded representation of
14 Defendants Holder, Klein,De Natale and Goldner, assigned and sold Plaintiff's
15 lawsuit to the very Defendant she had named at a reduced price, without
16 proper notification under law, without notice to the creditors and in and
    under ambush to Plaintiff and in deliberate and malicious indifference to her
17 rights.

18 **VII. THIRD CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF**
19 **EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS**
20     80.  Plaintiff incorporates in this Cause of Action the allegations of
21 paragraphs 1 through 79  of this complaint.
22     81.  By Defendants, and each of them, actions and behavior as plead
    in the paragraphs 1 through 79 of this Complaint, have knowingly and
23 intentionally caused Plaintiff severe and lasting emotional distress.
24     82.  Defendants have caused Plaintiff emotional harm and Plaintiff
25 has had to seek the help of health care providers.

83. Because of Defendants actions and behaviors, and the conspiracies to defraud and the defrauding of Plaintiff; in addition to the violations as heretofore plead, of her civil rights, including the prejudice, bias and other harm she suffers, she continues to suffer health and emotional problems.

84. The actions caused by Defendants and each of them, have caused Plaintiff to suffers other financial loss in an amount yet to be determined.

## VIII. INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE AGAINST ALL DEFENDANTS

85. Plaintiff incorporates in this Cause of Action the allegations of paragraphs 1 through 84 of this complaint.

86. By Defendants, and each of them, actions and behavior as plead in the paragraphs 1 through 84 of this Complaint, have knowingly and intentionally interfered in Plaintiff's business.

87. Defendants have caused Plaintiff harm in that Defendants actions and behaviors have made Plaintiff not credible as an investor and as and among other investors and colleagues.

88. Because of Defendants actions and behaviors, and specifically the lies told to Plaintiff by Defendant Breitman; suffers and continues to suffer a loss of business reputation..

89. Additionally because of Defendants actions, and each of them in forming and following through on a conspiracy to defraud Plaintiff of her business; Plaintiff's has lost and continues to loose personal and investment monies thus she is unable to use these monies to invest in other deals.

90.    The actions caused by Defendants and each of them, have caused Plaintiff to suffers other financial loss in an amount yet to be determined.

## IX. FOR PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

91.    Plaintiff repeats and repleads Paragraphs 1 through 90 above and incorporates them by reference as if fully set forth herein.

92.    California Civil Code Section 3294 provides as follows:

"(a)In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

(b)    As used in this section, the following definitions shall apply:

(1)"Malice" means conduct, which is intended by the defendant to cause injury to the plaintiff or despicable conduct, which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

(2)"Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

(3)"Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

93.    Plaintiff alleges that the acts of defendants and each of them, constitute malice, oppression and fraud, as defined under California Civil Code Section 3294, and as heretofore alleged and contended.

## X. FOR DAMAGES AGAINST ALL DEFENDANTS

WHEREFORE, Plaintiff Salma Agha-Khan, MD, prays for entry of judgment as follows:

### ON THE SECOND AND THIRD CAUSES OF ACTION AGAINST ALL DEFENDANTS:

1. For actual damages;
2. For compensatory damages in the amount of $10,000,000.00;
3. For exemplary or punitive damages in the amount of $ 5,000,000.00.
4. For an award of attorney fees and costs as authorized by law, contract and/or by law if it becomes applicable;
5. For prejudgment interest and all interest allowed by law or pursuant to court order;
6. For costs of suit herein;
7. For such other and further relief as the court may deem proper.

### ON THE REMAINING CAUSES OF ACTION AGAINST ALL DEFENDANTS:

1. For actual damages;
2. For compensatory damages in the amount of $100,000,000.00;
3. For exemplary or punitive damages in the amount of $ 50,000,000.00.
4. For an award of attorney fees and costs as authorized by law, as applicable;
5. For prejudgment interest and all interest allowed by law or pursuant to court order;
6. For costs of suit herein;
7. For such other and further relief as the court may deem proper.

COMPLAINT FOR VIOLATION OF 42 USC 1983                    18

1

2

3  DATED:  FEBRUARY 10, 2014

4  _____
   SALMA AGHA-KHAN
5  PLAINTIFF IN PROPRIA PERSONA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR VIOLATION OF 42 USC 1983                    20

1

## VERIFICATION OF SALMA AGHA-KHAN, MD.

2

3    I, SALMA AGHA-KHAN, MD., declare as follows:

4    1.    I am the Plaintiff in the above action.

5    2.    I have personal knowledge of all the matters stated in this Complaint,

6    and they are true as pleaded.   I have read the above Complaint and the

7    factual statements contained therein and they are made of my own personal

8    knowledge, except those matters stated to be on information and belief,

9    which I believe to be true.

10    I declare under penalty of perjury, under the laws of the State of California

11    that the foregoing true and correct.

12

13

14

15    Dated:  FEBRUARY 10, 2014

16

17

18

SALMA AGHA-KHAN, MD.
19    PLAINTIFF IN PROPRIA PERSONA

20

21

22

23

24

25

# EXHIBIT O

**New Case Doc #60: Motion to Shorten the time for Defendant Judge Clement to Disqualify himself based on Second Motion filed for his Judicial Disqualification due to lawsuit filed against him**

**Filed: February 11, 2014**

Salma Agha
6 Windwood
Irvine, CA 92604
Plaintiff In Pro Per
Tel: 626-569-5783

**FILED**

**FEB 1 1 2014**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

MORF

File By Fax

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### BAKERSFIELD DIVISION

In Re Salma Agha, Debtor ) Chapter 7
)
Salma Agha, )
) Bankruptcy No. 10-16183
Plaintiff/Debtor )
) Adversary No. 1-13-AP-01086
v. )
) **APPLICATION TO SHORTEN TIME**
) **MOTION FOR JUDGE CLEMENT**
CITIMORTGAGE, INC.,CR TITLE ) **TO DISQUALIFY HIMSELF**
SERVICES, INC., WILMINGTON TRUST )
COMPANY AS TRUSTEE FOR )
STRUCTURED ASSET SECURITIES ) **HEARING DATE:** 2/12/2014
MORTGAGE PASS-THROUGH ) **TIME:** 3:00PM
CERTIFICATES SERIES 2003-18XS, AND )
DOES 1-100 )
) **Department:** A
Defendants )

## APPLICATION TO SHORTEN TIME

Debtor/Plaintiff Salma Agha states as follows:

Debtor requests that this motion be heard ex parte for the following reasons: Rule 65 of the

Federal Rules of Civil Procedure, and the Federal Bankruptcy Rules, allow motions to be heard

on an ex parte, or emergency basis in situations when immediate and irreparable injury, loss, or

damage will result to the movant if the motion is heard on regular notice.

Applications to shorten time may also be granted for similar reasons.

APPLICATION TO SHORTEN TIME

- 1 -

In this case, debtor Salma Agha will suffer immediate, and irreparable, loss, injury and damage if Judge Clement hears the substantive motion presently scheduled on February 12th. Because there is a present controversy between Dr. Agha and Judge Clement (Los Angeles Superior Court case no. BC535944), the interests of justice would arguably be harmed if Judge Clement is the judge who hears these two motions.

For all these reasons, the Court should hear this motion on shortened time.

Signed

Salma Agha

2-11-14

Dated

APPLICATION TO SHORTEN TIME

- 2 -

## DECLARATION OF SALMA AGHA

1. My name is Dr. Salma Agha.

2. I swear under penalty of perjury that the following is true.

3. I have filed a lawsuit against Judge Clement.  The case number is BC535944.

4. I believe that Judge Clement is biased against me.

5. I believe that Judge Clement should not rule on anything else connected to this case because of the large possibility that he will be biased with relation to the ruling.

6. This motion must be heard on an emergency basis because a hearing, with relation to this adversary proceeding, and in which Judge Clement is scheduled to rule, will be heard on Feb. 12th, 2014.  Judge Clement should rule on the instant motion before hearing the motion regularly scheduled for February 12th.  The instant motion must be heard on an emergency basis, in order for this to happen.

_Salma Agha_

Signed

Salma Agha

2-11-14

Dated

# EXHIBIT P

**New Case Doc #63: Defendant Judge Clement Schedules the hearing date on Motion to Shorten the time to Disqualify himself based on Motion for Judicial Disqualification due to lawsuit filed against him.**

**Defendant Judge Clement signs on the Proposed Order providing a hearing date of NEXT DAY, 12th February 2014**

**Filed: February 11, 2014**

RESF

FILED

FEB 11 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1  Salma Agha
   6 Windwood
2  Irvine, CA 92604
   Plaintiff In Pro Per
3  Tel:

4          **UNITED STATES BANKRUPTCY COURT**
5           **EASTERN DISTRICT OF CALIFORNIA**
              **BAKERSFIELD DIVISION**
6
7  In Re Salma Agha, Debtor                    )    Chapter 7
                                               )
8  Salma Agha,                                 )    Bankruptcy No. 10-16183
                                               )
9  Plaintiff/Debtor                            )    Adversary No. 1-13-AP-01086  ✓
                                               )
10 v.                                          )    APPLICATION TO SHORTEN TIME
                                               )    MOTION FOR JUDGE CLEMENT
11 CITIMORTGAGE, INC.,CR TITLE                 )    TO DISQUALIFY HIMSELF
   SERVICES, INC., WILMINGTON TRUST            )
12 COMPANY AS TRUSTEE FOR                      )    PROPOSED ORDER
   STRUCTURED ASSET SECURITIES                 )
13 MORTGAGE PASS-THROUGH                       )
   CERTIFICATES SERIES 2003-18XS, AND          )
14 DOES 1-100                                  )
                                               )
15                                             )
16 Defendants
17 ──────────────────────────────
18
19
20
21     I, Judge Frederick Clement, have read and considered Salma Agha's application to shorten time
22 and accompanying exhibits. After due consideration, the motion is
23     ────✓────          ────────────
24   Granted              Denied
25   The motion shall be heard
26   on Feby 12, 2014, at 3:00pm.   ✓sc
27                                          2/11/14
28

          APPLICATION TO SHORTEN TIME

                    -3-

Subject to the following conditions:

_____

_____     _____
Signed                Dated

Judge of the Bankruptcy Court

Dated: Feby 1, 2014

*[signature]*
U.S. Bankruptcy Judge

APPLICATION TO SHORTEN TIME

- 4 -

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA    ) SS
COUNTY OF LOS ANGELES)

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and not a party to the within entitled action; my business address is 10755 Lower Azusa Rd., El Monte, CA 91731. On February 11, 2014, I served the foregoing documents:

1. MOTION TO DISQUALIFY JUDGE
2. APPLICATION TO SHORTEN TIME

on the interested parties in this action, by placing a true copy thereof, enclosed in a sealed envelope and mailing same at El Monte, California, addressed as follows:

BRIAN H. GUNN, ESQ.
ANDREW A. BAO, ESQ.
WOLF & WYMANN, LLP
2175 N. California Blvd., Suite 645
Walnut Creek, CA 94596-3502
FAX: (925) 280-0005

BRIAN A. PAINO, ESQ.
PITE DUNCAN, LLP
P.O. Box 17933
San Diego, CA 92177-0933
FAX: (619) 590.1385

[ X ] (VIA FACSIMILE) I caused such document to be transmitted via facsimile to the offices of the addressee(s).

[ X ] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[   ] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 11, 2014 at El Monte, California.

_Delilah Flores_
Delilah Flores

File By Fax

PROOF OF SERVICE

# EXHIBIT Q

**New Case Doc # 64 & 65: Defendant Judge Clements CIVIL MINUTES regarding his DENYING the second attempt at his Judicial Disqualification based on lawsuit filed against him Doc #59 *(Exhibit N).***

1. **Same minutes but <u>TWO Docs</u> # 64 & 65 with different titles**
2. **<u>NO ORDER IS ENTERED!</u>**
3. **Also there <u>TWO DOC # 66 AND 67 LEFT EMPTY</u> with note "Docket Entry Reserved for Internal Use"! (*Exhibit B*)**

**Filed: February 12, 2014**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | | |
|---|---|---|---|---|
| **Adversary Title :** | Agha v. Citimortgage, Inc. et al | **Case No :** | 10−16183 − A − 7 | |
| | | **Adv No :** | 13−01086 − A | |
| | | **Date :** | 2/12/14 | |
| | | **Time :** | 3:00 | |
| **Matter :** | [42] − Motion/Application Vacate Lockout and Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523−121−03−00−3 Filed by Plaintiff Salma H. Agha (awys) | | | OPPOSED |

| | |
|---|---|
| **Judge :** | Fredrick E. Clement |
| **Courtroom Deputy :** | Rosalia Estrada |
| **Reporter :** | Wood and Randall |
| **Department :** | A |

**APPEARANCES for :**
**Movant(s) :**
(by phone)   Plaintiff − Salma H. Agha
**Respondent(s) :**
(by phone)   Defendant's Attorney − Heather S. Kim

MOTION was :
Denied
Findings of fact/conclusions of law stated orally on the record

The court will issue a minute order.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Adversary Title :** | Agha v. Citimortgage, Inc. et al | **Case No :** | 10−16183 − A − 7 |
| | | **Adv No :** | 13−01086 − A |
| | | **Date :** | 2/12/14 |
| | | **Time :** | 3:00 |

**Matter :** [59] − Motion/Application to Disqualify Judge
Filed by Plaintiff Salma H. Agha (awys)

**Judge :** Fredrick E. Clement
**Courtroom Deputy :** Rosalia Estrada
**Reporter :** Wood and Randall
**Department :** A

**APPEARANCES for :**
**Movant(s) :**
(by phone)   Plaintiff − Salma H. Agha
**Respondent(s) :**
(by phone)   Defendant's Attorney − Heather S. Kim

MOTION was :
Denied
Findings of fact/conclusions of law stated orally on the record

The court will issue a minute order.

# EXHIBIT R

**New Case Doc # 70:** Defendant Judge Clements Order DENYING the Motion to Vacate illegal Lockout and Restore Salma Agha-Khan, MD's Possession of her Primary Residence 11622 Harrington Street, Bakersfield, CA 93311

**NOTE:** Docket number sequence is mixed up

**Filed: February 12, 2014**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### CIVIL MINUTE ORDER

| | | | |
|---|---|---|---|
| **Adversary Title :** | Agha v. Citimortgage, Inc. et al | **Case No :** | 10−16183 − A − 7 |
| | | **Adv No :** | 13−01086 − A |
| | | **Date :** | 2/12/14 |
| | | **Time :** | 3:00 |

**Matter :**  [42] − Motion/Application Vacate Lockout and Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523−121−03−00−3 Filed by Plaintiff Salma H. Agha (awys)

**Judge :** Fredrick E. Clement
**Courtroom Deputy :** Rosalia Estrada
**Reporter :** Wood and Randall
**Department :** A

**APPEARANCES for :**
**Movant(s) :**
(by phone)   Plaintiff − Salma H. Agha
**Respondent(s) :**
(by phone)   Defendant's Attorney − Heather S. Kim

---

## CIVIL MINUTE ORDER

Findings of fact and/or conclusions of law having been stated orally on the record and good cause appearing.

IT IS ORDERED that the motion is denied.

Dated:   Feb 18, 2014

Fredrick E. Clement
United States Bankruptcy Judge

This document does not constitute a certificate of service. The parties listed below will be served a
separate copy of the attached Civil Minute Order.

Salma Agha
6 Windwood
Irvine, CA 92604

Heather Kim
2175 N California Blvd #645
Walnut Creek, CA 94596

Brian Paino
4375 Jutland Dr., Suite 200
P.O. Box 17933
San Diego, CA 92177

# EXHIBIT S

**FRAUDULENT DIVERSION OF TWO MOTIONS FILED IN MAIN BANKRUPTCY DOCKET 10-16183 TO NEW Docket 13-0106 where they remained HIDDEN FOR ONE MONTH before MYSTERIOUSLY APPEARING OUT OF SYN IN MAIN DOCKET 10-16183**

**S-1. Onelegal.com's receipt showing filing of TWO MOTIONS (Face Sheet attached) under Main Bankruptcy Number 10-16183 on September 10, 2014**

1. **Requesting Permission to bring legal action against Defendant Trustee & his Counsel AND**
2. **Request to Shorten time to its hearing**

**S-2. PACER LOG of Docket 13-01086 showing fraudulent DIVERSION of these two motions as Doc #s 113 & 144 on September 10, 2014 where these REMAINED HIDDEN FOR MONTH**

**S-3. Face sheets of Doc #s 113 & 114 under 13-01086**

**S-4. Pacer log showing MYSTERIOUS APPEARANCE of these two motions in main Docket 10-16183 ONE MONTH LATER ON OCTOBER 10, 2014 as Doc #s 133 &134 NOTE: DATE LOGGED is SEPTEMBER 10, 2014 but DATE ENTERED is OCTBOBER 10, 2014**

**S-5. Face sheets of Doc #s 133 & 134 under 10-16183**

# Exhibit S-1

**Onelegal.com's receipt showing filing of TWO MOTIONS under Main Bankruptcy Number 10-16183 on September 10, 2014 as these involve the ENTIRE Bankruptcy Case**

1. **Requesting Permission to bring legal action against Defendant Trustee & his Counsel AND**
2. **Request to Shorten time to its hearing**

# Filed: September 10, 2014

**ONE LEGAL LLC**

CONFIRMATION OR
COURT FILING



**This is not an Invoice**

| ONE LEGAL CONFIRMATION FOR ORDER NO.: 0313382 | DATE: 9/11/2014 |
|---|---|

| | |
|---|---|
| **Customer:** Salma Agha-Khan, MD | **Attorney:** none |
| **Customer No.:** 0087495 | **Attorney e-mail:** |
| **Address:** 10001 Venice Blvd, #402 | **Contact:** Salma Agha |
| Los Angeles, CA  90034 | **Contact e-mail:** salmahagha@aol.com |
| | **Contact Phone:** (949) 332-0330 |
| | **Contact Fax:** |
| | **Law Firm File No.:** none |

**CASE INFORMATION:**

| | |
|---|---|
| **Case Number:** | 10-16183 |
| **County:** | Tulare |
| **Court:** | Tulare Visalia |
| **Case Short Title:** | Salma Agha vs. |

| DOCUMENTS RECEIVED: | No. Docs: 2 | No. Pgs: 26 |
|---|---|---|

Motion, Motion to Shorten Time To Hearing Request To Bring Legal Action

**Confirmation Report. DO NOT PAY. An Invoice will be sent later.**

| Notes: | Services: | Summary of Charges: |
|---|---|---|
| ETA for caption pages tomorrow by 5:00 PM | Service Fee | 84.95 |
| | Area Surcharge | 29.95 |
| Order Status: Assignment Completed | | |
| **Services will be invoiced later.** | **DO NOT PAY NOW.** | **Total:** 114.90 |

Thank you for choosing One Legal.  If you have any questions about this assignment, please contact:
Customer Support | Phone:  1-800-938-8815

SALMA AGHA-KHAN, MD
10001 Venice Boulevard
#402
Los Angeles, California  90034

Telephone:  (949)  332-0330
email:  slamahagaha@aol.com

ORIGINAL FILED

SEP 10 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re:

    Salma H. Agha,

             Debtor

Case No.:  10-16183

Adversary No:  13-01086-A

Chapter 7

Salma H. Agha,

        Plaintiff/Debtor

v.

Citimortgage Inc., CR. Title Services,
Inc., Wilmington Trust Company as
Trustee for Structured Asset
Securities Mortgage Passthrough
Certificate Series, 2003-18XS, and
Does 1-100,

        Defendants.

**REQUEST TO BRING LEGAL
ACTION AGAINST TRUSTEE
JEFFREY VETTER AND
TRUSTEE'S COUNSEL;
[PROPOSED]  ORDER**

1  SALMA AGHA-KHAN, MD
2  10001 Venice Boulevard
   #402
3  Los Angeles, California  90034

4  Telephone: (949) 332-0330
   email:  slamahagaha@aol.com

5

6

7

8

ORIGINAL FILED

SEP 10 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

9  In re:                              Case No.: 10-16183

10     Salma H. Agha,                 Adversary No: 13-01086-A

11                     Debtor         Chapter 7

12  _____

13  Salma H. Agha,

14            Plaintiff/Debtor

15

16  v.

17                                    **MOTION TO SHORTEN TIME ON**
                                      **HEARING OF MOTION: REQUEST**
18                                    **TO BRING LEGAL ACTION**
                                      **AGAINST TRUSTEE JEFFREY**
19                                    **VETTER AND**
20  Citimortgage Inc., CR. Title Services,  **TRUSTEE'S COUNSEL;**
    Inc., Wilmington Trust Company as    **[PROPOSED] ORDER**
21  Trustee for Structured Asset
    Securities Mortgage Passthrough
22  Certificate Series, 2003-18XS, and
23  Does 1-100,

24

25

26            Defendants.

27  _____

28  ============================================

MOTION TO SHORTEN TIME RE: REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER

AND TRUSTEES COUNSEL                                    Page 1

# Exhibit S-2

**PACER LOG of Docket 13-01086 showing FRAUDULENT DIVERSION of these two motions into this new Docket as Doc #s 113 & 144 on SAME DAY they were filed under main Docket.**

**NOTE: These two Motions were KEPT FRAUDULENTLY HIDDEN FOR ONE MONTH in this new Docket**

**Filed: September 10, 2014**

**ADVPEND, BAKERSFIELD, APPEAL**

# U.S. Bankruptcy Court [LIVE-CM 5.1]
## Eastern District of California (Fresno)
## Adversary Proceeding #: 13-01086

*Assigned to:* Hon. W. Richard Lee
*Lead BK Case:* <u>10-16183</u>
*Lead BK Title:* Salma H. Agha
*Lead BK Chapter:* 7
*Demand:* $400000

*Date Filed:* 08/01/13

*Nature[s] of Suit:*  11 Recovery of money/property - 542 turnover of property
                      14 Recovery of money/property - other

### Plaintiff
-----------------------
**Salma H. Agha**
6 Windwood
Irvine, CA 92604
415-926-4282
SSN / ITIN: xxx-xx-9600

represented by **Salma H. Agha**
PRO SE

V.

### Defendant
-----------------------
**Citimortgage, Inc.**

represented by **Andrew A. Bao**
2175 N. California Blvd., Ste. 645
Walnut Creek, CA 94596
925-280-0004
*LEAD ATTORNEY*

**Heather S. Kim**
2175 N California Blvd #645
Walnut Creek, CA 94596
925-280-0004
*LEAD ATTORNEY*

**Unknown at time of filing**
*LEAD ATTORNEY*

### Defendant
-----------------------
**CR Title Services, Inc.**

represented by **Eddie R. Jimenez**

Case 14-01155   Filed 12/31/14   Doc 20

| 08/04/2014 | | Stay [AAB-2], 106 Memorandum of Points and Authorities, 107 Declaration, 108 Declaration (awys) (Entered: 08/05/2014) |
|---|---|---|
| 08/05/2014 | | Contacted Lisa White from the Law Office of Andrew A. Bao on 8/5/14 regarding incorrectly submitted Order. Replacement Order requested Re: 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2], 105 Motion/Application to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/05/2014) |
| 08/06/2014 | 110 (4 pgs) | Order Denying 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2] (awys) (Entered: 08/07/2014) |
| 08/06/2014 | 110 (4 pgs) | Order Denying 105 Motion to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/07/2014) |
| 08/07/2014 | 111 (4 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 08/07/2014) |
| 08/07/2014 | 112 (5 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/09/2014) |
| 09/10/2014 | 113 (15 pgs) | Motion/Application to Shorten Time Filed by Plaintiff Salma H. Agha (lbef) (Entered: 09/12/2014) |
| 09/10/2014 | 114 (9 pgs) | Motion/Application To Bring Legal Action Filed by Plaintiff Salma H. Agha (lbef) (Entered: 09/12/2014) |
| 09/15/2014 | 115 (2 pgs) | Order of Recusal (awys) (Entered: 09/16/2014) |
| 09/16/2014 | 116 (2 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 09/16/2014) |
| 09/16/2014 | 117 (1 pg) | Order Transferring Case from Judge Clement, Dept. A to Judge Lee, Dept. B. (rlos) (Entered: 09/17/2014) |
| 09/16/2014 | 119 (3 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/18/2014) |
| 09/17/2014 | 118 (1 pg) | Notice of Transfer/Reassignment of case as Transmitted to BNC for Service (rlos) (Entered: 09/17/2014) |

CM/ECF LIVE - U.S. Bankruptcy Court:caeb

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/19/2014 13:17:43 | | | |
| PACER Login: | rr6611:4274207:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 13-01086 Fil or Ent: filed From: 2/20/2014 To: 9/19/2014 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 4 | Cost: | 0.40 |

# Exhibit S-3

**Face sheets of Doc #s 113 & 114 KEPT FRAUDULENTLY HIDDEN FOR ONE MONTH in the new Docket 13-01086**

**Filed: September 10, 2014**



1  SALMA AGHA-KHAN, MD
   10001 Venice Boulevard
2  #402
   Los Angeles, California  90034
3
4  Telephone: (949) 332-0330
   email: slamahagaha@aol.com
5
6
7
8
9  In re:

10     Salma H. Agha,

11                    Debtor

12  _____

13  Salma H. Agha,

14         Plaintiff/Debtor

15

16  v.

17

18

19

20  Citimortgage Inc., CR. Title Services,
    Inc., Wilmington Trust Company as
21  Trustee for Structured Asset
    Securities Mortgage Passthrough
22  Certificate Series, 2003-18XS, and
    Does 1-100,
23

24

25

26                    Defendants.

27  _____

28



**FILED**

SEP 10 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Case No.: 10-16183

Adversary No: 13-01086-A

Chapter 7

**MOTION TO SHORTEN TIME ON
HEARING OF MOTION: REQUEST
TO BRING LEGAL ACTION
AGAINST TRUSTEE JEFFREY
VETTER AND
TRUSTEE'S COUNSEL;
[PROPOSED] ORDER**

Exhibit:
PROPOSED ORDER
submitted by PRO SE FILER

---

MOTION TO SHORTEN TIME RE: REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER

AND TRUSTEES COUNSEL                                          Page 1

SALMA AGHA-KHAN, MD
10001 Venice Boulevard
#402
Los Angeles, California  90034

Telephone:  (949)  332-0330
email:  slamahagaha@aol.com



FILED

SEP 10 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:

    Salma H. Agha,

           Debtor

_____

Salma H. Agha,

        Plaintiff/Debtor


v.



Citimortgage Inc., CR. Title Services,
Inc., Wilmington Trust Company as
Trustee for Structured Asset
Securities Mortgage Passthrough
Certificate Series, 2003-18XS, and
Does 1-100,




         Defendants.

Case No.:  10-16183

Adversary No:  13-01086-A

Chapter 7



**REQUEST TO BRING LEGAL
ACTION AGAINST TRUSTEE
JEFFREY VETTER AND
TRUSTEE'S COUNSEL;
[PROPOSED]  ORDER**

Exhibit:
PROPOSED ORDER
submitted by PRO SE FILER

# Exhibit S-4

**PACER LOG of Docket 10-16183 showing MYSTERIOUS APPEARANCE of these two motions, Doc #s 133 &134, in this main Docket 10-16183 ONE MONTH LATER ON OCTOBER 10, 2014**

**NOTE: DATE LOGGED is SEPTEMBER 10, 2014 but DATE ENTERED is OCTBOBER 10, 2014. These Docs are thus OUT OF SYNC!!**

**Filed: September 10, 2014**

**Logged: September 10, 2014**

**Entered: October 10, 2014**

## U.S. Bankruptcy Court
### Eastern District of California (Fresno)
### Bankruptcy Petition #: 10-16183

*Assigned to:* Hon. W. Richard Lee
Chapter 7
Voluntary
Asset

| | |
|---|---|
| *Date filed:* | 05/30/2010 |
| *Date reopened:* | 09/18/2012 |
| *Debtor discharged:* | 09/23/2010 |
| *341 meeting:* | 08/27/2010 |
| *Deadline for filing claims:* | 02/13/2013 |
| *Deadline for objecting to discharge:* | 09/10/2010 |
| *Deadline for financial mgmt. course:* | 08/26/2010 |

*Debtor disposition:*  Standard Discharge

**Debtor**
**Salma H. Agha**
11622 Harrington St
Bakersfield, CA 93311
KERN-CA
SSN / ITIN: xxx-xx-9600

represented by **William R. Cumming**
3080 Bristol Street, #630
Costa Mesa, CA 90292
714-432-6494

**Trustee**
**Jeffrey M. Vetter**
PO Box 2424
Bakersfield, CA 93303
(661) 809-6806

represented by **Lisa Holder**
4550 California Ave 2nd Fl
Bakersfield, CA 93309
(661) 395-1000

**U.S. Trustee**
**Office of the U.S. Trustee**
United States Courthouse
2500 Tulare Street, Room 1401
Fresno, CA 93721

**U.S. Trustee**
**August B. Landis**

represented by **Mark Pope**
2500 Tulare St #1401
Fresno, CA 93721
(559) 487-5002

| Filing Date | # | Docket Text |
|---|---|---|
| 09/10/2014 | [133](#) (15 pgs) | Motion/Application to Shorten Time Filed by Debtor Salma H. Agha (lbef) (Entered: 10/10/2014) |
| 09/10/2014 | [134](#) (9 pgs) | Motion/Application To Bring Legal Action Filed by Debtor Salma H. Agha (lbef) (Entered: 10/10/2014) |

| 09/15/2014 | <u>122</u><br>(1 pg) | Order of Recusal (awys) (Entered: 09/16/2014) |
|---|---|---|
| 09/16/2014 | <u>123</u><br>(1 pg) | Order Transferring Case from Judge Clement, Dept. A to Judge Lee, Dept. B. (rlos) (Entered: 09/17/2014) |
| 09/17/2014 | <u>124</u><br>(1 pg) | Notice of Transfer/Reassignment of case as Transmitted to BNC for Service (rlos) (Entered: 09/17/2014) |
| 09/17/2014 | <u>125</u><br>(3 pgs) | Certificate of Mailing of Notice of Transfer/Reassignment as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/19/2014) |
| 10/01/2014 | <u>126</u><br>(20 pgs) | Motion/Application of Debtor's Notice of Docket Fraud Perpetrated by US Trustee Jeffrey Vetter, His Attorneys Lisa Holder, KDG Law Firm and Judge Fredrick Clement who Intentionally, Fraudiently and Repeatedly Altered Plaintiff's Bankruptcy Matter Filed by Debtor Salma H. Agha (awys) (Entered: 10/02/2014) |
| 10/01/2014 | <u>127</u><br>(21 pgs) | Request for Judicial Notice Re: <u>126</u> Motion/Application of Debtor's Notice of Docket Fraud Perpetrated by US Trustee Jeffrey Vetter, His Attorneys Lisa Holder, KDG Law Firm and Judge Fredrick Clement who Intentionally, Fraudiently and Repeatedly Altered Plaintiff's Bankruptcy Ma Filed by Debtor Salma H. Agha (awys) (Entered: 10/02/2014) |
| 10/01/2014 | <u>128</u><br>(310 pgs) | Exhibit(s) Re: <u>126</u> Motion/Application of Debtor's Notice of Docket Fraud Perpetrated by US Trustee Jeffrey Vetter, His Attorneys Lisa Holder, KDG Law Firm and Judge Fredrick Clement who Intentionally, Fraudiently and Repeatedly Altered Plaintiff's Bankruptcy Ma (awys) (Entered: 10/02/2014) |
| 10/01/2014 | <u>129</u><br>(21 pgs) | Motion/Application for Notice Regarding Ambushed Fraudulent Hiring of Attorneys Seeking Revenge Against Debtor Allowed by Judge Clement Acting Under Color of Official Right to Commit Grand Theft Felony of Stealing Debtor's Properies Filed by Debtor Salma H. Agha (awys) (Entered: 10/02/2014) |
| 10/01/2014 | <u>130</u><br>(16 pgs) | Request for Judicial Notice Re: <u>129</u> Motion/Application for Notice Regarding Ambushed Fraudulent Hiring of Attorneys Seeking Revenge Against Debtor Allowed by Judge Clement Acting Under Color of Official Right to Commit Grand Theft Felony of Stealing Debtor's Properies Filed by Debtor Salma H. Agha (awys) (Entered: 10/02/2014) |

| 10/01/2014 | 131 (137 pgs) | Exhibit(s) Re: 129 Motion/Application for Notice Regarding Ambushed Fraudulent Hiring of Attorneys Seeking Revenge Against Debtor Allowed by Judge Clement Acting Under Color of Official Right to Commit Grand Theft Felony of Stealing Debtor's Properies (awys) (Entered: 10/02/2014) |
| 10/01/2014 | 132 (78 pgs) | Notice Regarding Filing of Three Lawsuits (awys) (Entered: 10/02/2014) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/29/2014 11:40:02 | | |
| **PACER Login:** | rr6611:4274207:0 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 10-16183 Fil or Ent: filed From: 9/9/2014 To: 10/3/2014 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# Exhibit S-5

**Face sheets of Doc #s 133 & 134 KEPT FRAUDULENTLY HIDDEN FOR ONE MONTH then MYSTERIOUSLY APPEARING in the Main Bankruptcy docket 10-16183**

**Filed: September 10, 2014**

**Logged: September 10, 2014**

**Entered: October 10, 2014**

(15)

1   SALMA AGHA-KHAN, MD
    10001 Venice Boulevard
2   #402
    Los Angeles, California  90034
3
    Telephone: (949) 332-0330
4   email: slamahagaha@aol.com
5
6
7


**FILED**

SEP 10 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

8         **UNITED STATES BANKRUPTCY COURT**

9         **EASTERN DISTRICT OF CALIFORNIA**

    In re:
10                                          Case No.: 10-16183

11        Salma H. Agha,              Adversary No: 13-01086-A

12                    Debtor          Chapter 7

13  Salma H. Agha,

14              Plaintiff/Debtor

15
    v.
16

17

18                                  **MOTION TO SHORTEN TIME ON
                                    HEARING OF MOTION: REQUEST
19                                  TO BRING LEGAL ACTION
                                    AGAINST TRUSTEE JEFFREY
20  Citimortgage Inc., CR. Title Services,   VETTER AND
    Inc., Wilmington Trust Company as        TRUSTEE'S COUNSEL;
21  Trustee for Structured Asset             [PROPOSED]  ORDER**
    Securities Mortgage Passthrough
22  Certificate Series, 2003-18XS, and
23  Does 1-100,
                                    Exhibit:
24
                                    PROPOSED ORDER
25
26                                  submitted by PRO SE FILER
            Defendants.
27

28

MOTION TO SHORTEN TIME RE: REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER

AND TRUSTEES COUNSEL                                                    Page 1





**FILED**

SEP 10 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

SALMA AGHA-KHAN, MD
10001 Venice Boulevard
#402
Los Angeles, California  90034

Telephone:  (949)  332-0330
email:  slamahagaha@aol.com

# UNITED STATES BANKRUPTY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re:

    Salma H. Agha,

              Debtor

Case No.:  10-16183

Adversary No:  13-01086-A

Chapter 7

---

Salma H. Agha,

       Plaintiff/Debtor

v.

Citimortgage Inc., CR. Title Services,
Inc., Wilmington Trust Company as
Trustee for Structured Asset
Securities Mortgage Passthrough
Certificate Series, 2003-18XS, and
Does 1-100,

           Defendants.

**REQUEST TO BRING LEGAL
ACTION AGAINST TRUSTEE
JEFFREY VETTER AND
TRUSTEE'S COUNSEL;
[PROPOSED]  ORDER**

**Exhibit:
PROPOSED ORDER
submitted by PRO SE FILER**

---

REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER AND TRUSTEES COUNSEL     Page 1

# EXHIBIT T

**New Case Doc # 115: Order of Recusal of Defendant Judge Clement is INCORRECTLY FILED under "new" case number 13-01086 instead of the original Bankruptcy Case No 10-16183.**

1. **Keeps Original Bankruptcy Docket "clean"**
2. **Fraudulently shows this order to be related to Plaintiffs Adversary Proceedings against CitiMortgage instead of it being related to Judicial Misconduct in original Bankruptcy!**

**Filed: September 15, 2014**

**FILED**

SEP 15 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

TJOF

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

SALMA AGHA

                    Debtor.
_____/

SALMA AGHA

          Plaintiff,

     vs.

CITIMORTGAGE, INC., CR TITLE
SERVICES, INC., et al.

          Defendant.
_____/

Case No. 10-16183-A-7

Adv. No. 13-1086

ORDER OF RECUSAL

     The undersigned hereby recuses himself from the above-
entitled adversary proceeding.

DATED: September 15, 2014


                              FREDRICK E. CLEMENT, Judge
                              United States Bankruptcy Court

## Instructions to Clerk of Court
### Service List

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked _____, via the U.S. mail.

Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and ___X_____ Other Persons Specified Below:

Salma H. Agha
6 Windwood
Irvine, CA 92604

Andrew A. Bao, Esq.
WOLFE & WYMAN LLP
2175 N. California Blvd., Suite 645
Walnut Creek, CA 94596-3502

Eddie R. Jiminez, Esq.
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P. O. Box 17933
San Diego, CA 92188-0933

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, California 93721

# EXHIBIT U

**New Case Doc # 117:** Appointment of a new Judge following Recusal of Defendant Judge Clement is also INCORRECTLY FILED under "new" case number 13-01086 instead of the original Bankruptcy Case No 10-16183.

1.   Keeps Original Bankruptcy Docket "clean"
2.   Fraudulently shows this order to be related to Plaintiffs Adversary Proceedings against CitiMortgage instead of it being related to Judicial Misconduct in original Bankruptcy!

**Filed: September 16, 2014**

FILED

SEP 1 6 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Case No.  10-16183 |
| **Salma H. Agha** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Debtor(s). | ) | |
| ———————————— | ) | |
| **Salma H. Agha** | ) | |
| | ) | Adv. No.  13-01086 |
| | ) | |
| Plaintiff(s), | ) | |
| vs. | ) | |
| **Citimortgage, Inc., CR Title Services, Inc., and Wilmington Trust Company** | ) | |
| | ) | |
| | ) | |
| Defendant(s). | ) | |
| ———————————— | ) | |

## ORDER TRANSFERRING ADVERSARY PROCEEDING

**IT IS ORDERED** that the above-captioned adversary proceeding is transferred to **Fresno Division, Department B,   United States Bankruptcy Judge W. Richard Lee presiding.**

The following case number should be included on all subsequently filed documents:   **13-1086**

DATED: _____

CHRISTOPHER  M. KLEIN
CHIEF UNITED STATES BANKRUPTCY JUDGE

EDC 6-821 (Rev. 3/16/12)

# EXHIBIT V

## SAME DOCUMENT WITH MULTIPLE DOCKET NUMBERS IN BOTH DOCKETS

**<u>V-1.</u> ORIGINAL BANKRUPTCY CASE NUMBER DOC #115 AND**

**<u>V-2.</u> NEW CASE NUMBER DOCS # 1-5**

Correct AND incorrect filings of Motion against CitiMortgage et al regarding Violation of Automatic Stay related to Plaintiffs primary residence 11622 Harrington Street, Bakersfield, CA 93311are under <u>TWO CASE NUMBERS</u>

1. Bankruptcy Case No 10-16183 AND
2. New case 13-01086

BOTH FILED ON: 1st August 2013

# EXHIBIT V-1

## ORIGINAL BANKRUPTCY CASE NUMBER 10-16183 DOC #115

1.  Pacer Docket Log showing case # 115, Title and Date Filed
2.  First Page of Document showing at the top stamp of case no 10-16183 and Doc #115
3.  Case Number TYPED ON THE DOCUMENT is 10-16183 – **NO OTHER NUMBER IS TYPED!**
4.  HAND WRITTEN Case Number BELOW THE TYPED NUMBER ON THE DOCUMENT is 13-01086
5.  Date Filed August 1, 2013

Case 14-01155    Filed 12/31/14    Doc 20

**MEANSNO, BAKERSFIELD, DISCHARGED, ADVPEND, REOPENED, NOCLOSE, TRANSFER**

## U.S. Bankruptcy Court [LIVE-CM 5.1]
## Eastern District of California (Fresno)
## Bankruptcy Petition #: 10-16183

|  |  |
|---|---|
| *Assigned to:* Hon. W. Richard Lee | *Date filed:* 05/30/2010 |
| Chapter 7 | *Date reopened:* 09/18/2012 |
| Voluntary | *Debtor discharged:* 09/23/2010 |
| Asset | *341 meeting:* 08/27/2010 |
|  | *Deadline for filing claims:* 02/13/2013 |
|  | *Deadline for objecting to discharge:* 09/10/2010 |
|  | *Deadline for financial mgmt. course:* 08/26/2010 |

*Debtor disposition:* Standard Discharge

**Debtor**
**Salma H. Agha**
11622 Harrington St
Bakersfield, CA 93311
KERN-CA
SSN / ITIN: xxx-xx-9600

represented by **William R. Cumming**
3080 Bristol Street, #630
Costa Mesa, CA 90292
714-432-6494

**Trustee**
**Jeffrey M. Vetter**
PO Box 2424
Bakersfield, CA 93303
(661) 809-6806

represented by **Lisa Holder**
4550 California Ave 2nd Fl
Bakersfield, CA 93309
(661) 395-1000

**U.S. Trustee**
**Office of the U.S. Trustee**
United States Courthouse
2500 Tulare Street, Room 1401
Fresno, CA 93721

**U.S. Trustee**
**August B. Landis**

represented by **Mark Pope**
2500 Tulare St #1401
Fresno, CA 93721
(559) 487-5002

| Filing Date | # | Docket Text |
|---|---|---|
| 08/01/2013 | 115 (24 pgs) | Adversary Case 13-1086. (11 (Recovery of money/property - 542 turnover of property)),(14 (Recovery of money/property - other)) : Complaint by Salma H. Agha against Citimortgage, Inc., CR Title Services, Inc., Wilmington Trust Company (mgrs) (Entered: 08/02/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/21/2014 16:51:06 | | | |
| **PACER Login:** | rr6611:4274207:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 10-16183 Fil or Ent: filed From: 7/26/2013 To: 8/9/2013 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

24

13-01086-A
COMPLAINT
PLAINTIFF: SALMA AGHA
DEFENDANT: CITIMORTGAGE. INC.
JUDGE: HON. F. CLEMENT
RELATED CASE: 10-16183
--------------------------------
FILED 8/1/13 - 3:20 PM
CLERK. U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION      crof
Document #: 1

1    Salma Agha
2    6 Windwood
     Irvine, CA 92604
3    Plaintiff In Pro Per
     Tel: 415-926-4282
4

5            UNITED STATES BANKRUPTCY COURT
             EASTERN DISTRICT OF CALIFORNIA
6                 BAKERSFIELD DIVISION

7    In Re Salma Agha, Debtor        )   Chapter 7
                                     )
8    Salma Agha,                     )   Bankruptcy No. 10-16183
                                     )
9    Plaintiff/Debtor                )   Adversary No. 13-01086-A
                                     )
10   v.                              )
                                     )   COMPLAINT
11                                   )   FOR VIOLATION OF THE
     CITIMORTGAGE, INC.,CR TITLE     )   AUTOMATIC STAY UNDER
12   SERVICES, INC., WILMINGTON TRUST)   11 USC § 362 (a),(c),(k)
     COMPANY AS TRUSTEE FOR          )
13   STRUCTURED ASSET SECURITIES     )
     MORTGAGE PASS-THROUGH           )
14   CERTIFICATES SERIES 2003-18XS, AND)
     DOES 1-100                      )
15                                   )
                                     )
16   Defendants                      )

17

18

19    __COMPLAINT FOR WILFUL VIOLATION OF THE AUTOMATIC STAY AND FOR__

20                                __DAMAGES__

21        Debtor/Plaintiff Salma Agha states as follows:

22

23                        __PARTIES AND JURSIDICTION__

24

25    1. This is an adversary proceeding in bankruptcy brought by Salma Agha, the debtor in this case,

26        pursuant to 11 U.S.C. 362 (a),(c) and (k).

27    2. Plaintiff is an individual residing in the State of California, and therefore is entitled to bring this

28        action.

                              COMPLAINT
                                - 1 -

                                                                    1

# EXHIBIT V-2

## NEW CASE NUMBER 13-01086 DOCS #1-5

1. Pacer Docket Log showing cases # 1-5, Titles and Date Filed
2. Doc # 1, **Fee of $293.00 IS EXEMPT, thus this NEW CASE NUMBER IS INTENTIONAL!**
3. First Page of Document showing at the top stamp of case no 13-01086 and Doc #1, the remaining document was DIVIDED AND ENTERED (Docs #2-5) – ALSO **INTENTIONAL!!**
4. Case Number **TYPED ON THE DOCUMENT is 10-16183** That's it – no other number was typed
5. **HAND WRITTEN** Case Number BELOW THE TYPED NUMBER ON THE DOCUMENT is 13-01086 – **INTENTIONAL!**
6. Date Filed August 1, 2013

ADVPEND, BAKERSFIELD, APPEAL

# U.S. Bankruptcy Court [LIVE-CM 5.1]
## Eastern District of California (Fresno)
## Adversary Proceeding #: 13-01086

*Assigned to:* Hon. W. Richard Lee
*Lead BK Case:* <u>10-16183</u>
*Lead BK Title:* Salma H. Agha
*Lead BK Chapter:* 7
*Demand:* $400000

*Date Filed:* 08/01/13

*Nature[s] of Suit:* 11 Recovery of money/property - 542 turnover of property
14 Recovery of money/property - other

### Plaintiff
-----------------------
**Salma H. Agha**
6 Windwood
Irvine, CA 92604
415-926-4282
SSN / ITIN: xxx-xx-9600

represented by **Salma H. Agha**
PRO SE

V.

### Defendant
-----------------------
**Citimortgage, Inc.**

represented by **Andrew A. Bao**
2175 N. California Blvd., Ste. 645
Walnut Creek, CA 94596
925-280-0004
*LEAD ATTORNEY*

**Heather S. Kim**
2175 N California Blvd #645
Walnut Creek, CA 94596
925-280-0004
*LEAD ATTORNEY*

**Unknown at time of filing**
*LEAD ATTORNEY*

### Defendant
-----------------------
**CR Title Services, Inc.**

represented by **Eddie R. Jimenez**

4375 Jutland Dr., Suite 200
P.O. Box 17933
San Diego, CA 92177
858-750-7600
*LEAD ATTORNEY*

**Brian A Paino**
4375 Jutland Dr., Suite 200
P.O. Box 17933
San Diego, CA 92177
858-750-7600
*TERMINATED: 04/15/2014*
*LEAD ATTORNEY*

**Unknown at time of filing**
*LEAD ATTORNEY*

*Defendant*
----------------------------
**Wilmington Trust Company**                 represented by **Unknown at time of filing**
                                                           *LEAD ATTORNEY*

| Filing Date | # | Docket Text |
|---|---|---|
| 08/01/2013 | <u>1</u> (24 pgs) | (11 (Recovery of money/property - 542 turnover of property)), (14 (Recovery of money/property - other)) : Complaint by Salma H. Agha against Citimortgage, Inc., CR Title Services, Inc., Wilmington Trust Company. Fee Amount of $293.00 is Exempt. (crof) (Entered: 08/01/2013) |
| 08/01/2013 | <u>2</u> (2 pgs) | Adversary Proceeding Cover Sheet (auto) (Entered: 08/01/2013) |
| 08/01/2013 | <u>3</u> (4 pgs) | Copy of Summons Issued Re: <u>1</u> Complaint; Status Conference to be held on 10/23/2013 at 01:15 PM at Bakersfield Hearing Location (crof) (Entered: 08/01/2013) |
| 08/01/2013 | <u>4</u> (1 pg) | Notice of Availability of Bankruptcy Dispute Resolution Program (crof) (Entered: 08/01/2013) |
| 08/01/2013 | <u>5</u> (1 pg) | Order to Confer on Initial Disclosures and Setting Deadlines (crof) (Entered: 08/01/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/21/2014 16:47:20 | | | |
| **PACER Login:** | rr6611:4274207:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 13-01086 Fil or Ent: filed From: 7/26/2013 To: 8/9/2013 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

24

13-01086-A
COMPLAINT
PLAINTIFF: SALMA AGHA
DEFENDANT: CITIMORTGAGE. INC.
JUDGE: HON. F. CLEMENT
RELATED CASE: 10-16183
------------------------------
FILED 8/1/13 - 3:20 PM
CLERK. U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION      crof
Document #: 1

1    Salma Agha
2    6 Windwood
     Irvine, CA 92604
3    Plaintiff In Pro Per
     Tel: 415-926-4282
4

5          UNITED STATES BANKRUPTCY COURT
6           EASTERN DISTRICT OF CALIFORNIA
              BAKERSFIELD DIVISION

7    In Re Salma Agha, Debtor              )   Chapter 7
                                           )
8    Salma Agha,                           )
                                           )
9    Plaintiff/Debtor                      )   Bankruptcy No. 10-16183
                                           )
10   v.                                    )   Adversary No. 13-01086-A
                                           )
11   CITIMORTGAGE, INC.,CR TITLE           )   COMPLAINT
12   SERVICES, INC., WILMINGTON TRUST      )   FOR VIOLATION OF THE
     COMPANY AS TRUSTEE FOR                )   AUTOMATIC STAY UNDER
13   STRUCTURED ASSET SECURITIES           )   11 USC § 362 (a),(c),(k)
     MORTGAGE PASS-THROUGH                 )
14   CERTIFICATES SERIES 2003-18XS, AND    )
15   DOES 1-100                            )
                                           )
16                                         )
     Defendants                            )
17

18

19   <u>COMPLAINT FOR WILFUL VIOLATION OF THE AUTOMATIC STAY AND FOR</u>

20                              <u>DAMAGES</u>

21       Debtor/Plaintiff Salma Agha states as follows:

22

23

24                    <u>PARTIES AND JURSIDICTION</u>

25   1.  This is an adversary proceeding in bankruptcy brought by Salma Agha, the debtor in this case,

26       pursuant to 11 U.S.C. 362 (a),(c) and (k).

27   2.  Plaintiff is an individual residing in the State of California, and therefore is entitled to bring this

28       action.

                              COMPLAINT

# EXHIBIT W

## Correct Original Case Doc #117:

Defendant Judge Clements Order **placing a stay on Bankruptcy Proceedings** of Salma Agha-Khan, MD

CORRECTLY FILED under Bankruptcy Case No 10-16183 "kosher document" showing no "corruption"

Filed: October 18, 2013

RGAF

**FILED**

OCT 18 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

Salma Agha

Case No. 10-16183-A-7

    Debtor.
                                    /

**ORDER STAYING PROCEEDINGS**

1

Plaintiff Salma Agha has filed a complaint of judicial misconduct against this court.  Pending resolution of that matter, it is ordered that:

1.    This case is stayed;

2.    In the event a matter in this case requires expedited resolution the affected party may contact Department A chambers at (559) 499-5860 to request a hearing, and the court may arrange for another bench officer to hear the matter.

Dated: October 18, 2013

Fredrick E. Clement
United States Bankruptcy Judge

2

1  Instructions to Clerk of Court

2  Service List

3

4  The Clerk of Court is instructed to send the Order/Judgment or other

5  court generated document transmitted herewith to the parties below.

6  The Clerk of Court will send the Order via the BNC or, if checked

7  __X__, via the U.S. mail.

8

9       Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if

10  appointed in the case), and ____X____ Other Persons Specified Below:

11

12  Salma H. Agha
    6 Windwood
13  Irvine, CA 92604

14  William R. Cumming, Esq.
    3080 Bristol Street, #630
5   Costa Mesa, CA 90292

16  Jeffrey M. Vetter
    Chapter 7 Trustee
17  P. O. Box 2424
    Bakersfield, CA 93303

18

19  Lisa Holder, Esq.
    Klein DeNatale
    4550 California Ave., 2nd Floor
20  Bakersfield, CA 93309

21  Office of the United States Trustee
    2500 Tulare Street, Suite 1401
22  Fresno, CA 93721

23

24

25

26

27

28                        3

# EXHIBIT X

## Correct Original Case Doc #119:

Defendant Judge Clements **AMEMDED** Order on previously **placed stay on Bankruptcy Proceedings** of Salma Agha-Khan, MD

**CORRECTLY FILED under Bankruptcy Case No 10-16183 "kosher document" showing no "corruption"**

**Filed: July 22, 2014**

FILED

JUL 22 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

TJOF

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

Salma Agha

Case No. 10-16183-A-7

Debtor.

AMENDED ORDER STAYING PROCEEDINGS

1

1    Plaintiff Salma Agha has filed a complaint of judicial misconduct
2  against this court.  Pending resolution of that matter, it is ordered
3  that:

4        1.    This case is stayed;

5        2.    In the event a party in this case believes a matter in this
6  case requires expedited resolution that party shall submit an ex parte
7  application, with notice to all other parties, demonstrating cause.

8  Dated: July 22, 2014

_____
Fredrick E. Clement
United States Bankruptcy Judge

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    Instructions to Clerk of Court

2    Service List

3

4    The Clerk of Court is instructed to send the Order/Judgment or other

5    court generated document transmitted herewith to the parties below.

6    The Clerk of Court will send the Order via the BNC or, if checked

7    __X__, via the U.S. mail.

8

9        Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if

10   appointed in the case), and ____X_____ Other Persons Specified Below:

11

12   Salma H. Agha
     6 Windwood
13   Irvine, CA 92604

14   William R. Cumming, Esq.
     3080 Bristol Street, #630
15   Costa Mesa, CA 90292

16   Jeffrey M. Vetter
     Chapter 7 Trustee
17   P. O. Box 2424
     Bakersfield, CA 93303
18

19   Lisa Holder, Esq.
     Klein DeNatale
     4550 California Ave., 2nd Floor
20   Bakersfield, CA 93309

21   Office of the United States Trustee
     2500 Tulare Street, Suite 1401
22   Fresno, CA 93721

23

24

25

26

27

28
                                        3

# EXHIBIT Y

## Correct Original Case Doc #85:

? **TRANSCRIPT TITLE FRAUD** – Date of Proceeding was December 18, 2012

**Transcript Title of PROCEEDINGS** reads:

1. Motion to Sell – not an actual "SALE" with "buyers" who are also DEFENDANTS IN THE SAME CASE BEING SOLD AS ASSET sitting in Court room

**Title in Docket** of this Court Proceeding #112 reads:

1. Hearing Re Doc #78 Motion/Application to Sell
2. **NOTICE OF REDACTION**

**Date of Hearing: 18th December 2012**

**Date on Docket: 22nd December 2012**

| | | |
|---|---|---|
| 11/27/2012 | | held on 12/18/2012 at 01:00 PM at Bakersfield Hearing Location. (morf) (Entered: 11/28/2012) |
| 11/27/2012 | 80 | Declaration of Jeffrey Vetter in support of 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 11/28/2012) |
| 11/27/2012 | 81 | Exhibit(s) in support of 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 11/28/2012) |
| 11/27/2012 | 82 | Certificate/Proof of Service of 79 Notice of Hearing [KDG-2] (morf) (Entered: 11/28/2012) |
| 11/27/2012 | 83 | Certificate/Proof of Service of 78 Motion/Application to Sell [KDG-2], 79 Notice of Hearing, 80 Declaration, 81 Exhibit(s) (morf) (Entered: 11/28/2012) |
| 12/10/2012 | | 50COPYCERTIFY Fee Paid ($14.50, Receipt Number: 1-12-14512) (auto) (Entered: 12/10/2012) |
| 12/18/2012 | 84 (1 pg) | Civil Minutes -- Hearing Re: 78 Motion/Application to Sell [KDG-2] continued; Hearing to be held on 1/23/2013 at 01:00 PM at Bakersfield Hearing Location. (gpaf) (Entered: 12/19/2012) |
| 12/22/2012 | 85 | Transcript regarding Hearing Held 12/18/12 Re: 78 Motion/Application to Sell [KDG-2] [KDG-2] Notice of Intent to Request Redaction Deadline Due By 1/2/2013. Redaction Request Due By 1/14/2013. Redacted Transcript Submission Due By 1/22/2013. Transcript access will be restricted through 3/22/2013. (morf) (Entered: 12/26/2012) |
| 12/26/2012 | 86 (1 pg) | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing on the Motion to Sell held on 12/18/12 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period Re: 85 Transcript [KDG-2] (morf) (Entered: 12/26/2012) |
| 12/26/2012 | 87 (3 pgs) | Certificate of Mailing of Notice of Filing of Transcript and of Deadlines Related to Redaction and Restriction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 12/29/2012) |
| 01/02/2013 | 88 | Opposition/Objection Filed by Debtor Salma H. Agha Re: 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 01/03/2013) |

1

1     UNITED STATES BANKRUPTCY COURT

2     EASTERN DISTRICT OF CALIFORNIA

3     HON. FREDRICK E. CLEMENT, JUDGE

4

5

6   In the Matter of            ) Case No. 10-16183-A-7
                                 ) KDG-2
7   SALMA AGHA,                  ) Chapter 7
                                 )
8   _____ Debtor.          ) Motion to Sell
                                 )
9

10

11

12   Tuesday, December 18, 2012

13                                    Bakersfield, California

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16

17

18

19

20

21

22   Linda A. Gorman, RMR
     C.S.R. License #12693

23

24

25

1  APPEARANCES OF COUNSEL:

2  For the Debtor:        CUMMING & ASSOCIATES
3                      3080 Bristol St., Ste. 630
                      Costa Mesa, CA  92626
4                      BY:  WILLIAM R. CUMMING

    For BBG, Ltd.,
5  Interested Party:      LAW OFFICE OF DAVID N. CHANDLER
                      1747 4th Street
6                      Santa Rosa, CA  95404
7                      BY:  DAVID N. CHANDLER

  For the Trustee,
8  the Moving Party:      KLEIN, DeNATALE, GOLDNER,
                      COOPER, ROSENLIEB & KIMBALL, LLP
                      4550 California Avenue, 2nd Floor
9                      Bakersfield, CA  93309
                      BY:  LISA HOLDER

10  Also Present:
                      Bruce Breitman

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1 Tuesday, December 18, 2012                    Bakersfield, California

2 1:00 p.m. Calendar

3          THE COURT:  Item No. 8, Salma A-G-H-A, 10-16183.  It's

4 a motion to sell.  In this case, it's an "Interest in Vodka

5 From Around the World, LLC, and interest in a lawsuit."

6          We'll take the appearances.

7          MS. HOLDER:  Lisa Holder of Klein DeNatale on behalf

8 of the trustee, the moving party.

9          MR. CUMMING:  Good afternoon, Your Honor.  Appearing

10 telephonically, William Cumming on behalf of the debtor, Salma

11 Agha.

12          THE COURT:  I'm sorry.  You said -- was it Mr.

13 Cumming?

14          MR. CUMMING:  "Cumming," Your Honor, yes.

15          THE COURT:  For the debtor.

16          And we have someone in court.  You are --

17          THE DEBTOR:  I am Salma Agha.

18          THE COURT:  Well, hello.

19          THE DEBTOR:  Hi.

20          THE COURT:  And your attorney is Mr. Cumming?

21          THE DEBTOR:  Yes.

22          THE COURT:  Okay.

23          You are more than willing to sit and listen.  But the

24 rule in court is when you have an attorney, he or she gets to

25 do the talking for you.  But sit there, take some notes,

1  listen, think of things you'd like to discuss with your lawyer,

2  and welcome.

3      Any other appearances, whether in person or by phone,

4  or is there anyone else who wishes to serve as a bidder other

5  than -- I'm sorry.  I think the buyer is BBG, Limited.

6      Is that right?

7      MS. HOLDER:  Yes, Your Honor.  And the principal of

8  BBG, Limited, Bruce Breitman, is in the courtroom, as well.

9      THE COURT:  Okay.

10     MR. CHANDLER:  Your Honor -- Your Honor, this is David

11 Chandler appearing telephonically for BBG, Limited.

12     THE COURT:  For BBG.

13     MR. CHANDLER:  Yes.

14     THE COURT:  And we seem to have your principal

15 present.

16     MR. CHANDLER:  Yes, Your Honor.

17     THE COURT:  Good afternoon.

18     Is there anyone that's going to be bidding on this

19 besides BBG?

20     MS. HOLDER:  Your Honor, I think we are going to have

21 some issues to discuss before we get to bidding.

22     THE COURT:  Okay.

23     MS. HOLDER:  It's my understanding that Mr. Cumming

24 intends to state an objection to the motion.

25     THE COURT:  Okay.

1       Go ahead, Mr. Cumming.

2       MR. CUMMING:  Well, in -- obviously, I can place the

3 specifics in a brief.  But in a nutshell, we do have an

4 objection to the sale; namely, we believe that the scope of the

5 sale is too broad.

6       And there's also some issues relating to a potential

7 conflict of interest with Ms. Holder's firm representing the

8 trustee in this matter.  And I anticipate that Ms. Holder and I

9 will have a chance to talk after this and to see if we can work

10 out these issues.

11       THE COURT:  What's the problem with the scope of the

12 sale?

13       MR. CUMMING:  Well, with the scope of the sale, the --

14 it relates to a disclosure issue, and the -- you know, Dr.

15 Agha's interest in the LLC, it's our position that it was

16 properly disclosed in the bankruptcy documents.  And so we're

17 in the process of, you know, preparing the brief to explain

18 that to the Court.

19       THE COURT:  I'm sorry.  I'm not appreciating the

20 problem.  Could you restate that, Mr. Cumming.

21       MR. CUMMING:  I apologize, Your Honor..

22       There -- my understanding of the order, that there

23 were two items that are going to be sold.  One is Dr. Agha's

24 interest -- personal interest in the lawsuit, and the second

25 was her interest in the limited liability company.

1          And so I'm -- I'm not the attorney handling the

2    litigation, but there was a motion filed in the state court

3    action that ultimately gave rise to, I think, why we're here

4    today dealing with the issue of whether or not these interests

5    were properly identified or disclosed in the bankruptcy

6    documents at the time they were filed and any subsequent

7    amendments.

8          So once -- once that motion in the state court action

9    was filed, the attorney contacted me just to discuss various

10   issues.

11          I received the order, and we're just in the process of

12   evaluating the merits of the order of -- in the state court

13   action and whether the -- whether the assets in this case were

14   or were not properly disclosed.  The state court action ruled

15   on a very limited issue.

16          And the order that -- or the -- the documents

17   submitted by the trustee, we believe, are broader than what the

18   state court order reflects.

19          THE COURT:  I guess I'm not -- I guess I'm -- I'm

20   missing something.

21          Regardless of whether or not this is properly

22   disclosed, the trustee can sell this asset.

23          Why is -- what am I missing?

24          MR. CUMMING:  Well, it's our position that the --

25   the -- Dr. Agha's interest in the limited liability was

1  properly disclosed in the bankruptcy documents.

2         THE COURT:  No, I understand that.

3         But regardless of whether they were or were not, how

4  does that impact the sale?

5         MR. CUMMING:  Well, whether -- whether the -- whether

6  the trustee has the ability to -- to sell that interest.

7         THE COURT:  Well, why wouldn't the trustee, unless it

8  was --

9         Are you making the claim that it's wholly exempt?

10        MR. CUMMING:  Well, what -- our claim is that the

11 interest was disclosed -- properly disclosed in the bankruptcy

12 documents, and ultimately Dr. Agha received a discharge and

13 that she does have the ability to pursue the state court action

14 and, more specifically, her interest in the LLC in the state

15 court action.

16        THE COURT:  Has that case closed and then was

17 reopened?

18        MR. CUMMING:  Correct.

19        THE COURT:  Oh, I see.

20        So the question of whether or not the trustee lost an

21 interest in the property as scheduled or not scheduled -- is

22 that what's going on here?

23        MR. CUMMING:  Yes, Your Honor.  It seems to be a

24 jurisdiction question, ultimately.

25        THE COURT:  Ms. Holder?

1        MS. HOLDER:  The trustee's position is that the asset,

2   the LLC, was not disclosed in the bankruptcy schedules or at

3   the meeting of creditors, and therefore it was not abandoned

4   upon the close of the case.

5        THE COURT:  Let me pull it up.

6        Mr. Cumming, you were debtor's counsel throughout this

7   case; is that right?

8        MR. CUMMING:  Correct, Your Honor.

9        THE COURT:  And were there ever amendments filed or do

10  I need to look at just the one set of schedules?

11       MR. CUMMING:  Your Honor, there were a couple of

12  amendments filed; and I, unfortunately, don't have all the

13  documents in front of me.

14       THE COURT:  Well, let me just take a look.

15       So the interests that we're looking for are the Vodka

16  From Around the World and then in the lawsuit.  That's the ones

17  that bring us here today, and that should be disclosed or not

18  disclosed.

19       Is that right?

20       MR. CUMMING:  Correct, Your Honor.

21       THE COURT:  Alright.  Well, let me see what I can

22  find.  And if you have your file in front of you, you might

23  want to do the same thing.

24       Ms. Holder, you believe they were not disclosed?

25       MS. HOLDER:  Yes, Your Honor.

1          I think it's pretty -- it's pretty clear to me when

2    you look at the schedules and the statement of financial

3    affairs -- let's see.  The petition was filed as a skeletal so

4    we need to look --

5          THE COURT:  Yeah, I'm looking at the schedules later

6    filed.  Just one second.

7          MS. HOLDER:  Docket 28, I believe.

8          THE COURT:  Okay.

9          MS. HOLDER:  Schedule B lists an interest in one

10   corporation, Aris, Inc.

11         THE COURT:  I see that.

12         MS. HOLDER:  The statement of financial affairs, No.

13   18, document 28, describes "Vodka From Around the World."

14         But it says that the LLC is terminated as of January

15   of 2010, which is about six months before the petition was

16   filed.

17         THE COURT:  Which is the lawsuit we're talking about?

18         MS. HOLDER:  The lawsuit is not described in the

19   schedules anywhere.

20         THE COURT:  What's -- who's the name of the plaintiff,

21   or what's it about?

22         There's two described here.  There's a claim against

23   Tenet Health Corp, and then there's a potential lawsuit against

24   SS -- SS Nite Life.

25         That's not the one we're talking about?

1          MS. HOLDER:  Correct, they are not.

2          THE COURT:  Mr. Cumming, is that your belief, as well,

3     these are not the ones we're talking about today?

4          MR. CUMMING:  Well, a couple of things, Your Honor.

5          The -- the SS Nite Life is -- that's one of the

6     parties associated with the overall lawsuit is -- essentially,

7     they were the -- they were one of the companies that were

8     involved in the overall transaction.

9          And during the hearing of the 341, the trustee asked

10    some questions in-depth about the -- you know, the nature of

11    the lawsuit was discussed.  I'm in the process of getting a

12    copy of the transcript just so that we can flesh out exactly

13    what was discussed or was not discussed.

14         THE COURT:  The adverse party that was identified,

15    this "SS Nite Lite," is not the one for which we're seeking to

16    sell today; is this right?

17         MS. HOLDER:  Correct.

18         MR. CUMMING:  Correct, Your Honor.

19         THE DEBTOR:  Excuse me, Your Honor --

20         THE COURT:  Pardon me, ma'am.  But the answer is if

21    you have an attorney, he speaks for you.  And you've told me

22    Mr. Cumming is your attorney.

23         Is that not true?

24         THE DEBTOR:  Correct.

25         THE COURT:  So you need to -- you're welcome to sit

1  and listen, but you don't get to participate in the hearing

2  other than by listening, as your attorney gets to speak.

3          MR. CUMMING:  Your Honor, it should be noted the -- in

4  the statement of financial affairs, there is a reference to

5  "Vodka From Around the World."

6          THE COURT:  Well, I think the law's pretty clear that

7  mentioning it in the statement of financial affairs is

8  insufficient.

9          MS. HOLDER:  Your Honor, I do have a copy of the

10  transcript of the meeting of creditors.  There was an initial

11  meeting and one continued meeting.  The transcript is about

12  fifty pages.

13          I just learned that there was going to be an objection

14  today on -- over the weekend, and so -- I haven't reviewed this

15  in full.  I've read it once, but it's been some time ago, or I

16  would --

17          THE COURT:  Do you wish this continued?

18          MS. HOLDER:  No.  I would love the Court to rule that

19  the LLC interest was not disclosed.

20          THE COURT:  I -- I've looked at the hearing, and I

21  don't see the LLC interest or the lawsuit disclosed.

22          I guess the question I'm having is, we're selling this

23  lawsuit to BBG.  Is BBG a party to --

24          MS. HOLDER:  It is a defendant in the lawsuit.

25          Your Honor, there is a state court order.  When --

1  when the defendant discovered the bankruptcy, they moved the

2  court for an order that -- the state court for an order finding

3  that the claim had not been disclosed in the bankruptcy papers,

4  and the state court made an order that the claim wasn't

5  disclosed and that the trustee is the proper party.

6        So I think we have a claim preclusion issue as to the

7  litigation claim.  I think that the only issue today is whether

8  the LLC interest is properly being sold today by the trustee.

9        THE COURT:  Well, I think there's another issue, and

10  that is when, in essence, a party is buying a lawsuit, you have

11  to meet the A & C settlement criteria.  I'm pretty clear on

12  that.

13        MS. HOLDER:  I don't agree, Your Honor, because it's

14  not a settlement.  It's a sale of the asset.

15        And that's exactly why we structured it as a sale

16  rather than a settlement because it's subject to overbid, and

17  whoever wants this litigation and LLC interest more can have it

18  with all its -- you know, all its warts or all of its

19  privileges.

20        THE COURT:  There's some case law, and I don't have it

21  in front of me.  I can take a minute and look or we can set it

22  to brief it.

23        I'm pretty sure you have to show the -- meet the

24  additional hurdle for settlement when you have a party buying

25  an interest in a lawsuit.  In fact, I'm 99 percent certain on

1   that.  It's a very clear point to me.

2           MS. HOLDER:  I've certainly done motions with both a

3   sale and a settlement component, but I'll defer to the Court

4   whether that applies here.

5           THE COURT:  I'm fairly certain it does.

6           MR. CUMMING:  Your Honor, if I may --

7           THE COURT:  Just a second, Mr. Cumming.

8           MR. CUMMING:  Thank you.

9           THE COURT:  I'm fairly certain it does, and I don't

10  think you made that proof here at this level.

11          MS. HOLDER:  No, we did not include the A & C factors

12  in the motion.  Although the -- the underlying facts may be

13  present, we did not cite the A & C case and the -- the four

14  factors.

15          But I think the declaration probably includes all the

16  facts they would find in an A & C motion, including probability

17  of success on the litigation, the cost to litigate, the overall

18  benefit to creditors, issues regarding collection.

19          THE COURT:  I'm looking at the supporting declaration

20  of Mr. Vetter.

21          MS. HOLDER:  At least I hope we did.

22          THE COURT:  Ms. Holder, I'm not seeing those factors

23  present in the A & C -- the A & C factor.

24          Am I missing something?

25          MS. HOLDER:  I would ask the Court to look at

1    paragraph seven.

2            THE COURT:   I am.   I've already read it.

3            MS. HOLDER:   Alright.

4            THE COURT:   And I don't think that meets A & C.

5    Do you?

6            MS. HOLDER:   I agree that it doesn't expressly

7    describe each A & C factor.

8            THE COURT:   Here is what I'm inclined to do.

9            I'm inclined to continue this and to allow further

10   briefing on the issue.   I will give the parties some

11   instruction on this.

12           Mr. Cumming, I don't believe the conflict of counsel

13   was attributable to the Chapter 7 trustee.

14           Ms. Holder?

15           MS. HOLDER:   Your Honor, regarding the conflict --

16           THE COURT:   You contend you don't have one?

17           MS. HOLDER:   Yes, Your Honor.

18           I would let the Court know that I will be filing a

19   supplemental declaration regarding our employment.

20           I did learn from Mr. Cumming that my firm did

21   represent Dr. Agha in 2003.   She was using a different name, so

22   it didn't come up on my conflict --

23           THE COURT:   That's fine.   Let me take it at this

24   level.

25           You should do so -- you should serve the United States

1    Trustee, all parties to this motion.

2         Mr. Cumming, I don't believe that a conflict of
3    interest, whether or not, exists.  Assuming it does, I don't
4    think that's grounds not to sell.  It just may mean that Ms.
5    Holder and her firm don't get paid for work done if there's a
6    real conflict, so I don't think that's a basis to oppose.

7         The fact that -- the scope of the sale argument is not
8    gaining traction, either because the answer's disclosed or
9    not -- well, let me back that up.

10        I have reviewed the schedules and I can't find it
11   disclosed, and I'm fairly clear that disclosure in the
12   statement of financial affairs is insufficient.

13        Now, if you want to brief that, you can; but I'm
14   pretty clear that that is insufficient, so I think we're -- I
15   think it's -- this is a viable asset for the trustee's sale.
16   If you think to the contrary, you're welcome to brief.

17        The final issue is the one where I think we have the
18   biggest question, although frankly the trustee may be able to
19   supplement the record, and that is -- there is authority.  I
20   don't have it in front of me, but it makes clear that you have
21   to meet the compromise factors as well as the sale factors when
22   you're talking about sale of a lawsuit to a party.  And I will
23   leave it to you to do the research on that.

24        But I think we should continue this for further
25   briefing.  The parties can submit such further briefs as they

1  desire on this -- on all issues, conflict of interest, scope of

2  sale, and the A & C factors and applicability.  I'll give the

3  parties time to do that.  I think the real issue is the A & C

4  factors, but I'll leave it to you.

5          And to the extent that anyone wishes to challenge the

6  employment of Klein DeNatale, we'll take that up when it gets

7  here.

8          Let's talk about a schedule.  My inclination would be

9  to take this on the next Bakersfield calendar, which would be

10  January 23rd at 1:00 p.m.

11          Is there any reason that's a bad idea?

12          MS. HOLDER:  No, Your Honor.

13          MR. CUMMING:  That's fine, Your Honor.

14          MR. CHANDLER:  Your Honor, I can't see my client,

15  whether that's acceptable to him --

16          THE COURT:  He's in the courtroom, and he tells us it

17  is acceptable.

18          Is it acceptable to you, Mr. Chandler?

19          MR. CHANDLER:  It is.

20          And if the counsel would like to call, I've got the

21  name of the case Your Honor is referring to.

22          THE COURT:  Could you -- I don't have it in front of

23  me.  Can you just put it on the record.

24          MR. CHANDLER:  I can't think of the name of it.  It's

25  out of the Eastern District, though.

1          MS. HOLDER:  I have it.  Not on me, but --

2          MR. CHANDLER:  Lajani -- Lajani --

3          THE COURT:  I think it is Lajani.  I think it's like

4    L-A-J-A-N-I.  I think that is right.

5          MR. CHANDLER:  Yes, that's it.  That's right.

6          THE COURT:  And I think it's -- I think it's BAP

7    level, isn't it?

8          MR. CHANDLER:  Yes.  But the case came out of the

9    Eastern District.

10          THE COURT:  Very well.

11          So let's continue this to January the 23rd at 1:00

12    p.m.

13          Briefs by all parties who wish to be heard.  If you

14    don't have anything to say, you don't have to submit a brief.

15    But if you're going to file a brief, by January 9th.

16          Does that work for everybody?

17          MR. CHANDLER:  That's fine, Your Honor.

18          MS. HOLDER:  That's fine with me, Your Honor.

19          Any opportunity to reply?

20          THE COURT:  I don't think we need it.  Do you?

21          MS. HOLDER:  That's fine, Your Honor.

22          THE COURT:  Or do you want a chance -- I feel like

23    I've got the issue, so unless you -- somebody is just having a

24    real concern about that, I don't think I need it to --

25          Mr. Cumming, Mr. Chandler, do you feel you need a

1  reply?  I don't think we need it, but --

2          MR. CUMMING:  This is William Cumming.

3          Well, I would like at least the opportunity to prepare

4  reply briefs.

5          THE COURT:  Alright.  Here's what we're going to do.

6          Original briefs will be due January the 2nd, reply

7  brief January the 9th.  And that will get us up there, and

8  we'll continue it to that date.  Okay.

9          Anything else on this matter this afternoon?

10  Nothing?

11         Those will be the orders.    Thank you very much.

12  MR. CHANDLER:  Thank you, Your Honor.

13  MR. CUMMING:  Thank you, Your Honor.

14         (The proceedings were concluded.).

15

16

17

18

19

20

21

22

23

24

25

1        I, LINDA A. GORMAN, Registered Merit Reporter and

2    C.S.R. License #12693, do hereby certify the foregoing

3    transcript as true and correct.

4

5

     DATED: December 22, 2012
6
                         By:/s/Linda A. Gorman, RMR
7                        Certified Shorthand Reporter #12693

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT Z

## Correct Original Case Doc #112:

### TRANSCRIPT TITLE FRAUD – Date of Proceeding was January 23, 2014 while document date on Docket is February 18, 2014. <u>WHY?</u>

**Transcript Title of PROCEEDINGS** reads:

2. Motion to Employ Lisa Holder - who is already employed;
3. Motion to Sell – not a "notice of SALE with bidding"

**Title in Docket** of this Court Proceeding #112 reads:

3. Hearing Re Doc #72 Motion to Employ Lisa Holder,
4. Re Doc #78 Application to Sell
5. **NOTICE OF REDACTION**

## Date of Hearing: 23rd January 2013

## Date on Docket: 18th February 2013

Case 14-01155 Filed 10/03/14 Doc 20

| 01/03/2013 | 103 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 104 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 105 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 106 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 107 | Certificate/Proof of Service of 99 Request for Judicial Notice [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/09/2013 | 108 | Response/Reply Filed by Debtor Salma H. Agha Re: 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 01/10/2013) |
| 01/23/2013 | 109 (1 pg) | Civil Minutes -- Hearing Held/Concluded Re: 72 Motion/Application to Employ Lisa Holder as Attorney(s) [KDG-1] GRANTED (gpaf) (Entered: 01/23/2013) |
| 01/23/2013 | 110 (4 pgs) | Civil Minutes -- Hearing Held/Concluded Re: 78 Motion/Application to Sell [KDG-2] GRANTED (gpaf) (Entered: 01/23/2013) |
| 01/24/2013 | 111 | Order Granting 78 Motion/Application To Sell [KDG-2] (morf) (Entered: 01/25/2013) |
| 02/18/2013 | 112 | Transcript regarding Hearing Held 01/23/13 Re: 72 Motion/Application to Employ Lisa Holder as Attorney(s) [KDG-1], 78 Motion/Application to Sell [KDG-2] Notice of Intent to Request Redaction Deadline Due By 2/25/2013. Redaction Request Due By 3/11/2013. Redacted Transcript Submission Due By 3/21/2013. Transcript access will be restricted through 5/20/2013. (rgaf) Modified on 2/19/2013 (rgaf). (Entered: 02/19/2013) |
| | 113 (1 pg) | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing on the Motion to Employ Lisa Holder as Attorney, Continued Motion to Sell held on 01/23/13 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be |

1               UNITED STATES BANKRUPTCY COURT

2               EASTERN DISTRICT OF CALIFORNIA

3            HON. FREDRICK E. CLEMENT, JUDGE

4

5

6   In the Matter of         ) Case No. 10-16183-A-7
                        ) KDG-1;  KDG-2
7   SALMA AGHA,             ) Chapter 7
                        )
8          Debtor.     ) Motion to Employ
   _____) Lisa Holder as Attorney,
9                         Continued Motion to Sell

10

11

12

13  Wednesday, January 23, 2013        Bakersfield, California

14

15

16          REPORTER'S TRANSCRIPT OF PROCEEDINGS

17

18

19

20

21

22  Linda A. Gorman, RMR
    C.S.R. License #12693
23

24

25

1    APPEARANCES OF COUNSEL:

2    For the Debtor:            CUMMING & ASSOCIATES
                                3080 Bristol St., Ste. 630
3                              Costa Mesa, CA  92626
                                BY:  WILLIAM R. CUMMING
4

5    For BBG, Ltd.,            LAW OFFICE OF DAVID N. CHANDLER
     Interested Party:         1747 4th Street
6                              Santa Rosa, CA  95404
                                BY:   DAVID N. CHANDLER

7    For the Trustee,          KLEIN, DeNATALE, GOLDNER,
     the Moving Party:         COOPER, ROSENLIEB & KIMBALL, LLP
8                              4550 California Avenue, 2nd Floor
                                Bakersfield, CA  93309
9                              BY:   LISA HOLDER

10   Also Present:             Bruce Breitman
                                Jeffrey Vetter
11                             Salma Agha

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1   Wednesday, January 23, 2013                Bakersfield, California

2   1:00 p.m. Calendar

3           THE COURT:  Item No. 10.  There are two matters in

4   this case.  I'm going to call them in the order indicated on

5   the calendar.

6           As is my custom, when I have multiple matters, I'll

7   take all of the appearances on the front end.  And if you

8   intend your appearance to be something less than on all

9   matters, you should so indicate at the time of the initial

10  appearance.

11          This is the matter of Salma Agha, 10-16183.  The first

12  motion is a motion to employ Lisa Holder of Klein DeNatale as

13  attorney.

14          Are there appearances on this matter?

15          MS. HOLDER:  Lisa Holder on behalf of the moving

16  party.

17          THE COURT:  Ms. Holder, good afternoon.

18          Are there any --

19          MR. CUMMING:  Good afternoon, Your Honor.  Appearing

20  telephonically, William Cumming on behalf of the debtor, Salma

21  H. Agha.

22          THE COURT:  Good afternoon.

23          Are there any other appearances?

24          THE DEBTOR:  I'm Salma Agha.

25          THE COURT:  Hello.

4

1          Mr. Cumming is your attorney?

2          THE DEBTOR:  Yes, correct.

3          THE COURT:  Mr. Cumming, you understand your client is

4    in the room?

5          MR. CUMMING:  Yes, Your Honor.

6          THE COURT:  Ms. Agha -- am I saying it right, "Agha"?

7          THE DEBTOR:  "Agha."

8          THE COURT:  Hi.

9          Since Mr. Cumming is your attorney, he gets to do the

10   talking today; but we, of course, welcome you.  And you're

11   welcome to sit and to listen, to make notes of things you'd

12   like to speak to Mr. Cumming about after the hearing, so thank

13   you.

14         Any other appearances on this matter?

15         Is Mr. Chandler appearing?

16         MR. CHANDLER:  Yes, Your Honor, David Chandler

17   appearing.  I'm not appearing on the motion to employ

18   counsel.

19         THE COURT:  Very well.

20         Any other appearances in any of the Agha matters?

21         No response to the call --

22         MR. BREITMAN:  Yes, Your Honor, Bruce Breitman.  I'm

23   here in the courtroom.

24         THE COURT:  Okay.  Can you step up to the podium so I

25   can get your name.

1          MR. BREITMAN:  Yeah.  Bruce Breitman,

2  B-R-E-I-T-M-A-N.  I represent BBG, Limited.  I'm not counsel.

3  I'm a party that's made a bid.

4          THE COURT:  Mr. Chandler is your --

5          MR. BREITMAN:  Mr. Chandler represents me.

6          THE COURT:  And I will say the same thing to you as I

7  did to Ms. Agha.

8          Welcome, we're glad you're here, but Mr. Chandler gets

9  to do the talking.  Do feel free to sit, to listen, to make

10  notes of things you'd like to speak to him about.

11          MR. BREITMAN:  I'll do that.

12          THE COURT:  Very well.

13          Any other appearances in any of these matters?

14          There is none.

15          With respect to the motion to employ Klein DeNatale,

16  the tentative is to grant.

17          Did anyone wish to speak in opposition?

18          I am hearing nothing.

19          The tentative will be the ruling, and the motion will

20  be granted.

21          MS. HOLDER:  Thank you, Your Honor.

22          THE COURT:  Thank you.

23          We'll take up the other matter involving Salma Agha,

24  and this is a continued motion to sell.

25          I do recall our first visit in this issue raising some

1  fascinating questions.  We have had the opportunity to look in

2  that with a great deal more detail.  I do want to thank each of

3  the parties for their thoughtful and articulate briefs on these

4  issues, somewhat difficult and esoteric.

5           I don't actually think I came down any different than

6  where I started, but I do appreciate your efforts to clarify.

7           Does anyone wish to speak -- before we actually call

8  the sale, should we do so, did anyone wish to speak in

9  opposition to the sale?

10          MR. CUMMING:  Your Honor, this is Bill Cumming once

11  again, appearing telephonically.

12          I would like -- I did have an opportunity to review

13  the Court's tentative ruling and, with the Court's permission,

14  I would like to address a couple of issues.

15          THE COURT:  That would be fine.  Go ahead.

16          MR. CUMMING:  Fantastic.

17          The first issue I'd like to address is with respect to

18  the scheduling of the lawsuit with respect to Bruce Breitman

19  and BBG, Ltd.  The basic issue is whether the -- this specific

20  lawsuit was properly scheduled.

21          As set forth in the opposition papers, the general

22  standard that the court used -- or courts should use in looking

23  at this is that the scheduling of an asset has to be accurate

24  and complete and has to give the trustee notice of the

25  existence of the asset and the potential value of the asset so

1   the trustee has the opportunity to further investigate.

2           In this case, in Schedule B, and more specifically

3   item twenty-one, we identified a potential lawsuit against SF

4   Night Life.  We identified the address in which the business

5   operated in.  The initial value was fifty thousand dollars

6   because that was the amount at issue with respect to an escrow

7   account.

8           The Court's tentative ruling, my understanding of it,

9   states that the current lawsuit against Mr. Breitman and BBG

10  were different parties, a different potential lawsuit in

11  comparison to the SF lawsuit, and different rights sued upon.

12  I think taking perhaps a closer look at the facts, the Court

13  might reach a different conclusion, or perhaps give

14  consideration to our arguments.

15          And specifically, Your Honor, it's this.  In the

16  papers that we've filed, I think we took a lot of time and

17  effort trying to identify specific testimony in the two

18  meetings of creditors that occurred between Mr. Vetter and the

19  client.

20          And just to briefly summarize that, Your Honor, the

21  moving papers -- or the document that we filed identified the

22  fact that Vodka from Around the World decided to invest into

23  this business.  My client owned approximately seventy percent

24  of that.  An asset purchase agreement was entered into to

25  essentially use this facility.  There was a problem with the

1  lease.  And it's my client's contention that there were

2  misrepresentations regarding the lease, and she intended to sue

3  SF Night Life because that was the party.

4          But I think the important thing, Your Honor, that

5  perhaps wasn't focused on, at least in the tentative ruling, is

6  that it was very clear in the meeting of creditors that Ms. --

7  or Dr. Agha was going to maintain a suit against SF Night Life

8  and its principals, which opened the door to those individuals

9  who were associated with or affiliated with SF Night Life.

10         The trustee asked about the principals but never got

11 details about names and those types of things.  Mr. Breitman

12 and BBG fell into the category of those principals because --

13 he was ultimately involved in this transaction because the

14 whole purpose of this lawsuit related to one overriding thing,

15 and that was events and transactions that related to the

16 purchase of this building.

17         And when Dr. Agha said she was going to bring a

18 lawsuit against SF and the principals relating to this

19 transaction, that had to have included BBG and Breitman because

20 those were individuals that were part of the transaction.

21         So I think we take a different look about whether BBG

22 and Breitman were different parties or different potential

23 lawsuits or different rights being sued upon.  Knowing that the

24 debtor identified additional principals that be a part of this

25 lawsuit, I think that would encompass that.

1    And whether the trustee decided to find out the names

2  and other relevant information about the principals, that was a

3  decision that he could have pursued, but ultimately he didn't.

4    And the question is, should my client lose the

5  opportunity to vindicate her rights because the trustee, during

6  the 341 hearing, didn't decide to go a little deeper and ask

7  who these people were that were the, quote, principals of SS --

8  of SF Night Life.  And I think by making that decision by not

9  going -- if he would have gone deeper and decided to ask who

10  those people were, the names -- another admission would have

11  come up.

12    But, unfortunately, those questions weren't asked, and

13  I don't believe it's proper for my client to lose this -- to

14  not have the ability to pursue this lawsuit, plus forgo or

15  forfeit the money already spent because the trustee decided not

16  to investigate further.

17  .    THE COURT:  Mr. Cumming, let me pose a couple of

18  questions to you.

19    And I'm looking back again at the schedules, Schedule

20  B, item twenty-one.  There's a reference to a "Potential

21  Lawsuit vs. SS Nite Life" located at 13 Norfolk, San Francisco,

22  94103.  You agree that that does not fully and properly put the

23  trustee on notice as to Mr. Breitman and these other entities.

24  Your contention is that this occurred at the testimony of the

25  meeting of creditors.

1       Do I have the argument right?

2       MR. CUMMING:  Partially, Your Honor.

3       I think when -- when we decided to put the reference

4 SS Nite Life, the -- the lawsuit was against the entity, but

5 there's also the principals, shareholders, representatives of

6 that company, as well.

7       And so it came out during the 341, that in addition to

8 SS Nite Life, there are -- other individuals that made up the

9 company were part of that, as well.  So we didn't put SS Nite

10 Life and principals or -- and shareholders.  We just put the

11 name of the corporation.

12       THE COURT:  Right.

13       But all you've really identified as an adverse party

14 is SS Nite Life, right, in the schedules?

15       MR. CUMMING:  Yeah.  For purposes of Schedule B, we

16 just identified the corporate entity.

17       THE COURT:  And your contention is, these are so

18 inextricably intertwined, that's sufficient disclosure.

19       MR. CUMMING:  Well, my -- our position is -- we

20 identified the lawsuit.  We discussed in great detail with the

21 trustee the nature of the lawsuit, how it arose, and that SS

22 Nite Life was not only the corporate entity but also the

23 individuals that made up the corporate entity, or the

24 principals.

25       THE COURT:  Okay.

1        Anything else?

2        MR. CUMMING:  Well, with respect to the scheduling of

3   the lawsuit, no, Your Honor.

4        But there would be, of course, the other issue about

5   identifying debtor's interest in Vodka from Around the World,

6   which I would like to briefly address and --

7        THE COURT:  Yes, go ahead.  And let's take them all at

8   one time.

9        So, please proceed, Mr. Cumming.

10        MR. CUMMING:  Thank you, Your Honor.

11        Well, I did, again, have an opportunity to review the

12   Court's tentative ruling, and I am familiar with the relevant

13   case law.

14        With respect to the statement of financial affairs and

15   identifying Vodka in that location and not on Schedule B, I

16   think what -- what needs to be perhaps emphasized is at the

17   time of the bankruptcy filing, Vodka from Around the World had

18   no assets.  It was a closed business, and there were no assets

19   to schedule.

20        The Court's tentative made a reference to the fact

21   that even if that's the case, the business might need to be

22   wound up and there could be some assets that might need to be

23   sold.

24        And, therefore, a different approach could have been

25   scheduling the assets as unknown.  I suppose that --

1    THE COURT:  What's the trustee selling then if

2  there -- you're telling me there's nothing there -- there was

3  nothing there on the date of the petition?  I guess I don't

4  understand what the trustee is selling, if that's true.

5    MR. CUMMING:  Yeah.  The date of the petition there

6  were no physical tangible assets and --

7    THE COURT:  But there was an interest in an LLC.

8    MR. CUMMING:  Yeah, there was an interest in an

9  LLC --

10    THE COURT:  Isn't that the asset?

11    MR. CUMMING:  Well, the LLC had no assets.

12    THE COURT:  Well, right.

13    But if you have a -- you have an interest in an LLC,

14  isn't the asset the interest in the LLC?  And you may say it

15  has no value or you may say it has unknown value or you may say

16  marginal value, but that still is an asset, isn't it?

17    MR. CUMMING:  Well, if -- if the -- if the corporate

18  entity has any tangible assets, then I think it'd be proper in

19  Schedule B to say, you know, what it might be or, perhaps,

20  "unknown."

21    But I think what's unique about this specific asset or

22  this specific corporation or LLC, is that it didn't have any

23  tangible assets.  So the idea was to take that and identify it

24  in the statement of financial affairs, identify when the

25  business started, when it stopped.

1          And so even putting "unknown" as the value is really

2     not correct because there was no asset at that time.  And that

3     was the rationale for putting the statement -- that was the

4     rationale for putting -- or identifying Vodka from Around the

5     World in the statement of financial affairs.

6          THE COURT:  And so now -- now the LLC has acquired

7     assets and is moving forward.

8          MR. CUMMING:  Well, the LLC more recently -- 'cause

9     remember that the debtor only had -- she had a seventy percent

10    interest in this LLC.  There were other individuals that had an

11    interest in the company and wasn't till later that the LLC

12    desired to pursue this lawsuit.

13         But at the time of filing, there was no tangible

14    assets that could be sold, and that was the rationale to why it

15    was put in the statement of financial affairs.

16         THE COURT:  Well, but aren't you contradicting

17    yourself?

18         You say it has a cause of action, but it has no

19    value.  And the answer is, it has the cause of action.  Isn't

20    that the value?  Now, you can argue it's unknown, but isn't --

21    first of all, shouldn't we be focusing on the ownership in the

22    LLC?

23         And second of all, it does have something of value.

24    It has a cause of action.  It may not be liquidated, but it

25    still owns it.  We can argue about whether it's worth anything

1  or how much, but that's an asset, isn't it, of the LLC?

2      MR. CUMMING:  Well, I -- I understand the Court's

3  position on that, and I did give that some thought.

4      And I think in response to that, Your Honor, is at

5  that time it was -- at the time in which the bankruptcy

6  documents were filed, the LLC, as the corporate entity, more

7  specifically, the members, whether -- whether they were aware

8  of it, whether they decided to pursue it, you know, it just

9  wasn't -- wasn't something that was necessarily on the radar

10  screen, per se.

11      THE COURT:  But they did have the cause of action,

12  right?

13      MR. CUMMING:  In -- well, from a statute of

14  limitations perspective, a breach of contract, whether it

15  existed at that time, hard to say.  I don't know if it was a

16  valid, enforceable cause of action at that point in time, and

17  that's -- that's the issue.

18      THE COURT:  Okay.  Very well.

19      Anything else, Mr. Cumming?

20      MR. CUMMING:  Yes, Your Honor.  A couple other points,

21  and I'll -- I'll be brief.

22      With respect to scheduling assets, my moving papers

23  discuss -- discuss two different types of cases.  There are

24  cases in which if an asset isn't scheduled, then it's not part

25  of the -- it remains a part of the bankruptcy estate if a

1    bankruptcy case is ultimately closed.

2            However, the case which I referenced in my papers,

3    Morlen, M-O-R-L-E-N, v. Universal Guaranteed Life Insurance,

4    298 F.3d 609, that case stands for the proposition that

5    it's not a completely rigid analysis.  What I mean by that is,

6    if an asset isn't scheduled, it doesn't by default not become

7    part of the bankruptcy estate.

8            In that case, in the Morlen case, the court ruled that

9    a -- the plaintiff in this case, or in this case the debtor,

10    filed a class action lawsuit, and the class action wasn't

11    properly identified on the schedules.  However, the court

12    ultimately determined that the debtor could pursue that

13    because -- a couple reasons.  One, the existence of the lawsuit

14    was discussed during the meeting of creditors.

15            In this case, the trustee specifically made the

16    decision that it was not going to pursue it, and the length of

17    time between the closing of the bankruptcy case and the

18    decision to --

19            THE COURT:  It's a laches case, though, isn't it?

20            MR. CUMMING:  Laches is one factor that the court

21    determined or relied upon in making the decision that the cause

22    of action was part of the bankruptcy estate and, therefore, the

23    debtor could pursue it.  Laches is one of the factors.

24            But the other factors, Your Honor, is that also that

25    it was discussed during the 341, and also the trustee made the

1 decision that it was not going to pursue it.  And in this case,

2 Your Honor, there was much discussion about this -- potential

3 assets and her decision to attempt to move forward.

4        I just think the Morlen case -- the Morlen case

5 ultimately stands for the proposition that just because an

6 asset isn't on a schedule doesn't, by default, mean it's not

7 properly scheduled.  I think you have to look more at all the

8 relevant facts to determine if the court, or in this case the

9 trustee, had notice and had an opportunity to further

10 investigate.

11        And in this case, there was lots of discussion about

12 it.  And then we tried to do our best in the moving papers to

13 show that there was a lot of discussion about it; and we think

14 at the end of the day, it was properly scheduled.

15        THE COURT:  Thank you, Mr. Cumming.

16        I'm going to turn next to Mr. Chandler and then to Ms.

17 Holder for thoughts on this.

18        Mr. Chandler?  Mr. Chandler?

19        MR. CHANDLER:  Yes, Your Honor.

20        THE COURT:  Did you wish to be heard on the motion to

21 sell?

22        MR. CHANDLER:  If the Court will entertain argument,

23 yes.

24        THE COURT:  Well, I've heard from Mr. Cumming.  I'd

25 certainly be happy to hear your response.

1       MR. CHANDLER:  Well, Your Honor, I appreciate his

2   argument.  Mr. Cumming's argument was very interesting, but I

3   don't think that's how we fill out schedules in these cases.

4           We're -- we're required to give the trustee enough

5   information that the trustee can look at the schedules and

6   figure it out from the schedules.  He doesn't have to make an

7   independent evaluation.

8           In this case, all I know about is what is in the

9   schedules.  And the schedules are a far cry from disclosing

10  either one of these assets, as the Court pointed out, with the

11  LLC.

12          The LLC held the cause of action against parties that

13  weren't disclosed in the Schedule B, and I'm not quite sure how

14  the trustee was supposed to imaginatively determine that

15  without further investigation, which the debtor was not very

16  forthcoming on any of her information.

17          Even the use of her name has -- has -- has become a

18  problem in the conflict search that Ms. Holder did because she

19  uses different names at different times.  And in this case, she

20  used a name that she hadn't used before and doesn't typically

21  use, and so I think there -- there is some inference there that

22  it was her intent not -- not to schedule these changes.

23          But in any event, the -- I think the Court's analysis

24  in the tentative is exactly correct.  It's not -- it's not a

25  disclosure of any one of these assets.  The trustee wouldn't

18

1  have known where to go, where to look, what to do to evaluate

2  the merits of this.

3         And Mr. Cumming argues that it suddenly became known

4  to the debtor.  I'm not quite sure how that happened that it

5  suddenly became known and came into focus and she couldn't have

6  told the trustee about it.  You can always call up the trustee

7  later and say, "Gees, I found this -- this nuance in the

8  contract, and I think there might be a claim here.  Are you

9  interested?"  That didn't happen.

10        Basically, what she's trying to do is trying to run

11 everybody sideways so nobody is looking at the real facts in

12 the case.  The real facts in the case is she didn't disclose

13 it.  She's trying to pursue this cause of action, and we'll

14 get -- in the next phase, we'll get to what the value of that

15 might be.

16        But I -- I think there's just no question that she --

17 she did not disclose it.  And what she put in the statement of

18 affairs, again, just like the use of her name, is evidence of

19 her intent to conceal.

20        For the life of me, I don't understand why the trustee

21 didn't go after a 727 claim in this -- to revoke the discharge

22 of this case.  It was a very short window where he could have

23 done that, and I can't understand why he didn't do that.

24        But certainly what the debtor did in this case was not

25 something that was really contemplated by the code.

1        Nor was it within the mainstream of the practice in

2    the -- in the Eastern District or in the -- in the Northern

3    District.  It's just not within the mainstream of practice.  We

4    don't do that, and there's good reason.  We put the trustee on

5    notice of these things so when -- when that discharge is

6    entered and that case is closed, we all know where we stand.

7        That's all I have.  Thank you.

8        THE COURT:  Thank you.

9        Ms. Holder, do you wish to be heard?

10       MS. HOLDER:  Yes, Your Honor, a few things.

11       First, I would submit on the tentative ruling and ask

12   the Court to enter the tentative as the order of the Court.

13       Second, I was not served with the opposition, and I

14   don't waive that lack of service.

15       Regarding the trustee's knowledge, the trustee had no

16   complaint at the time that he conducted the 341 meeting.  The

17   complaint was filed well after the fact, so the trustee

18   couldn't have had any knowledge of the information contained in

19   the complaint.

20       I've read the meeting of creditors transcript, some

21   forty odd pages.  Vodka from Around the World is never

22   mentioned.  The only thing mentioned, when talking about

23   business enterprises, is Ms. Agha saying, "Me, I, mine."  So

24   there's never any disclosure of an active LLC trying to recover

25   assets.

1    As a side note, the discussion of SF Night Life and

2  its principals being contemplated as potential defendants, it's

3  my understanding that Mr. Breitman and BBG are a -- he's a real

4  estate broker, and that would be an agent and certainly not a

5  principal of any company.

6    On the issue of who's responsible for disclosing

7  assets versus ferreting out assets, I think the responsibility

8  is firmly on the debtor.  And the trustee certainly is required

9  to investigate assets that he has reason to know exist, which

10  he clearly did through forty some pages of a meeting of

11  creditors transcript, but the asset simply wasn't scheduled.

12    And the trustee did an investigation.  It wasn't

13  ferreted out because maybe it was intentionally hidden.  Maybe

14  it wasn't, but it wasn't described anywhere.  And so it wasn't

15  disclosed, so it was not abandoned upon the closing of the

16  case.

17    And regarding the debtor's interest in Vodka from

18  Around the World and whether it had any value on the petition

19  date, clearly the debtor believes that this claim has value now

20  and the claim should have been scheduled, as well as the

21  interest in the LLC.

22    That's all I have, Your Honor.

23    THE COURT:  Thank you.

24    I am ready to rule, and I'm going to make the

25  tentative the ruling.  The sale will be approved.

1          THE DEBTOR:  Excuse me, Your Honor.

2          THE COURT:  I'm sorry, Ms. Agha, no.  The answer is, I

3  told you at the beginning you do not get to speak.  Your

4  attorney speaks for you.

5          THE DEBTOR:  Can I dismiss my attorney at this

6  point --

7          THE COURT:  No, you cannot, Ms. --

8          THE DEBTOR:  -- because I think he has not represented

9  me adequately.

10         THE COURT:  Ms. Agha, we are going to rule on this at

11  this time, and you can dismiss him later, but I'm not going to

12  hear from you.

13         The motion is granted.

14         The law is quite clear that the knowledge of the

15  trustee is irrelevant, and I note the Navistar International

16  Transportation Corporation case cited at 950 F.2d 524,

17  pertinent page being 526.  It's an Eighth Circuit case from

18  1991.

19         The question is whether or not these assets were

20  scheduled properly.  "Properly scheduled" under 554, in my

21  view, means full and fair disclosure.  To put it in another

22  fashion, it means all of the cards on the table face up at the

23  outset.  That is not the case here.  The scheduling of the

24  lawsuit only indicates it was against SS Nite Life.

25         The Pace case, which is Ninth Circuit Bankruptcy

1  Appellate Panel case of 146 B.R. 562 at 566, makes clear that

2  rights that are intertwined are not disclosed by partial

3  disclosure so I do not find the lawsuit to have been

4  disclosed.  It remained property of the estate.

5          The LLC was also not disclosed.  It's not listed in

6  the schedules.  The listing in the statement of financial

7  affairs is not sufficient.  There was an interest in the LLC,

8  and that is sufficient.  The debtor could argue about the value

9  of that, but it should have been listed and it was not.

10         Moreover, the law in this circuit is quite clear that

11  postpetition appreciation of an asset belongs to the Chapter 7

12  trustee, and that is what apparently has occurred here.  Or

13  maybe it hasn't appreciated, but it has just become more

14  liquidated.  Either way, this is the trustee's asset to sell so

15  we are going to proceed with the sale.

16         That said, we have identified a buyer as BBG,

17  Limited.  Sale price is fifteen thousand dollars, a private

18  sale with an overbid opportunity.

19         Other than BBG, is there anyone in the courtroom or is

20  there anyone on the telephone that wishes to serve as a bidder

21  in this matter?

22         You wish to be a bidder, Ms. Agha?

23         THE DEBTOR:  Correct.

24         THE COURT:  Very well.

25         You will step up to the podium, please.

1          Mr. Cumming, are you hearing this?

2          MR. CUMMING:  Yes, Your Honor.

3          THE COURT:  Your client wishes to serve as a bidder in

4     this auction.  Are you aware of that?

5          MR. CUMMING:  Yes, I am, Your Honor.

6          THE COURT:  Very well.

7          Is there anyone else who wishes to serve as a bidder,

8     other than --

9          And, Mr. Breitman, please step forward, as well.

10          Is there anybody besides the debtor -- and I think the

11     actual bidder is BBG, Limited, not yourself personally.

12          Is that right, Mr. Breitman?

13          MR. BREITMAN:  That's correct.

14          THE COURT:  You're welcome to sit there next to Ms.

15     Agha or next to Ms. Holder, if that's to your preference.

16          MR. BREITMAN:  I'll go sit next to Ms. Holder.

17          THE COURT:  Is there anybody else who wishes to serve

18     as a bidder in this matter?

19          I hear no response.

20          Ms. Holder, please assist me, if you would.

21          Was there any prequalification or minimum bid terms

22     that your notice set forth?

23          MS. HOLDER:  Yes, Your Honor.

24          Anyone intending to bid must bring a fifteen hundred

25     dollar refundable deposit in certified funds to court, and I

1  understand that Ms. Agha has brought fifteen hundred dollars --

2        THE COURT:  Would you like to inspect that to ensure

3  that you -- that it meets your criteria?

4        MS. HOLDER:  I would ask the trustee to do that.

5        THE COURT:  Okay.  Mr. Vetter?

6        And Ms. Agha will turn the cashier's check -- is that

7  what it is, Mr. Vetter?

8        MR. VETTER:  Yes, sir.  A cashier's check in the

9  amount of fifteen hundred dollars, correct.

10        THE COURT:  And you're satisfied as that meeting the

11  qualification?

12        MR. VETTER:  Yes, I am.

13        THE COURT:  Mr. Vetter will hold that until the end of

14  the auction.  If you are the unsuccessful bidder, he will

15  return it to you.

16        Is there any desire or intention to separate these --

17        Yes, ma'am?

18        THE DEBTOR:  So may I make a comment, please.  I

19  really --

20        THE COURT:  We're going to be bidding on this asset.

21  We're not going to take argument.

22        THE DEBTOR:  But, sir, just one comment.

23        THE COURT:  No.  We're going to sell this asset.  And

24  if you're not going to participate by the rules I've set, I'll

25  have the bailiffs remove you.

1          So, the question is, do you wish to be a bidder or

2   not?

3          THE DEBTOR:  I wish to be a bidder.

4          But I think I'm the only legitimate bidder in this,

5   not BBG, Ltd.

6          THE COURT:  Why?

7          But I'm not going to re-entertain argument of

8   something we've already done.

9          THE DEBTOR:  There is no re-entertainment of

10  argument.

11         I'm just stating the fact that this lawsuit was never

12  advertised publicly.  It was privately told to BBG, Ltd. that,

13  hey, this lawsuit is happening so you need to bid on it.

14         THE COURT:  Sure, it was.  There was a notice that was

15  given to all creditors in the case.

16         Did this not go out to everyone, Ms. Holder?

17         MS. HOLDER:  Yes, Your Honor.

18         Actually, BBG approached the --

19         THE COURT:  So it was advertised.

20         THE DEBTOR:  BBG, Ltd. is not a creditor.

21         THE COURT:  Well, it went out to BBG and all --

22  anybody else like BBG.

23         So the answer is, it at least went to all creditors so

24  yes, there was -- there was notice.

25         THE DEBTOR:  But BBG, Ltd., is a defendant in the

1    lawsuit, not a creditor.

2         THE COURT:  I understand that, and --

3         MS. HOLDER:  Your Honor, if I may be heard.

4         THE COURT:  Sure.

5         MS. HOLDER:  I also gave notice to all the other

6    members of the Vodka Around the World, LLC, because I thought

7    they may be potential buyers of the LLC interest, and they are

8    not here.

9         THE COURT:  So we have it noticed to creditors, we

10   have BBG, and we have the other Vodka owners noticed.

11        MS. HOLDER:  Yes, Your Honor.

12        THE COURT:  Tell me why that is not --

13        THE DEBTOR:  BBG is not a -- a creditor --

14        THE COURT:  Doesn't have to be.

15        THE DEBTOR:  BBG is a defendant.

16        THE COURT:  Doesn't have to be.

17        THE DEBTOR:  So was SF Night Life also notified?  Did

18   you notify SF Night Life?

19        Did you notify the other potential defendants, Tony

20   Carachi, because BBG knew that Tony Carachi had had a case

21   against SF Night Life, which he did not disclose to me at the

22   time of --

23        THE COURT:  Ms. Agha -- Ms. Agha -- Ms. Agha, it's a

24   question.  I don't mind you asking the question, but I'm not

25   going to take these monologues.

1          So the question to Ms. Holder is, did you notify --

2          THE DEBTOR:  SF Night Life and Tony Carachi, who

3  is --

4          THE COURT:  Just those two?  Is that all you want to

5  know, if they were notified?

6          THE DEBTOR:  Correct.

7          And the Grossman brothers.

8          THE COURT:  Okay.

9          Ms. Holder, are you able to answer this question?

10          MS. HOLDER:  I could refer to the proof of service,

11  Your Honor.  I notified everyone that was required to be

12  notified under the Rules of Civil Procedure --

13          THE COURT:  Let's take a look at the --

14          MS. HOLDER:  -- and additional people that I thought

15  might be interested in purchasing the asset.

16          THE COURT:  Would the -- would you have included on

17  the proof of service persons who might be bidders but were not

18  necessarily entitled to notice by law?  In other words, would

19  you have necessarily listed them on the certificate of

20  service?

21          MS. HOLDER:  Yes, if I was aware of their existence

22  and their interest in the asset --

23          THE COURT:  In other words, you didn't just send them

24  a letter.  You included them on the proof of service --

25          MS. HOLDER:  Yes, Your Honor.

1          THE COURT:  Okay.

2          Let's take a look at the certificate of service.

3          Okay.  I see a proof of service with what appears to

4     be the Court's matrix.

5          There is a second proof of service, which includes the

6     following persons:  The buyer's attorney, who is a Peter

7     Zouras, Z-O-U-R-A-S; yourself, ma'am, Ms. Agha; Jamon,

8     J-A-M-O-N, Hicks of the Cochran firm in Los Angeles; Mr.

9     Chandler; Mr. Vetter; LLC member Muhammad Ashraf -- I think.

10    He's a physician apparently in Bakersfield.

11         THE DEBTOR:  He's a colleague of mine.  I'm also a

12    physician here.

13         THE COURT:  Okay.  But he's an LLC member?

14         THE DEBTOR:  Correct.

15         THE COURT:  Okay.

16         I'm seeing Mr. Breitman with BBG.

17         I'm seeing -- and I'm going to get this name wrong,

18    and I'm sorry.  It's S-A-T-Y-A, last name, A-R-Y-A, also a

19    physician here in Bakersfield.

20         THE DEBTOR:  Correct.

21         THE COURT:  And then I see a Rosen Agelov,

22    A-G-E-L-O-V.  I see Mr. Cumming.  I see LLC member S-Y-E-D,

23    last name, S-A-G-H-I-R.  I see --

24         I think this is another name for you, ma'am.  It's

25    Agha Kahn, K-A-H-N.

1           THE DEBTOR:  That's me, Your Honor.

2           THE COURT:  Right.  I see you in a couple of places.

3           MS. HOLDER:  Your Honor, that's the agent for service

4  of process for the LLC under the --

5           THE COURT:  Right.  So you're saying who was missed

6  that should have been noticed?

7           THE DEBTOR:  SF Night Life that was so -- that was

8  mentioned everywhere in the bankruptcy papers that -- SF Night

9  Life was not mentioned.

10          In addition to other people --

11          THE COURT:  Your attorney gets to do the argument.

12  I'm going to let you ask questions because you're a bidder, but

13  I'm not going to entertain argument from you.

14          So who else -- just so that your attorney knows, who

15  else do you contend should have been noticed?  And then I'll

16  hear from your attorney.

17          THE DEBTOR:  SF Night Life.

18          THE COURT:  Who else?

19          THE DEBTOR:  Tony Carachi.

20          THE COURT:  Tony Carachi.

21          THE DEBTOR:  Grossman brothers.

22          THE COURT:  How do you spell "Carachi"?

23          THE DEBTOR:  C-A-R-A-C-H-I.

24          THE COURT:  Thank you.

25          The Grossman brothers.

1          And who else?

2          THE DEBTOR:  Bob and Gary Grossman.

3          THE COURT:  Bob and Gary Grossman.  Okay.

4          Who else?

5          THE DEBTOR:  I think, potentially, this should have

6   been a public notice.  It's an attempt for the trustee to

7   collect --

8          THE COURT:  I'm not going to take argument from you.

9   I'm going to warn you one more time.  I've asked you to

10  identify the people that you think should have been.

11         I'm going to hear from your attorney; and if he wishes

12  to make the argument -- where you have an attorney, the

13  attorney gets to speak for you.

14         Mr. Cumming, did you wish to be heard on the notice

15  issue?

16         MR. CUMMING:  Yes, Your Honor.

17         I think that the -- the client's concerns and our

18  concerns about the notice is just making sure that the proper

19  individuals receive notice about this opportunity to sell the

20  asset.  SF Night Life, you know, had a --

21         THE COURT:  I understand the argument.

22         The question is, why does this make it deficient?

23  We've given notice to all creditors and given notice to Mr.

24  Breitman and to several other parties involved in this.  That

25  does not look like insufficient notice to me.

1          Tell me why these four or five missing names renders

2    this sale inappropriate.

3          MR. CUMMING:  I'm not in a position now to state why

4    the absence of these names would render it insufficient.  I'm

5    just -- I wasn't -- I wasn't prepared to simply address these

6    issues.

7          THE COURT:  Very well.

8          The objection is overruled.  We are proceeding with

9    the sale.

10          Ms. Agha, you intend to be a bidder, and Mr. Vetter

11    has your check.

12          Is there an overbid price, Ms. Holder?

13          MS. HOLDER:  Your Honor, the proposed bidding

14    procedures were to bid in five hundred dollar increments.  And

15    I would note that the trustee does have the deposit from BBG,

16    Limited, for fifteen hundred dollars also.

17          THE COURT:  Very well.

18          So it will be five hundred increments.

19          And does anybody wish to segregate these assets or is

20    the desire to purchase them in a group, en masse?  As I

21    understood it, the trustee noticed this up for the sale of both

22    assets together.

23          This is the way we're proceeding, Ms. Holder?

24          MS. HOLDER:  Yes, Your Honor.

25          THE COURT:  Mr. Breitman?

1        MR. BREITMAN:  I guess.  I'm not sure of the

2 consequences.  Maybe my attorney can --

3        THE COURT:  Mr. Chandler?

4        MR. CHANDLER:  Your Honor, that's my understanding.

5        THE COURT:  Ms. Agha, is there any reason that's not

6 right?  We're talking about both assets here, right?

7        MR. CUMMING:  Both assets, Your Honor.

8        THE COURT:  Very well.  We're going to proceed.

9        We have the fifteen -- we are going to start at

10 fifteen thousand dollars, and the offer's from BBG.

11        And, Mr. Breitman, you are speaking not personally but

12 on behalf of BBG, Limited, true?

13        MR. BREITMAN:  True.

14        THE COURT:  Okay.

15        So is fifteen thousand.  We're going to go in five

16 hundred dollar increments.

17        Ms. Agha, did you wish to better the offer of fifteen

18 thousand?

19        THE DEBTOR:  I certainly would, Your Honor.  I would

20 like to better the offer to fifteen hundred, plus ten percent

21 of my winnings from --

22        THE COURT:  Fifteen thousand five hundred.

23        THE DEBTOR:  No.  From what's collected from this

24 lawsuit because this lawsuit is an asset.

25        So, what's collected at the end of the judgment, I

1  want to give ten percent of that to the trustee.  And the

2  previous judgment in a similar lawsuit that Mr. Breitman was

3  aware of -- .

4         THE COURT:  Now this is a number.  All we're doing is

5  a number.

6         So you're going to say fifteen thousand five hundred,

7  plus you want to give a share of the net proceeds of the

8  lawsuit.

9         And I'm not going to allow that.  We're going to do

10 this in straight dollars, unless Ms. Holder is willing to

11 consent to that, and I doubt she will.

12        MS. HOLDER:  We do not consent to that, Your Honor.

13        THE COURT:  Very well.  We're going to proceed in

14 dollars alone.

15        So you are bidding fifteen thousand five hundred,

16 Ms. -- Dr. Agha?

17        THE DEBTOR:  Sir, the previous lawsuit was -- seven

18 hundred thousand dollars was the judgment on that, if Ms.

19 Holder does not realize it, so she would never make a lot of

20 money --

21        THE COURT:  I'm not taking -- I'm not taking argument

22 from you.  And I told you this, and I'm not going to tell you

23 again.  I'm just going to ask the bailiff to remove you.

24        So the answer is, we're going to do this in dollars.

25        You are bidding fifteen thousand five hundred dollars,

1  true?

2          THE DEBTOR:  Correct.

3          THE COURT:  Mr. Breitman --

4          MR. BREITMAN:  Yes.

5          THE COURT:  -- do you wish to better that?

6          MR. BREITMAN:  I'm sorry?  What -- I didn't hear

7  what --

8          THE COURT:  Fifteen -- the bid is fifteen thousand

9  five hundred from Dr. Agha.

10         Did you wish to better that?

11         MR. BREITMAN:  Yes -- yes, Your Honor.  I'll raise it

12  by five hundred.

13         THE COURT:  Sixteen thousand, then?

14         MR. BREITMAN:  Yes, that's correct.

15         THE COURT:  Dr. Agha?

16         THE DEBTOR:  Sixteen thousand five hundred.

17         THE COURT:  Mr. Breitman?

18         MR. BREITMAN:  Seventeen thousand.

19         THE DEBTOR:  You know what, Your Honor?  I'm sorry.  I

20  wish to be excused from this bidding.  I just -- I'm sorry.  I

21  do not want to play this game.  You can just give it to him for

22  fifteen hundred dollars.  I withdraw every single bid.

23         THE COURT:  Okay.

24         THE DEBTOR:  I'm sorry.  I am not because -- I will be

25  appealing this thing because Mr. Jeffrey Vetter has unanimously

1  made sure that the only bidder in this case be Mr. Breitman and

2  BBG, Ltd. who is the defendant --

3          THE COURT:  Dr. Agha?

4          THE DEBTOR:  I'm sorry.  I wish to be excused.  I do

5  not want to play these games.

6          THE COURT:  You are excused.

7          So then we are back to the original fifteen thousand

8  dollar offer; is that right?

9          THE DEBTOR:  I'm sorry.  Fifteen hundred.  I

10  withdrew.  Fifteen hundred.

11          THE COURT:  I understand.

12          I'm speaking to Mr. Breitman.

13          MR. BREITMAN:  Yes.

14          THE COURT:  We're back --

15          Or is it your view that it's now higher, Ms. Holder?

16          I think we're back at fifteen thousand, unless you can

17  convince me otherwise.

18          MS. HOLDER:  May I have a moment to consult with my

19  client.

20          THE COURT:  You may.

21          MR. VETTER:  Your Honor, I'm going to return --

22          THE COURT:  The record is --

23          Dr. Agha, would you like your check?

24          Mr. Vetter?  Thank you.

25          Record will reflect that Mr. Vetter --

1          THE DEBTOR:  Your Honor, it's a fake drama.  It's a

2    fake --

3          THE COURT:  Dr. Agha, you -- Dr. Agha --

4    Mr. Welsh, would you please get the CSO.

5          MS. HOLDER:  Your Honor, the trustee --

6          THE COURT:  Just a moment, please.

7          COURT SECURITY OFFICER:  Yes, Your Honor?

8          THE COURT:  Dr. Agha, who just left, did you see her?

9          COURT SECURITY OFFICER:  Yes, I do, Your Honor.

10         THE COURT:  She has voluntarily left the room, and

11   that is fine.

12         If she wishes to return, that is acceptable; but I

13   would like you in the room with her.

14         COURT SECURITY OFFICER:  Thank you, Your Honor.

15         THE COURT:  Thank you.

16         Ms. Holder, we're to you.

17         And I think the question is, Mr. Breitman, you still

18   wish to serve as a bidder?

19         And I think the question is, is it fifteen or is it

20   seventeen?

21         MS. HOLDER:  The trustee would accept the fifteen

22   thousand dollar initial offer --

23         THE COURT:  Fine.

24         And that is your offer, Mr. Breitman?

25         MR. BREITMAN:  Yes, Your Honor.

1          THE COURT:  BBG's, anyway.

2          MR. BREITMAN:  BBG's, correct.

3          THE COURT:  Very well.

4          Is there anybody else who wishes to be heard on this

5     matter?

6          There is no one.

7          The tentative is the ruling.  BBG, Limited is --

8     excuse me.

9          MS. HOLDER:  Thank you, Your Honor.

10          THE COURT:  BBG is the approved buyer at fifteen

11     thousand.

12          There being no other buyers, we won't take a back-up

13     buyer since Dr. Agha has indicated her willingness to -- her

14     unwillingness to proceed.

15          You will prepare the order, Ms. Holder.

16          Is there anything else that we need to do this

17     afternoon?

18          MS. HOLDER:  I sure hope not, Your Honor.

19          THE COURT:  Thank you very much, and that will be the

20     order.

21          Mr. Welsh, thank you for your assistance a moment ago.

22          MR. WELSH:  Anytime, Your Honor.

23          MR. CHANDLER:  David Chandler for BBG.

24          Thank you, Your Honor, for Your Honor's patience.

25          MR. BREITMAN:  Thank you, Your Honor.

1        THE COURT:  Mr. Cumming, nothing further from you?

2        MR. CUMMING:  Nothing further, Your Honor, and thank

3   you.

4        THE COURT:  Thank you.

5        (The proceedings were concluded.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

39

1          I, LINDA A. GORMAN, Registered Merit Reporter and

2   C.S.R. License #12693, do hereby certify the foregoing

3   transcript as true and correct.

4

5

6   DATED: February 18, 2013

7                              By:/s/Linda A. Gorman, RMR
                               Certified Shorthand Reporter #12693

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT Z-A

**New Case Doc#82: Transcript of Hearing held on January 9, 2014 regarding ExParte Motion to Vacate (illegal) lockout of Plaintiff from her Primary Residence of ten plus years**

a. **"Misleading" Transcript Title:**

- **from Personal Copy obtained directly from Wood & Randall:** No 10-16183 *(Exhibit Z-A)*

- **from Doc#82 March 13, 2014,** where **number of Docket is too far out** as a lot of motions etc have happened since the hearing and its **OVER TWO MONTH DELAYED IN FILINGFILING: No Lies here** *(Exhibit B)*

a. **"Misleading"/Irregularities of Docket Title: An Order itself with Doc # of this hearing DOES NOT EXIST**

- March 13, 2014: Doc #82 where **number of Docket is too far out** as a lot of motions etc have happened since the hearing and its **OVER TWO MONTH DELAYED IN FILING: with No mention of REGARDING WHAT!!** *(Exhibit B)*

- January 13, 2104: BLANK DOCKET stating "Docket entry reserved for internal use"

- January 14, 2014: Doc #56 CIVIL MINUTE ORDER/ORDER TO CONTINUE HEARING re Doc #42

- **Notice of REDACTION**

BM010914

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

HON. FREDRICK E. CLEMENT, JUDGE

――――――――――

SALMA AGHA,                     )
                               )
            Plaintiff,         )
                               )
      vs.                      )No. 10-16183
                               )
CITIMORTGAGE, et al.           )
                               )
            Defendant.         )
                               )
                               )

REPORTER'S TRANSCRIPT OF HEARING

Thursday, January 9, 2014

Fresno, California

Reported by:  Bree Mervin, CSR No. 13057, RPR, CRR

2

1                        APPEARANCES

Page 1

2                       BM010914

3    For Plaintiff:         In Pro Per
                             Jose Mendez

4

5

6    For Defendant:         Wolfe & Wyman
                             By MS. HEATHER S. KIM

7                             Attorney at Law
                             2175 North California Boulevard

8                             Suite 645
                             Walnut Creek, California  94596

9                             (925)280-0004
                             kskim@wolfewyman.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

WOOD & RANDALL
(800) 322-4595

                                           3

1                    Fresno, California

2            Thursday, January 9, 2014; 11:15 a.m.

3       United States Bankruptcy Court, Department 11

BM010914

4

5        THE COURT:  Good morning.  We are on the record

6    in the especially set matter of Selma Agha, A-G-H-A,

7    versus CitiMortgage, et al., case 13-01086.

8            I will take the appearances, and for those

9    participating by phone, other than court staff, we have

10   no one in the courtroom.  I will take the appearances.

11       MS. KIM:  Good morning, your Honor, Heather

12   Kim, K-I-M, appearing on Court Call for the defendant,

13   CitiMortgage.

14       MR. MENDEZ:  Good morning, your Honor, this is

15   Jose Mendez, appearing at the representation of Selma

16   Agha.  She is actually very ill right now.  She couldn't

17   appear, and we wondered if you could please postpone

18   this hearing for a further date.

19       THE COURT:  Oh.  Mr. Mendez, you are an

20   attorney or not an attorney?

21       MR. MENDEZ:  No, your Honor.  I'm not an

22   attorney.  I'm Selma's friend.

23       THE COURT:  Okay.  She is ill, and she has

24   asked you to request a short continuance of this matter?

25       MR. MENDEZ:  That's correct, your Honor.

26       THE COURT:  Oh, okay.  Ms. Kim, that doesn't

WOOD & RANDALL
(800) 322-4595

♀

4

1    seem entirely unreasonable to me.  I would be inclined

2    to allow a short continuance.  Is there a problem from

3    your standpoint?

4            MS. KIM:  Your Honor, we would like the

BM010914

5  continuance to be as short as possible.  As your
6  previous orders are made clear, she appears to have
7  filed a judicial misconduct complaint against the Court.
8  Her motion to disqualify your Honor as a judge was
9  dismissed.  The motion to vacate, I don't think is very
10  merited.  If we could just request the continuance to be
11  maybe a week.  I don't know how long she needs to
12  recover from her illness.
13        THE COURT:  Let's ask Mr. Mendez what might be
14  a convenient time for Ms. Agha.
15        MR. MENDEZ:  Your Honor, she requested at least
16  30 days, if possible.
17        THE COURT:  Without going into any details of
18  the reasons she's unable to be here, that's a private
19  medical matter for herself and physicians that she may
20  consult, I really don't want to know the particulars,
21  can you just tell me is the need for 30 days the nature
22  of the illness or some other reason?  In other words, is
23  she going to continue to be sick for a full 30 days?
24        MR. MENDEZ:  Well, actually, we have a letter
25  from the doctor.  She just got abdominal and surgical
26  surgery in December.

WOOD & RANDALL
(800) 322-4595

5

1        THE COURT:  Please, don't go into the details
2  with me.  That's private, and I really don't want to
3  invade her privacy.
4        MR. MENDEZ:  I understand, your Honor.  I
5  appreciate that.
6        THE COURT:  That's good.  I agree with
                        Page 4

BM010914

7   CitiMortgage that it should be short, but I'm not

8   opposed to some continuance.  She would be allowed to

9   appear by phone, Mr. Mendez, as you are doing now.

10        Do you think, notwithstanding an appearance by

11   phone, that she needs a full 30 days?  In other words,

12   she wouldn't have to come to court personally, she could

13   do that by phone.  Do you still think that 30 days is

14   appropriate?

15        MR. MENDEZ:  I will definitely consider the 30

16   days if you need it because she is in really bad shape.

17        THE COURT:  Let's give 30 days.

18        MR. MENDEZ:  For the record, she's been looking

19   forward to this hearing, and she was hoping to be able

20   to drive and see yourself and the opposing parties.

21   Unfortunately, she's just in completely bad shape.

22        THE COURT:  Understand.  We more than

23   understand health problems and are concerned.  Would a

24   date of February the 13th at 11:00 a.m.?  Is that

25   convenient to the parties?

26        MR. MENDEZ:  Yes, your Honor.

WOOD & RANDALL
(800) 322-4595

6

1        MS. KIM:  I have a conflicting hearing in

2   another matter that exact time.  Is there -- can we do

3   the 6th at 11:00?

4        THE COURT:  Let me take a look.  Unfortunately,

5   that's not a regularly scheduled court date for me.

6   That's not really as convenient.  I could do it on

7   February the 12th and do it later in the afternoon,

Page 5

BM010914

8    maybe three o'clock.

9            MS. KIM:  That works for City Mortgage, your

10   Honor.

11           THE COURT:  What about --

12           MR. MENDEZ:  That will work.  Yes, your Honor.

13           THE COURT:  Why don't we make this for -- we

14   will continue this at the request of Ms. Agha to

15   Wednesday, February 12th, at 3:00 p.m., here in Fresno.

16           Telephonic appearances are authorized, although

17   parties are welcome to come to court physically should

18   they choose to do so.  We will make it February the 12th

19   at 3:00 p.m.

20           Is notice of the further hearing waived by the

21   parties?

22           MS. KIM:  Yes, your Honor.

23           MR. MENDEZ:  I would like to receive a written

24   notice, your Honor, if you don't mind.

25           THE COURT:  That's fine.  We'll issue a civil

26   minute order that will continue it to that date.

WOOD & RANDALL
(800) 322-4595

7

1            Anything else?

2            MS. KIM:  Is this going to be in the same

3    department at 3:00 p.m.?

4            THE COURT:  Yes, in Department A.  That's

5    right.

6            MS. KIM:  Thank you, your Honor.

7            THE COURT:  Thank you.

8            MR. MENDEZ:  Thank you, your Honor.

9            THE COURT:  That will conclude our hearing

Page 6

BM010914

10    today.

11    (11:20 a.m.)

12

13

14         I, BREE MERVIN, Court Reporter, do hereby certify

15    the foregoing transcript as true and correct.

16

17    DATED:   March 12, 2014   By:/s/Bree Mervin
                                    Court Reporter
18

19

20

21

22

23

24

25

26

WOOD & RANDALL
(800) 322-4595

BM021214

4

5        THE COURT:  Good afternoon.  We're calling the

6    three o'clock calendar.  There are two matters set in

7    the same case.  This is the matter of Agha versus

8    CitiMortgage, Inc., case 13-1086.

9        I'll take all appearances on all matters at

10    this time.

11        MS. KIM:  Good afternoon, your Honor.  Heather

12    Kim, last name K-I-M, appearing on Court Call on behalf

13    of defendant, CitiMortgage.

14        MS. AGHA:  This is Dr. Selma Agha, making a

15    telephone appearance on this matter.

16        THE COURT:  And as I recall, you are

17    representing yourself?

18        MS. AGHA:  Correct.

19        THE COURT:  Good afternoon to each of you.

20        Are there any other appearances at this time?

21    I hear none.

22        First, there has been a request for an order

23    shortening time on a motion for disqualification.  I did

24    shorten time on this.  This is Ms. Agha's motion, and I

25    will allow her to go ahead and to make her argument.

26        MS. AGHA:  Well, your Honor, we have had quite

WOOD & RANDALL
(800) 322-4595

♀

4

1    a few ongoing issues with the -- between myself and

2    yourself, as you must have had the opportunity to review

3    the judicial conduct misconduct report that I have

4    already filed, and in the same, I did argue that you

BM021214

5    were unable to continue as a judge.  You need to be

6    disabled as a judge because you cannot perceive

7    conflicts of interest.

8          Also, I have filed a lawsuit on February the

9    11th, suing you for damages and occurrence related to

10   your inability to perceive conflict of interest and also

11   myself being a colored minority woman that you have

12   constantly and repeatedly shown your bias against me.  I

13   do not feel comfortable with you continuing to judge on

14   my case.  I'm sure you have had the opportunity to read

15   the lawsuit in which you were named, and that has been

16   filed in Los Angeles.

17         MS. KIM:  Your Honor, Heather Kim on Court

18   Call.

19         THE COURT:  Ms. Kim, I think I'm going to stay

20   with Ms. Agha for the time being, and I actually

21   consider this probably not a matter that a creditor has

22   a voice on.  I am taking this as Ms. Agha's motion

23   directed to me.  I'll continue with her for just a

24   moment.

25         As I understand your concerns, Ms. Agha, is

26   that they were, one, that you had filed a complaint of

WOOD & RANDALL
(800) 322-4595

♀

5

1    judicial misconduct against me; and two, this lawsuit

2    filed in Los Angeles County.  Those are the basis of

3    this motion.

4          MS. AGHA:  Well, all the basis are outlined in

5    detail.  These are just the headings of the basis.

6          THE COURT:  And the other basis would be the
                      Page 4

BM021214

7   things that underlie each of these proceedings?

8          MS. AGHA:  Correct.  That is gender bias.

9   There is harassment.  There are a whole lot of things

10  which I have gone into detail with proof in my judicial

11  misconduct report and also in my lawsuit.

12         THE COURT:  Okay.  Thank you.

13         MS. AGHA:  You have violated my civil rights on

14  multiple occasions.  You have harassed me, and I do not

15  think you should -- you're fit enough to be a judge, at

16  least on my case, for now.

17         THE COURT:  Thank you.

18         Is there anything else you would like to add to

19  that?

20         MS. AGHA:  I think that's enough.

21         THE COURT:  Okay.  Thank you.

22         Is the matter submitted then, Ms. Agha?

23         MS. AGHA:  Yes.

24         THE COURT:  Is there anything else you would

25  wish to add, or is that it?

26         MS. AGHA:  No.  I'm fine.  All the details have

WOOD & RANDALL
(800) 322-4595

6

1   been outlined in my motion, not just for the shortening,

2   but also the motion for you to dismiss yourself and to

3   disqualify yourself.

4          THE COURT:  Thank you.  I will deem the matter

5   submitted, and I am prepared to rule on this.

6          I have reviewed Ms. Agha's motion.  This is the

7   second motion for disqualification in this case.  The

Page 5

BM021214

8 motion proceeds under 28 USC 455(a), which provides that

9 any justice, judge, or magistrate judge of the United

10 States shall disqualify himself in any proceeding his

11 impartiality may reasonably be questioned.

12        The question is whether a reasonable person

13 with knowledge of all facts would conclude that the

14 judge's impartiality may be questioned, and the citation

15 to that is the matter of Milgard Tempering, Inc., versus

16 Selas, S-E-L-A-S, Court of America, 902 F.2d 703 through

17 714, 9th Circuit Court of Appeals, 1990. The case law

18 makes clear that a motion for disqualification -- a

19 judicial misconduct complaint does not in and of itself

20 form a basis for disqualification, standing alone it is

21 insufficient. I notice the case of Focus Media, Inc.,

22 versus National Broadcast Company, 378 F.3d 1916, the

23 pertinent portions being 929 through 931 and 9th Circuit

24 Court of Appeals 2004.

25        I am also mindful of some authority that

26 indicates a lawsuit involving the judge is also

WOOD & RANDALL
(800) 322-4595

♀

7

1 itself -- in and of itself insufficient for a motion for

2 disqualification. The matter of in re Taylor, 417 F.3d

3 649, and it is the 7th Circuit Court of Appeals of 2005.

4 I have considered the evidence, particularly the facts

5 and allegations underlying each of these proceedings.

6 They are not well taken. They are not true, and I do

7 find this to be a tactic to disqualify me. And I do not

8 find it has merits. For these reasons, the motion will

9 be denied.

Page 6

BM021214

10          The civil minutes will indicate -- there will
11   be a civil minute order indicating the motion is denied,
12   and for the reasons stated on the record.
13          With that said, I would like to proceed to the
14   other matter on today's calendar, and this is described
15   as a motion to restore Ms. Agha to possession of her
16   Bakersfield residence.  I'm going to hear first from
17   Ms. Agha on this, and then I will hear from Ms. Kim.
18          Ms. Agha, did you wish to be heard?
19          MS. AGHA:  I certainly wish to be heard.  This
20   bankruptcy was open, and in the middle of this
21   bankruptcy, I was one day, while I was out of town, I
22   was locked out of my primary residence.  There was no
23   relief obtained from the bankruptcy by the CitiMortgage.
24          CitiMortgage previously had held me on for over
25   five months saying that my case was in underwriting, my
26   request for loan revision was in underwriting,

1    everything was approved, everything was fine, and for
2    five months, they kept me hanging in the underwriting
3    state prior to one day just denying it and foreclosing
4    on it.
5          Within weeks of this foreclosure, prior to
6    anything being done, my bankruptcy was reopened.  So
7    then what they did is they tried to do an underhand deal
8    by going in the local court and start the eviction
9    process.  They did that process, and I did not realize
10   at the time how I should have appropriately responded to

BM021214

11  it.  I should have filed this lawsuit then.

12      So what they did is they were able to get the
13  eviction notice.  They failed to disclose in those
14  proceedings that my bankruptcy was still open, and thus,
15  this sideways approach should never have happened.
16  Because the bankruptcy was still open, they should not
17  have done it.

18      They first tried, and then nothing happened for
19  over a year.  Then they tried this eviction scheme
20  through the sheriff, and my attorney at the time sent
21  the letter showing to them here's the bankruptcy, which
22  is still open, and nothing has been received so far
23  asking for relief from the bankruptcy and taking away my
24  primary residence.  So the sheriffs backed off, and all
25  of a sudden, one fine day, they came and locked me out.
26  So I'm not sure what reasoning they have for keeping me

WOOD & RANDALL
(800) 322-4595

9

1   hanging this way for five months.

2       I'm currently renting a furnished house in
3   Orange County for $7,000 a month.  So my damages are
4   adding up, and I'm sure that CitiMortgage will have
5   appropriate reasons to say what they did or what they
6   did not do in this case.

7       THE COURT:  Thank you.  I did have a couple of
8   questions.  The sequence of events, I have a different
9   recollection of, and I did review the record.  I would
10  like to review those with you, Ms. Agha, to make sure I
11  am clear.

12      It looks to me like your bankruptcy was filed
Page 8

BM021214

13  May 30th of 2010.  Is that consistent with your

14  recollection?

15          MS. AGHA:  Correct.

16          THE COURT:  And I'm looking down in the clerk's

17  docket, and I see that your discharge was issued, I

18  believe, May 23rd of 2010.  That is what my records

19  show.  Is that consistent with your memory?

20          MS. AGHA:  No, your Honor.  The discharge

21  happened September 28th, 2010.  It was again reopened on

22  September 23rd, 2012.

23          THE COURT:  Okay.  I'm showing the discharge on

24  September 23rd, 2010.  You're remembering it as

25  September 28th, but we can agree within five days it was

26  September of 2010 for your discharge; correct?

WOOD & RANDALL
(800) 322-4595

10

1           MS. AGHA:  Correct.

2           THE COURT:  Then I'm looking down in the

3   record, and I am seeing that your case closed, I think,

4   on -- I'm double checking at this moment, but this is my

5   recollection from my previous review, the case closed, I

6   think, it was January the 7th of 2011.  Is that also

7   consistent with your records?

8           MS. AGHA:  Correct.  It was discharged at that

9   point.

10          THE COURT:  I think the case closed at that

11  point.  The discharge was September, and the foreclosure

12  that we're talking about here occurred May of 2012; is

13  that right?

Page 9

BM021214

14    MS. AGHA:  Correct.

15    THE COURT:  Okay.  Then the case was reopened,

16  and I'm going to double check that, September 18th of

17  2012.  Is that also consistent with your memory?

18    MS. AGHA:  Correct.

19    THE COURT:  Then there was the eviction in

20  2013?

21    MS. AGHA:  Correct.

22    THE COURT:  So the order is --

23    MS. AGHA:  While the bankruptcy was open, they

24  went into the regular court in the city, and they did

25  not disclose the fact that the bankruptcy is still open

26  while they went, CitiMortgage went and started this

1  whole thing over there.

2    I did not know the proper procedure, and I did

3  not disclose the fact over there that the bankruptcy was

4  still open.  This was a sideways way of doing things.

5  They should have gone to the bankruptcy court with the

6  bankruptcy still open.  They should not have gone to the

7  local court to try to get an eviction at that point

8  without obtaining a relief from the bankruptcy court of

9  this property.

10    THE COURT:  Thank you.

11    I guess my -- I want to be sure I'm clear on

12  this point.  It's my understanding that the foreclosure

13  occurred through a title company and not through a legal

14  action in the Superior Court of Kern County.  It's that

15  the eviction was through the Kern County Superior Court.

BM021214

16    Is that not correct?

17         MS. AGHA:  Correct.

18         THE COURT:  My understanding is correct?

19         MS. AGHA:  Correct.

20         THE COURT:  Okay.  So the correct order then is

21    closure of your bankruptcy in January of 2011.

22    Foreclosure in May of 2012.  The bankruptcy is reopened

23    September of 2012, and the eviction, using the Kern

24    County Superior Court, occurred in 2013.  Do I have that

25    sequence right?

26         MS. AGHA:  I think so.

WOOD & RANDALL
(800) 322-4595

12

1         THE COURT:  I have reviewed the records, and I

2    believe that's -- I believe that's what happened.  I

3    have reviewed your motion, but if I'm mistaken, please

4    correct me.  I think that's the sequence that happened.

5    If there's something wrong, please do correct me.

6         MS. AGHA:  No.  I think that that is correct;

7    however, this -- the eviction process that they did

8    happened while the bankruptcy was open.

9         THE COURT:  Well, you mean the eviction that

10    occurred after the case reopened?

11         MS. AGHA:  After the case reopened, exactly.

12    The eviction process they started in Bakersfield.  That

13    was started while the bankruptcy was open.

14         THE COURT:  Was reopened?

15         MS. AGHA:  Reopened, correct.

16         THE COURT:  We agreed the foreclosure occurred

Page 11

BM021214

17  after the case closed but before it reopened?

18      MS. AGHA:  Correct, and this foreclosure was an

19  underhand deal after they led me on for over five months

20  into believing my case was in underwriting.

21      THE COURT:  I understand.

22      MS. AGHA:  They led me under false belief, and

23  so they, in a way, paralyzed me from trying to do

24  anything else for me to be able to keep this property.

25  I have records I had engaged an outside company to do

26  this negotiating on my behalf.

WOOD & RANDALL
(800) 322-4595

13

1       I have all the records every single time they

2  called, that company called.  We were told, "Oh, no, no,

3  no, it's in underwriting.  You don't have to worry about

4  anything."  I even brought the subject of short sale at

5  that point, and they were like, "No, no, it's in

6  underwriting.  It's fine.  You do not want to mess that

7  up because it's all done.  Everything is taken care of.

8  If you go the route of short sale or try to do anything

9  else, then your loan will not get modified."

10      So continuously they kept me hanging under

11  false pretenses.

12      THE COURT:  I understand the problem and have

13  dealt with the associated problems with loan

14  modifications before.  It is something of concern.

15      I have reviewed your complaint, and your

16  complaint to me looks like what you're claiming is that

17  they are violating the stay by these actions.

18      MS. AGHA:  Correct.

Page 12

BM021214

19          THE COURT:  I couldn't see that you were saying
20    anything else.  What you were saying, I think, was just
21    that they were violating the stay.  I think that's all
22    you pled in your complaint; is that right?

23          MS. AGHA:  Correct.

24          THE COURT:  Okay.  So I think I have a grasp on
25    the problem.  I'm going to hear from Ms. Kim at this
26    point.

                    WOOD & RANDALL
                    (800) 322-4595

♀

                                                      14

1          MS. KIM:  Good afternoon, your Honor.
2              The sequencing of events is correct from our
3    end as well.  Given Ms. Agha's concession the only cause
4    of action and the basis of her entire adversary
5    complaint, which has been stayed, as you know, pending
6    the determination of her judicial misconduct complaint
7    against your Honor, is that there was a stay in place
8    during what I have referred to as the gap period.

9              The time between the time that her bankruptcy
10    was discharged in September of 2010 and thereafter
11    closed in January 2011, the house was then sold in May
12    of 2012, nearly two years after that, and then reopened
13    by the trustee purely on the basis she had failed to
14    disclose an asset called Vodkas Around the World, I
15    believe.  That was the only basis of reopening the
16    foreclosure.

17              There is no case authority or statute of any
18    kind authorizing the imposition of a stay retroactively
19    during the period between the reopening of a foreclosure

                    Page 13

BM021214

20   and the closure of the bankruptcy in the first place.

21   That is the only basis to allow Ms. Agha to overcome

22   anything via her complaint.

23        Ms. Agha has failed to establish or provide any

24   law to the contrary.  My legal research has not

25   recovered anything to the contrary as well.  Therefore,

26   we request that this motion, apparently based on after

WOOD & RANDALL
(800) 322-4595

15

1    eviction proceedings, which I addressed, also, in my

2    opposition.  It is also noteworthy to state that

3    Wilmington Trust Company handled the eviction.  It was

4    not CitiMortgage.

5         Furthermore, it seems plaintiff seeks damages

6    of $7,000 a month for having to move to Irvine.  Just as

7    a common sense sort of argument, it would appear odd

8    that she is paying out seven grand to live in one of the

9    most expensive places in California, fully furnished,

10   and suing us for damages foreclosing on a house that she

11   was unable to pay for and claimed bankruptcy on.  It

12   went through foreclosure after her bankruptcy closed.

13        If you have any other arguments at this time,

14   we would be happy to hear them.  I think Citi's

15   arguments have been set forth pretty clearly to your

16   Honor.

17        THE COURT:  Anything else, Ms. Kim?

18        MS. AGHA:  I think that's it for now.  Thank

19   you.

20        THE COURT:  I'm going to go to Ms. Agha, and

21   then I'm going to take the matter under submission.  I'm

Page 14

BM021214

22  asking is there anything else, not just at this time,

23  but at all that you wish to offer?

24          MS. KIM:  This is on a different point.  What

25  is the process of getting our motion to dismiss to the

26  adversary complaint back on the calendar?  It was taken

WOOD & RANDALL
(800) 322-4595

16

1   in stay the entire action pending her judicial

2   misconduct complaint against your Honor.

3           This case has not moved forward on our end

4   because of that complaint.  I'm wondering what the

5   procedure is to get that motion heard.  It would appear

6   to us that this motion to vacate is almost identical to

7   her adversary complaint.  By addressing this on the

8   papers submitted today, I would inquire as to what we

9   can do to move this matter forward on our end to find a

10  resolution and disposal of the adversary complaint

11  action.

12          THE COURT:  Thank you.

13          That is not before me, but I have stayed that

14  pending the resolution of the 9th Circuit.

15          Is the matter submitted from your end, Ms. Kim,

16  before I turn to Ms. Agha again?

17          MS. KIM:  Yes, it is, your Honor.

18          THE COURT:  Thank you.

19          Ms. Agha, what would you tell me, in response

20  to what Ms. Kim has said, and why is she mistaken?

21          MS. AGHA:  Okay.  Number one, when she is

22  bringing up being judgmental that my bankruptcy was open

Page 15

BM021214

23  because I failed to disclose certain things, I would

24  have her refer to the creditors meeting transcripts,

25  which I will gladly provide to her that this LLC,

26  Ms. Kim, was disclosed.  It was discussed in detail, in

WOOD & RANDALL
(800) 322-4595

17

1   a lot of detail.

2          In fact, Mr. Jeffrey Vetter continued to go

3   back to my instances in the LLC and the two potential

4   lawsuits that arose because of this LLC.  The reason it

5   was not put in the schedule was because we had no real

6   value at the time, and it's Mr. Vetter's thoughts these

7   were real assets, then he failed at the time to ask me

8   to redo the schedule at the time of the original

9   bankruptcy.

10         So if you would like to see these papers, I

11  would gladly show them to you.  You can view the

12  lawsuits, which names Mr. Vetter as a defendant in my

13  lawsuit as well because of his misrepresentation.

14         My reopening of the bankruptcy was not at all

15  my choice, and as far as my paying $7,000 now, let me

16  tell you something.  In a matter of several years,

17  people's situations change.  Okay?

18         Yes, I am living in a $7,000 fully furnished

19  house because it still is a little bit similar to what I

20  had in bankruptcy.  Actually, it's not.  It's far from

21  being similar.  It's something I came up with at the

22  last minute because I do not feel safe living in

23  Bakersfield because of all the adversary actions I have

24  had against me taken in Bakersfield.  It's a sad thing.

Page 16

BM021214

25          I'm the only one -- I'm the only physician with
26     my qualifications in the county of Bakersfield and in

WOOD & RANDALL
(800) 322-4595

♀

18

1     Tulare County and possibly in a few other counties
2     around the area.  So I think that is a loss for the
3     county of Bakersfield currently.
4          In response to that, yes, now I am able to
5     afford paying $7,000 for a furnished three bedroom house
6     in Irvine, and it is not actually a house.  It is
7     actually a townhouse, and I was able to get at a moments
8     notice because this is what you guys did underhandedly.
9          So I think I'm done over here with this.
10         THE COURT:  Okay.
11         MS. AGHA:  Hello?
12         THE COURT:  Ms. Agha, are you there?
13         MS. AGHA:  Yes, I am there.
14         I do -- I'm a single mother of two children.
15    I'm a single mother of two children, and my children do
16    visit me.  And so I did need a three bedroom house,
17    furnished house, as for that matter.
18         THE COURT:  Very well.  Thank you, Ms. Agha.
19    Was there anything else that you wished to add to this
20    conversation?
21         MS. AGHA:  No.  I think I'm done with this.
22         THE COURT:  The matter is submitted then?
23         MS. AGHA:  The matter is submitted.
24         THE COURT:  Ms. Kim, also submitted?
25         MS. KIM:  Also submitted, your Honor.

Page 17

BM021214
26         Just a quick point.  I think this is also

WOOD & RANDALL
(800) 322-4595

♀

                                          19

1    addressed in my opposition, which I know your Honor said

2    you read --

3          THE COURT:  I think I understand.  I think

4    we're going to call this submitted at this point.

5          I have reviewed this and prepared to rule.  The

6    background for this case is this is an adversary

7    proceeding for violation of the automatic stay only.

8    The debtor has filed a motion for an order vacating the

9    judgment of lockout in the case and allowing her to

10    regain possession of the property located in

11    Bakersfield.  Essentially, the debtor is seeking to

12    reoccupy the real property after the defendant had

13    evicted her.  I do note she has moved out and currently

14    resides in the Irvine area.

15          The Court believes this motion should be

16    treated as a request for a temporary restraining order

17    and/or preliminary injunction.  I am mindful of the

18    primary injunction standards, and they are as follows:

19    The decision to grant or deny a temporary restraining

20    order and preliminary injunction rests in the sound

21    discretion of the Court.  I note the authority of Dyno,

22    D-Y-N-O, Industries, Inc., versus Tape Printer, Inc.,

23    326 F.2d 141 at 143.  This is 9th Circuit Court of

24    Appeals from 1964.

25          In the 9th Circuit, there are two standards

26    that the Court should consider in ruling on a

1    preliminary injunction.  The first one is the

2    traditional four part test, and that is a plaintiff

3    seeking a preliminary injunction must establish, one,

4    that there's a likelihood to succeed on the merits; two,

5    that he or she is likely to suffer irreparable harm in

6    absence of preliminary relief; three, the balance of the

7    equities tips are in his favor; and four, the injunction

8    is in the public interest.

9           The Court is mindful of the authority and

10   alliance for the Wild Rockies versus Cottral,

11   C-O-T-T-R-A-L, 633 F.3d at 1131, which is 9th Circuit

12   Court of Appeals from 2011.  Quoting Winter versus

13   Natural Resources Defense Counsel, 555 US 7, Page 20,

14   2008, case from the Supreme Court.

15          The second standard is if there are serious

16   questions -- excuse me.  Is the serious questions test

17   in which the first element of the traditional test

18   regarding the likelihood of success is not absolutely

19   required, and under these serious, and this is the

20   reference to the case involving Alliance For the Wild

21   Rockies versus Cottral and found at 1131, 1132.  Under

22   the serious questions test, a preliminary injunction may

23   issue if there are serious questions going to the

24   merits, the balance tips in favor of the moving party, a

25   likelihood of irreparable harm, and the injunction is

26   the public interest.  With respect to this matter, it

1   appears to the -- I'm sorry.  We're getting some
2   feedback.  I think we resolved it.
3           It appears to the Court that the real
4   difference between these two tests is the first element
5   alone, and that is how strongly the plaintiff and moving
6   party must make a showing.  Under both the traditional
7   analysis and under the serious questions test that the
8   9th Circuit has enunciated, the Court does not find a
9   likelihood of success on the merits because there does
10  not appear to be an automatic stay at the time of the
11  alleged violation of the eviction -- the foreclosure
12  occurred during the gap period, and the eviction
13  occurred after the case reopened.  The stay against stay
14  property ended on January 7th of 2011.
15          As to the automatic stay against a stay
16  property, the stay expires when the property is no
17  longer property of the estate, 11 USC 362(c)(1).
18  Property leaves the estate when it is abandoned by the
19  trustee.  Catalano, C-A-T-A-L-A-N-O, versus Commission,
20  279 F.3d, 682, pertinent page being 685, 9th Circuit
21  Court of Appeals, 2002.  Here the real property was
22  listed -- which was listed on Schedule A, left the
23  estate by a technical abandon when the case closed on
24  January 7th of 2011.  Citing Bankruptcy Code Section
25  554(c), and that is Docket 66 of the Court's file.
26          The stay against the debtor and the debtor's

WOOD & RANDALL
(800) 322-4595

♀

22

BM021214

1   property ended on September 23rd, 2010.  As to the

2   automatic stay against the debtor and the property

3   reverted back to the debtor after abandonment of the

4   trustee, the stay expires.  When the case is closed and

5   the case -- or dismissed or when the debtor is granted

6   or denied a discharge, whichever is earliest, that is

7   Bankruptcy Code 362(c)(2).

8            Here, any stay against the debtor or her

9   property expired September 23rd or 28th, depending on

10  which date is accepted, the Court's memory differs

11  slightly from Ms. Agha's, but it doesn't seem to make a

12  difference when she received her discharge.

13           A stay is not revived upon reopening of the

14  case on September 18th, 2012, the reopening of a closed

15  bankruptcy case an administrative act that functions

16  primarily to enable the file to be managed by the clerk

17  as an active matter, and that by itself lacks

18  independence, legal significance, and determines nothing

19  more with respect to the merits of the case.

20           Citation to Mank, M-A-N-K, versus Lapaglia,

21  L-A-P-A-G-L-I-A, in re Mank, 241 BRA 296, found at 913.

22  9th Circuit Appellate Panel 1999.  Thus to the extent

23  the automatic stay expired in conjunction with the

24  closing, it does not automatically spring back into

25  effect.  If protection is warranted after a case is

26  reopened, the injunction would need to be rehosed.

WOOD & RANDALL
(800) 322-4595

♀

23

1   Here, when the case is opened on September 18th of 2012,

Page 21

BM021214

2  this did not have the automatic affect of reviving the

3  stay.  Further, nothing in the order reopening the case

4  provided the stay was revived.

5      The Court notes some ambiguity with respect to

6  the second element, likelihood of irreparable harm.  The

7  loss of real estate, particularly a home, has

8  traditionally been understood as irreparable harm by

9  definition, and yet the fact that the debtor has already

10  vacated the property does mitigate against this.  The

11  purpose of the --

12      MS. AGHA:  Your Honor, can I please say

13  something?

14      THE COURT:  Let me finish my ruling, please,

15  Ms. Agha.

16      MS. AGHA:  I was forced.

17      THE COURT:  A preliminary injunction is to

18  maintain the status quo, but the status quo has already

19  been changed at this point, and the debtor is not

20  seeking to preclude the defendants from evicting her,

21  but to undo the prior act of evicting her.

22      In the term of the third element, balance of

23  the equities.  This does not tip in favor of the debtor.

24  She has a new residence and a place to live.  Moreover,

25  she does not contend --

26      MS. AGHA:  I was forced off the property.

WOOD & RANDALL
(800) 322-4595

24

1      THE COURT:  Ms. Agha, please let me finish.

2      I do not find that the balance of the equities

3  favors the debtor.

Page 22

BM021214

4     The public interest is the final element, and
5   this does not tip in favor of the debtor.  She has lost
6   the property to a foreclosure that occurred during a gap
7   period after the case had closed and before it was
8   reopened, and although it is in the public interest for
9   individuals to have a home, this is relevant in this
10  case because of a foreclosure that occurred, what
11  appears lawfully, at least as the Court understands it
12  now, and the debtor has a new residence.
13     For each of these reasons, the motion will be
14  denied.  The Court will issue a civil minute order,
15  which will indicate that for the reasons indicated on
16  the record and including the findings of facts and
17  conclusions of law, the motion will be denied.
18     Ms. Agha, I would say to you to the extent that
19  you are of the mind that the bank has engaged in tactics
20  that are not lawful, you may have other remedies.  The
21  problem is this is couched in terms of a violation of
22  the automatic stay, and under these facts and with this
23  pleading, these are not the kinds of issues we can go
24  into.
25     Moreover, I would ask whether this Court would
26  have jurisdiction over those unrelated matters.  These

WOOD & RANDALL
(800) 322-4595

♀

25

1   matters seemed to be more properly addressed either to
2   the state court, likely Kern County Superior Court,
3   and/or a District Court, but I do not believe it is a
4   bankruptcy issue.  For all of these reasons, the motion

Page 23

BM021214

5   will be denied, and the civil minute order will indicate
6   that the findings of fact and conclusions of law
7   indicated on the record are the reasons.  Those will be
8   the orders.
9           Ms. Agha, you wished to say something else.
10          MS. AGHA:  Yes, I did, your Honor.
11          THE COURT:  Go ahead.
12          MS. AGHA:  This is incorrectly and totally
13  misconstrued.  It's incorrectly misconstrued that I have
14  moved on with my life.  This lock up, as I have stated
15  earlier, happened when I was out of town working.  I was
16  not in that property, and all of a sudden, boom, one
17  day, without notice or anything, they came in and locked
18  my house out.
19          I have no idea what happened to my possessions
20  or anything, and this is just ridiculous.  And in terms
21  of public interest, as I have stated, I'm the only
22  physician with my qualifications in the entire County of
23  Kern.  Maybe you don't think it's a public interest to
24  retain a physician with my degree of qualifications in
25  the county.  So you know what?  I guess that's fine.  I
26  guess that's not fine that's not a public interest

WOOD & RANDALL
(800) 322-4595

♀

26

1   reason to retain physicians.
2           Hospitals all over try to recruit high
3   qualified people, but in Kern County, I guess they
4   don't.  It's good to get rid of one like me.  You have
5   them in surrounding counties that is not of public
6   interest and misrepresentation of the fact.
Page 24

BM021214

7        I stated I'm renting a place in Irvine because

8   I need a place to live.  I think this is total twisting

9   of the facts I have moved on with my life.  If I had

10  moved on with my life, I would not be fighting for my

11  property.

12        THE COURT:  Ms. Agha, I have ruled.  Thank you

13  for your thoughts.  I do disagree.

14        MS. AGHA:  I will see you in court, your Honor.

15  I will see you in relation to the lawsuit that I have

16  filed against your bias.  Thank you so much.

17        THE COURT:  We are in recess.  Thank you very

18  much.

19  (3:35 p.m.)

20

21

22      I, BREE MERVIN, Court Reporter, do hereby certify

23  the foregoing transcript as true and correct.

24

25  DATED:  March 12, 2014  By:/s/Bree Mervin
                                Court Reporter
26

WOOD & RANDALL
(800) 322-4595

BM010914

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

HON. FREDRICK E. CLEMENT, JUDGE

———————————

SALMA AGHA,                        )
                                   )
            Plaintiff,             )
                                   )
      vs.                          )No. 10-16183
                                   )
CITIMORTGAGE, et al.               )
                                   )
            Defendant.             )
                                   )
                                   )

REPORTER'S TRANSCRIPT OF HEARING

Thursday, January 9, 2014

Fresno, California

Reported by:  Bree Mervin, CSR No. 13057, RPR, CRR

2

1                         APPEARANCES

Page 1

# EXHIBIT Z-B

**New Case Doc#84: Transcript of Hearing held on February 12, 2014 regarding ExParte Motion to Vacate (illegal) lockout of Plaintiff from her Primary Residence of ten plus years**

a. **"Misleading" Transcript Title:**
   - **from Personal Copy obtained directly from Wood & Randall:** No 10-16183 *(Exhibit Z-B)*
   - **from Doc#84 March 13, 2014,** where **number of Docket is too far out** as a lot of motions etc have happened since the hearing and its **OVER ONE MONTH DELAYED IN FILING:** *(Exhibit B)*

b. **"Misleading"/Irregularities of Docket Title: An Order itself with Doc # of this hearing DOES NOT EXIST**
   - March 13, 2014: Doc #84 where **number of Docket is too far out** as a lot of motions etc have happened since the hearing and its **OVER TWO MONTH DELAYED IN FILING: with No mention of REGARDING WHAT!! Transcript regarding hearing held 2/12/14 with No mention of REGARDING WHAT!!** *(Exhibit B)*
   - February 12, 2104: **Doc # 64:** CIVIL MINUTES-- Hearing Held/Concluded Re:42.....DENIED (Entered 2/17/2014
   - February 12, 2104: **Doc # 65:** CIVIL MINUTES-- Hearing Held/Concluded Re:59.....DENIED (Entered 2/17/2014)

- February 18, 2104: TWO BLANK DOCKETS stating "Docket entry reserved for internal use"
- February 18, 2104: Doc #68 CIVIL MINUTE ORDER DENYING #59.......(Entered 2/19/2014)
- February 18, 2104: Doc #70 CIVIL MINUTE ORDER DENYING #42.......(Entered 2/19/2014)
- **Notice of REDACTION**

Judge_Transcript2_2_12_14_BM021214

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

HON. FREDRICK E. CLEMENT, JUDGE

_____

SALMA AGHA,                    )
                              )
            Plaintiff,         )
                              )
      vs.                      )No. 10-16183
                              )
CITIMORTGAGE, et al.           )
                              )
            Defendant.         )
                              )
                              )

REPORTER'S TRANSCRIPT OF HEARING

Wednesday, February 12, 2014

Fresno, California

Reported by:  Bree Mervin, CSR No. 13057, RPR, CRR

2

1                        APPEARANCES

Page 1

Judge_Transcript2_2_12_14_BM021214

2

3     For Plaintiff:          In Pro Per

4

5

6     For Defendant:          Wofe & Wyman
                              By MS. HEATHER S. KIM
7                             Attorney at Law
                              2175 North California Boulevard
8                             Suite 645
                              Walnut Creek, California  94596
9                             (925)280-0004
                              hskim@wolfewyman.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

WOOD & RANDALL
(800) 322-4595

♀

                                                    3


1                    Fresno, California

2          Wednesday, February 12, 2014; 3:00 p.m.

3       United States Bankruptcy Court, Department 11

Judge_Transcript2_2_12_14_BM021214

4

5          THE COURT:  Good afternoon.  We're calling the

6     three o'clock calendar.  There are two matters set in

7     the same case.  This is the matter of Agha versus

8     CitiMortgage, Inc., case 13-1086.

9          I'll take all appearances on all matters at

10    this time.

11         MS. KIM:  Good afternoon, your Honor.  Heather

12    Kim, last name K-I-M, appearing on Court Call on behalf

13    of defendant, CitiMortgage.

14         MS. AGHA:  This is Dr. Selma Agha, making a

15    telephone appearance on this matter.

16         THE COURT:  And as I recall, you are

17    representing yourself?

18         MS. AGHA:  Correct.

19         THE COURT:  Good afternoon to each of you.

20         Are there any other appearances at this time?

21    I hear none.

22         First, there has been a request for an order

23    shortening time on a motion for disqualification.  I did

24    shorten time on this.  This is Ms. Agha's motion, and I

25    will allow her to go ahead and to make her argument.

26         MS. AGHA:  Well, your Honor, we have had quite

1     a few ongoing issues with the -- between myself and

2     yourself, as you must have had the opportunity to review

3     the judicial conduct misconduct report that I have

4     already filed, and in the same, I did argue that you

Judge_Transcript2_2_12_14_BM021214

5   were unable to continue as a judge.  You need to be

6   disabled as a judge because you cannot perceive

7   conflicts of interest.

8          Also, I have filed a lawsuit on February the

9   11th, suing you for damages and occurrence related to

10  your inability to perceive conflict of interest and also

11  myself being a colored minority woman that you have

12  constantly and repeatedly shown your bias against me.  I

13  do not feel comfortable with you continuing to judge on

14  my case.  I'm sure you have had the opportunity to read

15  the lawsuit in which you were named, and that has been

16  filed in Los Angeles.

17          MS. KIM:  Your Honor, Heather Kim on Court

18  call.

19          THE COURT:  Ms. Kim, I think I'm going to stay

20  with Ms. Agha for the time being, and I actually

21  consider this probably not a matter that a creditor has

22  a voice on.  I am taking this as Ms. Agha's motion

23  directed to me.  I'll continue with her for just a

24  moment.

25          As I understand your concerns, Ms. Agha, is

26  that they were, one, that you had filed a complaint of

1   judicial misconduct against me; and two, this lawsuit

2   filed in Los Angeles County.  Those are the basis of

3   this motion.

4          MS. AGHA:  Well, all the basis are outlined in

5   detail.  These are just the headings of the basis.

6          THE COURT:  And the other basis would be the
                              Page 4

Judge_Transcript2_2_12_14_BM021214

7    things that underlie each of these proceedings?

8         MS. AGHA:  Correct.  That is gender bias.

9    There is harassment.  There are a whole lot of things

10   which I have gone into detail with proof in my judicial

11   misconduct report and also in my lawsuit.

12        THE COURT:  Okay.  Thank you.

13        MS. AGHA:  You have violated my civil rights on

14   multiple occasions.  You have harassed me, and I do not

15   think you should -- you're fit enough to be a judge, at

16   least on my case, for now.

17        THE COURT:  Thank you.

18        Is there anything else you would like to add to

19   that?

20        MS. AGHA:  I think that's enough.

21        THE COURT:  Okay.  Thank you.

22        Is the matter submitted then, Ms. Agha?

23        MS. AGHA:  Yes.

24        THE COURT:  Is there anything else you would

25   wish to add, or is that it?

26        MS. AGHA:  No.  I'm fine.  All the details have

1    been outlined in my motion, not just for the shortening,

2    but also the motion for you to dismiss yourself and to

3    disqualify yourself.

4         THE COURT:  Thank you.  I will deem the matter

5    submitted, and I am prepared to rule on this.

6         I have reviewed Ms. Agha's motion.  This is the

7    second motion for disqualification in this case.  The

Judge_Transcript2_2_12_14_BM021214

8    motion proceeds under 28 USC 455(a), which provides that

9    any justice, judge, or magistrate judge of the United

10   States shall disqualify himself in any proceeding his

11   impartiality may reasonably be questioned.

12          The question is whether a reasonable person

13   with knowledge of all facts would conclude that the

14   judge's impartiality may be questioned, and the citation

15   to that is the matter of Milgard Tempering, Inc., versus

16   Selas, S-E-L-A-S, Court of America, 902 F.2d 703 through

17   714, 9th Circuit Court of Appeals, 1990.  The case law

18   makes clear that a motion for disqualification -- a

19   judicial misconduct complaint does not in and of itself

20   form a basis for disqualification, standing alone it is

21   insufficient.  I notice the case of Focus Media, Inc.,

22   versus National Broadcast Company, 378 F.3d 1916, the

23   pertinent portions being 929 through 931 and 9th Circuit

24   Court of Appeals 2004.

25          I am also mindful of some authority that

26   indicates a lawsuit involving the judge is also

1    itself -- in and of itself insufficient for a motion for

2    disqualification.  The matter of in re Taylor, 417 F.3d

3    649, and it is the 7th Circuit Court of Appeals of 2005.

4    I have considered the evidence, particularly the facts

5    and allegations underlying each of these proceedings.

6    They are not well taken.  They are not true, and I do

7    find this to be a tactic to disqualify me.  And I do not

8    find it has merits.  For these reasons, the motion will

9    be denied.

Judge_Transcript2_2_12_14_BM021214

10          The civil minutes will indicate -- there will
11   be a civil minute order indicating the motion is denied,
12   and for the reasons stated on the record.

13          With that said, I would like to proceed to the
14   other matter on today's calendar, and this is described
15   as a motion to restore Ms. Agha to possession of her
16   Bakersfield residence.  I'm going to hear first from
17   Ms. Agha on this, and then I will hear from Ms. Kim.

18          Ms. Agha, did you wish to be heard?

19          MS. AGHA:  I certainly wish to be heard.  This
20   bankruptcy was open, and in the middle of this
21   bankruptcy, I was one day, while I was out of town, I
22   was locked out of my primary residence.  There was no
23   relief obtained from the bankruptcy by the CitiMortgage.

24          CitiMortgage previously had held me on for over
25   five months saying that my case was in underwriting, my
26   request for loan revision was in underwriting,

1    everything was approved, everything was fine, and for
2    five months, they kept me hanging in the underwriting
3    state prior to one day just denying it and foreclosing
4    on it.

5          Within weeks of this foreclosure, prior to
6    anything being done, my bankruptcy was reopened.  So
7    then what they did is they tried to do an underhand deal
8    by going in the local court and start the eviction
9    process.  They did that process, and I did not realize
10   at the time how I should have appropriately responded to

11   it.  I should have filed this lawsuit then.

12        So what they did is they were able to get the
13   eviction notice.  They failed to disclose in those
14   proceedings that my bankruptcy was still open, and thus,
15   this sideways approach should never have happened.
16   Because the bankruptcy was still open, they should not
17   have done it.

18        They first tried, and then nothing happened for
19   over a year.  Then they tried this eviction scheme
20   through the sheriff, and my attorney at the time sent
21   the letter showing to them here's the bankruptcy, which
22   is still open, and nothing has been received so far
23   asking for relief from the bankruptcy and taking away my
24   primary residence.  So the sheriffs backed off, and all
25   of a sudden, one fine day, they came and locked me out.
26   So I'm not sure what reasoning they have for keeping me

1   hanging this way for five months.

2        I'm currently renting a furnished house in
3   Orange County for $7,000 a month.  So my damages are
4   adding up, and I'm sure that CitiMortgage will have
5   appropriate reasons to say what they did or what they
6   did not do in this case.

7        THE COURT:  Thank you.  I did have a couple of
8   questions.  The sequence of events, I have a different
9   recollection of, and I did review the record.  I would
10   like to review those with you, Ms. Agha, to make sure I
11   am clear.

12        It looks to me like your bankruptcy was filed

Judge_Transcript2_2_12_14_BM021214

13    May 30th of 2010.  Is that consistent with your

14    recollection?

15              MS. AGHA:  Correct.

16              THE COURT:  And I'm looking down in the clerk's

17    docket, and I see that your discharge was issued, I

18    believe, May 23rd of 2010.  That is what my records

19    show.  Is that consistent with your memory?

20              MS. AGHA:  No, your Honor.  The discharge

21    happened September 28th, 2010.  It was again reopened on

22    September 23rd, 2012.

23              THE COURT:  Okay.  I'm showing the discharge on

24    September 23rd, 2010.  You're remembering it as

25    September 28th, but we can agree within five days it was

26    September of 2010 for your discharge; correct?

WOOD & RANDALL
(800) 322-4595

10

1              MS. AGHA:  Correct.

2              THE COURT:  Then I'm looking down in the

3    record, and I am seeing that your case closed, I think,

4    on -- I'm double checking at this moment, but this is my

5    recollection from my previous review, the case closed, I

6    think, it was January the 7th of 2011.  Is that also

7    consistent with your records?

8              MS. AGHA:  Correct.  It was discharged at that

9    point.

10              THE COURT:  I think the case closed at that

11    point.  The discharge was September, and the foreclosure

12    that we're talking about here occurred May of 2012; is

13    that right?

Page 9

Judge_Transcript2_2_12_14_BM021214
14        MS. AGHA:   Correct.

15        THE COURT:   Okay.  Then the case was reopened,

16   and I'm going to double check that, September 18th of

17   2012.  Is that also consistent with your memory?

18        MS. AGHA:   Correct.

19        THE COURT:   Then there was the eviction in

20   2013?

21        MS. AGHA:   Correct.

22        THE COURT:   So the order is --

23        MS. AGHA:   While the bankruptcy was open, they

24   went into the regular court in the city, and they did

25   not disclose the fact that the bankruptcy is still open

26   while they went, CitiMortgage went and started this

WOOD & RANDALL
(800) 322-4595

11

1    whole thing over there.

2         I did not know the proper procedure, and I did

3    not disclose the fact over there that the bankruptcy was

4    still open.  This was a sideways way of doing things.

5    They should have gone to the bankruptcy court with the

6    bankruptcy still open.  They should not have gone to the

7    local court to try to get an eviction at that point

8    without obtaining a relief from the bankruptcy court of

9    this property.

10        THE COURT:   Thank you.

11        I guess my -- I want to be sure I'm clear on

12   this point.  It's my understanding that the foreclosure

13   occurred through a title company and not through a legal

14   action in the Superior Court of Kern County.  It's that

15   the eviction was through the Kern County Superior Court.

Judge_Transcript2_2_12_14_BM021214

16    Is that not correct?

17            MS. AGHA:  Correct.

18            THE COURT:  My understanding is correct?

19            MS. AGHA:  Correct.

20            THE COURT:  Okay.  So the correct order then is

21    closure of your bankruptcy in January of 2011.

22    Foreclosure in May of 2012.  The bankruptcy is reopened

23    September of 2012, and the eviction, using the Kern

24    County Superior Court, occurred in 2013.  Do I have that

25    sequence right?

26            MS. AGHA:  I think so.

                        WOOD & RANDALL
                        (800) 322-4595

♀                                                          12


1             THE COURT:  I have reviewed the records, and I

2     believe that's -- I believe that's what happened.  I

3     have reviewed your motion, but if I'm mistaken, please

4     correct me.  I think that's the sequence that happened.

5     If there's something wrong, please do correct me.

6             MS. AGHA:  No.  I think that that is correct;

7     however, this -- the eviction process that they did

8     happened while the bankruptcy was open.

9             THE COURT:  Well, you mean the eviction that

10    occurred after the case reopened?

11            MS. AGHA:  After the case reopened, exactly.

12    The eviction process they started in Bakersfield.  That

13    was started while the bankruptcy was open.

14            THE COURT:  Was reopened?

15            MS. AGHA:  Reopened, correct.

16            THE COURT:  We agreed the foreclosure occurred

                        Page 11

17   after the case closed but before it reopened?

18           MS. AGHA:   Correct, and this foreclosure was an

19   underhand deal after they led me on for over five months

20   into believing my case was in underwriting.

21           THE COURT:   I understand.

22           MS. AGHA:   They led me under false belief, and

23   so they, in a way, paralyzed me from trying to do

24   anything else for me to be able to keep this property.

25   I have records I had engaged an outside company to do

26   this negotiating on my behalf.

                        WOOD & RANDALL
                        (800) 322-4595

                                                        13

1            I have all the records every single time they

2    called, that company called.  We were told, "Oh, no, no,

3    no, it's in underwriting.  You don't have to worry about

4    anything."  I even brought the subject of short sale at

5    that point, and they were like, "No, no, it's in

6    underwriting.  It's fine.  You do not want to mess that

7    up because it's all done.  Everything is taken care of.

8    If you go the route of short sale or try to do anything

9    else, then your loan will not get modified."

10           So continuously they kept me hanging under

11   false pretenses.

12           THE COURT:   I understand the problem and have

13   dealt with the associated problems with loan

14   modifications before.  It is something of concern.

15           I have reviewed your complaint, and your

16   complaint to me looks like what you're claiming is that

17   they are violating the stay by these actions.

18           MS. AGHA:   Correct.
                        Page 12

Judge_Transcript2_2_12_14_BM021214

19          THE COURT:  I couldn't see that you were saying

20    anything else.  What you were saying, I think, was just

21    that they were violating the stay.  I think that's all

22    you pled in your complaint; is that right?

23          MS. AGHA:  Correct.

24          THE COURT:  Okay.  So I think I have a grasp on

25    the problem.  I'm going to hear from Ms. Kim at this

26    point.

                    WOOD & RANDALL
                    (800) 322-4595

                                                        14

1           MS. KIM:  Good afternoon, your Honor.

2           The sequencing of events is correct from our

3     end as well.  Given Ms. Agha's concession the only cause

4     of action and the basis of her entire adversary

5     complaint, which has been stayed, as you know, pending

6     the determination of her judicial misconduct complaint

7     against your Honor, is that there was a stay in place

8     during what I have referred to as the gap period.

9           The time between the time that her bankruptcy

10    was discharged in September of 2010 and thereafter

11    closed in January 2011, the house was then sold in May

12    of 2012, nearly two years after that, and then reopened

13    by the trustee purely on the basis she had failed to

14    disclose an asset called Vodkas Around the World, I

15    believe.  That was the only basis of reopening the

16    foreclosure.

17          There is no case authority or statute of any

18    kind authorizing the imposition of a stay retroactively

19    during the period between the reopening of a foreclosure

Judge_Transcript2_2_12_14_BM021214

20  and the closure of the bankruptcy in the first place.

21  That is the only basis to allow Ms. Agha to overcome

22  anything via her complaint.

23          Ms. Agha has failed to establish or provide any

24  law to the contrary.  My legal research has not

25  recovered anything to the contrary as well.  Therefore,

26  we request that this motion, apparently based on after

WOOD & RANDALL
(800) 322-4595

♀

15

1   eviction proceedings, which I addressed, also, in my

2   opposition.  It is also noteworthy to state that

3   Wilmington Trust Company handled the eviction.  It was

4   not CitiMortgage.

5           Furthermore, it seems plaintiff seeks damages

6   of $7,000 a month for having to move to Irvine.  Just as

7   a common sense sort of argument, it would appear odd

8   that she is paying out seven grand to live in one of the

9   most expensive places in California, fully furnished,

10  and suing us for damages foreclosing on a house that she

11  was unable to pay for and claimed bankruptcy on.  It

12  went through foreclosure after her bankruptcy closed.

13          If you have any other arguments at this time,

14  we would be happy to hear them.  I think Citi's

15  arguments have been set forth pretty clearly to your

16  Honor.

17          THE COURT:  Anything else, Ms. Kim?

18          MS. AGHA:  I think that's it for now.  Thank

19  you.

20          THE COURT:  I'm going to go to Ms. Agha, and

21  then I'm going to take the matter under submission.  I'm

Page 14

Judge_Transcript2_2_12_14_BM021214

22    asking is there anything else, not just at this time,

23    but at all that you wish to offer?

24           MS. KIM:  This is on a different point.  What

25    is the process of getting our motion to dismiss to the

26    adversary complaint back on the calendar?  It was taken

WOOD & RANDALL
(800) 322-4595

16

1     in stay the entire action pending her judicial

2     misconduct complaint against your Honor.

3            This case has not moved forward on our end

4     because of that complaint.  I'm wondering what the

5     procedure is to get that motion heard.  It would appear

6     to us that this motion to vacate is almost identical to

7     her adversary complaint.  By addressing this on the

8     papers submitted today, I would inquire as to what we

9     can do to move this matter forward on our end to find a

10    resolution and disposal of the adversary complaint

11    action.

12           THE COURT:  Thank you.

13           That is not before me, but I have stayed that

14    pending the resolution of the 9th Circuit.

15           Is the matter submitted from your end, Ms. Kim,

16    before I turn to Ms. Agha again?

17           MS. KIM:  Yes, it is, your Honor.

18           THE COURT:  Thank you.

19           Ms. Agha, what would you tell me, in response

20    to what Ms. Kim has said, and why is she mistaken?

21           MS. AGHA:  Okay.  Number one, when she is

22    bringing up being judgmental that my bankruptcy was open

Page 15

Judge_Transcript2_2_12_14_BM021214
23  because I failed to disclose certain things, I would
24  have her refer to the creditors meeting transcripts,
25  which I will gladly provide to her that this LLC,
26  Ms. Kim, was disclosed.  It was discussed in detail, in

WOOD & RANDALL
(800) 322-4595

♀

17

1  a lot of detail.

2        In fact, Mr. Jeffrey Vetter continued to go
3  back to my instances in the LLC and the two potential
4  lawsuits that arose because of this LLC.  The reason it
5  was not put in the schedule was because we had no real
6  value at the time, and it's Mr. Vetter's thoughts these
7  were real assets, then he failed at the time to ask me
8  to redo the schedule at the time of the original
9  bankruptcy.

10        So if you would like to see these papers, I
11  would gladly show them to you.  You can view the
12  lawsuits, which names Mr. Vetter as a defendant in my
13  lawsuit as well because of his misrepresentation.

14        My reopening of the bankruptcy was not at all
15  my choice, and as far as my paying $7,000 now, let me
16  tell you something.  In a matter of several years,
17  people's situations change.  Okay?

18        Yes, I am living in a $7,000 fully furnished
19  house because it still is a little bit similar to what I
20  had in bankruptcy.  Actually, it's not.  It's far from
21  being similar.  It's something I came up with at the
22  last minute because I do not feel safe living in
23  Bakersfield because of all the adversary actions I have
24  had against me taken in Bakersfield.  It's a sad thing.

25        I'm the only one -- I'm the only physician with
26    my qualifications in the county of Bakersfield and in

WOOD & RANDALL
(800) 322-4595

18

1    Tulare County and possibly in a few other counties
2    around the area.  So I think that is a loss for the
3    county of Bakersfield currently.
4            In response to that, yes, now I am able to
5    afford paying $7,000 for a furnished three bedroom house
6    in Irvine, and it is not actually a house.  It is
7    actually a townhouse, and I was able to get at a moments
8    notice because this is what you guys did underhandedly.
9            So I think I'm done over here with this.
10            THE COURT:  Okay.
11            MS. AGHA:  Hello?
12            THE COURT:  Ms. Agha, are you there?
13            MS. AGHA:  Yes, I am there.
14            I do -- I'm a single mother of two children.
15    I'm a single mother of two children, and my children do
16    visit me.  And so I did need a three bedroom house,
17    furnished house, as for that matter.
18            THE COURT:  Very well.  Thank you, Ms. Agha.
19    Was there anything else that you wished to add to this
20    conversation?
21            MS. AGHA:  No.  I think I'm done with this.
22            THE COURT:  The matter is submitted then?
23            MS. AGHA:  The matter is submitted.
24            THE COURT:  Ms. Kim, also submitted?
25            MS. KIM:  Also submitted, your Honor.

Page 17

Just a quick point.  I think this is also

WOOD & RANDALL
(800) 322-4595

19

1   addressed in my opposition, which I know your Honor said
2   you read --
3        THE COURT:  I think I understand.  I think
4   we're going to call this submitted at this point.
5        I have reviewed this and prepared to rule.  The
6   background for this case is this is an adversary
7   proceeding for violation of the automatic stay only.
8   The debtor has filed a motion for an order vacating the
9   judgment of lockout in the case and allowing her to
10  regain possession of the property located in
11  Bakersfield.  Essentially, the debtor is seeking to
12  reoccupy the real property after the defendant had
13  evicted her.  I do note she has moved out and currently
14  resides in the Irvine area.
15       The Court believes this motion should be
16  treated as a request for a temporary restraining order
17  and/or preliminary injunction.  I am mindful of the
18  primary injunction standards, and they are as follows:
19  The decision to grant or deny a temporary restraining
20  order and preliminary injunction rests in the sound
21  discretion of the Court.  I note the authority of Dyno,
22  D-Y-N-O, Industries, Inc., versus Tape Printer, Inc.,
23  326 F.2d 141 at 143.  This is 9th Circuit Court of
24  Appeals from 1964.
25       In the 9th Circuit, there are two standards
26  that the Court should consider in ruling on a

1    preliminary injunction.  The first one is the
2    traditional four part test, and that is a plaintiff
3    seeking a preliminary injunction must establish, one,
4    that there's a likelihood to succeed on the merits; two,
5    that he or she is likely to suffer irreparable harm in
6    absence of preliminary relief; three, the balance of the
7    equities tips are in his favor; and four, the injunction
8    is in the public interest.
9         The Court is mindful of the authority and
10   alliance for the Wild Rockies versus Cottral,
11   C-O-T-T-R-A-L, 633 F.3d at 1131, which is 9th Circuit
12   Court of Appeals from 2011.  Quoting Winter versus
13   Natural Resources Defense Counsel, 555 US 7, Page 20,
14   2008, case from the Supreme Court.
15        The second standard is if there are serious
16   questions -- excuse me.  Is the serious questions test
17   in which the first element of the traditional test
18   regarding the likelihood of success is not absolutely
19   required, and under these serious, and this is the
20   reference to the case involving Alliance For the Wild
21   Rockies versus Cottral and found at 1131, 1132.  Under
22   the serious questions test, a preliminary injunction may
23   issue if there are serious questions going to the
24   merits, the balance tips in favor of the moving party, a
25   likelihood of irreparable harm, and the injunction is
26   the public interest.  With respect to this matter, it

1   appears to the -- I'm sorry. We're getting some
2   feedback.  I think we resolved it.
3          It appears to the Court that the real
4   difference between these two tests is the first element
5   alone, and that is how strongly the plaintiff and moving
6   party must make a showing.  Under both the traditional
7   analysis and under the serious questions test that the
8   9th Circuit has enunciated, the Court does not find a
9   likelihood of success on the merits because there does
10  not appear to be an automatic stay at the time of the
11  alleged violation of the eviction -- the foreclosure
12  occurred during the gap period, and the eviction
13  occurred after the case reopened.  The stay against stay
14  property ended on January 7th of 2011.
15         As to the automatic stay against a stay
16  property, the stay expires when the property is no
17  longer property of the estate, 11 USC 362(c)(1).
18  Property leaves the estate when it is abandoned by the
19  trustee.  Catalano, C-A-T-A-L-A-N-O, versus Commission,
20  279 F.3d, 682, pertinent page being 685, 9th Circuit
21  Court of Appeals, 2002.  Here the real property was
22  listed -- which was listed on Schedule A, left the
23  estate by a technical abandon when the case closed on
24  January 7th of 2011.  Citing Bankruptcy Code Section
25  554(c), and that is Docket 66 of the Court's file.
26         The stay against the debtor and the debtor's

Judge_Transcript2_2_12_14_BM021214

1   property ended on September 23rd, 2010.  As to the
2   automatic stay against the debtor and the property
3   reverted back to the debtor after abandonment of the
4   trustee, the stay expires.  When the case is closed and
5   the case -- or dismissed or when the debtor is granted
6   or denied a discharge, whichever is earliest, that is
7   Bankruptcy Code 362(c)(2).

8            Here, any stay against the debtor or her
9   property expired September 23rd or 28th, depending on
10  which date is accepted, the Court's memory differs
11  slightly from Ms. Agha's, but it doesn't seem to make a
12  difference when she received her discharge.

13           A stay is not revived upon reopening of the
14  case on September 18th, 2012, the reopening of a closed
15  bankruptcy case an administrative act that functions
16  primarily to enable the file to be managed by the clerk
17  as an active matter, and that by itself lacks
18  independence, legal significance, and determines nothing
19  more with respect to the merits of the case.

20           Citation to Mank, M-A-N-K, versus Lapaglia,
21  L-A-P-A-G-L-I-A, in re Mank, 241 BRA 296, found at 913.
22  9th Circuit Appellate Panel 1999.  Thus to the extent
23  the automatic stay expired in conjunction with the
24  closing, it does not automatically spring back into
25  effect.  If protection is warranted after a case is
26  reopened, the injunction would need to be rehosed.

♀

1   Here, when the case is opened on September 18th of 2012,

Judge_Transcript2_2_12_14_BM021214

2  this did not have the automatic affect of reviving the
3  stay.  Further, nothing in the order reopening the case
4  provided the stay was revived.
5          The Court notes some ambiguity with respect to
6  the second element, likelihood of irreparable harm.  The
7  loss of real estate, particularly a home, has
8  traditionally been understood as irreparable harm by
9  definition, and yet the fact that the debtor has already
10 vacated the property does mitigate against this.  The
11 purpose of the --
12         MS. AGHA:  Your Honor, can I please say
13 something?
14         THE COURT:  Let me finish my ruling, please,
15 Ms. Agha.
16         MS. AGHA:  I was forced.
17         THE COURT:  A preliminary injunction is to
18 maintain the status quo, but the status quo has already
19 been changed at this point, and the debtor is not
20 seeking to preclude the defendants from evicting her,
21 but to undo the prior act of evicting her.
22         In the term of the third element, balance of
23 the equities.  This does not tip in favor of the debtor.
24 She has a new residence and a place to live.  Moreover,
25 she does not contend --
26         MS. AGHA:  I was forced off the property.

1          THE COURT:  Ms. Agha, please let me finish.
2          I do not find that the balance of the equities
3  favors the debtor.

Judge_Transcript2_2_12_14_BM021214

4        The public interest is the final element, and
5    this does not tip in favor of the debtor.  She has lost
6    the property to a foreclosure that occurred during a gap
7    period after the case had closed and before it was
8    reopened, and although it is in the public interest for
9    individuals to have a home, this is relevant in this
10   case because of a foreclosure that occurred, what
11   appears lawfully, at least as the Court understands it
12   now, and the debtor has a new residence.

13       For each of these reasons, the motion will be
14   denied.  The Court will issue a civil minute order,
15   which will indicate that for the reasons indicated on
16   the record and including the findings of facts and
17   conclusions of law, the motion will be denied.

18       Ms. Agha, I would say to you to the extent that
19   you are of the mind that the bank has engaged in tactics
20   that are not lawful, you may have other remedies.  The
21   problem is this is couched in terms of a violation of
22   the automatic stay, and under these facts and with this
23   pleading, these are not the kinds of issues we can go
24   into.

25       Moreover, I would ask whether this Court would
26   have jurisdiction over those unrelated matters.  These

1    matters seemed to be more properly addressed either to
2    the state court, likely Kern County Superior Court,
3    and/or a District Court, but I do not believe it is a
4    bankruptcy issue.  For all of these reasons, the motion

Judge_Transcript2_2_12_14_BM021214

5   will be denied, and the civil minute order will indicate

6   that the findings of fact and conclusions of law

7   indicated on the record are the reasons.  Those will be

8   the orders.

9           Ms. Agha, you wished to say something else.

10          MS. AGHA:  Yes, I did, your Honor.

11          THE COURT:  Go ahead.

12          MS. AGHA:  This is incorrectly and totally

13   misconstrued.  It's incorrectly misconstrued that I have

14   moved on with my life.  This lock up, as I have stated

15   earlier, happened when I was out of town working.  I was

16   not in that property, and all of a sudden, boom, one

17   day, without notice or anything, they came in and locked

18   my house out.

19          I have no idea what happened to my possessions

20   or anything, and this is just ridiculous.  And in terms

21   of public interest, as I have stated, I'm the only

22   physician with my qualifications in the entire County of

23   Kern.  Maybe you don't think it's a public interest to

24   retain a physician with my degree of qualifications in

25   the county.  So you know what?  I guess that's fine.  I

26   guess that's not fine that's not a public interest

WOOD & RANDALL
(800) 322-4595

♀

26

1   reason to retain physicians.

2           Hospitals all over try to recruit high

3   qualified people, but in Kern County, I guess they

4   don't.  It's good to get rid of one like me.  You have

5   them in surrounding counties that is not of public

6   interest and misrepresentation of the fact.

Page 24

Judge_Transcript2_2_12_14_BM021214

 7          I stated I'm renting a place in Irvine because
 8    I need a place to live.  I think this is total twisting
 9    of the facts I have moved on with my life.  If I had
10    moved on with my life, I would not be fighting for my
11    property.
12          THE COURT:  Ms. Agha, I have ruled.  Thank you
13    for your thoughts.  I do disagree.
14          MS. AGHA:  I will see you in court, your Honor.
15    I will see you in relation to the lawsuit that I have
16    filed against your bias.  Thank you so much.
17          THE COURT:  We are in recess.  Thank you very
18    much.
19    (3:35 p.m.)
20
21
22        I, BREE MERVIN, Court Reporter, do hereby certify
23    the foregoing transcript as true and correct.
24
25    DATED:  March 12, 2014  By:/s/Bree Mervin
                                   Court Reporter
26

# EXHIBIT Z-C

"NEW" Case Number 13-01086 housing the "missing Bankruptcy filings" from the original Bankruptcy docket pertaining to Bankruptcy proceedings from February 12, 2014 to September 19, 2014.

Showing that ALL MATTERS PERTAINING TO PLAINTIFFS BANKRUPTCY HAVE BEEN ILLEGALLY SHIFTED TO THE "NEW" CASE NUMBER 13-01068

**ADVPEND, BAKERSFIELD, APPEAL**

# U.S. Bankruptcy Court [LIVE-CM 5.1]
## Eastern District of California (Fresno)
## Adversary Proceeding #: 13-01086

*Assigned to:* Hon. W. Richard Lee          *Date Filed:* 08/01/13
*Lead BK Case:* <u>10-16183</u>
*Lead BK Title:* Salma H. Agha
*Lead BK Chapter:* 7
*Demand:* $400000

*Nature[s] of Suit:*   11 Recovery of money/property - 542 turnover of property
                          14 Recovery of money/property - other

### *Plaintiff*
------------------------

**Salma H. Agha**                          represented by **Salma H. Agha**
6 Windwood                                        PRO SE
Irvine, CA 92604
415-926-4282
SSN / ITIN: xxx-xx-9600

V.

### *Defendant*
------------------------

**Citimortgage, Inc.**                       represented by **Andrew A. Bao**
                                            2175 N. California Blvd., Ste. 645
                                            Walnut Creek, CA 94596
                                            925-280-0004
                                            *LEAD ATTORNEY*

                                            **Heather S. Kim**
                                            2175 N California Blvd #645
                                            Walnut Creek, CA 94596
                                            925-280-0004
                                            *LEAD ATTORNEY*

                                            **Unknown at time of filing**
                                            *LEAD ATTORNEY*

### *Defendant*
------------------------

**CR Title Services, Inc.**                 represented by **Eddie R. Jimenez**

Case 14-01155    Filed 12/31/14    Doc 20

4375 Jutland Dr., Suite 200
P.O. Box 17933
San Diego, CA 92177
858-750-7600
*LEAD ATTORNEY*

**Brian A Paino**
4375 Jutland Dr., Suite 200
P.O. Box 17933
San Diego, CA 92177
858-750-7600
*TERMINATED: 04/15/2014*
*LEAD ATTORNEY*

**Unknown at time of filing**
*LEAD ATTORNEY*

### Defendant
--------------------

**Wilmington Trust Company**                 represented by **Unknown at time of filing**
                                                              *LEAD ATTORNEY*

| Filing Date | # | Docket Text |
|---|---|---|
| 02/26/2014 | 74 (3 pgs) | Notice of Appeal filed by Plaintiff Salma H. Agha Re: 68 Order (Fee Paid $0.00) (awys) (Entered: 02/27/2014) |
| 02/27/2014 | 75 (1 pg) | Transmittal to BAP Re: 74 Notice of Appeal (awys) (Entered: 02/27/2014) |
| 02/27/2014 | 76 (1 pg) | Notice of Referral of Appeal to Bankruptcy Appellate Panel Re: 74 Notice of Appeal (awys) (Entered: 02/27/2014) |
| 02/27/2014 | 77 (1 pg) | Certificate of Notice Re: 74 Notice of Appeal, 76 Notice of Referral to Bankruptcy Appellate Panel (awys) (Entered: 02/27/2014) |
| 02/27/2014 | 78 (3 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 02/27/2014) |
| 02/27/2014 | 79 (1 pg) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 02/27/2014) |
| 02/27/2014 | 80 (4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/01/2014) |
|  | 81 | Certificate of Mailing of Document as provided by the |

Case 14-01155    Filed 12/31/14    Doc 20

| | | |
|---|---|---|
| 02/27/2014 | (2 pgs) | Bankruptcy Noticing Center (Admin.) (Entered: 03/01/2014) |
| 03/10/2014 | | Filing Fee Paid (Fee Paid $298.00 ) Re: 74 Notice of Appeal (dchf) (Entered: 03/10/2014) |
| 03/10/2014 | | Appeal Fee Paid ($298.00, Receipt Number: 1253 by 18) (auto) (Entered: 03/11/2014) |
| 03/13/2014 | 82 (7 pgs) | Transcript regarding Hearing Held 01/09/14 Re: 42 Motion/Application Vacate Lockout and Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523-121-03-00-3 Notice of Intent to Request Redaction Deadline Due By 3/20/2014. Redaction Request Due By 4/3/2014. Redacted Transcript Submission Due By 4/14/2014. Transcript access will be restricted through 6/11/2014. (isaf) (Entered: 03/13/2014) |
| 03/13/2014 | 83 (1 pg) | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing held on 01/09/14 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period. Re: 82 Transcript (isaf) (Entered: 03/13/2014) |
| 03/13/2014 | 84 (26 pgs) | Transcript regarding Hearing Held 02/12/14 Notice of Intent to Request Redaction Deadline Due By 3/20/2014. Redaction Request Due By 4/3/2014. Redacted Transcript Submission Due By 4/14/2014. Transcript access will be restricted through 6/11/2014. (isaf) (Entered: 03/13/2014) |
| 03/13/2014 | 85 (1 pg) | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing held on 02/12/14 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period. Re: 84 Transcript (isaf) (Entered: 03/13/2014) |
| 03/13/2014 | 86 (2 pgs) | Certificate of Mailing of Notice of Filing of Transcript and of Deadlines Related to Redaction and Restriction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/15/2014) |
| 03/13/2014 | 87 (2 pgs) | Certificate of Mailing of Notice of Filing of Transcript and of Deadlines Related to Redaction and Restriction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/15/2014) |

Case 14-01155    Filed 12/31/14    Doc 20

| 03/17/2014 | 88<br>(4 pgs) | Receipt of Pleadings and Documents from Bankruptcy Appellant Panel Re: 74 Notice of Appeal (rlos) Copy of Opening Letter and Notice (Entered: 03/17/2014) |
|---|---|---|
| 03/17/2014 | 89<br>(9 pgs) | Motion/Application to Extend Time to File Statement of Issues and Designation of Record in Appeal Filed by Appellant/Plaintiff Salma H. Agha (rlos) (Entered: 03/17/2014) |
| 04/09/2014 | 91<br>(2 pgs) | Notice Re: 90 Motion/Application [AAB-2] (awys) (Entered: 04/10/2014) |
| 04/09/2014 | 92<br>(5 pgs) | Memorandum of Points and Authorities in support of 90 Motion/Application Restore Citimortgage, Inc's Motion to Dismiss Complaint [AAB-2] (awys) (Entered: 04/10/2014) |
| 04/09/2014 | 93<br>(3 pgs) | Declaration of Andrew A. Bao in support of 90 Motion/Application Restore Citimortgage, Inc's Motion to Dismiss Complaint [AAB-2] (awys) (Entered: 04/10/2014) |
| 04/09/2014 | 94<br>(4 pgs) | Certificate/Proof of Service of Proposed Order, 91 Notice, 92 Memorandum of Points and Authorities, 93 Declaration [AAB-2] (awys) (Entered: 04/10/2014) |
| 04/10/2014 | 90<br>(2 pgs) | Motion/Application Restore Citimortgage, Inc's Motion to Dismiss Complaint [AAB-2] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 04/10/2014) |
| 04/10/2014 | 95<br>(3 pgs) | Supplemental Certificate/Proof of Service of 90 Motion/Application Restore Citimortgage, Inc's Motion to Dismiss Complaint [AAB-2] (crof) (Entered: 04/11/2014) |
| 04/15/2014 | 96<br>(6 pgs) | Motion/Application to Extend Time to File Opening Brief Filed by Appellant/Plaintiff Salma H. Agha (rlos) (Entered: 04/15/2014) |
| 04/15/2014 | 97<br>(3 pgs) | Substitution of Attorney. Attorney Brian A Paino removed from the case. Eddie R. Jimenez for CR Title Services, Inc. Substituted in. Filed by Defendant CR Title Services, Inc. (awys) (Entered: 04/16/2014) |
| 04/16/2014 | 98<br>(3 pgs) | Order Denying 90 Motion/Application Restore Citimortgage, Inc's Motion to Dismiss Complaint [AAB-2] (awys) (Entered: 04/17/2014) |
| 04/17/2014 | 99<br>(3 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 04/17/2014) |
| | 100 | Certificate of Mailing of Document as provided by the |

| | | |
|---|---|---|
| 04/17/2014 | (4 pgs) | Bankruptcy Noticing Center (Admin.) (Entered: 04/19/2014) |
| 06/16/2014 | | Update Transcript Deadlines Re: 82 Transcript, 84 Transcript (maaf) (Entered: 06/16/2014) |
| 06/26/2014 | 101 (3 pgs) | Receipt of Pleadings and Documents from Bankruptcy Appellant Panel Re: 74 Notice of Appeal (rlos) Copy of Mandate (Entered: 06/26/2014) |
| 07/22/2014 | 102 (3 pgs) | Amended 28 Order (awys) (Entered: 07/23/2014) |
| 07/23/2014 | 103 (3 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 07/23/2014) |
| 07/23/2014 | 104 (4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 07/25/2014) |
| 08/04/2014 | 105 (2 pgs) | Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 08/05/2014) |
| 08/04/2014 | 105 (2 pgs) | Motion/Application to Confirm Termination or Absence of Stay [AAB-2] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 08/05/2014) |
| 08/04/2014 | 106 (5 pgs) | Memorandum of Points and Authorities in support of 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2], 105 Motion/Application to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/05/2014) |
| 08/04/2014 | 107 (11 pgs) | Declaration of Andrew A. Bao in support of 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2], 105 Motion/Application to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/05/2014) |
| 08/04/2014 | 108 (11 pgs) | Declaration of Travis Nurse in support of 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2], 105 Motion/Application to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/05/2014) |
| | 109 (4 pgs) | Certificate/Proof of Service of Proposed Order, 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2], 105 Motion/Application to Confirm Termination or Absence of |

Case 14-01155    Filed 12/31/14    Doc 20

| | | |
|---|---|---|
| 08/04/2014 | | Stay [AAB-2], <u>106</u> Memorandum of Points and Authorities, <u>107</u> Declaration, <u>108</u> Declaration (awys) (Entered: 08/05/2014) |
| 08/05/2014 | | Contacted Lisa White from the Law Office of Andrew A. Bao on 8/5/14 regarding incorrectly submitted Order. Replacement Order requested Re: <u>105</u> Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2], <u>105</u> Motion/Application to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/05/2014) |
| 08/06/2014 | <u>110</u><br>(4 pgs) | Order Denying <u>105</u> Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2] (awys) (Entered: 08/07/2014) |
| 08/06/2014 | <u>110</u><br>(4 pgs) | Order Denying <u>105</u> Motion to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/07/2014) |
| 08/07/2014 | <u>111</u><br>(4 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 08/07/2014) |
| 08/07/2014 | <u>112</u><br>(5 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/09/2014) |
| 09/10/2014 | <u>113</u><br>(15 pgs) | Motion/Application to Shorten Time Filed by Plaintiff Salma H. Agha (lbef) (Entered: 09/12/2014) |
| 09/10/2014 | <u>114</u><br>(9 pgs) | Motion/Application To Bring Legal Action Filed by Plaintiff Salma H. Agha (lbef) (Entered: 09/12/2014) |
| 09/15/2014 | <u>115</u><br>(2 pgs) | Order of Recusal (awys) (Entered: 09/16/2014) |
| 09/16/2014 | <u>116</u><br>(2 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 09/16/2014) |
| 09/16/2014 | <u>117</u><br>(1 pg) | Order Transferring Case from Judge Clement, Dept. A to Judge Lee, Dept. B. (rlos) (Entered: 09/17/2014) |
| 09/16/2014 | <u>119</u><br>(3 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/18/2014) |
| 09/17/2014 | <u>118</u><br>(1 pg) | Notice of Transfer/Reassignment of case as Transmitted to BNC for Service (rlos) (Entered: 09/17/2014) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/19/2014 13:17:43 | | | |
| **PACER Login:** | rr6611:4274207:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 13-01086 Fil or Ent: filed From: 2/20/2014 To: 9/19/2014 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# EXHIBIT Z-D

"ORIGINAL" Bankruptcy Case Number 10-16183 docket pertaining to Bankruptcy proceedings from July 22, 2014 to September 19, 2014 is "CLEAN".

Showing that ALL MATTERS PERTAINING TO PLAINTIFFS BANKRUPTCY HAVE BEEN ILLEGALLY SHIFTED TO THE "NEW" CASE NUMBER 13-01068

Case 14-01155    Filed 12/31/14    Doc 20

**MEANSNO, BAKERSFIELD, DISCHARGED, ADVPEND, REOPENED, NOCLOSE,**
**TRANSFER**

# U.S. Bankruptcy Court [LIVE-CM 5.1]
## Eastern District of California (Fresno)
### Bankruptcy Petition #: 10-16183

|  |  |
|---|---|
| *Date filed:* | 05/30/2010 |
| *Date reopened:* | 09/18/2012 |
| *Debtor discharged:* | 09/23/2010 |
| *341 meeting:* | 08/27/2010 |
| *Deadline for filing claims:* | 02/13/2013 |
| *Deadline for objecting to discharge:* | 09/10/2010 |
| *Deadline for financial mgmt. course:* | 08/26/2010 |

*Assigned to:* Hon. W. Richard Lee
Chapter 7
Voluntary
Asset

*Debtor disposition:*  Standard Discharge

| | |
|---|---|
| **Debtor**<br>**Salma H. Agha**<br>11622 Harrington St<br>Bakersfield, CA 93311<br>KERN-CA<br>SSN / ITIN: xxx-xx-9600 | represented by **William R. Cumming**<br>3080 Bristol Street, #630<br>Costa Mesa, CA 90292<br>714-432-6494 |
| **Trustee**<br>**Jeffrey M. Vetter**<br>PO Box 2424<br>Bakersfield, CA 93303<br>(661) 809-6806 | represented by **Lisa Holder**<br>4550 California Ave 2nd Fl<br>Bakersfield, CA 93309<br>(661) 395-1000 |
| **U.S. Trustee**<br>**Office of the U.S. Trustee**<br>United States Courthouse<br>2500 Tulare Street, Room 1401<br>Fresno, CA 93721 | |
| **U.S. Trustee**<br>**August B. Landis** | represented by **Mark Pope**<br>2500 Tulare St #1401<br>Fresno, CA 93721<br>(559) 487-5002 |

| Filing Date | # | Docket Text |
|---|---|---|
| 07/22/2014 | <u>119</u><br>(3 pgs) | Amended <u>117</u> Order Staying Proceedings (awys) (Entered: 07/23/2014) |
| 07/23/2014 | <u>120</u><br>(3 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 07/23/2014) |

Case 14-01155 Filed 12/31/14 Doc 20

| | | |
|---|---|---|
| 07/23/2014 | <u>121</u><br>(4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 07/25/2014) |
| 09/15/2014 | <u>122</u><br>(1 pg) | Order of Recusal (awys) (Entered: 09/16/2014) |
| 09/16/2014 | <u>123</u><br>(1 pg) | Order Transferring Case from Judge Clement, Dept. A to Judge Lee, Dept. B. (rlos) (Entered: 09/17/2014) |
| 09/17/2014 | <u>124</u><br>(1 pg) | Notice of Transfer/Reassignment of case as Transmitted to BNC for Service (rlos) (Entered: 09/17/2014) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/19/2014 13:14:57 | | |
| **PACER Login:** | rr6611:4274207:0 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 10-16183 Fil or Ent: filed From: 7/21/2014 To: 9/19/2014 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# EXHIBIT Z-E

Emails showing ILLEGAL STOPPING OF TRANSCRIPTION of January 9, 2014 and February 12, 2014 Hearings where Transcription had to be THREATENED with involvement in lawsuit to get these transcribed on March 13, 2014  - SAME DAY BOTH THESE WERE DOCKETED under Plaintiffs "new" case number!

9/21/2014      Agha vs. Citi Mortgage, taken 01-09-14 and 02-12-14

Case 14-01155    Filed 12/31/14    Doc 20

**From:** Sam <sam@woodrandall.com>
**To:** salmahagha <salmahagha@aol.com>
**Subject:** Agha vs. Citi Mortgage, taken 01-09-14 and 02-12-14
**Date:** Thu, Mar 13, 2014 12:01 pm
**Attachments:** BM010914.txt (11K), BM021214.txt (47K), Credit_Card_Receipt.pdf (170K), inv31860agha.pdf (70K),
inv31861agha.pdf (71K)

Ms. Agha:

Attached are the final ASCII files in the matter of Agha vs. Citi Mortgage, taken on 01-09-14 and 02-12-14. I have
also included copies of our invoices 13860 and 13861 with their payment receipt to keep for your records.

Should you have any problems with this file, please contact me at the number below.

Thank you, and have a wonderful day!

Please *CONFIRM RECEIPT* of this transmission by replying to this email.

Sam Bov

Billing Coordinator

661.395.1050|1.800.322.4595





WOOD RANDALL

Certified Shorthand Reporters

*Moving Forward with Technology and Excellence*

**From:** Salma Agha <salmahagha@aol.com>
**To:** randall <randall@bakersfieldcourtreporter.com>
**Subject:** Re: 2nd email Transcript Request follow up
**Date:** Fri, Mar 7, 2014 10:08 pm

---

Thanks. I find it interesting that when I had called about 2 weeks ago I was told there were several hearings that day and just my hearing transcript was pending......and it seems that almost a month after the hearing it is still pending.......

I hope to see it very soon with hopefully no changes/deletions or skips from my recording

-----Original Message-----
From: Wood & Randall <randall@bakersfieldcourtreporter.com>
To: 'Salma Agha' <salmahagha@aol.com>
Sent: Thu, Mar 6, 2014 2:55 pm
Subject: RE: 2nd email Transcript Request follow up

The reporter is working on the transcripts. I will get an update from her and let you know.

Melissa Lewis
Assistant Office Coordinator & Accounts Payable
661.395.1050|1.800.322.4595





WOOD ⋅ RANDALL

Certified Shorthand Reporters

*Moving Forward with Technology and Excellence*

**From:** Salma Agha [mailto:salmahagha@aol.com]
**Sent:** Thursday, March 06, 2014 1:22 PM
**To:** randall@woodrandall.com
**Subject:** Fwd:2nd email Transcript Request follow up

We have requested this transcript by phone on MULTIPLE OCCASIONS and this is the 2nd written request and so far I have not gotten anything. Kindly make this available soon or I will be subpoenaing both the recorded phone conversation which I have also recorded and the transcript. Further more if any changes have been made then your company will added to the lawsuit attached.

-----Original Message-----
From: Salma Agha <salmahagha@aol.com>
To: randall <randall@woodrandall.com>
Sent: Wed, Feb 26, 2014 3:13 pm
Subject: Transcript Request follow up

Hi Raquel,

Case 14-01155    Filed 12/31/14    Doc 20

Re: 2nd email Transcript Request follow up

Thanks for your help. I need the transcripts of proceedings on 12th February 2014 held in Bakersfield. Please email me the transcripts at salmahagha@aol.com. I can pay for them over the phone 949 332 0330.

Judge Clement presiding on 2 matters - 1. Motion for Judge Clement to disqualify himself
2. Adversary Proceeding Hearing (followed the 1st)

BK No: 10-1683
Adversary Proceedings No: 1-13-AP-01086

Plaintiff: Salma Agha
Defendant: Citi Mortage

Mailing Address:  6 Windwood
Irvine, CA 92604

Thanks
Salma Agha
949 332 0330

# EXHIBIT Z-F

**Onelegal.com's receipt showing filing of TWO MOTIONS (Face Sheet attached) under Main Bankruptcy Number 10-16183 on September 10, 2014 FRAUDULENTLY DIVERTED BY DEFENDANTS INTO NEW CASE NO 13-01086 Doc 113 & 144 where these were KEPT HIDDEN FOR ONE MONTH before MYSTERIOUSLY APPEARING IN MAIN DOCKET 10-16183 on October 10, 2014 as Doc #s 133 & 134**

1. **Requesting Permission to bring legal action against Defendant Trustee & his Counsel AND**
2. **Request to Shorten time to its hearing**


**NOTE: Fraud details in Exhibits S & Z-G**

**Filed: September 10, 2014**
**Logged: September 10, 2014**
**Entered: OCTOBER 10, 2014**

# ONE LEGAL LLC

**CONFIRMATION OR COURT FILING**



**This is not an Invoice**

| | | | |
|---|---|---|---|
| **ONE LEGAL CONFIRMATION FOR ORDER NO.: 0313382** | | **DATE: 9/11/2014** | |

| | | | |
|---|---|---|---|
| **Customer:** | Salma Agha-Khan, MD | **Attorney:** | none |
| **Customer No.:** | 0087495 | **Attorney e-mail:** | |
| **Address:** | 10001 Venice Blvd, #402 | **Contact:** | Salma Agha |
| | Los Angeles, CA  90034 | **Contact e-mail:** | salmahagha@aol.com |
| | | **Contact Phone:** | (949) 332-0330 |
| | | **Contact Fax:** | |
| | | **Law Firm File No.:** | none |

**CASE INFORMATION:**

| | |
|---|---|
| **Case Number:** | 10-16183 |
| **County:** | Tulare |
| **Court:** | Tulare Visalia |
| **Case Short Title:** | Salma Agha vs. |

| **DOCUMENTS RECEIVED:** | **No. Docs:** 2 | **No. Pgs:** 26 |
|---|---|---|

Motion, Motion to Shorten Time To Hearing Request To Bring Legal Action

**Confirmation Report. DO NOT PAY. An Invoice will be sent later.**

| Notes: | Services: | Summary of Charges: |
|---|---|---|
| ETA for caption pages tomorrow by 5:00 PM | Service Fee | 84.95 |
| | Area Surcharge | 29.95 |
| Order Status: Assignment Completed | | |
| **Services will be invoiced later.** | **DO NOT PAY NOW.** | **Total:** 114.90 |

Thank you for choosing One Legal.  If you have any questions about this assignment, please contact:
Customer Support | Phone:  1-800-938-8815

# EXHIBIT Z-G

"MISSING FILINGS…" MOTION filed in Federal Court Central District of California, Western Division CV 14-03490 FMO CWx regarding **FRAUDULENT DIVERSION OF TWO MOTIONS INTO NEW CASE NO 13-01086 as Doc 113 & 144 BY DEFENDANTS** filed by Plaintiff in Main Bankruptcy Docket 10-16183 where these were **KEPT HIDDEN FOR ONE MONTH before MYSTERIOUSLY APPEARING IN MAIN DOCKET** 10-16183 on October 10, 2014 as Doc #s 133 & 134

1. **Doc 114 & 134: Requesting Permission to bring legal action against Defendant Trustee & his Counsel  AND**
2. **Doc 113 & 133: Request to Shorten time to its hearing**

**Filed: November 3, 2014**

1    SALMA AGHA-KHAN, M.D.
      10001 Venice Boulevard # 402
2    Los Angeles, California  90034
      Telephone: (949) 332-0330
3    email: salmahagha@aol.com
      Plaintiff in Propria Persona
4

5            **UNITED STATES DISTRICT COURT**

6            **CENTRAL DISTRICT OF CALIFORNIA**

7            **WESTERN DIVISION**

FILED

2014 NOV -3  PM 1:42

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
BY: LOS ANGELES
_____

8    SALMA AGHA-KHAN, MD.,
      an individual,              **Plaintiff,**

      vs.
9
      The United States of America; FREDRICK
10   CLEMENT, an individual, and Judge of the
      United States Bankruptcy Court;  JEFFREY
      VETTER,
11   an individual, and Trustee of the United States
      Bankruptcy Court; BRUCE BREITMAN, an
12   individual and Principal at BBG Ltd; BBG Ltd, a
      corporation;  LISA HOLDER, an individual and
13   attorney in KDG;  KLEIN DENATALE GOLDNER,
      a professional law corporation; The Estate of
14   PETER J. ZOURAS for Peter Zouras an individual
      now deceased; BARRY GOLDNER an individual
15   and attorney in Klein DeNatale Goldner; David
      Chandler, an individual and an attorney at
16   David N. Chandler PC; David N. Chandler, an
      individual and an attorney at David N. Chandler
17   PC; David N. Chandler Sr, an individual and an
      attorney at David N. Chandler PC; David N.
18   Chandler Jr an individual and an attorney at
      David N. Chandler PC; David N. Chandler PC, a
19   corporation; Citi Mortgage Inc, a Citi Bank
      Company; Citi Bank, a Banking Concern; CR
20   Title Services Inc, a Title Company; Wilmington
      Trust Company, a Trust Company; ReMax Real
21   Estate Corporation; Debbie Banducci an
      individual and a Realtor Broker at ReMax Magic;
22   ReMax Magic, Robin Tubesing, an individual and
      attorney in US Trustees Office; Brian Gunn, an
23   individual and Attorney at Wolf & Wyman LLP;
      Andrew A. Bao, an individual and Attorney at
24   Wolf & Wyman LLP; Heather S. Kim, an
      individual and Attorney at Wolf & Wyman LLP;
25   Wolf & Wyman LLP a Professional Law Firm;
      Eddie R. Jimenez, , an individual and Attorney
      at Pite Duncan LLP; Brian A. Paino, an individual
      and Attorney at Pite Duncan LLP; Pite Duncan
      LLP, a Professional Law Firm;  and Does 1
      through 50 inclusive            **Defendants**

Case No. CV 14-03490 FMO (CWx)

**PLAINTIFF'S REQUEST TO
NOTICE "MISSING FILINGS
INTENTIONALLY KEPT HIDDEN
BY DEFENDANTS FOR ONE
MONTH" – DATE OF FILING
SEPTEMBER 10, 2014 AND DATE
OF APPEARING OCTOBER 10,
2014 IN THE BANKRUPTCY
DOCKET 10-16183 FOR DOC #'S
133 &134 (MOTIONS TO BRING
LEGAL ACTION AGAINST
TRUSTEE) – A REPLY BRIEF TO
DEFENDANTS TRUSTEE VETTER
AND ATTORNEYS FILINGS ON
OCTOBER 23, 2014;
MEMORANDUM OF POINTS AND
AUTHORITIES;
DECLARATION OF SALMA AGHA-
KHAN, MD; PROOF OF SERVICE;
SERVICE LIST.**

**SECOND AMENDED COMPLAINT**

Judge: HON. FERNANDO M. OLGUIN
Date: November 6, 2014
Time: 10:00 a.m.
Dept.: 22 – 5th Floor

PLAINTIFF'S NOTICE OF DOCUMENTS INTENTIONALLY KEPT HIDDEN BY DEFENDANTS FOR ONE
MONTH FOLLOWING FILING ON SEPTEMBER 10, 2014 APPEARING ON OCTOBER 10, 2014 IN
PLAINTIFF'S BANKRUPTCY DOCKET 10-16183,

1

Scanned by CamScanner

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Please take notice that Plaintiff hereby asks this Court to take Notice of Documents #133 and 134 **INTENTIONALLY KEPT HIDDEN BY DEFENDANTS FOR ONE MONTH** after filing from Plaintiff's Bankruptcy Docket, 10-16183 for which Judge Lee has issued an "Doc #135: ORDER DENYING…..", submitted as "Exhibit" by Defendant Counsels' in their filings on October 23, 2014 (Exhibit 1).

The two motions were filed electronically with help of "onelegal.com", in the **CORRECT** original Bankruptcy Docket Case No 10-16183 as evidenced in the "onelegal.com" correspondence, receipt etc (Exhibit 2)

These two Motions were **INTENTIONALLY AND FRAUDULENTLY KEPT HIDDEN FOR ONE MONTH** from Plaintiff's Bankruptcy Docket, 10-16183.  They were filed on SEPTEMBER 10, 2014 but "**appeared**" in the Docket on **OCTOBER 10, 2014** (Exhibit 3). This is why motions filed **later** have **lower** Doc #s such as Recusal Order documents for Defendant Judge Clement filed October 15 thru 17 have Doc #s 122, 123, 124 and 125 (Exhibit 3).  The order Doc #135 is thus out of sync with the Motion Doc #133. The two motions intentionally kept hidden are as follows

1. Doc #133: "Motion to Shorten Time on Hearing Of Motion: Request to Bring Legal Action against Trustee Vetter and Trustees Counsel" (Exhibit 4)

2. Doc #134: "Motion to Shorten Time on Hearing Of Motion: Request to Bring Legal Action against Trustee Vetter and Trustees Counsel" (Exhibit 5)

**FACT 1:** These motions were filed when Defendant Judge Clement was still presiding and **"OVERSEEING"** my Bankruptcy case. When he and other Defendants learned of these critical motions, they either **STOPPED** them from being filed in the CORRECT Bankruptcy Docket or had them **DIVERTED** to the INCORRECT FRAUDULENT "NEW" case Docket in an effort to keep them **HIDDEN**!

PLAINTIFF'S NOTICE OF DOCUMENTS INTENTIONALLY KEPT HIDDEN BY DEFENDANTS FOR ONE MONTH FOLLOWING FILING ON SEPTEMBER 10, 2014 APPEARING ON OCTOBER 10, 2014 IN PLAINTIFF'S BANKRUPTCY DOCKET 10-16183,

2

**FACT 2:** Defendant Judge Clements' corruption and criminal actions are once again demonstrated and he is surely **STRIPPED** of his right to Judicial immunity!! This instance also shows Defendant Trustee Vetter and Defendant attorneys' corruption, who have been submitting FORGED DOCKET REPORTS exhibited with their submissions filled with lies!

My complaint has been outlining numerous instances of hate crimes, fraud, corruption, forgery, grand thefts, malpractice in the Judicial System but these thieves are continuing their criminal acts acting under color of official right as Judges, Attorneys and Trustees as Members of **JUDICIAL GANG OF THUGS**.

**How long is this Judicial Corruption going to last? How long is this "JUDICIAL GANG" going to be allowed to continue their criminal acts "legally"?**

It is indeed a shame that such corrupt, unethical individuals are being called Judges, Trustees and Attorneys when they are actually hardened criminals camouflaged in legal cloaks. **THEY MUST BE STOPPED AND EXPOSED.** Exemplary punishments must be given to these criminals that have made a mockery of our Judicial System. They must also be permanently removed from the legal system permanently so they may never be able to harm another unsuspecting individual for their own personal gains.

Respectfully Submitted:

Dated: November 3, 2014

_____

SALMA AGHA-KHAN, MD.
Plaintiff in Pro Se

PLAINTIFF'S NOTICE OF DOCUMENTS INTENTIONALLY KEPT HIDDEN BY DEFENDANTS FOR ONE MONTH FOLLOWING FILING ON SEPTEMBER 10, 2014 APPEARING ON OCTOBER 10, 2014 IN PLAINTIFF'S BANKRUPTCY DOCKET 10-16183,

3

## DECLARATION OF SALMA AGHA-KHAN, MD

I declare under penalty of perjury, under the laws of the United States of America that the foregoing true and correct. I, SALMA AGHA-KHAN, MD., declare as follows:

1. I am the Plaintiff in the above action.

2. I am the Debtor in the Bankruptcy Case #10-16183

3. I have personal knowledge of all the matters stated herein and if called to testify in a court of law, I would testify to same.

4. The Defendants have attempted to destroy, myself because of their EXTREME HATE for a SUCCESSFUL COLORED MINORITY WOMAN.

5. **This INTENTIONAL HIDING OF CRITICAL DOCUMENTS by Defendants and their corrupt Counsels is evidence that FRAUD IS CONTINUOUSLY BEING PERPETRATED BY THESE CRIMINALS TO THIS DAY.** Their criminal acts have been evidenced by filing of forged copies of PACER Docket Report, using FIVE different names by same attorney with TWO State Bar Numbers, and multiple instances of extreme Docket Fraud with this latest example forming the basis of this submission.

6. **I AM CERTAIN THAT THE PREPONDERANCE OF LEGAL EVIDENCE** that is being submitted against these thieves parading as Judges, Attorneys and Trustees, that are Members of **JUDICIAL GANG OF THUGS,** will go far to show the extreme corruption in these Defendants.

7. It is a shame that such corrupt, unethical individuals are being called Judges, Trustees and Attorneys when they are actually hardened criminals camouflaged in legal cloaks. **THEY MUST BE EXPOSED, STOPPED** and given exemplary punishments. They must also be permanently removed from the legal system so they may never be able to harm another unsuspecting individual for their own personal gains.

Dated: November 3, 2014

SALMA AGHA-KHAN, MD.
PLAINTIFF IN PRO PER

## **PROOF OF SERVICE**

I declare that I am a resident of or employed in the County of Los Angeles, State of California. I am over 18 years of age and a party to the entitled action.

On I served the forgoing documents(s) described as: **PLAINTIFF'S REQUEST TO NOTICE "MISSING FILINGS INTENTIONALLY KEPT HIDDEN BY DEFENDANTS FOR ONE MONTH" - DATE OF FILING SEPTEMBER 10, 2014 AND DATE OF APPEARING OCTOBER 10, 2014 IN THE BANKRUPTCY DOCKET 10-16183 FOR DOC #'S 133 &134 (MOTIONS TO BRING LEGAL ACTION AGAINST TRUSTEE) – A REPLY BRIEF TO DEFENDANTS TRUSTEE VETTER AND ATTORNEYS FILINGS ON OCTOBER 23, 2014;  MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SALMA AGHA-KHAN, MD; PROOF OF SERVICE; SERVICE LIST** on the following person whose address is: SEE ATTACHED SERVICE LIST by sending a true copy thereof enclosed in a sealed envelope or transmitting, as follows:

__(By U.S. Mail) I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles

_ (By Fed Ex Ground Overnight Mail) I caused such envelope to be delivered to an overnight  mail service with fees prepaid, with instructions that it be delivered to the addressee the following business day.

__ (By Telecopier) I caused the foregoing document to be transmitted by telecopier (FAX transmission)to the addressee(s), at the telephone number(s) listed above.

_X_(Email) I caused the foregoing document(s) to be transmitted by email to the addressee(s) listed above.

I declare under penalty of perjury under the laws of the United States of America. Executed on November 3, 2014 at Los Angeles, California.

_____

SALMA AGHA-KHAN, MD.

**PLAINTIFF'S NOTICE OF DOCUMENTS INTENTIONALLY KEPT HIDDEN BY DEFENDANTS FOR ONE MONTH FOLLOWING FILING ON SEPTEMBER 10, 2014 APPEARING ON OCTOBER 10, 2014 IN PLAINTIFF'S BANKRUPTCY DOCKET 10-16183,**

5

## SERVICE LIST

**AGHA-KHAN vs. UNITED STATES, et al.**

**Case No.: CV 14-03490-FMO (CWX)**

David J. Cooper
Connie J. Parker
Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP
4550 California Avenue
Second Floor
Bakersfield, CA 93309
(661) 395-1000
(661) 326-0418 facsimile
dcooper@kleinlaw.com
cparker@kleinlaw.com

Stephanie Yonekura
United States Attorney
Leon W. Weidman
Assistant United States Attorney
Chief, Civil Division
Johnathan B. Klinck
Assistant United States Attorney
Federal Building
Suite 7516
300 North Los Angeles Street
Los Angeles, CA 90012
(213) 894-8561
(213) 894-7819 facsimile
joh.klinck@usdoj.gov

David N. Chandler, p.c.
David N. Chandler, Sr.
David N. Chandler, Jr.
1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331
dchandler1747@yahoo.com

Charles Bahlert
James Lassart for The Estate of Peter Zouras
Murphy, Pearson, Bradley & Feeney
88 Kearny Street, 10th Floor
San Francisco, CA 94108
T: 415-788-1900
F: 415-393-8087
cbahlert@MPBF.com
jlassart@MPBF.com

**PLAINTIFF'S NOTICE OF DOCUMENTS INTENTIONALLY KEPT HIDDEN BY DEFENDANTS FOR ONE MONTH FOLLOWING FILING ON SEPTEMBER 10, 2014 APPEARING ON OCTOBER 10, 2014 IN PLAINTIFF'S BANKRUPTCY DOCKET 10-16183,**

6

# EXHIBIT: 1

**Plaintiff's Bankruptcy Docket, Case No 10-16183, Doc #135**

**ORDER on Motion: "Motion to Shorten Time on Hearing of Motion: Request to Bring Legal Action against Trustee Jeffrey Vetter and Trustee's Counsel"**

Issued: October 14, 2014

3

**FILED**

OCT 1 4 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                                             Case No. 10-16183-B-7

Salma H. Agha,

                Debtor.

## ORDER DENYING MOTION FOR ORDER SHORTENING TIME

On September 10, 2014, the Debtor Salma H. Agha (the "Debtor") filed an ex parte document entitled "Motion To Shorten Time On Hearing Of Motion: Request To Bring Legal Action Against Trustee Jeffrey Vetter [the "Trustee"] and Trustee's Counsel" (Doc. No. 133: the "Ex Parte Motion"). The Debtor ultimately wants a hearing on a motion she already filed (Doc. No. 134) for permission to pursue a civil action against the Trustee and others which is now pending in the U.S. District Court for the Central District of California (Case No. CV 14-03490 FMO (CWx)).[1] The Ex Parte Motion asks this court to set a hearing on shortened time to consider the Debtor's request for relief against the Trustee.

Pursuant to this court's Local Rule 9014-1, law and motion matters may be set for hearing on the court's self-set calendar on either 28 days' notice or 14 days' notice (LBR 9014-1(f)(1) and (f)(2) respectively). Federal Rule of Bankruptcy Procedure 9006(c) gives the court discretion to shorten the time for giving notice of a law and motion matter upon a showing of cause.

---

[1] The Ex Parte Motion was initially filed in adversary proceeding no. 13-1086 which is a civil action the Debtor filed against CitiMortgage, Inc., and appears to be totally unrelated to the civil action which the Debtor seeks to pursue in the District Court against the Trustee. Accordingly, the Ex Parte Motion and related pleadings have been re-docketed in the main case.

Here, the Debtor's Ex Parte Motion does not offer any explanation or reasons why her Motion cannot be filed, properly noticed, properly served, and set for hearing on regular notice in compliance with Local Rule 9014-1.  Accordingly,

IT IS HEREBY ORDERED that the Debtor's Ex Parte Motion for an order shortening time is DENIED.

Dated: October ___14___, 2014

W. Richard Lee
United States Bankruptcy Judge

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked _____, via the U.S. mail.

Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and __X__ Other Persons Specified Below:

Office of the U.S. Trustee
U.S. Courthouse
2500 Tulare Street, Suite 1401
Fresno, CA 93721

# EXHIBIT: 2

**"onelegal.com" confirmation of filing of BOTH Motions in PLAINTIFF'S BANKRUPTCY DOCKET 10-16183 with Conformed copies of Motions Requesting permission to bring legal action and to Shorten Time to its Hearing against Trustee Vetter and his Counsel**

Confirmation: September 11, 2014

Date Filed: September 10, 2014

CONFIRMATION _OR
COURT FILING

# ONE LEGAL LLC



This is not an Invoice

| ONE LEGAL CONFIRMATION FOR ORDER NO.: 0313382 | DATE: 9/11/2014 |
|---|---|

| | |
|---|---|
| Customer: Salma Agha-Khan, MD | Attorney: none |
| Customer No.: 0087495 | Attorney e-mail: |
| Address: 10001 Venice Blvd, #402 | Contact: Salma Agha |
| Los Angeles, CA 90034 | Contact e-mail: salmahagha@aol.com |
| | Contact Phone: (949) 332-0330 |
| | Contact Fax: |
| | Law Firm File No.: none |

CASE INFORMATION:

Case Number: 10-18183
County: Tulare
Court: Tulare Visalia
Case Short Title: Salma Agha vs.

| DOCUMENTS RECEIVED: | No. Docs: 2 | No. Pgs: 26 |
|---|---|---|
| Motion, Motion to Shorten Time To Hearing Request To Bring Legal Action | | |

Confirmation Report. DO NOT PAY. An Invoice will be sent later.

| Notes: | Services: | Summary of Charges: |
|---|---|---|
| ETA for caption pages tomorrow by 5:00 PM | Service Fee | |
| Order Status: Assignment Completed | Area Surcharge | |

| Services will be invoiced later. | DO NOT PAY NOW. | Total: |
|---|---|---|

Thank you for choosing One Legal. If you have any questions about this assignment, please contact
Customer Support | Phone: 1-800-938-8815

# EXHIBIT: 3

**"REAL" PACER DOCKET PRINT OUT OF PLAINTIFF'S BANKRUPTCY DOCKET 10-16183 PRINTED ON OCTOBER 29, 2014 SHOWING FILINGS BETWEEN SEPTEMBER 1, 2014 to October 29, 2014**

**NOTE 1: The Cover Page entries show Docs 133 and 134 Filed SEPTEMBER 10, 2014 but in parenthesis, at the end of the Docket text, the date of "ENTRY" is 10/10/2014**

MEANSNO, BAKERSFIELD, DISCHARGED, ADVPEND, REOPENED, NOCLOSE, TRANSFER

## U.S. Bankruptcy Court
## Eastern District of California (Fresno)
## Bankruptcy Petition #: 10-16183

| | |
|---|---|
| Assigned to: Hon. W. Richard Lee | Date filed: 05/30/2010 |
| Chapter 7 | Date reopened: 09/18/2012 |
| Voluntary | Debtor discharged: 09/23/2010 |
| Asset | 341 meeting: 08/27/2010 |
| | Deadline for filing claims: 02/13/2013 |
| | Deadline for objecting to discharge: 09/10/2010 |
| | Deadline for financial mgmt. course: 08/26/2010 |

Debtor disposition:  Standard Discharge

**Debtor**
**Salma H. Agha**
11622 Harrington St
Bakersfield, CA 93311
KERN-CA
SSN / ITIN: xxx-xx-9600

represented by **William R. Cumming**
3080 Bristol Street, #630
Costa Mesa, CA 90292
714-432-6494

**Trustee**
**Jeffrey M. Vetter**
PO Box 2424
Bakersfield, CA 93303
(661) 809-6806

represented by **Lisa Holder**
4550 California Ave 2nd Fl
Bakersfield, CA 93309
(661) 395-1000

**U.S. Trustee**
**Office of the U.S. Trustee**
United States Courthouse
2500 Tulare Street, Room 1401
Fresno, CA 93721

**U.S. Trustee**
**August B. Landis**

represented by **Mark Pope**
2500 Tulare St #1401
Fresno, CA 93721
(559) 487-5002

| Filing Date | # | Docket Text |
|---|---|---|
| 09/10/2014 | 133 (15 pgs) | Motion/Application to Shorten Time Filed by Debtor Salma H. Agha (lbef) (Entered: 10/10/2014) |
| 09/10/2014 | 134 (9 pgs) | Motion/Application To Bring Legal Action Filed by Debtor Salma H. Agha (lbef) (Entered: 10/10/2014) |

| 09/15/2014 | 122 (1 pg) | Order of Recusal (awys) (Entered: 09/16/2014) |
|---|---|---|
| 09/16/2014 | 123 (1 pg) | Order Transferring Case from Judge Clement, Dept. A to Judge Lee, Dept. B. (rlos) (Entered: 09/17/2014) |
| 09/17/2014 | 124 (1 pg) | Notice of Transfer/Reassignment of case as Transmitted to BNC for Service (rlos) (Entered: 09/17/2014) |
| 09/17/2014 | 125 (3 pgs) | Certificate of Mailing of Notice of Transfer/Reassignment as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/19/2014) |
| 10/01/2014 | 126 (20 pgs) | Motion/Application of Debtor's Notice of Docket Fraud Perpetrated by US Trustee Jeffrey Vetter, His Attorneys Lisa Holder, KDG Law Firm and Judge Fredrick Clement who Intentionally, Fraudiently and Repeatedly Altered Plaintiff's Bankruptcy Matter Filed by Debtor Salma H. Agha (awys) (Entered: 10/02/2014) |
| 10/01/2014 | 127 (21 pgs) | Request for Judicial Notice Re: 126 Motion/Application of Debtor's Notice of Docket Fraud Perpetrated by US Trustee Jeffrey Vetter, His Attorneys Lisa Holder, KDG Law Firm and Judge Fredrick Clement who Intentionally, Fraudiently and Repeatedly Altered Plaintiff's Bankruptcy Ma Filed by Debtor Salma H. Agha (awys) (Entered: 10/02/2014) |
| 10/01/2014 | 128 (310 pgs) | Exhibit(s) Re: 126 Motion/Application of Debtor's Notice of Docket Fraud Perpetrated by US Trustee Jeffrey Vetter, His Attorneys Lisa Holder, KDG Law Firm and Judge Fredrick Clement who Intentionally, Fraudiently and Repeatedly Altered Plaintiff's Bankruptcy Ma (awys) (Entered: 10/02/2014) |
| 10/01/2014 | 129 (21 pgs) | Motion/Application for Notice Regarding Ambushed Fraudulent Hiring of Attorneys Seeking Revenge Against Debtor Allowed by Judge Clement Acting Under Color of Official Right to Commit Grand Theft Felony of Stealing Debtor's Properies Filed by Debtor Salma H. Agha (awys) (Entered: 10/02/2014) |
| 10/01/2014 | 130 (16 pgs) | Request for Judicial Notice Re: 129 Motion/Application for Notice Regarding Ambushed Fraudulent Hiring of Attorneys Seeking Revenge Against Debtor Allowed by Judge Clement Acting Under Color of Official Right to Commit Grand Theft Felony of Stealing Debtor's Properies Filed by Debtor Salma H. Agha (awys) (Entered: 10/02/2014) |

| | | |
|---|---|---|
| 10/01/2014 | <u>131</u><br>(137 pgs) | Exhibit(s) Re: <u>129</u> Motion/Application for Notice Regarding Ambushed Fraudulent Hiring of Attorneys Seeking Revenge Against Debtor Allowed by Judge Clement Acting Under Color of Official Right to Commit Grand Theft Felony of Stealing Debtor's Properies (awys) (Entered: 10/02/2014) |
| 10/01/2014 | <u>132</u><br>(78 pgs) | Notice Regarding Filing of Three Lawsuits (awys) (Entered: 10/02/2014) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/29/2014 11:40:02 | | |
| PACER Login: | rr6611:4274207:0 | Client Code: |
| Description: | Docket Report | Search Criteria: | 10-16183 Fil or Ent: filed From: 9/9/2014 To: 10/3/2014 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 2 | Cost: | 0.20 |

# EXHIBIT: 4

**Plaintiff's Bankruptcy Docket, Case No 10-16183, Doc #133**

**Motion: "Motion to Shorten Time on Hearing of Motion: Request to Bring Legal Action against Trustee Jeffrey Vetter and Trustee's Counsel"**

Filed: September 10, 2014

Entered: October 10, 2014

(15)

1  SALMA AGHA-KHAN, MD
2  10001 Venice Boulevard
   #402
3  Los Angeles, California  90034

4  Telephone:  (949)  332-0330
   email:  slamahagaha@aol.com
5



FILED

SEP 10 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

6

7

8                  UNITED STATES BANKRUPTY COURT

9                  EASTERN DISTRICT OF CALIFORNIA

   In re:

10                                    Case No.: 10-16183
       Salma H. Agha,
11                                    Adversary No: 13-01086-A

12            Debtor                  Chapter 7

13  Salma H. Agha,

14            Plaintiff/Debtor

15

16  v.

17

18                                    MOTION TO SHORTEN TIME ON
                                      HEARING OF MOTION: REQUEST
19                                    TO BRING LEGAL ACTION
                                      AGAINST TRUSTEE JEFFREY
20  Citimortgage Inc., CR. Title Services,   VETTER AND
    Inc., Wilmington Trust Company as    TRUSTEE'S COUNSEL;
21  Trustee for Structured Asset        [PROPOSED]  ORDER
    Securities Mortgage Passthrough
22  Certificate Series, 2003-18XS, and
23  Does 1-100,

24

25                          Exhibit:

26                     PROPOSED ORDER
27            Defendants.  submitted by PRO SE FILER

28

MOTION TO SHORTEN TIME RE: REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER

AND TRUSTEES COUNSEL

                                                           Page 1

Debtor, Salma Agha-Khan, MD., respectfully requests this Court grant her an order of permission to shorten time to hearing on motion to request to maintain Trustee Jeffrey Vetter in the action she had initiated in US District Court for the Central District of California,

Case No. CV 14-03490 FMO (CWx) entitled Agha-Khan vs. Clement, et al. and against Trustee Jeffrey Vetter, and his counsel, Lisa Holder, Barry Goldner, and KLEIN, DENATALE AND GOLDNER, a professional law corporation, pursuant to *Barton v. Barbour*, 104 U.S. 126, 129, 26 L.Ed. 672 (1881). The specific Motion is attached as EXHIBIT

A permission to pursue other legal courses of action against Trustee Vetter had been granted by Ms. Antonia Darling Assistant US Trustee, Office of the US Trustee – Northern and Eastern Districts of California and District of Nevada dated October 23, 2013. A copy of this letter is attached as Exhibit.

RESPECTFULLY SUBMITTED:

DATED:  September 6, 2014

_____
SALMA AGHA-KHAN, MD.
DEBTOR

# PROPOSED ORDER ATTACHED

SALMA AGHA-KHAN, MD
10001 Venice Boulevard
#402
Los Angeles, California  90034
Telephone:  (949) 332-0330
email:  slamahagaha@aol.com

## UNITED STATES BANKRUPTY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:

    Salma H. Agha,

          Debtor

Case No.:  10-16183

Adversary No:  13-01086-A

Chapter 7

---

Salma H. Agha,

         Plaintiff/Debtor

v.

Citimortgage Inc., CR. Title Services, Inc., Wilmington Trust Company as Trustee for Structured Asset Securities Mortgage Passthrough Certificate Series, 2003-18XS, and Does 1-100,

         Defendants.

**[PROPOSED] ORDER GRANTING REQUEST TO SHORTEN TIME ON HEARING OF MOTION: REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER AND TRUSTEE'S COUNSEL;**

---

1

2

3

4  In Re: **REQUEST TO SHORTEN TIME ON HEARING OF MOTION:**

5  **REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY**

6  **VETTER AND TRUSTEE'S COUNSEL;**

7  I, Judge Fredrick Clement, has read and considered Salma Agha's application

8  to shorten time and accompanying Exhibits. After due consideration the

9  motion is

10

11

12

13  GRANTED.

14

15  IT IS SO ORDERED.

16

17  DATED: September    , 2014

18                                         _____

19                                         HONORABLE RICHARD CLEMENT
                                            JUDGE US BANKRUPTCY COURT

20

21

22

23

24

25

26

27

28

MOTION TO SHORTEN TIME RE: REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER
AND TRUSTEES COUNSEL

Page 4

1

## DECLARATION OF SALMA AGHA

2

3 My legal name is, Salma Agha, I swear under penalty of perjury that the following is true

4

5 I was Debtor in Bankruptcy case # 10-16183 and I am Plaintiff in this case

6 filed against Trustee Vetter et al US District Court for the Central District of

7 California, Case No. CV 14-03490 FMO (CWx) entitled Agha-Khan vs.

8 Clement, et al

9 The permission to to pursue other legal courses of action against Trustee

10 Vetter had been granted by Ms. Antonia Darling Assistant US Trustee, Office

11 of the US Trustee – Northern and Eastern Districts of California and District

12 of Nevada dated October 23, 2013. A copy of this letter is attached as

13 Exhibit. In the Motion: Request to Bring Legal Action Against Trustee Jeffrey

14 Vetter AND Trustee's Counsel

15

16

17

18

19 DATED:   September 11, 2014

20                                                            _Slma_____

21                                                            SALMA AGHA-KHAN, MD.
                                                               DEBTOR

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I declare that I am a resident of or employed in the County of Los Angeles, State of California. I am over 18 years of age and not a party to the entitled action.

On    SEPTEMBER    , 2014, I served the forgoing documents(s) described as: **MOTION TO SHORTEN TIME TO HEARING ON MOTION TO REQUEST TO BRING ACTION AGAINST TRUSTEE AND TRUSTEE'S COUNSEL; AND [PROPOSED] ORDER** on the following person(s) whose address is: see attached service list by sending a true copy thereof enclosed in a sealed envelope or transmitting, as follows:

__ (By U.S. Mail) I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles

__ (By Personal Service) I caused such envelope to be delivered by hand to the offices of the addressee(s).

__ (By Fed Ex Ground Overnight Mail) I caused such envelope to be delivered to an overnight mail service with fees prepaid, with instructions that it be delivered to the addressee the following business day.

__ (By Telecopier) I caused the foregoing document to be transmitted by telecopier (FAX transmission)to the addressee(s), at the telephone number(s) listed above.

__ (Email) I caused the foregoing document(s) to be transmitted by email to the addressee(s) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on SEPTEMBER /1 , 2014 at Los Angeles, California.

SALMA AGHA-KHAN, MD

MOTION TO SHORTEN TIME RE: REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER AND TRUSTEES COUNSEL

Page 6

1

2 ## SERVICE LIST

3

4 Office of the US Trustee
United States Courthouse
5 2500 Tulare Street

6 Room 1401

7 Fresno, CA  93271

8

9 Hon. Frederick E. Clement
United States Bankruptcy Court
10 Eastern District of California
2500 Tulare Street
11 Suite 2501
Fresno, CA  93721

12

13

14 CitiMortgage, Inc.
Heather Kim, Esq.
15 2175 N. California Boulevard
#645
16 Walnut Creek, CA 94596

17 Jeffrey Vetter, Trustee
18 Klein DeNatale Goldner Cooper Rosenlief & Kimball
4550 California Avenue
19 2nd Floor
Bakersfield, CA  93309

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT

# SUBMISSION REGARDING MOTION: REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER AND TRUSTEE'S COUNSEL

1   SALMA AGHA-KHAN, MD
2   10001 Venice Boulevard
    #402
3   Los Angeles, California  90034

4   Telephone: (949) 332-0330
    email: slamahagaha@aol.com

5

6

7

8                   **UNITED STATES BANKRUPTY COURT**

9                   **EASTERN DISTRICT OF CALIFORNIA**

    In re:
10                                          Case No.:  10-16183
            Salma H. Agha,
11                                          Adversary No:  13-01086-A
                        Debtor
12                                          Chapter 7

13  Salma H. Agha,

14          Plaintiff/Debtor

15

16  v.

17

18                                  **REQUEST TO BRING LEGAL
                                    ACTION AGAINST TRUSTEE
19                                  JEFFREY VETTER AND
                                    TRUSTEE'S COUNSEL;**
20  Citimortgage Inc., CR. Title Services,   **[PROPOSED]  ORDER**
    Inc., Wilmington Trust Company as
21  Trustee for Structured Asset
    Securities Mortgage Passthrough
22  Certificate Series, 2003-18XS, and
    Does 1-100,
23

24

25

26                  Defendants.

27

28

REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER AND TRUSTEES COUNSEL          Page 1

Debtor, Salma Agha-Khan, MD., respectfully requests this Court grant her an order of permission to maintain Trustee Jeffrey Vetter in the action she had initiated in US District Court for the Central District of California, Case No. CV 14-03490 FMO (CWx) entitled Agha-Khan vs. Clement, et al. and against Trustee Jeffrey Vetter, and his counsel, Lisa Holder, Barry Goldner, and KLEIN, DENATALE AND GOLDNER, a professional law corporation, pursuant to *Barton v. Barbour*, 104 U.S. 126, 129, 26 L.Ed. 672 (1881).

A permission to pursue other legal courses of action against Trustee Vetter had been granted by Ms. Antonia Darling Assistant US Trustee, Office of the US Trustee – Northern and Eastern Districts of California and District of Nevada dated October 23, 2013. A copy of this letter is attached as Exhibit.

RESPECTFULLY SUBMITTED:


DATED:  September 6, 2014

SALMA AGHA-KHAN, MD.
DEBTOR

PROPOSED ORDER ATTACHED

SALMA AGHA-KHAN, MD
10001 Venice Boulevard
#402
Los Angeles, California 90034

Telephone: (949) 332-0330
email: slamahagaha@aol.com

UNITED STATES BANKRUPTY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                              Case No.: 10-16183

    Salma H. Agha,                           Adversary No: 13-01086-A

            Debtor              Chapter 7

Salma H. Agha,

        Plaintiff/Debtor          **[PROPOSED] ORDER
GRANTING REQUEST TO BRING
LEGAL ACTION AGAINST
TRUSTEE JEFFREY VETTER AND
TRUSTEE'S COUNSEL;**

v.,

Citimortgage Inc., CR. Title Services,
Inc., Wilmington Trust Company as
Trustee for Structured Asset
Securities Mortgage Passthrough
Certificate Series, 2003-18XS, and
Does 1-100,

        Defendants.

REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER AND TRUSTEES COUNSEL          Page 3

THE COURT HAVING READ AND CONSIDERED DEBTOR'S REQUEST hereby Orders that Debtor Salma Agha-Khan, MD., may maintain Trustee Jeffrey Vetter in her action as already permitted by Ms. Antonia Darling Assistant US Trustee, Office of the US Trustee – Northern and Eastern Districts of California and District of Nevada dated October 23, 2013. A copy of this letter was attached as Exhibit, in the US District Court for the Central District of California, Case No. CV 14-03490 FMO (CWx) entitled Agha-Khan vs. Clement, et al. as and against Trustee Jeffrey Vetter, and his counsel, Lisa Holder, Barry Goldner, and KLEIN, DENATALE AND GOLDNER, a professional law corporation, pursuant to *Barton v. Barbour,* 104 U.S. 126, 129, 26 L.Ed. 672 (1881).

IT IS SO ORDERED.

DATED: September      , 2014

_____

HONORABLE RICHARD CLEMENT
JUDGE US BANKRUPTCY COURT

# DECLARATION OF SALMA AGHA

My legal name is, Salma Agha, I swear under penalty of perjury that the following is true

I was Debtor in Bankruptcy case # 10-16183 and I am Plaintiff in this case filed against Trustee Vetter et al US District Court for the Central District of California, Case No. CV 14-03490 FMO (CWx) entitled Agha-Khan vs. Clement, et al

The permission to pursue other legal courses of action against Trustee Vetter had been granted by Ms. Antonia Darling Assistant US Trustee, Office of the US Trustee – Northern and Eastern Districts of California and District of Nevada dated October 23, 2013.


DATED:  September 6, 2014

*Sali h*

SALMA AGHA-KHAN, MD.
DEBTOR

REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER AND TRUSTEES COUNSEL

# PROOF OF SERVICE

I declare that I am a resident of or employed in the County of Los Angeles, State of California. I am over 18 years of age and not a party to the entitled action.

On    SEPTEMBER    , 2014, I served the forgoing documents(s) described as: **REQUEST TO BRING ACTION AGAINST TRUSTEE AND TRUSTEE'S COUNSEL; AND [PROPOSED] ORDER** on the following person(s) whose address is: see attached service list by sending a true copy thereof enclosed in a sealed envelope or transmitting, as follows:

_X_ (By U.S. Mail) I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles

___ (By Personal Service) I caused such envelope to be delivered by hand to the offices of the addressee(s).

__ (By Fed Ex Ground Overnight Mail) I caused such envelope to be delivered to an overnight mail service with fees prepaid, with instructions that it be delivered to the addressee the following business day.

___ (By Telecopier) I caused the foregoing document to be transmitted by telecopier (FAX transmission)to the addressee(s), at the telephone number(s) listed above.

____ (Email) I caused the foregoing document(s) to be transmitted by email to the addressee(s) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on SEPTEMBER    , 2014 at Los Angeles, California.


SALMA AGHA-KHAN, MD

1

2                                    **SERVICE LIST**

3

4    Office of the US Trustee
     United States Courthouse
5    2500 Tulare Street

6    Room 1401

7    Fresno, CA  93271

8
     Hon. Frederick E. Clement
9    United States Bankruptcy Court
     Eastern District of California
10   2500 Tulare Street
11   Suite 2501
     Fresno, CA  93721
12

13
     CitiMortgage, Inc.
14   Heather Kim, Esq.
15   2175 N. California Boulevard
     #645
16   Walnut Creek, CA 94596

17   Jeffrey Vetter, Trustee
18   Klein DeNatale Goldner Cooper Rosenlief & Kimball
     4550 California Avenue
19   2nd Floor
     Bakersfield, CA  93309
20

21

22

23

24

25

26

27

28

REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER AND TRUSTEES COUNSEL

# EXHIBIT ONE

Letter from Ms. Antonia Darling, Assistant US Trustee, Office of the US Trustee - Northern and Eastern Districts of California and District of Nevada dated October 23, 2013



**U.S. Department of Justice**
Office of the United States Trustee
*Northern and Eastern Districts of*
*California and District of Nevada*
501 "I" Street, Suite 7-500    (916) 930-2100
Sacramento, CA 95814.    Fax  930-2099

Salma Agha-Khan, MD                                    October 23, 2013
10001 Venice Blvd, #402
Los Angeles CA 90043

In Re:  Letter dated September 30, 2013
        Inquiry # 13-100

Dear Dr. Agha-Khan:

We have received your letter regarding the trustee in your case.  We are sorry for the delay in acknowledging receipt of the letter, however it arrived after October 1, and as you know all non-essential functions were put on hold until the budget issues were resolved.

Your letter has been assigned to attorney Robin Tubesing in the Fresno office. You will be contacted if further information is needed.    If you wish to provide additional information, please feel free to write again, ferencing the inquiry/referral number above.  Please allow at least 60 days for Ms. Tubesing to look into the matter. If you have not heard from her by then, you may contact her directly.

When we conclude our inquiry into this matter we will inform you, however we may not be able to inform you whether any action is taken, particularly if it involves a referral to another agency or a supervisory action. As part of our inquiry we will contact Mr. Vetter and ask for his version of the facts.  You should note that Mr. Vetter is not a federal employee – he is a private citizen, appointed to act as the trustee in each case.  The Office of the US Trustee doesn't have the power to compel him to take any action, or prevent him from taking actions. Only the Bankruptcy Court has that power.  Our authority is limited to taking civil actions within a bankruptcy case, or referring fraud to an appropriate agency.  Because of the large number of bankruptcy cases filed and the current priorities of the program, we may exercise our discretion and take no action.  If we file a civil action, and you are a party, we will serve you with a notice. If we make a referral to another agency, it will be up to that agency to contact you if they choose to do so.

The Office of the US Trustee does not represent individuals, nor are we able to take any action to protect your personal rights.  Therefore you should also consult with an attorney of your own, to determine whether you have any rights or remedies to pursue, such as filing objections, initiating legal action yourself or contacting another agency directly.  Please do not assume that we will be able to take any action to assist you directly.

Very truly yours,

Antonia G. Darling
Assistant US Trustee.
Office of the United States Trustee

# EXHIBIT: 5

**Plaintiff's Bankruptcy Docket, Case No 10-16183, Doc #134**

**Motion: "Request to Bring Legal Action Against Trustee Jeffrey Vetter and Trustee's Counsel"**

Filed: September 10, 2014

Entered: October 10, 2014

SALMA AGHA-KHAN, MD
10001 Venice Boulevard
#402
Los Angeles, California  90034

Telephone:  (949) 332-0330
email:  slamahagaha@aol.com

FILED

SEP 10 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re:

Salma H. Agha,

                        Debtor

Salma H. Agha,

                Plaintiff/Debtor

v.

Citimortgage Inc., CR. Title Services,
Inc., Wilmington Trust Company as
Trustee for Structured Asset
Securities Mortgage Passthrough
Certificate Series, 2003-18XS, and
Does 1-100,

                Defendants.

Case No.:  10-16183

Adversary No:  13-01086-A

Chapter 7

**REQUEST TO BRING LEGAL
ACTION AGAINST TRUSTEE
JEFFREY VETTER AND
TRUSTEE'S COUNSEL
[PROPOSED]  ORDER**

Exhibit:
PROPOSED ORDER
submitted by PRO SE FILER

REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER AND TRUSTEES COUNSEL                    Page 1

1  Debtor, Salma Agha-Khan, MD., respectfully requests this Court grant her an
2  order of permission to maintain Trustee Jeffrey Vetter in the action she had
3  initiated in US District Court for the Central District of California,
4  Case No. CV 14-03490 FMO (CWx) entitled Agha-Khan vs. Clement, et al.
5
6  and against Trustee Jeffrey Vetter, and his counsel, Lisa Holder, Barry
7  Goldner, and KLEIN, DENATALE AND GOLDNER, a professional law
8  corporation, pursuant to *Barton v. Barbour,* 104 U.S. 126, 129, 26 L.Ed. 672
9  (1881).
10
11  A permission to pursue other legal courses of action against Trustee Vetter
12  had been granted by Ms. Antonia Darling Assistant US Trustee, Office of the
13  US Trustee – Northern and Eastern Districts of California and District of
14  Nevada dated October 23, 2013. A copy of this letter is attached as Exhibit.
15
16
17  RESPECTFULLY SUBMITTED:
18
19
20  DATED:  September 6, 2014
21                                                    SALMA AGHA-KHAN, MD.
22                                                    DEBTOR
23
24
25
26
27
28

REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER AND TRUSTEES COUNSEL                    Page 2

PROPOSED ORDER ATTACHED

1
2   SALMA AGHA-KHAN, MD
    10001 Venice Boulevard
3   #402
    Los Angeles, California 90034
4
    Telephone: (949) 332-0330
5   email: slamahagaha@aol.com
6
7
8                   **UNITED STATES BANKRUPTY COURT**
9                   **EASTERN DISTRICT OF CALIFORNIA**
10  In re:
11          Salma H. Agha,                    Case No.: 10-16183
12                      Debtor                 Adversary No: 13-01086-A
                                               Chapter 7
13  _____
14  Salma H. Agha,
15          Plaintiff/Debtor          **[PROPOSED] ORDER**
                                       **GRANTING REQUEST TO BRING**
16                                     **LEGAL ACTION AGAINST**
                                       **TRUSTEE JEFFREY VETTER AND**
17                                     **TRUSTEE'S COUNSEL;**
18  v,
19
20
21  Citimortgage Inc., CR. Title Services,
    Inc., Wilmington Trust Company as
22  Trustee for Structured Asset
    Securities Mortgage Passthrough
23  Certificate Series, 2003-18XS, and
    Does 1-100,
24
25
26                  Defendants.
27
    _____
28

REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER AND TRUSTEES COUNSEL          Page 3

THE COURT HAVING READ AND CONSIDERED DEBTOR'S REQUEST hereby Orders that Debtor Salma Agha-Khan, MD., may maintain Trustee Jeffrey Vetter in her action as already permitted by Ms. Antonia Darling Assistant US Trustee, Office of the US Trustee – Northern and Eastern Districts of California and District of Nevada dated October 23, 2013. A copy of this letter was attached as Exhibit, in the US District Court for the Central District of California, Case No. CV 14-03490 FMO (CWx) entitled Agha-Khan vs. Clement, et al. as and against Trustee Jeffrey Vetter, and his counsel, Lisa Holder, Barry Goldner, and KLEIN, DENATALE AND GOLDNER, a professional law corporation, pursuant to *Barton v. Barbour*, 104 U.S. 126, 129, 26 L.Ed. 672 (1881).

IT IS SO ORDERED.

DATED: September      , 2014

_____
HONORABLE RICHARD CLEMENT
JUDGE US BANKRUPTCY COURT

# DECLARATION OF SALMA AGHA

My legal name is, Salma Agha, I swear under penalty of perjury that the following is true

I was Debtor in Bankruptcy case # 10-16183 and I am Plaintiff in this case filed against Trustee Vetter et al US District Court for the Central District of California, Case No. CV 14-03490 FMO (CWx) entitled Agha-Khan vs. Clement, et al

The permission to pursue other legal courses of action against Trustee Vetter had been granted by Ms. Antonia Darling Assistant US Trustee, Office of the US Trustee – Northern and Eastern Districts of California and District of Nevada dated October 23, 2013.

DATED:  September 6, 2014

SALMA AGHA-KHAN, MD.
DEBTOR

REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER AND TRUSTEES COUNSEL

# PROOF OF SERVICE

I declare that I am a resident of or employed in the County of Los Angeles, State of California. I am over 18 years of age and not a party to the entitled action.

On     SEPTEMBER     , 2014, I served the forgoing documents(s) described as: **REQUEST TO BRING ACTION AGAINST TRUSTEE AND TRUSTEE'S COUNSEL; AND   [PROPOSED]   ORDER** on the following person(s) whose address is: see attached service list by sending a true copy thereof enclosed in a sealed envelope or transmitting, as follows:

✗ (By U.S. Mail) I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles

__ (By Personal Service) I caused such envelope to be delivered by hand to the offices of the addressee(s).

__ (By Fed Ex Ground Overnight Mail) I caused such envelope to be delivered to an overnight mail service with fees prepaid, with instructions that it be delivered to the addressee the following business day.

__ (By Telecopier) I caused the foregoing document to be transmitted by telecopier (FAX transmission)to the addressee(s), at the telephone number(s) listed above.

____ (Email) I caused the foregoing document(s) to be transmitted by email to the addressee(s) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on SEPTEMBER  ૫ , 2014 at Los Angeles, California.

_Salma_

SALMA AGHA-KHAN, MD

_____

REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER AND TRUSTEES COUNSEL

1

2

**SERVICE LIST**

3

4  Office of the US Trustee
   United States Courthouse
5  2500 Tulare Street
6  Room 1401
7  Fresno, CA  93271
8
   Hon. Frederick E. Clement
9  United States Bankruptcy Court
   Eastern District of California
10 2500 Tulare Street
   Suite 2501
11 Fresno, CA  93721
12
13
   CitiMortgage, Inc.
14 Heather Kim, Esq.
   2175 N. California Boulevard
15 #645
16 Walnut Creek, CA 94596
17
   Jeffrey Vetter, Trustee
18 Klein DeNatale Goldner Cooper Rosenlief & Kimball
   4550 California Avenue
19 2nd Floor
20 Bakersfield, CA  93309
21
22
23
24
25
26
27
28

REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE JEFFREY VETTER AND TRUSTEES COUNSEL

# EXHIBIT ONE

Letter from Ms. Antonia Darling, Assistant US Trustee, Office of the US Trustee - Northern and Eastern Districts of California and District of Nevada dated October 23, 2013



U. S. Department of Justice
Office of the United States Trustee
Northern and Eastern Districts of
California and District of Nevada

501 "I" Street, Suite 7-500   (916) 930-2100
Sacramento, CA 95814      Fax  930-2099

October 23, 2013

Salma Agha-Khan, MD
10001 Venice Blvd, #402
Los Angeles CA 90043

In Re:  Letter dated September 30, 2013
        Inquiry # 13-100

Dear Dr. Agha-Khan:

We have received your letter regarding the trustee in your case.  We are sorry for the delay in acknowledging receipt of the letter, however it arrived after October 1, and as you know all non-essential functions were put on hold until the budget issues were resolved.

Your letter has been assigned to attorney Robin Tubesing in the Fresno office.  You will be contacted if further information is needed.   If you wish to provide additional information, please feel free to write again, referencing the inquiry/referral number above.  Please allow at least 60 days for Ms. Tubesing to look into the matter.  If you have not heard from her by then, you may contact her directly.

When we conclude our inquiry into this matter we will inform you; however we may not be able to inform you whether any action is taken, particularly if it involves a referral to another agency or a supervisory action.  As part of our inquiry we will contact Mr. Vetter and ask for his version of the facts.  You should note that Mr. Vetter is not a federal employee – he is a private citizen, appointed to act as the trustee in each case.  The Office of the US Trustee doesn't have the power to compel him to take any action, or prevent him from taking actions.  Only the Bankruptcy Court has that power.  Our authority is limited to taking civil actions within a bankruptcy case, or referring fraud to an appropriate agency.  Because of the large number of bankruptcy cases filed and the current priorities of the program, we may exercise our discretion and take no action.   If we file a civil action, and you are a party, we will serve you with a notice. If we make a referral to another agency, it will be up to that agency to contact you if they choose to do so.

The Office of the US Trustee does not represent individuals, nor are we able to take any action to protect your personal rights.  Therefore you should also consult with an attorney of your own, to determine whether you have any rights or remedies to pursue, such as filing objections, initiating legal action yourself or contacting another agency directly.  Please do not assume that we will be able to take any action to assist you directly.

Very truly yours,

Antonia G. Darling
Assistant US Trustee
Office of the United States Trustee

# EXHIBIT Z-H

**PACER LOG OF "NEW" DOCKET 13-01086 where Plaintiff-Debtor's Bankruptcy proceedings are being**

1. **fraudulently SHIFTED/DIVERTED in an attempt to  shows Bankruptcy START DATE of August 1, 2013 i.e. Filing Date: 08/01/2013 of Adversary Proceeding is MISTAKEN AS BANKRUPTCY FILING instead of the ACTUAL BANKRUPTCY DATES which are listed in this same position in Main Docket 10-16183 as follows**

   **FILING DATE: May 10, 2010**

   **DISCHARGE DATE: September 23, 2010**

   **ILLEGAL REOPENING: September 18, 2012**

2. **DEFENDANTS CONDUCTION OF FRAUDLENT PROCEEDINGS IS HIDDEN**


**Printed: December 15, 2014**

**ADVPEND, BAKERSFIELD, APPEAL**

# U.S. Bankruptcy Court
## Eastern District of California (Fresno)
## Adversary Proceeding #: 13-01086

*Assigned to:* Hon. W. Richard Lee         *Date Filed:* 08/01/13
*Lead BK Case:* <u>10-16183</u>
*Lead BK Title:* Salma H. Agha
*Lead BK Chapter:* 7
*Demand:* $400000

*Nature[s] of Suit:* 11 Recovery of money/property - 542 turnover of property
                   14 Recovery of money/property - other


**Plaintiff**
-----------------------

**Salma H. Agha**                represented by **Salma H. Agha**
6 Windwood                            PRO SE
Irvine, CA 92604
415-926-4282
SSN / ITIN: xxx-xx-9600


V.


**Defendant**
-----------------------

**Citimortgage, Inc.**              represented by **Andrew A. Bao**
                                     2175 N. California Blvd., Ste. 645
                                     Walnut Creek, CA 94596
                                     925-280-0004
                                     *LEAD ATTORNEY*

                                     **Heather S. Kim**
                                     2175 N California Blvd #645
                                     Walnut Creek, CA 94596
                                     925-280-0004
                                     *TERMINATED: 10/28/2014*
                                     *LEAD ATTORNEY*

                                     **Meagan S. Tom**
                                     2175 N California Blvd #645
                                     Walnut Creek, CA 94596-3502
                                     925-280-0004
                                     *LEAD ATTORNEY*

**Unknown at time of filing**
*LEAD ATTORNEY*

**Defendant**
-----------------------
**CR Title Services, Inc.**                    represented by **Eddie R. Jimenez**
                                               4375 Jutland Dr., Suite 200
                                               P.O. Box 17933
                                               San Diego, CA 92177
                                               858-750-7600
                                               *LEAD ATTORNEY*

                                               **Brian A Paino**
                                               4375 Jutland Dr., Suite 200
                                               P.O. Box 17933
                                               San Diego, CA 92177
                                               858-750-7600
                                               *TERMINATED: 04/15/2014*
                                               *LEAD ATTORNEY*

                                               **Unknown at time of filing**
                                               *LEAD ATTORNEY*

**Defendant**
-----------------------
**Wilmington Trust Company**                   represented by **Unknown at time of filing**
                                               *LEAD ATTORNEY*

**Trustee**
-----------------------
**Jeffrey M. Vetter**                          represented by **Connie M. Parker**
                                               5260 N. Palm Ave., Ste. 201
                                               Fresno, CA 93704
                                               559-438-4374
                                               *LEAD ATTORNEY*

| Filing Date | # | Docket Text |
|---|---|---|
| 11/12/2014 | <u>133</u> (3 pgs) | Order to Appear Re: <u>102</u> Amended Order; Show Cause hearing to be held on 12/4/2014 at 09:00 AM at Bakersfield Federal Courthouse (jtis) (Entered: 11/13/2014) |
| 11/17/2014 | <u>134</u> (2 pgs) | Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] Filed by Defendant CR Title Services, Inc. (awys) (Entered: 11/18/2014) |

Case 14-01155    Filed 12/31/14    Doc 20

| | | |
|---|---|---|
| 11/17/2014 | <u>135</u><br>(2 pgs) | Notice of Hearing Re: <u>134</u> Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] to be held on 1/7/2015 at 11:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 11/18/2014) |
| 11/17/2014 | <u>136</u><br>(9 pgs) | Memorandum of Points and Authorities in support of <u>134</u> Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] (awys) (Entered: 11/18/2014) |
| 11/17/2014 | <u>137</u><br>(3 pgs) | Request for Judicial Notice Re: <u>134</u> Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] Filed by Defendant CR Title Services, Inc. (awys) (Entered: 11/18/2014) |
| 11/17/2014 | <u>138</u><br>(70 pgs) | Exhibit(s) in support of <u>137</u> Request for Judicial Notice [PD-2] (awys) (Entered: 11/18/2014) |
| 11/17/2014 | <u>139</u><br>(2 pgs) | Statement Regarding Ownership of Corporate Debtor/Party Filed by Defendant CR Title Services, Inc. [PD-2] (awys) (Entered: 11/18/2014) |
| 11/17/2014 | <u>140</u><br>(2 pgs) | Certificate/Proof of Service of <u>134</u> Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2], <u>135</u> Notice of Hearing, <u>136</u> Memorandum of Points and Authorities, <u>137</u> Request for Judicial Notice, <u>138</u> Exhibit(s), <u>139</u> Statement Regarding Ownership of Corporate Debtor/Party (awys) (Entered: 11/18/2014) |
| 11/18/2014 | <u>141</u><br>(1 pg) | Memo to File Re: Calendar Correction as Transmitted to BNC for Service Re: <u>134</u> Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] (vmcf) (Entered: 11/18/2014) |
| 11/18/2014 | <u>142</u><br>(2 pgs) | Amended Notice of Hearing Re: <u>134</u> Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] to be held on 1/8/2015 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 11/18/2014) |
| 11/18/2014 | <u>143</u><br>(2 pgs) | Certificate/Proof of Service of <u>142</u> Amended Notice of Hearing [PD-2] (awys) (Entered: 11/18/2014) |
| 11/18/2014 | <u>145</u><br>(2 pgs) | Certificate of Mailing of Memo to File Re: Calendar Correction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 11/20/2014) |
| 11/19/2014 | <u>144</u><br>(2 pgs) | Court's Certificate of Mailing of <u>133</u> Order to Appear (shbs) (Entered: 11/19/2014) |

Case 14-01155    Filed 12/31/14    Doc 20

| 11/25/2014 | [146](#)<br>(2 pgs) | Non-Opposition Filed by Defendant Citimortgage, Inc. Re: [123] Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] (awys) (Entered: 11/26/2014) |
|---|---|---|
| 11/25/2014 | [147](#)<br>(2 pgs) | Declaration of Meagan S. Tom in support of [146] Non-Opposition [AAB-2] (awys) (Entered: 11/26/2014) |
| 11/25/2014 | [148](#)<br>(4 pgs) | Certificate/Proof of Service of [146] Non-Opposition, [147] Declaration [AAB-2] (awys) (Entered: 11/26/2014) |
| 12/01/2014 | | Envelope addressed to Salma H. Agha returned to court as undeliverable Re: [133] Order to Appear (msts) (Entered: 12/01/2014) |
| 12/03/2014 | [149](#)<br>(20 pgs) | Response/Reply Filed by Plaintiff Salma H. Agha Re: [133] Order to Appear (awys) (Entered: 12/03/2014) |
| 12/03/2014 | [150](#)<br>(27 pgs) | Request for Judicial Notice Re: [149] Response/Reply Filed by Plaintiff Salma H. Agha (awys) (Entered: 12/03/2014) |
| 12/03/2014 | [151](#)<br>(32 pgs) | Exhibit(s) Re: [149] Response/Reply (awys) (Entered: 12/03/2014) |
| 12/03/2014 | [152](#)<br>(5 pgs) | Declaration of Salma Agha-Khan Re: [149] Response/Reply (awys) (Entered: 12/03/2014) |
| 12/03/2014 | [153](#)<br>(3 pgs) | Certificate/Proof of Service of Proposed Order, [149] Response/Reply, [150] Request for Judicial Notice, [151] Exhibit(s), [152] Declaration (awys) (Entered: 12/03/2014) |
| 12/03/2014 | [154](#)<br>(4 pgs) | Undeliverable Mail from Salma H. Agha at 6 Windwood, Irvine, CA 92604 re: Order to Appear (shbs) (Entered: 12/03/2014) |
| 12/04/2014 | [155](#)<br>(1 pg) | Civil Minutes -- Show Cause Hearing Re: [133] Order to Appear continued; Show Cause Hearing Show Cause hearing to be held on 1/8/2015 at 09:00 AM at Bakersfield Federal Courthouse (jdaf) (Entered: 12/04/2014) |
| 12/04/2014 | | Docket Entry Reserved for Internal Use/Order Processing. (Service List Attached). (jdaf) (Entered: 12/04/2014) |
| 12/04/2014 | [158](#)<br>(2 pgs) | Certificate/Proof of Service of [134] Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] (awys) (Entered: 12/04/2014) |
| | [160](#) | Civil Minute Order/Order to Continue Hearing Re: [123] |

Case 14-01155   Filed 12/31/14   Doc 20

| | | |
|---|---|---|
| 12/05/2014 | (2 pgs) | Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] ; Hearing to be held on 1/8/2015 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 12/05/2014) |
| 12/05/2014 | 161 (2 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 12/05/2014) |
| 12/05/2014 | 162 (3 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 12/07/2014) |
| 12/08/2014 | 163 (3 pgs) | Request for Special Notice Filed by Creditor CR Title Services, Inc. (awys) (Entered: 12/09/2014) |
| 12/08/2014 | 164 (2 pgs) | Certificate/Proof of Service of 163 Request for Special Notice (awys) (Entered: 12/09/2014) |
| 12/09/2014 | 165 (4 pgs) | Re-Issued Order to Appear Re: 102 Amended Order; Show Cause hearing to be held on 1/8/2015 at 09:00 AM at Bakersfield Federal Courthouse (awys) (Entered: 12/10/2014) |
| 12/10/2014 | 166 (2 pgs) | Court's Certificate of Mailing of 165 Order to Appear (awys) (Entered: 12/10/2014) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/15/2014 15:48:52 | | |
| PACER Login: | rr6611:4274207:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 13-01086 Fil or Ent: filed From: 11/3/2014 To: 12/15/2014 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 3 | Cost: | 0.30 |

# EXHIBIT Z-I

PACER LOG OF "MAIN" BANKRUPTCY DOCKET 10-16183 showing MISSING PROCEEDINGS PERTINENT TO **STAY** ON BANKRUPCTY MATTERS as Plaintiff-Debtor's Bankruptcy proceedings are

1. being fraudulently SHIFTED/DIVERTED BY DEFENDANTS TO "NEW" DOCKET 13-01086 in an attempt to  shows Bankruptcy START DATE of August 1, 2013 i.e. Filing Date: 08/01/2013 of Adversary Proceeding is MISTAKEN AS BANKRUPTCY FILING instead of the ACTUAL BANKRUPTCY DATES which are listed in this same position in Main Docket 10-16183 as follows

   FILING DATE: May 10, 2010

   DISCHARGE DATE: September 23, 2010

   ILLEGAL REOPENING: September 18, 2012

2. HIDING DEFENDANTS CONDUCTION OF FRAUDLENT PROCEEDINGS


Printed: December 15, 2014

**MEANSNO, BAKERSFIELD, DISCHARGED, ADVPEND, REOPENED, NOCLOSE, TRANSFER**

# U.S. Bankruptcy Court
## Eastern District of California (Fresno)
## Bankruptcy Petition #: 10-16183

| | |
|---|---|
| *Date filed:* | 05/30/2010 |

*Assigned to:* Hon. W. Richard Lee
Chapter 7
Voluntary
Asset

*Date filed:* 05/30/2010
*Date reopened:* 09/18/2012
*Debtor discharged:* 09/23/2010
*341 meeting:* 08/27/2010
*Deadline for filing claims:* 02/13/2013
*Deadline for objecting to discharge:* 09/10/2010
*Deadline for financial mgmt. course:* 08/26/2010

*Debtor disposition:* Standard Discharge

**Debtor**
**Salma H. Agha**
11622 Harrington St
Bakersfield, CA 93311
KERN-CA
SSN / ITIN: xxx-xx-9600

represented by **William R. Cumming**
3080 Bristol Street, #630
Costa Mesa, CA 90292
714-432-6494

**Trustee**
**Jeffrey M. Vetter**
PO Box 2424
Bakersfield, CA 93303
(661) 809-6806

represented by **Lisa Holder**
4550 California Ave 2nd Fl
Bakersfield, CA 93309
(661) 395-1000

**U.S. Trustee**
**Office of the U.S. Trustee**
United States Courthouse
2500 Tulare Street, Room 1401
Fresno, CA 93721

**U.S. Trustee**
**August B. Landis**

represented by **Mark Pope**
2500 Tulare St #1401
Fresno, CA 93721
(559) 487-5002

| Filing Date | # | Docket Text |
|---|---|---|
| 11/04/2014 | <u>138</u><br>(3 pgs) | Order Denying <u>129</u> Motion/Application for Notice Regarding Ambushed Fraudulent Hiring of Attorneys Seeking Revenge Against Debtor Allowed by Judge Clement Acting Under Color of Official Right to Commit Grand Theft Felony of Stealing Debtor's Properies (ltas) (Entered: 11/04/2014) |

Case 14-01155    Filed 12/31/14    Doc 20

| 11/04/2014 | 139<br>(3 pgs) | Copy of Document as transmitted to BNC for service. (ltas) (Entered: 11/04/2014) |
|---|---|---|
| 11/04/2014 | 140<br>(4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 11/06/2014) |
| 11/12/2014 | 141<br>(3 pgs) | Order Denying 126 Motion/Application of Debtor's Notice of Docket Fraud Perpetrated by US Trustee Jeffrey Vetter, His Attorneys Lisa Holder, KDG Law Firm and Judge Fredrick Clement who Intentionally, Fraudiently and Repeatedly Altered Plaintiff's Bankruptcy Ma (jtis) (Entered: 11/13/2014) |
| 11/19/2014 | 142<br>(3 pgs) | Copy of Document as transmitted to BNC for service. (shbs) (Entered: 11/19/2014) |
| 11/19/2014 | 143<br>(4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 11/21/2014) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/15/2014 15:47:06 | | |
| **PACER Login:** | rr6611:4274207:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 10-16183 Fil or Ent: filed From: 11/3/2014 To: 12/15/2014 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# EXHIBIT Z-J

**Doc #149: Plaintiff-Debtor's Ex Parte Motion "Notice of Docket Fraud Perpetration by Defendants Continuing to this day........" filed December 3, 2014 regarding**

1. **FRAUDULENTLY DELAYING MAILING of ORDER TO SHOW CAUSE asking Plaintiff-Debtor to appear and justify placement of STAY ON BANKRUPTCY PROCEEDING**
2. **FRAUDULENT HIDING OF THIS ORDER AND RELATED PROCEEDINGS FROM MAIN DOCKET 10-16183 when it pertains to Bankruptcy**
3. **FRAUDULENT CONDUCTION OF ILLEGAL BANKRUPTCY PROCEEDINGS as they are hidden from the investigating authorities under this "NEW" Docket**

**NOTE: Order to SHOW CAUSE Doc #133 filed in "New" Docket 13-01086 details**

**Filed: November 12, 2014 Doc #133**
**Mailed: November 19, 2014 Doc #144**

ORIGINAL

FILED

LTRF

DEC 03 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1  SALMA AGHA-KHAN, M.D.
   10001 Venice Boulevard # 402
2  Los Angeles, California  90034
   Telephone:  (949) 332-0330
3  email:    salmahagha@aol.com

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF CALIFORNIA

7  In re:                          Chapter 7 Case No. 10-16183
8  SALMA H. AGHA,                  Adversary No: 13-01086

9                    Debtor,
                                   EX PARTE MOTION RE: DEBTOR-
10 _____      PLAINTIFF'S EX-PARTE NOTICE OF
                                   DOCKET FRAUD PERPETRATION BY
11 Salma H. Agha,                  DEFENDANTS CONTINUING TO THIS
                                   DAY AS EVIDENCED IN DELIBERATE,
12                                 INTENTIONAL AND FRAUDULENTLY
                                   DELAYED MAILING OF DOC #133
13           Plaintiff/Debtor      ISSUED NOVEMBER 12, 2014,
                                   COURT ORDER FOR DEBTOR TO
14 vs.                             APPEAR REGARDING STAY ON HER
                                   BANKRUPTCY PROCEEDINGS,  WITH
15 Citimortgage Inc., CR. Title    CERTIFICATE OF MAILING DOC
16 Services, Inc., Wilmington Trust #144 ENTERED ON NOVEMBER 19,
   Company as                      2014 SEVEN DAYS LATER!.
17 Trustee for Structured Asset    QUESTION TO THE COURT: WAS
   Securities Mortgage Passthrough THIS NOTICE EVER MAILED?;
18 Certificate Series, 2003-18XS, and
   Does 1-100,
19                                                      BY FAX
20               Defendants.       Judge: HON RICHARD LEE
                                   Hearing Date: December 4, 2014
21                                 Time: 9:00 am
                                   Place: US Bankruptcy Court
22                                        1300 18th Street, Ste A
                                         Bakersfield, CA
23

24 NOTE: THE DOCUMENT COULD NOT BE FILED ON DECEMBER 2, 2014 DUE

25 TO POWER OUTAGE FROM SEVERE RAIN IN LOS ANGELES, CALIFORNIA ON

   THIS DAY

           DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY       1
       DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL
       AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014
              COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Salma Agha-Khan, MD., Debtor-Plaintiff herein, hereby moves the above

entitled Court on December 4, 2014 for an Order to

1. STOP ONGOING DOCKET FRAUD CONINUING TO THIS DAY as noticed in Debtor-Plaintiff's previously filed "Notice of Docket Fraud". This Docket Fraud is being shamelessly perpetrated by the Defendants on an on-going basis for OVER ONE YEAR (since August 1, 2013 when fraudulent filing began under the created "New" case number)

2. IDENTIFY AND SEVERELY THE CRIMINALS RESPONSIBLE FOR ALL DOCKET FRAUD

3. CEASE TO USE THEIR FRAUDULENTLY CREATED "NEW" CASE NUMBER IN AN EFFORT TO HIDE INCRIMINATING EVIDENCE AGAINST DEFENDANTS CRIMINAL ACTIVITIES INCLUDING GRAND THEFTS, FRAUDS ETC IN DEBTOR'S BANKRUPTCY MATTERS

4. VOID ALL ILLEGAL SALES/TRANSFERS ETC OF DEBTORS PROPERTIES ILLEGALLY CONDUCTED BY THESE DEFENDANTS AND RETURN THESE PROPERTIES TO THE DEBTOR IMMEDIATELY WHICH INCLUDE SAN FRANCISCO LAWSUIT AND VODKA FROM AROUND THE WORLD LLC, HER PRIMARY RESIDENCE AND ALL HER PROPERTIES ILLEGALLY REMOVED FROM HER RESIDENCE

5. ISSUE SEVERE SANCTIONS ETC AS PUNISHMENTS ON ALL PERPETRATORS

This Motion is being made on the grounds that Defendants are actively colluding with Judge Clement, Trustee Vetter and his attorneys as

**DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014 COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION**

2

well as Court Personals to stop the Debtor-Plaintiff from receiving this Courts Notice to appear in Hearing scheduled for December 4, 2014. Doc #133, issued November 12, 2014 but not mailed till November 20, 2014.

**FACTS:** Debtor recently received in the mail a filing titled "Non-Opposition to Motion to Dismiss Plaintiff's Adversary Complaint" Doc #146-148 in Adversary Docket 13-01086, filed by Attorneys for Defendant Citi Mortgage.

Upon electronic review of this Adversary Proceeding Docket No 13-01086 the following facts were noticed by the Debtor-Plaintiff regarding Judge Lees Order to the Plaintiff-Debtor issued on November 12, 2014, Doc #133, titled "Order to Appear and Show Cause Why Stay of Adversary Proceeding Should Not Be Vacated"

1. The above Order, Doc #133 issued on November 12, 2014, was not immediately followed by a Certificate of mailing as seen in other Court Orders in this Adversary Docket

   a. Doc #129, Court Order Re: "Memo…." Filed October 28, 2014 had a Doc #132 "Certificate of Notice" regarding its mailing on SAME DAY October 28, 2014, entered October 30, 2014

   b. Doc #141, Court Order Re: "Memo…." Filed November 18, 2014 had a Doc #145 "Certificate of Notice" regarding its mailing on SAME DAY November 18, 2014, entered November 20, 2014

2. The above Order, Doc #133 issued on November 12, 2014, had a MUCH DELAYED Certificate of mailing Doc #144 on November 19, 2014 (**SEVEN DAYS LATER**), entered on the same day but

   a. Doc #144 was stated to have been **MAILED SEVEN DAYS AFTER**

**DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014 COURT'S ORDER FOR DEBTOR TO APPEAR….EX PARTE MOTION**

3

**ISSUING OF THE ORDER** according to the docket entry records

b. Doc #144 entered on "11/19/2014" was **listed AFTER Doc #145** which was entered on "11/20/2014". Thus both the Doc # and date of entry into the Docket are **OUT OF SEQUENCE!**

## QUESTIONS:

1. WAS THIS MOTION EVER ACTUALLY MAILED TO THE DEBTOR-PLAINTIFF?

2. WILL THIS COURT REALIZE THAT THIS INTENTIONAL "DELAYED" MAILING WAS AN ACTIVE, FRAUDULENT AND CRIMINAL ATTEMPT/INTERVENTION BY THE DEFENDANTS TO STOP DEBTOR-PLAINTIFF FROM APPEARING?

3. THE "STAY" WAS PLACED ON ALL BANKRUPTCY PROCEEDINGS/ MATTERS SO WHY IS THIS NOTICE NOT FILED IN THE BANKRUPTCY DOCKET 10-16183?

4. HOW MANY MORE INSTANCES OF LEGAL FRAUD BEING ACTIVELY PERPETRATED BY THE DEFENDANTS IN COLLUSION, CONTINUING TO THIS DAY IN THIS COURT, MUST BE DOCUMENTED BY THE DEBTOR-PLAINTIFF BEFORE THIS COURT WILL REALIZE THE SEVERITY OF THESE CRIMINAL ACTIONS AND TAKE DEFINITE ACTIONS TO STOP THIS INTENTIONAL, ILLEGAL, FRAUDULENT AND CRIMINAL PRACTICE OCCURRING IN THIS COURT?

**NOTE:** The "STAY" was not an isolated to the Adversary Proceedings but it was placed on ALL BANKRUPTCY PROCEEDINGS/MATTERS as the entire reopening of Debtor-Plaintiff's Bankruptcy **LACKING JURISDICTION** and

**DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014 COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION**

4

all fraudulent proceedings held under its cover to perpetrate multiple Grand Thefts of Plaintiff's properties with various parties colluding including Judge Clement, Trustee Vetter, Trustee's Attorneys etc acting under color of official right are being investigated at multiple levels by various governing authorities to include the following

     i)    Attorney General's Office

     ii)   FBI

     iii)  Criminal Division, Department of Justice

     iv)  California Bar Association

     v)   California Division of Real Estate

     vi)  Executive Office of US Trustee Program

The following legal actions are pending against all these corrupt individuals to include Judge Clement, Trustee Vetter, attorneys representing Trustee Vetter, Citi Mortgage, Wilmington Trust, CR Title Inc and their Client Citi Bank to name a few.

1. Judicial Review Complaint against Judge Clement Case No 13-90160

2. California Central District Western division Case No CV-14-03490-FMO-CWx

3. CA Bar Association – Multiple Complaints against all attorneys involved and named as Defendants in Federal Case No CV-14-03490-FMO-CWx with Judge Clement and Trustee Vetter

4. San Francisco Superior Court Case No CGC-11-515095 (soon to be reopened)

This fraudulent, deliberate and intentional **ALTERATION OF LEGAL COURT RECORDS BY JUDGE CLEMENT, TRUSTEE JEFFREY VETTER,**

**DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014 COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION**

5

**HIS ATTORNEYS LISA HOLDER, KDG LAW FIRM** with help from other involved parties were outlined in detail in Ex Parte Motion and its accompanying Judicial Notice titled **Docket Fraud** filed October 1, 2014. Unfortunately this Motion and acts alleged therein with supporting attached Court documents were not considered severe enough to get this Courts attention and the Motion and its accompanying Judicial Notice were dismissed. Acts outlined in those submissions included fraudulent

1. **CREATION** by Defendants of a **"new"** case number being used for filing of Plaintiff's Bankruptcy matters since August 1, 2013 – OVER ONE YEAR

2. **MISFILING** by Defendants of Plaintiff's Bankruptcy matters under this incorrect created **"new"** case number of **13-01086** instead of correctly filing them under the original Bankruptcy Number of **10-16183**

3. **MISLABELING** by Defendants of Court Proceeding Transcript tiles which are criminally misleading stated with intent to mislead and defraud. For example Defendants fraudulently asking for an **"Order Authorizing the Sale"** instead of their criminal intent in actual motions for the hearing and the actual proceedings during the hearing itself **"Order to CONDUCT THE SALE" hiding** WHAT ACTUALLY HAPPENED IN THE COURT ROOM as evidenced in these transcripts.

4. **MISREPORTING** by Defendants with regard to the actual content of their filings and their intent as to the proceedings requested. For example Defendants fraudulently asking for an **"Application for Order Authorizing Trustee to Employ Attorneys Effective**

DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY
DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL
AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014
COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION

6

**September 13, 2012"**, filed November 8, 2012, instead of the actual **"NOTIFICATION of Employment of Attorneys since September 13, 2012"**, PREDATING Trustees appointment on September 19, 2012.

5. Deliberately **DELAYED** transcribing, posting and mailing of Notices in a criminal attempt to stop Debtor-Plaintiff from appearing and taking appropriate action.

Said Motion with ADDITIONAL EVIDENCE OF FRAUD will be made and based herein, on the Declaration of Salma Agha-Khan, MD., filed herewith, the Memorandum of Points and Authorities required by Local Rule 7-19

Respectfully submitted:

DATED: December 2, 2014

_____
SALMA AGHA-KHAN, MD.
DEBTOR-PLAINTIFF IN PRO SE

**DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014 COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION**

7

# TABLE OF CONTENTS

1. Local Rule  7-19.1..............................................................Pg 17

**DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY
DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL
AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014
COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION**

# MEMORANDUM OF POINTS AND AUTHORITIES

Salma Agha-Khan, MD., Debtor herein, submits the following Memorandum of Points and Authorities in compliance with Local Rule 7-19 that following illegal reopening of her Bankruptcy **lacking jurisdiction**, Defendants have been actively colluding with Judge Clement, Trustee Vetter and his attorneys as well as Court Personals to stop the Debtor-Plaintiff from receiving this Courts Notice to appear in Hearing scheduled for December 4, 2014. Doc #133, issued November 12, 2014 but not mailed till November 20, 2014.

**FACTS:** Debtor recently received in the mail a filing titled "Non-Opposition to Motion to Dismiss Plaintiff's Adversary Complaint" Doc #146-148 in Adversary Docket 13-01086, filed by Attorneys for Defendant Citi Mortgage.

Upon electronic review of this Adversary Proceeding Docket No 13-01086 the following facts were noticed by the Debtor-Plaintiff regarding Judge Lees Order to the Plaintiff-Debtor issued on November 12, 2014, Doc #133, titled "Order to Appear and Show Cause Why Stay of Adversary Proceeding Should Not Be Vacated"

1. The above Order, Doc #133 issued on November 12, 2014, was not immediately followed by a Certificate of mailing as seen in other Court Orders in this Adversary Docket

   b. Doc #129, Court Order Re: "Memo...." Filed October 28, 2014 had a Doc #132 "Certificate of Notice" regarding its mailing on SAME DAY October 28, 2014, entered October 30, 2014

   c. Doc #141, Court Order Re: "Memo...." Filed November 18, 2014 had a Doc #145 "Certificate of Notice" regarding its mailing on

**DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014 COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION**

SAME DAY November 18, 2014, entered November 20, 2014

2. The above Order, Doc #133 issued on November 12, 2014, had a MUCH DELAYED Certificate of mailing Doc #144 on November 19, 2014 (**SEVEN DAYS LATER**), entered on the same day but

   a. Doc #144 was stated to have been **MAILED SEVEN DAYS AFTER ISSUING OF THE ORDER** according to the docket entry records

   b. Doc #144 entered on "11/19/2014" was **listed AFTER Doc #145** which was entered on "11/20/2014". Thus both the Doc # and date of entry into the Docket are **OUT OF SEQUENCE!**

The intentional, fraudulent and criminal act of preventing noticing of Debtor-Plaintiff regarding Courts Order to appear is added proof of the extent of corruption and the levels at which it exists in this Court.

These Defendants have been **altering Court Records to hide their illegal actions** by:

1. **CREATION** by Defendants of a "new" case number being used for filing of Plaintiff's Bankruptcy matters since August 1 , 2013

2. **MISFILING** by Defendants of Plaintiff's Bankruptcy matters under this incorrect created "**new**" case number of **13-01086** instead of correctly filing them under the original Bankruptcy Number of **10-16183**. The Motion requesting permission to bring Legal action against Trustee Vetter and his Counsel was **KEPT HIDDEN FOR ONE MONTH** in the newly created Docket 13-01086 even though it was filed under correct Bankruptcy Docket No 10-16183. (This will be evidenced and discussed in a separate Motion yet to be filed)

DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014 COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION

3. **MISLABELING** by Defendants of Court Proceeding Transcript tiles which are criminally misleading stated with intent to mislead and defraud. For example Defendants fraudulently asking for an "**Order Authorizing the Sale**" instead of their criminal intent in actual motions for the hearing and the actual proceedings during the hearing itself "**Order to CONDUCT THE SALE**" hiding WHAT ACTUALLY HAPPENED IN THE COURT ROOM as evidenced in these transcripts.

4. **MISREPORTING** by Defendants with regard to the actual content of their filings and their intent as to the proceedings requested. For example Defendants fraudulently asking for an "**Application for Order Authorizing Trustee to Employ Attorneys Effective September 13, 2012**", filed November 8, 2012, instead of the actual "**NOTIFICATION of Employment of Attorneys since September 13, 2012**", PREDATING Trustees appointment to this case on September 19, 2012. Misreporting makes hearings **NULL AND VOID**

5. Deliberately **DELAYED** transcribing, posting and mailing to appropriate orders, notices etc to prevent and actively obstruct Debtor-Plaintiff from appearing and or taking appropriate action.

**This "Mislabeling" and "Misreporting" has been occurring since the day of filing of Ex-Parte Application to illegally reopen Plaintiff's Bankruptcy lacking jurisdiction.**

This fraudulent, deliberate and intentional **ALTERATION OF LEGAL COURT RECORDS BY JUDGE CLEMENT, TRUSTEE JEFFREY VETTER,**

**DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014 COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION**

HIS ATTORNEYS LISA HOLDER, KDG LAW FIRM with help from other involved parties were outlined in detail in Ex Parte Motion and its accompanying Judicial Notice titled **Docket Fraud** filed October 1, 2014. Unfortunately this Motion and acts alleged therein with supporting attached Court documents were not considered severe enough to get this Courts attention and the Motion and its accompanying Judicial Notice were dismissed. Acts outlined in those submissions included fraudulent

## 1. CREATION OF NEW CASE NUMBER

The Defendants have fraudulently and intentionally "**CREATED**" a "**new**" case number to file and hide Plaintiff's Bankruptcy matter documents which serve as incriminating evidence against Defendants since August 1, 2012. Misfiling for OVER ONE YEAR under this new case number.

## 2. MISFILING OF BANKRUPTCY MATTER DOCUMENTS

The Defendants have intentionally and fraudulently, for a long period of time, "**MISFILED**" Plaintiff's Bankruptcy matter documents under the new case number they had created to "**hide**" these documents under.

The Defendants **first** showed these critical documents to be "**REDACTED**" under the correct original Bankruptcy case number **10-16183**

The Defendants than after a period of several months made these "**REDACTED**" documents appear under the "**new**" case number, **13-01086** "**borrowed**" from the Adversary Proceedings but created as a separate case entity entirely.

**DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014 COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION**

1  **PLEASE NOTE:** the first adversary proceeding brought against Defendant

2  CitiMortgage et al is listed under both case numbers - *Adversary Proceeding*

3  *against CitiMortgage* **Doc #115** *under original Bankruptcy # 10-16183* **and**

4  **Docs #1-5** *under new Case #13-01086*, where the "new" case number is

5  hand written under the typed Bankruptcy number on this submission under

6  which this document was filed by the Plaintiff. The $293.00 filing fee was

7  waived by these Defendants in their pathetic and desperate attempt at

8  creating this new case number for hiding incriminating evidence against

9  them.

10  **PURPOSE** of this intentional **"misfiling"** of Dockets under a **"new"** case

11  number by the Defendants to fraudulently **"hide"** these critical motions,

12  Defendants actions, responses and orders pertaining to these motions were

13  all **intentional frauds performed under the legal umbrella of**

14  **Bankruptcy** to achieve the following results

15  i)    These documents are **not readily visible** to the investigating

16  authorities who see a **"clean"** docket list under the original Bankruptcy

17  number and think "there must be a mistake in filing of complaint".

18  ii)  **Defendants dirty list of deeds, incriminating evidence is buried**

19  under the "new" case number which effectively **"hides"** the main culprit,

20  Defendant Judge Clement himself as this entire case

21  iii)  **Plaintiff's attempt at exposing these criminals and their**

22  **felonies** in the form of Motions documenting Judicial Misconduct etc

23  **appear to be part of a relatively benign Adversary Proceeding**

24  **against CitiMortgage**

25  iv)  Also **any future disqualification** of Defendant Judge Clement will

DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY
DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL
AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014
COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION

not affect his standing in the ENTIRE FRAUDULENTLY REOPENED BANKRUPTCY LACKING JURISDICTION as it will be **LIMITED TO THIS ADVERSARY PROCEEDING against CitiMortgage**

### 3. MISLABELING OF TITLE ON COURT PROCEEDING TRANSCRIPTS

The Defendants deliberate "**MISLABELING**" of Titles on Court Proceeding Transcripts effectively misguides regarding the purpose of the hearing and lies about the actual Court Proceedings contrary to the evidence contained in these transcripts.

**EXAMPLE**: Defendants repeated fraudulent asking for an "**Order Authorizing Sale**" instead of "**Order to CONDUCT THE SALE** WITH IMMEDIATE ON-SITE BIDDING**", the real reason for that hearing and all Motions submitted leading to that hearing, which is the transcribed supporting evidence therein.

**PURPOSE** of this fraudulent intentional "**mislabeling**" of titles  on all transcribed court proceedings and all associated pertinent filings is to MISLEAD as to the **real reason for the hearing/filing** and as to **what was actually proposed and heard in the related Court hearing.** The Defendants thus achieved the following goals

i)    The Defendants "**camouflaged**" their grand theft felony carried out using Bankruptcy as means to an end,** thus their execution of this grand fraud of Bankruptcy which enabled them to steal Plaintiffs properties using force under color of official right, was effectively covered up. These Defendant robbers ignored every Rule of Bankruptcy including their collusion as to preplanning of this scheme to commit robbery when

**DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014 COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION**

14

they lacked jurisdiction as to the reopening of Bankruptcy, lied to fraudulently claim Plaintiff's properties as assets, lacked notifying Creditors, failed to post a notice of sale and the list of frauds goes on and on and on.

ii)   The Defendants kept their **schemed grand theft felonies "invisible and hidden" from all Creditors** and investigating authorities who just see a **"clean"** docket list under the original Bankruptcy number and think "there must be a mistake in filing of the complaint". Thus they have **no idea** how these Defendant thieves TREACHEROUSLY EXECUTED ACTUALLY THEIR PLANNED THEFT IN THE BANKRUPTCY COURT IN THE NAME OF BANKRUPTCY

iii)   The Defendants **kept Creditors from pursuing and purchasing these assets,** these Defendants had illegally stolen from Plaintiff. Thus the **grand theft felony was kept a "Private Event"** by Defendants

iv)   KDG, Goldner, Holder, Defendant Trustee Vetter, Defendant Judge Clement **to benefit their "special friends"** Defendants Breitman and BBG Ltd.

## 4. MISREPORTING OF TITLES ON DEFENDANTS MOTIONS etc.

The Defendants deliberate **"MISREPORTING"** of Titles with regards to the actual content of their filings and their intent as to the proceedings requested, making these proceeding **NULL AND VOID!**

**EXAMPLE:** Defendants fraudulently asking for an **"Application for Order Authorizing Trustee to Employ Attorneys Effective September 13, 2012"**, filed November 8, 2012, instead of the actual **"NOTIFICATION of**

DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY
DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL
AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014
COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION

15

**Employment of Attorneys since September 13, 2012**", PREDATING

Trustees appointment to this case on September 19, 2012.

**PURPOSE** of this fraudulent intentional "**misreporting**" of titles by

Defendants on all their filing and the stated requests is to MISLEAD as to

the **real reason for the filing** and as to **their actual intended actions**

**proposed in that document.** The Defendants thus achieved all the goals

described above under item 1-3.

## 5. <u>INTENTIONAL OBSTRUCTION WITH TRANSCRIBING, DELAYED POSTING AND MAILING OF DOCUMENTS CAUSING INTENTIONAL OBSTRUCTION OF JUSTICE</u>

An intentional obstruction caused by Defendants to transcribing these

hearings held on January 9, 2014 and February 12, 2014. Despite repeated

phone calls and emails we were UNABLE to obtain a transcribed copy of

these hearing after I was told that "other two hearings on February 12,

2014 had been transcribed a long time ago" by the person at Wood and

Randall Court Transcribing Service who was also not sure why my hearings

were not yet transcribed.

To overcome this intentional obstruction I had to attach copies of this

lawsuit and threaten the transcribing service with their inclusion in the

lawsuit if I did not get my copies ASAP.

I finally got my transcribed hearing copies on March 13, 2014 over

**TWO MONTHS AFTER** January 9, 2014 hearing and **OVER ONE MONTH**

**AFTER** February 12, 2014 hearing. I wonder **WHO WAS STOPPING**

transcription of these hearings and **WHY?**

**DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014 COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION**

This particular instance is a perfect example of intentional, fraudulent and criminal obstruction in methods of Justice caused by Defendants to delay and even prevent noticing of Debtor-Plaintiff so that a critical appearance is missed.

This criminal interference with legal procedures has been the practice of these corrupt Defendants, Judge Clement, Trustee Vetter and his attorneys who were illegally hired by ambush as outlined in Debtor-Plaintiff's submission titled "Illegal Ambushed Fraudulent Hiring of Attorneys…."

## PLAINTIFF CAN SEEK EX PARTE ORDERS

The local rules provide authority for Plaintiff to seek orders. (See Local Rule   7-19 Ex Parte Application, Local Rule   7-19.1 Notice of Application). As more particularly set forth in Debtor-Plaintiff's declaration attached hereto Plaintiff has complied with this requirement.

## THIS COURT HAS THE POWER TO UPHOLD THE INTEGRITY
## OF THE JUDICAL PROCESS AND CORRECT THE
## INTENTIONAL WRONGS THAT HAVE BEEN DONE

This organized corruption in bearers of Justice performing illegal and criminal acts to cover up their GRAND THEFT FELONIES using stolen vehicle of BANKRUPTCY as their means to "TRANSFER" THE GOODS THEY STOLE from Plaintiff-Debtor to Buyer-Defendant while acting under color of professional right, as EXPOSED in these filings MUST NOW BE STOPPED!

DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014 COURT'S ORDER FOR DEBTOR TO APPEAR….EX PARTE MOTION

17

1

# **CONCLUSION**

2 **QUESTIONS:**

3   1. WAS THIS MOTION EVER ACTUALLY MAILED TO THE DEBTOR-

4      PLAINTIFF?

5   2. WILL THIS COURT REALIZE THAT THIS INTENTIONAL "DELAYED"

6      MAILING WAS AN ACTIVE, FRAUDULENT AND CRIMINAL

7      ATTEMPT/INTERVENTION BY THE DEFENDANTS TO STOP DEBTOR-

8      PLAINTIFF FROM APPEARING?

9   3. THE "STAY" WAS PLACED ON ALL BANKRUPTCY PROCEEDINGS/

10     MATTERS SO WHY IS THIS NOTICE NOT FILED IN THE BANKRUPTCY

11     DOCKET 10-16183?

12  4. HOW MANY MORE INSTANCES OF LEGAL FRAUD BEING ACTIVELY

13     PERPETRATED BY THE DEFENDANTS IN COLLUSION, CONTINUING TO

14     THIS DAY IN THIS COURT, MUST BE DOCUMENTED BY THE DEBTOR-

15     PLAINTIFF BEFORE THIS COURT WILL REALIZE THE SEVERITY OF

16     THESE CRIMINAL ACTIONS AND TAKE DEFINITE ACTIONS TO STOP

17     THIS INTENTIONAL, ILLEGAL, FRAUDULENT AND CRIMINAL PRACTICE

18     OCCURRING IN THIS COURT?

19

20 **NOTE:** The "STAY" was not an isolated to the Adversary Proceedings but it

21 was placed on ALL BANKRUPTCY PROCEEDINGS/MATTERS as the entire

22 reopening of Debtor-Plaintiff's Bankruptcy **LACKING JURISDICTION** and

23 all fraudulent proceedings held under its cover to perpetrate multiple Grand

24 Thefts of Plaintiff's properties with various parties colluding including Judge

25 Clement, Trustee Vetter, Trustee's Attorneys etc acting under color of

official right are being investigated at multiple levels by various governing

DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY                18
DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL
AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014
COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION

authorities to include the following

      i)   Attorney General's Office

      ii)  FBI

      iii) Criminal Division, Department of Justice

      iv) California Bar Association

      v)  California Division of Real Estate

      vi) Executive Office of US Trustee Program

The following legal actions are pending against all these corrupt individuals to include Judge Clement, Trustee Vetter, attorneys representing Trustee Vetter, Citi Mortgage, Wilmington Trust, CR Title Inc and their Client Citi Bank to name a few.

1. Judicial Review Complaint against Judge Clement Case No 13-90160
2. California Central District Western division Case No CV-14-03490-FMO-CWx
3. CA Bar Association – Multiple Complaints against all attorneys involved and named as Defendants in Federal Case No CV-14-03490-FMO-CWx with Judge Clement and Trustee Vetter

I hope this **illegal criminal matter** of **creating, misfiling, mislabeling and misreporting** as well as **causing delays in posting, mailing and noticing of legal documents** will be appropriately investigated and responsible individuals will be severely punished. The fraudulent proceeding must also be declared **NULL AND VOID and extreme Sanctions imposed on these criminals who are constantly trying to obstruct Justice!**

**DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014 COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION**

19

1        It is also asked that the Debtor-Plaintiff be allowed to attend all

2    hearings by phone as her personal safety is not guaranteed at these

3    hearings in view of the vicious actions of Defendants involved in her case so

4    far.

5

6    Respectfully Submitted by Plaintiff:

7    Dated:  December 2, 2014

8                                             SALMA AGHA-KHAN, MD.

                                         Debtor and Plaintiff in Pro Se

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

       **DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY**          20
**DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL
AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014
COURT'S ORDER FOR DEBTOR TO APPEAR....EX PARTE MOTION**

# EXHIBIT Z-K

**Doc #150: Plaintiff-Debtor's Judicial Notice with Exhibits Re: Ex Parte Motion "Notice of Docket Fraud Perpetration by Defendants Continuing to this day........" filed December 3, 2014 regarding**

1. **FRAUDULENTLY DELAYING MAILING of ORDER TO SHOW CAUSE asking Plaintiff-Debtor to appear and justify placement of STAY ON BANKRUPTCY PROCEEDING**
2. **FRAUDULENT HIDING OF THIS ORDER AND RELATED PROCEEDINGS FROM MAIN DOCKET 10-16183 when it pertains to Bankruptcy**
3. **FRAUDULENT CONDUCTION OF ILLEGAL BANKRUPTCY PROCEEDINGS as they are hidden from the investigating authorities under this "NEW" Docket**

**NOTE: Order to SHOW CAUSE Doc #133 filed in "New" Docket 13-01086 details**

**Filed: November 12, 2014 Doc #133**
**Mailed: November 19, 2014 Doc #144**

ORIGINAL

27

1   SALMA AGHA-KHAN, M.D.
    10001 Venice Boulevard # 402
2   Los Angeles, California  90034
    Telephone:  (949) 332-0330
3   email: salmahagha@aol.com



**FILED**

DEC 03 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

4

5              **UNITED STATES DISTRICT COURT**

6              **EASTERN DISTRICT OF CALIFORNIA**

7   In re:                          **Chapter 7 Case No. 10-16183**
8   SALMA H. AGHA,
                                    **Adversary No: 13-01086**
9                    **Debtor,**

10  _____         **JUDICIAL NOTICE WITH EXHIBITS
                                    RE: DEBTOR-PLAINTIFF'S EX-PARTE**
11  Salma H. Agha,                  **NOTICE OF DOCKET FRAUD
                                    PERPETRATION BY DEFENDANTS**
12                                  **CONTINUING TO THIS DAY AS
                                    EVIDENCED IN DELIBERATE,**
13           **Plaintiff/Debtor**   **INTENTIONAL AND FRAUDULENTLY
                                    DELAYED MAILING OF DOC #133**
14  vs.                             **ISSUED NOVEMBER 12, 2014,
                                    COURT ORDER FOR DEBTOR TO**
15                                  **APPEAR REGARDING STAY ON HER**
    Citimortgage Inc., CR. Title    **BANKRUPTCY PROCEEDINGS,  WITH**
16  Services, Inc., Wilmington Trust **CERTIFICATE OF MAILING DOC**
    Company as                      **#144 ENTERED ON NOVEMBER 19,**
17  Trustee for Structured Asset    **2014 SEVEN DAYS LATER!**
    Securities Mortgage Passthrough **QUESTION TO THE COURT: WAS**
18  Certificate Series, 2003-18XS, and **THIS NOTICE EVER MAILED?;**
19  Does 1-100,

20           **Defendants.**        **Judge: HON RICHARD LEE
                                    Hearing Date: December 4, 2014**
21                                  **Time: 9:00 am
                                    Place: US Bankruptcy Court**
22                                         **1300 18th Street, Ste A**   BY FAX
                                    **Bakersfield, CA**
23

24  **NOTE:** THE DOCUMENT COULD NOT BE FILED ON DECEMBER 2, 2014 DUE

25  TO POWER OUTAGE FROM SEVERE RAIN IN LOS ANGELES, CALIFORNIA ON

    THIS DAY
                                                                         1

       **DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY
    DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL
      AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014
          COURT'S ORDER FOR DEBTOR TO APPEAR....JUDICIAL NOTICE**

# **REQUEST FOR JUDICIAL NOTICE**

Plaintiff hereby requests that Court take Judicial Notice of the continuous perpetration of DOCKET FRAUD that is continuing on an on-going basis till this day starting with **illegal reopening of her Bankruptcy LACKING JURISDICTION**. All Defendants in collusion have been continuously **altering Court Records to hide their illegal actions including perpetration of multiple criminal acts including unlimited Grand Theft Felonies, Fraud, VIOLATIONS OF AUTOMATIC STAY imposed by Bankruptcy as well as intentional deliberate repeated WILFUL VIOLATIONS OF AUTOMATIC STAY to mention a few.**

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiff requests the Court take judicial notice of the Exhibits described herein and in Ex Parte Motion filed simultaneously.

This current incident of not mailing a copy of Court Order till SEVEN DAYS AFTER ISSUING OF THAT ORDER is one more deliberate, intentional and illegal acts effected by Defendants conspiring as detailed in previously submitted Docs #126 & 127: Motion and Judicial Notice of Docket Fraud filed October 1, 2014 in Debtor-Plaintiff's original Bankruptcy Docket 10-16183.

The "STAY" being questioned in this hearing was not an isolated to the Adversary Proceedings but placed on ALL BANKRUPTCY PROCEEDINGS/MATTERS following my filing of a Judicial Review Complaint against Judge Clement Case No 13-90160 as stated in these "STAY" orders.

This was followed by my initiating a legal action in State Court which has been removed to Federal Court for the Central District of California

DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY
DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL
AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014
COURT'S ORDER FOR DEBTOR TO APPEAR....JUDICIAL NOTICE

2

which was later removed to Federal Court Central District, Western Division Case No. CV 14-03490 FMO (CWx) titled Agha-Khan vs. United States. This litigation now names Judge Clement, Trustee Vetter, KDG law firm and its attorneys Holder and Goldner, US attorney Robin Tubesing, Citi Bank, Citi Mortgage, Wilmington Trust, CR Title Inc, Wolfe & Wyman LLP and its attorneys Bao, Kim, etc Pite and Duncan LLP and its attorneys Jimenez etc, ReMax, ReMax Magic, Banducci, Breitman, BBG Ltd, Chandler(s), Zouras etc as Defendants. **NOTE:** Attorneys re-initiating this present action are Defendants in that lawsuit for multiple acts some of which are criminal. This is the reason why this Dismissing of Complaint in Bankruptcy Court is now being revisited/refiled.

The incriminating motions and hearings thereof asking Defendant Judge Clement to disqualify himself first based on Judicial Misconduct filings and later based on above mentioned lawsuit as well as his constant refusal to disqualify himself are HIDDEN in the newly created Docket 13-01086 to keep the original Bankruptcy Docket CLEAN. Also hidden is my motion asking for venue change from Bakersfield to Los Angeles which was also STAYED and kept hidden in the new Docket.

Defendant Judge Clement's recusal from this case is not an accident or a random act, **HE WAS FORCEABLY REMOVED FROM THIS CASE** and will probably soon be removed from the bench FOREVER. There are serious investigations being conducted pertaining to his illegal actions and actions of all Defendants including Attorneys revisiting the issue of **"STAY" ON THE ENTIRE BANKRUPTCY PROCEEDINGS** and not just the Adversary proceedings (Exhibits A-D). My illegally reopened Bankruptcy Case **LACKING JURISDICTION** and all fraudulent proceedings held under its cover to perpetrate multiple Grand Thefts of Plaintiff's properties, fraud, Civil Rights Violations, Violations of Bankruptcy Laws to mention a few.

3

**DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014 COURT'S ORDER FOR DEBTOR TO APPEAR....JUDICIAL NOTICE**

Kindly review the original Bankruptcy Docket 10-16183 and also review the newly created Docket 13-01086 so this Court may realize the full extent of fraud, theft, conspiracy, collusion, bribery and other crimes perpetrated by all involved in this case.

It may be also be relevant for this Court to review previously filed Motions, Hearings, Orders and Civil Minutes pertaining to Violation of Automatic Stay and to Vacate illegal lock-out and restore possession to Debtor-Plaintiff of her primary residence from October 18, 2013 in the "new" docket 13-01086. It will be readily apparent how these Defendants including Judge Clement had VIOLATED THE LAWS and how Defendant Judge Clement was eventually starting to realize how deep a hole he had been digging for himself.......

Exhibit A: Bankruptcy Docket 10-16183, Doc #117, filed October 18, 2013: "ORDER STAYING PROCEEDING"

Exhibit B: Bankruptcy Docket 10-16183, Doc #119, filed July 22, 2014: "AMENDED ORDER STAYING PROCEEDING". This is EXACTLY the same Order as Doc 117 except for the Title. WHY? Because Defendant Judge Clement knew he was getting into serious trouble after he had illegally lifted the stay to rule in favor of Defendant Citi and its attorneys in DIRECT VIOLATION OF AUTOMATIC STAY LAW OF BANKRUPTCY!

Exhibit C: Newly CREATED Docket 13-01086, Doc #28, filed October 18, 2013: "ORDER STAYING PROCEEDING" filed simultaneously in BOTH DOCKETS

Exhibit D: Newly CREATED Docket 13-01086, Doc #47, filed December 17, 2013: "ORDER LIFTING STAY ON LIMITED BASIS"

4

Exhibit E: Alias Summons issued October 29, 2014 in Federal Case Federal Court Central District, Western Division Case No. CV 14-03490 FMO (CWx) titled Agha-Khan vs. United States with attorneys and their law firms being named as Defendants in addition to their Clients Citi Bank etc

## **CONCLUSION**

I hope it is realized that these Defendants under protection of Defendant Judge Clement Defendants used Bankruptcy like a stolen car to first COMMIT GRAND THEFTS and then the same vehicle was used to TRANSPORT STOLEN GOODS ILLEGALLY TO BUYER, all well planned and cunningly executed under color of official right.

Misreporting of Titles on Motions with resultant conducted proceedings/ hearings distinct from what was stated, makes all those proceedings **NULL AND VOID**, similar to illegally reopened Bankruptcy itself, **LACKING JURISDICTION** along with all kinds of legal violations and criminal acts! Thus all Bankruptcy and its related proceeding are STAYED as all ruling previously made by Defendant Judge Clement will soon be declared NULL and VOID!


Respectfully Submitted:

Dated:  December 2, 2014

_____
SALMA AGHA-KHAN, MD.
Debtor-Plaintiff in Pro Se

**DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014 COURT'S ORDER FOR DEBTOR TO APPEAR....JUDICIAL NOTICE**

# EXHIBIT: A

**Bankruptcy Docket 10-16183, Doc #117, filed October 18, 2013: "ORDER STAYING PROCEEDING"**

RGAF

**FILED**

OCT 1 8 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                          Case No.  10-16183-A-7

Salma Agha

        Debtor.

**ORDER STAYING PROCEEDINGS**

1

1      Plaintiff Salma Agha has filed a complaint of judicial misconduct

2  against this court.  Pending resolution of that matter, it is ordered

3  that:

4      1.    This case is stayed;

5      2.    In the event a matter in this case requires expedited

6  resolution the affected party may contact Department A chambers at

7  (559) 499-5860 to request a hearing, and the court may arrange for

8  another bench officer to hear the matter.

9

10  Dated: October 18, 2013

11

12                                  Fredrick E. Clement
                                    United States Bankruptcy Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2

1   Instructions to Clerk of Court

2   Service List

3

4   The Clerk of Court is instructed to send the Order/Judgment or other

5   court generated document transmitted herewith to the parties below.

6   The Clerk of Court will send the Order via the BNC or, if checked

7   __X__, via the U.S. mail.

8

9       Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if

10   appointed in the case), and _____X_____ Other Persons Specified Below:

11

12   Salma H. Agha
     6 Windwood
13   Irvine, CA 92604

14   William R. Cumming, Esq.
     3080 Bristol Street, #630
15   Costa Mesa, CA 90292

16   Jeffrey M. Vetter
     Chapter 7 Trustee
17   P. O. Box 2424
     Bakersfield, CA 93303

18

19   Lisa Holder, Esq.
     Klein DeNatale
     4550 California Ave., 2nd Floor
20   Bakersfield, CA 93309

21   Office of the United States Trustee
     2500 Tulare Street, Suite 1401
22   Fresno, CA 93721

23

24

25

26

27

28                                3

# EXHIBIT: B

Bankruptcy Docket 10-16183, Doc #119, filed July 22, 2014: "AMENDED ORDER STAYING PROCEEDING". This is EXACTLY the same Order as Doc 117 except for the Title. WHY? Because Defendant Judge Clement knew he was getting into serious trouble after he had illegally lifted the stay to rule in favor of Defendant Citi and its attorneys in DIRECT VIOLATION OF AUTOMATIC STAY LAW OF BANKRUPTCY!

FILED

JUL 22 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

TJOF

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                      Case No. 10-16183-A-7

Salma Agha

                    Debtor.
_____/

AMENDED ORDER STAYING PROCEEDINGS

1

1      Plaintiff Salma Agha has filed a complaint of judicial misconduct

2  against this court.  Pending resolution of that matter, it is ordered

3  that:

4      1.    This case is stayed;

5      2.    In the event a party in this case believes a matter in this

6  case requires expedited resolution that party shall submit an ex parte

7  application, with notice to all other parties, demonstrating cause.

8  Dated: July 22, 2014

9

10                                    Fredrick E. Clement
                                      United States Bankruptcy Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        2

1  Instructions to Clerk of Court

2  Service List

3

4  The Clerk of Court is instructed to send the Order/Judgment or other

5  court generated document transmitted herewith to the parties below.

6  The Clerk of Court will send the Order via the BNC or, if checked

7  __X__, via the U.S. mail.

8

9      Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if

10  appointed in the case), and ____X____ Other Persons Specified Below:

11

12  Salma H. Agha
    6 Windwood
13  Irvine, CA 92604

14  William R. Cumming, Esq.
    3080 Bristol Street, #630
15  Costa Mesa, CA 90292

16  Jeffrey M. Vetter
    Chapter 7 Trustee
17  P. O. Box 2424
    Bakersfield, CA 93303
18

19  Lisa Holder, Esq.
    Klein DeNatale
    4550 California Ave., 2nd Floor
20  Bakersfield, CA 93309

21  Office of the United States Trustee
    2500 Tulare Street, Suite 1401
22  Fresno, CA 93721

23

24

25

26

27

28
                                    3

# EXHIBIT: C

**Newly CREATED Docket 13-01086, Doc #28, filed October 18, 2013: "ORDER STAYING PROCEEDING" filed simultaneously in BOTH DOCKETS**

RGAF

**FILED**

OCT 18 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                           Case No. 10-16183-A-7

Salma Agha

                    Debtor.
_____/
                                                Adv. No. 13-01086

Salma Agha

          Plaintiff,

     vs.

Citimortgage, Inc., et. al.

          Defendants.
_____/


**ORDER STAYING PROCEEDINGS**

1

28

1    Plaintiff Salma Agha has filed a complaint of judicial misconduct

2 against this court.   Pending resolution of that matter, it is ordered

3 that:

4    1.    This adversary proceeding is stayed;

5    2.    The following matters scheduled for October 23, 2013, are

6 dropped from calendar and no appearance is necessary: (1) Status

7 Conference Re: Complaint; (2) Motion to Dismiss Adversary Proceeding,

8 AAB-1; and (3) Motion to Dismiss Adversary Proceeding, PD-1;

9    3.    Upon final disposition of the complaint of judicial

10 misconduct, the court will restore the Status Conference Re:

11 Complaint, Motion to Dismiss Adversary Proceeding AAB-1 and Motion to

12 Dismiss Adversary Proceeding PD-1, to calendar; and

13    4.    In the event a matter in this adversary proceeding requires

14 expedited resolution, the affected party may contact Department A

15 chambers at (559) 499-5860 to request a hearing, and the court may

16 arrange for another bench officer to hear the matter.

17

18 Dated: October 18, 2013

19                          _____
                            Fredrick E. Clement
20                          United States Bankruptcy Judge

21

22

23

24

25

26

27

28                                  2

1        Instructions to Clerk of Court

2                Service List

3

4    The Clerk of Court is instructed to send the Order/Judgment or other

5    court generated document transmitted herewith to the parties below.

6    The Clerk of Court will send the Order via the BNC or, if checked

7    __X__, via the U.S. mail.

8

9        Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if

10   appointed in the case), and ____X____ Other Persons Specified Below:

11

12

13   Salma H. Agha
     6 Windwood
14   Irvine, CA 92604

15   Wilmington Trust Company
     Rodney Square North
16   1100 N. Market St.
     Wilmington, DE 19890

17
     Brian H. Gunn, Esq.
18   Andrew A. Bao, Esq.
     WOLF & WYMAN LLP
19   2175 N. California Blvd., Suite 645
     Walnut Creek, CA 94596-3502

20
     Brian A. Paino, Esq.
21   PITE DUNCAN, LLP
     P. O. Box 17933
22   San Diego, CA 92177-0933

23   Office of the United States Trustee
     2500 Tulare Street, Suite 1401
24   Fresno, CA 93721

25

26

27

28                          3

# EXHIBIT: D

**Newly CREATED Docket 13-01086, Doc #47, filed December 17, 2013: "ORDER LIFTING STAY ON LIMITED BASIS"**

3

**FILED**

DEC 17 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                          Case No. 10-16183-A-7

Salma H. Agha,


                    Debtor.
_____/
                                               Adv. No. 13-01086

Salma Agha,

          Plaintiff,

      vs.

CitiMortgage, Inc., et. al.


          Defendants.
_____/



                **ORDER LIFTING STAY ON LIMITED BASIS**

1

1    On or about September 6, 2013, plaintiff Salma Agha filed a
2  complaint of judicial misconduct against this court.

3    On October 18, 2013, this court stayed proceedings pending before
4  it pending resolution of that complaint.  Order Staying Proceedings,
5  October 18, 2013, ECF No. 28.  That order provided a mechanism to lift
6  the stay in advance of resolution of the judicial misconduct complaint
7  for matters requiring expedited resolution.  Order at ¶ 4.

8    On October 22, 2013, plaintiff Salma Agha moved to disqualify
9  this court under 28 U.S.C. § 455(a).  Motion, October 22, 2013, ECF
10  No. 30.  That motion was also stayed.

11    On December 9, 2013, Plaintiff Salma Agha filed an Application
12  for Order Shortening Time and a Motion to Restore Debtor to Possession
13  of 11622 Harrington Street, Bakersfield, California 93311.  *Compare*,
14  Application to Shorten Time, December 9, 2013, ECF No. 43, *with* Motion
15  to Restore Debtor to Possession, December 9, 2013, ECF No. 42.  The
16  court finds that the later motion requires expedited resolution.

17    The complaint of judicial misconduct remains pending.

18    It is therefore ordered that the stay is lifted for the limited
19  purpose of the motion to disqualify and the motion to restore the
20  debtor to possession.

21

22  Dated: December 17, 2013

23

24                                    Fredrick E. Clement
                                      United States Bankruptcy Judge
25

26

27

28                              2

1  Instructions to Clerk of Court

2  Service List

3

4

5  The Clerk of Court is instructed to send the Order/Judgment or other

6  court generated document transmitted herewith to the parties below.

7  The Clerk of Court will send the Order via the BNC or, if checked

8  __X__, via the U.S. mail.

9

10      Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if

11  appointed in the case), and _____X_____ Other Persons Specified Below:

12  Salma H. Agha
    6 Windwood
13  Irvine, CA 92604

14  Brian A. Paino, Esq.
    4375 Jutland Dr., Suite 200
15  P. O. Box 17933
    San Diego, CA 92177

16

17  Andrew A. Bao, Esq.
    Brian H. Gunn, Esq.
    Heather S. Kim, Esq.
18  2175 N. California Blvd., Suite 645
    Walnut Creek, CA 94596

19

20  Wilmington Trust Company
    Rodney Square North
    1100 N. Market St.
21  Wilmington, DE 19890

22  Office of the United States Trustee
    2500 Tulare Street, Suite 1401
23  Fresno, CA 93721

24

25

26

27

28                        3

# EXHIBIT: E

**Alias Summons issued October 29, 2014 in Federal Case Federal Court Central District, Western Division Case No. CV 14-03490 FMO (CWx) titled Agha-Khan vs. United States with Attorneys and their law firms being named as Defendants in addition to their Clients Citi Bank etc**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California  ▾

| | |
|---|---|
| Salma Agha-Khan, MD. | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| The Unites States of America; Fredrick Clement, an individual, and Judge of the United States Bankruptcy Court; et al. See attached list for all Defendants | ) ) ) ) ) |
| *Defendant(s)* | ) |

Civil Action No. CV 14-03490 FMO (CWx)

ALIAS
## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* The United States of America; Fredrick Clement, an individual and Judge United States Bankruptcy Court c/o United States Attorney, Johnathan Klinck, Suite 7516, 300 North Los Angeles Street, Los Angeles CA 90012; Robin Tubesing; an individual and attorney in US Trustees Office, 2500 Tulare Street, Suite 1401, Fresno CA 93721; Debbie Banducci, an individual and a Realtor Broker at ReMax Magic; ReMax Magic; ReMax Real Estate Corporation; 110 New Stine Rd, Bakersfield, CA 93309 et al, See attachment

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Salma Agha-Khan, MD.
10001 Venice Blvd, #402
Los Angeles, CA 90034

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 10/29/2014

Signature of Clerk or Deputy Clerk

1202

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## SUMMONS ATTACHMENT

**AGHA-KHAN  vs.  UNITED STATES, et al.**

**Case No.:  CV 14-03490-FMO (CWx)**

**DEFENDANT LIST**

JEFFREY VETTER, an individual, and Trustee of the United States Bankruptcy Court;

LISA HOLDER, an individual and attorney in KDG;

KLEIN DENATALE GOLDNER, a professional law corporation;

BARRY GOLDNER an individual and attorney in Klein DeNatale Goldner;

BRUCE BREITMAN an individual and Principal at BBG Ltd;

BBG Ltd, a corporation;

David N. Chandler, an individual and an attorney at David N. Chandler PC;

David Chandler, an individual and an attorney at David N. Chandler PC;

David N. Chandler Jr, an individual and an attorney at David N. Chandler PC;

David N. Chandler Sr, an individual and an attorney at David N. Chandler PC;

David N. Chandler PC, a corporation;

The Estate of PETER J. ZOURAS for Peter Zouras an individual now deceased;

CitiMortgage Inc, a Citi Bank Company;

Citi Bank, a Banking concern;

CR Title Services Inc; a Title Company;

Wilmington Trust Company, a Trust Company;

ReMax Real Estate Corporation;

Debbie Banducci an individual and a Realtor Broker at ReMax Magic;

ReMax Magic,

1  Brian Gunn, an individual and Attorney at Wolf & Wyman LLP;

2  Andrew A. Bao, an individual and Attorney at Wolf & Wyman LLP;

3  Heather S. Kim, an individual and Attorney at Wolf & Wyman LLP;

4  Wolf & Wyman LLP a Professional Law Firm;

5  Eddie R. Jimenez, , an individual and Attorney at Pite Duncan LLP;

6  Brian A. Paino, an individual and Attorney at Pite Duncan LLP;

7  Pite Duncan LLP, a Professional Law Firm;

8  and Does 1 through 50 inclusive

9

10

11

12

13  **DEFENDANTS NAMES AND ADRESSES**

14  **JEFFREY VETTER**

15  **LISA HOLDER**
   **BARRY GOLDNER**

16  **KDG LAW FIRM**
   c/o David J. Cooper

17  and Connie J. Parker

18  Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP
   4550 California Avenue

19  Second Floor
   Bakersfield, CA  93309

20

21  **BRUCE BREITMAN**
   **BBG LTD**

22  **DAVID CHANDLER**
   **DAVID N. CHANDLER**

23  **DAVID N. CHANDLER PC**
   **DAVID N. CHANDLER, JR**

24  **DAVID N. CHANDLER, SR**
   c/o David N. Chandler, p.c.

25  1747 Fourth Street
   Santa Rosa, CA  95404

1  **THE ESTATE OF PETER ZOURAS for PETER ZOURAS, now deceased**
2  c/o Charles Bahlert
   and James Lassart for The Estate of Peter Zouras
3  Murphy, Pearson, Bradley & Feeney
   88 Kearny Street, 10th Floor
4  San Francisco, CA 94108

5

6  **CITI MORTGAGE**
   **CITI BANK**
7  **WILMINGTON TRUST**
   **BRIAN H. GUNN**
8  **ANDREW A. BAO**
   **HEATHER KIM**
9  **WOLFE & WYMAN LLP**
   c/o Brian H. Gunn
10  And Heather Kim
11  and Andrew A. Bao
   Wolfe & Wyman LLP
12  2175 N. California Blvd, Suite 645
13  Walnut Creek, CA 94596-3502

14  **CR TITLE SERVICES INC**
   **BRIAN PAINO**
15  **EDDIE R. JIMENEZ**
   **PITE DUNCAN LLP**
16  c/o Brian Paino
17  Pite Duncan LLP
   4375 Jutland Drive, Suite 200
18  P.O. Box 17933
   San Diego, CA 92177
19

20

21

22

23

24

25

# EXHIBIT Z-L

**Doc #151: Plaintiff-Debtor's Ex Parte Motion "Notice of Docket Fraud Perpetration by Defendants Continuing to this day........" filed December 3, 2014 regarding**

1. **FRAUDULENTLY DELAYING MAILING of ORDER TO SHOW CAUSE asking Plaintiff-Debtor to appear and justify placement of STAY ON BANKRUPTCY PROCEEDING**
2. **FRAUDULENT HIDING OF THIS ORDER AND RELATED PROCEEDINGS FROM MAIN DOCKET 10-16183 when it pertains to Bankruptcy**
3. **FRAUDULENT CONDUCTION OF ILLEGAL BANKRUPTCY PROCEEDINGS as they are hidden from the investigating authorities under this "NEW" Docket**

**NOTE: Order to SHOW CAUSE Doc #133 filed in "New" Docket 13-01086 details**

**Filed: November 12, 2014 Doc #133**
**Mailed: November 19, 2014 Doc #144**

ORIGINAL

1

2

3

4

SALMA AGHA-KHAN, M.D.
10001 Venice Boulevard # 402
Los Angeles, California  90034
Telephone:  (949) 332-0330
email: salmahagha@aol.com

FILED
LTRF
DEC 03 2014
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

5

6

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

7

8

9

In re:
SALMA H. AGHA,

                    **Debtor,**

10

_____

11

Salma H. Agha,

12

13

                    **Plaintiff/Debtor**

14

vs.

15

16

17

18

19

Citimortgage Inc., CR. Title
Services, Inc., Wilmington Trust
Company as
Trustee for Structured Asset
Securities Mortgage Passthrough
Certificate Series, 2003-18XS, and
Does 1-100,

20

                    **Defendants.**

21

22

**Chapter 7 Case No. 10-16183**

**Adversary No: 13-01086**

**EXHIBITS A-I RE: DEBTOR-
PLAINTIFF'S EX-PARTE NOTICE OF
DOCKET FRAUD PERPETRATION BY
DEFENDANTS CONTINUING TO THIS
DAY AS EVIDENCED IN DELIBERATE,
INTENTIONAL AND FRAUDULENTLY
DELAYED MAILING OF DOC #133
ISSUED NOVEMBER 12, 2014,
COURT ORDER FOR DEBTOR TO
APPEAR REGARDING STAY ON HER
BANKRUPTCY PROCEEDINGS,  WITH
CERTIFICATE OF MAILING DOC
#144 ENTERED ON NOVEMBER 19,
2014 SEVEN DAYS LATER!
QUESTION TO THE COURT: WAS
THIS NOTICE EVER MAILED?;**

**Judge: HON RICHARD LEE**
**Hearing Date: December 4, 2014**
**Time: 9:00 am**
**Place: US Bankruptcy Court**
        **1300 18th Street, Ste A**
        **Bakersfield, CA**

BY FAX

23

24

25

**NOTE:** THE DOCUMENT COULD NOT BE FILED ON DECEMBER 2, 2014 DUE

TO POWER OUTAGE FROM SEVERE RAIN IN LOS ANGELES, CALIFORNIA ON

THIS DAY

## EXHIBITS

A. Debtor-Plaintiff's Bankruptcy Case No 10-16183 Docket Report printout showing entries for filing dates October 1, 2014 to December 2, 2014

B. Debtor-Plaintiff's Adversary Case No 13-01086 Docket Report printout showing entries for filing dates October 17, 2014 to November 21, 2014

C. Doc #133 Courts Order for Debtor-Plaintiff's to appear on December 4, 2014 hearing issued on November 12, 2014 in Adversary Case No 13-01086

D. Doc #144 Court's Certificate of Mailing of Courts Order issued on November 12, 2014 for Debtor-Plaintiff's to appear on December 4, 2014 hearing. Court's Certificate of Mailing issued on November 19, 2014 - **SEVEN DAYS AFTER ISSUING OF COURT ORDER** in Adversary Case No 13-01086

E. Doc #129 Courts Order regarding "Memo to File...." issued on October 28, 2014 in Adversary Case No 13-01086

F. Doc #132 Court's Certificate of Mailing of Courts Order regarding "Memo to File......." issued on October 28, 2014 - **SAME DAY AS THE ORDER** in Adversary Case No 13-01086

G. Doc #141 Courts Order regarding "Memo to File...." issued on November 18, 2014 in Adversary Case No 13-01086

H. Doc #145 Court's Certificate of Mailing of Courts Order regarding "Memo to File...." issued on November 18, 2014 - **SAME DAY AS THE COURT ORDER** in Adversary Case No 13-01086

I. Notice of Ex Parte emailed to all Defendants and or their Counsels

**DEBTOR-PLAINTIFF'S EX-PARTE NOTICE OF DOCKET FRAUD PERPETRATION BY DEFENDANTS CONTINUING TO THIS DAY AS EVIDENCED IN DELIBERATE, INTENTIONAL AND FRAUDULENTLY DELAYED MAILING OF DOC #133 ISSUED NOVEMBER 12, 2014 COURT'S ORDER FOR DEBTOR TO APPEAR....EXHIBITS A-I**

2

# EXHIBIT: A

Debtor-Plaintiff's Bankruptcy Case No 10-16183 Docket Report printout showing entries for filing dates October 1, 2014 to December 2, 2014

**NOTE LACK OF LISTING OF ORDER REGARDING "STAY" PLACED ON ALL BANKRUPTCY PROCEEDINGS**


**MEANSNO, BAKERSFIELD, DISCHARGED, ADVPEND, REOPENED, NOCLOSE, TRANSFER**

# U.S. Bankruptcy Court
## Eastern District of California (Fresno)
## Bankruptcy Petition #: 10-16183

|  |  |
|---|---|
| *Date filed:* | 05/30/2010 |
| *Date reopened:* | 09/18/2012 |
| *Debtor discharged:* | 09/23/2010 |
| *341 meeting:* | 08/27/2010 |
| *Deadline for filing claims:* | 02/13/2013 |
| *Deadline for objecting to discharge:* | 09/10/2010 |
| *Deadline for financial mgmt. course:* | 08/26/2010 |

*Assigned to:* Hon. W. Richard Lee
Chapter 7
Voluntary
Asset

*Debtor disposition:* Standard Discharge

**Debtor**
**Salma H. Agha**
11622 Harrington St
Bakersfield, CA 93311
KERN-CA
SSN / ITIN: xxx-xx-9600

represented by **William R. Cumming**
3080 Bristol Street, #630
Costa Mesa, CA 90292
714-432-6494

**Trustee**
**Jeffrey M. Vetter**
PO Box 2424
Bakersfield, CA 93303
(661) 809-6806

represented by **Lisa Holder**
4550 California Ave 2nd Fl
Bakersfield, CA 93309
(661) 395-1000

**U.S. Trustee**
**Office of the U.S. Trustee**
United States Courthouse
2500 Tulare Street, Room 1401
Fresno, CA 93721

**U.S. Trustee**
**August B. Landis**

represented by **Mark Pope**
2500 Tulare St #1401
Fresno, CA 93721
(559) 487-5002

| **Filing Date** | **#** | **Docket Text** |
|---|---|---|
|  | <u>126</u><br>(20 pgs) | Motion/Application of Debtor's Notice of Docket Fraud Perpetrated by US Trustee Jeffrey Vetter, His Attorneys Lisa Holder, KDG Law Firm and Judge Fredrick Clement who Intentionally, Fraudiently and Repeatedly Altered Plaintiff's Bankruptcy Matter Filed by Debtor Salma H. Agha (awys) |



| 10/01/2014 | | (Entered: 10/02/2014) |
|---|---|---|
| 10/01/2014 | 127 (21 pgs) | Request for Judicial Notice Re: 126 Motion/Application of Debtor's Notice of Docket Fraud Perpetrated by US Trustee Jeffrey Vetter, His Attorneys Lisa Holder, KDG Law Firm and Judge Fredrick Clement who Intentionally, Fraudiently and Repeatedly Altered Plaintiff's Bankruptcy Ma Filed by Debtor Salma H. Agha (awys) (Entered: 10/02/2014) |
| 10/01/2014 | 128 (310 pgs) | Exhibit(s) Re: 126 Motion/Application of Debtor's Notice of Docket Fraud Perpetrated by US Trustee Jeffrey Vetter, His Attorneys Lisa Holder, KDG Law Firm and Judge Fredrick Clement who Intentionally, Fraudiently and Repeatedly Altered Plaintiff's Bankruptcy Ma (awys) (Entered: 10/02/2014) |
| 10/01/2014 | 129 (21 pgs) | Motion/Application for Notice Regarding Ambushed Fraudulent Hiring of Attorneys Seeking Revenge Against Debtor Allowed by Judge Clement Acting Under Color of Official Right to Commit Grand Theft Felony of Stealing Debtor's Properies Filed by Debtor Salma H. Agha (awys) (Entered: 10/02/2014) |
| 10/01/2014 | 130 (16 pgs) | Request for Judicial Notice Re: 129 Motion/Application for Notice Regarding Ambushed Fraudulent Hiring of Attorneys Seeking Revenge Against Debtor Allowed by Judge Clement Acting Under Color of Official Right to Commit Grand Theft Felony of Stealing Debtor's Properies Filed by Debtor Salma H. Agha (awys) (Entered: 10/02/2014) |
| 10/01/2014 | 131 (137 pgs) | Exhibit(s) Re: 129 Motion/Application for Notice Regarding Ambushed Fraudulent Hiring of Attorneys Seeking Revenge Against Debtor Allowed by Judge Clement Acting Under Color of Official Right to Commit Grand Theft Felony of Stealing Debtor's Properies (awys) (Entered: 10/02/2014) |
| 10/01/2014 | 132 (78 pgs) | Notice Regarding Filing of Three Lawsuits (awys) (Entered: 10/02/2014) |
| 10/14/2014 | 135 (3 pgs) | Order Denying 133 Motion/Application to Shorten Time (awys) (Entered: 10/15/2014) |
| 10/15/2014 | 136 (3 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 10/15/2014) |
| 10/15/2014 | 137 (4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 10/17/2014) |

| | 138<br>(3 pgs) | Order Denying 129 Motion/Application for Notice Regarding Ambushed Fraudulent Hiring of Attorneys Seeking Revenge Against Debtor Allowed by Judge Clement Acting Under Color of Official Right to Commit Grand Theft Felony of Stealing Debtor's Properies (ltas) (Entered: 11/04/2014) |
| 11/04/2014 | | |
| 11/04/2014 | 139<br>(3 pgs) | Copy of Document as transmitted to BNC for service. (ltas) (Entered: 11/04/2014) |
| 11/04/2014 | 140<br>(4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 11/06/2014) |
| | 141<br>(3 pgs) | Order Denying 126 Motion/Application of Debtor's Notice of Docket Fraud Perpetrated by US Trustee Jeffrey Vetter, His Attorneys Lisa Holder, KDG Law Firm and Judge Fredrick Clement who Intentionally, Fraudiently and Repeatedly Altered Plaintiff's Bankruptcy Ma (jtis) (Entered: 11/13/2014) |
| 11/12/2014 | | |
| 11/19/2014 | 142<br>(3 pgs) | Copy of Document as transmitted to BNC for service. (shbs) (Entered: 11/19/2014) |
| 11/19/2014 | 143<br>(4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 11/21/2014) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/02/2014 07:46:59 | | |
| PACER Login: | rr6611:4274207:0 | Client Code: |
| Description: | Docket Report | Search Criteria: | 10-16183 Fil or Ent: filed From: 10/1/2014 To: 12/2/2014 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 2 | Cost: | 0.20 |

# EXHIBIT: B

**Debtor-Plaintiff's Adversary Case No 13-01086 Docket Report printout showing entries for filing dates October 17, 2014 to November 21, 2014**

**ADVPEND, BAKERSFIELD, APPEAL**

# U.S. Bankruptcy Court
## Eastern District of California (Fresno)
## Adversary Proceeding #: 13-01086

*Assigned to:* Hon. W. Richard Lee
*Lead BK Case:* 10-16183
*Lead BK Title:* Salma H. Agha
*Lead BK Chapter:* 7
*Demand:* $400000

*Date Filed:* 08/01/13

*Nature[s] of Suit:* 11 Recovery of money/property - 542 turnover of property
14 Recovery of money/property - other

*Plaintiff*
-------------------

**Salma H. Agha**
6 Windwood
Irvine, CA 92604
415-926-4282
SSN / ITIN: xxx-xx-9600

represented by **Salma H. Agha**
PRO SE

V.

*Defendant*
-------------------

**Citimortgage, Inc.**

represented by **Andrew A. Bao**
2175 N. California Blvd., Ste. 645
Walnut Creek, CA 94596
925-280-0004
*LEAD ATTORNEY*

**Heather S. Kim**
2175 N California Blvd #645
Walnut Creek, CA 94596
925-280-0004
*TERMINATED: 10/28/2014*
*LEAD ATTORNEY*

**Meagan S. Tom**
2175 N California Blvd #645
Walnut Creek, CA 94596-3502
925-280-0004
*LEAD ATTORNEY*

Unknown at time of filing
*LEAD ATTORNEY*

**Defendant**

------------------------

**CR Title Services, Inc.**                    represented by **Eddie R. Jimenez**
                                                4375 Jutland Dr., Suite 200
                                                P.O. Box 17933
                                                San Diego, CA 92177
                                                858-750-7600
                                                *LEAD ATTORNEY*

                                                **Brian A Paino**
                                                4375 Jutland Dr., Suite 200
                                                P.O. Box 17933
                                                San Diego, CA 92177
                                                858-750-7600
                                                *TERMINATED: 04/15/2014*
                                                *LEAD ATTORNEY*

                                                **Unknown at time of filing**
                                                *LEAD ATTORNEY*

**Defendant**

------------------------

**Wilmington Trust Company**                   represented by **Unknown at time of filing**
                                                *LEAD ATTORNEY*

**Trustee**

------------------------

**Jeffrey M. Vetter**                          represented by **Connie M. Parker**
                                                5260 N. Palm Ave., Ste. 201
                                                Fresno, CA 93704
                                                559-438-4374
                                                *LEAD ATTORNEY*

| Filing Date | # | Docket Text |
|---|---|---|
| 10/28/2014 | <u>123</u><br>(3 pgs) | Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 10/28/2014) |
| 10/28/2014 | <u>123</u><br>(3 pgs) | Notice of Hearing Re: <u>123</u> Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] to be held on 12/9/2014 at 09:00 AM at Fresno Courtroom 12, Department B. (awys) (Entered: 10/28/2014) |

| 10/28/2014 | 124 (9 pgs) | Memorandum of Points and Authorities in support of 123 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] (awys) (Entered: 10/28/2014) |
| 10/28/2014 | 125 (40 pgs) | Request for Judicial Notice Re: 123 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 10/28/2014) |
| 10/28/2014 | 126 (4 pgs) | Certificate/Proof of Service of 123 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2], 123 Notice of Hearing, 124 Memorandum of Points and Authorities, 125 Request for Judicial Notice (awys) (Entered: 10/28/2014) |
| 10/28/2014 | 127 (2 pgs) | Change in Designation of Counsel for Service. Attorney Heather S. Kim removed from the case. Attorney Meagan S. Tom for Citimortgage, Inc., Andrew A. Bao for Citimortgage, Inc. added to the case. Filed by Defendants Citimortgage, Inc., Citimortgage, Inc. (awys) (Entered: 10/28/2014) |
| 10/28/2014 | 128 (3 pgs) | Certificate/Proof of Service of 127 Change in Designation of Counsel for Service. (awys) (Entered: 10/28/2014) |
| 10/28/2014 | 129 (1 pg) | Memo to File Re: Calendar Correction as Transmitted to BNC for Service Re: 123 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] (vmcf) (Entered: 10/28/2014) |
| 10/28/2014 | 132 (2 pgs) | Certificate of Mailing of Memo to File Re: Calendar Correction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 10/30/2014) |
| 10/29/2014 | 130 (3 pgs) | Amended Notice of Hearing Re: 123 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] to be held on 12/4/2014 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 10/29/2014) |
| 10/29/2014 | 131 (4 pgs) | Certificate/Proof of Service of 130 Amended Notice of Hearing [AAB-2] (awys) (Entered: 10/29/2014) |
| 11/12/2014 | 133 (3 pgs) | Order to Appear Re: 102 Amended Order; Show Cause hearing to be held on 12/4/2014 at 09:00 AM at Bakersfield Federal Courthouse (jtis) (Entered: 11/13/2014) |
| | 134 | Motion/Application to Dismiss Adversary Proceeding/Notice |

| 11/17/2014 | (2 pgs) | of Removal [PD-2] Filed by Defendant CR Title Services, Inc. (awys) (Entered: 11/18/2014) |
| 11/17/2014 | 135 (2 pgs) | Notice of Hearing Re: 134 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] to be held on 1/7/2015 at 11:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 11/18/2014) |
| 11/17/2014 | 136 (9 pgs) | Memorandum of Points and Authorities in support of 134 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] (awys) (Entered: 11/18/2014) |
| 11/17/2014 | 137 (3 pgs) | Request for Judicial Notice Re: 134 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] Filed by Defendant CR Title Services, Inc. (awys) (Entered: 11/18/2014) |
| 11/17/2014 | 138 (70 pgs) | Exhibit(s) in support of 137 Request for Judicial Notice [PD-2] (awys) (Entered: 11/18/2014) |
| 11/17/2014 | 139 (2 pgs) | Statement Regarding Ownership of Corporate Debtor/Party Filed by Defendant CR Title Services, Inc. [PD-2] (awys) (Entered: 11/18/2014) |
| 11/17/2014 | 140 (2 pgs) | Certificate/Proof of Service of 134 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2], 135 Notice of Hearing, 136 Memorandum of Points and Authorities, 137 Request for Judicial Notice, 138 Exhibit(s), 139 Statement Regarding Ownership of Corporate Debtor/Party (awys) (Entered: 11/18/2014) |
| 11/18/2014 | 141 (1 pg) | Memo to File Re: Calendar Correction as Transmitted to BNC for Service Re: 134 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] (vmcf) (Entered: 11/18/2014) |
| 11/18/2014 | 142 (2 pgs) | Amended Notice of Hearing Re: 134 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] to be held on 1/8/2015 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 11/18/2014) |
| 11/18/2014 | 143 (2 pgs) | Certificate/Proof of Service of 142 Amended Notice of Hearing [PD-2] (awys) (Entered: 11/18/2014) |
| 11/18/2014 | 145 (2 pgs) | Certificate of Mailing of Memo to File Re: Calendar Correction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 11/20/2014) |

| 11/19/2014 | 144 (2 pgs) | Court's Certificate of Mailing of 133 Order to Appear (shbs) (Entered: 11/19/2014) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/02/2014 09:17:30 | | |
| **PACER Login:** | π6611:4274207:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 13-01086 Fil or Ent: filed From: 10/17/2014 To: 11/21/2014 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# EXHIBIT: C

**Doc #133 Court Order for Debtor-Plaintiff's to appear on December 4, 2014 hearing issued on November 12, 2014 in Adversary Case No 13-01086**

ʲSAF

③

FILED

NOV 12 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                                    )        Case No. 10-16183-B-7
                                         )
Salma H. Agha,                           )
                                         )
              Debtor.                    )
                                         )
_____)
                                         )
Salma Agha,                              )        Adv. Proceeding No. 13-1086
                                         )
              Plaintiff,                 )
                                         )        Date:  December 4, 2014
      v.                                 )        Time:  9:00 a.m.
                                         )        Place: U.S. Courthouse
Citimortgage, Inc., et al.,              )               510 19th Street
                                         )               Bakersfield, CA
              Defendants.                )

**ORDER TO APPEAR AND SHOW CAUSE WHY STAY OF
ADVERSARY PROCEEDING SHOULD NOT BE VACATED**

        This adversary proceeding commenced with the filing of a complaint by
plaintiff Salma Agha on August 1, 2013.  The adversary proceeding was assigned
to the Honorable Fredrick E. Clement, to whom the main bankruptcy case had also
been assigned.

        On October 18, 2013, Judge Clement issued an order staying all further
proceedings in this adversary proceeding pending the final resolution of a judicial
misconduct complaint filed by the plaintiff (the "Stay Order").  The Stay Order
was subsequently amended on July 22, 2014, and remains in effect.  At the time of
the Stay Order, the following matters were scheduled for hearing on October 23,
2013:  (1) Status Conference Re: Complaint; (2) Motion to Dismiss Adversary
Proceeding filed by defendant Citimortgage, Inc. (DC No. AAB-1); and (3)
Motion to Dismiss Adversary Proceeding filed by defendant CR Title Services,
Inc. (DC No. PD-1).  These matters were dropped from calendar in the Stay Order.

1        On April 10, 2014, defendant Citimortgage, Inc., filed an ex parte

2    application to set its motion to dismiss back on calendar for a hearing. By order

3    dated April 16, 2014, that application was denied by Judge Clement because the

4    pending judicial misconduct matter had not yet been resolved.

5        On September 15, 2014, Judge Clement recused himself from both the main

6    case and from the above-referenced adversary proceeding. On September 16,

7    2014, the main case and the adversary proceeding were transferred and assigned to

8    the undersigned by orders of Christopher M. Klein, Chief Judge of the Eastern

9    District Bankruptcy Court.

10        On October 28, 2014, Citimortgage, Inc., refiled in this adversary

11    proceeding its motion to dismiss (DC No. AAB-2), and the matter has been set for

12    hearing before the undersigned on December 4, 2014, at 9:00 a.m.

13        Before the court can rule on Citimortgage's motion, it must deal with the

14    Stay Order which remains effective. Based on the recusal by Judge Clement, there

15    no longer appears to be a need for the Stay Order and there appears to be no reason

16    why the court cannot hear dispositive motions and administer this adversary

17    proceeding. Based thereon,

18        IT IS HEREBY ORDERED that the plaintiff Salma Agha and all parties to

19    this adversary proceeding shall appear on December 4, 2014, at 9:00 a.m., in the

20    United States Bankruptcy Court at 510 19th Street, Bakersfield, California, and

21    show cause why the above-referenced Stay Order should not be vacated for all

22    purposes in this adversary proceeding, including adjudication of the pending

23    dispositive motions.

24        Dated: November _12_, 2014

25

26

27    W. Richard Lee
      United States Bankruptcy Judge

28

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked __X__, via the U.S. mail.

Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and __X__ Other Persons Specified Below:

Brian H. Gunn, Esq.
Andrew A. Bao, Esq.
Wolfe & Wyman LLP
2175 N. California Blvd., Suite 645
Walnut Creek, CA 94596-3502

Lisa Holder, Esq.
Klein, DeNatale, Goldner, Cooper,
Rosenlieb & Kimball, LLP
4550 California Ave., 2nd Floor
Bakersfield, CA 93309

Office of the U.S. Trustee
U.S. Courthouse
2500 Tulare Street, Suite 1401
Fresno, CA 93721

# EXHIBIT: D

**Doc #144 Court's Certificate of Mailing of Courts Order issued November 12, 2014 asking Debtor-Plaintiff's to appear on December 4, 2014 hearing with stated date of Certificate of Mailing issued and posted on November 19, 2014 SEVEN DAYS AFTER ISSUING OF COURT ORDER, in Adversary Case No 13-01086**

**1.  <u>Was this Order EVER MAILED?</u>**

EDC.003-075  Court's Certificate of Mailing  (v.8.14)                                              USBC,EDCA

# UNITED STATES BANKRUPTCY COURT
## Eastern District of California

## COURT'S CERTIFICATE OF MAILING

| In re<br><br>Salma H. Agha<br><br>                                    Debtor(s). | **Bankruptcy Case No.**<br><br>10−16183 − B − 7 |
|---|---|
| Salma H. Agha<br><br>                                    Plaintiff(s),<br><br>v.<br>Citimortgage, Inc.<br>et al.<br><br>                                    Defendant(s). | **Adversary Proceeding No.**<br><br>13−01086 − B |

The deputy clerk of U.S. Bankruptcy Court for the Eastern District of California whose name appears below hereby certifies that copies of the

**[133] − Order to Appear Re: 102 Amended Order; Show Cause hearing to be held on 12/4/2014 at 09:00 AM at Bakersfield Federal Courthouse (jtis)**

were sent today by regular, first class United States mail to the following persons/entities:

Brian H. Gunn, Esq.
Andrew A. Bao, Esq.
Wolfe & Wyman, LLP
2175 N. California Blvd #645
Walnut Creek, CA 94596−3502

Lisa Holder, Esq.
Klein, DeNatale, Goldner, Cooper
Rosenlieb & Kimball, LLP
4550 California Ave 2nd Fl
Bakersfield, CA 93309

Office of the U.S. Trustee
U.S. Courthouse
2500 Tulare St #1401
Fresno, CA 93721

Salma H. Agha
11622 Harrington St
Bakersfield, CA 93311

William R. Cumming
30870 Bristol St #630
Costa Mesa, CA 90292

Jeffrey M. Vetter
PO Box 2424
Bakersfield, CA 93303

Dated:   11/19/14

FOR THE COURT
Wayne Blackwelder Clerk,

BY: shbs , Deputy Clerk
U.S. Bankruptcy Court
Robert E. Coyle United States Courthouse
2500 Tulare Street, Suite 2501
Fresno, CA 93721−1318
(559) 499−5800

# EXHIBIT: E

**Doc #129 Courts Order regarding "Memo to File...." issued on October 28, 2014 in Adversary Case No 13-01086.**

13−01086 − B − 0

# UNITED STATES BANKRUPTCY COURT
## Eastern District of California

**Robert E. Coyle United States Courthouse**
2500 Tulare Street, Suite 2501
Fresno, CA 93721−1318

(559) 499−5800
www.caeb.uscourts.gov
M−F 9:00 AM − 4:00 PM



## MEMO TO FILE RE: CALENDAR CORRECTION

**Case Number:**   13−01086 − B − 0              **DCN:**   AAB−2

**Case Title:**   Agha v. Citimortgage, Inc. et al

**TO WHOM IT MAY CONCERN:**

An application/motion/objection and Notice of Hearing were submitted for filing with incorrect hearing date/time/department/Docket Control Number. This application/motion/objection will be calendared **ONLY** upon receipt of an Amended Notice of Hearing with the correct date/time/department/Docket Control Number filled in.

Contacted by phone: Lisa

The following calendar corrections have been made:

Dept:                                        Date:

Time:                                        DCN #:

Other:

 Amended notice to reflect date, time and location from Judge Lee's Bakersfield self−set calendars.

The filing party will submit a Notice of Hearing or an Amended Notice of Hearing as necessary.

Dated:
10/28/14

For the Court,
Wayne Blackwelder , Clerk

FORM L157 Memo to File Re: Calendar Correction  (v.2.13)

13–01086 – B – 0

# UNITED STATES BANKRUPTCY COURT
## Eastern District of California

**Robert E. Coyle United States Courthouse**
**2500 Tulare Street, Suite 2501**
**Fresno, CA 93721–1318**

(559) 499–5800
www.caeb.uscourts.gov
M–F 9:00 AM – 4:00 PM



## MEMO TO FILE RE: CALENDAR CORRECTION

**Case Number:** 13–01086 – B – 0                **DCN:** PD–2

**Case Title:** Agha v. Citimortgage, Inc. et al

**TO WHOM IT MAY CONCERN:**

An application/motion/objection and Notice of Hearing were submitted for filing with incorrect hearing date/time/department/Docket Control Number. This application/motion/objection will be calendared <u>ONLY</u> upon receipt of an Amended Notice of Hearing with the correct date/time/department/Docket Control Number filled in.

Contacted by phone: Erica

The following calendar corrections have been made:

    Dept:                                              Date:

    Time:                                              DCN #:

Other:

    Amended notice to reflect date, time and location from Judge Lee's Bakersfield self–set calendar.

The filing party will submit a Notice of Hearing or an Amended Notice of Hearing as necessary.

Dated:
11/18/14

For the Court,
Wayne Blackwelder , Clerk

# EXHIBIT: F

Doc #132 Court's Certificate of Mailing of Courts Order regarding "Memo to File...." issued on October 28, 2014 - **SAME DAY AS THE COURT ORDER** in Adversary Case No 13-01086

United States Bankruptcy Court
Eastern District of California

Agha,
      Plaintiff

Citimortgage, Inc.,
      Defendant

Adv. Proc. No. 13-01086-B

## CERTIFICATE OF NOTICE

| District/off: 0972-1 | User: vmcf | Page 1 of 1 | Date Rcvd: Oct. 28, 2014 |
|---|---|---|---|
| | Form ID: L157 | Total Noticed: 1 | |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 30, 2014.

aty      +Andrew A. Bao,   2175 N. California Blvd., Ste. 645,   Walnut Creek, CA 94596-3502

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.
                TOTAL: 0

     ***** BYPASSED RECIPIENTS *****
NONE.
                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 30, 2014               Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 28, 2014 at the address(es) listed below:
NONE.
                TOTAL: 0

FORM L157 Memo to File Re: Calendar Correction  (v.2.13)                                                          13-01086 – B – 0

# UNITED STATES BANKRUPTCY COURT
## Eastern District of California

**Robert E. Coyle United States Courthouse**
**2500 Tulare Street, Suite 2501**
**Fresno, CA 93721–1318**

(559) 499–5800
www.caeb.uscourts.gov
M–F 9:00 AM – 4:00 PM



## MEMO TO FILE RE: CALENDAR CORRECTION

| | |
|---|---|
| **Case Number:** 13–01086 – B – 0 | **DCN:** AAB–2 |

**Case Title:** Agha v. Citimortgage, Inc. et al

**TO WHOM IT MAY CONCERN:**

An application/motion/objection and Notice of Hearing were submitted for filing with incorrect hearing date/time/department/Docket Control Number. This application/motion/objection will be calendared ONLY upon receipt of an Amended Notice of Hearing with the correct date/time/department/Docket Control Number filled in.

Contacted by phone: Lisa

The following calendar corrections have been made:

Dept:                                                      Date:

Time:                                                      DCN #:

Other:

    Amended notice to reflect date, time and location from Judge Lee's Bakersfield self–set calendars.

The filing party will submit a Notice of Hearing or an Amended Notice of Hearing as necessary.

Dated:
10/28/14

For the Court,
Wayne Blackwelder , Clerk

# EXHIBIT: G

**Doc #141 Courts Order regarding "Memo to File...." issued on November 18, 2014 in Adversary Case No 13-01086**

FORM L157 Memo to File Re: Calendar Correction  (v.2.13)                                   13–01086 – B – 0

## UNITED STATES BANKRUPTCY COURT
### Eastern District of California



Robert E. Coyle United States Courthouse
2500 Tulare Street, Suite 2501
Fresno, CA 93721–1318

(559) 499–5800
www.caeb.uscourts.gov
M–F 9:00 AM – 4:00 PM

---

## MEMO TO FILE RE: CALENDAR CORRECTION

---

**Case Number:**    13–01086 – B – 0                                    **DCN:**    PD-2

---

**Case Title:**    Agha v. Citimortgage, Inc. et al

---

**TO WHOM IT MAY CONCERN:**

An application/motion/objection and Notice of Hearing were submitted for filing with incorrect hearing date/time/department/Docket Control Number. This application/motion/objection will be calendared <u>ONLY</u> upon receipt of an Amended Notice of Hearing with the correct date/time/department/Docket Control Number filled in.

Contacted by phone: Erica

The following calendar corrections have been made:

    Dept:                                          Date:

    Time:                                          DCN #:

Other:

    **Amended notice to reflect date, time and location from Judge Lee's Bakersfield self–set calendar.**

The filing party will submit a Notice of Hearing or an Amended Notice of Hearing as necessary.

---

Dated:
11/18/14

For the Court,
Wayne Blackwelder , Clerk

# EXHIBIT: H

**Doc #145** Court's Certificate of Mailing of Courts Order regarding "Memo to File...." issued on November 18, 2014 - **SAME DAY AS THE COURT ORDER** in Adversary Case No 13-01086

United States Bankruptcy Court
Eastern District of California

Agha,
            Plaintiff                                    Adv. Proc. No. 13-01086-B

Citimortgage, Inc.,
            Defendant

## CERTIFICATE OF NOTICE

District/off: 0972-1          User: vmcf          Page 1 of 1          Date Rcvd: Nov 18, 2014
                             Form ID: L157          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 20, 2014.
aty           +Eddie R. Jimenez,   4375 Jutland Dr., Suite 200,   P.O. Box 17933,   San Diego, CA 92177-7921

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security
Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the
bankruptcy rules and the Judiciary's privacy policies.

Date: Nov 20, 2014                    Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 18, 2014 at the address(es) listed below:
NONE.                                                                TOTAL: 0

FORM L157 Memo to File Re: Calendar Correction  (v.2.13)                                        13−01086 − B − 0



# UNITED STATES BANKRUPTCY COURT
## Eastern District of California

**Robert E. Coyle United States Courthouse**
**2500 Tulare Street, Suite 2501**
**Fresno, CA 93721−1318**

(559) 499−5800
www.caeb.uscourts.gov
M−F 9:00 AM − 4:00 PM

## MEMO TO FILE RE: CALENDAR CORRECTION

**Case Number:**   13−01086 − B − 0                          **DCN:**   PD−2

**Case Title:**   Agha v. Citimortgage, Inc. et al

**TO WHOM IT MAY CONCERN:**

An application/motion/objection and Notice of Hearing were submitted for filing with incorrect hearing date/time/department/Docket Control Number. This application/motion/objection will be calendared ONLY upon receipt of an Amended Notice of Hearing with the correct date/time/department/Docket Control Number filled in.

Contacted by phone: Erica

The following calendar corrections have been made:

Dept:                                    Date:

Time:                                    DCN #:

Other:

   Amended notice to reflect date, time and location from Judge Lee's Bakersfield self−set calendar.

The filing party will submit a Notice of Hearing or an Amended Notice of Hearing as necessary.

Dated:                          For the Court,
11/18/14                        Wayne Blackwelder , Clerk

# EXHIBIT: I

**Notice of Ex Parte emailed to all Defendants and or their Counsels**


**From:** Salma Agha <salmahagha@aol.com>

**To:** cparker <cparker@kleinlaw.com>; aabao <aabao@wolfewyman.com>; mstom <mstom@wolfewyman.com>; ejimenez <ejimenez@piteduncan.com>

**Subject:** Ex Parte Docket Fraud 2 - Adversary 13-01086

**Date:** Tue, Dec 2, 2014 3:32 pm

Hello All,

I will be filing an Ex-Parte Motion regarding Docket Fraud 2 tomorrow. Kindly let me know if any of you will be opposing it.

Thanks
Salma Agha-Khan, MD