9

DAVID J. COOPER, CSB NO. 47615
LISA HOLDER, CSB NO. 217752
CONNIE M. PARKER, CSB NO. 254484
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Fax: (661) 326-0418
E-mail: lholder@kleinlaw.com

Attorneys for Jeffrey Vetter, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| In re:<br><br>SALMA H. AGHA,<br><br>　　　　Debtor. | Case No. 10-16183-A-7<br><br>Chapter 7<br><br>DC No. [none identified in moving documents]<br><br>**CHAPTER 7 TRUSTEE JEFFREY VETTER'S AND HIS ATTORNEYS' OPPOSITION TO DEBTOR'S REQUEST TO BRING LEGAL ACTION AGAINST TRUSTEE AND HIS COUNSEL**<br><br>Date:　　February 5, 2015<br>Time:　　9:00 a.m.<br>Place:　　U.S. Bankruptcy Court<br>　　　　　1300 18th Street, Ste. A<br>　　　　　Bakersfield, California<br>Judge:　　Hon. W. Richard Lee |
|---|---|

Chapter 7 Trustee, Jeffrey Vetter ("Trustee"), and his court-approved attorneys, Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP ("Klein, DeNatale")[1], oppose Debtor's request to bring legal action against Trustee and his counsel,[2] based on the following:

/ / /

---

[1] All Klein, DeNatale attorneys, including Lisa Holder and Barry L. Goldner, hereby oppose Debtor's motion to bring legal action against Trustee and his counsel. Debtor has named attorneys Holder and Goldner as co-defendants in the action, *Agha-Khan, M.D. v. The United States of America, et. al.*, United States Court Central District of California Case No. CV 14-03490 FMO.

[2] Debtor's motion is titled, *Motion Re: Resubmission of Debtor-Plaintiff's Motion That Was Fraudulently Misfiled and Intentionally Kept Hidden for One Month Titled: "Request to Bring Legal Action Against Trustee Vetter and Trustee's Counsel."* See Doc. 202.

3EX5763　　　　　　　　　　　　　　　1

## I. INTRODUCTION

Debtor seeks bankruptcy court permission to bring legal action against Trustee and his court-approved attorneys. Debtor's request is late in that Debtor is already improperly prosecuting an action against Trustee and his counsel without leave of the bankruptcy court: *Agha-Khan, M.D. v. United States of America, et. al.,* United States Court Central District of California Case No. CV 14-03490 FMO; see also *Declaration of Connie M. Parker in Support of Chapter 7 Trustee Jeffrey Vetter's Opposition to Debtor's Motion to Disqualify Klein, DeNatale, Goldner,* filed and served concurrently herewith.

Nonetheless, Trustee's and his attorneys' actions, are absolutely privileged as they all derive from court-approved actions in the administration of Debtor's estate. Debtor cannot bring action against Trustee and his attorneys. The court should deny Debtor's motion with prejudice because Debtor has not and cannot set forth a prima facie case.

## II. BACKGROUND

### A. Initial Administration of Debtor's Chapter 7 Proceeding

On May 30, 2010, Debtor, under the name "Salma H. Agha," filed a voluntary petition for relief under Chapter 7. Doc. 1. The U.S. Trustee's Office appointed Jeffrey M. Vetter as Trustee on June 1, 2010. Doc. 2.

On July 13, 2010, Debtor filed her Schedules. Doc. 28. Under Schedule B, No. 13, Debtor scheduled stock in a corporation identified as Aris, Inc., but did not schedule membership interests in any limited liability companies, such as Vodka From Around the World, LLC. Doc. 28.

Under Schedule B, No. 21, Debtor scheduled a potential claim against Tenet Health Corp. and potential lawsuit against SS Nite Life, but nothing about a claim against Bruce Breitman and/or BBG, Ltd.. Doc. 28. See also *Declaration of Jeffrey M. Vetter in Support of Motion for Order Authorizing Sale and Assignment of State Court Litigation Claim and LLC Interest to BBG, Ltd,* filed on November 27, 2012, Doc. 80, ¶ 6.

Trustee administered Debtor's Chapter 7 proceeding as a no-asset case. Doc. 34. On September 23, 2010, the court entered Debtor's discharge. Doc. 51. The court entered a final

decree on January 7, 2011. Doc. 66.

## B. Reopening and Subsequent Administration of Debtor's Chapter 7 Proceeding

On October 14, 2011, Debtor filed the following Superior Court lawsuit: *Vodka From Around the World, LLC and Salma H. Agha-Khan v. Bruce M. Brietman and BBG, Ltd.*, San Francisco County Superior Court Case No. CGC-11-515095 (the "San Francisco lawsuit"). See Exhibit "A" to *Exhibits in Support of Motion for Order Authorizing Sale and Assignment of State Court Litigation Claim and LLC Interest to BBG, Ltd.*, filed on November 27, 2012, Doc. 81. The October 2011, lawsuit alleged damages from a 2009 transaction involving Debtor's purchase of a nightclub. *Id.*

In September 2012, Trustee learned of the San Francisco lawsuit after the attorneys for the defendants, Mr. Brietman and BBG, Ltd., contacted Trustee to offer a settlement. See *Application for Order Authorizing Trustee to Employ Attorneys Effective September 13, 2012*, filed November 8, 2012, Doc. 72, ¶s 3 – 4. Trustee contacted the United States Trustee and requested that the Chapter 7 case be reopened to administer undisclosed assets. *Id.* at ¶ 5.

On September 13, 2012, the U.S. Trustee moved to reopen Debtor's case. Doc. 68 – 69. The court reopened the case on September 18, 2012. Doc. 70. Jeffrey M. Vetter was appointed Chapter 7 Trustee on September 19, 2012. Doc. 71. The court approved employment of Klein, DeNatale as Trustee's attorneys. Doc. 77 and 109.

On November 27, 2012, by Docket Control No. KDG-2, Trustee by counsel, noticed a December 18, 2012 hearing on his *Motion for Order Authorizing Sale and Assignment of State Court Litigation Claim and LLC Interest to BBG, Ltd.* Doc. 79 – 82  Per the notice, Trustee sought court approval to sell the rights to the San Francisco lawsuit and Vodka From Around the World, LLC to BBG, Ltd., for $15,000.00, subject to higher and better bids. Doc. 79.

The court's tentative ruling was to grant the motion to sell, but continued the hearing to January 23, 2013, due to a conflict issue and to allow for a briefing schedule on the motion to sell. Doc. 84. As set forth in the *Supplemental Declaration of Lisa Holder Regarding Order Authorizing Trustee to Employ Attorneys Effective September 13, 2012*, filed on January 2, 2013 (Doc. 97), Ms. Holder of Klein, DeNatale had discovered that Klein, DeNatale previously

represented Debtor in an unrelated construction defect lawsuit in 2003/2004. Ms. Holder disclosed this potential conflict and declared that no conflict-of-interest existed by Klein, DeNatale's prior representation and the court agreed. See Doc. 97 and 109.

After allowing for written and oral opposition from Debtor's counsel, and amicus briefing from the proposed buyer's counsel, the court approved the sale of the rights to the San Francisco lawsuit and Vodka From Around the World, LLC to BBG, Ltd. for $15,000,00. Doc. 110, 111; See also Reporter's Transcript from January 23, 2013 hearing, filed February 18, 2013, Doc. 112.

Without explanation or supporting legal authority, Debtor alleges the reopening of her bankruptcy and subsequent sale of assets was purportedly "illegal" and "fraudulent." On that premise, but without any factual support or legal authority, Debtor wants the bankruptcy court to grant leave to sue Trustee and his counsel and/or retroactively sanction the Central District lawsuit Debtor already started.

### III. LEGAL ANALYSIS

#### A. Trustee and His Attorneys' Actions Are Absolutely Privileged.

11 U.S.C. § 323(b) provides that a trustee has capacity to be sued. However, under the "*Barton* doctrine," a claimant must obtain leave of the bankruptcy court before commencing suit against the trustee and/or his attorneys; otherwise the forum court lacks subject matter jurisdiction. *Barton v. Barbour*, 104 U.S. 126, 136-137 (1881); *In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005).

Before leave to sue a bankruptcy trustee may be obtained, claimant must be able to plead the elements of a prima facie case against the trustee. *In re Kashani*, 190 B.R. 875, 883, 885 (9th Cir. BAP 1995).

Because bankruptcy trustees serve an important function as officers of the court, they enjoy limited personal immunity when operating pursuant to their authority and enjoy absolute immunity if operating pursuant to a court order. *In re Kashani, supra*, 190 B.R. at 883; In *re Weisser Eyecare, Inc.*, 245 B.R. 844, 848 (Bkrtcy. N.D.Ill. 2000). A bankruptcy trustee cannot be held personally liable unless he acted outside the scope of his authority as trustee that is

"ultra vires," or breached a fiduciary duty he owed as the bankruptcy trustee to some claimant. *Id.*

Proper authority of a Chapter 7 bankruptcy trustee is defined by his duties and responsibilities under the Bankruptcy Code. 11 U.S.C. §§ 363, 704; *In re Weisser Eyecare, Inc., supra*, 245 B.R. at 848. A bankruptcy trustee is required to convert an estate claim into money. 11 U.S.C. § 704(a)(1); *In re Weisser Eyecare, Inc., supra*, 245 B.R. at 849, 851.

Ironically, what Debtor protests is actually Trustee's compliance with 11 U.S.C. § 704(a)(1). On January 23, 2013, by noticed motion, Trustee liquidated the estate's rights to the limited liability company, Vodka From Around the World, LLC and its rights to a contingent, unliquidated claim per the lawsuit, *Vodka From Around the World, LLC and Salma H. Agha-Khan v. Breitman, et. al.*, San Francisco County Superior Court Case No. CGC-11-515095. All of Trustee's and his attorneys' actions leading to the liquidation of the estate property were sanctioned by bankruptcy court orders. Therefore, Trustee and his counsel receive absolute immunity.

**B. Trustee and His Counsel Acted Within Statutory Authority.**

Filing of a bankruptcy petition creates a bankruptcy estate comprising essentially all property of the debtor. 11 U.S.C. § 541(a); *In re Nagy*, 432 B.R. 564, 568 (Bkrtcy.M.D.La. 2010). The Chapter 7 trustee becomes the representative of the bankruptcy estate upon his appointment and qualification and generally he alone can sell estate property, providing the bankruptcy court approved the sale. 11 U.S.C. §§ 323(a), 363(b), *In re Nagy, supra*, 432 B.R at 568.

The courts have established certain standards and instructions whereby the trustees can protect themselves by complying with these standards, and thus, gain judicial immunity. *In re Kashani, supra*, 190 B.R. at 884. "Those instructions include: the trustee should give notice to the debtor and obtain prior court approval of the proposed act; the disclosure by the trustee to the court in furtherance of the requested approval must be candid; and the act must be within the trustee's official duties." *Id.*

/ / /

While Debtor complaints that Trustee "illegally reopened" her bankruptcy proceeding, the U.S. Trustee's Office, not Trustee or his counsel, reopened her bankruptcy proceeding, as documented in the court record:

- U.S. Trustee's Ex Parte Motion to Reopen Case, filed on September 13, 2012, Doc. 68;
- Certificate of Service regarding U.S. Trustee's Ex Parte Motion to Reopen Case and Proposed Order, filed on September 13, 2012, Doc. 69;
- Order Granting U.S. Trustee's Ex Parte Motion to Reopen Case, filed on September 18, 2012, Doc. 70.

11 U.S.C. §350(b) provides that a bankruptcy case may be reopened to administer assets or for other cause. The U.S. Trustee moved to reopen on the basis that Debtor omitted assets in her bankruptcy schedules including an interest in a limited liability company. See Doc. 68.

Debtor also complaints that Trustee "illegally" employed counsel, but the record shows that Trustee employed counsel by notice and with court approval:

- Application for Order Authorizing to Trustee to Employ Attorneys Effective September 13, 2012, filed on November 8, 2012, Doc. 72;
- Declaration of Lisa Holder regarding Application for Order Authorizing Trustee to Employ Attorneys Effective September 13, 2012, filed on November 8, 2012, Doc. 73;
- Proof of Service for Application for Order Authorizing to Trustee to Employ Attorneys Effective September 13, 2012, Declaration of Lisa Holder regarding Application for Order Authorizing to Trustee to Employ Attorneys Effective September 13, 2012, filed on November 8, 2012 and Proposed Order, filed on November 8, 2012, Doc. 74;
- Order Authorizing Trustee to Employ Attorneys Effective September 13, 2012, filed on November 21, 2012, Doc. 77;
- Notice of Hearing Regarding Order Authorizing Trustee to Employ Attorneys Effective September 13, 2012, filed on January 2, 2013, Doc. 96;

- Supplemental Declaration of Lisa Holder Regarding Order Authorizing Trustee to Employ Attorneys Effective September 13, 2012, filed on January 2, 2013; Doc. 97;
- Proof of Service for Notice of Hearing Regarding Order Authorizing Trustee to Employ Attorneys Effective September 13, 2012 and Supplemental Declaration of Lisa Holder Regarding Order Authorizing Trustee to Employ Attorneys Effective September 13, 2012, filed on January 2, 2012, Doc. 98;
- Civil Minutes from January 23, 2013 Hearing on Motion to Employ, filed on January 23, 2013, Doc. 109.

Debtor complains that the court approved the employment of Klein, DeNatale, *nunc pro tunc* to September 13, 2012. The court has discretion to approve retroactive employment of professionals under extraordinary circumstances. *In re Crest Mirror and Door Co., Inc.*, 57 B.R. 830, 832 (9th Cir. BAP 1986). In this case, Trustee sought employment of Klein, DeNatale retroactive to September 13, 2012, because Klein, DeNatale had begun providing services to Trustee by September 13, 2012, by reviewing an undisclosed lawsuit in San Francisco Superior Court, Debtor's schedules and analyzing the issue of abandonment under 11 U.S.C. § 554(c). See Doc. 72, ¶ 12.

The event that prompted reopening of Debtor's case was Trustee's discovery that Debtor, and a limited liability company controlled by Debtor, had filed a lawsuit in San Francisco Superior Court against Mr. Breitman and BBG, Ltd., but these assets were not part of Debtor's Schedule B. The defense attorney in that lawsuit contacted Trustee to offer settlement. See Doc. 72, ¶s 3 through 5. Thereafter, the U.S. Trustee reopened the case and Trustee was appointed to administer the estate. Doc. 70, 71.

While Debtor complains that Trustee, "illegal stole" her property, the facts are that Trustee sold the estate's right to a contingent lawsuit and limited liability by noticed motion approved by the bankruptcy court. In approving the sale, the court ruled that the rights to the San Francisco lawsuit and Vodka From Around the World, LLC were not abandoned as part of the closing of bankruptcy proceeding pursuant to 11 U.S.C. § 554(c)(1), because this property

was not scheduled. Debtor never perfected any appeal of the final order approving the sale. Debtor impermissibly is seeking a second bite of the apple and attempting to re-litigate the sale through her quest to sue Trustee and his counsel.

### C. Trustee's and His Counsel's Acts Are Absolutely Privileged Under California Civil Code § 47(b)(2).

A publication made in a judicial proceeding is absolutely privileged pursuant to California Civil Code section 47(b)(2). In *Silberg v. Anderson*, 50 Cal.3d 205, 215 (1990) the California Supreme Court found the litigation privilege to apply to statements made "in the context of a judicial proceeding, [that] were logically related to the action, played an integral role in the proceeding, and were made by one of the participants about an authorized participant." The principal purpose of California's litigation privilege is to afford litigants and witnesses the upmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions. *Visto Corp. v. Sproquit Technologies, Inc.*, 360 F.Supp.2d 1064, 1068 (N.D. Cal. 2005). The litigation privilege is absolute, not qualified, even when prelitigation communications are implicated. *Id.* at footnote 2.

Here, the Debtor is suing and/or seeks to sue Trustee and his counsel for statements made in conjunction with the court's reopening of the case, employment of Klein, DeNatale and motion to sell. Debtor does not complain of any wrongdoing independent of Trustee's and his attorneys' actions in appearing in the bankruptcy proceeding. Since their acts are absolutely privileged under Civil Code section 47, the court should deny Debtor's motion with prejudice.

### D. No Leave To Sue Trustee and/or His Counsel Was Ever Provided by the U.S. Trustee's Office

Debtor relies on an October 23, 2013 from the U.S. Trustee's Office as a basis for leave to sue Trustee and his counsel. However, the letter gives no such authorization pursuant to the *Barton* doctrine. Rather, the U.S. Trustee's office suggested Debtor seek counsel from her attorney to determine whether she has any rights or remedies to pursue.

/ / /

/ / /

## IV. CONCLUSION

For the reasons provided in this Opposition, Trustee and Klein, DeNatale pray: (1) the court deny Debtor's request to bring legal action against Trustee and his counsel with prejudice; and (2) for all other relief deemed just and proper.

Dated: January 22, 2015

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By /s/ Connie M. Parker
CONNIE M. PARKER, ESQ.
Attorneys for Jeffrey Vetter, Chapter 7 Trustee

3EX5763

9