**11**

DAVID J. COOPER, CSB NO. 47615
LISA HOLDER, CSB NO. 217752
CONNIE M. PARKER, CSB NO. 254484
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Fax: (661) 326-0418
E-mail: lholder@kleinlaw.com

Attorneys for Jeffrey Vetter, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SALMA H. AGHA,<br><br>          Debtor. | Case No. 10-16183-A-7<br><br>Chapter 7<br><br>DC No. [none identified in moving documents]<br><br>**CHAPTER 7 TRUSTEE JEFFREY VETTER'S OPPOSITION TO DEBTOR'S MOTION TO DISQUALIFY KLEIN, DENATALE, GOLDNER**<br><br>Date:     February 5, 2015<br>Time:    9:00 a.m.<br>Place:   U.S. Bankruptcy Court<br>           1300 18th Street, Ste. A<br>           Bakersfield, California<br>Judge:   Hon. W. Richard Lee |

Chapter 7 Trustee, Jeffrey Vetter ("Trustee"), by his court-approved attorneys, Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP ("Klein,DeNatale"), oppose Debtor's motion to disqualify, based on the following:

**I.     INTRODUCTION**

By orders entered on January 23, 2013 (Doc. 109) and November 21, 2012 (Doc. 77), this court approved the employment of Klein, DeNatale, as attorneys' for Trustee. Debtor did not appeal those orders and did not oppose Trustee's motion to employ when provided the opportunity during a January 23, 2013 hearing, attended by Debtor and her attorney.

/ / /

The instant motion to disqualify fails to show a substantial relationship between Klein, DeNatale's representation of Trustee in Debtor's Chapter 7 bankruptcy proceeding and Klein, DeNatale's former representation of Debtor in a 2003 residential builder lawsuit. Further, Klein, DeNatale's past representation of Citibank in 1988, in a lawsuit against Dareco, has no relationship to the Debtor's 2010 bankruptcy proceeding. The court should deny Debtor's motion to disqualify.

## II. BACKGROUND

### A. Prior Representation of Salma Agha-Khan, M.D. (Debtor)

In February 2003, Dr. Khan engaged Klein, DeNatale to represent her in a dispute with Froehlich Construction Co., Inc., over the purchase and construction of a residential home. *Declaration of Barry L. Goldner in Support of Chapter 7 Trustee Jeffrey Vetter's Opposition to Debtor's Motion to Disqualify Klein, DeNatale, Goldner* (hereinafter "BLG Dec.") ¶ 2. The dispute involved a residential property commonly referred to as 11622 Harrington Street, Bakersfield, California. *Id.* at ¶ 3.

On May 7, 2003, Klein, DeNatale filed a complaint on behalf of Dr. Khan for specific performance, breach of express warranty, breach of implied warranty, and breach of contract in the case entitled, *Khan v. Froehlich Construction Co., Inc.,* Kern County Superior Court Case No. 250113. BLG Dec. ¶ 4.

In December 2004/January 2005, the case settled by mutual settlement agreement. BLG Dec. ¶ 5. Pursuant to the terms of the agreement, Kern County Superior Court entered dismissal of the lawsuit on January 31, 2005, and Klein, DeNatale's services to Dr. Khan concluded. *Id.* In 2006, Dr. Khan had an outstanding balance for legal expenses and attorneys' fees of under $6,000.00, which Klein, DeNatale agreed to write-off. BLG Dec. ¶ 6.

Klein, DeNatale disclosed its prior representation of Debtor in the *Supplemental Declaration of Lisa Holder Regarding Order Authorizing Trustee to Employ Attorneys Effective September 13, 2012,* filed January 2, 2013; Doc. 97; see also *Declaration of Lisa Holder in Support of Chapter 7 Trustee Jeffrey Vetter's Opposition to Debtor's Motion to Disqualify Klein, DeNatale, Goldner* (hereinafter "LH Dec").

### B. Prior Representation of Citibank.

In 1988, Klein, DeNatale represented Citibank in a lawsuit against an entity named Dareco. LH Dec. ¶ 5. Klein, DeNatale disclosed its relationship with Citibank in Trustee's application for employment, filed on November 8, 2012. *Id.*; see also Doc. 73, Exhibit "A."

### C. Current Representation of Trustee.

On November 8, 2012, Trustee applied to the bankruptcy court for the employment of Klein, DeNatale, effective September 13, 2012, for the following purposes:

    a. To advise and consult with [Trustee] concerning questions arising during the administration of the estate and concerning the rights and remedies of [Trustee] with regard to the assets of the estate and the claims of secured and unsecured creditors;

    b. To advise and consult with [Trustee] concerning the administration of Debtor's interest in the assets, if any; and

    c. To assist in preparing such pleadings, motions, notices, and orders as are required for the orderly administration of the estate.

See Doc. 72.

Klein, DeNatale inadvertently did not disclose the prior representation of Debtor at the time Trustee applied for employment of Klein, DeNatale in November 2012. Klein, DeNatale had done a conflict search under the name "Salma H. Agha" and no matches were found. On November 21, 2012, the court approved the employment application. Doc. 77.

In December 2012, Debtor's counsel, William Cumming, informed attorney Lisa Holder of Klein, DeNatale that Debtor was a former Klein, DeNatale client. Ms. Holder ran a second conflict check in the Klein, DeNatale database, under the name "Salma Khan," and a match was found, from which Klein, DeNatale identified representation of Debtor in 2003-2004 in construction defect litigation.

Ms. Holder, disclosed the prior representation on January 2, 2013, in her *Supplemental Declaration of Lisa Holder Regarding Order Authorizing Trustee to Employ Attorneys Effective September 13, 2012*. In this declaration, Ms. Holder explained why Klein, DeNatale's

conflict-check system had not uncovered its prior representation of Debtor, i.e., due to the different surnames Debtor used in the prior representation and bankruptcy proceeding. Ms. Holder explained why no conflict-of-interest existed because Klein, DeNatale's prior representation in the 2003/2004 residential builder dispute is unrelated to Klein, DeNatale's 2012 representation of Trustee. See LH Dec., Exhibit "B."

In light of this discovery, Klein, DeNatale set a hearing on the Trustee's continued employment of Klein, DeNatale on 21-days notice. LH Dec. ¶ 8. On January 23, 2013, Ms. Holder, Debtor and Debtor's attorney, William Cumming, attended the hearing on the Trustee's continued employment of Klein, DeNatale. *Id.* at ¶ 9. The court called the matter and said, "With respect to the motion to employ Klein DeNatale, the tentative is to grant. Did anyone wish to speak in opposition? I am hearing nothing. The tentative will be the ruling, and the motion will be granted." *Id.*

On January 23, 2013, the court filed in its Civil Minutes: "The court treats this as a motion under Rule 60(b) and grants the motion to reconsider the issue of Klein DeNatale's employment. But having considered the Supplement Declaration of Lisa Holder, January 2, 2013, ECF No. 97, the court approves the employment of Klein DeNatale. The firms [sic] prior representation of debtor Salma Agha, concluding in 2005, does not present grounds for disqualification. 11 U.S.C. § 327(a), 101(14)." Doc. 109; see also Exhibit "D" to LH Dec.

In February 2014, Debtor filed a lawsuit against Honorable Fredrick Clement, Trustee, Klein, DeNatale, et. al., regarding her grievances over the 2012 reopening of her bankruptcy proceeding and the Trustee's liquidation of estate property, *Khan v. United States of America, et. al.*, United States Court Central District of California, Case No. CV-14-03490 FMO. That case remains pending and Klein, DeNatale is representing Trustee in that lawsuit. *Declaration of Connie M. Parker in Support of Chapter 7 Trustee Jeffrey Vetter's Opposition to Debtor's Motion to Disqualify Klein, DeNatale, Goldner.*

/ / /

/ / /

/ / /

3EV8471                                                     4

## III. LEGAL ANALYSIS

### A. There is No Substantial Relationship Between the 2003-2005 Residential Builder Dispute and the Current Representation of Trustee.

Rule 3-310(E) of the California Rules of Professional Conduct provides: "A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client, where by reason of the representation of the client or former client, the member has obtained confidential information *material* to the employment." (italics added.)

If an attorney fails to obtain consent, and undertakes to represent an adversary, the former client may seek to disqualify the attorney by showing a substantial relationship between the subjects of the prior and current representations. *UMG Recordings. v. MySpace, Inc.*, 526 F.Supp. 2d 1046, 1059 (C.D. Cal. 2007). The former client may satisfy this burden by showing the former attorney actually possesses confidential information adverse to the former client. *H.F. Ahmanson & co. v. Salomon Brothers, Inc.*, 229 Cal.App.3d 1445, 1452 (1991). Alternatively, the former client can satisfy his/her burden by showing a "'substantial relationship' between the former and current representation," in lieu of proving actual possession of confidential information. *Id.*

Disqualification motions are commonly used for purely strategic purposes: to delay litigation, harass the opposing party, or pressure for a more favorable settlement. *H. F. Ahmanson & Co. v. Salomon Brothers, Inc.*, *supra*, 229 Cal.App.3d at p. 1454. To recognize the interests of the former client and the potential for abuse, the rule followed in California is that, "the attorneys' possession of confidential information will be presumed only when 'a substantial relationship has been shown to exist between the former representation and the current representation, and when it appears by virtue of the nature of the former representation or the relationship of the attorney to his former client confidential information material to the current dispute would normally have been imparted to the attorney.'" *Id.* The court looks at whether confidential information material to the current dispute would normally have been imparted to the attorney by virtue of the nature of the former representation. *Id.*

The "substantial relationship" approach, which focuses on the nature of the former representation, is followed in the federal courts. *H.F. Ahmanson & Co. v. Salomon Brothers, Inc.*, *supra*, 229 Cal.App.3d at p. 1455; see also *Merle Norman Cosmetics, Inc. v. U.S. Dist. Court, Cent. Dist. Of California*, 856 F.2d 98, 100 (9th Cir. 1988). The substantial relationship test is not met when there is no realistic chance that confidences were disclosed. *H.F. Ahmanson & Co. v. Salomon Brothers, Inc.*, *supra*, 229 Cal. App.3d at p. 1455.)

In determining whether to disqualify counsel based on a conflict-of- interest due to representation of a former client and a current client, the court should focus on similarities between: (1) the two factual situations, (2) legal questions posed, and (3) the nature and extent of attorneys' involvement with the cases. *H.F. Ahmanson & Co. v. Salomon Brothers, Inc.*, *supra* 229 Cal.App.3d at p. 1455, et seq.

Here, any confidential information, Klein, DeNatale's lawyers may have obtained in the 2003 lawsuit against Froehlich Construction Co., Inc. is immaterial to Klein, DeNatale's representation of Trustee. Debtor has not demonstrated otherwise in her moving documents, despite having the burden to do so. Analysis of the three factors identified in *H.F. Ahmanson & Co. v. Salomon Brothers, Inc.*, *supra*, further demonstrate why no conflict exists:

### 1. The Two Factual Situations.

In 2003 through early 2005, Klein, DeNatale represented Debtor in the prosecution of a contract dispute with residential builder Froehlich Construction Co., Inc., in Kern County Superior Court. The lawsuit involved a residential property commonly referred to as 11622 Harrington Street, Bakersfield, California. It was fully resolved by settlement in January 2005, as evidenced by a written settlement agreement and thereafter dismissed at Debtor's request..

Over seven years later, Trustee moved to employ Klein, DeNatale as his attorneys in Debtor's Chapter 7 proceeding. The court approved the employment by orders entered on November 21, 2012 and January 23, 2013, and Debtor did not appeal those orders.

On December 31, 2014, Debtor seeks to disqualify Klein, DeNatale, about ten years after Klein, DeNatale's representation of Debtor ended. There is no factual nexus between the matter litigated in 2003 through 2005 against Froehlich Construction Company and the

administration of Debtor's 2010 bankruptcy proceeding. Debtor made no effort to establish any factual connection in her moving papers.

### 2. Legal Questions Posed.

The legal questions in the lawsuit against Froehlich Construction Co., Inc., and the Chapter 7 proceeding is entirely different. Debtor made no effort to establish otherwise in her moving papers. In the 2003 representation, Klein, DeNatale represented Debtor against one specific defendant, involving one specific residential property, for contract-related theories: specific performance, breach of express warranty, breach of implied warranty, and breach of contract. In the Chapter 7 proceeding, Klein, DeNatale is representing Trustee in his administration of Debtor's estate. The legal questions in the debtor's Chapter 7 proceeding are distinct from the real property-specific, contract claims advanced in the prior representation.

### 3. The Nature and Extent of Attorneys' Involvement in the Cases.

Barry L. Goldner and former Klein, DeNatale attorney, Steven Lee, represented Debtor in her 2003 residential builder contract dispute. Klein, DeNatale provided representation limited to prosecution of a single matter: *Khan v. Froehlich Construction Co., Inc.* Klein, DeNatale's representation concluded in early 2005, after the case resolved by a mutual settlement agreement.

Klein, DeNatale is now representing Trustee of Debtor's bankruptcy estate. The representation is limited in scope per the November 8, 2012, application for employment. Klein, DeNatale can conceive of no circumstances in which its representation of the Trustee would involve Debtor's settled claims against a builder. Debtor has not asserted anything to the contrary in her moving papers.

Since the factual situations, legal questions and nature and extent of representation are unrelated, there is no substantial relationship between Klein, DeNatale's past representation of Debtor and its current representation of Trustee. Accordingly, the court should deny Debtor's motion to disqualify Klein, DeNatale.

/ / /

/ / /

### B. Collateral Estoppel Should Bar Debtor's Motion to Disqualify.

Collateral estoppel precludes re-litigation of issues argued and decided in prior proceedings. *Lucido v. Superior Court*, 51 Cal.3d 335, 341 (1990). For collateral estoppel to apply, (1) the issue sought to be precluded from re-litigation must be identical to that decided in a former proceeding; (2) the issue must have been actually litigated in the former proceeding; (3) it must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. *Id.*

The issue of whether Klein, DeNatale's representation of Trustee posed a conflict-of-interest, in light of Klein, DeNatale's previous representation of Debtor, is identical to the issue decided by this court on January 23, 2013. Before the January 23, 2013 hearing and order, Trustee applied to the court to approve the employment of Klein, DeNatale under 11 U.S.C. § 327. Trustees cannot employ an attorney under 11 U.S.C. § 327(a) unless the attorney: (1) does not hold an interest adverse to the estate; and is a (2) "disinterested person." See also 11 U.S.C. § 101(14) for definition of "disinterested person and *In re Tevis*, 347 B.R. 679, 687 (9th Cir. B.A.P. 2006). The Ninth Circuit Bankruptcy Appellate Panel explained that the concept of "disinterested person" means the proposed attorney cannot have a conflict-of-interest via previous representation of the debtor, such as under Rule 3-310(E) of the California Rules of Professional Conduct. *In re Tevis, supra*, 347 B.R. 688 – 689.

A determination of the conflict-of-interest issue was part and parcel of the court's January 23, 2013, order approving the employment of Klein, DeNatale under 11 U.S.C. § 327(a). The court ruled out a conflict in approving the employment. The issue was actually litigated by the presenting of a noticed motion, supplemental declaration of Lisa Holder and hearing where there was an opportunity for oral argument against Klein, DeNatale's employment. The conflict and disqualification issue was necessarily decided. Indeed, in its January 23, 2013 order, the court expressed, "The firms [sic] prior representation of debtor Salma Agha, concluding in 2005, does not present grounds for disqualification. 11 U.S.C. § 327(a), 101(14)." The January 23, 2013 order is final and no appeal has been made thereto.

The parties involved in the matter of the employment of Klein, DeNatale are the same here: Debtor, Klein, DeNatale and Trustee.

Because there is a final order that already decided the issue of disqualification, Debtor is estopped from re-litigating disqualification here.

### C. Klein, DeNatale's Representation of Citibank in 1988 Against Dareco Does Not Make Klein, DeNatale "Interested" in Debtor's 2010 Bankruptcy Proceeding.

11 U.S.C. § 327(a) provides the trustee may employ attorneys that do not hold or represent an interest adverse to the estate and are disinterested persons. 11 U.S.C. §101(14) defines disinterested person as a person that: "(A) is not a creditor, an equity security holder or an insider; [¶] (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and [¶] (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."

Debtor failed to explain why or how Klein, DeNatale's former representation of Citibank against Dareco in 1988 implicates any issue under 11 U.S.C. § 327(a). Klein, DeNatale's prior representation of Citibank was properly disclosed in its November 8, 2012 employment application. Doc. 73, Exhibit "A." The court should deny Debtor's motion to disqualify.

### D. Debtor Waived Any Right to Disqualify Klein, DeNatale.

A waiver is created by intentional relinquishment or as a result of an act, which according to its natural import, is so inconsistent with intent to enforce that right as to induce reasonable belief that the right has been relinquished. *Crest Catering Co. v. Superior Court of Los Angeles County*, 62 Cal.2d 274, 278 (1965). Waiver can also mean the loss of an opportunity or a right as a result of a party's failure to perform an act it is required to perform, regardless of the party's intent. *Platt Pacific, Inc. v. Andelson*, 6 Cal.4th 307, 314-315 (1993).

/ / /

The courts recognize that a party waives the right to disqualify a judge by delaying to seek that relief. For example, see *Horsford v. Board of Trustee of California State University* (2005) 132 Cal.App.4th 359, 384. Likewise, a motion to disqualify an attorney may be denied when there was a delay in filing the motion. *Liberty Nat. Enterprises, L.P. v. Chicago Title Ins. Co.*, 194 Cal.App.4th 839, 846-847 (2011).

By delaying to seek disqualification, there is prejudice to the nonmoving party. *Liberty Nat. Enterprises, L.P. v. Chicago Title Ins. Co., supra*, 194 Cal.App.4th at pp. 846-847, "to deprive respondent of the counsel of his choice *at this late state in the proceedings*, where no unfair disadvantage to appellate is indicated, would, we believe, cause undue hardship to respondent without serving the purpose of the disqualification remedy." Citing, *In re Marriage of Zimmerman*, 16 Cal.App.4th 556, 565 (1993), italics in original.

"Delay is significant not only from the perspective of prejudice to the nonmoving party, it is also an indication that the alleged breach of confidentiality was not seen as serious or substantial by the moving party." *Liberty Nat. Enterprises, L.P. v. Chicago Title Ins. Co., supra*, 194 Cal.App.4th at p. 847.

Further, the moving party's delay in seeking disqualification supports a reasonable inference that the moving party brought the motion as a tactical device to delay litigation. *Liberty Nat. Enterprises, L.P. v. Chicago Title Ins. Co., supra*, 194 Cal.App.4th at p. 847. An unreasonable delay shifts the burden to the moving party to justify the delay in seeking disqualification. *Id.*

Debtor had a right and opportunity to contest the employment of Klein, DeNatale as Trustee's attorneys during the January 23, 2013 noticed hearing before the bankruptcy court. According to the minutes from that hearing, the motion for continued employment of Klein, DeNatale was unopposed.

Months before, Debtor was on notice Trustee sought legal representation of Klein, DeNatale effective September 13, 2012 by virtue of his, *Application for Order Authorizing Trustee to Employ Attorneys Effective September 13, 2012*, filed on November 8, 2012. Debtor neither filed a motion to challenge the representation nor expressed opposition at the January

23, 2013 hearing when her attorney was given an opportunity to do so. Based on Debtor's inaction, it is reasonable for Trustee to believe Debtor relinquished any right to disqualify Klein, DeNatale.

Indeed, Debtor is aggressively trying to involve Trustee and Klein, DeNatale as co-parties in litigation being prosecuted by Debtor, for instance, the case *Agha Khan, M.D. v. United States of America, et. al.*, United States District Court for the Central District of California, Case No. CV 14-03490 FMO. See *Declaration of Connie M. Parker in Support of Opposition to in Support of Chapter 7 Trustee Jeffrey Vetter's Opposition to Debtor's Motion to Disqualify Klein, DeNatale, Goldner*. It makes no sense that Debtor wants to keep Klein, DeNatale out of the bankruptcy proceeding on supposed conflict-of-interest grounds while she sues Klein, DeNatale and Trustee as co-defendants in ongoing litigation. Debtor not only waived any right to disqualify, her current motion to disqualify Klein, DeNatale is a mere litigation tactic designed to hinder administration of the estate and Trustee's defense in other lawsuits filed by Debtor. Trustee would be unduly prejudiced if his chosen counsel was no longer representing him. Disqualification serves no purpose since Debtor has sued Klein, DeNatale in other litigation against Trustee.

IV. **CONCLUSION**

For the reasons provided in this Opposition, Trustee Vetter prays: (1) the court deny Debtor's motion to disqualify; and (2) for all other relief deemed just and proper.

Dated: January 22, 2015

                KLEIN, DeNATALE, GOLDNER,
                COOPER, ROSENLIEB & KIMBALL, LLP


By *Connie M. Parker*
CONNIE M. PARKER, ESQ.
Attorneys for Jeffrey Vetter, Chapter 7 Trustee