**4**

DAVID J. COOPER, CSB NO. 47615
LISA HOLDER, CSB NO. 217752
CONNIE M. PARKER, CSB NO. 254484
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Fax: (661) 326-0418
E-mail: lholder@kleinlaw.com

Attorneys for Jeffrey Vetter, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SALMA H. AGHA,<br><br>Debtor. | Case No. 10-16183-A-7<br><br>Chapter 7<br><br>DC No. [none identified in moving documents]<br><br>**DECLARATION OF LISA HOLDER IN SUPPORT OF CHAPTER 7 TRUSTEE JEFFREY VETTER'S OPPOSITION TO DEBTOR'S MOTION TO DISQUALIFY KLEIN, DENATALE, GOLDNER**<br><br>Date:   February 5, 2015<br>Time:   9:00 a.m.<br>Place:  U.S. Bankruptcy Court<br>          1300 18th Street, Ste. A<br>          Bakersfield, California<br>Judge:  Hon. W. Richard Lee |

I, LISA HOLDER, declare as follows:

1. I am a licensed California attorney and partner with the law firm Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP ("Klein, DeNatale"). I practice in the area of bankruptcy and represent bankruptcy trustees including Jeffrey Vetter. From my work on this bankruptcy case, starting in September 2012, I have personal knowledge of the following:

2. In September 2012, Mr. Vetter contacted me to see if Klein, DeNatale would represent him in his capacity as Chapter 7 Trustee for the estate of Salma H. Agha.

3EV8844                                                 1

3. Before applying to the bankruptcy court for employment, Klein, DeNatale prepared a conflict-of-interest report based on an internal database search for the name, "Salma H. Agha." Debtor identified "Salma H. Agha," as the only name used by Debtor over the past eight years in the first page of her May 30, 2010, bankruptcy petition. The name, "Salma H. Agha," did not turn up during the database search. Klein, DeNatale did not identify Debtor as a former client in the conflict-of-interest report.

4. On November 8, 2012, Trustee filed an application to employ Klein, DeNatale as Trustee's counsel, *nunc pro tunc* to September 13, 2012 (Doc. 72). In my supporting declaration to the application (Doc. 73), I declared that Klein, DeNatale was a disinterested person as defined in 11 U.S.C. § 101(14). A true and correct conformed copy of my declaration is submitted as Exhibit "A," which I incorporate herein by reference and confirm as accurate. At the time of my November 2012 declaration, I was ignorant of Klein, DeNatale's prior representation of Debtor, who was known during the prior representation as "Salma Khan."

5. Klein, DeNatale's conflict-of-interest report identified prior representation of Citibank, one of Debtor's creditors. Klein, DeNatale's representation of Citibank was unrelated to the Debtor. Per our conflict-of-interest report, Klein, DeNatale represented Citibank in 1988 in a lawsuit against an entity named Dareco. Klein, DeNatale disclosed its relationship with Citibank in the application for employment. (Doc. 73, Exhibit "A.")

6. The court approved Mr. Vetter's employment of Klein, DeNatale on November 21, 2012 (Doc. 77.)

7. In December 2012, Debtor's bankruptcy counsel, William Cumming, through Mr. Vetter, informed me Debtor was a former Klein, DeNatale client. As described in the *Supplemental Declaration of Lisa Holder Regarding Order Authorizing Trustee to Employ Attorneys Effective September 13, 2012* (filed January 2, 2013; Doc. 97; "Supplemental Declaration"), I ran another search in Klein, DeNatale's conflict system; this time under the name "Salma Khan." This second search returned a result indicating that Klein, DeNatale represented "Salma Khan" in 2003-2004 in construction defect litigation. Debtor had sued the

1 | builder of her then-personal residence and Klein, DeNatale represented her in that lawsuit. The
2 | representation ended in or about May 2005. A true and correct copy of my Supplemental
3 | Declaration is submitted as Exhibit "B," which I incorporate herein and confirm as accurate.

4 |     8.    With the submission of my Supplemental Declaration, I set a hearing on 21-
5 | days' notice on Klein DeNatale's continued employment (Doc. 96). The Notice provided, "No
6 | party in interest is required to file written opposition to the continued employment of the
7 | Trustee's attorneys. Opposition, if any, to the continued employment of the Trustee's attorneys
8 | may be presented at the hearing pursuant to Local Rule 9014(f)(2)(C)."

9 |     9.    On January 23, 2013, I attended the hearing on the Trustee's continued
10 | employment of Klein, DeNatale. After taking appearances of counsel and parties, including
11 | William Cumming on behalf of the Debtor, the Court called the matter and said, "With respect
12 | to the motion to employ Klein DeNatale, the tentative is to grant. Did anyone wish to speak in
13 | opposition? I am hearing nothing. The tentative will be the ruling, and the motion will be
14 | granted." A true and correct copy of the reporter's transcript from the January 23, 2013 hearing,
15 | with excerpts regarding the employment issue underlined (at 5:15-20), is submitted as Exhibit
16 | "C."

17 |     10.    Thereafter, the Court filed its Civil Minutes documenting the Court's ruling:
18 |     The court treats this as a motion under Rule 60(b) and grants the
19 | motion to reconsider the issue of Klein DeNatale's employment. But
20 | having considered the Supplement Declaration of Lisa Holder, January 2,
21 | 2013, ECF No. 97, the court approves the employment of Klein DeNatale.
22 | The firms prior representation of debtor Salma Agha, concluding in 2005,
23 | does not present grounds for disqualification. 11 U.S.C. § 327(a), 101(14).
24 | (Doc. 109).
25 | A true and correct conformed copy of the Civil Minutes is submitted as Exhibit "D."
26 |     11.    For the same reasons expressed in my "Supplemental Declaration," I continue to
27 | believe Klein, DeNatale is disinterested.

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

12. Klein, DeNatale's representation of Citibank in the late '80s has no relationship to Debtor's 2010 bankruptcy proceeding or the adversary proceedings Debtor filed against Citibank in 2013 (AP No. 13-01086) and 2014 (AP No. 14-01155). Mr. Vetter is not a party to the 2013 adversary proceeding, wherein Debtor/Plaintiff alleges Citibank violated the automatic stay. While the Trustee is named in Debtor/Plaintiff's 2014 adversary proceeding, that proceeding alleges the Trustee engaged in some type of wrongdoing following and/or in connection with the 2012 reopening of Debtor's bankruptcy proceeding. It has nothing to do Klein, DeNatale's representation of Citibank in the litigation against Dareco over 20 years ago.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration is executed on January 21, 2015 in Bakersfield, California.

_____
LISA HOLDER