**26**

1    **Andrew A. Bao (SBN 247092)**
*aabao@wolfewyman.com*
2    **Meagan S. Tom (SBN 273489)**
*mstom@wolfewyman.com*
3    **WOLFE & WYMAN LLP**
**2175 N. California Blvd., Suite 645**
4    **Walnut Creek, California 94596-3502**
**Telephone:  (925) 280-0004**
5    **Facsimile:   (925) 280-0005**

6    **Attorneys for Defendants**
**CITIMORTGAGE, INC.; CITIBANK, N.A.;**
7    **WOLFE & WYMAN LLP; BRIAN H. GUNN;**
**ANDREW A. BAO and HEATHER S. KIM**

8

9            **UNITED STATES BANKRUPTCY COURT**

10            **EASTERN DISTRICT OF CALIFORNIA**

11            **FRESNO DIVISION**

12

| | |
|---|---|
| In Re | Bankruptcy No. 10-16183-B |
| SALMA AGHA, | Chapter 7 |
| Debtor. | Adversary No. 14-01155-B |
| | |
| SALMA AGHA, | MST 001 |
| Plaintiff/Debtor, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT** |
| v. | |
| THE UNITED STATES OF AMERICA, et al. | |
| Defendants. | Date:    April 9, 2015 |
| | Time:   10:00 a.m. |
| | Place:   Department B |
| | U.S. Courthouse |
| | 510 19th Street |
| | Bakersfield, CA |
| | |
| | Hon. Richard Lee |

1910856.1

# TABLE OF CONTENTS

Page(s)

I.    INTRODUCTION ...................................................................................................1

II.   SUMMARY OF FACTS .........................................................................................2

    A.    Loan Origination, Default, Bankruptcy, and Foreclosure Proceedings .................2

    B.    Unlawful Detainer Action ...........................................................................................3

    C.    Prior Litigation History involving Moving Defendants (*Khan I*) ...........................3

    D.    Bankruptcy Re-Opened, Ongoing Adversary Proceeding (*Khan II*) ......................4

    E.    Current Pending Litigation Against Moving Defendants (*Khan III*) .....................5

III.  LAW AND ARGUMENT ........................................................................................5

    A.    The Complaint Must Be Dismissed Against Defendants Because Plaintiffs
          Fails To Meet The Threshold Pleading Requirements Of Rule 8(A). ....................5

    B.    Legal Standard .............................................................................................................6

    C.    Plaintiff's Claims Are Barred By The Doctrine Of Res Judicata As The Court
          Previously Dismissed An Action Based On The Same Property, Subject Loan,
          and Foreclosure With Prejudice In September 2013. ...............................................7

    D.    Plaintiff's First, Second, Third, Fourth, Fifth, Eleventh, Twelfth, and
          Fourteenth Claims Fail as CMI Conducted the Non-judicial Foreclosure in
          Full Compliance with California's Governing Statutory Scheme and Did Not
          Violate the Automatic Stay. .......................................................................................8

        1.    CMI conducted the nonjudicial foreclosure in full compliance with
              California's governing statutory scheme. ......................................................8

        2.    CMI foreclosed two years after the automatic stay dissolved due to
              Plaintiff's undisputed default. .......................................................................9

        3.    An Automatic Stay is Not Reinstated in the Reopening of a Chapter 7
              Bankruptcy ...................................................................................................11

        4.    Plaintiff Had Knowledge that her Personal Property was being Stored. ....12

    E.    Plaintiff's Claim for violation of 18 USC Sections 157 Further Fails Because
          She Fails to Plead Her Claim with Particularity, and Fails to Allege all
          Elements Required. ...................................................................................................12

        1.    Plaintiff Fails to Plead Fraud with Particularity ........................................12

        2.    Plainitff Fails to Allege all Elements of a Fraud Claim ..............................14

    F.    Plaintiff's Second, Third and Fifth Claims Fail as No Private Right of Action
          Exists Under Said Statutes .......................................................................................14

i

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1910856.1

**G.**    Plaintiff's Fourth Claim Fails to State Any Claim Against Moving Defendants ..14

**H.**    Plaintiff's Sixth through Ninth Claims for Civil Rights Violations Fail to State a Claim against Moving Defendants.................................................................15

**I.**    Plaintiff's Eleventh Claim for Violations of the California Homeowner Bill of Rights Fails, as the Statutes Did Not Become Effective Until January 1, 2013....16

**J.**    Plaintiff's Thirteenth Claim Fails to State A Claim against Wolfe & Wyman Defendants ..................................................................................................17

**K.**    Plaintiff's Claim for HIPAA violations and California Medical Privacy Acts Fails.......................................................................................................17

    3.    No Private Right of Action Exists under HIPAA ......................................17

    4.    Plaintiff Cannot Plead Facts to Show a Violation of the Confidentiality of Medical Information Act ("CMIA").................................................18

**L.**    Plaintiff's entire Adversary Complaint is Barred by the Litigation Privilege as to the Wolfe & Wyman Defendants.................................................................19

IV.    CONCLUSION..................................................................................................20

**MEMORANDUM P&A'S ISO MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT**

1910856.1

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allison v. C.I.R.*, 97 T.C. No. 36 (Tax Court, 1991) ...................................................................11

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ....................................................................5, 6

*Ateser v. Bopp*, 1994 WL 377872, (9th Cir., 1994) ...............................................................14

*Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) .............................................................5, 6

*Bryant v. Harris,* 2014 WL 2014 WL 3726938 at *3 (N.D. Cal., 2014) ...............................15

*Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798, 807 (2007) ........................13

*Bullard v. Texas Department of Aging & Disability Services*, 19 F.Supp.3d 699, 706
(E.D. Tex., 2013) ....................................................................................................................18

*Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir., 1989) .....................................16

*Clayton v. Raleigh Fed. Sav. Bank,* 194 B.R. 793, 795 (M.D.N.C. 1996) ............................14

Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir. 2009) .........................................................6

*Dandridge-Barnett v. Barnes and Noble, Inc.* 2015 WL 226017 at *3 (C.D. Cal., 2015) ...........15

*Evangelatos v. Superior Court* (1988) 44 Cal. 3d 1188 .........................................................16

*Filarsky v. Delia*, __ U.S. __, 132 S. Ct. 1657, 1660 (2012) .................................................16

*Harrington v. Home Capital Funding, Inc.* (S.D. Cal. 2009) 2009 WL 514254, at * 4-5..............8

*Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cr., 1988) .......................................................16

*Heavrin v. Boeing Capital Corp.*, 246 F.Supp.2d 728 (W.D.Ky, 2003) ................................14

*I.E. Assocs. v. Safeco Title Ins.*, 39 Cal. 3d 281, 285 (1985) ..................................................8

*In re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547, 1548 (9th Cir. 1994) ..................13

*In re Pettit*, 217 F.3d 1072, 1077 (9th Cir. 2000) .....................................................................9

*In re Mayton*, 208 B.R. 61, 66 (9th Cir. BAP 1997)................................................................9

*In re Singleton*, 358 B.R. 253, 261 (D.S.C. 2006) .................................................................10

*In re: Trevino*, 78 B.R. 29, 37 (M.D. Penn, 1987)..................................................................11

*Lesperance v. North American Aviation, Inc.*, 217 Cal.App.2d 336, 344 (1963).........................13

*Morgera v. Countrywide Home Loans, Inc.* (E.D. Cal. 2010) 2010 WL 160348, at *7-8 .............8

*Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 440...............................................................8

*Nicholson v. Nagel (In re Nagel),* 245 B.R. 657, 661 (D.Ariz.1999) ...........................10

*Noble v. Draper* (2008) 160 Cal.App.4th 1, 11 ...................................................7

*Portman v. George McDonald Law Corp.*, 99 Cal.App.2d 988, 991-92 (Cal. App., 1979)..........19

*Regents of University of California v. Superior Court*, 220 Cal.App.4th 549, 560-561 (Cal.App. 2013) .........................................................................18

*Rubin v. Green*, 4 Cal.4th 1187, 1196-98 (Cal., 1993) ........................................19

*Sabherwal v. Bank of New York Mellon*, 2013 WL 4833940, *10 (S.D. Cal., Sept. 10, 2013).....17

*Sepehry-Fard v. Aurora Bank FSB*, 2014 WL 7231511 at *1 (9th Cir., 2014) .....................16

*Silberg v. Anderson*, 50 Cal.3d 205, 212 (Cal., 1990) ........................................19

*U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).................5

*U.S. v. Streich*, 560 F.3d 926, 935 (9th Cir., 2009) .........................................17

*Vess v. CIBA-Geigy Corp. USA*, 317 F.3d, 1097, 1107 (9th Cir. 2003) .........................13

*Walls v. Wells Fargo Bank, N.A.*, 255 B.R. 38, 42 (E.D. Cal. 2000).............................9

*Webb v. Smart Documents Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir., 2007) .....................17

*West v. Atkins* 487 US 42, (1988) ..........................................................16

*Weston v. Rodriguez (In re Joanne M. Weston),* 110 B.R. 452, 456 (E.D.Cal.1989)...................10

*Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1331 (1986) .....................13

**Statutes**

11 U.S.C. § 362 ...........................................................................9, 10

11. U.S.C. § 521 ............................................................................9

18 USC § 152 .............................................................................14

18 USC § 153 .............................................................................14

18 USC § 155 ...........................................................................14, 15

42 USC § 1981 ...........................................................................15

42 USC § 1982 ...........................................................................15

42 USC § 1983 .........................................................................15, 16

42 USC § 1985 .........................................................................15, 16

Cal. *Civil Code* § 47 ......................................................................19

**MEMORANDUM P&A'S ISO MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT**

1910856.1

Cal. *Civ. Code* § 56 .................................................................................................18

Cal. *Civil Code* § 2923 ...........................................................................................16

Cal. *Civ. Code* § 2924 .............................................................................................8

*Fed. R. Bk. Pro.*, R. 7012 ..........................................................................................6

*Fed. R. Civ. Pro.,* R. 8 .........................................................................................5, 6

*Fed. R. Civ. Pro.*, R. 9 ...........................................................................................13

*Fed .R. Civ. Pro.*, R. 12 ......................................................................................4, 6

1910856.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants CITIMORTGAGE, INC., CITIBANK, N.A. (hereinafter collectively "CMI"), WOLFE & WYMAN LLP, BRIAN H. GUNN, ANDREW A. BAO, AND HEATHER S. KIM (hereinafter collectively "Wolfe & Wyman Defendants") (CMI, and Wolfe & Wyman Defendants hereinafter collectively referred to as "Moving Defendants") submit the following memorandum of points and authorities in support of its motion to dismiss the Adversary Complaint filed by Plaintiff SALMA AGHA-KHAN.

## I.    INTRODUCTION

Despite two pending matters, one before the bankruptcy court and one before the United States District Court – Central District of California, Plaintiff has filed her <u>sixth</u> complaint against CMI, essentially alleging the same issues as to Moving Defendants.  Specifically, Plaintiff's newest Adversary Complaint again seeks to challenge CMI's trustee's sale on May 15, 2012 and subsequent June 2012 unlawful detainer judgment, removal of personal property from the subject property, and retention of said personal property, hidden within her allegations that deal with an unrelated asset from her bankruptcy case.

However, Plaintiff's Adversary Complaint fails entirely as to Moving Defendants, as it fails to meet the threshold pleading requirements of Rule 8(A).  Aside from conclusory allegations against CMI, Plaintiff's Adversary Complaint fails to allege any facts as it pertains to the Wolfe & Wyman Defendants.  Additionally, Plaintiff's previous litigation was based on the same subject property, the same mortgage loan, the loan modification discussions, the same foreclosure proceedings, and the same unlawful detainer action and subsequent writ of possession.  As such, the instant lawsuit is barred by the doctrine of res judicata, as Plaintiff's mere discontentment with the outcome of the prior lawsuits cannot serve as a basis for an essentially identical lawsuit seeking the determination of the same issues previously adjudicated.  Further, any attempt to state a claim against the Wolfe & Wyman Defendants is barred by the litigation privilege.

Even assuming *arguendo* that Plaintiff's Adversary Complaint is not barred by res judicata, it still fails to state any viable cause of action against Moving Defendants.  For these reasons, as explained below, Moving Defendants request the Court grant this Motion to Dismiss without leave

1

**MEMORANDUM P&A'S ISO MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT**

to amend, as Plaintiff will be unable to cure these defects upon amendment.

## II.    SUMMARY OF FACTS

### A.    Loan Origination, Default, Bankruptcy, and Foreclosure Proceedings

On or about January 13, 2003, Plaintiff obtained a purchase money loan funded by Golden Empire Mortgage (hereinafter, "GEM") in the principal amount of $648,500.00 (hereinafter, "Subject Loan"), which was memorialized by a promissory note and secured by a first deed of trust to certain real property located at 11622 Harrington Street, Bakersfield, California 93311 (hereinafter, "Property"). (*See* Deed of Trust recorded on January 17, 2003 in Kern County Official Records as Document Number 0203009500 attached as **Exhibit A** to Request for Judicial Notice (hereinafter, "RJN").) On March 4, 2010, Mortgage Electronic Registration Systems, Inc. (hereinafter, "MERS") assigned the beneficial interest in the Subject Loan to CMI. (*See* Assignment of Deed of Trust recorded on March 8, 2010 in Kern County Official Records as Document Number 0210030116 attached as **Exhibit B** to RJN.)

Plaintiff failed to timely make her mortgage payments and, as a result, on March 4, 2010, CR Title Services, Inc. (hereinafter, "CRT") issued a notice of default on the Subject Loan. (*See* Notice of Default recorded on March 8, 2010 in Kern County Official Records as Document Number 0210030118 attached as **Exhibit C** to RJN.) On March 8, 2010, CMI recorded a substitution of trustee substituting CR Title as trustee in place of First American Title Company (hereinafter, "First American"). (*See* Substitution of Trustee recorded on March 8, 2010 in Kern County Official Records as Document Number 0210030117 attached as **Exhibit D** to RJN.)

Rather than cure her default, Plaintiff voluntarily filed her Chapter 7 Bankruptcy on May 30, 2010. (*See* Bankruptcy Court Docket attached as **Exhibit E** to RJN) Shortly thereafter on September 23, 2010, the Bankruptcy Court issued its Order (hereinafter, "BK Order") granting Plaintiff a discharge under section 727 of title 11, United States Code. (*See* BK Order attached as **Exhibit F** to RJN) Just two days later on September 25, 2010, the Certificate of Notice was duly served. (*See* Certificate of Notice attached as **Exhibit G** to RJN) Subsequently, on January 2, 2011, the Bankruptcy Court issued its Final Decree ordering the estate closed and the trustee discharged (hereinafter, "BK Closure"). (*See* Final Decree attached as **Exhibit H** to RJN)

**MEMORANDUM P&A'S ISO MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT**

1910856.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

Eight months after the BK Closure, due to Plaintiff's failure to cure her default, on August 12, 2011, CR Title executed a notice of trustee's sale as the duly appointed trustee.  (*See* Notice of Trustee's Sale recorded on August 16, 2011 in Kern County Official Records as Document Number 000211103865 attached as **Exhibit I** to RJN.)  On May 15, 2012, nearly two years after the BK Closure, the Property was sold at the duly noticed trustee's sale for $603,900.00 to the highest bidder, Wilmington Trust Company as Trustee for Structured Asset Securities Mortgage Pass-through Certificates Series 2003-18XS (hereinafter, "Wilmington").  (*See* Trustee's Deed Upon Sale recorded on May 29, 2012 in Kern County Official Records as Document Number 000212071602 attached as **Exhibit J** to RJN)

**B.**    **Unlawful Detainer Action**

On June 18, 2012, Wilmington commenced an unlawful detainer action against Plaintiff in the Superior Court of California, County of Kern (hereinafter, "Kern Superior Court"), identified by Case Number S-1500-CV-269189.  (*See* Superior Court of California, County of Kern, Register of Actions/Case Docket for Case Number S-1500-CV-269189 attached as **Exhibit K** to RJN)  On November 26, 2012, Kern Superior Court held trial on Wilmington's unlawful detainer action and (1) issued a writ of possession, (2) entered judgment in favor of Wilmington and against Plaintiff, (3) ordered Plaintiff to pay rental damages in the amount of $25,000.00, and (4) awarded costs and attorney's fees to Wilmington (hereinafter, "UD Judgment").  (*See* RJN, **Exhibit K**, pp. 1-2.)

**C.**    **Prior Litigation History involving Moving Defendants (*Khan I*)[1]**

On July 23, 2013, Plaintiff initiated her third lawsuit against CMI by filing a complaint in the Kern County Superior Court (hereinafter "*Khan I*").  (*See* Complaint filed with the Superior Court of California, County of Kern, Case Number S-1500-CV-279897 attached as **Exhibit L** to RJN)  On

---

[1]  Plaintiff had previously filed five separate lawsuits arising from the same Subject Loan as follows: (1) *Khan v. CitiMortgage, Inc.,* Case No.: S-1500-CV-278192 in the Superior Court of California, County of Kern, voluntarily dismissed without prejudice; (2) *Khan v. CitiMortgage, Inc.*, Case No.: 1:12-cv-02056 in the United States District Court – Eastern District, voluntarily dismissed without prejudice; (3) *Khan v. CitiMortgage, Inc.,* Case No.: 1:13-at-00618 in the United States District Court – Eastern District, judgment in favor of CMI following the Court granting its Motion to Dismiss; (4) *Agha v. CitiMortgage, Inc., et. al.*, Adversary Case No.: 13-01086-B in the United States Bankruptcy Court – Eastern District of California, which is currently ongoing; and (5) *Agha v. United States of America*, Case No.: 2:14-cv-03490 in the United States District Court – Central District, which is currently ongoing.

1910856.1

September 3, 2013, following removal to federal court, CMI, by and through its counsel, Wolfe & Wyman, filed a Motion to Dismiss Plaintiff's Complaint, which the Court granted without leave to amend on September 30, 2013   (*See* Order on Defendants' F.R.Civ.P. 12 Motion to Dismiss executed by Honorable Lawrence J. O'Neill on and filed September 30, 2013 in *Khan I* attached as **Exhibit M** to RJN.)  The Court entered judgment in favor of CMI and dismissed *Khan I* with prejudice on September 30, 2013.  (*See* Judgment of Dismissal entered by R. Gonzalez on September 30, 2013 in *Khan I* attached as **Exhibit N** to RJN.)  Plaintiff was informed that her personal property was being held in storage during the course of the *Khan I* litigation.  (*See* Opposition to Issuance of Order to Show Cause re: Preliminary Injunction in *Khan I* attached as **Exhibit O** to RJN).

### D.    Bankruptcy Re-Opened, Ongoing Adversary Proceeding (*Khan II*)

Meanwhile, four months after the foreclosure sale on September 13, 2012, the United States Trustee, August B. Landis, submitted an *ex parte* motion to reopen Plaintiff's Chapter 7 Bankruptcy based solely on the Trustee's information and belief that Plaintiff "failed to disclose in her bankruptcy scheduled, including but not limited to, an interest in a limited liability corporation, and that [Plaintiff]'s interest in said limited liability corporation is an asset which has not been administered by the estate."  (*See Ex Parte* Motion to Reopen Plaintiff's Chapter 7 Bankruptcy attached as **Exhibit P** to RJN)   The purpose of re-opening the bankruptcy had no relation to the Subject Property.  Shortly thereafter on September 18, 2012, the Bankruptcy Court granted the Trustee's motion to reopen the case.  (*See* Order Granting Trustee's Motion to Reopen Bankruptcy attached as **Exhibit Q** to RJN)

Following the re-opening of Plaintiff's bankruptcy, on August 1, 2013, Plaintiff initiated her fourth lawsuit against CMI ("*Khan II*").  (*See* Adversary Complaint filed in United States Bankruptcy Court – Eastern District of California, Case Number 13-01086A attached as **Exhibit R** to RJN).  CMI, through counsel of record Wolfe & Wyman, appeared via a Motion to Dismiss, which currently remains pending with the Court.  (*See Khan II* Docket attached as **Exhibit S** to RJN).  While in *Khan II*, Plaintiff was informed that her personal property that was located in the Subject Property was being held in storage for her.  (*See* Opposition to Plaintiff's *Ex Parte* Motion to

1910856.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

Vacate Lock Out and Restore Plaintiff Salma Agha to Possession of 11622 Harrington Street, Bakersfield, California 93311 attached as **Exhibit T** to RJN and *Ex Parte Motion for Relief from Automatic Stay* attached as **Exhibit U** to RJN)  *Khan II* remains pending with the Bankruptcy Court.

### E.    Current Pending Litigation Against Moving Defendants (*Khan III*)

Despite Plaintiff's pending *Khan II* action, on February 10, 2014, Plaintiff initiated her fifth lawsuit against CMI and the first lawsuit against Wolfe & Wyman Defendants, which was removed to the United States District Court – Central District of California on or about May 6, 2014.  (*See Khan III* docket for *Agha-Khan v. United States of America et.al.* in United States District Court – Central District of California, Case Number 2:14-cv-03490 attached hereto as **Exhibit V** to RJN). Even though Plaintiff was aware of CMI and Wolfe & Wyman Defendants at the time of filing, CMI and Wolfe & Wyman were finally added to *Khan III* via an alias summons issued on or about October 29, 2014.  (*See* Alias Summons issued in *Khan III* attached hereto as **Exhibit W** to RJN). *Khan III* remains pending with the United States District Court – Central District of California.

## III.    LAW AND ARGUMENT

### A.    The Complaint Must Be Dismissed Against Defendants Because Plaintiffs Fails To Meet The Threshold Pleading Requirements Of Rule 8(A).

Under *Federal Rules of Civil Procedure*, Rule 8(a) ("Rule 8(a)"), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  (*See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).)  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  (*Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).)  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." (*Ashcroft v. Iqbal*, *supra*, 129 S.Ct. at 1949.)  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  (*Bell Atlantic v. Twombly*, *supra*, 550 U.S. at 555; *Ashcroft v. Iqbal*, *supra*, 129 S.Ct. at 1950.))  Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.  (*U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).)

In the present action, the Adversary Complaint clearly fails to meet the standard articulated in Rule 8(a).  Despite almost ninety pages of allegations, Plaintiff do not plead any specific allegations against Wolfe & Wyman Defendants.  Further, Plaintiffs refer to all defendants collectively and interchangeably, consistently failing to distinguish amongst the individual defendants in any meaningful way.  Plaintiff asserts grouped allegations against "Defendants" without pleading any indication as to which of the defendants she refers.  Indeed, aside from mentioning naming the Wolfe & Wyman defendants, they are not even mentioned within her Adversary Complaint.  Since the Adversary Complaint clearly falls short of the requirements of Rule 8(a), Plaintiff's Adversary Complaint fail to state a claim for relief against Moving Defendants.

### B.    Legal Standard

Rule 7012(b) of the Federal Rules of Bankruptcy Procedure states Federal Rule of Civil Procedure 12(b)(6) applies in adversary proceedings.  "Every defense to a claim for relief in a pleading must be asserted in the responsive pleading ...but a party may assert the following defenses by motion…(6) failure to state a claim upon which relief can be granted..."  (Fed. R. Civ. P. 12(b)(6).)  On a motion to dismiss under Rule 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party.  (Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir. 2009).)

To survive a 12(b)(6) motion to dismiss, a complaint must include allegations that nudge the claims contained therein "across the line from conceivable to plausible."  (Ashcroft v. Iqbal, 556 U.S. 662, 680, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).)  To be plausible, the well-pleaded factual allegations of the complaint must overcome a "more likely explanation" for a defendant's conduct.  (Id. at 681.)  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief can be granted.  (Id. at 678 citing Bell Atlantic, supra, 556 U.S. at 570.)  Moreover, "[i]n deciding a 12(b)(6) motion to dismiss, the court is not bound to accept as true a legal conclusion couched as a factual allegation."  (Id. [internal citation and quotation omitted].)  Further, "where the well pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged-but it has not shown that the pleader is

**MEMORANDUM P&A'S ISO MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    entitled to relief." (Id. at 679 [internal quotations and citation omitted].)  "Where a complaint pleads

2    facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between

3    possibility and plausibility of entitlement to relief.'" (Id. (quoting Bell Atlantic, supra, 550 U.S. at

4    557.)

5        In the present action, Plaintiff's Complaint should be dismissed because she fails to state a

6    claim for which relief can be granted for the reasons explained below.

7    **C.    Plaintiff's Claims Are Barred By The Doctrine Of Res Judicata As The Court
     Previously Dismissed An Action Based On The Same Property, Subject Loan,**

8    **and Foreclosure With Prejudice In September 2013.**

9        Res judicata prevents relitigation of the same cause of action in a second suit between the

10   **same parties or parties in privity with them**." (*Noble v. Draper*, 160 Cal.App.4th 1, 11 (2008)

11   [emphasis added].)  "Under the doctrine of res judicata, a judgment for the defendant serves as a bar

12   to further litigation of the same cause of action." (*Id.*)  Therefore, "all claims based on the same

13   cause of action must be decided in a single suit; if not brought initially, they may not be raised at a

14   later date. (*Id.*)  That is, "res judicata precludes piecemeal litigation by splitting a single cause of

15   action or relitigation of the same cause of action on a different legal theory or for different relief.

16   Whereas **res judicata bars claims that could have been raised in the first proceeding regardless**

17   **of whether or not they were raised**, collateral estoppel bars only issues that were actually and

18   necessarily decided in the earlier litigation." (*Id.* [emphasis added].)

19       In the present action, Plaintiff seeks to relitigate the foreclosure sale, which was the subject

20   of a prior action.  As the underlying legal and factual issues remain the same, res judicata prevents

21   Plaintiff from bringing this lawsuit against CMI.  A UD judgment was obtained against Plaintiff with

22   respect to the Subject Property. (*See* RJN, **Exhibit K**).  Plaintiff, apparently unhappy with the UD

23   action, initiated *Khan I* against CMI, with dealt with the same default, foreclosure sale, and

24   subsequent UD action. (*See* RJN, **Exhibit L**). In *Khan I*, Plaintiff sought adjudication that the

25   foreclosure sale was void based on her allegations that she was orally promised the foreclosure

26   proceeding would be postponed, and essentially, that the UD judgment was void as the foreclosure

27   sale was void. (*See* RJN, **Exhibit L**, ¶¶10-21).  However, following CMI's Motion to Dismiss,

28   *Khan I*, was dismissed with prejudice, and judgment entered in favor of CMI. (*See* RJN, **Exhibit M**)

1910856.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

Therefore, Plaintiff's entire Adversary Complaint, as to CMI, is barred based on the doctrine of *res judicata*, as Plaintiff seeks to re-litigate previously adjudicated issues with respect to the foreclosure sale and subsequent UD judgment and execution of the writ of possession.

To the extent that Plaintiff's claims are not barred by *res judiciata*, Plaintiff's Adversary Complaint continues to fail to state a claim against any Moving Defendants upon which relief could be granted, and as such, is subject to dismissal with prejudice.

    **D.**    **Plaintiff's First, Second, Third, Fourth, Fifth, Eleventh, Twelfth, and Fourteenth Claims Fail as CMI Conducted the Non-judicial Foreclosure in Full Compliance with California's Governing Statutory Scheme and Did Not Violate the Automatic Stay.**

        **1.**    **CMI conducted the nonjudicial foreclosure in full compliance with California's governing statutory scheme.**

To the extent that Plaintiff claims rely on allegations that CMI "illegally" wrongfully foreclosed on the Subject Property, Plaintiff's claims fails.  In California, *Civil Code* sections 2924 through section 2924k (hereinafter collectively as "section 2924") provide a comprehensive framework governing non-judicial foreclosure sales.  (*See Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440 (2003).)  Section 2924 and the related provisions "'cover every aspect'" of the foreclosure process'" and are "'intended to be exhaustive.'"  (*Morgera v. Countrywide Home Loans, Inc.*, 2010 WL 160348, at *7-8 (E.D. Cal. 2010).)  "These provisions cover every aspect of exercise of the power of sale contained in a deed of trust."  (*I.E. Assocs. v. Safeco Title Ins.*, 39 Cal. 3d 281, 285 (1985).)  Within this framework, non-judicial foreclosure proceedings can be instituted by the trustee, mortgagee, or beneficiary, or any of their authorized agents by filing a notice of default with the office of the recorder.  (*Harrington v. Home Capital Funding, Inc*., 2009 WL 514254, at * 4-5 (S.D. Cal. 2009); *see also* Cal. *Civ. Code* § 2924(a)(1).)  Thereafter, a notice of sale may be given by "the mortgagee, trustee, or other person authorized to take sale."  (*Id*., *citing* Cal. *Civ. Code* § 2924(a)(3).)

In the present action, Plaintiff obtained the Subject Loan and subsequently defaulted upon her repayment obligations.  (*See* RJN **Exhibits A and C**)  Given her (undisputed) default, pursuant to the terms of the Deed of Trust, as well as subdivision (a)(1) of section 2924, the beneficiary (CMI) was authorized to commence foreclosure proceedings.  (*See* RJN, **Exhibit A**.)  On March 8,

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

2010, CMI recorded a substitution of trustee substituting CRT in place of First American, and CRT recorded a notice of default on the Subject Loan.  (*See* RJN, **Exhibits C and D**.)  Following the discharge order of Plaintiff's Chapter 7 Bankruptcy on September 23, 2010, and the Court's Final Decree closing the estate on January 2, 2011, CR Title recorded a notice of trustee's sale on August 16, 2011, again pursuant to the terms of the Deed of Trust as well as section 2924.  (*See* RJN, **Exhibits E, F, G, H, I**.)  Plaintiff does not allege she cured, or attempted to cure, her outstanding indebtedness and therefore, the Property was sold at a public auction to Wilmington on May 15, 2012 for $603,900.00.  (*See* RJN, **Exhibit J**.)

As such, CMI conducted the nonjudicial foreclosure sale in full compliance with section 2924 and cannot serve as a basis for any claim against CMI.

### 2.    CMI foreclosed two years after the automatic stay dissolved due to Plaintiff's undisputed default.

Further, to the extent Plaintiff is alleging that CMI foreclosed on the Subject Property in violation of the automatic stay, and commenced UD actions accordingly, Plaintiff's claim similarly fails.  An "automatic stay is effective upon the filing of the bankruptcy petition."  (*Walls v. Wells Fargo Bank, N.A.*, 255 B.R. 38, 42 (E.D. Cal. 2000) *citing In re Pettit*, 217 F.3d 1072, 1077 (9th Cir. 2000).)  An automatic stay is "self-executing and enjoins 'any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case.'"  (*Id. quoting* 11 U.S.C. § 362(a)(6).)  Notably, "the automatic stay dissolves on the discharge date."  (*Id. citing In re Mayton*, 208 B.R. 61, 66 (9th Cir. BAP 1997).)  After the discharge of a Chapter 7 Bankruptcy, a debtor has forty-five (45) days to file a "statement of her intention to retain or surrender the property with the clerk, and, if applicable, specify that she claims the property as exempt, plans to redeem the property, or intends to reaffirm the debt."  (*Id. citing* 11. U.S.C. § 521(2)(A)-(B).)  Furthermore, **though a debtor "is no longer personally liable for the discharged debt, the creditor retains a lien on the property and may foreclose in the event debtor does not continue to make payments**."  (*Id. citing In re Mayton*, *supra*, 208 B.R. at 66 [emphasis added].)

In the present action, the automatic stay became effective upon Plaintiff's filing of her Chapter 7 Bankruptcy petition on May 30, 2010 and terminated upon the discharge of the

1910856.1

bankruptcy on September 23, 2010.  (*See* RJN, **Exhibit F**)  Thus, although Plaintiff was no longer personally liable for the discharged Subject Loan, CMI retained a lien on the property and validly foreclosed following her default.  Additionally, the Subject Property was sold at foreclosure sale which took place on May 15, 2012, nearly two (2) years after the automatic stay terminated.  (*See* RJN, **Exhibit J**.)  Accordingly, there was no automatic stay in place at the time of the nonjudicial foreclosure following Plaintiff's undisputed default on her repayment obligations under the Subject Loan.

Furthermore, the automatic stay cannot be retroactively imposed during the "gap period" between the time between the discharge of the Chapter 7 Bankruptcy and the Trustee's reopening of her the Chapter 7 Bankruptcy.

The "legislative history and structure of the [bankruptcy] code indicates that dismissal of a case should terminate the automatic stay.  The comments say that a dismissal is intended to put the parties in the place in which they were before the bankruptcy case was filed."  (*See Weston v. Rodriguez (In re Joanne M. Weston),* 110 B.R. 452, 456 (E.D.Cal.1989) [holding where debtor failed to obtain stay pending appeal, foreclosure occurring after dismissal of bankruptcy petition did not violate automatic stay.].)  Indeed, **although the Bankruptcy Code grants a bankruptcy court the power to retroactively *grant relief* from a stay, there is no authority granting the bankruptcy court power to retroactively *impose* a stay**.  (*In re Singleton*, 358 B.R. 253, 261 (D.S.C. 2006) *citing* 11 U.S.C. § 362(d) [emphasis added].)  The Court in *Singleton* concluded that a "Bankruptcy court order retroactively imposing the automatic stay on real property sold in foreclosure sale, following the dismissal of debtor's Chapter 13 case, was null and void; the property was sold in valid foreclosure sale after the court's dismissal order, but before the court vacated its dismissal order, and property was no longer included in the bankruptcy estate at the time the automatic stay was purportedly reimposed."  (*Id.*)

Likewise, the court in *Nicholson v. Nagel (In re Nagel),* 245 B.R. 657, 661 (D.Ariz.1999) refused to retroactively reinstate the debtor's bankruptcy case after it had been dismissed in order to void the foreclosure sale that was properly conducted post-dismissal, when no automatic stay was in place.  Upon review of case law provided by the parties and its own research, the *Nagel* court

concluded that "**no basis in law for the proposition that the automatic stay continues after dismissal of a case.  A retroactive reinstatement of the automatic stay is not consonant with this conclusion.  Indeed, the bankruptcy court's retroactive reinstatement of the "automatic stay" is squarely at odds with the plain reading of subsection 362(c)(2) and Congress' intent that the parties be returned to the *status quo ante*.**"  (*Id.* at 662.)

As previously noted,  the automatic stay terminated on September 23, 2010, CMI sold the Property at a duly noticed trustee's sale nearly two (2) years later on May 15, 2012, and more than four (4) months thereafter, the Trustee reopened the case on September 18, 2012.  (*See* RJN, **Exhibits F, J, O**)  Therefore, as the nonjudicial foreclosure sale was properly conducted post-discharge with no automatic stay was in place, and as such, any claim which rests upon this theory fails.

### 3.    An Automatic Stay is Not Reinstated in the Reopening of a Chapter 7 Bankruptcy

Plaintiff further contends that the Unlawful Detainer action was "illegal" as it was "knowingly continu[ed] in state court" and "bypass[ed] the bankruptcy court, following notification of Plaintiff's reopened Bankruptcy".  (Adversary Complaint, ¶ 152).  Plaintiff appears to be alleging that the Unlawful Detainer Action violated an automatic stay based on the re-opening of her Chapter 7 bankruptcy.

However, Plaintiff's claims of violation of the automatic stay with respect to the Unlawful Detainer action and subsequent removal of personal property from the Subject Property fail as a matter of law as well.  An automatic stay is terminated when a final discharge is entered in a Chapter 7 case.  (*In re: Trevino*, 78 B.R. 29, 37 (M.D. Penn, 1987); *Allison v. C.I.R.*, 97 T.C. No. 36 (Tax Court, 1991).  However, when a Chapter 7 bankruptcy is re-opened, the automatic stay is not reinstated.  (*Id.*)  In *Trevino*, the Court recognized that the automatic stay was not reinstated when the case was reopened because the automatic stay was not in effect after the final discharge order was entered.  (*Id.* at 37-38)  Even though a bankruptcy court reacquires jurisdiction over a debtor's case upon reopening, it does not necessitate the imposition of the automatic stay.  (*Allison*, *supra*)

Similarly, Plaintiff received a discharge in her Chapter 7 bankruptcy on September 23, 2010.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1910856.1

The Trustee moved to re-open Plaintiff's Chapter 7 bankruptcy on September 13, 2012, which was granted by the Bankruptcy Court on September 18, 2012, which did not order an automatic stay be reimposed.  As such, Plaintiff's claims that the UD Action and Judgment were illegal and violated any automatic stay fails as a matter of law, as the automatic stay is not reinstated as of the time that a Chapter 7 bankruptcy is re-opened.

### 4.    Plaintiff Had Knowledge that her Personal Property was being Stored.

The other crux of Plaintiff's complaint against Moving Defendants center around the removal of personal property from the Subject Property following the UD judgment, claiming that such removal was "illegal", and that Moving Defendants "had ignored all attempts made by Plaintiff-Debtor…asking them to return her properties" and that "very recently…[Moving Defendants] sent letters to the Plaintiff-Debtor asking her to reclaim her properties stating they were storing them for Plaintiff-Debtor"  (Adversary Complaint ¶¶ 155, 156).

Such allegations fly in the face of numerous filings made in prior actions by Plaintiff. Specifically, in *Khan I*, Plaintiff had sought a preliminary injunction to prevent the removal of personal property from the Subject Property, which CMI, by way of Wolfe & Wyman, opposed. The Opposition specifically states that her personal property was already removed from the Subject Property, and was in storage for Plaintiff to claim.  (*See* RJN, **Exhibit J**).  Additionally, in *Khan II*, Plaintiff was informed that her personal property that was located in the Subject Property was being held in storage for her.  (*See* RJN, **Exhibits U and V**).  As such, Plaintiff's sudden claim that she has been seeking the return of her personal property and was not aware of the storage of the property, is disingenuous at best, as Plaintiff was clearly informed, as of mid-2013, that her personal property was being stored and ready to be claimed.

### E.    Plaintiff's Claim for violation of 18 USC Sections 157 Further Fails Because She Fails to Plead Her Claim with Particularity, and Fails to Allege all Elements Required.

### 1.    Plaintiff Fails to Plead Fraud with Particularity

Plaintiff appears to base her entire complaint against CMI on her allegations that CMI "illegally foreclosed" on the Subject Property, "illegally evicted" and that CMI "[*stole*] her belongings".  (Adversary Complaint  ¶¶152-155).

**MEMORANDUM P&A'S ISO MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1910856.1

The essential elements of fraud are:  (1) misrepresentation; (2) knowledge of falsity (or "scienter"); (3) intent to defraud, i.e. to induce reliance; (4) justifiable reliance; and (5) resulting damage.  (*Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798, 807 (2007).)  Further, fraud actions are subject to strict pleading requirements because "allegations of fraud involve a serious attack on character, and fairness to the defendant demands that he should receive the fullest possible details of the charge in order to prepare his defense.  (*Lesperance v. North American Aviation, Inc.*, 217 Cal.App.2d 336, 344 (1963).)  Thus, every element of a fraud cause of action must be pled in full, factually and specifically.  (*Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1331 (1986).)

In *In re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547, 1548 (9th Cir. 1994), the Ninth Circuit observed that "Rule 9(b) requires particularized allegations of the circumstances constituting fraud.  The court determined that to allege fraud, the plaintiff must allege the time, place, and content of the alleged misrepresentation.  (*Id.*)  The court noted that the plaintiff must set forth specific descriptions of the representation made and the reasons for their falsity.  (*Id*. at 1548.)  Thus, a district court may dismiss the complaint or claim when the entire complaint or an entire claim within a complaint is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b).  (*Vess v. CIBA-Geigy Corp. USA*, 317 F.3d, 1097, 1107 (9th Cir. 2003).)

In the instant matter, Plaintiff utterly fails to allege her fraud claim against Moving Defendants with any semblance of particularity.  As an initial matter, Plaintiff's allegations utterly fail to mention the Wolfe & Wyman defendants.  Instead, the only allegations made against Moving Defendants is a conclusory allegation that CMI allegedly illegally foreclosed, illegally evicted Plaintiff from the Subject Property, and stole her belongings.  (Adversary Complaint ¶¶ 152-155)  However, such conclusory allegations are wholly insufficient to state a fraud claim against any of Moving Defendants, with any particularity, and as such, Plaintiff's Fraud claim is subject to dismissal.

///
///

### 2.    Plaintiff Fails to Allege all Elements of a Fraud Claim

Finally, even if Plaintiff had alleged any allegations against Moving Defendants, Plaintiff fails to allege facts to support all elements of her fraud claim. Specifically, Plaintiff does not allege facts that demonstrate any intent to defraud, justifiable reliance by Plaintiff, or even any resulting damages caused by Moving Defendants. As such, Plaintiff's Adversary Complaint wholly fails to state any claim for fraud against Moving Defendants, and should be dismissed without leave to amend, as any amendment is futile.

### F.    Plaintiff's Second, Third and Fifth Claims Fail as No Private Right of Action Exists Under Said Statutes

With respect to all defendants, including Moving Defendants, Plaintiff alleges violations of the bankruptcy criminal statutes, as codified under 18 USC Sections 152, 153, and 155 ("BK Criminal Statutes").

However, Plaintiff's claims under the BK Criminal Statutes fail as a matter of law, as no private right of action exists to bring such claims. (*See Ateser v. Bopp*, 1994 WL 377872, (9th Cir., 1994) [finding no private right of action exists under 18 USC Sections 152, 153, and 155 as the "language does not eviene an intent to create a civil action for damages"]; *Heavrin v. Boeing Capital Corp.*, 246 F.Supp.2d 728 (W.D.Ky, 2003) *citing Clayton v. Raleigh Fed. Sav. Bank,* 194 B.R. 793, 795 (M.D.N.C. 1996) [finding no private right of action under 18 USC Section 152].) As such, Plaintiff lacks standing to bring any such claims against Moving Defendants under these Sections.

### G.    Plaintiff's Fourth Claim Fails to State Any Claim Against Moving Defendants

Plaintiff's fourth claim for violations of 18 USC Section 154, which deals with Adverse Interests and Conduct of the officers of the Court, fails to state any claim against Moving Defendants. The crux of Plaintiff's fourth claim appears to lie within the re-opening of her Chapter 7 bankruptcy due to undisclosed assets not related to the Subject Property. Plaintiff does not plead that Moving Defendants knowingly purchased any property of the estate of which the person is such an officer in a case under title 11; does not plead that Moving Defendants knowingly refused to permit a reasonable opportunity for the inspection by parties in interest of the documents and accounts related to the affairs of estates in the person's charge by parties when directed by the court

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1910856.1

1    to do so; or that Moving Defendants knowingly refused to permit a reasonable opportunity for the

2    inspection by the United States Trustee of the documents and accounts relating to the affairs of an

3    estate in the person's charge.  (18 USC § 154).  As such, Plaintiff's claim for violation of 18 USC

4    Section 154 by the Moving Defendants utterly fails.

5         **H.**      <u>**Plaintiff's Sixth through Ninth Claims for Civil Rights Violations Fail to State a**</u>
<u>**Claim against Moving Defendants.**</u>

6

7         Plaintiff claims violations for 42 USC Section 1981, 1982, 1983, and 1985 against all

8    defendants ("Civil Rights Statutes").  Plaintiff appears to be alleging that she is entitled to equal

9    rights as "a single mother of two, a woman of color, and of Pakistani descent."  (Adversary

10    Complaint, ¶¶240, 246, 252 and 258)  This appears to stem from the reopening of her Chapter 7

11    bankruptcy on September 13, 2012.

12         However, in order to state a claim for violations of the Civil Rights Statutes, Plaintiff must

13    allege that she was discriminated against <u>because she was of a protected class</u> in the right to hold

14    property (42 USC Section 1982), depriving her of her rights (42 USC Section 1983), and in

15    obstructing justice (42 USC Section 1985).  (*See e.g. Bryant v. Harris,* 2014 WL 2014 WL 3726938

16    at *3 (N.D. Cal., 2014); While Plaintiff does state that she is a "single mother of two, a woman of

17    color and of Pakistani descent", she utterly fails to allege any facts, or even conclusory allegations

18    that the reopening of the bankruptcy, the foreclosure sale on the Subject Property, the subsequent

19    UD action, or the removal of personal property from the Subject Property, was because she was of a

20    protected class.

21         Further, with respect to her claim of a violation of 42 USC Section 1981, which protects the

22    equal right of all persons to make and enforce contracts without respect to race, Plaintiff fails to state

23    a *prima facie* claim, as she fails to allege that she attempted to contract for certain services, and that

24    she was denied the right to contract for those services. (*See e.g.*, *Dandridge-Barnett v. Barnes and*

25    *Noble, Inc.* 2015 WL 226017 at *3 (C.D. Cal., 2015))

26         Additionally, a claim under Section 1983 is a civil action for deprivation of rights brought

27    against a state actor.  (*See* 42 U.S.C. § 1983 ("Every person who, under color of any statute,

28    ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia…");

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1910856.1

*Filarsky v. Delia*, __ U.S. __, 132 S. Ct. 1657, 1660 (2012) ("Section 1983 provides a cause of action against state actors who violate an individual's rights under federal law"; *West v. Atkins* 487 US 42, (1988))  A state actor is "[a]nyone whose conduct is 'fairly attributable to the state.'" (*Filarsky*, 132 S. Ct. at 1661.)  Only under rare circumstances can a private party be viewed as a state actor for section 1983 purposes.  (*Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cr., 1988))  Here, there are no allegations that Moving Defendants were state actors.  Rather, Moving Defendants are private individuals, corporations, and law firms, whose conduct is not fairly attributable to the State, and does not allege any actions taken that could be considered under color of law.  As such, her claims further fail as to Moving Defendants.

Similarly, Plaintiff's claim for violation of 42 USC 1985 for conspiracy, similarly fails, as her claims are predicated on the same allegations as her 52 USC 1983 claims.  (*See Sepehry-Fard v. Aurora Bank FSB*, 2014 WL 7231511 at *1 (9th Cir., 2014) *citing Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir., 1989) [finding an absence of § 1983 deprivation precludes a § 1985 conspiracy claim predicated on same allegations.)  As such, her claim for conspiracy further fails.

## I.    Plaintiff's Eleventh Claim for Violations of the California Homeowner Bill of Rights Fails, as the Statutes Did Not Become Effective Until January 1, 2013.

In the present action, Plaintiff alleges that Moving Defendants breached the Homeowner's Bill of Rights ("HBOR"), specifically violating *California Civil Code* Sections 2923.6 and 2923.7 (*See* Adversary Complaint, ¶ 271.)  However, Plaintiff cannot state a claim for violations of HBOR because HBOR did not become effective until January 1, 2013.  Notably, there are no allegations in the Adversary Complaint that Moving Defendants were involved in any foreclosure proceedings on January 1, 2013 or thereafter.  Indeed, as noted in the Judicially Noticeable Documents, a foreclosure sale on the Subject Property took place on August 12, 2011.  (*See* RJN **Exhibit I**)  In *Evangelatos v. Superior Court*, 44 Cal. 3d 1188, 1209 (1988), the California Supreme Court observed that "in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature or the voters must have intended a retroactive application."  Thus, Plaintiff cannot state a cause of action for violation of HOBR because the HOBR did not become effective until January 1, 2013.  (*Sabherwal v. Bank of*

1910856.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

*New York Mellon*, 2013 WL 4833940, *10 (S.D. Cal., Sept. 10, 2013).)

**J.**     **Plaintiff's Thirteenth Claim Fails to State A Claim against Wolfe & Wyman Defendants**

By way of her thirteenth claim, Plaintiff appears to be alleging that attorneys and firms, within the context of papers filed in her bankruptcy, violated Federal Rules of Civil Procedure 24 and 11 in the re-opening of her Chapter 7 bankruptcy.  (*See* Adversary Complaint, ¶¶ 289-305).  However, despite approximately 26 paragraphs of allegations, Plaintiff fails to allege any specific conclusory allegation or fact as it pertains to the Wolfe & Wyman Defendants, any filings made in the course of litigation, or even any actions taken on the part of Wolfe & Wyman Defendants. Indeed, Plaintiff makes it clear that Wolfe & Wyman Defendants were not involved in the re-opening of her Chapter 7 bankruptcy.  (*See* Adversary Complaint ¶¶127-151)  As such, Plaintiff's thirteenth claim is insufficiently plead and is subject to dismissal.

**K.**     **Plaintiff's Claim for HIPAA violations and California Medical Privacy Acts Fails**

Plaintiff's claim for violation of HIPAA and the California Medical Privacy Acts stem from the removal of personal property from the Subject Property following the UD Judgment.  Plaintiff, for the first time in any of her six lawsuits, claims that there were "boxes upon boxes of patient information from her recently closed Medical Office in Irvine, California, certain imaging equipment, computers, etc." and that there was also "extremely sensitive material such as her Medical Licenses including her Drug Enforcement Agency (DEA Number) among other sensitive permits." (Adversary Complaint, ¶¶ 332-333)  However, Plaintiff's claims fail as a matter of law.

**3.**     **No Private Right of Action Exists under HIPAA**

Plaintiff is seeking to enforce HIPAA with respect to patient information that was purportedly obtained by Moving Defendants in the course of removal of her personal property from the Subject Property following the UD Judgment.  (Adversary Complaint, ¶ 330)  However, no private right of action exists for violations of HIPAA.  (*See e.g., Webb v. Smart Documents Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir., 2007) ["HIPAA itself provides no private right of action."], *U.S. v. Streich*, 560 F.3d 926, 935 (9th Cir., 2009) ["HIPAA does not provide any right of

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1   action"]; *Bullard v. Texas Department of Aging & Disability Services*, 19 F.Supp.3d 699, 706 (E.D.

2   Tex., 2013) ["Plaintiff contends that Defendants violated HIPAA.  HIPPA, however, does not

3   provide a private cause of action."])  As such, Plaintiff lacks standing to bring any claim for any

4   purported violation of HIPAA, and her claim for such violations should be dismissed with prejudice.

5       4.    <u>Plaintiff Cannot Plead Facts to Show a Violation of the Confidentiality of</u>
                  <u>Medical Information Act ("CMIA")</u>

6

7         Plaintiff further seeks recovery from Moving Defendants based on violations of California

8   *Civil Code* Section 56, et. al, which deal with the disclosure of confidential medical information

9   related to her patients whose records were purportedly removed from the Subject Property. (*See*

10  Adversary Complaint, ¶ 336).

11        As an initial matter, Plaintiff cannot allege any facts that would suggest that the CMIA was

12  violated by Moving Defendants.  Specifically, CMIA "prohibits health care providers and related

13  entities from disclosing medical information regarding a patient without authorization except in

14  certain specific instances.  (*See Regents of University of California v. Superior Court*, 220

15  Cal.App.4th 549, 560-561 (Cal.App. 2013))  Plaintiff does not allege that Moving Defendants were

16  health care providers or related entities to health care providers.  Further, Plaintiff does not allege

17  that any medical information was disclosed.  Indeed, Plaintiff simply alleges that patient's

18  information was removed from the Subject Property and placed in storage.  (*See* Adversary

19  Complaint, ¶ 332)  As such, Plaintiff cannot allege that the removal of personal property with patient

20  information from the Subject Property following a UD Judgment violated CMIA.

21        Furthermore, Plaintiff cannot recover for any purported violations of CMIA.  Specifically,

22  CMIA provides that a <u>patient</u> may recover for actual damages, statutory damages, compensatory and

23  punitive damages, attorneys' fees, and costs for the unauthorized use and disclosure of medical

24  information.  (*See e.g.,* Cal.*Civ.Code* §§ 56.35, 56.36).  As noted above, Plaintiff alleges that she is a

25  medical doctor, and that she kept patient records in her home.  (Adversary Complaint, ¶ 332).  As

26  such, Plaintiff is not a patient whose medical information was used or disclosed.  Thus, Plaintiff

27  cannot recover, under CMIA, for any purported violations based on her position as the doctor, whose

28  medical records were removed pursuant to the UD Judgment.

1910856.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

**L.** **Plaintiff's entire Adversary Complaint is Barred by the Litigation Privilege as to the Wolfe & Wyman Defendants**

California *Civil Code* section 47(b) offers expansive protection of any communication or communicative act made during any official proceeding authorized by law.  The litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." (*Silberg v. Anderson*, 50 Cal.3d 205, 212 (Cal., 1990).)  This litigation privilege has been broadly construed by courts, and has been consistently interpreted to prevent all "secondary lawsuits" arising from communications or communicative acts related to any proceeding authorized by law.  (*Rubin v. Green*, 4 Cal.4th 1187, 1196-98 (Cal., 1993)).  This litigation privilege is even applied to circumstances where communication is not "pertinent, relevant, or material in a technical sense to any issue in the action; it need only have some connection or relation to the proceedings." (*Portman v. George McDonald Law Corp.*, 99 Cal.App.2d 988, 991-92 (Cal. App., 1979)).  The privilege covers not only communications made during an official proceeding, but also to statements, communications, court filing, and other related communicative acts made outside of the strict confines of the proceeding.  (*Silberg v. Anderson*, *supra*, 50 Cal.3d at 212).

Thus, the California Supreme Court has concluded the litigation privilege operates as an absolute limitation upon liability, regardless of whether defendant possesses wrongful intent, motivation, or malice.  (*Id.* at 215-16.)  The principal rationale for the litigation privilege is to "afford litigants… the utmost freedom… without fear of being harassed subsequently by derivative tort actions." (*Id.* at 213-14.)

In the instant matter, Plaintiff's entire Adversary Complaint fails to state any allegations as to the Wolfe & Wyman defendants.  The only connection that can be assumed is that Plaintiff named the Wolfe & Wyman Defendants based on their representation of CMI in *Khan I* and *Khan II*.  As any interactions or statements Wolfe & Wyman Defendants could have conceivably made to Plaintiff were made in the course of litigating *Khan I* and the current litigation of *Khan II*, and Plaintiff's claims are barred by the litigation privilege.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

IV.     **CONCLUSION**

Based on the foregoing reasons, those to be set forth in the reply (if any) and at oral argument on this matter, Moving Defendants request this Court grant the instant motion to dismiss Plaintiff's Adversary Complaint <u>with</u> prejudice as further amendment would be futile.


DATED:  January 27, 2015                    WOLFE & WYMAN LLP


                                            By:  /s/ Meagan S. Tom  SBN 273489
                                                 ANDREW A. BAO
                                                 MEAGAN S. TOM
                                            Attorneys for Defendants
                                            **CITIMORTGAGE, INC.; CITIBANK, N.A.;**
                                            **WOLFE & WYMAN LLP; BRIAN H. GUNN;**
                                            **ANDREW A. BAO and HEATHER S. KIM**

**MEMORANDUM P&A'S ISO MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT**

1910856.1