**Andrew A. Bao (SBN 247092)**
***aabao@wolfewyman.com***
**Meagan S. Tom (SBN 273489)**
***mstom@wolfewyman.com***
**WOLFE & WYMAN LLP**
**2175 N. California Blvd., Suite 645**
**Walnut Creek, California 94596-3502**
**Telephone: (925) 280-0004**
**Facsimile: (925) 280-0005**

**Attorneys for Defendants**
**CITIMORTGAGE, INC.; CITIBANK, N.A.; WOLFE & WYMAN LLP; BRIAN H. GUNN; ANDREW A. BAO and HEATHER S. KIM**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| In Re<br>SALMA AGHA,<br>Debtor. | Bankruptcy No. 10-16183-B<br>Chapter 7<br>Adversary No. 14-01155-B |
| SALMA AGHA,<br>Plaintiff/Debtor,<br>v.<br>THE UNITED STATES OF AMERICA, et al.<br>Defendants. | MST 001<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S ADVERSARY COMPLAINT**<br>Date: April 9, 2015<br>Time: 10:00 a.m.<br>Place: Department B<br>U.S. Courthouse<br>510 19th Street<br>Bakersfield, CA<br>Hon. Richard Lee |

Defendants CITIMORTGAGE, INC., CITIBANK, N.A. (hereinafter collectively "CMI"), WOLFE & WYMAN LLP, BRIAN H. GUNN, ANDREW A. BAO, AND HEATHER S. KIM (hereinafter collectively "Wolfe & Wyman Defendants") (CMI and Wolfe & Wyman Defendants hereinafter collectively referred to as "Moving Defendants") submit the following memorandum of



W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

points and authorities in support of its motion to strike portions of the Adversary Complaint filed by Plaintiff SALMA AGHA-KHAN.

## I. INTRODUCTION

Plaintiff's Adversary Complaint essentially re-hashes the same exact allegations she has made in two currently pending actions: one in bankruptcy court and one in the United States District Court – Central District of California. All three pending matters stem from her discontent with the judicial system with respect to the re-opening of her bankruptcy case based on undisclosed assets which are unrelated to the Subject Property. Notwithstanding this glaring pleading error, *pro per* Plaintiff alleges, a myriad claims as to Moving Defendants for Bankruptcy Fraud, violation of numerous bankruptcy statues violation of numerous civil rights statutes, violation of the California Homeowner Bill of Rights, violation of numerous United States and California Legal Statutes, violations of the bankruptcy automatic stay, and violations of 42 US Section 1320d-6 ("HIPPA") and California Medical Privacy Acts, and for punitive damages. Based on Plaintiff's unintelligible claims as it pertains to Moving Defendants and her *pro per* status, Moving Defendants respectfully move the Court to strike Plaintiff's request for punitive damages and request for attorney's fees.

Additionally, Wolfe & Wyman Defendants specifically request the Court strike Plaintiff's Adversary Complaint in its entirety, as they are an improper defendant, as Plaintiff appears to have named them based on their representation of CMI, and as such, her entire Adversary Complaint is barred based on the litigation privilege.

## II. SUMMARY OF FACTS

### A. Loan Origination, Default, Bankruptcy, and Foreclosure Proceedings

On or about January 13, 2003, Plaintiff obtained a purchase money loan funded by Golden Empire Mortgage (hereinafter, "GEM") in the principal amount of $648,500.00 (hereinafter, "Subject Loan"), which was memorialized by a promissory note and secured by a first deed of trust to certain real property located at 11622 Harrington Street, Bakersfield, California 93311 (hereinafter, "Property"). (*See* Deed of Trust recorded on January 17, 2003 in Kern County Official Records as Document Number 0203009500 attached as **Exhibit A** to Request for Judicial Notice (hereinafter, "RJN").) On March 4, 2010, Mortgage Electronic Registration Systems, Inc.



WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW W&W

(hereinafter, "MERS") assigned the beneficial interest in the Subject Loan to CMI. (*See* Assignment of Deed of Trust recorded on March 8, 2010 in Kern County Official Records as Document Number 0210030116 attached as **Exhibit B** to RJN.)

Plaintiff failed to timely make her mortgage payments and, as a result, on March 4, 2010, CR Title Services, Inc. (hereinafter, "CR Title") issued a notice of default on the Subject Loan. (*See* Notice of Default recorded on March 8, 2010 in Kern County Official Records as Document Number 0210030118 attached as **Exhibit C** to RJN.) On March 8, 2010, CMI recorded a substitution of trustee substituting CR Title as trustee in place of First American Title Company (hereinafter, "First American"). (*See* Substitution of Trustee recorded on March 8, 2010 in Kern County Official Records as Document Number 0210030117 attached as **Exhibit D** to RJN.)

Rather than cure her default, Plaintiff voluntarily filed her Chapter 7 Bankruptcy on May 30, 2010. (*See* Bankruptcy Court Docket attached as **Exhibit E** to RJN) Shortly thereafter on September 23, 2010, the Bankruptcy Court issued its Order (hereinafter, "BK Order") granting Plaintiff a discharge under section 727 of title 11, United States Code. (*See* BK Order attached as **Exhibit F** to RJN) Just two days later on September 25, 2010, the Certificate of Notice was duly served. (*See* Certificate of Notice attached as **Exhibit G** to RJN) Subsequently, on January 2, 2011, the Bankruptcy Court issued its Final Decree ordering the estate closed and the trustee discharged (hereinafter, "BK Closure"). (*See* Final Decree attached as **Exhibit H** to RJN)

<u>Eight months after the BK Closure</u>, due to Plaintiff's failure to cure her default, on August 12, 2011, CR Title executed a notice of trustee's sale as the duly appointed trustee. (*See* Notice of Trustee's Sale recorded on August 16, 2011 in Kern County Official Records as Document Number 000211103865 attached as **Exhibit I** to RJN.) On May 15, 2012, <u>nearly two years after the BK Closure</u>, the Property was sold at the duly noticed trustee's sale for $603,900.00 to the highest bidder, Wilmington Trust Company as Trustee for Structured Asset Securities Mortgage Pass-through Certificates Series 2003-18XS (hereinafter, "Wilmington"). (*See* Trustee's Deed Upon Sale recorded on May 29, 2012 in Kern County Official Records as Document Number 000212071602 attached as **Exhibit J** to RJN)



W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

**B. Unlawful Detainer Action**

On June 18, 2012, Wilmington commenced an unlawful detainer action against Plaintiff in the Superior Court of California, County of Kern (hereinafter, "Kern Superior Court"), identified by Case Number S-1500-CV-269189. (*See* Superior Court of California, County of Kern, Register of Actions/Case Docket for Case Number S-1500-CV-269189 attached as **Exhibit L** to RJN) On November 26, 2012, Kern Superior Court held trial on Wilmington's unlawful detainer action and (1) issued a writ of possession, (2) entered judgment in favor of Wilmington and against Plaintiff, (3) ordered Plaintiff to pay rental damages in the amount of $25,000.00, and (4) awarded costs and attorney's fees to Wilmington (hereinafter, "UD Judgment"). (*See* RJN, **Exhibit L**, pp. 1-2.)

**C. Prior Litigation History involving Moving Defendants (*Khan I*)[1]**

On July 23, 2013, Plaintiff initiated her third lawsuit against CMI by filing a complaint in the Kern County Superior Court (hereinafter "*Khan I*"). (*See* Complaint filed with the Superior Court of California, County of Kern, Case Number S-1500-CV-279897 attached as **Exhibit M** to RJN) On September 3, 2013, following removal to federal court, CMI, by and through its counsel, Wolfe & Wyman, filed a Motion to Dismiss Plaintiff's Complaint, which the Court granted without leave to amend on September 30, 2013 (*See* Order on Defendants' F.R.Civ.P. 12 Motion to Dismiss executed by Honorable Lawrence J. O'Neill on and filed September 30, 2013 in *Khan I* attached as **Exhibit N** to RJN.) The Court entered judgment in favor of CMI and dismissed *Khan I* with prejudice on September 30, 2013. (*See* Judgment of Dismissal entered by R. Gonzalez on September 30, 2013 in *Khan I* attached as **Exhibit O** to RJN.) Plaintiff was informed that her personal property was being held in storage during the course of the *Khan I* litigation. (*See*

---

[1] Plaintiff had previously filed five separate lawsuits arising from the same Subject Loan as follows: (1) *Khan v. CitiMortgage, Inc.*, Case No.: S-1500-CV-278192 in the Superior Court of California, County of Kern, voluntarily dismissed without prejudice; (2) *Khan v. CitiMortgage, Inc.*, Case No.: 1:12-cv-02056 in the United States District Court – Eastern District, voluntarily dismissed without prejudice; (3) *Khan v. CitiMortgage, Inc.*, Case No.: 1:13-at-00618 in the United States District Court – Eastern District, judgment in favor of CMI following the Court granting its Motion to Dismiss; (4) *Agha v. CitiMortgage, Inc., et. al.*, Adversary Case No.: 13-01086-B in the United States Bankruptcy Court – Eastern District of California, which is currently ongoing; and (5) *Agha v. United States of America*, Case No.: 2:14-cv-03490 in the United States District Court – Central District, which is currently ongoing.



W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

Opposition to Issuance of Order to Show Cause re: Preliminary Injunction in *Khan I* attached as **Exhibit P** to RJN).

**D. <u>Bankruptcy Re-Opened, Ongoing Adversary Proceeding (*Khan II*)</u>**

<u>Meanwhile, four months after the foreclosure sale</u> on September 13, 2012, the United States Trustee, August B. Landis, submitted an *ex parte* motion to reopen Plaintiff's Chapter 7 Bankruptcy based solely on the Trustee's information and belief that Plaintiff "failed to disclose in her bankruptcy scheduled, including but not limited to, an interest in a limited liability corporation, and that [Plaintiff]'s interest in said limited liability corporation is an asset which has not been administered by the estate." (*See Ex Parte* Motion to Reopen Plaintiff's Chapter 7 Bankruptcy attached as **Exhibit Q** to RJN) The purpose of re-opening the bankruptcy had no relation to the Subject Property. Shortly thereafter on September 18, 2012, the Bankruptcy Court granted the Trustee's motion to reopen the case. (*See* Order Granting Trustee's Motion to Reopen Bankruptcy attached as **Exhibit R** to RJN)

Following the re-opening of Plaintiff's bankruptcy, on August 1, 2013, Plaintiff initiated her fourth lawsuit against CMI ("*Khan II*"). (*See* Adversary Complaint filed in United States Bankruptcy Court – Eastern District of California, Case Number 13-01086A attached as **Exhibit S** to RJN). CMI, through counsel of record Wolfe & Wyman, appeared via a Motion to Dismiss, which currently remains pending with the Court. (*See Khan II* Docket attached as **Exhibit T** to RJN). While in *Khan II*, Plaintiff was informed that her personal property that was located in the Subject Property was being held in storage for her. (*See* Opposition to Plaintiff's *Ex Parte* Motion to Vacate Lock Out and Restore Plaintiff Salma Agha to Possession of 11622 Harrington Street, Bakersfield, California 93311 attached as **Exhibit U** to RJN and *Ex Parte Motion for Relief from Automatic Stay* attached as **Exhibit V** to RJN) *Khan II* remains pending with the Bankruptcy Court.

**E. <u>Current Pending Litigation Against Moving Defendants (*Khan III*)</u>**

<u>Despite Plaintiff's pending *Khan II* action</u>, on February 10, 2014, Plaintiff initiated her fifth lawsuit against CMI and the first lawsuit against Wolfe & Wyman Defendants, which was removed to the United States District Court – Central District of California on or about May 6, 2014. (*See Khan III* docket for *Agha-Khan v. United States of America et.al.* in United States District Court –






W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

Central District of California, Case Number 2:14-cv-03490 attached hereto as **Exhibit W** to RJN). Even though Plaintiff was aware of CMI and Wolfe & Wyman Defendants at the time of filing, CMI and Wolfe & Wyman were finally added to *Khan III* via an alias summons issued on or about October 29, 2014. (*See* Alias Summons issued in *Khan III* attached hereto as **Exhibit X** to RJN). *Khan III* remains pending with the United States District Court – Central District of California.

## III. STANDARD OF REVIEW

A party may move to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (*Fed. Rule Civ. Proc.*, R. 12(f).) A motion to strike avoids "the expenditure of time and money that will arise from litigating 'spurious issues' by eliminating those issues prior to trial." (*Taylor v. Quall*, 471 F.Supp.2d 1053, 1058-1059 (C.D.Cal. 2007).) In considering a motion to strike, courts generally apply the same test used to determine a motion to dismiss under *Federal Rules of Civil Procedure*, Rule 12(b)(6). (*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).) Thus, the basis for the motion to strike must appear on the face of the pleading or from matters which the court may take judicial notice. (*Montecino v. Spherion Corp.*, 7 F.Supp.2d 965, 967 (C.D.Cal. 2006); *SEC v. Sands*, 902 F.Supp. 1149, 1165 (C.D.Cal. 1995).)

## IV. PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT A PRAYER FOR PUNITIVE DAMAGES

### A. The Complaint Contains No Specific Allegations Of Oppression, Malice, Or Fraud By Moving Defendants.

In the present action, Plaintiff's allegations are insufficient to support a prayer for punitive damages. As an initial matter, Plaintiff wholly fails to allege any facts regarding CRT and the Wolfe & Wyman Defendants. Further, the sole allegations made regarding CMI relate to the foreclosure sale and subsequent Unlawful Detainer action. (*See* Adversary Complaint, ¶¶12-156, 201-202, 210(xvii-xx); 312)

To recover punitive damages, a plaintiff must allege that a defendant acted with oppression, fraud or malice pursuant to California *Civil Code* section 3294. In the present case, Plaintiff fails to allege that Moving Defendants' conduct was malicious, fraudulent, oppressive, or despicable that is carried with a willful disregard of Plaintiff's rights by Moving Defendants. As noted above, Plaintiff



W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

makes absolutely no allegations with respect to CRT or the Wolfe & Wyman Defendants. Further, to the extent that Plaintiff has made certain allegations against CMI, said allegations are conclusory at best, as Plaintiff simply alleges that the foreclosure was "illegal" and the subsequent unlawful detainer and removal of possessions was "illegal." As such, these bare, conclusory allegations are wholly insufficient to warrant punitive damages. Accordingly, the Court should strike Plaintiff's prayer for punitive damages against Moving Defendants.

### B. <u>The Complaint Contains No Specific Allegations Of Authorization Or Ratification By Moving Defendants</u>

Further, California *Civil Code* section 3294(b) states in pertinent part: "With respect to a corporate employer, the advanced knowledge and conscious disregard, authorization, ratification or act of oppression, fraud or malice, must be on the part of an officer, director, or managing agent of the corporation." In *Scannell v. County of Riverside*, 152 Cal.App.3d 596, 614 (1984), the court held that the plaintiff seeking exemplary damages in a malicious prosecution action failed to allege corporate ratification of specific acts of defendant's employees. Therefore, the court granted the defendants' motion to strike allegations of exemplary damages. (*Id*. at 617.)

Similarly, Plaintiff's SAC is devoid of any specific allegations that any of CMI, CitiBank, CRT, or Wolfe & Wyman's officers, directors, or managing agents had advanced knowledge or ratified any alleged acts of oppression, fraud or malice. Further, there are no allegations that CMI, CitiBank, CRT, or Wolfe & Wyman's agents or employees acted within the course and scope of their employment with CMI, CitiBank, CRT, or Wolfe & Wyman's authorization or ratification of the alleged wrongdoing. (*Kiseskey v. Carpenters' Trust*, 144 Cal.App.3d 222, 235 (1983).)

Therefore, Plaintiffs' prayer for punitive damages must be stricken from the SAC.

## V. <u>PLAINTIFF FAILS TO SHOW HOW SHE IS ENTITLED TO ATTORNEY'S FEES</u>

Each party must pay its own attorney's fees unless a statute or other agreement between the parties provide otherwise. (Cal. *Civ. Proc. Code* § 1021; *Gray v. Don Miller & Assoc., Inc.*, 35 Cal.3d 498, 504 (1984).) California *Civil Procedure Code* section 1033.5(a)(10) also provides that attorney's fees may be awarded to the prevailing party only when authorized by a contract, statute, or law. (*Pederson v. Kennedy*, 128 Cal.App.3d 976, 979 (1982) [stating that "each party is



W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

responsible for his or her own attorney's fees in the absence of an agreement between the parties for fees or as statute specifically authorizing fees."].) As such, to be entitled to an order for attorney's fees, Plaintiff must plead a basis for such an award. (*Wisley v. Rhodes*, 223 Cal.App.3d 1470, 1474 (1990).)

As a threshold matter, Plaintiff is not an attorney, and therefore are not entitled to the award of such fees. (*Trope v. Katz*, 11 Cal.4th 274, 284 (1995).) Further, Plaintiff does not plead the essential facts necessary to show a statutory or contractual basis to support the recovery of attorney's fees. Attorney's fees are not recoverable absent such a basis. (Cal. *Civ. Proc. Code* § 1021.) Accordingly, the Court should strike Plaintiff's prayer for attorney's fees in the Complaint with prejudice.

## VI. PLAINTIFF'S ADVERSARY COMPLAINT AGAINST THE WOLFE & WYMAN DEFENDANTS IS BASED SOLELY ON THEIR LITIGATION CONDUCT, AND AS SUCH, THEY ARE IMPROPER DEFENDANTS AND SHOULD BE STRIKEN FROM THE ADVERSARY COMPLAINT AS SUCH CONDUCT IS PRIVILEGED

California *Civil Code* section 47(b) offers expansive protection of any communication or communicative act made during any official proceeding authorized by law. The litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." (*Silberg v. Anderson*, 50 Cal.3d 205, 212 (Cal., 1990)). This litigation privilege has been broadly construed by courts, and has been consistently interpreted to prevent all "secondary lawsuits" arising from communications or communicative acts related to any proceeding authorized by law. (*Rubin v. Green*, 4 Cal.4th 1187, 1196-98 (Cal., 1993)). This litigation privilege is even applied to circumstances where communication is not "pertinent, relevant, or material in a technical sense to any issue in the action; it need only have some connection or relation to the proceedings." (*Portman v. George McDonald Law Corp.*, 99 Cal.App.2d 988, 991-92 (Cal. App., 1979)). The privilege covers not only communications made during an official proceeding, but also to statements, communications, court filing, and other related communicative acts made outside of the strict confines of the proceeding. (*Silberg v. Anderson*, *supra*, 50 Cal.3d at 212).



W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

Thus, the California Supreme Court has concluded the litigation privilege operates as an absolute limitation upon liability, regardless of whether defendant possesses wrongful intent, motivation, or malice. (*Id.* at 215-16.) The principal rationale for the litigation privilege is to "afford litigants… the utmost freedom… without fear of being harassed subsequently by derivative tort actions." (*Id.* at 213-14.)

In the instant matter, Plaintiff's entire Adversary Complaint, fails to state any allegations as to the Wolfe & Wyman defendants. The only connection that can be assumed is that Plaintiff named the Wolfe & Wyman Defendants based on their representation of CMI in *Khan I*, *Khan II*, and *Khan III*. As any interactions or statements Wolfe & Wyman Defendants could have conceivably made to Plaintiff were made in the course of litigating *Khan I* and the current litigation of *Khan II* and *Khan III*, Plaintiff's claims are barred by the litigation privilege, and Plaintiff has named them improperly, and her Adversary Complaint should be stricken.

## VII. CONCLUSION

Based on all of the foregoing reasons, those set forth in the reply brief (if any), and those to be set forth at oral argument, Moving Defendants respectfully request that this Court grant the motion to strike Plaintiff's prayer for punitive damages and attorney's fees. Moving Defendants also respectfully request the Court stricken Plaintiff's entire Adversary Complaint as to the Wolfe & Wyman Defendants as improper.

DATED: January 27, 2015

WOLFE & WYMAN LLP

By: /s/ Meagan S. Tom SBN 273489
ANDREW A. BAO
MEAGAN S. TOM
Attorneys for Defendants
**CITIMORTGAGE, INC.; CITIBANK, N.A.; WOLFE & WYMAN LLP; BRIAN H. GUNN; ANDREW A. BAO and HEATHER S. KIM**



W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW