**234**

1  **Andrew A. Bao (SBN 247092)**
   *aabao@wolfewyman.com*
2  **Meagan S. Tom (SBN 273489)**
   *mstom@wolfewyman.com*
3  **WOLFE & WYMAN LLP**
   **2175 N. California Blvd., Suite 645**
4  **Walnut Creek, California 94596-3502**
   **Telephone:  (925) 280-0004**
5  **Facsimile:  (925) 280-0005**

6  **Attorneys for Defendants**
   **CITIMORTGAGE, INC.; CITIBANK, N.A.;**
7  **WOLFE & WYMAN LLP; BRIAN H. GUNN;**
   **ANDREW A. BAO and HEATHER S. KIM**
8

9              **UNITED STATES BANKRUPTCY COURT**

10              **EASTERN DISTRICT OF CALIFORNIA**

11                   **FRESNO DIVISION**

| | |
|---|---|
| 12  In Re | Bankruptcy No. 10-16183-B |
| 13      SALMA AGHA, | Chapter 7 |
| 14         Debtor. | Adversary No. 14-01155-B |
| 15 | |
|    SALMA AGHA, | MST 001 |
| 16 | |
|         Plaintiff/Debtor, | **EXHIBIT LIST AND EXHIBITS A-W** |
| 17 | **TO REQUEST FOR JUDICIAL** |
|   v. | **NOTICE BY DEFENDANTS IN** |
| 18 | **SUPPORT OF MOTIONS TO** |
|   THE UNITED STATES OF AMERICA, | **DISMISS AND STRIKE PLAINTIFF'S** |
| 19  et al. | **ADVERSARY COMPLAINT** |
| 20        Defendants. | Date:    April 9, 2015 |
| 21 | Time:    10:00 a.m. |
| | Place:   Department B |
| 22 |        U.S. Courthouse |
| |        510 19th Street |
| 23 |        Bakersfield, CA |
| 24 | |
| | Hon. Richard Lee |

25

26        Defendants CITIMORTGAGE, INC., CITIBANK, N.A. (hereinafter collectively "CMI"),

27  WOLFE & WYMAN LLP, BRIAN H. GUNN, ANDREW A. BAO, AND HEATHER S. KIM

28  (hereinafter collectively "Wolfe & Wyman Defendants") (CMI and Wolfe & Wyman Defendants

                                              1

1913302.1

hereinafter collectively referred to as "Moving Defendants") hereby submit the following **Exhibits A-W** to the Moving Defendants' Request for Judicial Notice in support of Motions to Dismiss and Strike Plaintiff's Adversary Complaint.

| EXHIBIT NO. | DESCRIPTION | PAGE NOS. |
|---|---|---|
| **Exhibit A:** | Deed of Trust recorded on January 17, 2003 in Kern County Official Records as Document Number 0203009500. | 5 |
| **Exhibit B:** | Assignment of Deed of Trust recorded on March 8, 2010 in Kern County Official Records as Document Number 0210030116. | 24 |
| **Exhibit C:** | Notice of Default recorded on March 8, 2010 in Kern County Official Records as Document Number 0210030118. | 27 |
| **Exhibit D:** | Substitution of Trustee recorded on March 8, 2010 in Kern County Official Records as Document Number 0210030117. | 31 |
| **Exhibit E:** | Court Docket, U.S. Bankruptcy Court, Eastern District (Fresno), Case No. 10-16183-A-7. | 34 |
| **Exhibit F:** | Order granting Plaintiff a discharge under Section 727 of Title 11, United States Code, entered and filed on September 23, 2010, in the U.S. Bankruptcy Court, Eastern District (Fresno), Case No. 10-16183-A-7. | 49 |
| **Exhibit G:** | Certificate of Notice served and filed on September 23, 2010, in the U.S. Bankruptcy Court, Eastern District (Fresno), Case No. 10-16183-A-7. | 52 |
| **Exhibit H:** | Final Decree issued by the U.S. Bankruptcy Court ordering the estate closed and the trustee discharged, filed on January 7, 2011, in the U.S. Bankruptcy Court, Eastern | 56 |

**EXHIBIT LIST AND EXHIBITS A-W ISO MOTIONS TO DISMISS AND STRIKE AC**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

1913302.1

| | | | |
|---|---|---|---|
| 1 | | District (Fresno), Case No. 10-16183-A-7. | |
| 2 | **Exhibit I:** | Notice of Trustee's Sale recorded on August 16, 2011 in | 58 |
| 3 | | Kern County Official Records as Document Number | |
| 4 | | 000211103865. | |
| 5 | **Exhibit J:** | Trustee's Deed Upon Sale recorded on May 29, 2012 in | 61 |
| 6 | | Kern County Official Records as Document Number | |
| 7 | | 000212071602. | |
| 8 | **Exhibit K:** | Superior Court of California, County of Kern, Register of | 65 |
| 9 | | Actions/Case Docket for Case Number S-1500-CL- | |
| 10 | | 269189. | |
| 11 | **Exhibit L:** | Complaint filed on July 23, 2013, with the Superior Court | 75 |
| 12 | | of California, County of Kern, Case Number S-1500-CV- | |
| 13 | | 279897 ("Khan I"). | |
| 14 | **Exhibit M:** | Order on Defendants' F.R.Civ.P. 12 Motion to Dismiss | 99 |
| 15 | | executed by Honorable Lawrence J. O'Neill on and filed | |
| 16 | | September 30, 2013 in Khan I. | |
| 17 | **Exhibit N:** | Judgment of Dismissal entered by R. Gonzalez on | 124 |
| 18 | | September 30, 2013 in Khan I. | |
| 19 | **Exhibit O:** | Opposition to Issuance of Order to Show Cause re: | 126 |
| 20 | | Preliminary Injunction filed by CMI on August 15, 2013 in | |
| 21 | | Khan I. | |
| 22 | **Exhibit P:** | *Ex Parte* Motion to Reopen Plaintiff's Chapter 7 | 136 |
| 23 | | Bankruptcy filed by the U.S. Trustee on September 13, | |
| 24 | | 2012, in U.S. Bankruptcy Court, Eastern District Case No. | |
| 25 | | 10-16183-A-7. | |
| 26 | **Exhibit Q:** | Order Granting U.S. Trustee's Motion to Reopen | 139 |
| 27 | | Bankruptcy filed on September 18, 2012, in U.S. | |
| 28 | | Bankruptcy Court, Eastern District Case No. 10-16183-A-7 | |

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

3

**EXHIBIT LIST AND EXHIBITS A-W ISO MOTIONS TO DISMISS AND STRIKE AC**

| | | |
|---|---|---|
| 1 | **Exhibit R:** | Adversary Complaint filed on August 1, 2013, in United | 142 |
| 2 | | States Bankruptcy Court, Eastern District of California, |
| 3 | | Case Number 13-01086A ("Khan II"). |
| 4 | **Exhibit S:** | Khan II Docket. | 169 |
| 5 | **Exhibit T:** | Opposition to Plaintiff's *Ex Parte* Motion to Vacate Lock | 187 |
| 6 | | Out and Restore Plaintiff Salma Agha to Possession of |
| 7 | | 11622 Harrington Street, Bakersfield, California  9331 |
| 8 | | filed by CMI on January 2, 2014 in Khan II. |
| 9 | **Exhibit U:** | *Ex Parte* Motion for Relief from Automatic Stay filed by | 203 |
| 10 | | CMI on August 4, 2014 in Khan II. |
| 11 | **Exhibit V:** | United States District Court – Central District of California | 206 |
| 12 | | Docket for Case Number 2:14-cv-03490 ("Khan III"). |
| 13 | **Exhibit W:** | Alias Summons issued in Khan III. | 229 |

DATED:  January 27, 2015                    WOLFE & WYMAN LLP

By:  /s/ Meagan S. Tom  SBN 273489
      ANDREW A. BAO
      MEAGAN S. TOM
Attorneys for Defendants
**CITIMORTGAGE, INC.; CITIBANK, N.A.;**
**WOLFE & WYMAN LLP; BRIAN H. GUNN;**
**ANDREW A. BAO and HEATHER S. KIM**

**EXHIBIT LIST AND EXHIBITS A-W ISO MOTIONS TO DISMISS AND STRIKE AC**

1913302.1



**WOLFE & WYMAN** LLP

EXHIBIT "A"

**James Fitch, Assessor — Recorder**
Kern County Official Records
Recorded at the request of
**Stewart**

SABRINA
1/17/2003
8:00 AM

| | |
|---|---|
| DOC#: **0203009500** | Stat Types: 1    Pages: **18** |

| | |
|---|---|
| Fees | 58.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| PAID | $58.00 |

Recording Requested By:

# STEWART TITLE
01217197-CJ

And After Recording Return To:
NATIONWIDE TITLE CLEARING, INC., ATTN: DA
LA ROSE, SVP ADMINISTRATION
101 N. BRAND BLVD., SUITE 1800
GLENDALE, CALIFORNIA 91203

――――――――――― [Space Above This Line For Recording Data] ―――――――――――

Loan Number: 26730      **DEED OF TRUST**

**MIN:** 1000555-0000026730-3

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)** "Security Instrument" means this document, which is dated      JANUARY 13, 2003      , together with all Riders to this document.
**(B)** "Borrower" is SALMA H. KHAN, A SINGLE WOMAN

Borrower is the trustor under this Security Instrument.
**(C)** "Lender" is GOLDEN EMPIRE MORTGAGE,

Lender is a CORPORATION                                                          organized
and existing under the laws of    CALIFORNIA
Lender's address is 2130 CHESTER AVE, BAKERSFIELD, CALIFORNIA 93301

**(D)** "Trustee" is FIRST AMERICAN TITLE COMPANY, A CALIFORNIA
CORPORATION

**(E)** "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**(F)** "Note" means the promissory note signed by Borrower and dated      JANUARY 13, 2003
The Note states that Borrower owes Lender    SIX HUNDRED FORTY EIGHT THOUSAND
FIVE HUNDRED AND 00/100        Dollars (U.S. $ 648,500.00       ) plus interest.
Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than
FEBRUARY 1, 2033      .

---

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                                      Page 1 of 13

*DocMagic* ℮Ⓡℴⓜⓢ 800-649-1362
www.docmagic.com

Ca30051.mzd

**(G)** **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
**(H)** **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
**(I)** **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
|---|---|---|
| ☐ Balloon Rider | ☒ Planned Unit Development Rider | ☒ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | Prepayment Rider |

**(J)** **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
**(K)** **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
**(L)** **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
**(M)** **"Escrow Items"** means those items that are described in Section 3.
**(N)** **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
**(O)** **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.
**(P)** **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
**(Q)** **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.
**(R)** **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

COUNTY          of    KERN-CA                   :
[Type of Recording Jurisdiction]              [Name of Recording Jurisdiction]

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                          Page 2 of 13                    *DocMagic* 800-649-1362
www.docmagic.com

7

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS
EXHIBIT "A".
A.P.N. #: 523-121-03-00-3

which currently has the address of  11622 HARRINGTON STREET

[Street]

BAKERSFIELD                              , California  93311           ("Property Address"):

[City]                                                    [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be
covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."
Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security
Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors
and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose
and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling
this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right
to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any
encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants
with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
    1.  **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower
shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and
late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments
due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other
instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid,
Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in
one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check,
treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured
by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.
    Payments are deemed received by Lender when received at the location designated in the Note or at such other
location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return
any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender
may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights
hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not
obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of
its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds
until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of
time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          *DocMagic eForms* 800-649-1362
Form 3005 01/01                                    Page 3 of 13                                    *www.docmagic.com*

8

Ca30053.mzd

applied to the outstanding principal balance under the Note immediately prior to foreclosure.  No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

   **2.  Application of Payments or Proceeds.**  Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3.  Such payments shall be applied to each Periodic Payment in the order in which it became due.  Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

   If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge.  If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full.  To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due.  Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

   Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

   **3.  Funds for Escrow Items.**  Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10.  These items are called "Escrow Items."  At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item.  Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section.  Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items.  Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time.  Any such waiver may only be in writing.  In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require.  Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9.  If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount.  Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

   Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA.  Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

   The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank.  Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA.  Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge.  Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds.  Borrower and Lender can agree

in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01
Page 5 of 13
DocMagic *eForms* 800-649-1362
www.docmagic.com

10

notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share

of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) **Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

(b) **Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.**

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                                   Page 8 of 13                          DocMagic €Forms 800-649-1362
www.docmagic.com

13

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall

Ca300511.mzd

cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

**24. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**25. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)          _____ (Seal)
SALMA H. KHAN                  -Borrower                                        -Borrower

_____ (Seal)          _____ (Seal)
                               -Borrower                                        -Borrower

_____ (Seal)          _____ (Seal)
                               -Borrower                                        -Borrower

Witness:                                          Witness:

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01
Page 12 of 13

DocMagic eForms 800-649-1362
www.docmagic.com

17

Ca3005l2.mzd

State of California                          )
                                            ) ss.
County of  KERN                             )

On January 13, 2003 before me,  Laurie E. Abshier

personally appeared  SALMA H.  KHAN

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

**LAURIE E. ABSHIER**
COMM. #1230895
NOTARY PUBLIC · CALIFORNIA
KERN COUNTY
My Comm. Exp. Aug. 28, 2003

NOTARY SIGNATURE

Laurie E. Abshier
(Typed Name of Notary)

NOTARY SEAL

# EXHIBIT "A"

## LEGAL DESCRIPTION

ESCROW NO.: 01217197-CJ
ORDER NO.: 01217197

Lot 3 of Tract No. 5946, Phase C, in the City of Bakersfield, County of Kern, State of California, as per map recorded March 31, 2000 in Book 45, Page 189 of Maps, in the Office of the County Recorder of Said County.

Excepting therefrom all oil, gas and other hydrocarbons and all other minerals of whatever kind or character (all herein collectively called "minerals"), whether now known to exist or hereafter discovered (it being intended that the word "minerals" as used herein shall be defined in the broadest sense of the word and shall include, but not be limited to, oil, gas, other hydrocarbons and all other mineral substances and products, both metallic and nonmetallic, solid, liquid or gaseous), which are upon, in, under or may be produced from said real property; provided however, that unless the consent of the surface owners is first obtained, grantor, its successors and assigns shall not enter upon the surface or in or through the upper 500 feet of the subsurface in the exercise of the rights excepted and reserved herein, as reserved by Tenneco West Inc., a Delaware Corporation, in deed recorded December 31, 1967 in Book 6081, Page 373 and re-recorded February 11, 1988 in Book 6093 Page 724 of Official Records.

All right of entry to the surface to a depth of 500 feet below the surface has been quitclaimed and remised by Vintage Petroleum Inc., by deeds recorded October 1, 1999 as Instrument No. 0199141392 and October 5, 1999 as Instrument No. 0199142622 of Official Records.

Loan Number: 26730

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this        13th        day of JANUARY    2003                  , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to   GOLDEN EMPIRE MORTGAGE,
(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

11622 HARRINGTON STREET, BAKERSFIELD, CALIFORNIA 93311
[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in  COVENANTS, CONDITIONS AND RESTRICTIONS OF RECORD

(the "Declaration"). The Property is a part of a planned unit development known as

SEVEN OAKS
[Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

**PUD COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. PUD Obligations.** Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

**B. Property Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

---

MULTISTATE PUD RIDER--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3150 1/01                          Page 1 of 2

*DocMagic* ℮Ϝⱃⱃⱔⱔ 800-649-1362
www.docmagic.com

Us31501.rid

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

| | |
|---|---|
| _S h Vhadhl_ (Seal) -Borrower | _____ (Seal) -Borrower |
| SALMA H. KHAN | |
| _____ (Seal) -Borrower | _____ (Seal) -Borrower |
| _____ (Seal) -Borrower | _____ (Seal) -Borrower |

MULTISTATE PUD RIDER--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3150 1/01                               Page 2 of 2

*DocMagic eForms* 800-649-1362
www.docmagic.com

U431502.rid

Loan Number 26730

# PREPAYMENT PENALTY DISCLOSURE
## (Multi-state)

**Loan Applicant(s):**   SALMA H. KHAN

**Property Address:**   11622 HARRINGTON STREET, BAKERSFIELD, CALIFORNIA 93311

You are entering into a residential mortgage loan that will be secured by the property referenced above. The terms of your loan provide for the payment of a prepayment charge as described below.

If, within the   36   month(s) period beginning with the date you execute the Note (the "Penalty Period"), you make a full prepayment, or partial prepayment in any twelve (12)-month period that exceeds 20% of the original principal loan amount, you will pay a prepayment charge as consideration for the Note Holder's acceptance of such prepayment. The prepayment charge will equal the amount of interest that would accrue during a six (6)-month period on the amount prepaid that exceeds 20% of the original principal balance of the Note, calculated at the rate of interest in effect under the terms of the Note at the time of prepayment, unless otherwise prohibited by applicable law or regulation. No prepayment penalty will be assessed for any prepayment made after the Penalty Period.

Notwithstanding the foregoing, in the event of a full prepayment concurrent with a bona fide sale of the Property to an unrelated third party after the first   0   month(s) of the term of the Note, no prepayment penalty will be assessed. In that event, you must provide the Note Holder with evidence acceptable to the Note Holder of such sale. For purposes of this exception to the prepayment charge, a sale of the property to a person or entity with whom you have a personal or business relationship (such as a family member, builder, developer or employer) will be presumed NOT to be a bona fide sale of the Property to an unrelated third party.

ACKNOWLEDGMENT: I/We hereby acknowledge receiving this disclosure.


_____   _____
SALMA H. KHAN                     Date                         Date


_____   _____
                                  Date                         Date


_____   _____
                                  Date                         Date


PREPAYMENT PENALTY DISCLOSURE
603B3-MULTI-STATE DISCLOSURE
11/16/99

DocMagic eForms   800-649-1362
www.docmagic.com

22

Uc603b3.xls

Loan Number 26730

# PREPAYMENT RIDER
## (Multi-State)

This Prepayment Rider is made this 13th day of JANUARY, 2003 and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note (the "Note") to GOLDEN EMPIRE MORTGAGE,, A CALIFORNIA CORPORATION (the "Lender") of the same date and covering the property described in the Security Instrument and located at 11622 HARRINGTON STREET, BAKERSFIELD, CALIFORNIA 93311

(the "Property").

**Additional Covenants.** Notwithstanding anything to the contrary set forth in the Note or Security Instrument, Borrower and Lender further covenant and agree as follows:

Borrower has the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." A "full prepayment" is the prepayment of the entire unpaid principal due under the Note. A payment of only part of the unpaid principal is known as a "partial prepayment."

**If, within the 36 month(s) period beginning with the date Borrower executes the Note (the "Penalty Period"), Borrower makes a full prepayment, or partial prepayment in any twelve (12)-month period that exceeds 20% of the original principal loan amount, Borrower will pay a prepayment charge as consideration for the Note Holder's acceptance of such prepayment. The prepayment charge will equal the amount of interest that would accrue during a six (6)-month period on the amount prepaid that exceeds 20% of the original principal balance of the Note, calculated at the rate of interest in effect under the terms of the Note at the time of the prepayment, unless otherwise prohibited by applicable law or regulation. No prepayment charge will be assessed for any prepayment occurring after the Penalty Period.**

Notwithstanding the foregoing, in the event of a full prepayment concurrent with a bona fide sale of the Property to an unrelated third party after the first 0 month(s) of the term of the Note, no prepayment penalty will be assessed. In that event, Borrower agrees to provide the Note Holder with evidence acceptable to the Note Holder of such sale.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Prepayment Rider.

_____ (Seal)
SALMA H. KHAN            -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

PREPAYMENT RIDER - 603B2 Multi-State
11/15/99

DocMagic eFerms 800-649-1362
www.docmagic.com



WOLFE & WYMAN LLP

EXHIBIT "B"

**James W. Fitch, Assessor – Recorder**   SOFIR
Kern County Official Records                3/08/2010
Recorded at the request of                 8:16 AM
Public

| D O C #: | 0210030116 | | Stat Types: 1 | Pages: 2 |
|---|---|---|---|---|

Requested and Prepared by:
CR Title Services, Inc.



| | |
|---|---|
| Fees | 15.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| PAID | $15.00 |

## Stewart Title

When Recorded Mail To:
**CR Title Services, Inc.**
**1000 TECHNOLOGY DRIVE MS 314**
**O'FALLON, MO 63368**

APN: 523-121-03-00-3

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No: **T10-59927-CA**                Order No: **3206-284441**

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned corporation hereby grants, assigns, and transfers to:

CITIMORTGAGE INC.

all beneficial interest under that certain Deed of Trust dated: **01-13-2003** executed by **SALMA H. KHAN, A SINGLE WOMAN**, as Trustor(s), to **FIRST AMERICAN TITLE COMPANY, A CALIFORNIA CORPORATION**, as Trustee, recorded **01-17-2003**, as Instrument No. **0203009500**, in Book , Page , , of Official Records, in the office of the County Recorder of **KERN** County, **CALIFORNIA** together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

Date: March 04, 2010

**TS:** T10-59927-CA

"MERS" IS MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.

Richard Martinez
Assistant Vice President

State of AZ }ss
County of PIMA}ss

On March 04, 2010 before me, Stephen D. Cochran Notary Public, personally
appeared Richard Martinez, who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Arizona that
the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (seal)
Stephen D. Cochran Notary Public

OFFICIAL SEAL
STEPHEN D. COCHRAN
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan. 18, 2014



**WOLFE & WYMAN** LLP

EXHIBIT "C"

**James W. Fitch, Assessor—Recorder**
Kern County Official Records

Recorded at the request of
**Public**

SOFIR
3/08/2010
8:16 AM

RECORDING REQUESTED BY:

**Stewart Title**

WHEN RECORDED MAIL TO:
CR TITLE SERVICES INC.
1000 TECHNOLOGY DRIVE MS 314
O'FALLON, MO 63368
3200 - 28444

DOC#: 0210030118



| Stat Types: 1 | Pages: 3 |
|---|---|
| Fees | 17.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| PAID | $17.00 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No.: T10-59927-CA/ APN: 523-121-03-00-3

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,**
and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$27,122.77** as of **03-03-2010**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

CITIMORTGAGE INC.
C/O CitiMortgage Inc.
**ATTN: FORECLOSURE DEPARTMENT**

28

TS No.: **T10-59927-CA**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**1000 TECHNOLOGY DRIVE MS 314**
**O'FALLON, MO 63368**
**Phone: 877-576-0472**

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **CR Title Services, Inc.** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **01-13-2003**, executed by **SALMA H. KHAN, A SINGLE WOMAN**, as Trustor, to secure certain obligations in favor of **"MERS" IS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, as beneficiary, recorded **01-17-2003**, as Instrument No. **0203009500**, in Book , Page , , of Official Records in the Office of the Recorder of **KERN** County, California describing land therein as: AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST

including **1 NOTE(S) FOR THE ORIGINAL** sum of **$648,500.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**INSTALLMENT OF PRINCIPAL AND INTEREST PLUS IMPOUNDS AND / OR ADVANCES WHICH BECAME DUE ON 11/01/2009 PLUS LATE CHARGES, AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST, BALLOON PAYMENTS, PLUS IMPOUNDS AND/OR ADVANCES AND LATE CHARGES THAT BECOME PAYABLE.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**Dated: 03-04-2010**                    **CR Title Services, Inc., AS AGENT FOR THE BENEFICIARY by STEWART TITLE OF CA, AS AUTHORIZED AGENT**


**BY:**
                    STEVE DUNSMORE

Federal Law requires us to notify you that we are acting as a debt collector. If you are currently in a bankruptcy or have received a discharge in bankruptcy as to this obligation, this communication is intended for informational purposes only and is not an attempt to collect a debt in violation of the automatic stay or the discharge injunction.

T10 – 59927 – CA

Declaration Re: Borrower Contact and Due Diligence Pursuant to CC §2923.5 and instructions to Trustee
Re: Notice of Default

Re:   **SALMA H KHAN**
      **11622 HARRINGTON ST**
      **BAKERSFIELD, CA 93311**
      **CitiMortgage**
      **0626330641**


The undersigned beneficiary or their authorized agent for the beneficiary hereby represents and declares
as follows:

1. x  On <u>November 11, 2009</u> the beneficiary or their authorized agent contacted the borrower(s) to assess
their financial situation and to explore options to avoid foreclosure. During this contact the
borrower(s) was advised he or she has the right to schedule a follow-up meeting to occur within
14 days. Further, the borrower(s) was provided the toll-free telephone number to find a HUD-
certified housing counseling agency.

2. <u>NA</u>  No contact was made with the borrower despite the due diligence of beneficiary or their
authorized agent's pursuant to California Civil Code §2923.5(g), including (a) Mailing a first-class letter
to the borrower(s) which included a toll free number to contact a HUD-certified housing counseling
agency; (b) Attempting to contact the borrower(s) by telephone at the primary telephone number on file at
least three times at different hours and on different days or determined that the primary and secondary
phone numbers on file were disconnected; and (c) Having received no response from the borrower(s) for
14 days after the telephone contact efforts were complete, an additional letter was sent to the borrower(s)
via certified mail, with return receipt requested.

3. <u>NA</u>  The borrower has surrendered the secured property as evidenced by a letter confirming the
surrender or by delivery of the keys to the secured property to the beneficiary, their authorized agent or
the trustee.

4. <u>NA</u>  The Beneficiary or their authorized agent has evidence and reasonably believes that the borrower
has contracted with an organization, person, or entity whose primary business is advising people who
have decided to leave their homes on how to extend the foreclosure process and to avoid their contractual
obligations to beneficiaries.

5. <u>NA</u>  The beneficiary or their authorized agent has confirmed that the borrower(s) filed for bankruptcy
and the proceedings have not been finalized to wit, there is no order on the court's docket closing or
dismissing the bankruptcy case.

6. <u>NA</u>  The provisions of California Civil Code §2923.5 do not apply because the loan is not a residential
mortgage loans originated between January 1, 2003 and December 31, 2007 secured by the borrower's
principal residence.

The undersigned instructs the trustee to proceed with non-judicial foreclosure proceedings and expressly
authorizes the trustee or their authorized agent to sign the notice of default containing the declaration re:
contact required pursuant to California Civil Code §2923.5.

Dated:  <u>February 27, 2010</u>

By:   <u>Stephanie Young</u>

 **WOLFE & WYMAN** LLP

# EXHIBIT "D"

RECORDING REQUESTED BY:

STEWART TITLE OF CA

AND WHEN RECORDED MAIL TO:

CR TITLE SERVICES INC.
1000 TECHNOLOGY DRIVE MS 314
O'FALLON, MO 63368

**James W. Fitch, Assessor—Recorder**    **SOFIR**
Kern County Official Records                         3/08/2010
Recorded at the request of                            8:16 AM
**Public**

DOC#:   0210030117



| Slat Types: 1 | Pages: | 2 |
|---|---|---|
| Fees | | 15.00 |
| Taxes | | 0.00 |
| Others | | 0.00 |
| PAID | | $15.00 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No.: T10-59927-CA                    Order No.: 3206-284441

# SUBSTITUTION OF TRUSTEE

    WHEREAS, SALMA H. KHAN, A SINGLE WOMAN was the original Trustor, FIRST AMERICAN TITLE COMPANY, A CALIFORNIA CORPORATION was the original Trustee, and "MERS" IS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. was the original Beneficiary under that certain Deed of Trust dated 01-13-2003 and recorded on 01-17-2003 as Instrument No. 0203009500, in book , page , of Official Records of KERN County, CALIFORNIA; and

    WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

    WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

    NOW, THEREFORE, the undersigned hereby substitutes CR Title Services, Inc., as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated: March 04, 2010

T10-59927-CA

## Substitution of Trustee

CITIMORTGAGE INC.

By: _Richard Martinez_
Richard Martinez
Assistant Vice President

State of AZ }
County of PIMA }

On March 04, 2010 before me, Stephen D. Cochran Notary Public, personally appeared Richard Martinez, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Arizona that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Stephen D. Cochran_ (seal)

Stephen D. Cochran Notary Public

OFFICIAL SEAL
STEPHEN D. COCHRAN
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan. 18, 2014



**WOLFE & WYMAN** LLP

EXHIBIT "E"

MEANSNO, BAKERSFIELD, DISCHARGED, ADVPEND, REOPENED, NOCLOSE, TRANSFER

## U.S. Bankruptcy Court
### Eastern District of California (Fresno)
### Bankruptcy Petition #: 10-16183

| | |
|---|---|
| | *Date filed:* 05/30/2010 |
| *Assigned to:* Hon. W. Richard Lee | *Date reopened:* 09/18/2012 |
| Chapter 7 | *Debtor discharged:* 09/23/2010 |
| Voluntary | *341 meeting:* 08/27/2010 |
| Asset | *Deadline for filing claims:* 02/13/2013 |
| | *Deadline for objecting to discharge:* 09/10/2010 |
| | *Deadline for financial mgmt. course:* 08/26/2010 |

*Debtor disposition:* Standard Discharge

**Debtor**
**Salma H. Agha**
11622 Harrington St
Bakersfield, CA 93311
KERN-CA
SSN / ITIN: xxx-xx-9600

represented by **William R. Cumming**
3080 Bristol Street, #630
Costa Mesa, CA 90292
714-432-6494

**Trustee**
**Jeffrey M. Vetter**
PO Box 2424
Bakersfield, CA 93303
(661) 809-6806

represented by **Lisa Holder**
4550 California Ave 2nd Fl
Bakersfield, CA 93309
(661) 395-1000

**U.S. Trustee**
**Office of the U.S. Trustee**
United States Courthouse
2500 Tulare Street, Room 1401
Fresno, CA 93721

**U.S. Trustee**
**August B. Landis**

represented by **Mark Pope**
2500 Tulare St #1401
Fresno, CA 93721
(559) 487-5002

| Filing Date | # | Docket Text |
|---|---|---|
| 05/30/2010 | 1 | Chapter 7 Voluntary Petition. Missing Document(s): Verification and Master Address List due by 6/7/2010; Statement of Financial Affairs; Attorney Disclosure Statement; Summary of schedules; Statistical Summary; Schedule A - Real Property; Schedule B - Personal Property; Schedule C - Exempt Property; Schedule D - Secured Creditors; Schedule E - Unsecured Priority Creditor; Schedule F - Unsecured Nonpriority Creditors; Schedule G - Exec. Contracts & Unexpired Leases; Schedule H - Codebtors; Schedule I - Current Income of Individual; Schedule J - Current Expenditures; Means Test - Form 22A; Document(s) due by 6/14/2010. (tjof) (Entered: 06/01/2010) |
| 05/30/2010 | 4 | Statement of Social Security Number(s) (tjof) (Entered: 06/01/2010) |
| 05/30/2010 | 5 | Certificate of Credit Counseling - Debtor (auto) (Entered: 06/01/2010) |
| 05/31/2010 | | Chapter 7 Voluntary Petition (Filing Fee Paid: $299.00, Receipt Number: I-10-09302) (auto) (Entered: 06/01/2010) |

| | | |
|---|---|---|
| 06/01/2010 | | Meeting of Creditors to be held on 07/12/2010 at 04:30 PM at Bakersfield Meeting Room. Last day to oppose discharge: 09/10/2010. (tjof) (Entered: 06/01/2010) |
| 06/01/2010 | 2 | Notice of Appointment of Interim Trustee Jeffrey M. Vetter (auto) (Entered: 06/01/2010) |
| 06/01/2010 | 3 | Notice of Incomplete Filing and Notice of Intent to Dismiss Case If Documents Are Not Timely Filed. (tjof) (Entered: 06/01/2010) |
| 06/02/2010 | 6 | Copy of Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as transmitted to BNC for service. (morf) (Entered: 06/02/2010) |
| 06/02/2010 | 7 | Notice of Requirement to Complete Course in Financial Management Course Certificate as Transmitted to BNC for Service. (Admin) (Entered: 06/02/2010) |
| 06/02/2010 | 8 | BNC 341 Notice Requested (CMX) (Entered: 06/02/2010) |
| 06/02/2010 | 9 | Certificate of Mailing of Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 06/04/2010) |
| 06/02/2010 | 10 | Certificate of Mailing of Notice of Meeting of Creditors as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 06/04/2010) |
| 06/02/2010 | 11 | Certificate of Mailing of Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 06/04/2010) |
| 06/11/2010 | 12 | Motion/Application to Extend Deadline to File Schedules or Provide Required Information [WRC-1] Filed by Debtor Salma H. Agha (kcnf) (Entered: 06/11/2010) |
| 06/11/2010 | 13 | Certificate/Proof of Service 12 Motion/Application to Extend Deadline to File Schedules or Provide Required Information [WRC-1] (kcnf) (Entered: 06/11/2010) |
| 06/14/2010 | 14 | Order Granting 12 Motion To Extend Deadline to File Schedules or Provide Required Information; Documents due: 6/28/10 [WRC-1] Re: Statement of Financial Affairs; Attorney Disclosure Statement; Summary of schedules; Statistical Summary; Schedule A - Real Property; Schedule B - Personal Property; Schedule C - Exempt Property; Schedule D - Secured Creditors; Schedule E - Unsecured Priority Creditor; Schedule F - Unsecured Nonpriority Creditors; Schedule G - Exec. Contracts & Unexpired Leases; Schedule H - Codebtors; Schedule I - Current Income of Individual; Schedule J - Current Expenditures; Means Test - Form 22A; (morf) (Entered: 06/14/2010) |
| 06/15/2010 | 15 | Request for Special Notice Filed by Creditor American Express Centurion Bank (morf) (Entered: 06/15/2010) |
| 06/17/2010 | | Motion Fee Paid ($150.00, Receipt Number: 1-10-10303) (auto) (Entered: 06/17/2010) |
| 06/17/2010 | 16 | Motion/Application for Relief from Stay [MIG-1] Filed by Creditor Aurora Loan Services LLC (Fee Paid $150) (morf) (Entered: 06/17/2010) |
| 06/17/2010 | 17 | Notice of Hearing Re: 16 Motion/Application for Relief from Stay [MIG-1] to be held on 7/29/2010 at 01:00 PM at Bakersfield Hearing Location. (morf) (Entered: 06/17/2010) |
| 06/17/2010 | 18 | Declaration of Kimberly Dotson in support of 16 Motion/Application for Relief from Stay [MIG-1] (morf) (Entered: 06/17/2010) |
| 06/17/2010 | 19 | Exhibit(s) in support of 16 Motion/Application for Relief from Stay [MIG-1] (morf) (Entered: |

36

| | | |
|---|---|---|
| | | 06/17/2010) |
| 06/17/2010 | 20 | Movant's Information Sheet (Section 362) Re: 16 Motion/Application for Relief from Stay [MIG-1] (morf) (Entered: 06/17/2010) |
| 06/17/2010 | 21 | Certificate/Proof of Service of 16 Motion/Application for Relief from Stay [MIG-1], 17 Notice of Hearing, 18 Declaration, 19 Exhibit(s), 20 Movant's Information Sheet (Section 362) (morf) (Entered: 06/17/2010) |
| 06/28/2010 | 22 | Motion/Application to Extend Deadline to File Schedules or Provide Required Information [WRC-2] Filed by Debtor Salma H. Agha (morf) (Entered: 06/28/2010) |
| 06/28/2010 | 23 | Certificate/Proof of Service of Proposed Order, 22 Motion/Application to Extend Deadline to File Schedules or Provide Required Information [WRC-2] (morf) (Entered: 06/28/2010) |
| 06/30/2010 | 24 | Order Granting 22 Motion To Extend Deadline to File Schedules or Provide Required Information; Documents due: 7/13/10 [WRC-2] Re: Statement of Financial Affairs; Attorney Disclosure Statement; Summary of schedules; Statistical Summary; Schedule A - Real Property; Schedule B - Personal Property; Schedule C - Exempt Property; Schedule D - Secured Creditors; Schedule E - Unsecured Priority Creditor; Schedule F - Unsecured Nonpriority Creditors; Schedule G - Exec. Contracts & Unexpired Leases; Schedule H - Codebtors; Schedule I - Current Income of Individual; Schedule J - Current Expenditures; Means Test - Form 22A; (morf) (Entered: 07/01/2010) |
| 07/01/2010 | 25 | Certificate/Proof of Service of 24 Order on Motion to Extend Deadline to File Schedules [WRC-2] (morf) (Entered: 07/01/2010) |
| 07/06/2010 | 26 | Verification and Master Address List Re: 1 Voluntary Petition (Fee Paid $26) (morf) (Entered: 07/07/2010) |
| 07/06/2010 | 27 | Certificate/Proof of Service of 8 Notice of Meeting of Creditors (morf) (Entered: 07/07/2010) |
| 07/07/2010 | | AMENDMENT Fee Paid ($26.00, Receipt Number: 1-10-11519) (auto) (Entered: 07/07/2010) |
| 07/12/2010 | | Report of Trustee at 341 Meeting. 341 Meeting was held on 07/12/10. Debtor Did Not Appear; Counsel Did Not Appear; Continued Meeting of Creditors to be held on 7/16/2010 at 04:30 PM at Bakersfield Meeting Room. (Vetter, Jeffrey) (Entered: 07/12/2010) |
| 07/13/2010 | 28 | Summary of Schedules Statistical Summary Schedules A - J Statement of Financial Affairs Disclosure of Attorney Compensation (Filing Fee Not Paid or Not Required) (morf) (Entered: 07/14/2010) |
| 07/13/2010 | 28 | Statement of Intention (morf) (Entered: 07/14/2010) |
| 07/13/2010 | 28 | Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A Re: 1 Voluntary Petition (morf) (Entered: 07/14/2010) |
| 07/19/2010 | | Report of Trustee at 341 Meeting. 341 Meeting was held on 07/16/2010. Debtor Appeared; Counsel Appeared; Continued Meeting of Creditors to be held on 8/13/2010 at 04:30 PM at Bakersfield Meeting Room. (Vetter, Jeffrey) (Entered: 07/19/2010) |
| 07/29/2010 | 29 | Civil Minutes -- Hearing/Motion Resolved without Oral Argument Re: 16 Motion/Application for Relief from Stay [MIG-1] GRANTED (gpaf) (Entered: 07/29/2010) |
| 07/30/2010 | 30 | Order Granting 16 Motion/Application for Relief from Stay [MIG-1] (morf) (Entered: 07/30/2010) |

| | | |
|---|---|---|
| 07/30/2010 | 31 | Certificate/Proof of Service of 30 Order on Motion/Application for Relief From Stay [MIG-1] (morf) (Entered: 07/30/2010) |
| 08/16/2010 | | Report of Trustee at 341 Meeting. 341 Meeting was held on 08/13/2010. Debtor Did Not Appear; Counsel Did Not Appear; Continued Meeting of Creditors to be held on 8/27/2010 at 04:30 PM at Bakersfield Meeting Room. (Vetter, Jeffrey) (Entered: 08/16/2010) |
| 08/27/2010 | 32 | Notice of Intent to Close Chapter 7 Case Without Entry of Discharge Due to Failure to File Financial Management Course Certificate as Transmitted to BNC for Service. (Admin) (Entered: 08/27/2010) |
| 08/27/2010 | 33 | Certificate of Mailing of Notice of Intent to Close Chapter 7 Case Without Entry of Discharge Due to Failure to File Financial Management Course Certificate as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/29/2010) |
| 08/30/2010 | | Chapter 7 Trustee's Report of No Distribution. The Section 341 Meeting was concluded on 08/27/2010. I, Jeffrey M. Vetter, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 3 months. Assets Abandoned (without deducting any secured claims): $ 2697798.00, Assets Exempt: Not Available, Claims Scheduled: $ 4599985.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 4599985.00. (Vetter, Jeffrey) (Entered: 08/30/2010) |
| 08/31/2010 | 34 | Notice of Filing Report of No Distribution as Transmitted to BNC for Service. Objections Due 09/30/2010. (Admin) (Entered: 08/31/2010) |
| 08/31/2010 | 35 | Certificate of Mailing of Notice of Filing Report of No Distribution as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/02/2010) |
| 09/07/2010 | | Motion Fee Paid ($150.00, Receipt Number: 1-10-15510) (auto) (Entered: 09/08/2010) |
| 09/07/2010 | 36 | Motion/Application for Relief from Stay [MKB-1] Filed by Creditor Union Bank, N.A. (Fee Paid $150) (dchf) (Entered: 09/08/2010) |
| 09/07/2010 | 37 | Notice of Hearing Re: 36 Motion/Application for Relief from Stay [MKB-1] to be held on 10/5/2010 at 01:30 PM at Fresno Courtroom 11, Department A. (dchf) (Entered: 09/08/2010) |
| 09/07/2010 | 38 | Declaration of Jason Shepard in support of 36 Motion/Application for Relief from Stay [MKB-1] (dchf) (Entered: 09/08/2010) |
| 09/07/2010 | 39 | Exhibit(s) to 38 Declaration [MKB-1] (dchf) (Entered: 09/08/2010) |
| 09/07/2010 | 40 | Movant's Information Sheet (Section 362) Re: 36 Motion/Application for Relief from Stay [MKB-1] (dchf) (Entered: 09/08/2010) |
| 09/07/2010 | 41 | Certificate/Proof of Service of 36 Motion/Application for Relief from Stay [MKB-1], 37 Notice of Hearing, 38 Declaration, 39 Exhibit(s), 40 Movant's Information Sheet (Section 362) (dchf) (Entered: 09/08/2010) |
| 09/08/2010 | 42 | Amended Notice of Hearing Re: 36 Motion/Application for Relief from Stay [MKB-1] to be held |

|  |  |  | on 10/27/2010 at 01:00 PM at Bakersfield Hearing Location. (morf) (Entered: 09/09/2010) |
|---|---|---|---|
| 09/08/2010 | | 43 | Certificate/Proof of Service of 36 Motion/Application for Relief from Stay [MKB-1], 38 Declaration, 39 Exhibit(s), 40 Movant's Information Sheet (Section 362), 42 Amended Notice of Hearing (morf) (Entered: 09/09/2010) |
| 09/16/2010 | | | Motion Fee Paid ($150.00, Receipt Number: 1-10-16062) (auto) (Entered: 09/16/2010) |
| 09/16/2010 | | 44 | Motion/Application for Relief from Stay [SKI-1] Filed by Creditor Daimler Trust (Fee Paid $150) (cwaf) (Entered: 09/16/2010) |
| 09/16/2010 | | 45 | Notice of Hearing Re: 44 Motion/Application for Relief from Stay [SKI-1] to be held on 10/27/2010 at 01:00 PM at Bakersfield Hearing Location. (cwaf) (Entered: 09/16/2010) |
| 09/16/2010 | | 46 | Declaration of Lakesha Washington in support of 44 Motion/Application for Relief from Stay [SK1-1] (cwaf) (Entered: 09/16/2010) |
| 09/16/2010 | | 47 | Exhibit(s) in support of 44 Motion/Application for Relief from Stay [SK1-1] (cwaf) (Entered: 09/16/2010) |
| 09/16/2010 | | 48 | Movant's Information Sheet (Section 362) Re: 44 Motion/Application for Relief from Stay [SK1-1] (cwaf) (Entered: 09/16/2010) |
| 09/16/2010 | | 49 | Certificate/Proof of Service of 44 Motion/Application for Relief from Stay [SKI-1], 45 Notice of Hearing, 46 Declaration, 47 Exhibit(s), 48 Movant's Information Sheet (Section 362) (cwaf) (Entered: 09/16/2010) |
| 09/20/2010 | | 50 | Financial Management Course Certificate as to Debtor (dchf) (Entered: 09/20/2010) |
| 09/23/2010 | | 51 | Discharge of Debtor as Transmitted to BNC for Service (morf) (Entered: 09/23/2010) |
| 09/23/2010 | | 52 | Certificate of Mailing of Discharge of Debtor as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/25/2010) |
| 10/26/2010 | | | Motion Fee Paid ($150.00, Receipt Number: 1-10-21444) (auto) (Entered: 10/27/2010) |
| 10/26/2010 | | 53 | Motion/Application for Relief from Stay [RCO-1] Filed by Creditor GMAC Mortgage, LLC (Fee Paid $150) (morf) (Entered: 10/27/2010) |
| 10/26/2010 | | 53 | Motion/Application for Adequate Protection [RCO-1] Filed by Creditor GMAC Mortgage, LLC (morf) (Entered: 10/27/2010) |
| 10/26/2010 | | 54 | Notice of Hearing Re: 53 Motion/Application for Relief from Stay [RCO-1], 53 Motion/Application for Adequate Protection [RCO-1] to be held on 12/14/2010 at 01:00 PM at Bakersfield Hearing Location. (morf) (Entered: 10/27/2010) |
| 10/26/2010 | | 55 | Declaration of Joseph Cartwright in support of 53 Motion/Application for Relief from Stay [RCO-1], 53 Motion/Application for Adequate Protection [RCO-1] (morf) (Entered: 10/27/2010) |
| 10/26/2010 | | 56 | Exhibit(s) in support of 55 Declaration [RCO-1] (morf) (Entered: 10/27/2010) |
| 10/26/2010 | | 57 | Movant's Information Sheet (Section 362) Re: 53 Motion/Application for Relief from Stay [RCO-1] (morf) (Entered: 10/27/2010) |
| 10/26/2010 | | 58 | Certificate/Proof of Service of 53 Motion/Application for Relief from Stay [RCO-1], 53 Motion/Application for Adequate Protection [RCO-1], 54 Notice of Hearing, 55 Declaration, 56 Exhibit(s), 57 Movant's Information Sheet (Section 362) (morf) (Entered: 10/27/2010) |

     1/22/2015 6:28 PM

| | | |
|---|---|---|
| 10/27/2010 | 59 | Civil Minutes -- Hearing/Motion Resolved without Oral Argument Re: 36 Motion/Application for Relief from Stay [MKB-1] GRANTED IN PART; DENIED AS MOOT IN PART (gpaf) (Entered: 10/27/2010) |
| 10/27/2010 | 60 | Civil Minutes -- Hearing/Motion Resolved without Oral Argument Re: 44 Motion/Application for Relief from Stay [SKI-1] DENIED AS MOOT (gpaf) (Entered: 10/27/2010) |
| 10/28/2010 | 61 | Order Granting in part, Denying in part 36 Motion/Application for Relief from Stay [MKB-1] (morf) (Entered: 10/28/2010) |
| 10/29/2010 | 62 | Certificate/Proof of Service of Proposed Order Re: 44 Motion/Application for Relief from Stay [SKI-1] (morf) (Entered: 10/29/2010) |
| 11/01/2010 | 63 | Order Denying 44 Motion/Application for Relief from Stay [SKI-1] (rgaf) Modified on 11/3/2010 (morf). (Entered: 11/02/2010) |
| 12/14/2010 | 64 | Civil Minutes -- Hearing/Motion Resolved without Oral Argument Re: 53 Motion/Application for Relief from Stay [RCO-1] GRANTED IN PART; DENIED IN PART (vmcf) (Entered: 12/14/2010) |
| 12/16/2010 | 65 | Order Granting in part, Denying in part 53 Motion/Application for Relief from Stay [RCO-1] (morf) (Entered: 12/16/2010) |
| 12/16/2010 | | Motion/Application for Adequate Protection, Document Number 53, Terminated. See 65 Order on Motion/Application for Relief From Stay [RCO-1] (morf) (Entered: 12/16/2010) |
| 01/07/2011 | 66 | Bankruptcy Case Closed. Final Decree as Transmitted to BNC for Service (Admin.) (Entered: 01/07/2011) |
| 01/07/2011 | 67 | Certificate of Mailing of Final Decree as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 01/09/2011) |
| 03/31/2011 | | Change of Address Submitted for Attorney Brett Ryan by e-Filing User Account Maintenance Utility. Address changed from: 505 N Tustin Ave #243 , Santa Ana CA 92705 to: 1241 E. Dyer Road, Suite 250 , Santa Ana CA 92705. (Entered: 03/31/2011) |
| 08/19/2011 | | Change of Address Submitted for Attorney William Cumming by e-Filing User Account Maintenance Utility. Address changed from: 575 Anton Blvd #300 , Costa Mesa CA 90292 to: 3080 Bristol Street, #630 , Costa Mesa CA 90292. (Entered: 08/19/2011) |
| 08/19/2011 | | Change of Address Submitted for Attorney William Cumming by e-Filing User Account Maintenance Utility. Address changed from: 3080 Bristol Street, #630 , Costa Mesa CA 90292 to: 3080 Bristol Street, Suite 630 , Costa Mesa CA 90292. (Entered: 08/19/2011) |
| 08/24/2011 | | Change of Address Submitted for Attorney William Cumming by e-Filing User Account Maintenance Utility. Address changed from: 3080 Bristol Street, Suite 630 , Costa Mesa CA 90292 to: 3080 Bristol Street, #630 , Costa Mesa CA 90292. (Entered: 08/24/2011) |
| 09/06/2012 | | 10COPYCERTIFY Fee Paid ($28.50, Receipt Number: 1-12-11035) (auto) (Entered: 09/06/2012) |
| 09/13/2012 | 68 | Motion/Application to Reopen Chapter 7 Bankruptcy Case [UST-1] Filed by U.S. Trustee August B. Landis Update Deadline; Follow Up 10/15/2012. (morf) (Entered: 09/13/2012) |
| 09/13/2012 | 69 | Certificate/Proof of Service of Proposed Order, 68 Motion/Application to Reopen Chapter 7 Bankruptcy Case [UST-1] (morf) (Entered: 09/13/2012) |
| 09/18/2012 | 70 | Order Granting 68 Motion/Application To Reopen Bankruptcy Case [UST-1] (cwaf) (Entered: |

40

| | | 09/19/2012) |
|---|---|---|
| 09/19/2012 | <u>71</u><br>(1 pg) | Notice of Appointment of Interim Trustee (cwaf) (Entered: 09/19/2012) |
| 11/08/2012 | <u>72</u> | Motion/Application to Employ Lisa Holder as Attorney(s) [KDG-1] Filed by Trustee Jeffrey M. Vetter (morf) (Entered: 11/09/2012) |
| 11/08/2012 | <u>73</u> | Declaration of Lisa Holder in support of <u>72</u> Motion/Application to Employ Lisa Holder as Attorney(s) [KDG-1] (morf) (Entered: 11/09/2012) |
| 11/08/2012 | <u>74</u> | Certificate/Proof of Service of Proposed Order, <u>72</u> Motion/Application to Employ Lisa Holder as Attorney(s) [KDG-1], <u>73</u> Declaration (morf) (Entered: 11/09/2012) |
| 11/10/2012 | | Trustee's Notice of Assets and 341 Meeting Concluded. The 341 Meeting was held on 07/12/2010. (Vetter, Jeffrey) (Entered: 11/10/2012) |
| 11/13/2012 | <u>75</u><br>(1 pg) | Notice to Creditors to File Proof of Claim as Transmitted to BNC for Service Proofs of Claim due by 2/13/2013. (morf) (Entered: 11/13/2012) |
| 11/13/2012 | <u>76</u><br>(4 pgs) | Certificate of Mailing of Notice to File Claims as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 11/15/2012) |
| 11/21/2012 | <u>77</u> | Order Granting <u>72</u> Motion/Application to Employ Lisa Holder [KDG-1] (morf) (Entered: 11/21/2012) |
| 11/27/2012 | <u>78</u> | Motion/Application to Sell [KDG-2] Filed by Trustee Jeffrey M. Vetter (morf) (Entered: 11/28/2012) |
| 11/27/2012 | <u>79</u> | Notice of Hearing Re: <u>78</u> Motion/Application to Sell [KDG-2] to be held on 12/18/2012 at 01:00 PM at Bakersfield Hearing Location. (morf) (Entered: 11/28/2012) |
| 11/27/2012 | <u>80</u> | Declaration of Jeffrey Vetter in support of <u>78</u> Motion/Application to Sell [KDG-2] (morf) (Entered: 11/28/2012) |
| 11/27/2012 | <u>81</u> | Exhibit(s) in support of <u>78</u> Motion/Application to Sell [KDG-2] (morf) (Entered: 11/28/2012) |
| 11/27/2012 | <u>82</u> | Certificate/Proof of Service of <u>79</u> Notice of Hearing [KDG-2] (morf) (Entered: 11/28/2012) |
| 11/27/2012 | <u>83</u> | Certificate/Proof of Service of <u>78</u> Motion/Application to Sell [KDG-2], <u>79</u> Notice of Hearing, <u>80</u> Declaration, <u>81</u> Exhibit(s) (morf) (Entered: 11/28/2012) |
| 12/10/2012 | | 50COPYCERTIFY Fee Paid ($14.50, Receipt Number: 1-12-14512) (auto) (Entered: 12/10/2012) |
| 12/18/2012 | <u>84</u><br>(1 pg) | Civil Minutes -- Hearing Re: <u>78</u> Motion/Application to Sell [KDG-2] continued; Hearing to be held on 1/23/2013 at 01:00 PM at Bakersfield Hearing Location. (gpaf) (Entered: 12/19/2012) |
| 12/22/2012 | <u>85</u> | Transcript regarding Hearing Held 12/18/12 Re: <u>78</u> Motion/Application to Sell [KDG-2] [KDG-2] Notice of Intent to Request Redaction Deadline Due By 1/2/2013. Redaction Request Due By 1/14/2013. Redacted Transcript Submission Due By 1/22/2013. Transcript access will be restricted through 3/22/2013. (morf) (Entered: 12/26/2012) |
| 12/26/2012 | <u>86</u><br>(1 pg) | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing on the Motion to Sell held on 12/18/12 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 |

| | | day period Re: 85 Transcript [KDG-2] (morf) (Entered: 12/26/2012) |
|---|---|---|
| 12/26/2012 | 87 (3 pgs) | Certificate of Mailing of Notice of Filing of Transcript and of Deadlines Related to Redaction and Restriction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 12/29/2012) |
| 01/02/2013 | 88 | Opposition/Objection Filed by Debtor Salma H. Agha Re: 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 89 | Certificate/Proof of Service of 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 90 | Declaration of Jeffrey M. Vetter in support of 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 91 | Memorandum of Points and Authorities in support of 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 92 | Certificate/Proof of Service of 90 Declaration, 91 Memorandum of Points and Authorities [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 93 | Brief/Memorandum in support of 78 Motion/Application to Sell [KDG-2] Filed by Creditor BBG, Ltd. (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 94 | Declaration of Bruce Breitman Re: 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 95 | Declaration of Peter Zouras Re: 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 96 | Notice of Hearing Re: 72 Motion/Application to Employ Lisa Holder as Attorney(s) [KDG-1] to be held on 1/23/2013 at 01:00 PM at Bakersfield Hearing Location. (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 97 | Declaration of Lisa Holder Re: 72 Motion/Application to Employ Lisa Holder as Attorney(s) [KDG-1] (morf) (Entered: 01/03/2013) |
| 01/02/2013 | 98 | Certificate/Proof of Service of 96 Notice of Hearing, 97 Declaration [KDG-1] (morf) Modified on 1/22/2013 (morf). (Entered: 01/03/2013) |
| 01/03/2013 | 99 | Request for Judicial Notice Re: 88 Opposition/Objection [KDG-2] Filed by Debtor Salma H. Agha (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 100 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 101 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 102 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 103 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 104 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 105 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/03/2013 | 106 | Exhibit(s) Re: 88 Opposition/Objection [KDG-2] (morf) (Entered: 01/03/2013) |

  

| | | |
|---|---|---|
| 01/03/2013 | 107 | Certificate/Proof of Service of 99 Request for Judicial Notice [KDG-2] (morf) (Entered: 01/03/2013) |
| 01/09/2013 | 108 | Response/Reply Filed by Debtor Salma H. Agha Re: 78 Motion/Application to Sell [KDG-2] (morf) (Entered: 01/10/2013) |
| 01/23/2013 | 109 (1 pg) | Civil Minutes -- Hearing Held/Concluded Re: 72 Motion/Application to Employ Lisa Holder as Attorney(s) [KDG-1] GRANTED (gpaf) (Entered: 01/23/2013) |
| 01/23/2013 | 110 (4 pgs) | Civil Minutes -- Hearing Held/Concluded Re: 78 Motion/Application to Sell [KDG-2] GRANTED (gpaf) (Entered: 01/23/2013) |
| 01/24/2013 | 111 | Order Granting 78 Motion/Application To Sell [KDG-2] (morf) (Entered: 01/25/2013) |
| 02/18/2013 | 112 | Transcript regarding Hearing Held 01/23/13 Re: 72 Motion/Application to Employ Lisa Holder as Attorney(s) [KDG-1], 78 Motion/Application to Sell [KDG-2] Notice of Intent to Request Redaction Deadline Due By 2/25/2013. Redaction Request Due By 3/11/2013. Redacted Transcript Submission Due By 3/21/2013. Transcript access will be restricted through 5/20/2013. (rgaf) Modified on 2/19/2013 (rgaf). (Entered: 02/19/2013) |
| 02/19/2013 | 113 (1 pg) | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing on the Motion to Employ Lisa Holder as Attorney, Continued Motion to Sell held on 01/23/13 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period Re: 112 Transcript [KDG-1, KDG-2] (rgaf) Modified on 2/19/2013 (rgaf). (Entered: 02/19/2013) |
| 02/19/2013 | 114 (3 pgs) | Certificate of Mailing of Notice of Filing of Transcript and of Deadlines Related to Redaction and Restriction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 02/21/2013) |
| 03/25/2013 | | Update Transcript Deadlines Re: 85 Transcript (maaf) (Entered: 03/25/2013) |
| 05/20/2013 | | Update Transcript Deadlines Re: 112 Transcript (bhef) (Entered: 05/20/2013) |
| 08/01/2013 | 115 (24 pgs) | Adversary Case 13-1086. (11 (Recovery of money/property - 542 turnover of property)),(14 (Recovery of money/property - other)) : Complaint by Salma H. Agha against Citimortgage, Inc., CR Title Services, Inc., Wilmington Trust Company (mgrs) (Entered: 08/02/2013) |
| 09/26/2013 | 116 (2 pgs) | Report of Sale/Return on Sale by Trustee [KDG-2] (jbrm) (Entered: 09/27/2013) |
| 10/18/2013 | 117 (3 pgs) | Order Staying Proceedings (rgaf) (Entered: 10/18/2013) |
| 10/18/2013 | 118 (1 pg) | Court's Certificate of Mailing of 117 Order (rgaf) (Entered: 10/18/2013) |
| 11/01/2013 | | Envelope addressed to Salma H. Agha returned to court as undeliverable Re: 117 Order (jtlf) (Entered: 11/01/2013) |
| 07/22/2014 | 119 (3 pgs) | Amended 117 Order Staying Proceedings (awys) (Entered: 07/23/2014) |
| 07/23/2014 | 120 (3 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 07/23/2014) |

| | | |
|---|---|---|
| 07/23/2014 | 121<br>(4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 07/25/2014) |
| 09/10/2014 | 133<br>(15 pgs) | Motion/Application to Shorten Time Filed by Debtor Salma H. Agha (lbef) (Entered: 10/10/2014) |
| 09/10/2014 | 134<br>(9 pgs) | Motion/Application To Bring Legal Action Filed by Debtor Salma H. Agha (lbef) (Entered: 10/10/2014) |
| 09/15/2014 | 122<br>(1 pg) | Order of Recusal (awys) (Entered: 09/16/2014) |
| 09/16/2014 | 123<br>(1 pg) | Order Transferring Case from Judge Clement, Dept. A to Judge Lee, Dept. B. (rlos) (Entered: 09/17/2014) |
| 09/17/2014 | 124<br>(1 pg) | Notice of Transfer/Reassignment of case as Transmitted to BNC for Service (rlos) (Entered: 09/17/2014) |
| 09/17/2014 | 125<br>(3 pgs) | Certificate of Mailing of Notice of Transfer/Reassignment as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/19/2014) |
| 10/01/2014 | 126<br>(20 pgs) | Motion/Application of Debtor's Notice of Docket Fraud Perpetrated by US Trustee Jeffrey Vetter, His Attorneys Lisa Holder, KDG Law Firm and Judge Fredrick Clement who Intentionally, Fraudiently and Repeatedly Altered Plaintiff's Bankruptcy Matter Filed by Debtor Salma H. Agha (awys) (Entered: 10/02/2014) |
| 10/01/2014 | 127<br>(21 pgs) | Request for Judicial Notice Re: 126 Motion/Application of Debtor's Notice of Docket Fraud Perpetrated by US Trustee Jeffrey Vetter, His Attorneys Lisa Holder, KDG Law Firm and Judge Fredrick Clement who Intentionally, Fraudiently and Repeatedly Altered Plaintiff's Bankruptcy Ma Filed by Debtor Salma H. Agha (awys) (Entered: 10/02/2014) |
| 10/01/2014 | 128<br>(310 pgs) | Exhibit(s) Re: 126 Motion/Application of Debtor's Notice of Docket Fraud Perpetrated by US Trustee Jeffrey Vetter, His Attorneys Lisa Holder, KDG Law Firm and Judge Fredrick Clement who Intentionally, Fraudiently and Repeatedly Altered Plaintiff's Bankruptcy Ma (awys) (Entered: 10/02/2014) |
| 10/01/2014 | 129<br>(21 pgs) | Motion/Application for Notice Regarding Ambushed Fraudulent Hiring of Attorneys Seeking Revenge Against Debtor Allowed by Judge Clement Acting Under Color of Official Right to Commit Grand Theft Felony of Stealing Debtor's Properies Filed by Debtor Salma H. Agha (awys) (Entered: 10/02/2014) |
| 10/01/2014 | 130<br>(16 pgs) | Request for Judicial Notice Re: 129 Motion/Application for Notice Regarding Ambushed Fraudulent Hiring of Attorneys Seeking Revenge Against Debtor Allowed by Judge Clement Acting Under Color of Official Right to Commit Grand Theft Felony of Stealing Debtor's Properies Filed by Debtor Salma H. Agha (awys) (Entered: 10/02/2014) |
| 10/01/2014 | 131<br>(137 pgs) | Exhibit(s) Re: 129 Motion/Application for Notice Regarding Ambushed Fraudulent Hiring of Attorneys Seeking Revenge Against Debtor Allowed by Judge Clement Acting Under Color of Official Right to Commit Grand Theft Felony of Stealing Debtor's Properies (awys) (Entered: 10/02/2014) |
| 10/01/2014 | 132<br>(78 pgs) | Notice Regarding Filing of Three Lawsuits (awys) (Entered: 10/02/2014) |
| 10/14/2014 | 135<br>(3 pgs) | Order Denying 133 Motion/Application to Shorten Time (awys) (Entered: 10/15/2014) |

Case 14-01155    Filed 01/27/15    Doc 40

| | | |
|---|---|---|
| 10/15/2014 | <u>136</u><br>(3 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 10/15/2014) |
| 10/15/2014 | <u>137</u><br>(4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 10/17/2014) |
| 11/04/2014 | <u>138</u><br>(3 pgs) | Order Denying <u>129</u> Motion/Application for Notice Regarding Ambushed Fraudulent Hiring of Attorneys Seeking Revenge Against Debtor Allowed by Judge Clement Acting Under Color of Official Right to Commit Grand Theft Felony of Stealing Debtor's Properies (ltas) (Entered: 11/04/2014) |
| 11/04/2014 | <u>139</u><br>(3 pgs) | Copy of Document as transmitted to BNC for service. (ltas) (Entered: 11/04/2014) |
| 11/04/2014 | <u>140</u><br>(4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 11/06/2014) |
| 11/12/2014 | <u>141</u><br>(3 pgs) | Order Denying <u>126</u> Motion/Application of Debtor's Notice of Docket Fraud Perpetrated by US Trustee Jeffrey Vetter, His Attorneys Lisa Holder, KDG Law Firm and Judge Fredrick Clement who Intentionally, Fraudiently and Repeatedly Altered Plaintiff's Bankruptcy Ma (jtis) (Entered: 11/13/2014) |
| 11/19/2014 | <u>142</u><br>(3 pgs) | Copy of Document as transmitted to BNC for service. (shbs) (Entered: 11/19/2014) |
| 11/19/2014 | <u>143</u><br>(4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 11/21/2014) |
| 12/31/2014 | <u>144</u><br>(10 pgs) | Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc. Filed by Debtor Salma H. Agha (awys) (Entered: 01/05/2015) |
| 12/31/2014 | <u>145</u><br>(5 pgs) | Declaration Re: <u>144</u> Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc. (awys) (Entered: 01/05/2015) |
| 12/31/2014 | <u>146</u><br>(187 pgs) | Exhibit(s) Re: <u>144</u> Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc. (awys) (Entered: 01/05/2015) |
| 12/31/2014 | <u>147</u><br>(3 pgs) | Certificate/Proof of Service of Proposed Order, <u>144</u> Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc., <u>145</u> Declaration (awys) (Entered: 01/05/2015) |
| 12/31/2014 | <u>148</u><br>(4 pgs) | Motion/Application to Shorten Time Filed by Debtor Salma H. Agha (awys) (Entered: 01/05/2015) |
| 12/31/2014 | <u>149</u><br>(5 pgs) | Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter Filed by Debtor Salma H. Agha (awys) (Entered: 01/05/2015) |
| 12/31/2014 | <u>149</u><br>(5 pgs) | Notice of Hearing Re: <u>149</u> Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter to be held on 2/5/2015 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 01/05/2015) |
| 12/31/2014 | <u>150</u><br>(3 pgs) | Declaration Re: <u>149</u> Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter (awys) (Entered: 01/05/2015) |

| | | |
|---|---|---|
| 12/31/2014 | [151](23 pgs) | Memorandum of Points and Authorities in support of [149] Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter (awys) (Entered: 01/05/2015) |
| 12/31/2014 | [152](17 pgs) | Request for Judicial Notice Re: [149] Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter Filed by Debtor Salma H. Agha (awys) (Entered: 01/05/2015) |
| 12/31/2014 | [153](160 pgs) | Exhibit(s) Re: [149] Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter (awys) (Entered: 01/05/2015) |
| 12/31/2014 | [154](3 pgs) | Certificate/Proof of Service of [149] Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter, [149] Notice of Hearing, [150] Declaration, [151] Memorandum of Points and Authorities, [152] Request for Judicial Notice (awys) (Entered: 01/05/2015) |
| 12/31/2014 | [155](3 pgs) | Certificate/Proof of Service of [149] Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter, [149] Notice of Hearing, [150] Declaration, [151] Memorandum of Points and Authorities, [152] Request for Judicial Notice (awys) (Entered: 01/05/2015) |
| 12/31/2014 | [156](7 pgs) | Motion/Application to Stop Continuous Docket Fraud Perpetration Filed by Debtor Salma H. Agha (awys) (Entered: 01/05/2015) |
| 12/31/2014 | [156](7 pgs) | Notice of Hearing Re: [156] Motion/Application to Stop Continuous Docket Fraud Perpetration to be held on 2/5/2015 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 01/05/2015) |
| 12/31/2014 | [158](89 pgs) | Adversary Case 14-01155. (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) : Complaint by Salma H. Agha against The United States of America, Fredrick Clement, Jeffrey M. Vetter, Bruce Breitman, BBG Ltd, Lisa Holder, Barry L. Goldner, KLEIN DENATALE GOLDNER, The Estate of Peter J. Zouras, Law Offices of Peter J. Zouras, David N. Chandler, David Chandler, David N. Chandler Sr, David N. Chandler Jr, David N. Chandler PC, Citi Bank, Citi Mortgage Inc, Wilmington Trust Company, CR Title Services Inc, RE Max Holdings Inc, RE Max LLC, Debbie Banducci, RE Max Magic, Robin Tubesing, Brian Gunn, Andrew A. Bao, Heather S. Kim, Wolfe & Wyman LLP, Eddie R. Jimenez, Brian A. Paino, Michael J. Krahenbuhl, Judge Riahard Lee, Pite Duncan LLP, Dixon Kummer, Gattuso & Kummer Law Firm, Richard Vincent Monahan, Terry Carlson, Terry Carlson Law, Gary Grossman, Bob Grossman, Lerer Brothers Inc., Robert Allen Grossman, August B. Landis, Mark L. Pope, Gregory S. Powell, Connie M. Parker, David J. Cooper, John Thomas Dzialo, Law Offices of John Thomas Dzialo, Stuart F. Spencer, Scott Hayward, Jodie Goodman, Placer Title Company, Patricia Laffin-Miko, Theresa Roberts, Mother Lode Holding Company, Syed Saghir, Candice Davis, Jason Sadural, Antonia G. Darling. (Fee Amount of $350.00 is Exempt.) (isaf) (Entered: 12/31/2014) (rlos) (Entered: 01/05/2015) |
| 12/31/2014 | [159](4 pgs) | Declaration in support of [156] Motion/Application to Stop Continuous Docket Fraud Perpetration (awys) (Entered: 01/05/2015) |
| 12/31/2014 | [160](34 pgs) | Memorandum of Points and Authorities in support of [156] Motion/Application to Stop Continuous Docket Fraud Perpetration (awys) (Entered: 01/05/2015) |
| 12/31/2014 | [161](25 pgs) | Request for Judicial Notice Re: [156] Motion/Application to Stop Continuous Docket Fraud Perpetration Filed by Debtor Salma H. Agha (awys) (Entered: 01/05/2015) |
| 12/31/2014 | [162](454 pgs) | Exhibit(s) in support of [156] Motion/Application to Stop Continuous Docket Fraud Perpetration (awys) (Entered: 01/05/2015) |

Case 14-01155    Filed 01/27/15    Doc 40

| | | |
|---|---|---|
| 12/31/2014 | <u>163</u><br>(3 pgs) | Certificate/Proof of Service of Proposed Order, <u>156</u> Motion/Application to Stop Continuous Docket Fraud Perpetration, <u>156</u> Notice of Hearing, <u>159</u> Declaration, <u>160</u> Memorandum of Points and Authorities (awys) (Entered: 01/05/2015) |
| 01/05/2015 | <u>164</u><br>(2 pgs) | Order to Set Hearing Re: <u>144</u> Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc.; Hearing to be held on 1/8/2015 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 01/05/2015) |
| 01/05/2015 | <u>165</u><br>(2 pgs) | Court's Certificate of Mailing of <u>164</u> Order to Set/Continue/Reschedule Hearing (awys) (Entered: 01/05/2015) |
| 01/06/2015 | <u>166</u><br>(4 pgs) | Notice of Correction/Errata Re: <u>144</u> Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc. (awys) (Entered: 01/06/2015) |
| 01/06/2015 | <u>167</u><br>(10 pgs) | Notice of Correction/Errata Re: <u>144</u> Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc., <u>145</u> Declaration, <u>147</u> Certificate/Proof of Service (awys) (Entered: 01/06/2015) |
| 01/06/2015 | <u>168</u><br>(9 pgs) | Notice of Correction/Errata Re: <u>144</u> Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc., <u>146</u> Exhibit(s) (awys) (Entered: 01/06/2015) |
| 01/06/2015 | <u>169</u><br>(5 pgs) | Motion/Application re: Resubmission Filed by Debtor Salma H. Agha (awys) (Entered: 01/06/2015) |
| 01/06/2015 | <u>170</u><br>(3 pgs) | Memorandum of Points and Authorities Re: <u>169</u> Motion/Application re: Resubmission (awys) (Entered: 01/06/2015) |
| 01/06/2015 | <u>171</u><br>(3 pgs) | Declaration in support of <u>169</u> Motion/Application re: Resubmission (awys) (Entered: 01/06/2015) |
| 01/06/2015 | <u>172</u><br>(39 pgs) | Exhibit(s) in support of <u>169</u> Motion/Application re: Resubmission (awys) (Entered: 01/06/2015) |
| 01/06/2015 | <u>173</u><br>(3 pgs) | Certificate/Proof of Service of Proposed Order, <u>169</u> Motion/Application re: Resubmission, <u>171</u> Declaration, <u>172</u> Exhibit(s) (awys). Related document(s) <u>169</u> Notice of Hearing. Modified on 1/6/2015 (awys). (Entered: 01/06/2015) |
| 01/06/2015 | <u>169</u><br>(5 pgs) | Notice of Hearing Re: <u>169</u> Motion/Application re: Resubmission to be held on 2/5/2015 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 01/06/2015) |
| 01/08/2015 | | Docket Entry Reserved for Internal Use/Order Processing. (Service List Attached). (jdaf) (Entered: 01/08/2015) |
| 01/08/2015 | <u>175</u><br>(2 pgs) | Civil Minute Order Denying <u>144</u> Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc. (awys) (Entered: 01/08/2015) |
| 01/08/2015 | <u>176</u><br>(2 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 01/08/2015) |
| 01/08/2015 | <u>177</u><br>(3 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 01/10/2015) |

| 01/16/2015 | [178](#) | Transcript regarding hearing held 1/8/15. Notice of Intent to Request Redaction Deadline Due By 1/23/2015. Redaction Request Due By 2/6/2015. Redacted Transcript Submission Due By 2/17/2015. Transcript access will be restricted through 4/16/2015. (awys) (Entered: 01/20/2015) |
| 01/20/2015 | [179](#) (1 pg) | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing held on 1/8/15 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period. Re: [178](#) Transcript (awys) (Entered: 01/20/2015) |
| 01/20/2015 | | Envelope addressed to Salma H. Agha returned to court as undeliverable Re: [164](#) Order to Set/Continue/Reschedule Hearing (rlos) (Entered: 01/20/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/22/2015 18:28:46 | | |
| PACER Login: | ww0553:2726128:0 | Client Code: 1133-1432 |
| Description: | Docket Report | Search Criteria: 10-16183 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 13 | Cost: 1.30 |



**WOLFE & WYMAN LLP**

EXHIBIT "F"

FORM L55 Discharge of Debtor (v.1.0)                                                          10-16183 - A - 7



**UNITED STATES BANKRUPTCY COURT**
**Eastern District of California**

Robert E. Coyle United States Courthouse
2500 Tulare Street, Suite 2501
Fresno, CA 93721-1318

(559) 499-5800
www.caeb.uscourts.gov
M-F 9:00 AM - 4:00 PM

**FILED**

**9/23/10**

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

morf

# DISCHARGE OF DEBTOR

**Case Number:**    10-16183 - A - 7

Debtor Name(s), Social Security Number(s), and Address(es):

Salma H. Agha
xxx-xx-9800

11622 Harrington St
Bakersfield, CA 93311

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Dated:
9/23/10

For the Court,
Wayne Blackwelder , Clerk

FORM L55
(Continued)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person (or persons) named as the debtor (or debtors). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

<u>Collection of Discharged Debts Prohibited</u>

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a discharged debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. In a case involving community property, there are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case. A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

<u>Debts That are Discharged</u>

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.

<u>Debts that are Not Discharged</u>

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;
b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);
c. Debts that are domestic support obligations;
d. Debts for most student loans;
e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
g. Some debts which were not properly listed by the debtor;
h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;
i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and
j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**



**WOLFE & WYMAN LLP**

EXHIBIT "G"

FORM L55 Discharge of Debtor (v.1.0)                                                10−16183 − A − 7



| UNITED STATES BANKRUPTCY COURT Eastern District of California | FILED |
|---|---|
| **Robert E. Coyle United States Courthouse** **2500 Tulare Street, Suite 2501** **Fresno, CA 93721−1318** (559) 499−5800 www.caeb.uscourts.gov M−F 8:00 AM − 4:00 PM | **9/23/10** CLERK, U.S. BANKRUPTCY COURT EASTERN DISTRICT OF CALIFORNIA morf |

## DISCHARGE OF DEBTOR

Case Number:    10−16183 − A − 7

Debtor Name(s), Social Security Number(s), and Address(es):

Salma H. Agha
xxx−xx−9800

11622 Harrington St
Bakersfield, CA 93311

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Dated:
9/23/10

For the Court,
Wayne Blackwelder , Clerk

FORM L55
(Continued)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person (or persons) named as the debtor (or debtors). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a discharged debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. In a case involving community property, there are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case. A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.

### Debts that are Not Discharged

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

   a. Debts for most taxes;
   b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);
   c. Debts that are domestic support obligations;
   d. Debts for most student loans;
   e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
   f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
   g. Some debts which were not properly listed by the debtor;
   h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;
   i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts, and
   j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

Case 10-16183    Filed 09/23/10    Doc 52

# CERTIFICATE OF NOTICE

District/off: 0972-1          User: morf          Page 1 of 1          Date Rcvd: Sep 23, 2010
Case: 10-16183               Form ID: L55         Total Noticed: 31

The following entities were noticed by first class mail on Sep 25, 2010.
```
db          +Salma H. Agha,    11622 Harrington St,   Bakersfield, CA 93311-9273
aty          Becket And Lee,    PO Box 3001,   Malvern, PA 19355-0701
aty          Hannah L. Fabrikant,    401 West A St 17th Fl,   San Diego, CA  92101-7994
aty         +Mishaela J. Graves,    1770 Fourth Ave,   San Diego, CA 92101-2607
aty         +Sheryl K. Ith,    535 Anton Blvd 10th Fl,   Costa Mesa, CA 92626-1947
aty         +William R. Cumming,    575 Anton Blvd #300,   Costa Mesa, CA 92626-7161
tr          +Jeffrey M. Vetter,    PO Box 2424,   Bakersfield, CA 93303-2424
17695834    +Aurora Loan Services,    10350 Prk Meadows Dr,   Litticton CO 80124-6800
17695835    +BAC Home Loans Servicing,    450 American St,   Simi Valley CA 93065-6285
17695838    +Commercial Trade Bureau,    PO Box 10389,   Bakersfield CA 93389-0389
17695839    +Credit Control Corp,    11821 Rock Landing Dr,   Newport News VA 23606-4207
17695840    +Equifax Credit Information Inc,    PO Box 740241,   Atlanta GA 30374-0241
17695841    +Experian,    701 Experian Wy,   Allen TX 75013-3715
17695843    +GMAC Mortgage,    Dept 1100 Virginia Dr,   Fort Washington PA 19034-3204
17695845    +Nationwide Recovery Systems,    3000 Kellway Dr,   Carrollton TX 75006-3305
17695846    +Progressive Management System,    1521 W Cameron Ave Fl 1,   West Covina CA 91790-2738
17695847    +Receivable Management,    240 Emery St,   Bethlehem PA 18015-1980
17736305    +Southern Wine and Spirits of Northern California,   Dept. 1915,    33321 Dowe Ave,    PO Box 5001,
              Union City CA 94587-8501
17695848    +Transunion Consumer Solutions,    PO Box 2000,   Chester PA 19016-2000
17821158    +Union Bank,    Union Bank Real Estate Servicing, M-723,    PO Box 85600,   San Diego CA 92186-5600
17695849    +Union Bank,    8155 Mercury Ct,   San Diego CA 92111-1299
17695850    +Universal Accounts Inc,    690 E Green St Ste 300,   Pasadena CA 91101-2121
17695851    +Wembleton Enterprises,    c o Bauer and Associates,    PO Box 11748,   Newport Beach CA 92658-5040
```

The following entities were noticed by electronic transmission on Sep 24, 2010.
```
smg          EDI: CALTAX.COM Sep 23 2010 22:23:00      Franchise Tax Board,    PO Box 2952,
              Sacramento, CA  95812-2952
cr           EDI: BECKLEE.COM Sep 23 2010 22:18:00      American Express Centurion Bank,
              c/o Becket And Lee LLP,    PO Box 3001,   Malvern, PA  19355-0701
17695833     EDI: HNDA.COM Sep 23 2010 22:23:00      American Honda Finance,    PO Box 1027,
              Alpharetta GA 30009
17695832    +EDI: BECKLEE.COM Sep 23 2010 22:18:00      American Express,    c o Becket and Lee,    PO Box 3001,
              Malvern PA 19355-0701
17695836    +EDI: CITICORP.COM Sep 23 2010 22:18:00      Citi,    PO Box 6241,   Sioux Falls SD 57117-6241
17695837    +EDI: CIAC.COM Sep 23 2010 22:23:00     Citi Mortgage,    PO Box 9438,   Dept 0251,
              Gaithersburg MD 20898-9438
17695842    +EDI: CALTAX.COM Sep 23 2010 22:23:00      Franchise Tax Board,    PO Box 1468,
              Sacramento CA 95812-1468
17695844     EDI: IRS.COM Sep 23 2010 22:18:00      Internal Revenue Service,    PO Box 21126,
              Philadelphia PA 19114
                                                                                     TOTAL: 8
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr           Aurora Loan Services LLC
cr           Daimler Trust
cr           Union Bank, N.A.
                                                                      TOTALS: 3, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Sep 25, 2010                    Signature:    _Joseph Speetjens_

 **WOLFE & WYMAN** LLP

EXHIBIT "H"

FORM L51 Final Decree  (v.7.08)                                                                                    10–16183 – A – 7



| UNITED STATES BANKRUPTCY COURT<br>Eastern District of California<br><br>Robert E. Coyle United States Courthouse<br>2500 Tulare Street, Suite 2501<br>Fresno, CA 93721–1318<br><br>(559) 499–5800<br>www.caeb.uscourts.gov<br>M–F 9:00 AM – 4:00 PM | **FILED**<br><br>**1/7/11**<br><br>CLERK, U.S. BANKRUPTCY COURT<br>EASTERN DISTRICT OF CALIFORNIA<br><br>auto |
| --- | --- |

## FINAL DECREE

**Case Number:**   **10–16183 – A – 7**

Debtor Name(s), Social Security Number(s), and Address(es):

  **Salma H. Agha**
  xxx–xx–9600

  11622 Harrington St
  Bakersfield, CA 93311

Trustee:           Jeffrey M. Vetter
           PO Box 2424
           Bakersfield, CA 93303

Telephone Number:       (661) 809–6806

Office of the United States Trustee:

  For cases in the Sacramento Division and Modesto Division:   501 I Street, Room 7–500, Sacramento, CA 95814
  For cases in the Fresno Division:   2500 Tulare Street, Suite 1401, Fresno, CA 93721

  It appearing to the court that the Trustee in the above–entitled case has completed administration of this estate,

  **IT IS ORDERED** that the estate is hereby closed, that the trustee is hereby discharged, and that the trustee's bond is hereby released from further liability, except any liability which may have accrued during the time such bond was in effect for the estate of this case.

Dated:                                        For the Court,
1/7/11                                         Wayne Blackwelder , Clerk



**WOLFE & WYMAN** LLP

EXHIBIT "I"

**STEWART TITLE OF CALIFORNIA, INC.**

RECORDING REQUESTED BY
CR TITLE SERVICES INC.

AND WHEN RECORDED MAIL TO:
CR TITLE SERVICES INC.
P.O. BOX 16128
TUCSON, AZ 85732-6128

James W. Fitch, Assessor-Recorder        SM
Kern County Official Records             8/16/2011
                                         08:00 AM

Recorded at the request of
702  Stewart Title Los Angeles

DOC #: 000211103865



000211103865

| | Stat Types: 1 | Pages: 2 |
|---|---|---|
| FEES | | 20.00 |
| TAXES | | .00 |
| OTHER | | .00 |
| PAID | | 20.00 |

284441

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No. T10-59927-CA / APN: 523-121-03-00-3

# NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 01-13-2003.  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below.  The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below.  The amount may be greater on the day of sale.

Pursuant to California Civil Code Section 2923.54 the undersigned, on behalf of the beneficiary, loan servicer, or authorized agent, declares as follows:

[ X ] The mortgage loan servicer has obtained from the commissioner a final or temporary order of exemption pursuant to Section 2923.53 that is current and valid on the date the notice of sale is filed and
[ X ] The timeframe for giving notice of sale specified in subdivision (a) of Section 2923.52 does not apply pursuant to Section 2923.52 or 2923.55

Trustor: **SALMA H. KHAN, A SINGLE WOMAN**
Duly Appointed Trustee: **CR Title Services, Inc.**
      **P.O. BOX 16128, TUCSON, AZ 85732-6128 866-702-9658**
Recorded **01-17-2003** as Instrument No. **0203009500** in book , page   of Official Records in the office of the Recorder of **KERN** County, California,
Date of Sale:**09-06-2011 at 9:00 AM**
Place of Sale:    **at the entrance of the North Side Patio of the Golden State Mall, 3201 F Street, Bakersfield, CA 93301**
Amount of unpaid balance and other charges: **$674,240.89**
Street Address or other common designation of real property:    **11622 HARRINGTON STREET
BAKERSFIELD, CA 93311**

A.P.N.: **523-121-03-00-3**
Legal Description: **AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST**
The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.  If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale. The Trustee shall incur no liability for any good faith error in stating the proper amount of unpaid balances and charges.

For Sales Information please contact PRIORITY POSTING AND PUBLISHING at WWW.PRIORITYPOSTING.COM or (714) 573-1965

**REINSTATEMENT LINE: 866-702-9658**

Date: 08-12-2011

> **CR Title Services, Inc.**
> **P.O. BOX 16128**
> **TUCSON, AZ 85732-6128**
>
> _____
> **STEPHANIE ABCEDE, TRUSTEE SPECIALIST**

**Federal Law requires us to notify you that we are acting as a debt collector. If you are currently in a bankruptcy or have received a discharge in bankruptcy as to this obligation, this communication is intended for informational purposes only and is not an attempt to collect a debt in violation of the automatic stay or the discharge injunction.**

 **WOLFE & WYMAN** LLP

## EXHIBIT "J"

James W. Fitch, Assessor-Recorder
Kern County Official Records

SR
5/29/2012
08:00 AM

## Stewart Title

RECORDING REQUESTED BY:
CR Title Services, Inc.

AND WHEN RECORDED TO:
CitiMortgage Inc.
ATTN: REO DEPARTMENT
C/O CR TITLE SERVICES
1000 TECHNOLOGY DRIVE, MS-314
O'FALLON MO63368-2240
Forward Tax Statements to
the address given above

Recorded at the request of
702  Stewart Title Los Angeles

DOC #:  000212071602

000212071602

| | | |
|---|---|---|
| Stat Types:  1 | | Pages:  3 |
| FEES | | 21.00 |
| TAXES | | .00 |
| OTHER | | .00 |
| PAID | | 21.00 |

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: T10-59927-CA
APN: 523-121-03-00-3

Order #: 3206-284441
Investor #:

## TRUSTEE'S DEED UPON SALE

A.P.N.: 523-121-03-00-3

Transfer Tax: $0.00

The Grantee Herein was The Foreclosing Beneficiary.
The Amount of The Unpaid Debt was **$715,272.85**
The Amount Paid By the Grantee Was **$603,900.00**
Said Property Is In the City of **BAKERSFIELD**, County of **KERN**

**CR Title Services, Inc.**, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

## Wilmington Trust Company as Trustee for Structured Asset Securities Mortgage Pass-through Certificates Series 2003-18XS

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of  KERN, State of California, described as follows:

**See Attached Legal Description**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **SALMA H. KHAN, A SINGLE WOMAN** as Trustor, dated **01-13-2003** and  recorded on **01-17-2003**, instrument number **0203009500**, Book , Page  of the Official Records in the office of the Recorder of KERN, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust of Official records.  Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

# TRUSTEE'S DEED UPON SALE

TS #: **T10-59927-CA**
Order #: **3206-284441**

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **05-15-2012**. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$603,900.00**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **CR Title Services, Inc.,** as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: **May 24, 2012**

**CR Title Services, Inc.**

BY: _____
Alfred G. Santasiere, Assitant Vice President

State of AZ      }ss
County of PIMA}

On May 24, 2012 before me, Anna Benedict, Notary Public, personally appeared Alfred G. Santasiere, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Arizona that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____(seal)
Anna Benedict, Notary Public

Anna Benedict
Notary Public - Arizona
Pima County
My Commission Expires
April 9, 2016

TS #: T10-59927-CA
Order #: 3206-284441

Legal Description

LOT 3 OF TRACT NO. 5946, PHASE C, IN THE CITY OF BAKERSFIELD, COUNTRY OF KERN, STATE
OF CALIFORNIA, AS PER MAP RECORDED MARCH 31, 2000 IN BOOK 45, PAGE 189 OF MAPS, IN
THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
EXCEPTING THEREFROM ALL OIL, GAS AND OTHER HYDROCARBONS AND ALL OTHER
MINERALS OF WHATEVER KIND OR CHARACTER (ALL HEREIN COLLECTIVELY CALLED
"MINERALS"), WHETHER NOW KNOWN TO EXIST OR HEREAFTER DISCOVERED (IT BEING
INTENDED THAT THE WORD "MINERALS" AS USED HEREIN SHALL BE DEFINED IN THE
BROADEST SENCE OF THE WORD AND SHALL INCLUDE, BUT NOT BE LIMITED TO, OIL, GAS,
OTHER HYDROCARBONS AND ALL OTHER MINERAL SUBSTANCES AND PRODUCTS, BOTH
METALLIC AND NONMETALLIC, SOLID LIQUID OR GASEOUS), WHICH ARE UPON, IN UNDER
OR MAY BE PRODUCED FROM SAID REAL PROPERTY; PROVIDED HOWEVER, THAT UNLESS
THE CONSENT OF THE SURFACE OWNER IS FIRST OBTAINED, GRANTOR, ITS SUCCESSORS AND
ASSIGNS SHALL NOT ENTER UPON THE SURFACE OR IN OR THROUGH THE UPPER 500 FEET OF
THE SUBSURFACE IN THE EXERCISE OF THE RIGHTS EXCEPTED AND RESERVED HEREIN, AS
RESERVED BY TENNECO WEST INC., A DELAWARE CORPORATION, IN DEED RECORDED
DECEMBER 31, 1967 IN BOOK 6081, PAGE 373 AND RE-RECORDED FEBRURY 11, 1988 IN BOOK
6093 PAGES 724 OF OFFICIAL RECORDS.
ALL RIGHT OF ENTRY TO THE SURFACE TO A DEPTH OF 500 FEET BELOW THE SURFACE HAS
BEEN QUITCLAIMED AND REMISED BY VINTAGE PETROLEUM INC., BY DEEDS RECORDED
OCTOBER 1, 1999 AS INSTRUMENT NO. 0199141392 AND OCTOBER 5, 1999 AS INSTRUMENT NO.
0199142622 OF OFFICIAL RECORDS.

 **WOLFE & WYMAN** LLP

EXHIBIT "K"



Site navigation map: Home > Civil > Search for Case Information

**Civil Case Information - Register of Actions / Case Docket**

**Civil Case Information**

| | |
|---|---|
| Case Number: | S-1500-CL-269189 |
| Case Title: | WILMINGTON VS KHAN |
| Case Type: | UNLAWFUL DETAINER |
| Filing Date: | 6/18/2012 |
| Filing Location: | METRO DIVISION, 1415 TRUXTUN |
| Case Status: | JUDGMENT 2/6/2013 |

Notes: 1. Entries are listed in reverse chronological order.
2. Some entries may display odd characters (e.g., x, xx, or o) at the beginning of a sentence. This is a result of the way the data is entered into the register of actions and can be ignored.

**Results Page:** 1 2 Next >>

40 date(s) found, 143 total records, displaying 1-100 records.

| Date | Action |
|---|---|
| 7/9/2013 | WRIT OF POSSESSION RETURNED WHOLLY SATISFIED Document Image |
| 2/9/2013 | WRIT OF POSSESSION ISSUED PLAINTIFF 1 RETURNED VIA ACS |
| 2/6/2013 | PMT: WRITS ISSUED 70626(A)(1) EFF 07/28/09 Amount of $25.00 for WILMINGTON TRUST COMPANY AS TRUSTEE FOR STRUCTU... (PL-1). Received from PITE DUNCAN LLP, check no(s) 119330. Receipt #701153 for amount of $25.00. |
| | JUDGMENT AFTER TRIAL PLAINTIFF 1 **SIGNED BY COMMISSIONER ETIENNE** |
| 2/4/2013 | MEMORANDUM OF COSTS PLAINTIFF 1 MICHAEL J KRAHENBUHL ESQ |
| 12/20/2012 | PMT: MOTION/STIP/OSC/DEMURRER GC 70617(A) EFF 08/06/12 Amount of $60.00 for KHAN, SALMA H (DE-1). Received from GREGES ESQ., Receipt #693461 for amount of $60.00. Detail: FAX ID: 8930 10/09/2012. |
| | PMT: FAX FILING FEES CRC 2006 Amount of $7.00 for KHAN, SALMA H (DE-1). Received from GREGES ESQ., Receipt #693463 for amount of $7.00. Detail: FAX ID: 8930 10/09/2012. |
| 12/7/2012 | PMT: FAX FILING FEES CRC 2006 Amount of $8.00 for KHAN, SALMA H (DE-1). Received from GERGES ESQ., Receipt #690937 for amount of $8.00. Detail: FAX ID: 8677 09/21/2012. |
| 12/6/2012 | REJECTION/CORRECTION NOTE SENT PLAINTIFF 1 JUDGMENT FILED BY PL RETURNED VIA ACS |
| 12/5/2012 | PMT: FAX FILING FEES CRC 2006 Amount of $8.00 for KHAN, SALMA H (DE-1). Received from GERGES ESQ., Receipt #690273 for amount of $8.00. Detail: FAX ID: 8402 08/30/2012. |
| 11/26/2012 | SUBSTITUTION OF ATTORNEYS DEFENDANT 1 AS TO SALMA KAHN |
| | TRIAL BY COURT. |
| | THE ABOVE ENTITLED CAUSE CAME ON REGULARLY AT THIS TIME TODAY FOR HEARING WITH PARTIES AND COUNSEL PRESENT AS FOLLOWS: |
| | RICHARD MONAHAN MAKES A SPECIAL APPEARANCE FOR MICHAEL J KRAHENBUHL ON BEHALF OF WILMINGTON TRUST COMPANY AS TRUSTEE FOR STRUCTURED ASSET SECURITIES MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2003-18-XS (PL-1). |
| | SALMA H KHAN (DE-1) APPEARS BY KEITH H. BRAY. |
| | ******************************************** |
| | COUNSEL FOR DEFENDANT'S ORAL MOTION FOR A CONTINUANCE IS DENIED. CAUSE PROCEEDS TO TRIAL. |
| | NORMA GUTIERREZ DULY SWORN AND TESTIFIES ON BEHALF OF THE PLAINTIFF. |
| | EVIDENCE PRESENTED BY PLAINTIFF. |
| | DEBRA CRAIG BANDUCCI DULY SWORN AND TESTIFIES ON BEHALF OF THE PLAINTIFF. |
| | THE PLAINTIFF RESTS. |
| | THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS: |
| | WRIT OF POSSESSION TO ISSUE. |
| | JUDGMENT FOR PLAINTIFF, AGAINST DEFENDANT, RENT/RENTAL DAMAGES $25,000.00, COSTS $PER MEMORANDUM, ATTORNEY FEES $PER MEMORANDUM, MISC FEES $0.00 FOR A TOTAL OF $TO BE DETERMINED. |
| | COUNSEL FOR PLAINTIFF TO PREPARE JUDGMENT FOR SIGNATURE. |

SEE EXHIBIT LIST ATTACHED AND MADE A PART HEREOF FOR ITEMS MARKED FOR IDENTIFICATION OR ADMITTED INTO EVIDENCE.

11/7/2012 PMT: FAX FILING FEES CRC 2006 Amt of $8.00 for KHAN, SALMA H (DE-1). Received from GERGES ESQ., Receipt #685744 for amount of $8.00. Detail: FAX ID: 8215 08/14/2012.

NOTICE OF CONTINUANCE PLAINTIFF 1 NOTICE OF CONTINUED JURY TRIAL

10/30/2012 NOTICE OF TRIAL NOTICE OF TRIAL CAUSE SET FOR TRIAL ON 11/26/2012 AT 1:30 PM IN DEPARTMENT 17, 1415 TRUXTUN AVENUE, BAKERSFIELD, CA 93301, OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN. THE CASE WILL BE CALLED PROMPTLY AT THE SCHEDULED TIME.

NOTICE OF TRIAL Document Image

10/29/2012 TRIAL BY COURT.

HEARING BEFORE TRIAL.

THE ABOVE ENTITLED CAUSE CAME ON REGULARLY AT THIS TIME TODAY FOR HEARING WITH PARTIES AND COUNSEL PRESENT AS FOLLOWS:

WILMINGTON TRUST COMPANY AS TRUSTEE FOR STRUCTURED ASSET SECURITIES MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2003-18-XS (PL-1) APPEARS BY RICHARD V MONAHAN.

SALMA H KHAN (DE-1) APPEARS IN PROPRIA PERSONA.

*******************************************

PARTIES/COUNSEL STIPULATE TO COMMISSIONER ACTING AS JUDGE PRO TEMPORE OF THE SUPERIOR COURT.

THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:

CAUSE IS CONTINUED TO 11/26/2012 AT 1:30 PM IN DIV/DEPT 17 FOR HEARING ON CAL: UNLAWFUL DETAINER TRIAL BEFORE THE HON. LINDA S ETIENNE OR OTHER ASSIGNED JUDICIAL OFFICER.

REASON FOR NEXT APPEARANCE: TO ALLOW TIME FOR DEFENDANT TO GAIN LEGAL REPRESENTATION.

NOTICE TO ISSUE FROM THE COURT.

10/16/2012 CASE MANAGEMENT CONFERENCE.

HEARING BEFORE TRIAL.

THE ABOVE ENTITLED CAUSE CAME ON REGULARLY AT THIS TIME TODAY FOR HEARING WITH PARTIES AND COUNSEL PRESENT AS FOLLOWS:

DIXON KUMMER MAKES A SPECIAL APPEARANCE FOR MICHAEL J KRAHENBUHL ON BEHALF OF WILMINGTON TRUST COMPANY AS TRUSTEE FOR STRUCTURED ASSET SECURITIES MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2003-18-XS (PL-1).

NO APPEARANCE BY DEFENDANT

********************************************

THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:

THE COURT NOTES TODAYS HEARING WAS CALENDARED FOR A COURT TRIAL IN ERROR, CORRECTED TO CASE MANAGEMENT CONFERENCE.

JURY REQUESTED BY SALMA H KHAN (DE-1).

COUNSEL FOR PLAINTIFF REQUESTS THE COURT TO BIFURCATE. THE COURT GRANTS COUNSELS REQUEST. UNLAWFUL DETAINER TRIAL SET ON 10/29/2012 AT 1:30 P.M. IN DEPARTMENT 17 FOR ISSUES PERTAINING TO THE VALIDATING AND FORCIBILITY OF THE TRUSTEES DEED. THE REMAINING ISSUES TO BE SET FOR TRIAL AT A LATER DATE BASED UPON THE OUTCOME OF THE DETERMINATION OF THE VALIDITY.

10/15/2012 PMT: MOTION/STIP/OSC/DEMURRER GC 70617(A) EFF 08/06/12 Amount of $60.00 for WILMINGTON TRUST COMPANY AS TRUSTEE FOR STRUCTU... (PL-1). Received from ATTORNEY'S CERTIFIED SERVICES, check no(s) 24476. Receipt #681325 for amount of $60.00.

10/11/2012 EX PARTE HEARING TO BE RELIEVED AS COUNSEL FILED BY MOTAZ M GERGES, ATTORNEY FOR DEFENDANT.

THE ABOVE ENTITLED CAUSE CAME ON REGULARLY AT THIS TIME TODAY FOR HEARING WITH PARTIES AND COUNSEL PRESENT AS FOLLOWS:

HEARING BEFORE TRIAL.

NO APPEARANCE BY PLAINTIFF OR COUNSEL FOR PLAINTIFF, MICHAEL J KRAHENBUHL, AT THE TIME OF HEARING.

ATTORNEY MOTAZ M GERGES IS PRESENT WITHOUT DEFENDANT SALMA H KHAN.

*******************************************

ATTORNEY MOTAZ M GERGES MAKES A STATEMENT TO THE COURT.

THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:

MOTION OF ATTORNEY MOTAZ M GERGES IS GRANTED. ORDER PROVIDED TO THE COURT AND SIGNED IN OPEN COURT.

ORDER GRANTING ATTORNEY'S EX PARTE TO BE RELIEVED AS COUNSEL - CIVIL, SIGNED BY COMMISSIONER ETIENNE

10/9/2012 ELECTRONICALLY FAXED DOCUMENT(S) RECEIVED DEFENDANT 1 EFAX: Accepted Confirmation: S1500CL269189_121009_163333
EX-PARTE TO BE RELIEVED AS COUNSEL
eFax document: FAX-8930.PDF

EX PARTE APPLICATION/PETITION DEFENDANT 1 TO BE RELIEVED AS COUNSEL

DECLARATION DEFENDANT 1 IN SUPPORT OF ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL

10/3/2012 PMT: LTD CIVIL FIRST APPEARANCE < $10,000 GC 70614(B) EFF 10/19/10 Amount of $225.00 for KHAN, SALMA H (DE-1). Received from GERGES ESQ., Receipt #679870 for amount of $265.00. Detail: FAX ID: 8054 07/27/2012.

| | |
|---|---|
| | PMT: MOTION/STIP/OSC/DEMURRER GC 70617(A) EFF 01/01/06 Amount of $40.00 for KHAN, SALMA H (DE-1). Received from GERGES ESQ.. Receipt #679870 for amount of $265.00. Detail: FAX ID: 8054 07/27/2012. |
| | PMT: FAX FILING FEES CRC 2006 Amount of $15.00 for KHAN, SALMA H (DE-1). Received from GERGES ESQ.. Receipt #679871 for amount of $15.00. Detail: FAX ID: 8054 07/27/2012. |
| 10/1/2012 | NOTICE OF CASE MANAGEMENT CONFERENCE  NOTICE OF CASE MANAGEMENT CONFERENCE TO EACH PARTY AND THE ATTORNEY OF RECORD FOR EACH PARTY IN THIS ACTION: THIS CASE IS SET FOR CASE MANAGEMENT CONFERENCE BY THE HONORABLE [~PERSON:CALJUDGENAME], ON 10/16/2012 AT 1:30 PM IN DEPARTMENT 17, 1415 TRUXTUN AVENUE, BAKERSFIELD, CA 93301, OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN. APPEARANCE BY THE ATTORNEY RESPONSIBLE FOR THE TRIAL OF THIS ACTION IS MANDATORY. NOTICE TO PLAINTIFF'S COUNSEL IMPORTANT: You are required to serve this Notice of Case Management Conference date with the service of the Summons, Complaint (Local Rule 3.8 (a)), ADR Information Packet, Civil Mediation Information Brochure, and ADR Stipulation and Order Form. [CRC, Rule 3.221] NOTICE TO CROSS COMPLAINANT'S COUNSEL IMPORTANT: If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment and Case Management Conference date on the new cross defendants. |
| 9/28/2012 | HEARING VACATED HEARING VACATED ~ calid=2023588 |
| | Vacating calendar hearing. EventCode:4142, CourtDate:05/03/2013, Courtroom:17, SessionNumber:2, Sequence:12, SessionType:CFM, Judge:LSE, Deputy:jolineg, SystemDate:9/6/2012 1:23:30 PM |
| | HEARING VACATED HEARING VACATED ~ calid=2023587 |
| | Vacating calendar hearing. EventCode:4000, CourtDate:05/13/2013, Courtroom:17, SessionNumber:1, Sequence:11, SessionType:UDT, Judge:LSE, Deputy:jolineg, SystemDate:9/6/2012 1:22:17 PM |
| 9/27/2012 | CASE MANAGEMENT CONFERENCE. |
| | THE ABOVE ENTITLED CAUSE CAME ON REGULARLY AT THIS TIME TODAY FOR HEARING WITH PARTIES AND COUNSEL PRESENT AS FOLLOWS: |
| | WILMINGTON TRUST COMPANY AS TRUSTEE FOR STRUCTURED ASSET SECURITIES MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2003-18-XS (PL-1) APPEARS BY RICHARD V MONAHAN. |
| | APPEARANCE TELEPHONICALLY BY COURTCALL BY MOTAZ M GERGES ON BEHALF OF SALMA H KHAN (DE-1). |
| | ***************************************** |
| | THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS: |
| | CAUSE IS CONTINUED TO 10/16/2012 AT 1:30 PM IN DIV/DEPT 17 FOR HEARING ON CAL: COURT TRIAL BEFORE THE HON. LINDA S ETIENNE OR OTHER ASSIGNED JUDICIAL OFFICER. |
| | TRIAL DATE ON 05/13/2013 IS VACATED. |
| | FINAL CASE MANAGEMENT ON 05/03/2013 IS VACATED. |
| | NOTICE TO ISSUE FROM THE COURT. |
| | HEARING BEFORE TRIAL. |
| 9/24/2012 | CASE MANAGEMENT STATEMENT PLAINTIFF 1 FILED BY: MICHAEL M BAKER DATE: 9/27/12 TIME: 8:30 A.M. DEPT: 17 |
| | CASE MANAGEMENT STATEMENT PLAINTIFF 1 Document Image |
| 9/21/2012 | ELECTRONICALLY FAXED DOCUMENT(S) RECEIVED DEFENDANT 1 EFAX: Accepted Confirmation: S1500CL269189_120921_111842 CASE MANAGEMENT STATEMENT PROOF OF SERVICE eFax document: FAX-8677.PDF |
| | CASE MANAGEMENT STATEMENT DEFENDANT 1 AS TO DE |
| 9/14/2012 | NOTICE OF CASE MANAGEMENT CONFERENCE  NOTICE OF CASE MANAGEMENT CONFERENCE TO EACH PARTY AND THE ATTORNEY OF RECORD FOR EACH PARTY IN THIS ACTION: THIS CASE IS SET FOR CASE MANAGEMENT CONFERENCE BY THE HONORABLE LINDA S ETIENNE, ON Sep 27, 2012 AT 8:30 AM IN DEPARTMENT 17, OF THIS SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN. APPEARANCE BY THE ATTORNEY RESPONSIBLE FOR THE TRIAL OF THIS ACTION IS MANDATORY. NOTICE TO PLAINTIFF'S COUNSEL IMPORTANT: You are required to serve this Notice of Case Management Conference date with the service of the Summons, Complaint (Local Rule 3.8 (a)), Civil Mediation Information Brochure, and ADR Stipulation and Order Form. [CRC, Rule 3.221] NOTICE TO CROSS COMPLAINANT'S COUNSEL IMPORTANT: If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Case Management Conference date on the new cross defendants. |
| | NOTICE OF CASE MANAGEMENT CONFERENCE MAILED TO ALL PARTIES |
| | HEARING VACATED SET FOR CMC PER LSE ~ calid=1954678 |
| | Vacating calendar hearing. EventCode:4191, CourtDate:09/17/2012, Courtroom:17, SessionNumber:2, Sequence:1, SessionType:OSC, Judge:CJW, Deputy:kathyh, SystemDate:6/19/2012 4:27:46 PM |
| 9/4/2012 | CASE MANAGEMENT CONFERENCE. |
| | THE ABOVE ENTITLED CAUSE CAME ON REGULARLY AT THIS TIME TODAY FOR HEARING WITH PARTIES AND COUNSEL PRESENT AS FOLLOWS: |
| | HEATHER DAMES MAKES A SPECIAL APPEARANCE FOR MICHAEL J KRAHENBUHL ON BEHALF OF WILMINGTON TRUST COMPANY AS TRUSTEE FOR STRUCTURED ASSET SECURITIES MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2003-18-XS (PL-1). |

APPEARANCE TELEPHONICALLY BY COURTCALL BY MOTAZ M GERGES ON BEHALF OF SALMA H KHAN (DE-1).

*************************************

PARTIES/COUNSEL STIPULATE TO COMMISSIONER ACTING AS JUDGE PRO TEMPORE OF THE SUPERIOR COURT.

JURY TRIAL REQUESTED BY DEFENDANT.

JURY TRIAL SET ON 05/13/2013 AT 9:00 A.M. IN DEPARTMENT/DIVISION 17.

FINAL CASE MANAGEMENT CONFERENCE SET: 05/03/2013 AT 2:00 P.M. IN DEPARTMENT 17

TIME ESTIMATE: 1 DAYS.

NO MANDATORY SETTLEMENT CONFERENCE TO BE SET.

Results Page: 1 2 Next >>

Back    Print

© 2008 - 2015, Superior Court of Kern County    {    Last Modified 01/21/2015    {    Disclaimers    {    Privacy Policy



"Our mission is to impartially dispense justice to all residents of the County of Kern"

| Home | Contacts | Fee Schedules | Forms | Jobs | Records | Self-Help Center | Services | Search |

# Superior Court of California
## County of Kern

APPEALS   CIVIL   CRIMINAL   FAMILY LAW   JURY   JUVENILE   PROBATE   SMALL CLAIMS   TRAFFIC

ⓘ Site navigation map: Home > Civil > Search for Case Information

**Civil Search Menu**
- Search Case Information by case number, party name, entity name or filing date
- Search Hearing Schedule by case number, bar number, hearing date or filing date
- Search Tentative Rulings
- Search Tips

**General Information**
- California Courts Legal Forms
- Civil Case Exhibits
- Court Call - Phone Appearances
- Court Contact Information
- Court Fees
- E-Mail Civil ADR
- E-Mail Civil Limited
- E-Mail Civil Unlimited
- E-Mail Unlawful Detainers
- How to prepare for a court appearance Information
- Local Court Rules
- Policies & Procedures
- Self Help Center
- Small Claims Night Court

**Civil Cases Links**
- Alternative Dispute Resolution (ADR)
- Limited Civil
- Small Claims
- Unlawful Detainers
- Unlimited Civil

**Civil Mediation Links**
- Mediation Resources

## Civil Case Information - Register of Actions / Case Docket

### Civil Case Information

| | |
|---|---|
| Case Number: | S-1500-CL-269189 |
| Case Title: | WILMINGTON VS KHAN |
| Case Type: | UNLAWFUL DETAINER |
| Filing Date: | 6/18/2012 |
| Filing Location: | METRO DIVISION, 1415 TRUXTUN |
| Case Status: | JUDGMENT 2/6/2013 |

Notes: 1. Entries are listed in reverse chronological order.
2. Some entries may display odd characters (e.g., x, xx, or o) at the beginning of a sentence.
   This is a result of the way the data is entered into the register of actions and can be ignored.

**Results Page:** << Back   1 2

### 40 date(s) found, 143 total records, displaying 101-143 records.

| Date | Action |
|---|---|
| 9/4/2012 | CASE IS ORDERED TO MEDIATION PURSUANT TO LOCAL RULE 3.16.3.1. PARTIES MAY STIPULATE TO A MEDIATOR AND WILL HAVE TEN (10) DAYS TO SUBMIT AN AGREED UPON MEDIATOR FROM THE COURT'S MEDIATION PANEL. IF PARTIES ARE UNABLE TO AGREE UPON A MEDIATOR, THE COURT'S ADR COORDINATOR WILL ASSIGN A MEDIATOR. |
| | NOTICE TO ISSUE FROM THE COURT. |
| | HEARING BEFORE TRIAL. |
| 8/31/2012 | ORDER DENYING MOTION PLAINTIFF 1 TO QUASH PLAINTIFF'S COMPLAINT **LSE** |
| 8/30/2012 | ELECTRONICALLY FAXED DOCUMENT(S) RECEIVED DEFENDANT 1 EFAX: Accepted Confirmation: S1500CL269189_120830_091153 |
| | CASE MANAGEMANET STATEMENT |
| | eFax document: FAX-8402.PDF |
| | CASE MANAGEMENT STATEMENT DEFENDANT 1 MOTAZ M GERGES ESQ |
| 8/23/2012 | REQUEST FOR ENTRY OF DEFAULT BY CLERK ENTERED PLAINTIFF 1 AS TO UNKNOWN OCCUPANTS |
| | AFFIDAVIT - MILITARY SERVICE PLAINTIFF 1 Document Image |
| 8/21/2012 | NOTICE OF CASE MANAGEMENT CONFERENCE NOTICE OF CASE MANAGEMENT CONFERENCE TO EACH PARTY AND THE ATTORNEY OF RECORD FOR EACH PARTY IN THIS ACTION: THIS CASE IS SET FOR CASE MANAGEMENT CONFERENCE BY THE HONORABLE LINDA S ETIENNE, ON Sep 04, 2012 AT 8:30 AM IN DEPARTMENT 17, OF THIS SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN. APPEARANCE BY THE ATTORNEY RESPONSIBLE FOR THE TRIAL OF THIS ACTION IS MANDATORY. NOTICE TO PLAINTIFF'S COUNSEL IMPORTANT: You are required to serve this Notice of Case Management Conference date with the service of the Summons, Complaint (Local Rule 3.8 (a)), Civil Mediation Information Brochure, and ADR Stipulation and Order Form. [CRC, Rule 3.221] NOTICE TO CROSS COMPLAINANT'S COUNSEL IMPORTANT: If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Case Management Conference date on the new cross defendants. |
| 8/17/2012 | LETTER RECEIVED PLAINTIFF 1 LETTER FROM: PITE DUNCAN LLP TO MOTAZ M GERGES ESQ DATE OF LETTER: 8/10/12 RE: ORDER DENYING MOTION TO QUASH |
| 8/14/2012 | ELECTRONICALLY FAXED DOCUMENT(S) RECEIVED DEFENDANT 1 EFAX: Accepted Confirmation: S1500CL269189_120815_090059 |
| | ANSWER |
| | eFax document: FAX-8215.PDF |
| | ANSWER DEFENDANT 1 TO UNLAWFUL DETAINER COMPLAINT |
| | JURY TRIAL DEMANDED |
| | MOTAZ M GERGES ESQ |
| 8/9/2012 | MOTION TO QUASH SERVICE OF SUMMONS FILED BY DEFENDANT |
| | AMENDED MINUTE ORDER. |
| | DUE TO CLERICAL ERROR THIS MINUTE ORDER AMENDED ON 08/17/2012 BY J. GARONE TO CORRECT PARTIES STIPULATE TO COMMISSIONER ETIENNE HEARING THIS MATTER. |
| | THE ABOVE ENTITLED CAUSE CAME ON REGULARLY AT THIS TIME TODAY FOR HEARING WITH PARTIES AND COUNSEL PRESENT AS FOLLOWS: |
| | HEARING BEFORE TRIAL. |

DIXON KUMMER MAKES A SPECIAL APPEARANCE FOR MICHAEL J KRAHENBUHL ON BEHALF OF WILMINGTON TRUST COMPANY AS TRUSTEE FOR STRUCTURED ASSET SECURITIES MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2003-18-XS (PL-1).

ANDREW LEVEN MAKES A SPECIAL APPEARANCE FOR MOTAZ M GERGES ON BEHALF OF SALMA H KHAN (DE-1).

*******************************************

PARTIES/COUNSEL STIPULATE TO COMMISSIONER ACTING AS JUDGE PRO TEMPORE OF THE SUPERIOR COURT.

MATTER ARGUED BY COUNSEL AND SUBMITTED.

THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:

SALMA H KHAN (DE-1) MOTION FOR /TO QUASH SERVICE OF SUMMONS IS DENIED.

COUNSEL FOR DEFENDANT TO FILE RESPONSE FORTHWITH.

COUNSEL FOR PLAINTIFF TO PREPARE ORDER AFTER HEARING.

| | |
|---|---|
| 8/2/2012 | REJECTION/CORRECTION NOTE SENT TO: PITE DUNCAN RETURNED VIA ACS RE: WILMINGTON VS KHAN Case No. S-1500-CL-269189, CJW NOTICE OF REJECTION / REQUEST FOR CORRECTIONS _X_ The attached _____REQUEST FOR ENTRY OF DEFAULT _____ papers are being returned for the following reason(s): _X_ Default cannot be entered. Reason:_MOTION TO QUASH FILED_ ANY CORRESPONDENCE REQUIRING AN ANSWER FROM THE COURT MUST BE ACCOMPANIED BY A STAMPED, SELF ADDRESSED ENVELOPE. |
| 7/27/2012 | ELECTRONICALLY FAXED DOCUMENT(S) RECEIVED DEFENDANT 1 EFAX: Accepted Confirmation: S1500CL269189_120730_095802 NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS PROOF OF SERVICE PROPOSED ORDER eFax document: FAX-8054.PDF |
| | NOTICE OF MOTION AND MOTION DEFENDANT 1 RE: QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR MONETARY SANCTION AGAINST PLAINTIFF; PROPOSED ORDER; PROOF OF SERVICE HEARING DATE: 8/9/12 HEARING TIME: 8:30 AM HEARING DEPT/DIV: 17 ATTORNEY(S): MOTAZ M GERGES ESQ |
| 7/24/2012 | REJECTION/CORRECTION NOTE SENT TO: PITE DUNCAN RETURNED VIA ACS RE: WILMINGTON VS KHAN Case No. S-1500-CL-269189, CJW NOTICE OF REJECTION / REQUEST FOR CORRECTIONS _X_ The attached _____REQUEST FOR ENTRY OF DEFAULT _____ papers are being returned for the following reason(s): _X_ Default cannot be entered. Reason:_PREMATURE_ ANY CORRESPONDENCE REQUIRING AN ANSWER FROM THE COURT MUST BE ACCOMPANIED BY A STAMPED, SELF ADDRESSED ENVELOPE. |
| 7/23/2012 | PROOF OF SERVICE PLAINTIFF 1 WHAT SERVED: SUMMONS, COMPLAINT, PREJUDGMENT CLAIM OF RIGHT TO POSSESSION WHO SERVED: SALMA H KHAN HOW SERVED: POSTING AND CERTIFIED MAIL DATE SERVED: 7/12/12 |
| | PROOF OF SERVICE PLAINTIFF 1 WHAT SERVED: SUMMONS, COMPLAINT, PREJUDGMENT CLAIM OF RIGHT TO POSSESSION WHO SERVED: ALL UNKNOWN OCCUPANTS IN C/O NAMED DEFENDANTS, SALMA H KHAN HOW SERVED: SUBSTITUTED DATE SERVED: 6/19/12 |
| | AFFIDAVIT - MILITARY SERVICE PLAINTIFF 1 |
| 7/19/2012 | PMT: REQUEST FOR ORDER AUTHORIZING SERVICE OF SUMMONS BY POSTING OR PUBLICATION GC 70617(C)(3) Amount of $20.00 for WILMINGTON TRUST COMPANY AS TRUSTEE FOR STRUCTU... (PL-1). Received from PITE DUNCAN, check no(s) 113660. Receipt #666414 for amount of $20.00. |
| 7/10/2012 | ORDER ORDER FOR SERVICE OF SUMMONS AND COMPLAINT BY POSTING AND MAILING (CCP § 415.45) |
| | **SIGNED BY COMM LSR** |
| 6/29/2012 | AFFIDAVIT PLAINTIFF 1 AFFIDAVIT OF MICHAEL J. KRAHENBUHL IN SUPPORT OF ORDER ALLOWING SERVICE BY POST AND MAIL IN UNLAWFUL DETAINER AND ORFER THEREON |
| 6/19/2012 | NOTICE OF COMMENCEMENT OF UNLAWFUL DETAINER ACTION. NOTICE OF COMMENCEMENT OF UNLAWFUL DETAINER ACTION An Unlawful Detainer Complaint (eviction action) has been filed naming you as a defendant. ACCESS TO THE COURT FILE WILL BE DELAYED FOR 60 DAYS EXCEPT TO A PARTY, AN ATTORNEY FOR ONE OF THE PARTIES, OR ANY PERSON WHO: (1) PROVIDES TO THE CLERK THE NAMES OF AT LEAST ONE PLAINTIFF AND ONE DEFENDANT IN THE ACTION AND PROVIDES TO THE CLERK THE ADDRESS, INCLUDING ANY APPLICABLE APARTMENT, UNIT OR SPACE NUMBER, OF THE SUBJECT PREMISES OR, (2) PROVIDES TO THE CLERK THE NAME OF ONE OF THE PARTIES IN THE ACTION OR THE CASE NUMBER AND CAN ESTABLISH THROUGH PROPER IDENTIFICATION THAT HE OR SHE LIVES IN THE SUBJECT PREMISES. ACCESS TO THE COURT INDEX, REGISTER OF ACTIONS, OR OTHER RECORDS IS NOT PERMITTED UNTIL 60 DAYS AFTER THE COMPLAINT IS FILED EXCEPT PURSUANT TO AN EXPARTE ORDER UPON SHOWING OF GOOD CAUSE THEREFORE... (SECTION 1161.2 CCP) THE ABOVE RESTRICTIONS DO NOT, HOWEVER, AFFECT OR ALTER YOUR RIGHTS OR RESPONSIBILITIES TO RESPOND TO THIS ACTION WITHIN THE TIMES PRESCRIBED BY LAW. _____ FOR ADDITIONAL INFORMATION YOU MAY CONTACT THE GREATER BAKERSFIELD LEGAL ASSISTANCE, INC. AT (661) 325-5943 LOCATED AT 615 CALIFORNIA AVENUE, BAKERSFIELD, CA 93304. FOR SELF HELP INFORMATION YOU MAY CONTACT THE KERN COUNTY LAW LIBRARY AND SELF HELP CENTER AT (661) 868-2532 LOCATED AT 1415 TRUXTUN AVENUE, 3RD FLOOR, BAKERSFIELD, CA 93301. OUTSIDE OF BAKERSFIELD YOU |

MAY CONTACT THE CALIFORNIA RURAL LEGAL ASSISTANCE AT (661) 725-4350 LOCATED AT 629 MAIN STREET, DELANO, CA 93215.

NOTICE OF ORDER TO SHOW CAUSE RE: CRC RULE 3.15.1(c)  NOTICE OF ORDER TO APPEAR AND SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED RE: LOCAL RULE 3.17.1(C) TO PLAINTIFF AND PLAINTIFF'S ATTORNEY OF RECORD, IF ANY: YOU AND EACH OF YOU ARE ORDERED TO APPEAR BEFORE THE COURT ON Sep 17, 2012 AT 1:30 PM IN DEPARTMENT 17 OF THE ABOVE ENTITLED COURT, then and there to show cause, if any you have, why this matter should not be dismissed. All appearances are mandatory, unless five (5) court days prior to hearing date the court has received an answer or other responsive pleading, an amended complaint converting the action to an ordinary civil action, a request for entry of default, a request for dismissal, a stipulated judgment or stipulation for entry of judgment or a notice of settlement, then no appearance is necessary. WARNING! IF YOU FAIL TO APPEAR AS ORDERED HEREIN, THIS ACTION WILL BE DISMISSED WITHOUT PREJUDICE (C.C.P. 575.2). Date: _____ CORY J
WOODWARD Judge of the Superior Court

6/18/2012 **Case Event New case created by deputy: 609**

PMT: UNLAWFUL DETAINER FEE < $10,000 GC 70613(B);CCP 1161.2 EFF 10/19/10 Amount of $240.00 for WILMINGTON, (PL-1). Received from WILMINGTON, check no(s) 113148. Receipt #660951 for amount of $240.00.

COMPLAINT/UNLAWFUL DETAINDER ACTION BASED ON CODE OF CIVIL PROCEDURE SECTION 1161a PLAINTIFF 1 MICHAEL J KRAHENBUHL, ESQ

SUMMONS ISSUED AND FILED PLAINTIFF 1

ADDRESS AND ZIP CODE OF UNLAWFULLY DETAINED PROPERTY PLAINTIFF 1 11622 HARRINGTON ST, BAKERSFIELD, CA 93311

**Results Page:  << Back  1 2**

[Back]  [Print]

© 2008 – 2015, Superior Court of Kern County        |        Last Modified 01/21/2015        |        Disclaimers        |        Privacy Policy

1/22/2015 6:34 PM

**UD-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

MICHAEL M. BAKER, SBN 273232
MICHAEL J. KRAHENBUHL, SBN 271021
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17934, San Diego, CA 92177-0934
TELEPHONE NO.: (858) 750-7600   FAX NO. *(Optional):* (619) 590-1385
EMAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Wilmington Trust Company

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

**FEB 06 2013**

TERRY McNALLY, CLERK
BY_____ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1415 Truxtun Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: County of Kern - Metropolitan Division

PLAINTIFF: Wilmington Trust Company

DEFENDANT: Salma H. Khan, et al.

| JUDGMENT – UNLAWFUL DETAINER | | | CASE NUMBER: |
|---|---|---|---|
| ☐ By Clerk | ☐ By Default | ☒ After Court Trial | CL269189 |
| ☒ By Court | ☒ Possession Only | ☐ Defendant Did Not Appear at Trial | |

**JUDGMENT**

1. ☐ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ Clerk's Judgment (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (item 4).
   e. ☐ Court Judgment (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony or other evidence.
      (2) ☐ plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. ☒ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):* 11/26/2012 at 1:30 pm
      before *(name of judicial officer):*

   b. Appearances by:
      ☒ Plaintiff *(name each): Wilmington Trust*      ☒ Plaintiff's attorney *(name each):*
                                                          (1) Richard Monahan
                                                          (2)

      ☐ Continued on *Attachment 2b* (form MC-025).
      ☒ Defendant *(name each): Salma H. Khan*      ☒ Defendant's attorney *(name each):*
                                                          (1) Keith H. Bray
                                                          (2)

      ☐ Continued on *Attachment 2b* (form MC-025).

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☒ was requested.

Form Adopted for Mandatory Use
Judicial Council of California
UD-110 [Rev. January 1, 2003]
**JUDGMENT – UNLAWFUL DETAINER**
Code of Civil Procedure, §§ 415.46, 585(b), 664.6, 1169

73

**UD-110**

| | |
|---|---|
| PLAINTIFF: Wilmington Trust Company | CASE NUMBER: CL289189 |
| DEFENDANT: Salma H. Khan, et al. | |

**JUDGMENT IS ENTERED AS FOLLOWS BY:** ☒ THE COURT ☐ THE CLERK

3. **Parties.** Judgment is
   a. ☒ for plaintiff *(name each):* Wilmington Trust Company as Trustee for Structured Asset Securities Mortgage Pass-Through Certificates Series 2003-18-XS

   and against defendant *(name each):* Salma H. Khan and All Unknown Occupants

   ☐ Continued on *Attachment* 3a (form MC-025).
   b. ☐ for defendant *(name each):*

4. ☒ Plaintiff ☐ Defendant is entitled to possession of the premises located at *(street address, apartment, city, and county):* 11622 Harrington St., Bakersfield, CA 93311, County of Kern

5. ☒ Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ. Proc., §§ 715.010, 1169, and 1174.3).

6. **Amount and terms of judgment**
   a. ☒ Defendant named in item 3a above must pay plaintiff on the complaint:

   | | | |
   |---|---|---|
   | (1) ☐ Past-due rent | $ | |
   | (2) ☒ Holdover damages | $25,000 | |
   | (3) ☐ Attorney fees | $ | |
   | (4) ☒ Costs | $2,479.45 | |
   | (5) ☐ Other *(specify):* Daily Rental Damages | $ | |
   | (6) TOTAL JUDGMENT | $27,479.45 | |

   b. ☐ Plaintiff is to receive nothing from defendant named in item 3b.
      ☐ Defendant named in item 3b is to recover costs: $
      ☐ and attorney fees: $

   c. ☐ The rental agreement is canceled. ☐ The lease is forfeited.

7. ☐ **Conditional judgment.** Plaintiff has breached the agreement to provide habitable premises to defendant as stated in *Judgment—Unlawful Detainer Attachment* (form UD-110S), which is attached.

8. ☐ **Other** *(specify):*

   ☐ Continued on *Attachment* 8 (form MC-025).

Date: FEB 0.6 2013    ☐ _____
                              LINDA S. ETIENNE
                              JUDICIAL OFFICER

Date: _____ ☐ Clerk, by _____, Deputy

| |
|---|
| (SEAL) |

**CLERK'S CERTIFICATE** *(Optional)*

I certify that this is a true copy of the original judgment on file in the court.

Date: _____

☐ Clerk, by _____, Deputy

UD-110 [New January 1, 2003]

**JUDGMENT — UNLAWFUL DETAINER**

Page 2 of 2



WOLFE & WYMAN LLP

EXHIBIT "L"

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

JUL 2 3 2013

TERRY McNALLY, CLERK
BY _____ DEPUTY

1  LAW OFFICES OF JOHN THOMAS DZIALO
2  John T. Dzialo   #159996
   Scott B. Hayward #138582
3  200 W. Santa Ana Blvd.  Suite 900
   Santa Ana, CA 92701
4  TEL:  714-418-4317
5  FAX:  949-812-7687
   john@jdzlaw.net
6
7  ATTORNEYS FOR PLAINTIFF,
   SALMA H. KHAN
8

CASE MANAGEMENT CONFERENCE:

Hearing Date: __1-21-14__

Time: __830 am__

Department: __4__
See CRC Rule 3.720 Et. Seq.

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA
10            COUNTY OF KERN – BAKERSFIELD COURT

| | |
|---|---|
| 11 **SALMA H. KHAN** | **CASE NO:** |
| 12           **PLAINTIFF,** | **S-1500-CV- 279897 SPC** |
| 13      **vs.** | **COMPLAINT FOR** |
| 14 **CITIMORTGAGE, INC. and** | 1. **PROMISSORY ESTOPPEL** |
| 15 **WILMINGTON TRUST COMPANY AS** | 2. **FRAUD** |
| **TRUSTEE FOR STRUCTURED ASSET** | 3. **BREACH OF THE COVENANT OF** |
| 16 **SECURITIES MORTGAGE PASS-** | **GOOD FAITH AND FAIR DEALING** |
| **THROUGH CERTIFICATES SERIES** | 4. **VIOLATION OF THE UNFAIR** |
| 17 **2003-18XS** | **COMPETITION LAW** |
| 18 | **(CAL. BUS. & PROF. CODE §§ 17200** |
| **and DOES 1-10, inclusive,** | **ET SEQ.)** |
| 19 | 5. **NEGLIGENCE** |
| | 6. **QUIET TITLE** |
| 20          **Defendant(s),** | |
| 21 | |
| 22 | **UNLIMITED CIVIL ACTION-OVER** |
| 23 | **$25,000** |

24      The PLAINTIFF, SALMA H. KHAN, in complaining of the Defendants, states as

25  follows:

26      1.      PLAINTIFF, SALMA H. KHAN (hereinafter "PLAINTIFF") was, at all

27  times herein mentioned and relevant thereto, and is the lawful owner of the real property

COMPLAINT

1

commonly known as 11622 Harrington St, Bakersfield, County of Kern, State of California, (Hereinafter the "Property").

2.      On January 13, 2003 PLAINTIFF KHAN became indebted to Golden Empire Mortgage, a California corporation, and signed a note in the amount of $648,500.00 (hereinafter the "NOTE") that was secured by a deed of trust (hereinafter "Deed of Trust") on the Property.

3.      CITIMORTGAGE, INC., (Hereinafter "CITI") is a corporation incorporated in a state of unknown origin and at all times was and is doing business in the state of California.

4.      WILMINGTON     TRUST     COMPANY     AS     TRUSTEE     FOR STRUCTURED     ASSET     SECURITIES     MORTGAGE     PASS-THROUGH CERIFICATES SERIES 2003-18XS (hereinafter "WILMINGTON"), is an unknown business entity that at all times was and is doing business in the state of California.

5.      PLAINTIFF is informed and believes that Golden Empire Mortgage assigned or sold its interest in the Note and Deed of Trust to CITI on or about March 4, 2010.

6.      A little over two years later CITI, in turn assigned its interest in that same Note and Deed of Trust to WILMINGTON.

7.      At all times herein mentioned and relevant hereto CITI acted as the servicer and/or the holder of the NOTE.  If it should later be disclosed that neither CITI nor WILMINGTON is the current holder of the NOTE, PLAINTIFF hereby identifies DOE DEFENDANT NUMBER ONE as the current holder/owner of the NOTE.

///

COMPLAINT

2

8.      CITI was and is the agent of WILMINGTON, the current NOTE holder/owner, and that the acts, omissions and misrepresentations of CITI in servicing the NOTE were and are the authorized acts, omissions and misrepresentations of WILMINGTON.   CITI and WILMINGTON are collectively referred to as CITI

9.      Approximately in September 2009, PLAINTIFF became unable to make the monthly mortgage payments and defaulted.

**Defendants Drag Out the Modification for Three Years**

10.     In order to seek some relief from the default, PLAINTIFF applied to CITI for a loan modification.

11.     This began a three year ordeal of negligence and misrepresentation on the part of CITI in failing to adequately and competently process PLAINTIFF's loan modification application while at the same time continually keeping her on the edge of foreclosure – until eventually foreclosing in violation of clear and specific promises to the contrary.  That ordeal continues to this day, and only gets worse.

12.     Upon information and belief, PLAINTIFF alleges that from the outset CITI geared itself up to foreclose on the Property even while the loan modification application was pending.  CITI filed a Notice of Default on March 8, 2010.

13.     Then, without losing any momentum and as evidence of its single purpose to foreclose, and while continuing to act as if it was honestly considering PLAINTIFF's loan modification application, CITI filed a Notice of Trustee's Sale immediately after 90 days had passed from the date of filing the Notice of Default.  The Notice of Trustee's Sale was recorded on June 9, 2010 with a sale date set for June 30, 2010.

///

COMPLAINT

3

14.     While the loan modification application was pending, CITI, at the request of its loan modification personnel in its loss mitigation department, routinely and repeatedly postponed the date for the Trustee's Sale for one or two months at a time.

15.     However, during the loan modification process, CITI would routinely ask PLAINTIFF for the same documents that she had previously and often repeatedly submitted to CITI.

16.     Also during the loan modification review, CITI would "lose" documents submitted to it by PLAINTIFF claiming they never received them even after PLAINTIFF confirmed their receipt.  This caused additional aggravation to PLAINTIFF because deadlines imposed on PLAINTIFF for the submission of documentation would not be met due to the fault of CITI. The result of CITI'S "loss" of documentation was that CITI would then "close" the file and require PLAINTIFF to apply again for a loan modification, starting her out at the back of the line.

17.     Upon information and belief PLAINTIFF alleges that it was common and accepted practice of CITI ratified by management through direct instructions to its employees, to claim that documents were missing and close files on that basis when in fact CITI representatives knew that, in fact, PLAINTIFF had sent the documents and CITI had them.  This action was part of a clear and defined policy and practice of CITI to make the modification process as difficult as possible so CITI could write as few modifications as possible which was to the financial benefit of CITI and WILMINGTON.

18.     Also during the process, CITI would misrepresent facts and use inaccurate information to evaluate and on several occasions deny PLAINTIFF for a loan modification.  For instance:

COMPLAINT

4

19.    On February 10, 2012 and continuing through May 14, 2012 CITI informed PLAINTIFF that her application was in "underwriting."    In fact, the "underwriting" never took place and CITI had no intention of providing PLAINTIFF with a fair underwriting of her loan modification application as it was against CITI'S internal policy to deny loan modification applications whenever possible.    PLAINTIFF was informed that her loan modification request was still in "underwriting" up to and until the date of the foreclosure on May 15, 2012.

20.    It was standard policy and practice of CITI employees under instructions from CITI management to claim "missing documents" and "your file is under review" and as a catch-all responses to borrower status inquiries without regard as to whether or not those statements were true.    This was CITI's intentional means of keeping telephone conversations short and divulging as little actual information to the borrower as possible.

21.    Throughout this three-year ordeal it was PLAINTIFF's standard course of conduct to diligently stay in communications with CITI, and during the period from February 10, 2012 through May 15, 2012 PLAINTIFF continued to stay in constant communication with CITI.

22.    During this period PLAINTIFF contacted CITI at least once a week by phone and each and every time she did her CITI representative promised her in clear, specific and unambiguous terms that:

FIRST: Her modification applications was "open active and under review;" and

SECOND: The foreclosure sale scheduled for May 15, 2012 was going to be postponed......not "might be" postponed but "will be" postponed.

23.   In fact on May 14, 2012 the DAY BEFORE THE SCHEDULED SALE PLAINTIFF was promised one last time by CITI in clear, specific and unambiguous words that the sale would be postponed.

24.   Despite these promises of postponement by CITI personnel in its loss mitigation department, CITI either negligently or intentionally failed to postpone the Trustee's Sale that was scheduled for May 15, 2012.

25.   The Trustee's Sale was held on May 15, 2012 and the Property was sold at the foreclosure sale to CITI.

### CITI Admits the Foreclosure Was a Mistake and Promises to Rescind

26.   After the foreclosure sale, on May 15, 2012, CITI informed PLAINTIFF that the foreclosure sale was a mistake and promised -- again in clear, specific and unambiguous terms -- to PLAINTIFF that it would rescind the foreclosure sale. PLAINTIFF, relying on the representation, waited for CITI to rescind the sale and neither CITI nor WILMINGTON, in keeping with the promise to rescind, made any effort to remove PLAINTIFF from her Property.

27.   In January of 2013, without ever notifying PLAINTIFF that CITI or WILMINGTON had changed their minds about rescinding the foreclosure these Defendants commenced an unlawful detainer proceeding.   On February 9, 2013 a writ of possession issued, and subsequently, WILMINGTON requested that the sheriff execute the Writ.

28.   On May 24, 2012, CITI then assigned its interest to WILMINGTON in that certain Assignment of Deed of Trust which was recorded on May 29, 2012.  The assignment occurred after the foreclosure sale, but prior to the issuance of the Trustee's

COMPLAINT

6

Deed. The Trustee's Deed was then issued to WILMINGTON by the Trustee on May 24, 2012 and recorded on May 29, 2012.

29.    On or about February 2013, without ever notifying PLAINTIFF that CITI or WILMINGTON had changed their minds and decided NOT to rescind the foreclosure Defendants commenced an unlawful detainer proceeding and on February 9, 2013 obtained a writ of possession. Subsequently, WILMINGTON requested that the sheriff execute the Writ of Possession.

30.    The sheriff served the Writ of Possession on PLAINTIFF and gave her a Notice to Vacate that designated March 4, 2013 as the final day she could remain on the Property.

31.    The sheriff did not return to the Property until on or about June 20, 2013 when a new Notice to Vacate was served on PLAINTIFF notifying her that she must vacate the Property by June 26, 2013.

32.    PLAINTIFF then vacated the Property, but her personal Property still remains on the Property as of the date of the filing hereof.

33.    Remarkably, after this three-year ordeal. PLAINTIFF lost her HOME without ever being actually denied for a loan modification by CITI or WIMINGTON! Despite having been told "your loan is in underwriting and under review" for more than a year, CITI and WILMINGTON foreclosed on her HOME without an "underwriting" decision having been made.

///

///

### Count I
### PROMISSORY ESTOPPEL
### (CITI and WILMINGTON)

34.    PLAINTIFF incorporates by reference the previous allegations of this complaint as though set forth in full herein.

35.    From early February 2012 up to and including May 14, 2012 Defendants at least once a week promised PLAINTIFF in clear specific and unambiguous terms that her modification application "was open, active and under review" and that the May 15, 2012 trustee sale "will be postponed."

36.    On May 14, 2012 the day before the sale, PLAINTIFF was clearly, specifically and unambiguously promised one last time that the next day's sale would be postponed.

37.    Notwithstanding the foregoing promises, the Defendants foreclosed on May 15, 2012.

38.    Defendants knew or at the very least reasonably should have known that PLAINTIFF would rely on the aforesaid promises.

39.    PLAINTIFF did reasonably rely on these promises and that reliance was to her severe and substantial detriment. Were it not for the promises made by Defendants, PLAINTIFF could have and would have taken protective action to save her house from foreclosure.

40.    For instance, PLAINTIFF could and would have filed an action seeking injunctive relief if that was necessary. Additionally, PLAINTIFF could and would have tried to borrow reinstatement funds from relatives. And finally, if Defendants had not

1  promised to postpone on the last day before the sale PLAINTIFF could have and would
2  have filed a bankruptcy to save her home.

3     41.     As and direct, proximate, foreseeable and in fact inevitable result of
4  Defendants promises and breaches of those promises PLAINTIFF has lost title to her
5  home; is in danger of losing possession of that home; is in danger of losing her entire
6
7  investment in the home; is in danger of losing the future capital appreciation of that
8  home; is faced with the costs of relocating her residence and has suffered damage to her
9  credit standing and finances.

10                             **Count II**
11                             **FRAUD**
                        **(CITI and WILMINGTON)**
12
13     42.     PLAINTIFF incorporates by reference the previous allegations of this
14  complaint as though set forth in full herein.

15     43.     The promises and misrepresentations made    to    PLAINTIFF    were
16  consistent with and part of the policy and practices of CITI and WILMINGTON which
17
18  through management and supervisory personnel to instructed employees to respond to
19  telephone status inquiries from borrowers with standard answers irrespective of whether
20  those answers were or were not true.

21     44.     Responses such as "You are missing documents" or "You are under
22  review" and "You are in underwriting" were designed and intended to keep the
23
24  conversation as short as possible and to reveal as little actual relevant information as
25  possible.

26     45.     The purpose of these false and misleading statements was to delay and
27  drag-out the modification process as long as possible as part of CITI's plan to modify as
28

few loans as possible all the time going through the motions in order to satisfy government regulators.

46.    The longer that CITI could delay the modification process the further behind the borrower would fall and the more unlikely it would be that he/she would not qualify for a loan modification.    AND the further behind the borrower was, the more unlikely it would be that he/she could reinstate the loan and avoid foreclosure if and when the modification was denied.

47.    PLAINTIFF, like other unsuspecting CITI borrowers, believed these false representations and continued to fall deeper and deeper into arrears.

48.    Despite the fact that CITI and WILMINGTON over a period longer than a year continued to tell PLAINTIFF that her loan was "in underwriting and under review" the DEFENDANTS   sold  PLAINTIFF's  house  WITHOUT  EVER  ACTUALLY MAKING AN UNDERWIRTING DECISION.   PLAINTIFFF never received a denial of her loan modification, demonstrating that PLAINTIFF's modification application never was in underwriting and the statement "you are in underwriting and under review" was false.

49.    DEFENDANTS knew that the foregoing statements were false, but made them for the purpose of making foreclosure more likely thereby increasing revenues to CITY and WILMINGTON.

50.    As and direct, proximate, foreseeable and in fact inevitable result of Defendants promises and breaches of those promises PLAINTIFF has lost title to her home; is in danger of losing possession of that home; is in danger of losing her entire investment in the home; is in danger of losing the future capital appreciation of that

home; is faced with the costs of relocating her residence and has suffered damage to her credit standing and finances.

## Count III
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against CITI and WILMINGTON)

51.　PLAINTIFF incorporates by reference the previous allegations of this complaint as though set forth in full herein.

52.　The Note and Deed of Trust imposed on CITI the duty of good faith and fair dealing. This covenant imposes upon each contracting party the duty not to do anything that prevents realization of the benefits of the contract. It also imposes upon each contracting party the duty to do everything that the contract presupposes that each party will do to accomplish its purpose.

53.　In seeking a modification of her loan, PLAINTIFF in the face of financial adversity was attempting to fulfill her obligations under the Note and Deed of Trust.

54.　However, CITI and WILMINGTON by the actions described herein improperly and unfairly prevented PLAINTIFF from fulfilling those obligations.

55.　Instead of assisting PLAINTIFF with a loan modification, CITI delayed the modification for two years during which time it falsely represented to PLAINTIFF that her application was in underwriting and under review when it was not.  CITI further delayed the process by claiming that necessary documents were missing from the file when, in fact, PLAINTIFF provided all requested documents in timely fashion each and every time they were requested.

56.    Despite two years of delay and false promises, CITI foreclosed without ever denying PLAINTIFF'S request for a loan modification.

**CITI Promises to Postpone Sale at the Same Time It Sells the Note to Wilmington**

57.    While one department of CITI was promising PLAINTIFF that her loan modification was under review and her May 15, 2012 sale would be postponed, another department of CITI had a totally different -- and for PLAINTIFF – dangerous agenda.  At the same time CITI was negotiating the assignment or sale of the NOTE to WILMINGTON.  That assignment took place on May 24, 2012 and upon information and belief, PLAINTIFF states that assignment had to be in negotiations and in process at the same time that CITI was telling PLAINTIFF her modification was "under review" and that the sale would be postponed.

58.    Upon information and belief PLAINTIFF states that CITI, having negotiated the assignment of PLAINTIFF'S mortgage, could no longer honor both its agreement with WILMINGTON and its agreement with PLAINTIFF.

59.    CITI ultimately had a choice to honor the promises made to PLAINTIFF or to proceed with the assignment to WILMINGTON and it chose to break the promises made to PLAINTIFF.    That is why CITI foreclosed without ever actually denying PLAINTIFF's loan modification application.

60.    WILMINGTON, for its part, was aware of the promises made by CITI and still refused to rescind the sale and, in January 2013, proceeded to file its unlawful detainer.

61.    Upon Information and belief PLAINTIFF states that this is not just a case of one bank department not knowing what another bank department is doing.  It is a case

COMPLAINT

12

of one department (the department selling the note to Wilmington) NOT CARING what the other department (the department making promises to PLAINTIFF) is doing.

62.    As a direct and proximate result of the actions of CITI, PLAINTIFF has suffered monetary damage in that the PLAINTIFF faces the loss of her home, a unique asset, the loss of which pursuant to the laws of the State of California is immeasurable. Additionally, as a result of the breach by CITI she faces the expense of securing a new residence. Additionally as a result of the breach by CITI she faces the increased damage to her finances and credit reputation caused by having a real estate foreclosure on her credit record.

63.    PLAINTIFF's attempt to modify her loan was an attempt to exercise her rights as a borrower under the Note and Deed of Trust. PLAINTIFF was prevented from exercising those rights by the actions of CITI and WILMINGTON whose actions constitute a breach of the covenant of good faith and fair dealing.

64.    The actions of Defendants, therefore, have deprived PLAINTIFF of the benefits of the Note and Deed of Trust, to which she is legally entitled.    More specifically, after CITI agreed to review PLAINTIFF's loan modification application CITI implicitly agreed to honestly and fairly evaluate PLAINTIFF's application.  This tacit agreement imposed upon CITI all the obligations and duties incumbent upon any party to a contract to honestly and fairly treat PLAINTIFF in good faith under the obligations provided in the Note and Deed of Trust.

65.    The foreclosure on PLAINTIFF's Property without even making a final decision on PLAINTIFF'S modification evidences that CITI ignored its obligation to credibly and honestly assess PLAINTIFF for a loan modification and impeded

PLAINTIFF from realizing the benefits of the contract, namely her ability to repay her debt under the terms of the loan which would have been modified had CITI acted in good faith.

66.    Therefore, CITI has breached the covenant of good faith and fair dealing implicit in the Note and Deed of Trust.

67.    As and direct, proximate, foreseeable and in fact inevitable result of Defendants promises and breaches of those promises PLAINTIFF has lost title to her home; is in danger of losing possession of that home; is in danger of losing her entire investment in the home; is in danger of losing the future capital appreciation of that home; is faced with the costs of relocating her residence and has suffered damage to her credit standing and finances.

**COUNT III**
**VIOLATION OF THE UNFAIR COMPETITION LAW**
**(CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.)**
**(Against all Defendants)**

68.    PLAINTIFF incorporates by reference the previous allegations of this complaint as though set forth in full herein.

69.    Beginning at an exact date unknown to PLAINTIFF but at least since 2009, CITI and its principal WILMINGTON have committed acts of unfair competition, as defined by Business and Professions Code section 17200, by engaging in the following practices:

    a.    Leading borrowers whose home loans were serviced or owned by CITI to believe that they were being fairly considered for loan modifications when in fact CITI had an internal policy to deny loan modifications whenever possible.

COMPLAINT

14

b. Routinely promising borrowers that their loans were in underwriting and under review and then, as in PLAINTIFF's case, foreclosing without even rendering an underwriting decision.

c. Rewarding its employees and agents whenever loan modifications could delayed.

d. Intentionally tracking all defaulted borrowers for foreclosure at the same time they were being considered for loan modifications with the intent to eventually foreclose whenever possible rather than providing borrowers the ability to repay their loans under modified terms.

70.    These acts and practices, as described above, violate Business & Professions Code section 17200 in the following respects:

e. CITI'S policy/practice of leading borrowers to believe they were being fairly considered for loan modifications while at the same time maintaining a policy to deny loan modifications whenever possible violates and, consequently, constitutes an unlawful business act of practice within the meaning of Business and Professions Code section 17200.

f. CITI'S business practice is unfair because it is immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers as it denies borrowers the opportunity to fairly and honestly repay their debt to CITI.

g. Millions of borrowers have suffered during the economic recession and have faced the prospect of losing their homes or seeking assistance from the banks through a loan modifying their payment to a level they could

COMPLAINT

15

afford. The failure by CITI to honestly consider borrowers such as PLAINTIFF for loan modifications has led to a high incidence of foreclosure because CITI'S policy was always to foreclose rather than fairly consider borrowers for loan modifications.

h. The harm to PLAINTIFF and to members of the general public outweighs the utility of defendant's policy/practice and, consequently, CITI'S practice constitutes an unfair business act or practice within the meaning of Business and Professions Code section 17200.

i. The unlawful, unfair, and fraudulent business practices and false and misleading advertising of CITI, as described above, present a continuing threat to members of the public in that CITI routinely denies borrowers loan modifications under a policy that favors foreclosure over modifying borrower's loans.

j. PLAINTIFF and other members of the general public have no other adequate remedy of law in that the practice and policy CITI has adopted cannot be remedied except through a court of law and equity.

71. As a result of the aforementioned acts, PLAINTIFF has lost money and the Property and suffered injury in fact. CITI received the Property at the foreclosure sale and its principal, WILMINGTON, continues to hold the Property belonging to PLAINTIFF.

72. The PLAINTIFF has also lost her investment in the Property including monies invested to purchase the Property, monies used to improve and maintain the Property, the future value and appreciation of that Property; additionally PLAINTIFF

COMPLAINT

16

faces the potential expenses of procuring a replacement residence along with all of the costs of relocation; and further PLAINTIFF's credit reputation and standing has been greatly diminished by the unnecessary and unwarranted foreclosure.

### Count IV
### NEGLIGENCE
### (Against all CITI and WILMINGTON)

73.    PLAINTIFF incorporates by reference the previous allegations of this complaint as though set forth in full herein.

74.    CITI and WILMINGTON made verbal assurances to PLAINTIFF that the foreclosure sale was a mistake.  These assurances were made to PLAINTIFF at various times after the foreclosure sale occurred.

75.    In February 2013, PLAINTIFF discovered that CITI and WILMINGTON would not correct their negligent handling of the loan modification application when they acted in contravention of their promises to rescind the foreclosure sale and filed an Unlawful Detainer complaint.

76.    When CITI agreed to consider PLAINTIFF for a loan modification, CITI was under a duty to fairly and honestly handle PLAINTIFF's application.

77.    CITI breached that duty by stringing PLAINTIFF along throughout the loan modification approval process, requesting duplicative documentation, losing documentation and all the while following a policy that is geared toward denying loan modification applications; a result that would lead to foreclosure of the Property and additional compensation for CITI.

78.    CITI also breached its duty to evaluate PLAINTIFF's loan modification swiftly so as to avoid the pending Trustee's sales that, up until May 15, 2012, were regularly postponed.

79.    CITI failed in its duty to PLAINTIFF by delaying the underwriting procedure that it had promised would be afforded PLAINTIFF as part of the loan modification application process.

80.    PLAINTIFF has suffered damages as a result of the negligence of CITI and its principal WILMINGTON.  PLAINTIFF has been damages by the loss of her Property including monies invested to purchase the Property, monies used to improve and maintain the Property, the future value and appreciation of that Property; additionally PLAINTIFF faces the potential expenses of procuring a replacement residence along with all of the costs of relocation; and further PLAINTIFF's credit reputation and standing has been greatly diminished by the unnecessary and unwarranted foreclosure.

81.    CITI caused the damages PLAINTIFF has suffered because CITI was responsible to honestly and fairly evaluate PLAINTIFF for a loan modification, but failed to do so.

**Count V**
**QUIET TITLE**
**(Against WILMINGTON)**

82.    PLAINTIFF incorporates by reference the previous allegations of this complaint as though set forth in full herein.

83.    The Harrington Street Property, also known as Assessor's Parcel Number 523-121-03-00-3, is more legally described as:

COMPLAINT

18

Lot 3 of Tract No. 5946, Phase C, in the City of Bakersfield, County of
Kern, State of California, as per map recorded March 31, 2000 in Book 45,
Page 189 of Maps, in the Office of the County Recorder of Said County.

Excepting therefrom all oil, gas and other hydrocarbons and all other
minerals of whatever kind or character (all herein collectively called
"minerals"), whether now known to exist or hereafter discovered (it
being intended that the word "minerals" as used herein shall be
defined in the broadest sense of the word and shall include, but not be
limited to, oil, gas, other hydrocarbons and all other mineral substances
and products, both metallic and nonmetallic, solid, liquid or gaseous),
which are upon, in, under or may be produced from said real property;
provided however, that unless the consent of the surface owners is first
obtained, grantor, its successors and assigns shall not enter upon the
surface or in or through the upper 500 feet of the subsurface in the exercise
of the rights excepted and reserved herein, as reserved by Tenneco West
Inc., a Delaware Corporation, in deed recorded December 31, 1967 in
Book 6081, Page 373 and re-recorded February 11, 1988 in Book 6093
Page 724 of Official Records.

All right of entry to the surface to a depth of 500 feet below the surface has
been quitclaimed and remised by Vintage Petroleum Inc., by deeds
recorded October 1, 1999 as Instrument No. 0199141392 and October 5,
1999 as Instrument No. 0199142622 of Official Records.

84.    PLAINTIFF hereby tenders the full amount of the delinquencies necessary
to reinstate the Note and Deed of Trust that are owed to Defendants according to the
terms of the Note and Deed of Trust.

85.    PLAINTIFF claims that she is the rightful owner of the Property and that
the trustee's sale that occurred on May 15, 2012 is voidable because CITI, as
WILMINGTON'S agent and predecessor in interest engaged in unfair competition by
routinely acting in bad faith in evaluating PLAINTIFF for a loan modification while
following an internal policy to foreclose on PLAINTIFF's Property instead of fairly and
honestly considering PLAINTIFF for a loan modification; and further that the actions of

COMPLAINT

19

Defendants were in direct violation of the clear, specific and unambiguous promises Made to PLAINTIFF concerning the foreclosure and the rescission.

86.     PLAINTIFF is informed and reasonably believes and thereupon alleges that the Property was purchased at the May 15, 2012 trustee sale by Defendant, CITI, whose interest was then transferred to Defendant WILMINGTON.

87.     PLAINTIFF believes that WILMINGTON claims a right, title and interest in the Property that is directly in opposition to the right, title and interest claimed by PLAINTIFF.

88.     These claims are without any right and WILMINGTON has no right, title, estate or interest superseding PLAINTIFF's title to the PROPERTY.

89.     PLAINTIFF believes and states that only an order of this Court can resolve the conflicting claims of PLAINTIFF and WILMINGTON by restoring title in the name of PLAINTIFF as of DECEMBER 4, 2011, subject only to such encumbrances properly of record at that time.

## PRAYER FOR RELIEF

WHEREFORE, the PLAINTIFF respectfully prays for the following relief:

1.     For monetary damages in the amount to be proven at trial, but in no event less that $1,000,000.00;

2.     Pursuant to Business and Professions Code sections 17203 and pursuant to the equitable powers of this Court, PLAINTIFF prays that CITI be preliminarily and permanently enjoined from acts of unfair competition including misleading the public by pretending to underwrite loan modification applications while following a policy that is designed to lead borrowers into foreclosure.

COMPLAINT

20

3.      Pursuant to Business and Professions Code sections 17203, and pursuant to the equitable powers of this Court, PLAINTIFF prays that the defendants be ordered to restore to PLAINTIFFs the Property and to the general public all funds acquired by means of any act or practice declared by this Court to constitute unfair competition under Business and Professions Code section 17200 et seq.

4.      For judgment declaring the duties, rights and obligations of the parties to this action;

5.      For judgment voiding, canceling and declaring null and void the Notice of Default and the Notice of Trustee's Sale recorded against PLAINTIFFs' real property;

6.      For judgment voiding, canceling and nullifying the Trustee's Deed Upon Sale transferring the Property to WILMINGTON;

7.      For judgment quieting title to PLAINTIFFs' Property against any and all claims asserted by WILMINGTON;

8.      For attorneys fees pursuant to Code of Civil Procedure section 1021.5;

9.      For the costs of bringing this action;

10.      For such other relief as this Court deems equitable, just and proper.

DATED: July 22, 2013            LAW OFFICES OF JOHN THOMAS DZIALO

JOHN T. DZIALO, attorneys for PLAINTIFF
SALMA H. KHAN

COMPLAINT

21

## VERIFICATION

I, Salma H. Khan, declare:

1.    I Am a Plaintiff in this action, and I have personal knowledge of the facts stated herein except for those facts alleged on information and belief and as to those I believe them to be true. If called upon to do so, I could and would competently testify as to the truth thereof.

2.    Under penalty of perjury pursuant to the laws of the State of California I swear that the foregoing is true and correct

3.    Executed this 12th day of July, 2013 at _SANTA ANA_, California.


_Salma H. Khan_
Salma H. Khan

COMPLAINT

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

**JUDGMENT IN A CIVIL CASE**

**SALMA H. KHAN,**

CASE NO: **1:13−CV−01378−LJO−JLT**

v.

**CITIMORTGAGE, INC., ET AL.,**

_____

<u>XX</u> --- **Decision by the Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

    IT IS ORDERED AND ADJUDGED

        **THAT JUDGMENT IS HEREBY ENTERED IN ACCORDANCE WITH THE COURT'S ORDER FILED ON 9/30/13**

                        **Marianne Matherly**
                        Clerk of Court

ENTERED:   **September 30, 2013**

                by: _/s/ R. Gonzalez_
                      Deputy Clerk



**WOLFE & WYMAN** LLP

EXHIBIT "M"

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SALMA H. KHAN,                                          CASE NO. CV F 13-1378 LJO JLT

                            Plaintiff,              **ORDER ON DEFENDANTS' F.R.Civ.P. 12
                                                    MOTION TO DISMISS**
                                                    (Doc. 6.)

    vs.

CITIMORTGAGE INC., et al.,

                            Defendants.

_____/

### PRELIMINARY STATEMENT TO THE PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action.

### INTRODUCTION

Defendants   CitiMortgage,   Inc.   ("CMI")   and   Wilmington   Trust   Company ("Wilmington") seek to dismiss as insufficiently pled and legally barred plaintiff Salma Khan's ("Ms. Khan's") claims arising from failed modification of her loan for her Bakersfield property

1

1   ("property") and foreclosure of the property.   Ms. Khan filed neither papers to oppose

2   dismissal of her claims nor an amended complaint as a matter of course, pursuant to F.R.Civ.P.

3   15(a)(1).  This Court considered CMI and Wilmington's (collectively "defendants'") F.R.Civ.P.

4   12(b)(6) motion to dismiss on the record and VACATES the October 7, 2013 hearing, pursuant

5   to Local Rule 230(g).  For the reasons discussed below, this Court DISMISSES this action.

6   ### DISCUSSION[1]

7   ### Ms. Khan's Property Loan And Default

8   On January 13, 2003, Mr. Khan borrowed from Golden Empire Mortgage $648,500, the

9   promissory for which was secured by a deed of trust ("DOT") on the property.  In March 2010,

10  Golden Empire Mortgage assigned the promissory note and DOT to CMI which later assigned

11  its interests in the promissory note and DOT to Wilmington.  CMI acted as the loan's servicer

12  and holder of the promissory note.

13  In September 2009, Ms. Khan failed to make loan payments and defaulted.  CMI

14  recorded a notice of default on March 8, 2010 and a notice of trustee's sale on June 9, 2010 to

15  set a June 30, 2010 sale.

16  ### Loan Modification Attempts And Property Foreclosure

17  After her default, Ms. Khan applied to CMI to modify her loan during which CMI

18  repeatedly postponed the trustee's sale.  During the loan modification process, CMI:

19  1.    Asked Ms. Khan routinely for documents she had submitted previously and

20  repeatedly;

21  2.    Lost documents and claimed their non-receipt;

22  3.    Imposed deadlines for document submission which Ms. Khan could not meet

23  due to CMI's fault; and

24  4.    Closed the file to require Ms. Khan to reinitiate loan modification.

25  During February 10, 2012 to May 14, 2012, CMI informed Ms. Khan that her

26  application was in "underwriting" although no "underwriting" occurred.  During that same

27  _____

28  [1]      The factual recitation generally summarizes Ms. Khan's operative complaint ("complaint").

2

101

1   period and specifically on May 14, 2012, CMI representatives responded to Ms. Khan's at least
2   weekly telephone inquiries that her loan modification was "open and under review" and that
3   the May 15, 2012 foreclosure sale will be postponed.

4        CMI purchased the property at a May 15, 2012 trustee's sale and later transferred its
5   interest in the property to Wilmington.   CMI informed Mr. Khan that the sale was a mistake
6   and promised to rescind it.

7        In January 2013, an unlawful detainer proceeding was initiated against Ms. Khan.

8        On May 24, 2012, CMI assigned its interest in the DOT to Wilmington by an
9   assignment of deed of trust recorded on May 29, 2012.

10       In February 2013, unlawful detainer proceedings against Ms. Khan resumed.  Ms. Khan
11  vacated the property after she was served with a notice to vacate prior to June 26, 2013.

12                              **Ms. Khan's Claims**

13       The complaint alleges breach of contract, fraud, negligence and related claims which
14  will be discussed below.

15                                **DISCUSSION**

16              **F.R.Civ.P. 12(b)(6) Motion to Dismiss Standards**

17       Defendants challenge the complaint's claims as insufficiently pled and conclusory.

18       A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable
19  legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."
20  *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of*
21  *Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).   A F.R.Civ.P. 12(b)(6) motion "tests the legal
22  sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

23       In addressing dismissal, a court must:  (1) construe the complaint in the light most
24  favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3)
25  determine whether plaintiff can prove any set of facts to support a claim that would merit
26  relief.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996).   Nonetheless, a
27  court is not required "to accept as true allegations that are merely conclusory, unwarranted
28  deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536

                                       3

1    F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal

2    conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d

3    638, 643, n. 2 (9th Cir.1986), and must not "assume that the [plaintiff] can prove facts that it

4    has not alleged or that the defendants have violated . . . laws in ways that have not been

5    alleged." *Associated General Contractors of California, Inc. v. California State Council of*

6    *Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to

7    amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings*

8    *Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

9         A plaintiff is obliged "to provide the 'grounds' of his 'entitlement to relief' [which]

10   requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

11   of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65

12   (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when

13   construed in the light most favorable to plaintiff, fails to plead sufficiently all required

14   elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634

15   (S.D. Cal. 1998). In practice, a complaint "must contain either direct or inferential allegations

16   respecting all the material elements necessary to sustain recovery under some viable legal

17   theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford*

18   *Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

19

20        In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), the U.S. Supreme

21   Court explained:

22              . . . a complaint must contain sufficient factual matter, accepted as true, to
         "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility
23       when the plaintiff pleads factual content that allows the court to draw the reasonable
         inference that the defendant is liable for the misconduct alleged. . . . The plausibility
24       standard is not akin to a "probability requirement," but it asks for more than a sheer
         possibility that a defendant has acted unlawfully. (Citations omitted.)
25

26

27        After discussing *Iqbal*, the Ninth Circuit summarized: "In sum, for a complaint to

28   survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that

4

1   content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S.*

2   *Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at

3   1949).

4       The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

5           First, the tenet that a court must accept as true all of the allegations contained in
6       a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of
        a cause of action, supported by mere conclusory statements, do not suffice. . . . Second,
7       only a complaint that states a plausible claim for relief survives a motion to dismiss. . . .
        Determining whether a complaint states a plausible claim for relief will . . . be a
8       context-specific task that requires the reviewing court to draw on its judicial experience
9       and common sense. . . . But where the well-pleaded facts do not permit the court to
        infer more than the mere possibility of misconduct, the complaint has alleged – but it
10      has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

11          In keeping with these principles a court considering a motion to dismiss can
12      choose to begin by identifying pleadings that, because they are no more than
        conclusions, are not entitled to the assumption of truth. While legal conclusions can
13      provide the framework of a complaint, they must be supported by factual allegations.
        When there are well-pleaded factual allegations, a court should assume their veracity
14      and then determine whether they plausibly give rise to an entitlement to relief.

15

16  *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

17      With these standards in mind, this Court turns to defendants' challenges to the

18  complaint's claims.

19                                  **Promissory Estoppel**

20      The complaint's (first) promissory estoppel claim alleges that:

21      1.    During February 2012 to May 14, 2012, defendants as least once a week

22  promised Ms. Khan that her loan modification application "was open, active and under

23  review," and that the May 15, 2012 trustee's sale "will be postponed";

24      2.    On May 14, 2012, Ms. Khan was "promised one last time that the next day's

25  sale would be postponed"; and

26      3.    Ms. Khan reasonably relied on "these promises" and "would have taken

27  protective action to save her house from foreclosure" by, for instance, filing an action seeking

28  injunctive relief, borrowing reinstatement funds from relatives, or filing bankruptcy.

5

*Oral Agreement*

Defendants contend that an oral agreement to postpone foreclosure is unenforceable to defeat the promissory estoppel claim.

"As a general rule, a gratuitous oral promise to postpone a foreclosure sale or to allow a borrower to delay monthly mortgage payments is unenforceable." *Garcia v. World Sav., FSB*, 183 Cal.App.4th 1031, 1039, 107 Cal.Rptr.3d 683 (2010). In *Clark v. Countrywide Home Loans, Inc.*, 732 F.Supp.2d 1038, 1043-1044 (E.D. Cal. 2010), a fellow judge of this Court addressed oral representations as to real property:

> Certain types of contracts are invalid unless memorialized by a written document signed by the party against whom the contract is being enforced. Cal. Civ. Code § 1624. Mortgages and deeds of trust are subject to the statute of frauds. *Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2*, 167 Cal.App.4th 544, 552, 84 Cal.Rptr.3d 275 (2008). "An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds" and must be in writing. *Id.* at 553, 84 Cal.Rptr.3d 275; *see also Basham v. Pac. Funding Group*, 2010 WL 2902368 (E.D. Cal. July 22, 2010) (dismissing a claim that defendant breached an oral contract to provide plaintiffs with a loan modification because, under the statute of frauds, "absent a writing, there can be no contract, much less a breach of contract."); *Justo v. Indymac Bancorp, et al.*, 2010 WL 623715 (E.D. Cal. Feb. 19, 2010) (plaintiff's claim that defendants breached an oral contract to modify his loan and cancel the foreclosure sale was barred by the statute of frauds). A written contract may not be modified by an oral agreement, unless that oral agreement is memorialized in writing and signed by the parties. Cal. Civ. Code § 1698.
>
> Here, the alleged promise for a loan modification is subject to the statute of frauds. Absent a written agreement to modify the loan, **any claim based upon an oral contract to modify the loan is barred** by the statute of frauds. *See Secrest*, 167 Cal.App.4th at 552, 84 Cal.Rptr.3d 275. (Bold added.)

"A modification of a contract is a change in the obligations of a party by a subsequent mutual agreement of the parties." *Secrest v. Security Nat. Mortg. Loan Trust 2002-2*, 167 Cal.App.4th 544, 553, 84 Cal.Rptr.3d 275 (2008). "A contract coming within the statute of

6

frauds is invalid unless it is memorialized by a writing subscribed by the party to be charged or by the party's agent." *Secrest*, 167 Cal.App.4th at 552, 84 Cal.Rptr.3d 275 (citing Cal. Civ. Code, § 1624)). An "agreement by which a lender agreed to forbear from exercising the right of foreclosure under a deed of trust securing an interest in real property comes within the statute of frauds." *Secrest*, 167 Cal.App.4th at 547, 84 Cal.Rptr.3d 275. "An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds." *Secrest*, 167 Cal.App.4th at 5553, 84 Cal.Rptr.3d 275; *see Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 121, 92 Cal.Rptr. 851 (1971) ("The purported oral agreement is unenforceable. No damages can arise as a consequence of its alleged breach.")

The record reveals no written agreement to modify Ms. Khan's loan or to forego foreclosure of the property. The complaint's facts and inferences are that no more than oral statements were made to Ms. Khan. In the absence of a written agreement to modify her loan or to forego foreclosure, the statute of fraud bars the promissory estoppel claim. This Court construes the absence of Ms. Khan's opposition as her concession that the promissory estoppel claim is barred.

### *Justifiable Reliance*

Defendants further contend that the complaint lacks sufficient facts to support promissory estoppel elements.

Under the promissory estoppel doctrine, "a promisor is bound when he should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement." *Youngman v. Nevada Irrigation Dist.*, 70 Cal.2d 240, 249, 74 Cal.Rptr. 398 (1969). Promissory estoppel elements are "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Laks v. Coast Fed. Sav. & Loan Assn.*, 60 Cal.App.3d 885, 891, 131 Cal.Rptr. 836 (1976); *see Toscano v. Greene Music*, 124 Cal.App.4th 685, 692, 21 Cal.Rptr.3d 732 (2004).

Promissory estoppel is "a doctrine which employs equitable principles to satisfy the requirement that consideration must be given in exchange for the promise sought to be enforced." *Raedeke v. Gibraltar Sav. & Loan Assn.*, 10 Cal.3d 665, 672,111 Cal.Rptr. 693 (1974). "[P]romissory estoppel claims are aimed solely at allowing recovery in equity where a

7

contractual claim fails for a lack of consideration, and in all other respects the claim is akin to one for breach of contract . . . ." *US Ecology, Inc. v. State*, 129 Cal.App.4th 887, 904, 28 Cal.Rptr.3d 894 (2005). "The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted." *Garcia v. World Sav., FSB*, 183 Cal.App.4th 1031, 1041, 107 Cal.Rptr.3d 683 (2010).

Defendants fault the complaint's absence of facts to support that Ms. Khan relied on CMI's "purported statements concerning the postponement of the foreclosure sale." Defendants point to complaint allegations that CMI closed its file or denied modification to suggest Ms. Khan's "actual knowledge" of the upcoming foreclosure sale. Defendants characterize Ms. Khan to have foregone "action she deemed necessary to avoid the foreclosure sale" to render unreasonable or unjustified her alleged failure to reinstate the loan after receipt of multiple denials of modification.

Defendants raise valid points. Nothing in the record suggests that Ms. Khan's reliance on a loan modification or postponement of foreclosure was merited. She remained obligated on her promissory and DOT. The complaint reveals that she remained on the property without making payments for more than three years. The complaint lacks facts to invoke equitable principles to grant Ms. Khan a further windfall in connection with her default. The promissory estoppel claim is subject to dismissal with prejudice.

### Fraud

The complaint's (second) fraud claim alleges that:

1.    Defendants' practice as to instruct "employees to respond to telephone status inquiries from borrowers with standard answers irrespective of whether those answers were or were not true";

2.    The responses included: "You are missing documents"; "You are under review"; and "You are in underwriting."

3.    Such misrepresentations were intended "to delay and drag out the modification process" to accomplish CMI's goals "to modify as few loans as possible" and to avoid government regulators' scrutiny; and

4.    Ms. Khan "never received denial of her loan modification, demonstrating that [her] modification application never was in underwriting and the statement "you are in

8

1  underwriting and under review" was false.

2      Defendants fault the complaint's failure to allege fraud elements with sufficient

3  particularity.

### Elements

4

5      Fraud elements for deceit are "(a) misrepresentation (false representation, concealment,

6  or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce

7  reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Medical*

8  *Group, Inc.*, 15 Cal.4th 951, 974, 64 Cal.Rptr.2d 843 (1997).

9      "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full,

10  factually and specifically, all of the elements of the cause of action." *Conrad v. Bank of*

11  *America*, 45 Cal.App.4th 133, 156, 53 Cal.Rptr.2d 336 (1996). There must be a showing "that

12  the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon

13  the false representation" and "that the plaintiff actually and justifiably relied upon the

14  defendant's misrepresentation in acting to his detriment." *Conrad*, 45 Cal.App.4th at 157, 53

15  Cal.Rptr.2d 336. "The absence of any one of these required elements will preclude recovery."

16  *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1332, 231 Cal.Rptr. 355

17  (1986).

### Particularity Pleading Standard

18

19      F.R.Civ.P. 9(b) requires a party to "state with particularity the circumstances

20  constituting fraud."[2] In the Ninth Circuit, "claims for fraud and negligent misrepresentation

21  must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of California, N.A.*,

22  290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003). A court may dismiss a claim grounded in fraud

23  when its allegations fail to satisfy F.R.Civ.P. 9(b)'s heightened pleading requirements. *Vess*,

24  317 F.3d at 1107.[3] A motion to dismiss a claim "grounded in fraud" under F.R.Civ.P. 9(b) for

25

26      [2]      F.R.Civ.P. 9(b)'s particularity requirement applies to state law causes of action: "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1995)(italics in original))

27

28

9

1   failure to plead with particularity is the "functional equivalent" of a F.R.Civ.P. 12(b)(6) motion

2   to dismiss for failure to state a claim. *Vess*, 317 F.3d at 1107. As a counter-balance, F.R.Civ.P.

3   8(a)(2) requires from a pleading "a short and plain statement of the claim showing that the

4   pleader is entitled to relief."

5          F.R.Civ.P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule

6   8's requirement of simplicity, directness, and clarity" and "has among its purposes the

7   avoidance of unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

8   F.R.Civ.P 9(b) requires "specific" allegations of fraud "to give defendants notice of the

9   particular misconduct which is alleged to constitute the fraud charged so that they can defend

10  against the charge and not just deny that they have done anything wrong." *Semegen v.*

11  *Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). "A pleading is sufficient under Rule 9(b) if it

12  identifies the circumstances constituting fraud so that the defendant can prepare an adequate

13  answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993)

14  (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866,

15  866 (9th Cir. 1997)). The Ninth Circuit has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud.
> The time, place and content of an alleged misrepresentation may identify the statement
> or the omission complained of, but these circumstances do not "constitute" fraud. The
> statement in question must be false to be fraudulent. Accordingly, our cases have
> consistently required that circumstances indicating falseness be set forth. . . . [W]e
> [have] observed that plaintiff must include statements regarding the time, place, and
> *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of
> fraud are insufficient." . . . The plaintiff must set forth what is false or misleading
> about a statement, and why it is false. In other words, the plaintiff must set forth an
> explanation as to why the statement or omission complained of was false or misleading.
> . . .
>
>          In certain cases, to be sure, the requisite particularity might be supplied with
> great simplicity.

---

26      [3]      "In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely
on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to
27  'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule
9(b)." *Vess*, 317 F.3d at 1103-1104.

10

1    *In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc)

2    (italics in original) *superseded by statute on other grounds as stated in Marksman Partners,*

3    *L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137

4    F.3d 616, 627 (9th Cir. 1997) (fraud allegations must be accompanied by "the who, what, when,

5    where, and how" of the misconduct charged); *see Neubronner*, 6 F.3d at 672 ("The complaint

6    must specify facts as the times, dates, places, benefits received and other details of the alleged

7    fraudulent activity."); *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d

8    1393, 1401 (1986) ("the pleader must state the time, place, and specific content of the false

9    representations as well as the identities of the parties to the misrepresentation").

10       In a fraud action against a corporation, a plaintiff must "allege the names of the persons

11   who made the allegedly fraudulent representations, their authority to speak, to whom they

12   spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut.*

13   *Auto. Ins. Co.*, 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991).

14       F.R.Civ.P. 9(b) "does not allow a complaint to merely lump multiple defendants

15   together but 'require[s] plaintiffs to differentiate their allegations when suing more than one

16   defendant . . . and inform each defendant separately of the allegations surrounding his alleged

17   participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007)

18   (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D. Fla.1998)). In

19   the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum,

20   "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Moore v. Kayport*

21   *Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir.1989). "To state a claim of fraudulent

22   conduct, which carries substantial reputational costs, plaintiffs must provide each and every

23   defendant with enough information to enable them 'to know what misrepresentations are

24   attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v.*

25   *Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1163 (C.D. Cal. 1998) (quoting *In re*

26   *Worlds of Wonder Sec. Litig.*, 694 F.Supp. 1427, 1433 (N.D. Cal.1988)).

                                       *Misrepresentation*

27

28       Defendants point to the complaint's absence of facts of their misrepresentations in that

                                              11

1    the complaint alleges that CMI postponed foreclosure, that Ms. Khan was denied modification,

2    and that the foreclosure sale occurred after denial of her applications.  Defendants further fault

3    the complaint's failure to identify CMI representatives who made misrepresentations, their

4    authority to speak, the date of misrepresentation, and similar required details.

5          Defendants are correct that the complaint lacks sufficient facts to support the

6    misrepresentation element.  The complaint fails to support with facts a misrepresentation and

7    merely concludes that representations as her modification application are false.  The complaint

8    identifies no person making alleged misrepresentations with required specificity to hold

9    defendants accountable.  The complaint fails to substantiate the misrepresentation element.

10                                 *Intent To Defraud*

11         Defendants challenge the absence of facts to support defendants' intent to defraud in

12   that the complaint alleges that CMI foreclosed on the property after three years of loan

13   modification applications and multiple denials.  Defendants further question an intent to

14   defraud give that Ms. Khan was allowed to remain on the property for three years without

15   making a payment during the loan modification process.

16         The complaint lacks facts of defendant's intent to defraud, and Ms. Khan offers nothing

17   to support intent to defraud.  Allegations of delay and avoiding regulators' scrutiny fail to

18   substantiate intent to defraud.  The complaint lacks facts to satisfy F.R.Civ.P. 9(b) specificity

19   as to intent.

20                                *Justifiable Reliance*

21         Defendants fault the absence of facts to support Ms. Khan's reliance on CMI's

22   statements of foreclosure sale postponement.  Defendants point to complaint allegations that

23   CMI closed its file or denied modification to suggest Ms. Khan's "actual knowledge" of the

24   upcoming foreclosure sale.  Defendants characterize Ms. Khan to have foregone "action she

25   deemed necessary to avoid the foreclosure sale" to render unreasonable or unjustified her

26   alleged failure to reinstate the loan after receipt of multiple denials of modification.  *See*

27   *Cameron v. Cameron*, 88 Cal.App.2d 585, 594, 199 P.2d 443 (1948) ("If [one] becomes aware

28   of facts that tend to arouse his suspicion, or if he has reason to believe that any representations

     made to him are false or only half true, it is his legal duty to complete his investigation and he

                                           12

has no right to rely on statements of the other contracting party.")

Similar to the discussion on promissory estoppel, nothing suggests that Ms. Khan's reliance on a loan modification or postponement of foreclosure was justified, especially since she remained obligated on her promissory and DOT. The complaint's allegations that Ms. Khan was under review or in underwriting coupled with delay demonstrate grounds to arouse suspicion or to disbelieve the potential for loan modification or foreclosure sale postponement. The complaint suggests that Ms. Khan was on notice of problems to frustrate the notion of her justifiable reliance. The complaint lacks facts alleged with sufficient specificity to support Ms. Khan's justifiable reliance.

In short, the complaint lacks a viable fraud claim to warrant its dismissal with prejudice.

### Breach Of The Implied Covenant Of Good Faith And Fair Dealing

The complaint's (third) breach of the implied covenant of good faith and fair dealing ("implied covenant") claim alleges that Ms. Khan's promissory note and DOT imposed on CMI the duty of good faith and fair dealing. The implied covenant claims accuses CMI of:

1.    Not assisting Ms. Khan with loan modification;

2.    Delaying "the modification for two years during which time it falsely represented to [Ms. Khan] that her application was in underwriting and under review when it was not";

3.    Engaging in further delay by "claiming that necessary documents were missing from the file" although Ms. Khan timely "provided all requested documents";

4.    Lacking ability to honor its agreement with Wilmington to assign CMI's interests in the DOT and its agreement with Ms. Khan in that CMI negotiated the assignment during the loan modification process;

5.    Agreeing implicitly to evaluate honestly and fairly Ms. Khan's loan modification application to impose on CMI "all obligations and duties incumbent upon any party to a contract to honestly and fairly treat [Ms. Khan] in good faith under the obligations provided in the Note and Deed of Trust"; and

6.    Foreclosing without making a final decision on loan modification.

Defendants challenge the absence of facts to support an implied covenant claim.

"There is an implied covenant of good faith and fair dealing in every contract that

13

neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Kransco v. American Empire Surplus Lines Ins. Co.*, 23 Cal.4th 390, 400, 97 Cal.Rptr.2d 151 (2000) (quoting *Comunale v. Traders & General Ins. Co.*, 50 Cal.2d 654, 658, 328 P.2d 198 (1958)). "The covenant of good faith and fair dealing is implied in every contract as a method to protect the interests of the parties in having the contractual promises and purposes performed." *Love v. Fire Ins. Exchange*, 221 Cal.App.3d 1136, 1147, 271 Cal.Rptr. 246 (1990).

"The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation." *Racine & Laramie, Ltd. v. Department of Parks & Recreation*, 11 Cal.App.4th 1026, 1031, 14 Cal.Rptr.2d 335 (1992). "There is no obligation to deal fairly or in good faith absent an existing contract." *Racine & Laramie*, 11 Cal.App.4th at 1032, 14 Cal.Rptr.2d 335. The "implied covenant is a supplement to an existing contract, and thus it does not require parties to negotiate in good faith prior to any agreement." *McClain v. Octagon Plaza*, LLC, 159 Cal.App.4th 784, 799, 71 Cal.Rptr.3d 885 (2008).

A breach of implied covenant of good faith and fair dealing claim "must show that the conduct of the defendant . . . demonstrates a failure or refusal to discharge contractual responsibilities, prompted . . . by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal.App.3d 1371, 1395, 272 Cal.Rptr. 387 (1990).

The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal.App.4th 1089, 1093-1094, 8 Cal.Rptr.3d 233 (2004) (citation omitted). The "scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal.4th 342, 373, 6 Cal.Rptr.2d 467 (1992). "[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself." *Wolf v. Walt Disney Pictures and Television*, 162 Cal.App.4th 1107, 1120, 76 Cal.Rptr.3d 585 (2008). "The covenant 'cannot impose substantive duties or limits on the contracting parties beyond those

14

incorporated in the specific terms of their agreement.'" *Agosta v. Astor*, 120 Cal.App.4th 596, 607, 15 Cal.Rptr.3d 565 (2004) (quoting *Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 349-350, 100 Cal.Rptr.2d 352 (2000)). Moreover, although the implied covenant particularly applies when a party has discretionary power affecting rights of another party, "the implied covenant does not trump an agreement's express language." *Steiner v. Thexton*, 48 Cal.4th 411, 419-420, 226 P.3d 359 (2010).

Defendants fault the complaint's absence of allegations that "the loan requires CMI to agree to the modification." Defendants note CMI's contractual right to foreclose under the DOT and Ms. Khan's admitted default.

The complaint lacks a specific contractual obligation on which to premise an implied covenant claim. In the absence of a tangible breach of contract claim, the complaint lacks facts to demonstrate defendants' failure or refusal to discharge contractual responsibilities, prompted by a conscious and deliberate act. The implied covenant claim improperly seeks to impose on defendants obligations beyond the scope of a purported agreement to modify Ms. Khan's loan or to forego foreclosure. The DOT permits foreclosure and thus no implied covenant prohibited defendants from doing that which the DOT permitted to remedy Mr. Khan's default. The implied covenant claim is subject to dismissal with prejudice in the absence of Ms. Khan's attempt to support it.

### Unlawful Business Practices

The complaint's fourth claim proceeds under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code, §§ 17200, et seq., to allege that defendants "have committed acts of unfair competition" by:

1.    Leading borrowers "to believe that they were being fairly considered for loan modifications when in fact [CMI] had an internal policy to deny loan modifications whenever possible;

2.    Promising borrowers routinely "that their loans were in underwriting and under review and then . . . foreclosing without even rendering an underwriting decision"; and

3.    "[T]racking all defaulted borrowers for foreclosure at the same time they were being considered for loan modifications with the intent to eventually foreclose whenever possible rather than providing borrowers the ability to repay their loans under modified terms." The UCL claim characterizes such practices as unlawful and unfair to deny borrowers "the

15

1  opportunity to fairly and honestly repay their debt" to CMI.

2  *Standing*

3  The complaint fails to allege that Ms. Khan suffered an injury cognizable under the

4  UCL to establish her standing.

5  California Business and Professions Code section 17204 limits standing to bring a UCL

6  claim to specified public officials and a private person "who has suffered injury in fact and has

   lost money or property as a result of the unfair competition."  "This provision requires

7  [plaintiff] to show that she has lost 'money or property' sufficient to constitute an 'injury in

8  fact' under Article III of the Constitution, *see Birdsong v. Apple, Inc.*, 590 F.3d 955, 959–60

9  (9th Cir.2009), and also requires a 'causal connection' between [defendant's] alleged UCL

10 violation and her injury in fact, *Hall v. Time Inc.*, 158 Cal.App.4th 847, 70 Cal.Rptr.3d 466,

11 471–72 (2008)." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204-1205 (9th Cir. 2010), *cert.*

12 *denied*, 131 S.Ct. 1817 (2011).

13 Business and Professions Code section 17203 addresses UCL relief and provides in

14 pertinent part:

15 > Any person who engages, has engaged, or proposes to engage in unfair
   > competition may be enjoined in any court of competent jurisdiction. The court

16 > may make such orders or judgments . . . as may be necessary to restore to any
   > person in interest any money or property, real or personal, which may have been

17 > acquired by means of such unfair competition. (Bold added.)

18

19 "In a suit under the UCL, a public prosecutor may collect civil penalties, but a private

20 plaintiff's remedies are 'generally limited to injunctive relief and restitution.'" *Kasky v. Nike,*

21 *Inc.*, 27 Cal.4th 939, 950, 119 Cal.Rptr.2d 296 (2002) (quoting *Cel-Tech Communications, Inc.*

22 *v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 83 Cal.Rptr.2d 548 (1999)).

23 The complaint lacks facts of Ms. Khan's money or property allegedly lost in that she

24 was obligated to pay her loan and faced foreclosure if she failed to meet her obligations.

   Foreclosure of the property fails to support a UCL claim in the absence of allegations of the

25 Ms. Khan's performance to avoid default.  The complaint lacks facts to support Ms. Khan's

26 standing to seek UCL relief to warrant dismissal of the UCL claim.

27 *Unlawful, Unfair Or Fraudulent Practice*

28 Defendants further fault the complaint's failure to allege a predicate violation of law to

16.

1  support a UCL claim.

2       "Unfair competition is defined to include 'unlawful, unfair or fraudulent business

3  practice and unfair, deceptive, untrue or misleading advertising.'" *Blank v. Kirwan*, 39 Cal.3d

4  311, 329, 216 Cal.Rptr. 718 (1985) (quoting Cal. Bus. & Prof. Code, § 17200).  The UCL

5  establishes three varieties of unfair competition – "acts or practices which are unlawful, or

6  unfair, or fraudulent."   *Shvarts v. Budget Group, Inc.*, 81 Cal.App.4th 1153, 1157, 97

7  Cal.Rptr.2d 722 (2000).  An "unlawful business activity" includes anything that can properly

8  be called a business practice and that at the same time is forbidden by law. *Blank*, 39 Cal.3d at

9  329, 216 Cal.Rptr. 718 (citing *People v. McKale*, 25 Cal.3d 626, 631-632, 159 Cal.Rptr. 811,

10 602 P.2d 731 (1979)).  "A business practice is 'unlawful' if it is 'forbidden by law.'"  *Walker*

11 *v. Countrywide Home Loans, Inc.*, 98 Cal.App.4th 1158, 1169, 121 Cal.Rptr.2d 79 (2002)

12 (quoting *Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487

13 (1992)).

14       The UCL prohibits "unlawful" practices "forbidden by law, be it civil or criminal,

15 federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*,

16 27 Cal.App.4th 832, 838, 33 Cal.Rptr.2d 548 (1999).  The UCL "thus creates an independent

17 action when a business practice violates some other law." *Walker*, 98 Cal.App.4th at 1169,

18 121 Cal.Rptr.2d 79.   According to the California Supreme Court, the UCL "borrows"

19 violations of other laws and treats them as unlawful practices independently actionable under

20 the UCL. *Farmers Ins.*, 2 Cal.4th at 383, 6 Cal.Rptr.2d 487.

21       A fellow district court has explained the borrowing of a violation of law other than the

22 UCL:

> To state a claim for an "unlawful" business practice under the UCL, a plaintiff must assert the violation of any other law. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999) (stating, "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other law and treats them as unlawful practices that the unfair competition law makes independently actionable.") (citation omitted).  Where a plaintiff cannot state a claim under the "borrowed" law, she cannot state a UCL claim either. *See, e.g., Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal.App.4th 700, 718, 113 Cal.Rptr.2d 399 (2001). Here, Plaintiff has predicated her "unlawful" business practices claim on her TILA claim. However, as discussed above, Plaintiff's attempt to state a claim under TILA has failed. Accordingly, Plaintiff has stated no "unlawful" UCL claim.

17

1

2      *Rubio v. Capital One Bank*, 572 F.Supp.2d 1157, 1168 (C.D. Cal. 2008), *affirmed in part,*

3      *reversed in part*, 613 F.3d 1195 (2010).

4            Moreover, "a plaintiff may not bring an action under the unfair competition law if some

5      other statutory provision bars such an action or permits the underlying conduct." *Rothschild v.*

6      *Tyco Internat. (US), Inc.*, 83 Cal.App.4th 488, 494, 99 Cal.Rptr.2d 721 (2000).

       "Unfair" under the UCL "means conduct that threatens an incipient violation of an

7      antitrust law, or violates the policy or spirit of one of those laws because its effects are

8      comparable to or the same as a violation of the law, or otherwise significantly threatens or

9      harms competition." *Cal-Tech Communications, Inc. v. Los Angeles Cellular Telephone*, 20

10     Cal.4th 163,187, 83 Cal.Rptr.2d 548 (1999). A business practice is unfair when it "offends an

11     established public policy or when the practice is immoral, unethical, oppressive, unscrupulous

12     or substantially injurious to consumers." *Podolsky v. First Healthcare Corp.*, 50 Cal.App.4th

13     632, 647, 58 Cal.Rptr.2d 89 (1996) (internal quotations and citations omitted).   The

14     "unfairness" prong of the UCL "does not give the courts a general license to review the

15     fairness of contracts." *Samura v. Kaiser Found. Health Plan*, 17 Cal.App.4th 1284, 1299 & n.

       6, 22 Cal.Rptr.2d 20 (1993).

16           The "fraudulent" prong under the UCL requires a plaintiff to "show deception to some

17     members of the public, or harm to the public interest," *Watson Laboratories, Inc. v. Rhone-*

18     *Poulenc Rorer, Inc.*, 178 F.Supp.2d 1099, 1121 (C.D. Ca. 2001), or to allege that "members of

19     the public are likely to be deceived," *Schnall v. Hertz Corp.*, 78 Cal.App.4th 1144, 1167, 93

20     Cal.Rptr.2d 439 (2000); *Medical Instrument Development Laboratories v. Alcon Laboratories*,

21     2005 WL 1926673, at *5 (N.D. Cal. 2005). A UCL "plaintiff need not show that he or others

22     were actually deceived or confused by the conduct or business practice in question." *Schnall*,

23     78 Cal.App.4th at 1167, 93 Cal.Rptr.2d 439.

24           "A plaintiff alleging unfair business practices under these statutes [UCL] must state

25     with reasonable particularity the facts supporting the statutory elements of the violation."

26     *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993).

27           Defendants argue that the complaint lacks a UCL claim in the absence of facts of

       violation of law, unfairness or fraud. Defendants challenge the complaint's failure "to establish

28     a predicate unlawful, unfair or fraudulent business practice."

                                                     18

The FAC lacks facts of an unlawful, unfair or fraudulent business practices to support a UCL claim, despite Ms. Khan's unsubstantiated claims of misleading borrowers and denying opportunity to repay their debt. As demonstrated throughout this order, the complaint's claims fail and thus cannot serve as a predicate violation for a UCL claim. The complaint's UCL claim fails with its other claims and is subject to dismissal with prejudice.

### Negligence

The complaint's (fifth) negligence claim alleges that defendants:

1.    Negligently handled Ms. Khan's loan modification application "when they acted in contravention of their promises to rescind the foreclosure sale";

2.    Breached their duty to handle fairly and honestly Ms. Khan's loan modification application "by stringing [Ms. Khan] along throughout the loan modification approval process, requesting duplicative documentation, losing documentation and all the while following a policy that is geared toward denying loan modification applications";

3.    Breached the "duty to evaluate [Ms. Khan's] loan modification swiftly so as to avoid the pending Trustee's sales"; and

4.    "[F]ailed in its duty to [Ms. Khan] by delaying the underwriting procedure" that had been promised.

Defendants challenge the complaint's failure to allege an actionable duty to support a negligence claim.

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339, 78 Cal.Rptr.2d 525 (1998) (citation omitted). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Assn*, 231 Cal.App.3d 1089, 1095, 283 Cal.Rptr. 53 (1991). "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant." *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal.App.4th 472, 481, 56 Cal.Rptr.2d 756 (1996). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential Investments, Inc.*, 118 Cal.App.4th 269, 278, 12 Cal.Rptr.3d 846 (2004) (citation omitted).

"The 'legal duty' of care may be of two general types: (a) the duty of a person to use

19

ordinary care in activities from which harm might reasonably be anticipated [, or] (b) [a]n affirmative duty where the person occupies a particular relationship to others. . . . In the first situation, he is not liable unless he is actively careless; in the second, he may be liable for failure to act affirmatively to prevent harm." *McGettigan v. Bay Area Rapid Transit Dist.*, 57 Cal.App.4th 1011, 1016-1017, 67 Cal.Rptr.2d 516 (1997).

There is no actionable duty between a lender and borrower in that loan transactions are arms-length. A lender "owes no duty of care to the [borrowers] in approving their loan. Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal.App.3d 27, 35, 161 Cal.Rptr. 516 (1980) (citing several cases). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal.App.3d at 1096, 283 Cal.Rptr. 53; *see Myers v. Guarantee Sav. & Loan Assn.*, 79 Cal.App.3d 307, 312, 144 Cal.Rptr. 616 (1978) (no lender liability when lender did not engage "in any activity outside the scope of the normal activities of a lender of construction monies").

"Public policy does not impose upon the Bank absolute liability for the hardships which may befall the [borrower] it finances." *Wagner*, 101 Cal.App.3d at 34, 161 Cal.Rptr. 516. The success of a borrower's investment "is not a benefit of the loan agreement which the Bank is under a duty to protect." *Wagner*, 101 Cal.App.3d at 34, 161 Cal.Rptr. 516 (lender lacked duty to disclose "any information it may have had"). "It is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid." *Sierra-Bay Fed. Land Bank Assn. v. Superior Court*, 227 Cal.App.3d 318, 334, 277 Cal.Rptr. 753 (1991). Moreover, "loan servicers do not owe a duty to the borrowers of the loans they service." *Shepherd v. American Home Mortg. Services, Inc.*, 2009 WL 4505925, at *2 (E.D. Cal. 2009); *see Huerta v. Ocwen Loan Servicing, Inc.*, 2010 WL 728223, at *4 (N.D. Cal. 2010) ("a loan servicer has no fiduciary duty to a borrower when its involvement in the transaction does not exceed the scope of its conventional role as a loan servicer").

Turning to loan modification, "[n]umerous cases have characterized a loan modification as a traditional money lending activity, warranting application of the rule articulated in *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 283 Cal.Rptr. 53 (1991), that a

20

financial institution in general owes no duty of care to a borrower." *Settle v. World Sav. Bank, F.S.B.*, 2012 WL 1026103, at *8 (C.D. Cal. 2012). In *Alvarado v. Aurora Loan Services, LLC*, 2012 WL 4475330, at *6 (C.D. Cal. 2012), a fellow district judge explained:

> . . . offering loan modifications is sufficiently entwined with money lending so as to be considered within the scope of typical money lending activities. If money lending institutions were held to a higher standard of care by offering a service that could benefit borrowers whose circumstances have changed, the money lender[s] would be discouraged from leniency and would assert their rights to reclaim the property upon the borrower's default. The conventional-moneylender test shall be sufficient to determine that there is no duty of care owed in servicing Plaintiff's mortgage loan and loan modification. As the Plaintiff is unable to establish a duty, it is unnecessary to discuss the elements of breach, causation, and damages.

Defendants fault the complaint's absence of facts to support its actionable duty owed to Ms. Khan and in turn breach of such duty to cause damage. Defendants note that Ms. Khan's "mere desire to obtain a loan modification cannot serve as a basis" to support a negligence claim.

The complaint insufficiently attempts to allege defendants' cognizable duty of care let alone its breach. Ms. Khan lacks a negligence claim based on defendants' lender and/or servicer roles, particularly in the absence of a duty to forego foreclosure or to provide loan modification. "No such duty exists . . . to determine the borrower's ability to repay the loan. . . . The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's." *Renteria v. United States*, 452 F.Supp.2d 910, 922-923 (D. Ariz. 2006) (borrowers "had to rely on their own judgment and risk assessment to determine whether or not to accept the loan"). "A commercial lender is not to be regarded as the guarantor of a borrower's success and is not liable for the hardships which may befall a borrower." *Sierra-Bay Fed.*, 227 Cal.App.3d at 334, 277 Cal.Rptr. 753. CMI had "no interest in the loan" in its role as loan servicer. *See Cleveland v. Deutsche Bank Nat. Trust Co.*, 2009 WL 250017, at *3 (S.D. Cal. 2009).

Defendants owed no actionable duty of care to Ms. Khan arising from her dissatisfaction with a loan modification. The complaint lacks facts of special circumstances to impose duties on defendants in that the complaint depicts an arms-length transaction, nothing

21

1  more.   The complaint fails to substantiate a special lending or other relationship or an
2  actionable breach of duty to substantiate a negligence claim.   The negligence claim fails and is
3  subject to dismissal with prejudice.

### Quiet Title

4
5  The complaint's (sixth) quiet title claim seeks to quiet the property's title in favor of Ms.
6  Khan over Wilmington.  The quiet title claim alleges that the May 15, 2012 trustee's sale is
7  "voidable" in that CMI as Wilmington's agent and predecessor "engaged in unfair competition
8  by routinely acting in bad faith in evaluating [Ms. Khan] for a loan modification while
9  following an internal policy to foreclose on [Ms. Khan's] Property instead of fairly and
   honestly considering [Ms. Khan] for a loan modification."

10  Defendants challenge the quiet title claim as legally barred in the absence of Ms.
11  Khan's legitimate tender of amounts owed on her loan.

12  California Code of Civil Procedure section 760.010 provides for an action "to establish
13  title against adverse claims to real or personal property or any interest therein."   California
14  Code of Civil Procedure section 761.020 mandates a "verified" complaint for a quiet title
15  action to include:

16      1.      A legal description and street address of the subject real property;

17      2.      The title of plaintiff as to which determination is sought and the basis of the
    title;

18      3.      The adverse claims to the title of the plaintiff against which a determination is
19  sought;

20      4.      The date as of which the determination is sought; and

21      5.      A prayer for the determination of the title of the plaintiff against the adverse
22  claims.

23  The quiet title remedy "is cumulative and not exclusive of any other remedy, form or right of
24  action, or proceeding provided by law for establishing or quieting title to property." Cal. Code
25  Civ. Proc., § 760.030.

26  The complaint lacks facts as to the title of which Ms. Kham is legally entitled to
   determination and the basis of Ms. Khan's purported title given her inability to tender amounts
27  due on their loan.   A quiet title claim requires an allegation that the plaintiffs "are the rightful
28  owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust."

22

*See Kelley v. Mortgage Electronic Registration Systems, Inc.*, 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009). The complaint lacks facts that Ms. Khan is the property's rightful owner and has satisfied DOT obligations. The complaint alleges Ms. Khan made no loan payments for three years. The complaint lacks a properly pled quiet title claim.

Moreover, a purported quiet title claim is doomed in the absence of tender of amounts owed. "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934). "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." *Sipe v. McKenna*, 88 Cal.App.2d 1001, 1006, 200 P.2d 61 (1948); *see Mix v. Sodd*, 126 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt. The cloud upon his title persists until the debt is paid.").

"A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American Sav. & Loan Ass'n*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). An "action to set aside the sale, unaccompanied by an offer to redeem, would not state a cause of action which a court of equity would recognize." *Copsey v. Sacramento Bank*, 133 Cal. 659, 662, 66 P. 7 (1901). "[I]t is a debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Gaffney v. Downey Savings & Loan Ass'n*, 200 Cal.App.3d 1154, 1165, 246 Cal.Rptr. 421 (2003).

Ms. Khan is unable to re-acquire good title to the foreclosed property without paying or tendering her outstanding indebtedness. With the complaint's absence of a meaningful ability or willingness to tender the indebtedness, a purported quiet title claim fails. This Court is not in a position to award Ms. Khan a windfall.

Lastly, defendants are correct that the foreclosure sale extinguished Ms. Kham's interest in the property. "A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." *Moeller*, 25 Cal.App.4th at 831, 30 Cal.Rptr.2d 777. "As a general rule, a trustee's sale is complete upon acceptance of the final

23

bid." *Nguyen*, 105 Cal.App.4th 428, 440-441, 129 Cal.Rptr.2d 436. In the absence of alleged facts to support quieting title in favor of Ms. Khan, the quiet title claim fails and is subject to dismissal with prejudice.

## CONCLUSION AND ORDER

The complaint's claims are insufficiently pled and legally barred. Ms. Khan neither attempts to oppose dismissal of the complaint's claims nor suggests additional facts to attempt to support the claims. Nothing is apparent to resurrect the complaint's claims. As such, this Court:

      1.     DISMISSES this action with prejudice; and

      2.     DIRECTS the clerk to enter judgment in favor of defendants CitiMortgage, Inc. and Wilmington Trust Company and against plaintiff Salma H. Khan and to close this action.

IT IS SO ORDERED.

Dated: **September 30, 2013**           **/s/ Lawrence J. O'Neill**
                                     UNITED STATES DISTRICT JUDGE

24



**WOLFE & WYMAN** LLP

EXHIBIT "N"

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

**JUDGMENT IN A CIVIL CASE**

SALMA H. KHAN,

CASE NO: **1:13−CV−01378−LJO−JLT**

v.

CITIMORTGAGE, INC., ET AL.,

_____

<u>XX</u> –– **Decision by the Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

**THAT JUDGMENT IS HEREBY ENTERED IN ACCORDANCE WITH THE COURT'S ORDER FILED ON 9/30/13**

**Marianne Matherly**
Clerk of Court

ENTERED:   **September 30, 2013**

by:  /s/ R. Gonzalez
Deputy Clerk



WOLFE & WYMAN LLP

EXHIBIT "O"

1   Kelly Andrew Beall (SBN 162456)
    *kabeall@wolfewyman.com*
2   WOLFE & WYMAN LLP
    2301 Dupont Drive, Suite 300
3   Irvine, California 92612-7531
    Telephone: (949) 475-9200
4   Facsimile: (949) 475-9203

5   Attorneys for Defendants,
    CITIMORTGAGE, INC. and WILMINGTON TRUST
6   COMPANY AS TRUSTEE FOR STRUCTURED ASSET
    SECURITIES MORTGAGE PASS-THROUGH
7   CERTIFICATES SERIES 2003-18XS

FILED
KERN COUNTY
...COURT

AUG 15 2013

TERRY McNALLY, CLERK
BY _____ DEPUTY

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9       FOR THE COUNTY OF KERN, BAKERSFIELD COURTHOUSE

10

11  SALMA H. KHAN,                          Case No.: S-1500-CV-279897

12              Plaintiff,                  Assigned to the Hon. Sidney P. Chapin
                                            Dept. 4
13      v.
                                            DEFENDANTS' OPPOSITION TO
14  CITIMORTGAGE, INC. and WILMINGTON       ISSUANCE OF ORDER TO SHOW CAUSE
    TRUST COMPANY AS TRUSTEE FOR            RE: PRELIMINARY INJUNCTION,
15  STRUCTURED ASSET SECURITIES             MEMORANDUM OF AUTHORITIES AND
    MORTGAGE PASS-THROUGH CERTIFICATES      DECLARATION IN SUPPORT THEREOF
16  SERIES 2003-18XS; and DOES 1-10, inclusive,
                                            Current Hearing Date:
17              Defendants.
                                            Date:  August 16, 2013
18                                          Time:  8:30 a.m.
                                            Dept.: 4
19
                                            Action Filed:    July 23, 2013
20

21

22  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

23      PLEASE TAKE NOTICE that Defendants CITIMORTGAGE, INC. ("CMI") and

24  WILMINGTON TRUST COMPANY AS TRUSTEE FOR STRUCTURED ASSET SECURITIES

25  MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2003-18XS ("Wilmington")

26  (collectively "Defendants") hereby submit their Opposition to the O.S.C. Issuance of Preliminary

27  Injunction as follows:

28  ///

1
OPPOSITION TO OSC RE: PRELIMINARY INJUNCTION

**FILED BY FAX**

I.    **INTRODUCTION**

Plaintiff seeks a preliminary injunction prohibiting Defendants from removing her personal property of her house after she was evicted.  However, the Court should deny Plaintiff's request for the issuance of a preliminary injunction because: 1) Plaintiff's personal property has already been removed from her house and placed into storage, 2) Plaintiff will not prevail on the merits because she is not entitled to equitable relief and because she failed to tender, 3) Plaintiff can easily obtain her property from storage by making arrangements with CMI.

II.    **SUMMARY OF FACTUAL DISPUTE**

Plaintiff was the former owner of certain real property located at 11622 Harrington Street, Bakersfield, CA ("Subject Property")

Plaintiff concedes in her moving papers that she began experiencing financial difficulties in September of 2009.  The Notice of Default recorded against the Subject Property reflects that Plaintiff owed $27,122.77 as of March 3, 2010 for payments accruing after November 1, 2009. (5 months of payments at an approximate amount of $5,400.)  The Notice of Sale recorded against the Subject Property reflects that the total debt was $615,782.43 as of June 9, 2010.  The Trustee's Deed Upon Sale recorded against the Subject Property reflects that the total debt was $715,272.85 as of May 15, 2012.

Plaintiff claims that that she was locked out of the Subject Property on June 26, 2013. Plaintiff also claims that she is "faced with the removal of her personal possessions into storage." [1]

However, Plaintiff's personal property has, in fact, already been place in storage. Specifically, all of the personal property was removed from the Subject Property on July 28, 2013 and is now in storage at Derrel's Mini Storage located at 9801 White Lane, Bakersfield, CA 93311. (Banducci dec., ¶ 6)

CMI is willing to allow Plaintiff to pick up the personal property on a mutually convenient

---

[1]    Plaintiff admits in her moving papers that she "does not know if [those] possessions are still in the house." (Page 2, line 4)

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1451680.1

1  date and at a mutually convenient time.

2  **III.    LEGAL STANDARD**

3       The trial court has discretion to grant or deny an application for injunction and its decision

4  will not be disturbed on appeal absent an abuse of discretion.  (Thornton v. Carlson (1992) 11

5  Cal.App.4th 1249, 1255.)  The burden of proof is on Plaintiff as the moving party to show all

6  elements necessary to support issuance of a preliminary injunction.  (O'Connell v. Superior Court

7  (2006) 141 Cal.App.4th 1452, 1481.)   In determining whether to issue an injunction, the court

8  considers two factors:  (1) the reasonable probability that the plaintiff will prevail on the merits at

9  trial and (2) a balancing of the "irreparable harm" that the plaintiff is likely to sustain if the

10  injunction is denied as compared to the harm the defendant is likely to suffer if the court grants the

11  preliminary injunction.  (Cal. Code Civ. Proc. § 526(a)(1) & (2); 14859 Moorpark Homeowner's

12  Assn. v. VRT Corp. (1998) 63 Cal.App.4th 1396, 1402.)  However, even where a plaintiff has

13  suffered irreparable injury or there is an inadequate remedy at law, an injunction cannot be issued if

14  the plaintiff cannot show a reasonable probability of prevailing on the merits at trial.  (San Francisco

15  Newspaper Printing Co., Inc. v. Superior Court (1985) 170 Cal.App.3d 438, 442.)  Thus, the court

16  cannot issue an injunction without some showing of potential entitlement to the relief sought.  (Doe

17  v. Wilson (1997) 57 Cal.App.4th 296, 304; Jessen v. Keystone Sav. & Loan Assn. (1983) 142

18  Cal.App.3d 454, 459.)

19  **IV.    THERE IS NO THREATENED INJURY**

20       Plaintiff seeks a preliminary injunction prohibiting CMI from removing her personal

21  property from the Subject Property.  An injunction lies only to prevent threatened injury, and has no

22  application to wrongs which have been completed.  (Gold v. Los Angeles Democratic League (1975)

23  49 Cal.App.3d 365)  Absent extraordinary circumstances, injunctive relief will not be granted where

24  events have rendered such relief unnecessary or ineffectual.  (Paul v. Milk Depots, Inc. (1964) 62

25  Cal.2d 129)  A change in circumstances which renders injunctive relief unnecessary justifies denial

26  of injunction, and injunction should not issue as remedy for past acts which are not likely to recur.

27  (East Bay Mun. Utility Dist. v. Department of Forestry & Fire Protection (1996) 43 Cal.App.4th

28  1113)

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1451680.1

1    "A preliminary injunction is proper only if there is a substantial basis to suppose that the

2    defendant, if not restrained, will actually engage in the conduct sought to be enjoined. Such an

3    injunction "cannot issue in a vacuum based on the proponents' fears about something that may

4    happen in the future. It must be supported by actual evidence that there is a realistic prospect that the

5    party enjoined intends to engage in the prohibited activity." (Korean Philadelphia Presbyterian

6    Church v. California Presbytery (2000) 77 Cal.App.4th 1069, 1084, see City and County Of San

7    Francisco v. Market Street Ry. Co. (1950) 95 Cal.App.2d 648, 655, quoting Schwartz v. Arata

8    (1920) 45 Cal.App. 596, 601, [injunctive power should be exercised only when "the injury [is]

9    impending and threatened, so as to be averted only by the protective preventive process of

10    injunction' "].)

11        In the present matter, the evidence reflects that all of the Plaintiff's personal property was

12    removed from the Subject Property on July 28, 2013. The evidence also reflects that all of

13    Plaintiff's personal property is now in storage at Derrel's Mini Storage located at 9801 White Lane,

14    Bakersfield, CA 93311. Plaintiff has failed to meet her burden of proof to show a threatened injury

15    and the injunctive relief requested by Plaintiff would be unnecessary and ineffectual. As such, the

16    Plaintiff's request for the issuance of a preliminary injunction should be denied.

17    **V.    PLAINTIFF IS UNABLE TO SET ASIDE THE FORECLOSURE SALE**

18        According to Plaintiff's ex parte application, Plaintiff's request for injunctive relief is based

19    solely on the cause of action for Promissory Estoppel. (See footnote 1, page 2).

20    **A.    Equitable Relief Cannot Be Granted.**

21        As the Court stated in Aceves v. U.S. Bank, N.A. (192 Cal.App.4th 218, 231)

22        Finally, a promissory estoppel claim generally entitles a plaintiff to the damages
         available on a breach of contract claim. (See *Toscano v. Greene Music* (2004) 124
23        Cal.App.4th 685, 692–693, 21 Cal.Rptr.3d 732.) Because this is not a case where
         the homeowner paid the funds needed to reinstate the loan before the foreclosure,
24        promissory estoppel does not provide a basis for voiding the deed of sale or
         otherwise invalidating the foreclosure.

25

26        As Plaintiff is only entitled to legal relief in the form of damages under her cause

27    of action for Promissory Estoppel, her request for equitable relief in the form of a

28    preliminary injunction should be denied.

4

**OPPOSITION TO OSC RE: PRELIMINARY INJUNCTION**

1451680.1

**B.  Plaintiff Has Failed To Tender.**

It is well established that before a borrower can bring any cause of action to challenge a foreclosure sale, the borrower must pay the entire loan amount <u>prior</u> to the sale. (<u>Bisno v. Sax</u> (1959) 175 Cal.App.2d 714, <u>U.S. Cold Storage of CA v. Great W. Sav. & Loan Assn.</u> (1985) 165 Cal.App.3d 1214, 1222.) Thus, to challenge the foreclosure sale, a "valid and viable tender of payment of indebtedness" is an essential element of the action. (<u>FPCI RE-HAB 01 v. E & G Inv., Ltd.</u> (1989) 207 Cal.App.3d 1018, 1021.) The tender rule is based on the rationale that "if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to plaintiffs." (Id. at p. 1022.) In <u>Karlsen v. Am. Sav. & Loan Assn.</u> (1971) 15 Cal.App.3d 112, 114, the court observed that "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Further, the Court noted that a plaintiff would not be able to state a cause of action to set aside a sale if it is not accompanied by an offer to redeem, stating that California courts will not exercise their equitable powers for a futile act where the plaintiff is in default and is unable to relieve himself from the default. (<u>Id.</u> at pp. 117-118; *see also*, <u>Arnolds Management Corp. v. Eischen</u> (1984) 158 Cal.App.3d 575, 577-580.) Further, the tender must be made in good faith; the party making the tender must have the ability to perform; and the tender must be unconditional. (<u>California Civil Code</u> §§ 1486, 1493, 1494, 1495.) Finally, the tender rule is not merely limited to equitable claims and applies to any cause of action that is implicitly integrated with a foreclosure sale. (<u>Arnolds Management Corp.</u>, 158 Cal.App.3d at 578-579)

In the present matter, Plaintiff concedes that she began experiencing financial difficulties in September of 2009. The Notice of Default reflects that Plaintiff owed $27,122.77 as of March 3, 2010 for payments accruing after November 1, 2009. (5 months of payments at an approximate amount of $5,400.) The Notice of Sale reflects that the total debt was $615,782.43 as of June 9, 2010. The Trustee's Deed Upon Sale reflects that the total debt was $715,272.85 as of May 15, 2012. (It appears that Plaintiff would have owed almost 2 and ½ years of accrued payments at the time of the foreclosure sale on May 15, 2012 in the approximate amount of $167,400.) Plaintiff offers no evidence that she tendered, or currently has the ability to tender, any amounts owed on the

loan owed at the time of the foreclosure sale.  Plaintiff has failed to meet her burden of proof to

show that she will prevail in her action to set aside the foreclosure sale.  As such, the Plaintiff's

request for the issuance of a preliminary injunction should be denied.

VI.   **BALANCE OF EQUITIES, LACK OF IRREPARABLE HARM & POSTING OF**

**BOND**

All of the personal property was removed from the Subject Property on July 28, 2013 and is

now in storage at Derrel's Mini Storage located at 9801 White Lane, Bakersfield, CA 93311I.

Plaintiff can simply obtain her personal property by making arrangements with CMI to pick it up.

Alternatively, if Plaintiff does not want to pick up her personal property, she can simply make the

storage fee payments in lieu of the bond requirement under California Code of Civil Procedure §

529.

VII.   **CONCLUSION**

Based on all of the foregoing reasons, CMI respectfully requests that the Plaintiff's request

for the issuance of a preliminary injunction be denied.

DATED: August __, 2013

WOLFE & WYMAN LLP

By: _____
   KELLY ANDREW BEALL
   Attorneys for Defendants,
   **CITIMORTGAGE, INC. and WILMINGTON
   TRUST COMPANY AS TRUSTEE FOR
   STRUCTURED ASSET SECURITIES
   MORTGAGE PASS-THROUGH
   CERTIFICATES SERIES 2003-18XS.**

6

1451680.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELLORS AT LAW

**DECLARATION OF DEBBIE BANDUCCI**

I, DEBBIE CRAIG-BANDUCCI, declare as follows:

1.     I am currently a California licensed real estate broker and the President of Banducci and Associates dba RE/Max Magic located at 110 New Stine Road, Bakersfield, CA 93309.

2.     This declaration is submitted in support of CitiMortgage, Inc.'s opposition to Plaintiff's application for order to show cause re preliminary injunction. I have personal knowledge of the following facts and if called as a witness I could and would competently testify to the following events.

3.     RE/Max Magic was asked by CMI to handle the listing and sale of certain real property commonly called 11622 Harrington Street, Bakersfield, CA ("Subject Property")

4.     One of RE/Max Magic's responsibilities includes overseeing the disposition of any personal property which may be left by former owners inside residences.

5.     In June of 2013, we gained access into the Subject Property and discovered that the prior owner has left personal items in the Subject Property. We then went through each and every room and inventoried all personal items left in the house.

6.     We again went through each and every room in the house in July of 2013 and inventoried all personal items a second time. On July 28, 2013, we then removed all of the personal items in the Subject Property and placed them into storage. The storage facility is called Derrel's Mini Storage and is located at 9801 White Lane, Bakersfield, CA 93311. The telephone number for Derrel's Mini Storage is 661-663-3391.

7.     As of this date, there are no personal items in the house.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ___ day of August, 2013 at Bakersfield, CA.

By: _____
       DEBBIE CRAIG-BANDUCCI

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1460810.1

1
DECLARATION IN SUPPORT OF OPPOSITION TO OSC RE: PRELIMINARY INJUNCTION

1

**PROOF OF SERVICE**

2  STATE OF CALIFORNIA      )
                                   )   ss.

3  COUNTY OF ORANGE      )

4
5  I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2301 Dupont Drive, Suite 300, Irvine, California 92612-7531.

6  On August 15, 2013, I served the document(s) described as **DEFENDANTS' OPPOSITION TO ISSUANCE OF ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION,**

7  **MEMORANDUM OF AUTHORITIES AND DECLARATION IN SUPPORT THEREOF** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the

8  ATTACHED SERVICE LIST.

9  ☐     **BY MAIL: as follows:**

10       ☐    **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing

11       correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that

12       on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

13  ☐     **BY EXPRESS MAIL as follows:** I caused such envelope to be deposited in the U.S. Mail at Irvine, California.

14       The envelope was mailed with Express Mail postage thereon fully prepaid.

15  ☐     **BY PERSONAL SERVICE** as follows: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

16  ☒     **BY OVERNIGHT COURIER SERVICE as follows:** I caused such envelope to be delivered by overnight

17       courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

18  ☐     **BY FACSIMILE as follows:** I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile

19       machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine.

20       Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

21  ☒     **STATE**     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22
23  Executed on August 13, 2013, at Irvine, California.

24  Theresa Fontes

25
26
27
28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1451695.1

1

2

3

**SERVICE LIST**
**Kern County Superior Court – Bakersfield Courthouse**
**SALMA KHAN v. CITIMORTGAGE, INC.**
**W&W File No. 1133-1224**

4

5

6

John T. Dzialo
Scott B. Hayward
LAW OFFICES OF JOHN THOMAS DZIALO
200 W. Santa Ana Blvd., Suite 900
Santa Ana, CA 92701

Attorneys for PLAINTIFF SALMA KHAN

Tel: (714) 418-4317
Fax: (949) 812-7687

7

8

9

WILIMGTON TRUST COMPANY AS
TRUSTEE
Rodney Square North
1100 North Market Street
Wilmington, DE 19890-0001

WILMINGTON TRUST COMPANY AS
TRUSTEE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

135

1451695.1



WOLFE & WYMAN LLP

EXHIBIT "P"

**2**

1   MARK L. POPE  #182769
    Assistant United States Trustee
2   GREGORY S. POWELL #182199
    ROBIN TUBESING #26680-49 [Indiana]
3   United States Department of Justice
    Office of the United States Trustee
4   2500 Tulare Street, Suite 1401
    Fresno, California 93721
5   Telephone: (559) 487-5002
    Telecopier: (559) 487-5030
6
    Attorneys for August B. Landis,
7   Acting United States Trustee

8                   UNITED STATES BANKRUPTCY COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                          FRESNO DIVISION

11  In re:                          )   Case No.  10-16183-A-7
                                    )   Chapter  7
12  SALMA H. AGHA,                  )   DC No.  UST-1
                                    )
13                                  )
                                    )
14                                  )
                                    )
15                                  )
                                    )
16                Debtor.           )
                                    )
17  ─────────────────────────────      UNITED STATES TRUSTEE'S EX PARTE
18                                          MOTION TO REOPEN CASE

19  TO THE HONORABLE FREDRICK E. CLEMENT,
    UNITED STATES BANKRUPTCY JUDGE:
20
21       August B. Landis, Acting United States Trustee, moves to reopen this chapter 7 case

22  pursuant to 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010, on the following grounds:

23       1. On May 30, 2010 Debtor filed a voluntary petition under chapter 7 of the Bankruptcy

24  Code in this case.

25       2. Debtor received her discharge on September 23, 2010.  A Final Decree ordering that

26
27  this estate be closed and that the Trustee be discharged was entered on January 2, 2011.

28  ////

                                          1

3. The United States Trustee is informed and believes that Debtor failed to disclose in her bankruptcy schedules, including but not limited to, an interest in a limited liability corporation, and that the Debtor's interest in said limited liability corporation is an asset which has not been administed by the estate.

4. The United States Trustee requests that the case be reopened pursuant to 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010.

5. The United States Trustee further requests that the court order the appointment of a trustee.

WHEREFORE, PREMISES CONSIDERED, the United States Trustee requests that his motion to reopen this case be granted, and that he have such other and further relief as is just.

Dated: September 13, 2012.

Respectfully submitted,

Mark L. Pope
Assistant United States Trustee

By: /s/ Robin Tubesing
     Robin Tubesing

Attorneys for August B. Landis,
Acting United States Trustee

Direct phone: 559-487-5002 Ext. 224
E-mail:  robin.tubesing@usdoj.gov



**WOLFE & WYMAN** LLP

# EXHIBIT "Q"

**2**

1   MARK L. POPE #182769
    Assistant United States Trustee
2   GREGORY S. POWELL #182199
    ROBIN TUBESING #26680-49 [Indiana]
3   United States Department of Justice
    Office of the United States Trustee
4   2500 Tulare Street, Suite 1401
    Fresno, California 93721
5   Telephone: (559) 487-5002
    Telecopier: (559) 487-5030
6
    Attorneys for August B. Landis,
7   Acting United States Trustee

8                UNITED STATES BANKRUPTCY COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10                      FRESNO DIVISION

11  In re:                          )   Case No.  10-16183-A-7
                                    )   Chapter 7
12  SALMA H. AGHA,                  )   DC No.  UST-1
                                    )
13                                  )
                                    )
14                                  )
                                    )
15                                  )
                                    )
16                  Debtor.         )
                                    )
17  _____

18          ORDER GRANTING UNITED STATES TRUSTEE'S
                EX PARTE MOTION TO REOPEN CASE
19
20          Upon consideration of the United States Trustee's Ex Parte Motion to Reopen Case, and

21  the court finding that there is cause to reopen this case under 11 U.S.C. § 350(b) and Fed. R.

22  Bankr. P. 5010, it is,

23          ORDERED that the above entitled and numbered bankruptcy case be, and the same is

24  hereby, reopened pursuant to 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010;

25  ////

26  ////

27  ////

28  ////

RECEIVED
September 13, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004438216

1

1 | and it is further,

2 |      ORDERED that a trustee shall be appointed in this case.

8 | Dated:  Sep 18, 2012

Fredrick E. Clement
United States Bankruptcy Judge



## EXHIBIT "R"

B104 (FORM 104) (08/07)

**13-01086-A**
COVER SHEET
PLAINTIFF: SALMA AGHA
DEFENDANT: CITIMORTGAGE, INC.
RELATED CASE: 10-16163

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

ORIGINAL FILED 8/1/13 - 3:29 PM
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
Document #: 2

| PLAINTIFFS<br>Salma Agha | DEFENDANTS<br>CITIMORTGAGE, INC., CR TITLE SERVICES, INC., DEUTSCHE BANK TRUST COMPANY AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II PASS-THROUGH CERTIFICATES SERIES 2003-18XS |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| [✓] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor   [ ] Trustee   [ ] Other | [ ] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[✓] Creditor   [ ] Trustee   [ ] Other |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Violation of automatic stay by conducting lockout and foreclosure, violation of 11 USC 362.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[1] 11 - Recovery of money/property - § 542 turnover of property
[ ] 12 - Recovery of money/property - § 547 preference
[ ] 13 - Recovery of money/property - § 548 fraudulent transfer
[2] 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31 - Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41 - Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66 - Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
[ ] 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
[ ] 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61 - Dischargeability - § 523(a)(5), domestic support
[ ] 68 - Dischargeability - § 523(a)(6), willful and malicious injury
[ ] 63 - Dischargeability - § 523(a)(8), student loan
[ ] 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71 - Injunctive relief - imposition of stay
[ ] 72 - Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
[ ] 81 - Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
[ ] 91 - Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
[ ] 01 - Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§ 78aaa et. seq.
[ ] 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [✓] Check if a jury trial is demanded in complaint | Demand $ 400,000 |

Other Relief Sought
Voiding of foreclosure sale, removal of foreclosure and eviction from debtor's credit reports.

B104 (FORM 104) (8/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Salma Agha | | BANKRUPTCY CASE NO.<br>**10-16183** |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of California | DIVISION OFFICE<br>Bakersfield | NAME OF JUDGE<br>Clement |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*[signature]* | | |
| DATE<br>7/31/13 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>SALMA H. AGHA | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**COPY**

13-01086-A
COMPLAINT
PLAINTIFF   SALMA AGHA
DEFENDANT   CITIMORTGAGE, INC.
JUDGE: HON. F. CLEMENT
RELATED CASE: 10-16183

ORIGINAL FILED 8/1/13 - 3:28 PM
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION        cref

Document #: 1

Salma Agha
6 Windwood
Irvine, CA 92604
Plaintiff In Pro Per
Tel: 415-926-4282

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### BAKERSFIELD DIVISION

| | |
|---|---|
| In Re Salma Agha, Debtor | ) Chapter 7 |
| | ) |
| Salma Agha, | ) Bankruptcy No. 10-16183 |
| | ) |
| Plaintiff/Debtor | ) Adversary No. 13-01086-A |
| | ) |
| v. | ) COMPLAINT |
| | ) FOR VIOLATION OF THE |
| CITIMORTGAGE, INC.,CR TITLE | ) AUTOMATIC STAY UNDER |
| SERVICES, INC., WILMINGTON TRUST | ) 11 USC § 362 (a),(c),(k) |
| COMPANY AS TRUSTEE FOR | ) |
| STRUCTURED ASSET SECURITIES | ) |
| MORTGAGE PASS-THROUGH | ) |
| CERTIFICATES SERIES 2003-18XS, AND | ) |
| DOES 1-100 | ) |
| | ) |
| Defendants | |

## COMPLAINT FOR WILFUL VIOLATION OF THE AUTOMATIC STAY AND FOR

## DAMAGES

Debtor/Plaintiff Salma Agha states as follows:

## PARTIES AND JURSIDICTION

1. This is an adversary proceeding in bankruptcy brought by Salma Agha, the debtor in this case, pursuant to 11 U.S.C. 362 (a),(c) and (k).

2. Plaintiff is an individual residing in the State of California, and therefore is entitled to bring this action.

COMPLAINT
145
- 1 -

3. This is the district were Plaintiff's bankruptcy case is pending, therefore, this is the appropriate district to bring this adversary proceeding, pursuant to U.S. Bankruptcy Rule 7003.

4. Plaintiff is the debtor in this bankruptcy proceeding.

5. Plaintiff filed a chapter 7 bankruptcy on May 30th, 2010. This case was discharged on September 23rd, 2010, and reopened on September 18th, 2012. Notice was sent to all creditors that a dividend may be possible, after the case was reopened. The case is presently still pending.

6. 11 USC 157 states that bankruptcy judges may hear and determine all cases arising under title 11 and any proceedings arising under title 11, and all core proceedings arising in title 11, or in a case under title 11.

7. This is a core proceeding, under 11 USC 157(b)(2)(o), which lists core proceedings as including "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship".

8. Defendant CitiMortgage is a corporation doing business in the Eastern District of the State of California.

9. Defendant CR Title Services, Inc. is a corporation doing business in the Eastern District of the State of California.

10. Defendant Wilmington Trust Company As Trustee For Structured Asset Securities Mortgage Pass-Through Certificates Series 2003-18xs is a business entity, form unknown, doing business in the Eastern District of the State of California.

### CAUSE OF ACTION

11. Plaintiff realleges and incorporates by reference the allegations set forth in all previous paragraphs, above.

12. Plaintiff has tried to resolve this matter prior to filing this complaint, by contacting the

defendants.

13. Plaintiff is informed and believes that each of the Doe defendants was acting as the agent, servant, or employee of the other defendants. Plaintiff will amend this complaint when the true names and capacities of the Doe defendants become known.

14. Plaintiffs are informed and believe, and thereon allege, that at all relevant times mentioned herein, each of the Defendants was acting as the agent, servant and employee of each of the remaining Defendants and, in doing the things herein alleged, was acting within the course and scope of such agency and employment.

15. There presently exists, and at all relevant times herein mentioned there did exist, a unity of interests and ownership between Defendants, such that an individuality and separateness between each of them has ceased and Defendants are the alter-egos of each other.

16. Adherence to the fiction of separate existence of Defendants as entities distinct and separate from the other Defendants would permit an abuse of the corporate and/or limited partnership privilege and would promote injustice in that Defendants would avoid their debts, obligations and liabilities, and would sanction fraud or otherwise aid in the consummation of a wrong of which the facts and allegations are set forth throughout the remainder of this Complaint and incorporated for all purposes herein as fully set forth.

17. When Plaintiff's chapter 7 case commenced, Plaintiff was the owner of certain real property in the city of Bakersfield, CA ("the property"), commonly known as 11622 Harrington Street, Bakersfield, CA 93311. The APN number of this property is 523-121-03-00-3.

18. This property was Plaintiff's primary residence.

19. Defendant CitiMortgage was the first lienholder on the property, and CR Title Services was the trustee, at all relevant times.

20. Defendant Wilmington Trust Company was the beneficiary of the Deed of Trust which guaranteed the mortgage on the property, at all relevant times.

21. CitiMortgage was listed as a creditor in Plaintiff's bankruptcy, and had notice of the bankruptcy.

22. CitiMortgage was also informed of the reopening of Plaintiff's bankruptcy.  Please see Exhibit A, a notice, and the proof of service of the notice, sent to all Plaintiff's creditors, regarding the possibility of collecting a dividend from Plaintiff, and informing the creditors that they needed to file a proof of claim, in order to receive such dividends.

23. The bankruptcy code, and in particular 11 USC § 362, requires that if a creditor wishes to engage in actions to possess property of the bankruptcy estate, the creditor must file a motion for relief from stay, and that motion must be granted, before the creditor can engage in action to possess property of the estate.

24. The automatic stay created by 11 USC § 362 was in effect after the bankruptcy case had been reopened.

25. CitiMortgage never filed a motion for relief from the automatic stay, with relation to the Property.

### THE FORECLOSURE SALE

26. Defendants sold the Property at a foreclosure sale, on May 15th, 2012.  CitiMortgage, as the loan servicer, and CR Title Services, as the trustee, conducted the trustee sale, and the Property was bought by Wilmington, the beneficiary.  Thus, all the named defendants gained benefits from the foreclosure sale.

27. This foreclosure sale was a direct violation of 11 USC § 362.

28. "Willful" violations of the automatic stay include violations of the automatic stay by a creditor who is aware of the stay. *In Re Zartun*, 30 BR 543 (9th Cir. Bankr. App. Panel 1983).

29. Defendants engaged in "Willful" violation of the automatic stay because CitMortgage had been informed of the automatic stay, and was therefore aware of the stay at the time that the property

was sold at foreclosure sale. The other defendants were acting as agents of CitiMortgage.

30. Plaintiff therefore lost her home. Plaintiff did not have any place to move to, at the time, and was faced with the prospect of being homeless.

31. CitiMortgage had previously promised Plaintiff that they would postpone the May 15th, 2012 foreclosure sale.

32. CitiMortgage was in the process of considering a loan modification for Plaintiff, and had not denied the modification, at the time when the foreclosure sale happened.

33. CitiMortgage admitted, after May 15th, 2013, that the foreclosure sale had been conducted in error, even according to their own internal plans. CitiMortgage therefore promised to rescind the foreclosure sale.

34. CitiMortgage never rescinded the foreclosure sale.

(See attached Exhibit "A")

## THE UNLAWFUL DETAINER PROCEEDING

35. CitiMortgage and Wilmington commenced an unlawful detainer proceeding against Plaintiff, without giving her any notice that they had decided to change their mind.

(See attached Exhibit "B")

36. This unlawful detainer proceeding was a direct violation of 11 USC § 362.

37. CitiMortgage and Wilmington obtained judgment in the unlawful detainer case, and obtained a writ of possession on February 9th, 2013. This was posted on the Property.

38. A second writ of possession was posted on June 20th, 2013, designating June 26th as the last day that Plaintiff could remain in the Property.

39. Plaintiff then vacated the property, but was forced to leave many of her belongings behind.

40. This violation of the automatic stay was "willful", because both CitiMortgage and Wilmington were aware of Plaintiff's reopened bankruptcy.

41. The California Civil Code requires loan servicers to attempt to maximize the returns to investors, on a net present value basis, of all loans within a mortgage pool. This requires a loan servicer to consult with the beneficiary of the mortgages in the pool, for direction on such matters as loan modifications and foreclosures.

42. Standard practice among loan servicers is to discuss a potential foreclosure with the beneficiary of a mortgage before proceeding with the foreclosure, and to only foreclose at the direction of the beneficiary.

43. Defendant Wilmington discussed both the potential foreclosure on the Property, and the potential loan modification of the Property, with CitiMortgage before the Trustee's Sale on May 15th, 2012.

44. Both Wilmington and CR Title Services reviewed any information that CitiMortgage possessed, regarding the existence of the bankruptcy, before deciding to proceed with the foreclosure.

45. All three defendants were aware of Plaintiff's bankruptcy, at the time of the foreclosure sale, and at the time of the unlawful detainer case, and at the times that the writ of possession was issued, and the time that both notices to vacate were posted.

46. Wilmington was therefore not a bona fide purchaser, because Wilmington knew about Plaintiff's bankruptcy before the foreclosure sale, but took title to the property anyway. Wilmington knowingly participated, and benefited, from the wrongdoing of CitMortgage.

## UNION BANK'S INTEREST

47. The amount of the sale was $603,900. The total unpaid balance of CitiMortgage's lien on the Property was $715,272.85.

48. Union Bank held the second lien on the property, in the amount of approximately $363,000.

49. Union Bank's lien on the property was made completely unsecure, as a result of CitiMortgage's illegal actions. Union Bank was therefore prejudiced as a result of CitiMortgage's actions.

50. CitiMortgage had previously told Plaintiff that they were willing to discuss a loan modification with Plaintiff. While Plaintiff does not believe these representations to be true, a loan modification of the CitiMortgage loan would have resulted in greater security for Union Bank, because Plaintiff would have been more able to pay Union Bank's mortgage if her CitiMortgage payment had been reduced. This is another reason why Union Bank's interests were different from those of CitiMortgage, and should be taken into consideration here.

## DAMAGES FROM VIOLATIONS OF THE AUTOMATIC STAY

51. 11 USC 362(k)(1) says that "Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

52. Bankruptcy courts have used this statute to order creditors to pay costs and punitive damages,

in cases where the creditors willfully violated the automatic stay created by the bankruptcy.

Please see *In Re Bloom*, 875 F.2d 224, 875 F.2d 224 (9th Cir.1989), *In re Zartun, supra*.

53. Plaintiff was damaged by Defendants' willful violation of the automatic stay with relation to the foreclosure sale. These damages included, among other things, loss of future capital appreciation on her home, moving expenses, emotional distress, and damage to Plaintiff's credit.

54. Plaintiff was damaged by defendants' willful violation of the automatic stay with relation to launching and prosecuting their eviction case against Plaintiff, and locking Plaintiff out of her house. These losses included, among other things, moving expenses, emotional distress, and damage to Plaintiff's credit, and loss of many items that Plaintiff had left in the Property when she was forced to vacate.

55. Plaintiff was subsequently forced to rent a new house, and pay monthly rent.

56. The actual damages suffered by Plaintiff shall be proven at trial, but amount to at least $200,000 for the foreclosure sale and $200,000 for the lockout.

57. Plaintiff is also entitled to an award of punitive damages, and costs, because of the exceptional nature of this case. Defendants have not only violated the automatic stay to *make plaintiff homeless*, they have also violated several California statutes such as Civil Codes 2923.6 and 2923.7, by foreclosing on Plaintiff's property while a loan modification application was pending.

58. An action taken in violation of the automatic stay is void in the 9th Circuit.

59. The foreclosure sale, unlawful detainer judgment, and lockout, are therefore all void with relation to the Property.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. A temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants and their agents, attorneys, and representatives, and all persons acting in concert or participating with them, from selling, attempting to sell, or causing to be sold the Property, or further transferring the Property between themselves.

2. For the foreclosure sale, eviction judgment, and lockout to be declared void, and the Property to be transferred back to Plaintiff.

3. For Defendants to be enjoined from recording a Notice of Default or Notice of Trustee's Sale against the Property for a period of one year after the Property is transferred back to Plaintiff, or until after all alternatives to foreclosure have been considered and rejected by Defendants, whichever is longer.

4. For compensatory damages in an amount within the jurisdiction of this court, plus interest, according to proof;

5. For an award of punitive and exemplary damages in an amount according to proof at the time of trial;

6. For the disgorgement of all funds taken by Defendants from Plaintiff since September 6th, 2011, (the originally scheduled date of the foreclosure sale) and any profits thereafter derived through use of such funds.

7. For general damages in an amount not less than according to proof at the time of trial.

8. For prejudgment interest on all damages awarded under Civil Code §3287(a).

9. For Defendants to request in writing to the Equifax, Experian, and TransUnion credit reporting

agencies that the foreclosure on the Property be removed from Plaintiff's credit reports.

Signed

Salma Agha

Plaintiff

7/31/13

Dated

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "A"

Branch :ADG,User :LOS1                    Comment:                                    Station Id :TLK6

James W. Fitch, Assessor-Recorder
Kern County Official Records

SR
5/29/2012
08:00 AM

## Stewart Title

RECORDING REQUESTED BY:
CR Title Services, Inc.

AND WHEN RECORDED TO:
CitiMortgage Inc.
ATTN: REO DEPARTMENT
C/O CR TITLE SERVICES
1800 TECHNOLOGY DRIVE, MS-314
O'FALLON MO 63368-2240
Forward Tax Statements to
the address given above

Recorded at the request of
702  Stewart Title Los Angeles

DOC#: 000212071602

| | | |
|---|---|---|
| Stat Type: 1 | Pages: 3 | |
| FEES | 21.00 | |
| TAXES | .00 | |
| OTHER | .00 | |
| PAID | 21.00 | |

000212071602

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: T10-59927-CA
APN: 523-121-03-00-3

Order #: 3206-284441
Investor #:



## TRUSTEE'S DEED UPON SALE

A.P.N.: 523-121-03-00-3

Transfer Tax: $0.00

The Grantee Herein was The Foreclosing Beneficiary.
The Amount of The Unpaid Debt was $715,272.85
The Amount Paid By the Grantee Was $603,900.00
Said Property Is In the City of BAKERSFIELD, County of KERN

CR Title Services, Inc., as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEY to

## Wilmington Trust Company as Trustee for Structured Asset Securities Mortgage Pass-through Certificates Series 2003-18XS

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of  KERN, State of California, described as follows:

See Attached Legal Description

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by SALMA H. KHAN, A SINGLE WOMAN as Trustor, dated 01-13-2003 and  recorded on 01-17-2003, instrument number 0203009500, Book , Page  of the Official Records in the office of the Recorder of KERN, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust of Official records.  Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

## TRUSTEE'S DEED UPON SALE

TS #: T10-59927-CA
Order #: 3206-284441

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on 05-15-2012. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being $603,900.00, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, CR Title Services, Inc., as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: May 24, 2012

CR Title Services, Inc.

BY: _____

Alfred G. Santasiere, Assitant Vice President

State of AZ      }ss
County of PIMA}

On May 24, 2012 before me, Anna Benedict, Notary Public, personally appeared Alfred G. Santasiere, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Arizona that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____ (seal)
Anna Benedict, Notary Public

Anna Benedict
Notary Public - Arizona
Pima County
My Commission Expires
June 8, 2015

TS #: T10-59927-CA
Order #: 3206-284441

### Legal Description

LOT 3 OF TRACT NO. 6946, PHASE C, IN THE CITY OF BAKERSFIELD, COUNTRY OF KERN, STATE
OF CALIFORNIA, AS PER MAP RECORDED MARCH 31, 2000 IN BOOK 45, PAGE 189 OF MAPS, IN
THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
EXCEPTING THEREFROM ALL OIL, GAS AND OTHER HYDROCARBONS AND ALL OTHER
MINERALS OF WHATEVER KIND OR CHARACTER (ALL HEREIN COLLECTIVELY CALLED
"MINERALS"), WHETHER NOW KNOWN TO EXIST OR HEREAFTER DISCOVERED (IT BEING
INTENDED THAT THE WORD "MINERALS" AS USED HEREIN SHALL BE DEFINED IN THE
BROADEST SENCE OF THE WORD AND SHALL INCLUDE, BUT NOT BE LIMITED TO, OIL, GAS,
OTHER HYDROCARBONS AND ALL OTHER MINERAL SUBSTANCES AND PRODUCTS, BOTH
METALLIC AND NONMETALLIC, SOLID LIQUID OR GASEOUS), WHICH ARE UPON, IN UNDER
OR MAY BE PRODUCED FROM SAID REAL PROPERTY; PROVIDED HOWEVER, THAT UNLESS
THE CONSENT OF THE SURFACE OWNER IS FIRST OBTAINED, GRANTOR, ITS SUCCESSORS AND
ASSIGNS SHALL NOT ENTER UPON THE SURFACE OR IN OR THROUGH THE UPPER 500 FEET OF
THE SUBSURFACE IN THE EXERCISE OF THE RIGHTS EXCEPTED AND RESERVED HEREIN, AS
RESERVED BY TENNECO WEST INC., A DELAWARE CORPORATION, IN DEED RECORDED
DECEMBER 31, 1967 IN BOOK 6081, PAGE 375 AND RE-RECORDED FEBRURY 11, 1988 IN BOOK
6093 PAGES 724 OF OFFICIAL RECORDS.
ALL RIGHT OF ENTRY TO THE SURFACE TO A DEPTH OF 500 FEET BELOW THE SURFACE HAS
BEEN QUITCLAIMED AND REMISED BY VINTAGE PETROLEUM INC., BY DEEDS RECORDED
OCTOBER 1, 1999 AS INSTRUMENT NO. 0199141392 AND OCTOBER 5, 1999 AS INSTRUMENT NO.
0199142623 OF OFFICIAL RECORDS.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "B"

TO Debtor and Address:
Salma H. Khan

11622 Harrington St.

Bakersfield, CA 93311

LEVYING OFFICER (Name and Address):
Kern County Sheriff's Office
Civil Section
1600 E Belle Terrace #2
Bakersfield CA 93307
Mailing: P.O. Box 70127
Bakersfield, CA 93337

NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:
Kern County Superior Court
1415 Truxtun Avenue
Bakersfield, CA 93301
Metropolitan Division

(661) 636-4300
Fax (661) 636-4330

California Relay Service Number
(800) 735-2929 TDD or 711

PLAINTIFF:
Wilmington Trust Company, et al
DEFENDANT:
Salma H. Khan

COURT CASE NO:
CL265169

LEVYING OFFICER FILE NO:
2013021164

## Notice to Vacate

By virtue of the Writ of Execution for Possession/Real Property (eviction), issued out of the above court, you are hereby ordered to vacate the premises described on the writ.

| Eviction Address: | 11622 Harrington St.<br>Bakersfield, CA 93311 |
|---|---|

Final notice is hereby given that possession of the property must be turned over to the landlord on or before:

| Final notice is hereby given that possession of the property must be turned over to the landlord on or before: | Monday, March 04, 2013 6:00 AM |
|---|---|

Should you fail to vacate the premises within the allotted time, I will immediately enforce the writ by removing you from the premises. All personal property upon the premises at the time will be turned over to the landlord, who must store said personal property to you upon your payment of the reasonable cost incurred by the landlord in storing the property from the date of eviction to the date of payment. If the property is stored on the landlord's premises, the reasonable cost of storage is the fair rental value of the space necessary for the time of storage. If you do not pay the reasonable storage costs and take possession within fifteen (15) days, the landlord may sell or dispose of it in a manner provided for by law (1988 CCC), or, if the property is valued at less than $300.00, the landlord may dispose of your property or retain it for his own use. (715.010(b)(3), 1174 CCP)

If you claim a right of possession of the premises that accrued prior to the commencement of this action, or if you were in possession of the premises on the date of the filing of the action and you are not named on this writ, complete and file the attached Claim of Right of Possession form with this office. No claim of right to possession can be filed if box 24a(1) located on the back of the writ is checked.

DONNY YOUNGBLOOD
Sheriff-Coroner

By: _____
Sheriff's Authorized Agent

CPM Form 8.22
11/30/2009 (Revised)

ORIGINAL

EJ-130

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>MICHAEL M. BAKER, SBN 273002<br>MICHAEL J. KRAKENBUHL, SBN 271021<br>PITE DUNCAN, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17934, San Diego, CA 92177-0934<br>TELEPHONE NO.: (858) 750-7600    FAX NO. (Optional): (619) 590-1385<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Wilmington Trust Company | FOR COURT USE ONLY |

☒ ATTORNEY FOR    ☒ JUDGMENT CREDITOR    ☐ ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1415 Truxtun Ave.
MAILING ADDRESS: Bakersfield, CA 93301
CITY AND ZIP CODE:
BRANCH NAME: County of Kern - Metropolitan Division

PLAINTIFF: Wilmington Trust Company

DEFENDANT: Salma H. Khan, et al.

| WRIT<br>OF | ☐ EXECUTION (Money Judgment)<br>☒ POSSESSION OF ☐ Personal Property<br>          ☒ Real Property<br>☐ SALE | CASE NUMBER: CL259189 |
|---|---|---|
| | ☒ Limited Civil Case    ☐ Small Claims Case<br>☐ Unlimited Civil Case    ☐ Other | Limited Civil |

1. To the Sheriff or Marshal of the County of: Kern
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.
2. To any registered process server: You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.
3. (Name): Wilmington Trust Company as Trustee for Structured Asset Securities Mortgage Pass-Through Certificates Series 2005-18-XS
   is the ☒ judgment creditor ☐ assignee of record whose address is shown on this form above the court's name.
4. Judgment debtor (name, type of legal entity stated in judgment if not a natural person, and last known address):

   ┌─────────────────────────┐
   │ Salma H. Khan           │
   │ 11622 Huntington St.    │
   │ Bakersfield, CA 93311   │
   └─────────────────────────┘

   ☐ Additional judgment debtors on next page

5. Judgment entered on (date): FEB 06 2013

6. ☐ Judgment renewed on (dates):

7. Notice of sale under this writ
   a. ☒ has not been requested.
   b. ☐ has been requested (see next page).
8. ☐ Joint debtor information on next page.

9. ☒ See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. ☐ This writ is issued on a sister-state judgment.
11. Total judgment ........................... $ 00.00
12. Costs after judgment (per filed order or memo CCP 685.090) ........... $ 00.00
13. Subtotal (add 11 and 12) .............. $ 00.00
14. Credits .................................. $ 00.00
15. Subtotal (subtract 14 from 13) ...... $ 00.00
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees) ... $ 00.00
17. Fee for issuance of writ .............. $ 25.00
18. Total (add 15, 16, and 17) ........... $ 25.00
19. Levying officer:
    (a) Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) of ... $ 00.00
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) ........ $ 00.00
20. ☐ The amounts called in items 11-19 are different for each debtor. These amounts are stated for each debtor in Attachment 20.

TERRY McNALLY

Issued on (date): FEB 06 2013    Clerk, by _____, Deputy

NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION

WRIT OF EXECUTION

ORIGINAL

Page 1 of 2
Code of Civil Procedure, §§ 699.520, 712.010, 715.010;
Government Code § 6103.5
www.courtinfo.ca.gov

Case 14-01155   Filed 01/27/15   Doc 40

EJ-130

| PLAINTIFF:  Wilmington Trust Company | CASE NUMBER:<br>CL259189 |
|---|---|
| DEFENDANT:  Salma H. Khan, et al. | |

— Items continued from page 1 —

21. ☐ Additional judgment debtor (name, type of legal entity stated in judgment if not a natural person, and last known address):

22. ☐ Notice of sale has been requested by (name and address):

23. ☐ Joint debtor was declared bound by the judgment (CCP 989-854)
   a. on (date):
   b. name, type of legal entity stated in judgment if not a natural person, and last known address of joint debtor:

   a. on (date):
   b. name, type of legal entity stated in judgment if not a natural person, and last known address of joint debtor:

   c. ☐ Additional costs against certain joint debtors (itemize):

24. ☒ (Writ of Possession or Writ of Sale) Judgment was entered for the following:
   a. ☒ Possession of real property: The complaint was filed on (date):   June 18, 2012      (Check (1) or (2)):
      (1) ☒ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
         The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
      (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
         (a) $ 28.45      was the daily rental value on the date the complaint was filed.
         (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following
            Dates (specify):
   b. ☐ Possession of personal property
      ☐ If delivery cannot be had, then for the value (itemize in 9e) specified in the judgment or supplemental order.
   c. ☐ Sale of personal property.
   d. ☐ Sale of real property.
   e. Description of property:  11622 Harrington St., Bakersfield, CA 93311, County of Kern

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying Notice of Levy (Form EJ-150).
WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer
will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a monetary
judgment for the value of the property specified in the judgment or supplemental order.
WRIT OF POSSESSION OR REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant
or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and
place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be
sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the
reasonable costs of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes
possession of the premises.
► A Claim of Right to Possession for accompanies this writ (unless the Summons was served in compliance with CCP 415.46).

EJ-130 [Rev. January 1, 2012]      **WRIT OF EXECUTION**      Page 2 of 2

2

1   MARK L. POPE #182769
    Assistant United States Trustee
2   GREGORY S. POWELL #182199
    ROBIN TUBESING #26680-49 [Indiana]
3   United States Department of Justice
    Office of the United States Trustee
4   2500 Tulare Street, Suite 1401
    Fresno, California 93721
5   Telephone: (559) 487-5002
    Telecopier: (559) 487-5030
6
    Attorneys for August B. Landis,
7   Acting United States Trustee

8            UNITED STATES BANKRUPTCY COURT

9            EASTERN DISTRICT OF CALIFORNIA

10                   FRESNO DIVISION

11  In re:                          )  Case No.  10-16183-A-7
                                    )  Chapter 7
12  SALMA H. AGHA,                  )  DC No.  UST-1
                                    )
13                                  )
                                    )
14                                  )
                                    )
15                                  )
                                    )
16            Debtor.               )

17

18        ORDER GRANTING UNITED STATES TRUSTEE'S
              EX PARTE MOTION TO REOPEN CASE

19       Upon consideration of the United States Trustee's Ex Parte Motion to Reopen Case, and

20

21  the court finding that there is cause to reopen this case under 11 U.S.C. § 350(b) and Fed. R.

22  Bankr. P. 5010, it is,

23       ORDERED that the above entitled and numbered bankruptcy case be, and the same is

24  hereby, reopened pursuant to 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010;

25  ////

26  ////

27  ////

28  ////

RECEIVED
September 13, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004458216

1

1    and it is further,

2         ORDERED that a trustee shall be appointed in this case.

3

4

5

6

7

8    Dated:   Sep 18, 2012

9

10                                    Fredrick E. Clement
11                                    United States Bankruptcy Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

164



| UNITED STATES BANKRUPTCY COURT<br>Eastern District of California<br><br>Robert E. Coyle United States Courthouse<br>2500 Tulare Street, Suite 2501<br>Fresno, CA 93721−1318<br><br>(559) 499−5800<br>www.caeb.uscourts.gov<br>M-F 9:00 AM − 4:00 PM | FILED<br><br>11/13/12<br><br>CLERK, U.S. BANKRUPTCY COURT<br>EASTERN DISTRICT OF CALIFORNIA<br><br>morf |
| --- | --- |

## NOTICE TO FILE PROOF OF CLAIM DUE TO POSSIBLE RECOVERY OF ASSETS

Case Number:    10−16183 − A − 7

Debtor Name(s), Social Security Number(s), and Address(es):

Salma H. Agha
xxx−xx−9600

11622 Harrington St
Bakersfield, CA 93311

**Deadline to File a Proof of Claim:**

Proof of Claim must be received by the Bankruptcy Clerk's Office by 2/13/13

**NOTICE IS HEREBY GIVEN THAT:**

The initial notice in this case instructed creditors that it was not necessary to file a Proof of Claim. The trustee has now notified the court that payment of a dividend appears possible.

Creditors who wish to share in any possible distribution of funds must file a Proof of Claim with the Clerk of the Bankruptcy Court on or before the date indicated above unless otherwise provided by statute or rule. Claims that are not filed by the date indicated above might not be paid. Any creditor who has already filed a Proof of Claim in this case need not file another.

A Proof of Claim with attachments may be filed electronically in all cases by completing the online B10 Proof of Claim form at https://ecf.caeb.uscourts.gov/cgi−bin/autoFilingClaims.pl on the bankruptcy court's web site. A username or password is not required to file an electronic claim. Instructions can be found at http://www.caeb.uscourts.gov/ElectronicClaims.aspx.

Alternatively, Official Form B10, the official form prescribed for a Proof of Claim, may be printed and filed with the Clerk at the address shown above. Official Form B10 is available on the bankruptcy court's web site at http://www.caeb.uscourts.gov/documents/Forms/Official/B10.pdf and may be obtained at any bankruptcy clerk's office. To receive proof of its receipt by the bankruptcy court, enclose a photocopy of the claim together with a stamped, self-addressed envelope.

There is no fee for filing a Proof of Claim.

Dated:
11/13/12

For the Court,
Wayne Blackwelder , Clerk

Case 10-16183    Filed    Doc 76

United States Bankruptcy Court
Eastern District of California

In re:                                              Case No. 10-16183-A
Salma H. Agha                                       Chapter 7
        Debtor

**CERTIFICATE OF NOTICE**

District/off: 0972-1        User: morf        Page 1 of 3              Date Rcvd: Nov 13, 2012
                           Form ID: L53       Total Noticed: 33

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 15, 2012.
```
db           +Salma H. Agha,   11622 Harrington St,   Bakersfield, CA 93311-9273
aty           Becket And Lee,   PO Box 3001,   Malvern, PA  19355-0701
aty          +Brett P. Ryan,   1241 E. Dyer Road, Suite 250,   Santa Ana, CA 92705-5611
aty           Hannah L. Fabrikant,   401 West A St 17th Fl,   San Diego, CA  92101-7994
aty          +Michaela J. Graves,   1770 Fourth Ave,   San Diego, CA 92101-2607
aty          +Sheryl K. Ith,   535 Anton Blvd 10th Fl,   Costa Mesa, CA 92626-1947
aty          +William R. Cumming,   3080 Bristol Street, #630,   Costa Mesa, CA 92626-7322
17695835     +BAC Home Loans Servicing,   450 American St.   Simi Valley CA 93065-6285
17695838     +Commercial Trade Bureau,   PO Box 10389,   Bakersfield CA 93389-0389
17695839     +Credit Control Corp,   11621 Rock Landing Dr,   Newport News VA 23606-4207
17695840     +Equifax Credit Information Inc,   PO Box 740241,   Atlanta GA 30374-0241
17695841     +Experian,   701 Experian Wy,   Allen TX 75013-3715
17695843     +GMAC Mortgage,   Dept 1100 Virginia Dr,   Fort Washington PA 19034-3204
17695845     +Nationwide Recovery Systems,   3000 Kellway Dr,   Carrollton TX 75006-3305
17695846     +Progressive Management System,   1521 W Cameron Ave FL 1,   West Covina CA 91790-2738
17695847     +Receivable Management,   240 Emery St,   Bethlehem PA 18015-1980
17736305     +Southern Wine and Spirits of Northern California,   Dept. 1915,   33321 Dowe Ave,   PO Box 5001,
               Union City CA 94587-8501
17695848     +Transunion Consumer Solutions,   PO Box 2000,   Chester PA 19016-2000
17695849     +Union Bank,   8155 Mercury Ct,   San Diego CA 92111-1299
17821158     +Union Bank,   Union Bank Real Estate Servicing, M-723,   PO Box 85600,   San Diego CA 92186-5600
17695850     +Universal Accounts Inc,   690 E Green St Ste 300,   Pasadena CA 91101-2121
17695851     +Wembleton Enterprises,   c o Bauer and Associates,   PO Box 11748,   Newport Beach CA 92658-5040
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
aty           EDI: BL-BECKET.COM Nov 14 2012 04:48:00   Becket And Lee,   PO Box 3001,
               Malvern, PA  19355-0701
aty          +E-mail/Text: ustpregion17.fr.ecf@usdoj.gov Nov 14 2012 06:12:46   Mark Pope,
               2500 Tulare St #1401,   Fresno, CA 93721-1326
tr           +EDI: BJMVETTER.COM Nov 14 2012 04:48:00   Jeffrey M. Vetter,   PO Box 2424,
               Bakersfield, CA 93303-2424
smg           EDI: EDD.COM Nov 14 2012 04:48:00   Employment Development Department,
               Bankruptcy Group, MIC 92E,   PO Box 826880,   Sacramento, CA  94280-0001
cr            EDI: BECKLEE.COM Nov 14 2012 04:43:00   American Express Centurion Bank,
               c/o Becket And Lee LLP,   PO Box 3001,   Malvern, PA  19355-0701
17695833      EDI: HNDA.COM Nov 14 2012 04:48:00   American Honda Finance,   PO Box 1027,
               Alpharetta GA 30009
17695832     +EDI: BECKLEE.COM Nov 14 2012 04:43:00   American Express,   c o Becket and Lee,   PO Box 3001,
               Malvern PA 19355-0701
17695834     +E-mail/Text: ALSBankruptcy@aurorabankfsb.com Nov 14 2012 05:25:32   Aurora Loan Services,
               10350 Prk Meadows Dr,   Littleton CO 80124-6800
17695836     +EDI: CITICORP.COM Nov 14 2012 04:43:00   Citi,   PO Box 6241,   Sioux Falls SD 57117-6241
17695837     +EDI: CIAC.COM Nov 14 2012 04:48:00   Citi Mortgage,   PO Box 9438,   Dept 0251,
               Gaithersburg MD 20898-9438
17695842     +EDI: CALTAX.COM Nov 14 2012 04:48:00   Franchise Tax Board,   PO Box 1468,
               Sacramento CA 95812-1468
17695844      EDI: IRS.COM Nov 14 2012 04:43:00   Internal Revenue Service,   PO Box 21126,
               Philadelphia PA 19114
                                                                                        TOTAL: 12
```
***** BYPASSED RECIPIENTS *****
NONE.                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

District/off: 0972-1        User: morf              Page 2 of 3              Date Rcvd: Nov 13, 2012
                           Form ID: L53            Total Noticed: 33

***** BYPASSED RECIPIENTS (continued) *****

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Nov 15, 2012                    Signature:

Case 10-16183 : Filed 11/13/12    Doc 76

District/off: 0972-1          User: morf              Page 3 of 3             Date Rcvd: Nov 13, 2012
                             Form ID: L53             Total Noticed: 33

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 13, 2012 at the address(es) listed below:
NONE.                                                                        TOTAL: 0



# EXHIBIT "S"

ADVPEND, BAKERSFIELD, APPEAL

**U.S. Bankruptcy Court**
**Eastern District of California (Fresno)**
**Adversary Proceeding #: 13-01086**

*Assigned to:* Hon. W. Richard Lee                                          *Date Filed:* 08/01/13
*Lead BK Case:* 10-16183
*Lead BK Title:* Salma H. Agha
*Lead BK Chapter:* 7
*Demand:* $400000

*Nature[s] of Suit:*  11 Recovery of money/property - 542 turnover of property
                      14 Recovery of money/property - other

**Plaintiff**
————————————
**Salma H. Agha**                                        represented by **Salma H. Agha**
6 Windwood                                                              PRO SE
Irvine, CA 92604
415-926-4282
SSN./.ITIN: xxx-xx-9600

V.

**Defendant**
————————————
**Citimortgage, Inc.**                                   represented by **Andrew A. Bao**
                                                                        2175 N. California Blvd., Ste. 645
                                                                        Walnut Creek, CA 94596
                                                                        925-280-0004
                                                                        *LEAD ATTORNEY*

                                                                        **Heather S. Kim**
                                                                        2175 N California Blvd #645
                                                                        Walnut Creek, CA 94596
                                                                        925-280-0004
                                                                        *TERMINATED: 10/28/2014*
                                                                        *LEAD ATTORNEY*

                                                                        **Meagan S. Tom**
                                                                        2175 N California Blvd #645
                                                                        Walnut Creek, CA 94596-3502
                                                                        925-280-0004
                                                                        *LEAD ATTORNEY*

                                                                        **Unknown at time of filing**
                                                                        *LEAD ATTORNEY*

**Defendant**
————————————
**CR Title Services, Inc.**                              represented by **Eddie R. Jimenez**
                                                                        4375 Jutland Dr., Suite 200
                                                                        P.O. Box 17933

170

San Diego, CA 92177
858-750-7600
*LEAD ATTORNEY*

**Brian A Paino**
4375 Jutland Dr., Suite 200
P.O. Box 17933
San Diego, CA 92177
858-750-7600
*TERMINATED: 04/15/2014*
*LEAD ATTORNEY*

**Unknown at time of filing**
*LEAD ATTORNEY*

*Defendant*
-----------------
**Wilmington Trust Company**

represented by **Unknown at time of filing**
*LEAD ATTORNEY*

*Trustee*
-----------------
**Jeffrey M. Vetter**

represented by **Connie M. Parker**
5260 N. Palm Ave., Ste. 201
Fresno, CA 93704
559-438-4374
*LEAD ATTORNEY*

| Filing Date | # | Docket Text |
|---|---|---|
| 08/01/2013 | 1 (24 pgs) | (11 (Recovery of money/property - 542 turnover of property)),(14 (Recovery of money/property - other)) ; Complaint by Salma H. Agha against Citimortgage, Inc., CR Title Services, Inc., Wilmington Trust Company. Fee Amount of $293.00 is Exempt. (crof) (Entered: 08/01/2013) |
| 08/01/2013 | 2 (2 pgs) | Adversary Proceeding Cover Sheet (auto) (Entered: 08/01/2013) |
| 08/01/2013 | 3 (4 pgs) | Copy of Summons Issued Re: 1 Complaint; Status Conference to be held on 10/23/2013 at 01:15 PM at Bakersfield Hearing Location (crof) (Entered: 08/01/2013) |
| 08/01/2013 | 4 (1 pg) | Notice of Availability of Bankruptcy Dispute Resolution Program (crof) (Entered: 08/01/2013) |
| 08/01/2013 | 5 (1 pg) | Order to Confer on Initial Disclosures and Setting Deadlines (crof) (Entered: 08/01/2013) |
| 08/22/2013 | 6 (1 pg) | Certificate of Service of Summons and Complaint (awys) (Entered: 08/22/2013) |
| 08/22/2013 | 7 (1 pg) | Certificate of Service of Summons and Complaint (awys) (Entered: 08/22/2013) |
| 08/22/2013 | 8 (1 pg) | Certificate of Service of Summons and Complaint (awys) (Entered: 08/22/2013) |

https://ecf.caeb.uscourts.gov/cgi-bin/DktRpt.pl?573147240314128-L_1_0-1

| | | |
|---|---|---|
| 08/30/2013 | 9<br>(3 pgs) | Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 08/30/2013) |
| 08/30/2013 | 9<br>(3 pgs) | Notice of Hearing Re: 9 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1] to be held on 10/30/2013 at 03:30 PM at Bakersfield Hearing Location. (awys) (Entered: 08/30/2013) |
| 08/30/2013 | 10<br>(9 pgs) | Memorandum of Points and Authorities in support of 9 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1] (awys) (Entered: 08/30/2013) |
| 08/30/2013 | 11<br>(40 pgs) | Request for Judicial Notice Re: 9 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 08/30/2013) |
| 08/30/2013 | 12<br>(4 pgs) | Certificate/Proof of Service of 9 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1], 9 Notice of Hearing, 10 Memorandum of Points and Authorities, 11 Request for Judicial Notice (awys) (Entered: 08/30/2013) |
| 08/30/2013 | 13<br>(1 pg) | Memo to File Re: Calendar Correction as Transmitted to BNC for Service Re: 9 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1] (jdaf) (Entered: 08/30/2013) |
| 08/30/2013 | 14<br>(3 pgs) | Certificate of Mailing of Memo to File Re: Calendar Correction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/01/2013) |
| 09/03/2013 | 15<br>(3 pgs) | Amended Notice of Hearing Re: 9 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1] to be held on 10/23/2013 at 01:15 PM at Bakersfield Hearing Location. (awys) (Entered: 09/04/2013) |
| 09/03/2013 | 16<br>(4 pgs) | Certificate/Proof of Service of 15 Amended Notice of Hearing [AAB-1] (awys) (Entered: 09/04/2013) |
| 09/03/2013 | 17<br>(2 pgs) | Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-1] Filed by Defendant CR Title Services, Inc. (awys) (Entered: 09/04/2013) |
| 09/03/2013 | 18<br>(2 pgs) | Notice of Hearing Re: 17 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-1] to be held on 10/23/2013 at 01:15 PM at Bakersfield Hearing Location. (awys) (Entered: 09/04/2013) |
| 09/03/2013 | 19<br>(9 pgs) | Memorandum of Points and Authorities in support of 17 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-1] (awys) (Entered: 09/04/2013) |
| 09/03/2013 | 20<br>(3 pgs) | Request for Judicial Notice Re: 17 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-1] Filed by Defendant CR Title Services, Inc. (awys) (Entered: 09/04/2013) |
| 09/03/2013 | 21<br>(56 pgs) | Exhibit(s) in support of 20 Request for Judicial Notice [PD-1] (awys) (Entered: 09/04/2013) |
| 09/03/2013 | 22<br>(2 pgs) | Statement Regarding Ownership of Corporate Debtor/Party Filed by Defendant CR Title Services, Inc. (awys) (Entered: 09/04/2013) |
| 09/03/2013 | 23<br>(2 pgs) | Certificate/Proof of Service of 17 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-1], 18 Notice of Hearing, 19 Memorandum of Points and Authorities, 20 Request for Judicial Notice, 21 Exhibit(s), 22 Statement Regarding Ownership of Corporate Debtor/Party (awys) (Entered: 09/04/2013) |
| 10/16/2013 | 24<br>(5 pgs) | Joint Status Conference Statement Filed by Defendants CR Title Services, Inc., Citimortgage, Inc. (awys) (Entered: 10/17/2013) |

1/22/2015 6:30 PM

| 10/16/2013 | <u>25</u><br>(3 pgs) | Certificate/Proof of Service of <u>24</u> Status Conference Statement (awys) (Entered: 10/17/2013) |
|---|---|---|
| 10/17/2013 | <u>26</u><br>(2 pgs) | Non-Opposition Filed by Defendant Citimortgage, Inc. Re: <u>9</u> Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1] (awys) (Entered: 10/17/2013) |
| 10/17/2013 | <u>27</u><br>(3 pgs) | Certificate/Proof of Service of <u>26</u> Non-Opposition [AAB-1] (awys) (Entered: 10/17/2013) |
| 10/18/2013 | <u>28</u><br>(3 pgs) | Order Staying Proceedings Re: <u>1</u> Complaint (rgaf) (Entered: 10/18/2013) |
| 10/18/2013 | <u>29</u><br>(1 pg) | Court's Certificate of Mailing of <u>28</u> Order (rgaf) (Entered: 10/18/2013) |
| 10/22/2013 | <u>30</u><br>(9 pgs) | Motion/Application to Disqualify Judge Filed by Plaintiff Salma H. Agha (awys) (Entered: 10/23/2013) |
| 10/23/2013 | <u>34</u><br>(1 pg) | Civil Minutes -- Hearing Dropped Re: <u>1</u> Complaint (resf) (Entered: 10/28/2013) |
| 10/23/2013 | <u>35</u><br>(1 pg) | Civil Minutes -- Hearing Dropped Re: <u>9</u> Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-1] (resf) (Entered: 10/28/2013) |
| 10/23/2013 | <u>36</u><br>(1 pg) | Civil Minutes -- Hearing Dropped Re: <u>17</u> Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-1] (resf) (Entered: 10/28/2013) |
| 10/24/2013 | <u>31</u><br>(3 pgs) | Order Re: <u>30</u> Motion/Application to Disqualify Judge (awys) (Entered: 10/25/2013) |
| 10/25/2013 | <u>32</u><br>(3 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 10/25/2013) |
| 10/25/2013 | <u>33</u><br>(4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 10/27/2013) |
| 11/19/2013 | <u>37</u><br>(16 pgs) | Motion/Application to Transfer Case/Proceeding to Another District Filed by Plaintiff Salma H. Agha (awys) (Entered: 11/20/2013) |
| 11/19/2013 | <u>38</u><br>(2 pgs) | Stipulation Re: <u>37</u> Motion/Application to Transfer Case/Proceeding to Another District (awys) (Entered: 11/20/2013) |
| 11/20/2013 | <u>39</u><br>(3 pgs) | Order Regarding <u>37</u> Motion/Application to Transfer Case/Proceeding. (shbs) (Entered: 11/21/2013) |
| 11/21/2013 | <u>40</u><br>(3 pgs) | Copy of Document as transmitted to BNC for service. (shbs) (Entered: 11/21/2013) |
| 11/21/2013 | <u>41</u><br>(4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 11/23/2013) |
| 12/09/2013 | <u>42</u><br>(8 pgs) | Motion/Application Vacate Lockout and Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523-121-03-00-3 Filed by Plaintiff Salma H. Agha (awys) (Entered: 12/09/2013) |
| 12/09/2013 | <u>43</u><br>(5 pgs) | Motion/Application to Shorten Time Filed by Plaintiff Salma H. Agha (awys) (Entered: 12/09/2013) |

Case 14-01155    Filed 01/27/15    Doc 40

| | | |
|---|---|---|
| 12/17/2013 | **44**<br>(3 pgs) | Order Denying 30 Motion/Application to Disqualify Judge (awys) (Entered: 12/18/2013) |
| 12/17/2013 | **45**<br>(6 pgs) | Memorandum Opinion/Decision Re: 30 Motion/Application to Disqualify Judge (awys)<br>(Entered: 12/18/2013) |
| 12/17/2013 | **46**<br>(3 pgs) | Order to Set Hearing Re: 42 Motion/Application Vacate Lockout and Restore Salma Agha to<br>Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523-121-03-00-3;<br>Hearing to be held on 1/9/2014 at 11:00 AM at Fresno Courtroom 11, Department A. (awys)<br>(Entered: 12/18/2013) |
| 12/17/2013 | **47**<br>(3 pgs) | Order Lifting Stay On Limited Basis Re: 1 Complaint (awys) (Entered: 12/18/2013) |
| 12/18/2013 | **48**<br>(2 pgs) | Court's Certificate of Mailing of 44 Order, 45 Memorandum Opinion/Decision, 46 Order to<br>Set/Continue/Reschedule Hearing, 47 Order (awys) (Entered: 12/18/2013) |
| 12/23/2013 | | Envelope addressed to Office of the U.S. Trustee returned to court as undeliverable Re: 44<br>Order, 45 Memorandum Opinion/Decision, 46 Order to Set/Continue/Reschedule Hearing, 47<br>Order (awys) (Entered: 12/23/2013) |
| 12/23/2013 | **49**<br>(1 pg) | Court's Certificate of Mailing of 44 Order, 45 Memorandum Opinion/Decision, 46 Order to<br>Set/Continue/Reschedule Hearing, 47 Order (awys) (Entered: 12/23/2013) |
| 01/02/2014 | **50**<br>(2 pgs) | Certificate/Proof of Service of 42 Motion/Application Vacate Lockout and Restore Salma Agha<br>to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number<br>523-121-03-00-3, 46 Order to Set/Continue/Reschedule Hearing (awys) (Entered: 01/02/2014) |
| 01/02/2014 | **51**<br>(15 pgs) | Opposition/Objection Filed by Defendant Citimortgage, Inc. Re: 42 Motion/Application Vacate<br>Lockout and Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA<br>93311, APN Number 523-121-03-00-3 (awys) (Entered: 01/03/2014) |
| 01/02/2014 | **52**<br>(48 pgs) | Request for Judicial Notice Re: 51 Opposition/Objection Filed by Defendant Citimortgage, Inc.<br>(awys) (Entered: 01/03/2014) |
| 01/02/2014 | **53**<br>(4 pgs) | Certificate/Proof of Service of 51 Opposition/Objection, 52 Request for Judicial Notice (awys)<br>(Entered: 01/03/2014) |
| 01/09/2014 | **54**<br>(1 pg) | Civil Minutes -- Hearing Re: 42 Motion/Application Vacate Lockout and Restore Salma Agha to<br>Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523-121-03-00-3<br>continued; Hearing to be held on 2/12/2014 at 03:00 PM at Fresno Courtroom 11, Department<br>A. (resf) (Entered: 01/10/2014) |
| 01/13/2014 | | Docket Entry Reserved for Internal Use/Order Processing. (Service List Attached). (resf)<br>(Entered: 01/13/2014) |
| 01/14/2014 | **56**<br>(2 pgs) | Civil Minute Order/Order to Continue Hearing Re: 42 Motion/Application Vacate Lockout and<br>Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN<br>Number 523-121-03-00-3 ; Hearing to be held on 2/12/2014 at 03:00 PM at Fresno Courtroom<br>11, Department A. (awys) (Entered: 01/14/2014) |
| 01/14/2014 | **57**<br>(2 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 01/14/2014) |
| 01/14/2014 | **58**<br>(3 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.)<br>(Entered: 01/16/2014) |

| | | |
|---|---|---|
| 02/11/2014 | **59**<br>(5 pgs) | Motion/Application to Disqualify Judge Filed by Plaintiff Salma H. Agha (awys) (Entered: 02/11/2014) |
| 02/11/2014 | **60**<br>(3 pgs) | Motion/Application to Shorten Time Filed by Plaintiff Salma H. Agha (awys) (Entered: 02/11/2014) |
| 02/11/2014 | | Hearing Re: 59 Motion/Application to Disqualify Judge to be held on 2/12/2014 at 03:00 PM at Fresno Courtroom 11, Department A. (awys) (Entered: 02/11/2014) |
| 02/11/2014 | **61**<br>(21 pgs) | Support Document/Complaint Re: 59 Motion/Application to Disqualify Judge Filed by Plaintiff Salma H. Agha (awys) (Entered: 02/11/2014) |
| 02/11/2014 | **62**<br>(8 pgs) | Support Document/Summons Re: 59 Motion/Application to Disqualify Judge Filed by Plaintiff Salma H. Agha (awys) (Entered: 02/11/2014) |
| 02/11/2014 | **63**<br>(3 pgs) | Order Granting 60 Motion/Application to Shorten Time (rgaf) (Entered: 02/11/2014) |
| 02/12/2014 | **64**<br>(1 pg) | Civil Minutes -- Hearing Held/Concluded Re: 42 Motion/Application Vacate Lockout and Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523-121-03-00-3 DENIED (resf) (Entered: 02/17/2014) |
| 02/12/2014 | **65**<br>(1 pg) | Civil Minutes -- Hearing Held/Concluded Re: 59 Motion/Application to Disqualify Judge DENIED (resf) (Entered: 02/17/2014) |
| 02/18/2014 | | Docket Entry Reserved for Internal Use/Order Processing. (Service List Attached). (resf) (Entered: 02/18/2014) |
| 02/18/2014 | | Docket Entry Reserved for Internal Use/Order Processing. (Service List Attached). (resf) (Entered: 02/18/2014) |
| 02/18/2014 | **68**<br>(2 pgs) | Civil Minute Order Denying 59 Motion/Application to Disqualify Judge (awys) (Entered: 02/19/2014) |
| 02/18/2014 | **70**<br>(2 pgs) | Civil Minute Order Denying 42 Motion/Application Vacate Lockout and Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523-121-03-00-3 (awys) (Entered: 02/19/2014) |
| 02/19/2014 | **69**<br>(2 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 02/19/2014) |
| 02/19/2014 | **71**<br>(2 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 02/19/2014) |
| 02/19/2014 | **72**<br>(3 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 02/21/2014) |
| 02/19/2014 | **73**<br>(3 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 02/21/2014) |
| 02/26/2014 | **74**<br>(3 pgs) | Notice of Appeal filed by Plaintiff Salma H. Agha Re: 68 Order (Fee Paid $0.00) (awys) (Entered: 02/27/2014) |
| 02/27/2014 | **75**<br>(1 pg) | Transmittal to BAP Re: 74 Notice of Appeal (awys) (Entered: 02/27/2014) |
| 02/27/2014 | **76** | Notice of Referral of Appeal to Bankruptcy Appellate Panel Re: 74 Notice of Appeal (awys) |

| | (1 pg) | (Entered: 02/27/2014) |
|---|---|---|
| 02/27/2014 | [77](#) (1 pg) | Certificate of Notice Re: [74](#) Notice of Appeal, [76](#) Notice of Referral to Bankruptcy Appellate Panel (awys) (Entered: 02/27/2014) |
| 02/27/2014 | [78](#) (3 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 02/27/2014) |
| 02/27/2014 | [79](#) (1 pg) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 02/27/2014) |
| 02/27/2014 | [80](#) (4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/01/2014) |
| 02/27/2014 | [81](#) (2 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/01/2014) |
| 03/10/2014 | | Filing Fee Paid (Fee Paid $298.00 ) Re: [74](#) Notice of Appeal (dchf) (Entered: 03/10/2014) |
| 03/10/2014 | | Appeal Fee Paid ($298.00, Receipt Number: 1253 by 18) (auto) (Entered: 03/11/2014) |
| 03/13/2014 | [82](#) (7 pgs) | Transcript regarding Hearing Held 01/09/14 Re: [42](#) Motion/Application Vacate Lockout and Restore Salma Agha to Possession of 11622 Harrington Street, Bakersfield, CA 93311, APN Number 523-121-03-00-3 Notice of Intent to Request Redaction Deadline Due By 3/20/2014. Redaction Request Due By 4/3/2014. Redacted Transcript Submission Due By 4/14/2014. Transcript access will be restricted through 6/11/2014. (isaf) (Entered: 03/13/2014) |
| 03/13/2014 | [83](#) (1 pg) | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing held on 01/09/14 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period. Re: [82](#) Transcript (isaf) (Entered: 03/13/2014) |
| 03/13/2014 | [84](#) (26 pgs) | Transcript regarding Hearing Held 02/12/14 Notice of Intent to Request Redaction Deadline Due By 3/20/2014. Redaction Request Due By 4/3/2014. Redacted Transcript Submission Due By 4/14/2014. Transcript access will be restricted through 6/11/2014. (isaf) (Entered: 03/13/2014) |
| 03/13/2014 | [85](#) (1 pg) | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing held on 02/12/14 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period. Re: [84](#) Transcript (isaf) (Entered: 03/13/2014) |
| 03/13/2014 | [86](#) (2 pgs) | Certificate of Mailing of Notice of Filing of Transcript and of Deadlines Related to Redaction and Restriction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/15/2014) |
| 03/13/2014 | [87](#) (2 pgs) | Certificate of Mailing of Notice of Filing of Transcript and of Deadlines Related to Redaction and Restriction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/15/2014) |
| 03/17/2014 | [88](#) (4 pgs) | Receipt of Pleadings and Documents from Bankruptcy Appellant Panel Re: [74](#) Notice of Appeal (rlos) Copy of Opening Letter and Notice (Entered: 03/17/2014) |
| 03/17/2014 | [89](#) (9 pgs) | Motion/Application to Extend Time to File Statement of Issues and Designation of Record in Appeal Filed by Appellant/Plaintiff Salma H. Agha (rlos) (Entered: 03/17/2014) |
| 04/09/2014 | [91](#) | Notice Re: [90](#) Motion/Application [AAB-2] (awys) (Entered: 04/10/2014) |

| | (2 pgs) | |
|---|---|---|
| 04/09/2014 | 92 (5 pgs) | Memorandum of Points and Authorities in support of 90 Motion/Application Restore Citimortgage, Inc's Motion to Dismiss Complaint [AAB-2] (awys) (Entered: 04/10/2014) |
| 04/09/2014 | 93 (3 pgs) | Declaration of Andrew A. Bao in support of 90 Motion/Application Restore Citimortgage, Inc's Motion to Dismiss Complaint [AAB-2] (awys) (Entered: 04/10/2014) |
| 04/09/2014 | 94 (4 pgs) | Certificate/Proof of Service of Proposed Order, 91 Notice, 92 Memorandum of Points and Authorities, 93 Declaration [AAB-2] (awys) (Entered: 04/10/2014) |
| 04/10/2014 | 90 (2 pgs) | Motion/Application Restore Citimortgage, Inc's Motion to Dismiss Complaint [AAB-2] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 04/10/2014) |
| 04/10/2014 | 95 (3 pgs) | Supplemental Certificate/Proof of Service of 90 Motion/Application Restore Citimortgage, Inc's Motion to Dismiss Complaint [AAB-2] (crof) (Entered: 04/11/2014) |
| 04/15/2014 | 96 (6 pgs) | Motion/Application to Extend Time to File Opening Brief Filed by Appellant/Plaintiff Salma H. Agha (rlos) (Entered: 04/15/2014) |
| 04/15/2014 | 97 (3 pgs) | Substitution of Attorney. Attorney Brian A Paino removed from the case. Eddie R. Jimenez for CR Title Services, Inc. Substituted in. Filed by Defendant CR Title Services, Inc. (awys) (Entered: 04/16/2014) |
| 04/16/2014 | 98 (3 pgs) | Order Denying 90 Motion/Application Restore Citimortgage, Inc's Motion to Dismiss Complaint [AAB-2] (awys) (Entered: 04/17/2014) |
| 04/17/2014 | 99 (3 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 04/17/2014) |
| 04/17/2014 | 100 (4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 04/19/2014) |
| 06/16/2014 | | Update Transcript Deadlines Re: 82 Transcript, 84 Transcript (maaf) (Entered: 06/16/2014) |
| 06/26/2014 | 101 (3 pgs) | Receipt of Pleadings and Documents from Bankruptcy Appellant Panel Re: 74 Notice of Appeal (rlos) Copy of Mandate (Entered: 06/26/2014) |
| 07/22/2014 | 102 (3 pgs) | Amended 28 Order (awys) (Entered: 07/23/2014) |
| 07/23/2014 | 103 (3 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 07/23/2014) |
| 07/23/2014 | 104 (4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 07/25/2014) |
| 08/04/2014 | 105 (2 pgs) | Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 08/05/2014) |
| 08/04/2014 | 105 (2 pgs) | Motion/Application to Confirm Termination or Absence of Stay [AAB-2] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 08/05/2014) |
| 08/04/2014 | 106 (5 pgs) | Memorandum of Points and Authorities in support of 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2], 105 Motion/Application to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/05/2014) |

| 08/04/2014 | 107 (11 pgs) | Declaration of Andrew A. Bao in support of 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2], 105 Motion/Application to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/05/2014) |
| 08/04/2014 | 108 (11 pgs) | Declaration of Travis Nurse in support of 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2], 105 Motion/Application to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/05/2014) |
| 08/04/2014 | 109 (4 pgs) | Certificate/Proof of Service of Proposed Order, 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2], 105 Motion/Application to Confirm Termination or Absence of Stay [AAB-2], 106 Memorandum of Points and Authorities, 107 Declaration, 108 Declaration (awys) (Entered: 08/05/2014) |
| 08/05/2014 | | Contacted Lisa White from the Law Office of Andrew A. Bao on 8/5/14 regarding incorrectly submitted Order. Replacement Order requested Re: 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2], 105 Motion/Application to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/05/2014) |
| 08/06/2014 | 110 (4 pgs) | Order Denying 105 Motion/Application to Allow Citimortgage, Inc. to File Motion for Relief from Automatic Stay [AAB-2] (awys) (Entered: 08/07/2014) |
| 08/06/2014 | 110 (4 pgs) | Order Denying 105 Motion to Confirm Termination or Absence of Stay [AAB-2] (awys) (Entered: 08/07/2014) |
| 08/07/2014 | 111 (4 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 08/07/2014) |
| 08/07/2014 | 112 (5 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/09/2014) |
| 09/10/2014 | 113 | ENTERED ON DOCKET IN ERROR - NO IMAGE AVAILABLE. Motion/Application to Shorten Time Filed by Plaintiff Salma H. Agha (lbef) Modified on 10/10/2014 (lbef). (Entered: 09/12/2014) |
| 09/10/2014 | 114 | ENTERED ON DOCKET IN ERROR - NO IMAGE AVAILABLE. Motion/Application To Bring Legal Action Filed by Plaintiff Salma H. Agha (lbef) Modified on 10/10/2014 (lbef). (Entered: 09/12/2014) |
| 09/15/2014 | 115 (2 pgs) | Order of Recusal (awys) (Entered: 09/16/2014) |
| 09/16/2014 | 116 (2 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 09/16/2014) |
| 09/16/2014 | 117 (1 pg) | Order Transferring Case from Judge Clement, Dept. A to Judge Lee, Dept. B. (rlos) (Entered: 09/17/2014) |
| 09/16/2014 | 119 (3 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/18/2014) |
| 09/17/2014 | 118 (1 pg) | Notice of Transfer/Reassignment of case as Transmitted to BNC for Service (rlos) (Entered: 09/17/2014) |
| 09/17/2014 | 120 (2 pgs) | Certificate of Mailing of Notice of Transfer/Reassignment as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/19/2014) |

Case 14-01155    Filed 01/27/15    Doc 40

https://ecf.caeb.uscourts.gov/cgi-bin/DktRpt.pl?573147240314128-L_1_0-1

| | | |
|---|---|---|
| 10/06/2014 | 121 (2 pgs) | Request to Receive Electronic Notification Filed by Trustee Jeffrey M. Vetter (jlns) (Entered: 10/07/2014) |
| 10/06/2014 | 122 (3 pgs) | Certificate/Proof of Service of 121 Request to Receive Electronic Notification (jlns) (Entered: 10/07/2014) |
| 10/28/2014 | 123 (3 pgs) | Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 10/28/2014) |
| 10/28/2014 | 123 (3 pgs) | Notice of Hearing Re: 123 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] to be held on 12/9/2014 at 09:00 AM at Fresno Courtroom 12, Department B. (awys) (Entered: 10/28/2014) |
| 10/28/2014 | 124 (9 pgs) | Memorandum of Points and Authorities in support of 123 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] (awys) (Entered: 10/28/2014) |
| 10/28/2014 | 125 (40 pgs) | Request for Judicial Notice Re: 123 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] Filed by Defendant Citimortgage, Inc. (awys) (Entered: 10/28/2014) |
| 10/28/2014 | 126 (4 pgs) | Certificate/Proof of Service of 123 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2], 123 Notice of Hearing, 124 Memorandum of Points and Authorities, 125 Request for Judicial Notice (awys) (Entered: 10/28/2014) |
| 10/28/2014 | 127 (2 pgs) | Change in Designation of Counsel for Service. Attorney Heather S. Kim removed from the case. Attorney Meagan S. Tom for Citimortgage, Inc., Andrew A. Bao for Citimortgage, Inc. added to the case. Filed by Defendants Citimortgage, Inc., Citimortgage, Inc. (awys) (Entered: 10/28/2014) |
| 10/28/2014 | 128 (3 pgs) | Certificate/Proof of Service of 127 Change in Designation of Counsel for Service. (awys) (Entered: 10/28/2014) |
| 10/28/2014 | 129 (1 pg) | Memo to File Re: Calendar Correction as Transmitted to BNC for Service Re: 123 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] (vmcf) (Entered: 10/28/2014) |
| 10/28/2014 | 132 (2 pgs) | Certificate of Mailing of Memo to File Re: Calendar Correction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 10/30/2014) |
| 10/29/2014 | 130 (3 pgs) | Amended Notice of Hearing Re: 123 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] to be held on 12/4/2014 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 10/29/2014) |
| 10/29/2014 | 131 (4 pgs) | Certificate/Proof of Service of 130 Amended Notice of Hearing [AAB-2] (awys) (Entered: 10/29/2014) |
| 11/12/2014 | 133 (3 pgs) | Order to Appear Re: 102 Amended Order; Show Cause hearing to be held on 12/4/2014 at 09:00 AM at Bakersfield Federal Courthouse (jtis) (Entered: 11/13/2014) |
| 11/17/2014 | 134 (2 pgs) | Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] Filed by Defendant CR Title Services, Inc. (awys) (Entered: 11/18/2014) |
| 11/17/2014 | 135 (2 pgs) | Notice of Hearing Re: 134 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] to be held on 1/7/2015 at 11:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 11/18/2014) |
| 11/17/2014 | 136 | Memorandum of Points and Authorities in support of 134 Motion/Application to Dismiss |

| | | |
|---|---|---|
| | (9 pgs) | Adversary Proceeding/Notice of Removal [PD-2] (awys) (Entered: 11/18/2014) |
| 11/17/2014 | 137<br>(3 pgs) | Request for Judicial Notice Re: 134 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] Filed by Defendant CR Title Services, Inc. (awys) (Entered: 11/18/2014) |
| 11/17/2014 | 138<br>(70 pgs) | Exhibit(s) in support of 137 Request for Judicial Notice [PD-2] (awys) (Entered: 11/18/2014) |
| 11/17/2014 | 139<br>(2 pgs) | Statement Regarding Ownership of Corporate Debtor/Party Filed by Defendant CR Title Services, Inc. [PD-2] (awys) (Entered: 11/18/2014) |
| 11/17/2014 | 140<br>(2 pgs) | Certificate/Proof of Service of 134 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2], 135 Notice of Hearing, 136 Memorandum of Points and Authorities, 137 Request for Judicial Notice, 138 Exhibit(s), 139 Statement Regarding Ownership of Corporate Debtor/Party (awys) (Entered: 11/18/2014) |
| 11/18/2014 | 141<br>(1 pg) | Memo to File Re: Calendar Correction as Transmitted to BNC for Service Re: 134 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] (vmcf) (Entered: 11/18/2014) |
| 11/18/2014 | 142<br>(2 pgs) | Amended Notice of Hearing Re: 134 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] to be held on 1/8/2015 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 11/18/2014) |
| 11/18/2014 | 143<br>(2 pgs) | Certificate/Proof of Service of 142 Amended Notice of Hearing [PD-2] (awys) (Entered: 11/18/2014) |
| 11/18/2014 | 145<br>(2 pgs) | Certificate of Mailing of Memo to File Re: Calendar Correction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 11/20/2014) |
| 11/19/2014 | 144<br>(2 pgs) | Court's Certificate of Mailing of 133 Order to Appear (shbs) (Entered: 11/19/2014) |
| 11/25/2014 | 146<br>(2 pgs) | Non-Opposition Filed by Defendant Citimortgage, Inc. Re: 123 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] (awys) (Entered: 11/26/2014) |
| 11/25/2014 | 147<br>(2 pgs) | Declaration of Meagan S. Tom in support of 146 Non-Opposition [AAB-2] (awys) (Entered: 11/26/2014) |
| 11/25/2014 | 148<br>(4 pgs) | Certificate/Proof of Service of 146 Non-Opposition, 147 Declaration [AAB-2] (awys) (Entered: 11/26/2014) |
| 12/01/2014 | | Envelope addressed to Salma H. Agha returned to court as undeliverable Re: 133 Order to Appear (msts) (Entered: 12/01/2014) |
| 12/03/2014 | 149<br>(20 pgs) | Response/Reply Filed by Plaintiff Salma H. Agha Re: 133 Order to Appear (awys) (Entered: 12/03/2014) |
| 12/03/2014 | 150<br>(27 pgs) | Request for Judicial Notice Re: 149 Response/Reply Filed by Plaintiff Salma H. Agha (awys) (Entered: 12/03/2014) |
| 12/03/2014 | 151<br>(32 pgs) | Exhibit(s) Re: 149 Response/Reply (awys) (Entered: 12/03/2014) |
| 12/03/2014 | 152<br>(5 pgs) | Declaration of Salma Agha-Khan Re: 149 Response/Reply (awys) (Entered: 12/03/2014) |

| 12/03/2014 | 153<br>(3 pgs) | Certificate/Proof of Service of Proposed Order, 149 Response/Reply, 150 Request for Judicial Notice, 151 Exhibit(s), 152 Declaration (awys) (Entered: 12/03/2014) |
|---|---|---|
| 12/03/2014 | 154<br>(4 pgs) | Undeliverable Mail from Salma H. Agha at 6 Windwood, Irvine, CA 92604 re: Order to Appear (shbs) (Entered: 12/03/2014) |
| 12/04/2014 | 155<br>(1 pg) | Civil Minutes -- Show Cause Hearing Re: 133 Order to Appear continued; Show Cause Hearing Show Cause hearing to be held on 1/8/2015 at 09:00 AM at Bakersfield Federal Courthouse (jdaf) (Entered: 12/04/2014) |
| 12/04/2014 | | Docket Entry Reserved for Internal Use/Order Processing. (Service List Attached). (jdaf) (Entered: 12/04/2014) |
| 12/04/2014 | 158<br>(2 pgs) | Certificate/Proof of Service of 134 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] (awys) (Entered: 12/04/2014) |
| 12/05/2014 | 160<br>(2 pgs) | Civil Minute Order/Order to Continue Hearing Re: 123 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] ; Hearing to be held on 1/8/2015 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 12/05/2014) |
| 12/05/2014 | 161<br>(2 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 12/05/2014) |
| 12/05/2014 | 162<br>(3 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 12/07/2014) |
| 12/08/2014 | 163<br>(3 pgs) | Request for Special Notice Filed by Creditor CR Title Services, Inc. (awys) (Entered: 12/09/2014) |
| 12/08/2014 | 164<br>(2 pgs) | Certificate/Proof of Service of 163 Request for Special Notice (awys) (Entered: 12/09/2014) |
| 12/09/2014 | 165<br>(4 pgs) | Re-Issued Order to Appear Re: 102 Amended Order; Show Cause hearing to be held on 1/8/2015 at 09:00 AM at Bakersfield Federal Courthouse (awys) (Entered: 12/10/2014) |
| 12/10/2014 | 166<br>(2 pgs) | Court's Certificate of Mailing of 165 Order to Appear (awys) (Entered: 12/10/2014) |
| 12/23/2014 | 167<br>(4 pgs) | Order Denying 149 Response/Reply (awys) (Entered: 12/24/2014) |
| 12/24/2014 | 168<br>(2 pgs) | Court's Certificate of Mailing of 167 Order (awys) (Entered: 12/24/2014) |
| 12/31/2014 | 169<br>(6 pgs) | Memorandum of Points and Authorities Re: 165 Order to Appear (awys) (Entered: 01/05/2015) |
| 12/31/2014 | 170<br>(5 pgs) | Declaration in support of 169 Memorandum of Points and Authorities (awys) (Entered: 01/05/2015) |
| 12/31/2014 | 171<br>(124 pgs) | Exhibit(s) in support of 169 Memorandum of Points and Authorities (awys) (Entered: 01/05/2015) |
| 12/31/2014 | 172<br>(3 pgs) | Certificate/Proof of Service of 169 Memorandum of Points and Authorities, 170 Declaration, 171 Exhibit(s) (awys) (Entered: 01/05/2015) |
| 12/31/2014 | 173 | ENTERED ON DOCKET IN ERROR - NO IMAGE AVAILABLE Motion/Application for |

| | | Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc. Filed by Plaintiff Salma H. Agha (awys) Modified on 1/5/2015) (Entered: 01/5/2015) |
|---|---|---|
| 12/31/2014 | **174** (5 pgs) | Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter Filed by Plaintiff Salma H. Agha (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **174** (5 pgs) | Notice of Hearing Re: 174 Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter to be held on 2/5/2015 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **175** (3 pgs) | Declaration Re: 174 Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter (awys) (Entered: 01/05/2015) |
| 12/31/2014 | 176 | ENTERED ON DOCKET IN ERROR - NO IMAGE AVAILABLE Declaration Re: 174 Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter (awys) Modified on 1/5/2015 (awys). (Entered: 01/05/2015) |
| 12/31/2014 | **177** (23 pgs) | Memorandum of Points and Authorities in support of 174 Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **178** (17 pgs) | Request for Judicial Notice Re: 174 Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter Filed by Plaintiff Salma H. Agha (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **179** (160 pgs) | Exhibit(s) Re: 174 Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **180** (3 pgs) | Certificate/Proof of Service of 174 Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter, 174 Notice of Hearing, 175 Declaration, 177 Memorandum of Points and Authorities, 178 Request for Judicial Notice (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **181** (2 pgs) | Opposition/Objection Filed by Plaintiff Salma H. Agha Re: 134 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **182** (4 pgs) | Declaration Re: 181 Opposition/Objection [PD-2] (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **183** (3 pgs) | Certificate/Proof of Service of 181 Opposition/Objection, 182 Declaration [PD-2] (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **184** (3 pgs) | Certificate/Proof of Service of 174 Motion/Application to Disqualify Klein Denatale Goldner Law Firm from Representing Defendant Trustee Vetter, 174 Notice of Hearing, 175 Declaration, 177 Memorandum of Points and Authorities, 178 Request for Judicial Notice (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **185** (7 pgs) | Motion/Application to Stop Continuous Docket Fraud Perpetration Filed by Plaintiff Salma H. Agha (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **185** (7 pgs) | Notice of Hearing Re: 185 Motion/Application to Stop Continuous Docket Fraud Perpetration to be held on 2/5/2015 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **186** (4 pgs) | Declaration in support of 185 Motion/Application to Stop Continuous Docket Fraud Perpetration (awys) (Entered: 01/05/2015) |

  

| | | |
|---|---|---|
| 12/31/2014 | **187**<br>(34 pgs) | Memorandum of Points and Authorities in support of 185 Motion/Application to Stop Continuous Docket Fraud Perpetration (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **188**<br>(25 pgs) | Request for Judicial Notice Re: 185 Motion/Application to Stop Continuous Docket Fraud Perpetration Filed by Plaintiff Salma H. Agha (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **189**<br>(454 pgs) | Exhibit(s) in support of 185 Motion/Application to Stop Continuous Docket Fraud Perpetration (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **190**<br>(3 pgs) | Certificate/Proof of Service of Proposed Order, 185 Motion/Application to Stop Continuous Docket Fraud Perpetration, 185 Notice of Hearing, 186 Declaration, 187 Memorandum of Points and Authorities (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **191**<br>(10 pgs) | Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc. Filed by Plaintiff Salma H. Agha (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **192**<br>(5 pgs) | Declaration Re: 191 Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc. (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **193**<br>(187 pgs) | Exhibit(s) Re: 191 Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc. (awys) (Entered: 01/05/2015) |
| 12/31/2014 | **194**<br>(3 pgs) | Certificate/Proof of Service of Proposed Order, 191 Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc., 192 Declaration (awys) (Entered: 01/05/2015) |
| 01/05/2015 | **195**<br>(2 pgs) | Order to Set Hearing Re: 191 Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc.; Hearing to be held on 1/8/2015 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 01/05/2015) |
| 01/05/2015 | **196**<br>(2 pgs) | Court's Certificate of Mailing of 195 Order to Set/Continue/Reschedule Hearing (awys) (Entered: 01/05/2015) |
| 01/05/2015 | **207** | Transcript regarding hearing held 12/4/14. Notice of Intent to Request Redaction Deadline Due By 1/12/2015. Redaction Request Due By 1/26/2015. Redacted Transcript Submission Due By 2/5/2015. Transcript access will be restricted through 4/6/2015. (awys) (Entered: 01/06/2015) |
| 01/06/2015 | **197**<br>(4 pgs) | Notice of Correction/Errata Re: 191 Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc. (awys) (Entered: 01/06/2015) |
| 01/06/2015 | **198**<br>(10 pgs) | Notice of Correction/Errata Re: 169 Memorandum of Points and Authorities (awys) (Entered: 01/06/2015) |
| 01/06/2015 | **199**<br>(113 pgs) | Notice of Correction/Errata Re: 169 Memorandum of Points and Authorities (awys) (Entered: 01/06/2015) |
| 01/06/2015 | **200**<br>(10 pgs) | Notice of Correction/Errata Re: 191 Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc., 192 Declaration, 194 Certificate/Proof of Service (awys) (Entered: 01/06/2015) |

| | | |
|---|---|---|
| 01/06/2015 | [201](#) (9 pgs) | Notice of Correction/Errata Re: 191 Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc., 193 Exhibit(s) (awys) (Entered: 01/06/2015) |
| 01/06/2015 | [202](#) (5 pgs) | Motion/Application re: Resubmission Filed by Plaintiff Salma H. Agha (awys) (Entered: 01/06/2015) |
| 01/06/2015 | [203](#) (3 pgs) | Memorandum of Points and Authorities Re: 202 Motion/Application re: Resubmission (awys) (Entered: 01/06/2015) |
| 01/06/2015 | [204](#) (3 pgs) | Declaration in support of 202 Motion/Application re: Resubmission (awys) (Entered: 01/06/2015) |
| 01/06/2015 | [205](#) (39 pgs) | Exhibit(s) in support of 202 Motion/Application re: Resubmission (awys) (Entered: 01/06/2015) |
| 01/06/2015 | [206](#) (3 pgs) | Certificate/Proof of Service of 202 Motion/Application re: Resubmission, 204 Declaration, 205 Exhibit(s) (awys). Related document(s) 202 Notice of Hearing. Modified on 1/6/2015 (awys). (Entered: 01/06/2015) |
| 01/06/2015 | [202](#) (5 pgs) | Notice of Hearing Re: 202 Motion/Application re: Resubmission to be held on 2/5/2015 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 01/06/2015) |
| 01/06/2015 | 208 | NOTICE DELETED - REQUESTED IN ERROR Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing held on 12/4/14 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period. Re: 207 Transcript (awys) Modified on 1/6/2015 (awys). (Entered: 01/06/2015) |
| 01/06/2015 | [209](#) (1 pg) | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing held on 12/4/14 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period. Re: 207 Transcript (awys) (Entered: 01/06/2015) |
| 01/06/2015 | [222](#) (2 pgs) | Certificate of Mailing of Notice of Filing of Transcript and of Deadlines Related to Redaction and Restriction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 01/08/2015) |
| 01/08/2015 | | Docket Entry Reserved for Internal Use/Order Processing. (Service List Attached). (jdaf) (Entered: 01/08/2015) |
| 01/08/2015 | | Docket Entry Reserved for Internal Use/Order Processing. (Service List Attached). (jdaf) (Entered: 01/08/2015) |
| 01/08/2015 | | Docket Entry Reserved for Internal Use/Order Processing. (Service List Attached). (jdaf) (Entered: 01/08/2015) |
| 01/08/2015 | | Docket Entry Reserved for Internal Use/Order Processing. (Service List Attached). (jdaf) (Entered: 01/08/2015) |
| 01/08/2015 | [214](#) (2 pgs) | Civil Minute Order/Order to Continue Hearing Re: 123 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [AAB-2] ; Hearing to be held on 2/5/2015 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 01/08/2015) |
| 01/08/2015 | [215](#) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 01/08/2015) |

|  |  |  |
|---|---|---|
|  | (2 pgs) |  |
| 01/08/2015 | 216 (2 pgs) | Civil Minute Order/Order to Continue Hearing Re: 134 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [PD-2] ; Hearing to be held on 2/5/2015 at 09:00 AM at Bakersfield Federal Courthouse. (awys) (Entered: 01/08/2015) |
| 01/08/2015 | 217 (2 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 01/08/2015) |
| 01/08/2015 | 218 (2 pgs) | Civil Minute Order Denying 191 Motion/Application for Judge Richard Lee to Disqualify Himself from the Entire Bankruptcy Case 10-16183 of Salma H. Agha and Its related Adversary Cases, Proceedings, Matters Etc. (awys) (Entered: 01/08/2015) |
| 01/08/2015 | 219 (2 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 01/08/2015) |
| 01/08/2015 | 220 (2 pgs) | Civil Minute Order re: 165 Order to Appear (awys) (Entered: 01/08/2015) |
| 01/08/2015 | 221 (2 pgs) | Copy of Document as transmitted to BNC for service. (awys) (Entered: 01/08/2015) |
| 01/08/2015 | 223 (3 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 01/10/2015) |
| 01/08/2015 | 224 (3 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 01/10/2015) |
| 01/08/2015 | 225 (3 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 01/10/2015) |
| 01/08/2015 | 226 (3 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 01/10/2015) |
| 01/09/2015 | 227 | Revised Transcript regarding hearing held 12/04/14. Notice of Intent to Request Redaction Deadline Due By 1/16/2015. Redaction Request Due By 1/30/2015. Redacted Transcript Submission Due By 2/9/2015. Transcript access will be restricted through 4/9/2015. (mgrs) (Entered: 01/12/2015) |
| 01/12/2015 | 228 (1 pg) | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing held on 12/04/14 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period. Re: 227 Transcript (mgrs) (Entered: 01/12/2015) |
| 01/12/2015 | 229 (2 pgs) | Certificate of Mailing of Notice of Filing of Transcript and of Deadlines Related to Redaction and Restriction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 01/14/2015) |
| 01/16/2015 | 230 | Transcript regarding hearing held 1/8/15. Notice of Intent to Request Redaction Deadline Due By 1/23/2015. Redaction Request Due By 2/6/2015. Redacted Transcript Submission Due By 2/17/2015. Transcript access will be restricted through 4/16/2015. (awys) (Entered: 01/20/2015) |
| 01/20/2015 | 231 (1 pg) | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing held on 1/8/15 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at |

185

| | | |
|---|---|---|
| | | the clerk's office or may be purchased from the court transcriber for a 90 day period. Re: 230 Transcript (awys) (Entered: 01/20/2015) |
| 01/20/2015 | | Envelope addressed to Salma H. Agha returned to court as undeliverable Re: 195 Order to Set/Continue/Reschedule Hearing (rlos) (Entered: 01/20/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/22/2015 18:30:38 | | | |
| PACER Login: | ww0553:2726128:0 | Client Code: | 1133-1432 |
| Description: | Docket Report | Search Criteria: | 13-01086 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 15 | Cost: | 1.50 |



**WOLFE & WYMAN LLP**

EXHIBIT "T"

**15**

1  Andrew A. Bao (SBN 247092)
   *aabao@wolfewyman.com*
2  Heather S. Kim (SBN 277686)
   *hskim@wolfewyman.com*
3  WOLFE & WYMAN LLP
   2175 N. California Blvd., Suite 645
4  Walnut Creek, California 94596-3502
   Telephone: (925) 280-0004
5  Facsimile: (925) 280-0005

6  Attorneys for Defendant
   CITIMORTGAGE, INC.
7

8              UNITED STATES BANKRUPTCY COURT

9              EASTERN DISTRICT OF CALIFORNIA

10             FRESNO DIVISION

11  In Re                        | Bankruptcy No. 10-16183

12      SALMA AGHA,              | Chapter 7

13          Debtor.             | Adversary No. 13-01086-A

14

15  SALMA AGHA,                 | CITIMORTGAGE, INC.'S
                                | OPPOSITION TO PLAINTIFF'S
                Plaintiff/Debtor, | MOTION TO VACATE LOCKOUT
16                              | AND RESTORE TO POSSESSION

17  v.                          | Date:      January 9, 2014
                                | Time:      11:00 a.m.
18  CITIMORTGAGE, INC., CR. TITLE | Location:  U.S. Bankruptcy Court
    SERVICES, INC., WILMINGTON  |            Dept. A, Ctrm. 11, 5th Floor
19  TRUST COMPANY AS TRUSTEE    |
    FOR STRUCTURED ASSET        |
20  SECURITIES MORTGAGE PASS-   |
    THROUGH CERTIFICATES SERIES |
21  2003-18XS, AND DOES 1-100,  |

22          Defendants.         |

23

24

25

26

27

28

---

CMI'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE LOCKOUT/RESTORE TO POSSESSION

1568013.1

1

## TABLE OF CONTENTS

2

Page(s)

3   I.      INTRODUCTION & SUMMARY OF ARGUMENT ..................................................1

4   II.     SUMMARY OF FACTS ..........................................................................................1

5   III.    CMI CONDUCTED THE FORECLOSURE TWO YEARS AFTER THE BK
            CLOSURE WHEN NO AUTOMATIC STAY WAS IN PLACE, AND THE
6           AUTOMATIC STAY CANNOT BE APPLIED RETROACTIVELY ...........................3

7           A.    CMI Foreclosed Two Years After The Automatic Stay Dissolved Due To
                  Plaintiff's Undisputed Default .........................................................................4

8           B.    The Automatic Stay Cannot Be Retroactively Imposed .............................5

9   IV.     PLAINTIFF'S MOTION FAILS TO STATE ANY BASIS ENTITLING HER TO
            THE RELIEF CLAIMED ........................................................................................6
10

11          A.    This Court Lacks Jurisdiction To Adjudicate Plaintiff's Motion Seeking To
                  Overturn The State Unlawful Detainer Judgment .....................................6
12

            B.    Plaintiff's Motion To Vacate The BK Order Is Untimely And Lacks Any
13                Basis Under *Fed. R. Civ. P.* 60 ....................................................................7

14                1.    Plaintiff's Motion is untimely ..........................................................7

15                2.    Plaintiff's Motion fails to identify any basis for relief based on clerical
                        mistakes, oversights or omissions pursuant to Rule 60(a) ...................7
16

17                3.    Plaintiff's Motion fails to demonstrate any viable basis for vacating the
                        BK Order under Rule 60(b). .............................................................8

18          C.    Plaintiff's Motion For Reconsideration Of The BK Order Is Untimely And
                  Lacks Any Basis Under *Fed. R. Civ. P.* 59(e). ...........................................10
19

20   V.     CONCLUSION ....................................................................................................11

21

22

23

24

25

26

27

28

CMI'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE LOCKOUT/RESTORE TO POSSESSION

1568013.1

### TABLE OF AUTHORITIES

Page(s)

**Cases**

*389 Orange St. Partners v. Arnold*, 179 F.3d 656, 655 (9th Cir. 1999) ........................11

*Aikens v. Ingram*, 652 F.3d 496, 500-501 (4th Cir. 2011)..........................................9

*Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997)..............................8

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) ...................7

*East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011)..........9

*Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1043-1044 (9th Cir. 1992) ...........8

*Fisher v. Kadant, Inc.*, 589 F.3d 505, 511 (1st Cir. 2009)........................................10

*Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)........................................................9

*In re Mayton*, 208 B.R. 61, 66 (B.A.P. 9th Cir. 1997)...............................................4

*In re Pettit*, 217 F.3d 1072, 1077 (9th Cir. 2000) ....................................................4

*In re Schwartz*, 954 F.2d 569, (9thCir. 1992) .........................................................3

*In re Singleton*, 358 B.R. 253, 261 (D.S.C. 2006) ...................................................5

*Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986) ........................8

*Keith v. Bobby*, 618 F.3d 594, 598-99 (6th Cir. 2010) .............................................10

*King v. Atiyeh*, 814 F.2d 656 (9th Cir. 1987)..........................................................8

*Lora v. O'Heaney*, 602 F.2e 106, 111 (2d Cir. 2010)................................................10

*McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).....................................10

*Nicholson v. Nagel (In re Nagel)*, 245 B.R. 657, 661 (D.Ariz.1999) ..........................5

*Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) ...................................................6

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)...................................................6

*School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ....................11

*U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) .....11

*Walker v. Astrue*, 593 F.3d 274, 279 (3d Cir. 2010).................................................10

*Walls v. Wells Fargo Bank, N.A.*, 255 B.R. 38, 42 (E.D. Cal. 2000)...........................4

*Weston v. Rodriguez (In re Joanne M. Weston)*, 110 B.R. 452, 456 (E.D.Cal.1989)................5

CMI'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE LOCKOUT/RESTORE TO POSSESSION

1568013.1

**Statutes**

11 U.S.C. § 362......................................................................................................4, 5

11. U.S.C. § 521..........................................................................................................4

11 U.S.C. § 727...........................................................................................................7

*Fed. R. Civ. Proc.*, R. 59..................................................................................1, 8, 10, 11

*Fed. R. Civ. Proc.*, R. 60....................................................................................I, 7, 9, 10

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

CMI'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE LOCKOUT/RESTORE TO POSSESSION

1568013.1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that Defendant CITIMORTGAGE, INC. (hereinafter, "CMI") hereby submits its Opposition to Plaintiff/ Debtor SALMA AGHA (hereinafter, "Plaintiff")'s Motion to Vacate Lockout and Restore to Possession (hereinafter, "Motion").

**I.**    **INTRODUCTION & SUMMARY OF ARGUMENT**

    By her completely ambiguous and uncertain Motion, Plaintiff seeks to set aside an unknown order for the purpose of allowing her to reenter the foreclosed upon property. The Motion completely rests on her erroneous theory that the automatic stay applied retroactively during the "gap period" between the termination of Plaintiff's Chapter 7 bankruptcy (September 23, 2010)and the Bankruptcy Trustee's reopening of the bankruptcy action ( September 18, 2012). However, as explained below, Plaintiff's Motion should be dismissed with prejudice because (1) CMI properly completed the foreclosure sale two years after the automatic stay dissolved, and the automatic stay cannot be applied retroactively, (2) to the extent Plaintiff seeks to vacate the state court's November 26, 2012 unlawful detainer trial judgment, this Court lacks jurisdiction to do so, (3) to the extent Plaintiff seeks to vacate the September 23, 2010 bankruptcy order, such motion is untimely and lacks any substantive merit under *Federal Rule of Civil Procedure* 60, and (4) to the extent Plaintiff seeks the Court's reconsideration of the September 23, 2010 bankruptcy order, such motion lacks merit under *Federal Rule of Civil Procedure* 59.

**II.**    **SUMMARY OF FACTS**

    On or about January 13, 2003, Plaintiff obtained a purchase money loan funded by Golden Empire Mortgage (hereinafter, "GEM") in the principal amount of $648,500.00 (hereinafter, "Subject Loan"), which was memorialized by a promissory note and secured by a first deed of trust to certain real property located at 11622 Harrington Street, Bakersfield, California 93311 (hereinafter, "Property"). (*See* Deed of Trust recorded on January 17, 2003 in Kern County Official Records as Document Number 0203009500 attached as **Exhibit A** to Request for Judicial Notice (hereinafter, "RJN").) On March 4, 2010, the beneficial interest in the Subject Loan was assigned to CMI. (*See* Assignment of Deed of Trust recorded on March 8, 2010 in Kern County Official Records as Document Number 0210030116 attached as **Exhibit B** to RJN.)

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1568013.1

1    Plaintiff failed to timely make her mortgage payments and, as a result, on March 4, 2010,

2  CR Title Services, Inc. (hereinafter, "CR Title") issued a notice of default on the Subject Loan. (*See*

3  Notice of Default recorded on March 8, 2010 in Kern County Official Records as Document Number

4  0210030118 attached as **Exhibit C** to RJN.) On March 8, 2010, CMI recorded a substitution of

5  trustee substituting CR Title as trustee in place of First American Title Company (hereinafter, "First

6  American"). (*See* Substitution of Trustee recorded on March 8, 2010 in Kern County Official

7  Records as Document Number 0210030117 attached as **Exhibit D** to RJN.)

8    Rather than cure her default, Plaintiff voluntarily filed her Chapter 7 Bankruptcy on May 30,

9  2010. (*See* Court Docket No. 1 (hereinafter, "Complaint"), ¶ 5.) Shortly thereafter on September 23,

10  2010, the Bankruptcy Court issued its Order (hereinafter, "BK Order") granting Plaintiff a discharge

11  under section 727 of title 11, United States Code. (*See* Court Docket No. 51; *see also* Complaint, ¶

12  5.) Just two days later on September 25, 2010, the Certificate of Notice was duly served. (*See* Court

13  Docket No. 52.) Subsequently, on January 2, 2011, the Bankruptcy Court issued its Final Decree

14  ordering the estate closed and the trustee discharged (hereinafter, "BK Closure"). (*See* Court Docket

15  No. 66.)

16    Eight months after the BK Closure, due to Plaintiff's failure to cure her default, on August

17  12, 2011, CR Title executed a notice of trustee's sale as the duly appointed trustee. (*See* Notice of

18  Trustee's Sale recorded on August 16, 2011 in Kern County Official Records as Document Number

19  000211103865 attached as **Exhibit E** to RJN.) On May 15, 2012, nearly two years after the BK

20  Closure, the Property was sold at the duly noticed trustee's sale for $603,900.00 to the highest

21  bidder, Wilmington Trust Company as Trustee for Structured Asset Securities Mortgage Pass-

22  through Certificates Series 2003-18XS (hereinafter, "Wilmington"). (*See* Trustee's Deed Upon Sale

23  recorded on May 29, 2012 in Kern County Official Records as Document Number 000212071602

24  attached as **Exhibit F** to RJN; *see also* Complaint, ¶ 26.) Subsequently, on May 24, 2012, CMI

25  assigned the beneficial interest in the Subject Loan to Wilmington. (*See* Assignment of Deed of

26  Trust recorded on May 29, 2012 in Kern County Official Records as Document Number

27  00021271601 attached as **Exhibit G** to RJN.)

28

1568013.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    On June 18, 2012, Wilmington commenced an unlawful detainer action against Plaintiff in

2    the Superior Court of California, County of Kern (hereinafter, "Kern Superior Court"), identified by

3    Case Number S-1500-CV-269189. (*See* Superior Court of California, County of Kern, Register of

4    Actions/Case Docket for Case Number S-1500-CV-269189 attached as **Exhibit H** to RJN.)  On

5    November 26, 2012, Kern Superior Court held trial on Wilmington's unlawful detainer action and

6    (1) issued a writ of possession, (2) entered judgment in favor of Wilmington and against Plaintiff, (3)

7    ordered Plaintiff to pay rental damages in the amount of $25,000.00, and (4) awarded costs and

8    attorney's fees to Wilmington (hereinafter, "Kern Judgment"). (*See* RJN, **Exhibit H**, pp. 1-2.)

9    Meanwhile, four months after the foreclosure sale on September 13, 2012, the United States

10   Trustee, August B. Landis, submitted an *ex parte* motion to reopen Plaintiff's Chapter 7 Bankruptcy

11   based solely on the Trustee's information and belief that Plaintiff "failed to disclose in her

12   bankruptcy scheduled, including but not limited to, an interest in a limited liability corporation, and

13   that [Plaintiff]'s interest in said limited liability corporation is an asset which has not been

14   administered by the estate." (*See* Court Docket No. 68, ¶ 3.)  The purpose of re-opening the

15   bankruptcy had no relation to the Property.  Shortly thereafter on September 18, 2012, this Court

16   granted the Trustee's motion to reopen the case. (*See* Court Docket No. 70; *see also* Complaint,

17   ¶ 5.)

18   **III.   CMI CONDUCTED THE FORECLOSURE TWO YEARS AFTER THE BK**
19        **CLOSURE WHEN NO AUTOMATIC STAY WAS IN PLACE, AND THE**
           **AUTOMATIC STAY CANNOT BE APPLIED RETROACTIVELY.**

20        Plaintiff erroneously states the Court "should allow [her] to re-occupy the Property to restore

21   the 'status quo' before the automatic stay was violated." (Motion, 2:7-8.)  Plaintiff also erroneously

22   relies on *In re Schwartz*, 954 F.2d 569, (9thCir. 1992) in support of her incorrect proposition that an

23   automatic stay was in effect at the time CMI foreclosed. (Motion, 2:11-16.)  In *In re Schwartz*, the

24   issue before the Ninth Circuit was whether the Internal Revenue Service's tax assessment

25   undisputedly in violation of the automatic stay was void and not simply voidable. (*In re Schwartz,*

26   *supra*, 954 F.2d at 570.)  On the contrary, whether CMI violated an automatic stay by conducting the

27   foreclosure sale two years after the BK foreclosure is the subject of this action.  As explained below,

28   CMI's foreclosure during the time between the BK Closure in January 2011 and the Trustee's

3

CMI'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE LOCKOUT/RESTORE TO POSSESSION

1568013.1

1 | reopening of the bankruptcy in September 2012 (hereinafter, "Gap Period") is valid as no automatic

2 | stay was in place, and such automatic stay cannot be applied retroactively.

3 |     **A.**    **CMI Foreclosed Two Years After The Automatic Stay Dissolved Due To**

4 |            **Plaintiff's Undisputed Default**

5 |          An "automatic stay is effective upon the filing of the bankruptcy petition." (*Walls v. Wells*

6 | *Fargo Bank, N.A.*, 255 B.R. 38, 42 (E.D. Cal. 2000) *citing In re Pettit*, 217 F.3d 1072, 1077 (9th Cir.

7 | 2000).) An automatic stay is "self-executing and enjoins 'any act to collect, assess or recover a

8 | claim against the debtor that arose before the commencement of the case.'" (*Id. quoting* 11 U.S.C. §

9 | 362(a)(6).) Notably, "the automatic stay dissolves on the discharge date." (*Id. citing In re Mayton*,

10 | 208 B.R. 61, 66 (B.A.P. 9th Cir. 1997).) After the discharge of a Chapter 7 Bankruptcy, a debtor has

11 | forty-five (45) days to file a "statement of her intention to retain or surrender the property with the

12 | clerk, and, if applicable, specify that she claims the property as exempt, plans to redeem the

13 | property, or intends to reaffirm the debt." (*Id. citing* 11. U.S.C. § 521(2)(A)-(B).) Furthermore,

14 | though a debtor **"is no longer personally liable for the discharged debt, the creditor retains a**

15 | **lien on the property and may foreclose in the event debtor does not continue to make**

16 | **payments."** (*Id. citing In re Mayton, supra*, 208 B.R. at 66 [emphasis added].)

17 |          In the present action, the automatic stay became effective upon Plaintiff's filing of her

18 | Chapter 7 Bankruptcy petition on May 30, 2010 and terminated upon entry of the BK Order on

19 | September 23, 2010. (*See* Court Docket Nos. 1 & 51; *see also* Complaint, ¶ 5.) Following the BK

20 | Order, Plaintiff does not allege she filed a statement of her intention to retain or surrender the

21 | Property, let alone within forty-five (45) days, and the Court's Docket does not reflect any such

22 | statement was ever filed. Furthermore, Plaintiff does not dispute she failed to keep up with her

23 | mortgage payments under the Subject Loan following the BK Order. Thus, although Plaintiff was

24 | no longer personally liable for the discharged Subject Loan, CMI retained a lien on the Property and

25 | validly foreclosed following her default. Additionally, Plaintiff admits CMI "sold the Property at a

26 | foreclosure sale on May 15, 2012," nearly two (2) years after the automatic stay terminated. (*See*

27 | Complaint, ¶ 5; *see also* RJN, **Exhibit G**.) Accordingly, there was no automatic stay in place at the

28 |

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

4

1568013.1

1  time CMI conducted the nonjudicial foreclosure following Plaintiff's undisputed default on her

2  repayment obligations under the Subject Loan.

3      **B.**   **The Automatic Stay Cannot Be Retroactively Imposed**

4      The entirety of Plaintiff's Motion rests on incorrect proposition that the automatic stay was in

5  effect during the Gap Period.  However, Plaintiff's attempt to retroactively impose the automatic

6  stay is contrary to legislative intent, statutory language, and case authority.

7      The "legislative history and structure of the [bankruptcy] code indicates that dismissal of a

8  case should terminate the automatic stay.  The comments say that a dismissal is intended to put the

9  parties in the place in which they were before the bankruptcy case was filed." (*See Weston v.*

10  *Rodriguez (In re Joanne M. Weston)*, 110 B.R. 452, 456 (E.D.Cal.1989) [holding where debtor failed

11  to obtain stay pending appeal, foreclosure occurring after dismissal of bankruptcy petition did not

12  violate automatic stay.].)  Indeed, **although the Bankruptcy Code grants a bankruptcy court the**

13  **power to retroactively *grant relief* from a stay, there is no authority granting the bankruptcy**

14  **court power to retroactively *impose* a stay.** (*In re Singleton*, 358 B.R. 253, 261 (D.S.C. 2006)

15  *citing* 11 U.S.C. § 362(d) [emphasis added].)  The Court in *Singleton* concluded that a "Bankruptcy

16  court order retroactively imposing the automatic stay on real property sold in foreclosure sale,

17  following the dismissal of debtor's Chapter 13 case, was null and void; the property was sold in

18  valid foreclosure sale after the court's dismissal order, but before the court vacated its dismissal

19  order, and property was no longer included in the bankruptcy estate at the time the automatic stay

20  was purportedly reimposed." (*Id.*)

21      Likewise, the court in *Nicholson v. Nagel (In re Nagel)*, 245 B.R. 657, 661 (D.Ariz.1999)

22  refused to retroactively reinstate the debtor's bankruptcy case after it had been dismissed in order to

23  void the foreclosure sale that was properly conducted post-dismissal, when no automatic stay was in

24  place.  Upon review of case law provided by the parties and its own research, the *Nagel* court

25  concluded that **"no basis in law for the proposition that the automatic stay continues after**

26  **dismissal of a case.  A retroactive reinstatement of the automatic stay is not consonant with**

27  **this conclusion.  Indeed, the bankruptcy court's retroactive reinstatement of the "automatic**

28

CMI'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE LOCKOUT/RESTORE TO POSSESSION

1568013.1

1    stay" is squarely at odds with the plain reading of subsection 362(c)(2) and Congress' intent

2    that the parties be returned to the *status quo ante*." (*Id.* at 662.)

3         In the present action, as set forth in more detail above, the automatic stay terminated on

4    September 23, 2010, CMI sold the Property at a duly noticed trustee's sale two years later on May

5    15, 2012, and more than four months thereafter, the Trustee reopened the case on September 18,

6    2012. (*See* Complaint, ¶ 5; *see also* RJN, **Exhibit G**; *see also* Court Docket Nos. 51 & 70.)

7    Therefore, as CMI properly conducted the nonjudicial foreclosure sale post-BK Closure when no

8    automatic discharge was in place, Plaintiff's Motion seeking to restore her possession to the Property

9    based on the existence of a stay should be denied.

10        Even if the automatic stay applies retroactively to the Gap Period, Plaintiff's ambiguous

11   Motion nevertheless fails to state a basis for vacating any judgment or order for the reasons set forth

12   below.

13   **IV.    PLAINTIFF'S MOTION FAILS TO STATE ANY BASIS ENTITLING HER TO THE
         RELIEF CLAIMED**

14

15        Plaintiff claims this Motion is brought for "an order vacating the judgment of lockout in case,

16   and allowing [her] to regain possession of the property." (Motion, 1:21-23.) However, Plaintiff

17   wholly fails to identify what "judgment" she seeks to vacate. As set forth above in section (II), there

18   are only two possible judgments/orders to be set aside: (1) Kern Judgment issued on November 26,

19   2012, and (2) BK Order issued on September 23, 2010. As explained below, Plaintiff's Motion fails

20   to state any grounds for setting aside either the Kern Judgment or the BK Order.

21        **A.    This Court Lacks Jurisdiction To Adjudicate Plaintiff's Motion Seeking To
             Overturn The State Unlawful Detainer Judgment**

22

23        To the extent Plaintiff seeks to vacate the Kern Judgment, this Court lacks jurisdiction to

24   entertain such an "appeal" of a state court judgment. "Under *Rooker–Feldman*, a federal district

25   court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a

26   state court." (*Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003), *citing, Rooker v. Fidelity Trust Co.*,

27   263 U.S. 413 (1923), *also citing, District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462

28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1568013.1

1  (1983).)  In fact, the United States Supreme Court is the only federal court with jurisdiction to hear

2  such an appeal.  (*Id.*, 28 U.S.C. § 1257.)

3      In the present action, the Kern Superior Court issued an unlawful detainer judgment in favor

4  of Wilmington at the conclusion of the trial on the merits on November 26, 2012.  (*See* RJN,

5  **Exhibit H.**)  Therefore, this Court lacks subject matter jurisdiction to vacate Kern Superior Court's

6  judgment.

7  **B.    Plaintiff's Motion To Vacate The BK Order Is Untimely And Lacks Any Basis**
   **Under *Fed. R. Civ. P.* 60**

8

9      To the extent Plaintiff seeks to set aside the BK Order with the purpose of allowing Plaintiff

10  to reoccupy the Subject Property, such motion is untimely and lacks any substantive basis under

11  *Federal Rule of Civil Procedure* 60 (hereinafter, "Rule 60").  (*See* Motion, 1:21-23.)

12      **1.    Plaintiff's Motion is untimely.**

13      A Motion brought under Rule 60 "must be made within a reasonable time... **no more than a**

14  **year after** the entry of the judgment or order or the date of the proceeding."  (*Fed. R. Civ. P.*

15  60(C)(1) [emphasis added].)

16      Here, the Bankruptcy Court issued it Order granting Plaintiff a discharge under section 727

17  of title 11, United States Code on September 23, 2010.  (*See* Court Docket No. 51; *see also*

18  Complaint, ¶ 5.)  Shortly thereafter, the Bankruptcy Court issued its Final Decree ordering the estate

19  closed and the trustee discharged on January 2, 2011.  (*See* Court Docket No. 66.)  Accordingly,

20  Plaintiff's Motion filed on December 9, 2013, **nearly three years *after* the BK Closure** is untimely

21  and should be dismissed on this basis alone.

22      However, even if Plaintiff had timely brought this Motion under Rule 60 (which she did not),

23  it still fails for several substantive reasons.

24      **2.    Plaintiff's Motion fails to identify any basis for relief based on clerical**
   **mistakes, oversights or omissions pursuant to Rule 60(a).**

25

26      Rule 60, subdivision (a), permits the court to "correct a clerical mistake or a mistake arising

27  from oversight or omission whenever one is found in a judgment, order, or other part of the record."

28  (*Fed. R. Civ. P.* 60(a).)

7

CMI'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE LOCKOUT/RESTORE TO POSSESSION

1568013.1

1    In the present action, Plaintiff completely fails to identify any basis under Rule 60(a) to set

2  aside the BK Order. Plaintiff's Motion does not at all seek to correct a clerical mistake.

3  Accordingly, Plaintiff's Motion outright fails under Rule 60, subdivision (a).

4           **3.    Plaintiff's Motion fails to demonstrate any viable basis for vacating the**
            **BK Order under Rule 60(b).**

5

6    Rule 60, subdivision (b) provides the following:

7           On motion and just terms, the court may relieve a party or its legal
            representative from a final judgment, order, or proceeding for the

8           following reasons:

9           (1)    "mistake, inadvertence, surprise, or excusable neglect;

10          (2)    newly discovered evidence that, with reasonable diligence,
                   could not have been discovered in time to move for a new trial

11                 under Rule 59(b);

12          (3)    fraud 9whether previously called intrinsic or extrinsic,
                   misrepresentation, or misconduct by an opposing party;

13

14          (4)    the judgment is void;

15          (5)    the judgment has been satisfied, released or discharged; it is
                   based on an earlier judgment that has been reversed or vacated;
                   or applying it prospectively is not longer equitable; or

16

17          (6)    any other reason that justifies relief. (*Fed. R. Civ. P.* 60(b).)

18    Furthermore, carelessness or ignorance on the part of a litigant is insufficient to support a

19  request for relief pursuant to Rule 60. (*Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038,

20  1043-1044 (9th Cir. 1992), *citing, Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir.

21  1986).) Notably, **parties who appear in *pro per* must follow the same procedural rules that**

22  **govern other litigants, and the failure to comply with procedural rules does not constitute**

23  **excusable neglect.** (*Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997), *citing, King v.*

24  *Atiyeh*, 814 F.2d 656 (9th Cir. 1987) [emphasis added].)

25    First, Plaintiff utterly fails to identify any mistake, inadvertence, surprise, or excusable

26  neglect sufficient to set aside the BK Order. Nowhere in her Motion does Plaintiff claim the BK

27  Order should be set aside due to such conduct on her part. Second, Plaintiff likewise fails to mention

28  any new evidence justifying the grant of her Motion to vacate the BK Order. Third, Plaintiff

CMI'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE LOCKOUT/RESTORE TO POSSESSION

1568013.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1   similarly fails to allege fraud, misrepresentation, or misconduct on the part of CMI sufficient to set

2   aside the BK Order. Fourth, Plaintiff does not at all allege the BK Order is void. Fifth, nowhere in

3   Plaintiffs' Motion does she state the BK Order has been satisfied, released or discharged. Though

4   Plaintiff will likely argue that applying the BK Order prospectively is no longer equitable because

5   automatic stay was in place during the Gap Period, such argument fails as a matter of law as

6   discussed above in section (III)(B)-(C).

7        Last, Plaintiff contends her costs have "hugely increased since she has been forced to live in

8   Irvine" as she is faced with "commuting, rent, and various other areas of her life" and that she "will

9   not be 'made whole' until theses costs are eliminated – until she is restored to possession of the

10  Property." (Motion, 3:4-8.) However, common knowledge would dictate Plaintiff's cost of living

11  expenses associated with communing and rent would not have increased had she remained in

12  residing Bakersfield rather than Irvine. Thus, Plaintiff's mere desire to reoccupy the Subject

13  Property based on alleged increased living costs by "being forced to move to Irvine" as stated in her

14  supporting declaration is simply insufficient to constitute extraordinary circumstances. (Declaration

15  of Salma Ahga, ¶ 3.) Relief from the BK Order in the interests of justice is reserved for

16  **extraordinary circumstances.** (*Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) [A movant seeking

17  relief under Rule 60(b)(6) is required "to show 'extraordinary circumstances' justifying the

18  reopening of a final judgment."]; *Aikens v. Ingram*, 652 F.3d 496, 500-501 (4th Cir. 2011) ["While

19  this catchall reason includes few textual limitations, its context requires that it may be invoked in

20  only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the

21  list of enumerated reasons given in Rule 60(b)(1)-(5)." "Only truly 'extraordinary circumstances'

22  will permit a party to successfully invoke the 'any other reason' clause of § 60(b). This very strict

23  interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved."]; *East Brooks

24  Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011) ["The Supreme Court has held

25  that relief under this section requires a showing of exceptional or extraordinary circumstances."].)

26        Therefore, Plaintiff's Motion entirely fails to demonstrate her entitlement to relief from the

27  BK Order under the guidelines of Rule 60, subdivision (b).

28

CMI'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE LOCKOUT/RESTORE TO POSSESSION

1568013.1

fn

**C.   Plaintiff's Motion For Reconsideration Of The BK Order Is Untimely And Lacks Any Basis Under _Fed. R. Civ. P._ 59(e).**

To the extent Plaintiff seeks reconsideration of the BK Order, such motion is untimely and lacks any merit under _Federal Rule of Civil Procedure_ 59, subdivision (e) (hereinafter, "Rule 59(e)").

**1.    Plaintiff's Motion is untimely.**

"A motion to alter or amend a judgment must be filed **no later than 28 days** after the entry of the judgment." (_Fed. R. Civ. P._ 59(e).) The Court may not grant a party any extensions to this time period. (_Fed. R. Civ. P._ 60(b); _Keith v. Bobby_, 618 F.3d 594, 598-99 (6th Cir. 2010); _Fisher v. Kadant, Inc._, 589 F.3d 505, 511 (1st Cir. 2009).) An untimely Rule 59(e) motion may be deemed a nullity, or in an appropriate case, a Rule 60 motion. (_Fisher, supra_, 589 F.3d at 511; _Lora v. O'Heaney_, 602 F.2e 106, 111 (2d Cir. 2010); _Walker v. Astrue_, 593 F.3d 274, 279 (3d Cir. 2010).)

Here, the Bankruptcy Court issued its BK Order on September 23, 2010. (_See_ Court Docket No. 51; _see also_ Complaint, ¶ 5.) Shortly thereafter, the Bankruptcy Court issued its Final Decree ordering the estate closed and the trustee discharged on January 2, 2011. (_See_ Court Docket No. 66.) Accordingly, Plaintiff's Motion filed on December 9, 2013, **nearly three years** _after_ the BK **Closure** is untimely and consequently null, and thus should be dismissed on this basis alone. Furthermore, as explained above in section (IV)(B), even if Plaintiff's Motion was treated as a Rule 60 Motion, it fails as a matter of law.

Notwithstanding the nullity of Plaintiff's Motion to the extent it is brought under Rule 59(e), it still fails to state any highly unusual circumstances.

**2.    Plaintiff's Motion does not identify any highly unusual circumstances warranting reconsideration under Rule 59(e).**

Motions for reconsideration will not be granted absent **highly unusual circumstances**. (_McDowell v. Calderon_, 197 F.3d 1253, 1255 (9th Cir. 1999).) "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances,'" unless the district court is (1) presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in the controlling law. (_Id._,

10

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1568013.1

1   *citing, 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 655 (9th Cir. 1999), *citing, School Dist. No.*

2   *1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *U.S. ex rel. Becker v. Westinghouse Savannah*

3   *River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) [Simple disagreement with the court's ruling will not

4   support Rule 59(e) relief.].)

5        Here, Plaintiff wholly fails to identify any highly unusual circumstances justifying

6   reconsideration of the BK Order under Rule 59(e).  Furthermore no new facts exist to support any of

7   these factors as to why the Court should reconsider its previous BK Order.  Moreover, there is no

8   indication this court (or any court) "committed clear error" or "the initial decision was manifestly

9   unjust."  Likewise, Plaintiff fails to identify any intervening change in controlling law that would

10  require the court to rule otherwise.

11       Accordingly, Plaintiff's Motion, to the extent it seeks reconsideration under Rule 59(e),

12  should be dismissed.

13  **V.    CONCLUSION**

14       Based on the foregoing reasons, CMI respectfully requests the Court deny Plaintiff's Motion

15  in its entirety with prejudice.

16

17  DATED:  January 2, 2014                    WOLFE & WYMAN LLP

18

19                                             By: /s/ Heather S. Kim  SBN 277686
                                                   ANDREW A. BAO
20                                                 HEATHER S. KIM
                                                   Attorneys for Defendant
21                                             **CITIMORTGAGE, INC.**

22

23

24

25

26

27

28

CMI'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE LOCKOUT/RESTORE TO POSSESSION

1568013.1

 WOLFE & WYMAN LLP

EXHIBIT "U"

**2**

1 | Andrew A. Bao (SBN 247092)
  | *aabao@wolfewyman.com*
2 | **WOLFE & WYMAN LLP**
  | 2175 N. California Blvd., Suite 645
3 | Walnut Creek, California 94596-3502
  | Telephone: (925) 280-0004
4 | Facsimile:   (925) 280-0005

5 | Attorneys for Defendant
  | CITIMORTGAGE, INC.

6

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA**

10 | **FRESNO DIVISION**

| | |
|---|---|
| 11  In Re | Bankruptcy No. 10-16183 |
| 12      SALMA AGHA, | Chapter 7 |
| 13          Debtor. | Adversary No. 13-01086-A |
| 14 | |
| 15  SALMA AGHA, | AAB-002 |
| 16          Plaintiff/Debtor, | EX PARTE APPLICATION TO ALLOW CITIMORTGAGE, INC. TO FILE MOTION FOR RELIEF FROM AUTOMATIC STAY OR, IN THE ALTERNATIVE, THAT THE AUTOMATIC STAY DOES NOT APPLY |
| 17      v. | |
| 18  CITIMORTGAGE, INC., CR. TITLE SERVICES, INC., WILMINGTON TRUST COMPANY AS TRUSTEE | |
| 19  FOR STRUCTURED ASSET SECURITIES MORTGAGE PASS- | |
| 20  THROUGH CERTIFICATES SERIES 2003-18XS, AND DOES 1-100, | Hon. Frederick E. Clement |
| 21 | |
| 22          Defendants. | |

23

24 | CITIMORTGAGE, INC. (hereinafter, "CMI") hereby submits this ex parte application for an

25 | Order allowing CMI to file a Motion for Relief from the Automatic Stay for Personal Property

26 | ("Motion"). Alternatively, CMI seeks an order that the automatic stay does not apply to the personal

27 | property at issue under 11 U.S.C. §362(j).

28 | CMI currently holds possession of Debtor SALMA AGHA ("Debtor")'s personal property,

1
**EX PARTE APPLICATION FOR RELIEF FROM STAY/ STAY DOES NOT APPLY**

1750899.1

1 obtained after CMI foreclosed on real property and completed eviction proceedings. CMI was

2 holding the personal property under applicable non-bankruptcy law, may disposed of the personal

3 property at this time. However, the court stayed this action due to Debtor's judicial misconduct

4 action filed against an Honorable judicial officer of this Court. While this stay is ongoing, CMI is

5 required to continue to make unnecessary payments to preserve Debtor's personal property because

6 it cannot dispose of the personal property without obtaining relief from the automatic stay.

7     This *ex parte* application is based on the previously filed notice of *ex parte* application,

8 memorandum of points and authorities, the declaration of Andrew A. Bao and CMI, all pleadings,

9 records, exhibits, and upon such oral and/or documentary evidence as counsel may present at the

10 time of this application.

11

12 DATED: August 4, 2014                WOLFE & WYMAN LLP

13

14                                  By: /s/ Andrew A. Bao  SBN 247092

15                                   ANDREW A. BAO

                               Attorneys for Defendant

16                                **CITIMORTGAGE, INC.**

17

18

19

20

21

22

23

24

25

26

27

28

**EX PARTE APPLICATION FOR RELIEF FROM STAY/ STAY DOES NOT APPLY**

1750899.1



**WOLFE & WYMAN** LLP

EXHIBIT "V"

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:14-cv-03490-FMO-CW

Salma Agha-Khan v. United States of America et al
Assigned to: Judge Fernando M. Olguin
Referred to: Magistrate Judge Carla Woehrle
Case in other court: Superior Court of California Los Angeles
             County, BC535944
Cause: 28:1441 Notice of Removal - Civil Rights Act

Date Filed: 05/06/2014
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Salma Agha-Khan**
*M.D., an indvidual*

represented by **Salma Agha-Khan**
10001 Venice Boulevard
Apartment 402
Los Angeles, CA 90034
949-332-0330
PRO SE

V.

**Defendant**

**Frederick Clement**
*an individual, and Judge of the United States Bankruptcy Court*

represented by **John E Nordin , II**
AUSA - Office of US Attorney
Assistant Chief - Civil Division
300 North Los Angeles Street Suite 7516
Los Angeles, CA 90012
213-894-3552
Fax: 213-894-7819
Email: usacac.civil@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan B Klinck**
AUSA - Office of US Attorney
Civil Division
300 North Los Angeles Street Suite 7516
Los Angeles, CA 90012
213-894-8561
Fax: 213-894-7819
Email: jon.klinck@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

CM/ECF - California Central District

**Jeffrey Vetter**
*an individual, and Trustee of the United States Bankruptcy Court*

represented by **Connie M Parker**
Klein DeNatale Goldner Cooper
Rosenlieb & Kimball LLP
5260 North Palm Avenue Suite 217
Fresno, CA 93704
559-438-4374
Fax: 559-432-1847
Email: cparker@kleinlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bruce Breitman**
*an individual*

represented by **David N Chandler**
1747 4th St
Santa Rosa, CA 95404
707-528-4331
Email: dchandler1747@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David N. Chandler , Jr.**
David N. Chandler P.C.
1747 Fourth Street
Santa Rosa, CA 95404
707-528-4331
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lisa Holder**
*an Indvidual*

represented by **Connie M Parker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Klein, Denatale and Goldner**
*a professional law corporation*

represented by **Connie M Parker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Peter Zouras**
*an individual*
*TERMINATED: 09/12/2014*

represented by **James A Lassart**
Murphy Pearson Bradley & Feeney
88 Kearny Street, 10th Floor
San Francisco, CA 94108
415-788-1900
Fax: 415-393-8087
Email: jlassart@mpbf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1 through 50 inclusive*

**Defendant**

**United States of America**               represented by   **John E Nordin , II**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Jonathan B Klinck**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**BBG Ltd**                                represented by   **David N Chandler**
*a corporation*                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **David N. Chandler , Jr.**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Barry Goldner**                          represented by   **Connie M Parker**
*an individual and attorney in Klein*                       (See above for address)
*DeNatale Goldner*                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**David N Chandler**                       represented by   **David N Chandler**
*an individual and an attorney at David*                    (See above for address)
*N. Chandler PC*                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**David N Chandler PC**                    represented by   **David N Chandler**
*a corporation*                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**CitiMortgage Inc**                       represented by   **Andrew Bao**
                                                            Wolfe and Wyman LLP
                                                            2175 North California Boulevard Suite
                                                            645
                                                            Walnut Creek, CA 94596-3502
                                                            925-280-0004
                                                            Fax: 925-280-0005
                                                            Email: aabao@wolfewyman.com
                                                            *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Meagan S. Tom**
Wolfe & Wyman LLP
2175 N. California Blvd.
Suite 645
Walnut Creek, CA 94596-3502
925-280-0004
Fax: 925-280-0005
Email: mstom@wolfewyman.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CR Title Services Inc**                   represented by **Andrew Bao**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Meagan S. Tom**
                                            (See above for address)
                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**ReMax Real Estate Corporation**

**Defendant**

**Debbie Banducci**
*an indiv idual and a Realtor Broker at
ReMax Magic*

**Defendant**

**ReMax Magic**

**Defendant**

**The Estate of Peter J Zouras**           represented by **James A Lassart**
*for Peter Zouras an individual now                     (See above for address)
deceased*                                              *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Adrian G Driscoll**
                                            Murphy Pearson Bradley & Feeney
                                            88 Kearny Street, 10th Floor
                                            San Francisco, CA 94108
                                            415-788-1900
                                            Fax: 415-393-8087
                                            Email: adriscoll@mpbf.com
                                            *ATTORNEY TO BE NOTICED*

**Defendant**

Citibank, N.A.                      represented by **Andrew Bao**
                                    (See above for address)
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

                                    **Meagan S. Tom**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

**Defendant**

Brian H. Gunn                       represented by **Andrew Bao**
                                    (See above for address)
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

                                    **Meagan S. Tom**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

**Defendant**

Andrew A. Bao                       represented by **Andrew Bao**
                                    (See above for address)
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

                                    **Meagan S. Tom**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

**Defendant**

Heather S. Kim                      represented by **Andrew Bao**
                                    (See above for address)
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

                                    **Meagan S. Tom**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

**Defendant**

Wolfe & Wyman LLP                   represented by **Andrew Bao**
                                    (See above for address)
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

                                    **Meagan S. Tom**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/06/2014 | 1 | NOTICE OF REMOVAL from the Superior Court of California, Los Angeles County, case number BC535944 with conformed copies of summons and complaint. Case assigned to Judge Ronald S.W. Lew, discovery to Magistrate Judge Carla Woehrle. Filing fee NOT REQUIRED,, filed by defendant Frederick Clement. (esa) (jp). (Entered: 05/08/2014) |
| 05/08/2014 | 2 | ORDER RETURNING CASE FOR REASSIGNMENT by Judge Ronald S.W. Lew. ORDER case returned to the Clerk for random reassignment pursuant to General Order 08-05. Case randomly reassigned from Judge Ronald S.W. Lew to Judge Fernando M. Olguin for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 14-03490 FMO(CWx). (esa) (Entered: 05/08/2014) |
| 05/08/2014 | 3 | NOTICE of Substitution filed by Defendant Frederick Clement. (Attachments: # 1 Proposed Order)(Klinck, Jonathan) (Entered: 05/08/2014) |
| 05/13/2014 | 4 | TEXT ONLY ENTRY by Chambers of Judge Fernando M. Olguin. This matter has been assigned to District Judge Fernando M. Olguin. All pleadings filed in this matter should contain the case number and the assigned judges' initials to ensure proper routing of documents. The Court refers counsel to the Court's Initial Standing Order found on the Court's Website under Judge Olguin's Procedures and Schedules. Please read this Order carefully. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (jloz) TEXT ONLY ENTRY (Entered: 05/13/2014) |
| 05/13/2014 | 5 | [THIS DOCUMENT IS HEREBY STRICKEN BY ORDER OF THE COURT] NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendant Frederick Clement. Motion set for hearing on 6/13/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Declaration of Mimi Crescenzi, # 2 Exhibit A, # 3 Exhibit B)(Klinck, Jonathan) Modified on 5/14/2014 (jloz). (Entered: 05/13/2014) |
| 05/14/2014 | 6 | ORDER TO STRIKE ELECTRONICALLY FILED DOCUMENT(S) by Judge Fernando M. Olguin: the following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order: MOTION to Dismiss Case 5 . Hearing information is incorrect. The motion date selected is not available. Pursuant to the Judge's Procedures and Schedules, civil motions are ONLY heard on Thursdays at 10:00 a.m. (jloz) (Entered: 05/14/2014) |
| 05/14/2014 | 7 | ORDER CORRECTING CAPTION 3 by Judge Fernando M. Olguin that the caption of this case be changed to read as follows: SALMA-AGHA KHAN, M.D., an individual, Plaintiff, v. UNITED STATES OF AMERICA; FREDERICK CLEMENT, an individual, and Judge of the United States Bankruptcy Court; JEFFREY VETTER, an individual, and Trustee of the United States Bankruptcy Court; BRUCE BREITMAN; an individual; LISA HOLDER, an individual; KLEIN, DENATALE AND GOLDNER, a professional law corporation; PETER ZOURAS, an individual; and DOES 1 through 50, inclusive Defendants. (jp) (Entered: 05/14/2014) |

| 05/14/2014 | 8 | [THIS DOCUMENT IS HEREBY STRICKEN BY ORDER OF THE COURT] NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendants Frederick Clement, United States of America. Motion set for hearing on 6/19/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Declaration of Mimi Crescenzi, # 2 Exhibit A, # 3 Exhibit B)(Klinck, Jonathan) Modified on 5/14/2014 (jloz). (Entered: 05/14/2014) |
|---|---|---|
| 05/14/2014 | 9 | ORDER TO STRIKE ELECTRONICALLY FILED DOCUMENT(S) by Judge Fernando M. Olguin: the following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order: MOTION to Dismiss Case 8 . Hearing information is incorrect. The motion hearing date selected is not available. The court refers counsel to the Motion calendar posted on the court's website to review closed dates. (jloz) (Entered: 05/14/2014) |
| 05/16/2014 | 10 | NOTICE OF INTERESTED PARTIES filed by Defendants Lisa Holder, Klein, Denatale and Goldner. (Parker, Connie) (Entered: 05/16/2014) |
| 05/16/2014 | 11 | NOTICE filed by Defendant Jeffrey Vetter. *NOTICE OF INTERESTED PARTIES* (Parker, Connie) (Entered: 05/16/2014) |
| 05/16/2014 | 12 | *DEMAND FOR JURY TRIAL* (Parker, Connie) (Entered: 05/16/2014) |
| 05/16/2014 | 13 | *DEMAND FOR JURY TRIAL* (Parker, Connie) (Entered: 05/16/2014) |
| 05/16/2014 | 14 | DEFENDANTS MOTION TO DISMISS filed by Defendants Lisa Holder, Klein, Denatale and Goldner (Attachments: # 1 Declaration Connie M. Parker re Motion to Dismiss)(Parker, Connie) Modified on 5/20/2014 (vdr). (Entered: 05/16/2014) |
| 05/16/2014 | 15 | NOTICE Motion to Dismiss filed by Defendant Jeffrey Vetter. (Attachments: # 1 Declaration Connie M. Parker re Motion to Dismiss)(Parker, Connie) (Entered: 05/16/2014) |
| 05/16/2014 | 16 | MEMORANDUM in Support *of Defendants' Motion to Dismiss* filed by Defendants Lisa Holder, Klein, Denatale and Goldner. (Attorney Connie M Parker added to party Lisa Holder(pty:dft), Attorney Connie M Parker added to party Klein, Denatale and Goldner(pty:dft))(Parker, Connie) (Entered: 05/16/2014) |
| 05/16/2014 | 17 | MEMORANDUM in Support *of Defendant's Motion to Dismiss* filed by Defendant Jeffrey Vetter. (Attorney Connie M Parker added to party Jeffrey Vetter(pty:dft))(Parker, Connie) (Entered: 05/16/2014) |
| 05/16/2014 | 18 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendants Lisa Holder, Klein, Denatale and Goldner. Motion set for hearing on 7/10/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Declaration Connie M. Parker re Motion to Dismiss)(Parker, Connie) (Entered: 05/16/2014) |
| 05/16/2014 | 19 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendant Jeffrey Vetter. Motion set for hearing on 7/10/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Declaration Connie M. Parker re Motion to Dismiss)(Parker, Connie) (Entered: 05/16/2014) |
| 05/16/2014 | 20 | MEMORANDUM in Support of MOTION to Dismiss Case 18 filed by Defendants Lisa Holder, Klein, Denatale and Goldner. (Parker, Connie) (Entered: 05/16/2014) |

| 05/16/2014 | 21 | MEMORANDUM in Support of MOTION to Dismiss Case 19 filed by Defendant Jeffrey Vetter. (Parker, Connie) (Entered: 05/16/2014) |
| 05/16/2014 | 22 | REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS re MOTION to Dismiss Case 18 filed by Defendants Lisa Holder, Klein, Denatale and Goldner. (Parker, Connie) (Entered: 05/16/2014) |
| 05/16/2014 | 23 | REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS re MOTION to Dismiss Case 19 filed by Defendant Jeffrey Vetter. (Parker, Connie) (Entered: 05/16/2014) |
| 05/16/2014 | 24 | PROOF OF SERVICE filed by Defendants Lisa Holder, Klein, Denatale and Goldner, served on May 16, 2014. (Parker, Connie) (Entered: 05/16/2014) |
| 05/16/2014 | 25 | PROOF OF SERVICE filed by Defendant Jeffrey Vetter, served on May 16, 2014. (Parker, Connie) (Entered: 05/16/2014) |
| 05/19/2014 | 26 | ORDER SETTING SCHEDULING CONFERENCE by Judge Fernando M. Olguin. Scheduling Conference set for 7/10/2014 at 10:00 AM before Judge Fernando M. Olguin; Rule 26 Meeting Report due by 6/26/2014. (vdr) (Entered: 05/19/2014) |
| 05/19/2014 | 27 | NOTICE NOTICE OF ERRATA filed by Defendants Lisa Holder, Klein, Denatale and Goldner, Jeffrey Vetter. (Parker, Connie) (Entered: 05/19/2014) |
| 05/19/2014 | 28 | PROOF OF SERVICE filed by Defendants Lisa Holder, Klein, Denatale and Goldner, Jeffrey Vetter, re Notice (Other) 27 of Errata served on May 19, 2014. (Parker, Connie) (Entered: 05/19/2014) |
| 05/21/2014 | 29 | PROOF OF SERVICE filed by Defendants Lisa Holder, Klein, Denatale and Goldner, Jeffrey Vetter, re Initial Order Setting R26 Scheduling Conference 26 served on May 21, 2014. (Parker, Connie) (Entered: 05/21/2014) |
| 05/21/2014 | 30 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendant Frederick Clement, United States of America. Motion set for hearing on 7/10/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Klinck, Jonathan) (Entered: 05/21/2014) |
| 06/04/2014 | 31 | Index to State Court Filings and Copies of State Court Filings Filed by Federal Defendants filed by Defendants Frederick Clement, United States of America (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26)(Klinck, Jonathan) (Entered: 06/04/2014) |
| 06/05/2014 | 32 | EX PARTE APPLICATION for Relief from (Excuse) Attorney Appearance filed by Defendant Bruce Breitman. (Attachments: # 1 Proposed Order)(Attorney David N Chandler added to party Bruce Breitman(pty:dft))(Chandler, David) (Entered: 06/05/2014) |
| 06/05/2014 | 33 | DECLARATION of David N. Chandler In Support Of EX PARTE APPLICATION for Relief from (Excuse) Attorney Appearance 32 filed by Defendant Bruce Breitman. (Chandler, David) (Entered: 06/05/2014) |

| Date | # | Description |
|---|---|---|
| 06/05/2014 | 34 | MEMORANDUM in Support of EX PARTE APPLICATION for Relief from (Excuse) Attorney Appearance 32 *Pursuant To Local Rule 7-19* filed by Defendant Bruce Breitman. (Chandler, David) (Entered: 06/05/2014) |
| 06/05/2014 | 35 | CERTIFICATE OF SERVICE filed by Defendant Bruce Breitman, re Declaration (Motion related) 33 , Memorandum in Support of Motion 34 , EX PARTE APPLICATION for Relief from (Excuse) Attorney Appearance 32 served on 06/05/2014. (Chandler, David) (Entered: 06/05/2014) |
| 06/05/2014 | 36 | NOTICE OF MOTION AND MOTION to Strike Complaint filed by Defendant Bruce Breitman. Motion set for hearing on 7/17/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Declaration Declaration of David N. Chandler In Support Of Motion To Strike Complaint, # 2 Memorandum Memorandum Of Points And Authorities In Support Of Motion To Strike Complaint)(Chandler, David) (Entered: 06/05/2014) |
| 06/05/2014 | 37 | NOTICE Of Hearing filed by Defendant Bruce Breitman. *(On Motion To Strike Complaint)* (Chandler, David) (Entered: 06/05/2014) |
| 06/05/2014 | 38 | REQUEST FOR JUDICIAL NOTICE re MOTION to Strike Complaint 36 filed by Defendant Bruce Breitman. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Exhibit Exhibit 9, # 10 Exhibit Exhibit 10, # 11 Exhibit Exhibit 11, # 12 Exhibit Exhibit 12, # 13 Exhibit Exhibit 13, # 14 Exhibit Exhibit 14, # 15 Exhibit Exhibit 15, # 16 Exhibit Exhibit 16)(Chandler, David) (Entered: 06/05/2014) |
| 06/05/2014 | 39 | OF SERVICE filed by Defendant Bruce Breitman, re Request for Judicial Notice, Request for Relief,,,, 38 , MOTION to Strike Complaint 36 , Notice (Other) 37 served on 06/05/2014. (Chandler, David) (Entered: 06/05/2014) |
| 06/06/2014 | 40 | TEXT ONLY ENTRY by Chambers of Judge Fernando M. Olguin. On the court's own motion, the Motions to Dismiss 14 and 30 , as well as the Scheduling Conference, are continued for hearing to 7/17/2014 at 10:00 AM before Judge Fernando M. Olguin. The Ex Parte 32 is moot.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vdr) TEXT ONLY ENTRY (Entered: 06/06/2014) |
| 06/19/2014 | 41 | PLAINTIFF'S OBJECTION AND OPPOSITION to MOTION to Dismiss 30 filed by Plaintiff Salma Agha-Khan. (vdr) (Entered: 06/20/2014) |
| 06/19/2014 | 42 | PLAINTIFF'S OPPOSITION to MOTION to Dismiss 19 filed by Plaintiff Salma Agha-Khan. (vdr) (Entered: 06/20/2014) |
| 06/24/2014 | 43 | NOTICE OF ERRATA filed by Defendants Frederick Clement, United States of America. correcting MOTION to Dismiss Case 30 (Klinck, Jonathan) (Entered: 06/24/2014) |
| 06/24/2014 | 44 | REPLY In Support of MOTION to Dismiss Case 30 filed by Defendants Frederick Clement, United States of America. (Klinck, Jonathan) (Entered: 06/24/2014) |
| 06/26/2014 | 45 | NOTICE OF ERRATA REGARDING DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS filed |

| | | by Defendants Lisa Holder, Klein, Denatale and Goldner, Jeffrey Vetter. (Parker, Connie) (Entered: 06/26/2014) |
|---|---|---|
| 06/26/2014 | 46 | PROOF OF SERVICE filed by Defendants Lisa Holder, Klein, Denatale and Goldner, Jeffrey Vetter, re Notice (Other) 45 re *NOTICE OF ERRATA REGARDING DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS* served on 06/26/14. (Parker, Connie) (Entered: 06/26/2014) |
| 06/26/2014 | 47 | PROOF OF SERVICE filed by Defendants Lisa Holder, Klein, Denatale and Goldner, Jeffrey Vetter, re Notice (Other) 45 *OF ERRATA REGARDING DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS* served on 06/26/2014. (Parker, Connie) (Entered: 06/26/2014) |
| 06/26/2014 | 48 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 7 days, filed by Defendants Frederick Clement, United States of America.. (Klinck, Jonathan) (Entered: 06/26/2014) |
| 06/27/2014 | 49 | MEMORANDUM in Opposition to MOTION to Strike Complaint 36 filed by Plaintiff Salma Agha-Khan. (jloz) (Entered: 06/30/2014) |
| 07/03/2014 | 50 | *DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION* re: MOTION to Dismiss Case 18 , MOTION to Dismiss Case 19 (Attachments: # 1 Supplement REQUEST FOR JUDICIAL NOTICE)(Parker, Connie) (Entered: 07/03/2014) |
| 07/03/2014 | 51 | PROOF OF SERVICE filed by DEFENDANTS Lisa Holder, Klein, Denatale and Goldner, Jeffrey Vetter, re Miscellaneous Document 50 *REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS; SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE RE DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS* served on 07/03/2014. (Parker, Connie) (Entered: 07/03/2014) |
| 07/10/2014 | 52 | SCHEDULING AND CASE MANAGEMENT ORDER RE: JURY TRIAL by Judge Fernando M. Olguin. The court deems a Scheduling Conference unnecessary and hereby vacates the hearing. Jury Trial set for 5/19/2015 at 8:30 AM; Final Pretrial Conference/Motions in Limine set for 5/1/2015 at 10:00 AM before Judge Fernando M. Olguin. *See order for deadlines and requirements.* (vdr) (Entered: 07/10/2014) |
| 07/11/2014 | 53 | ORDER by Judge Fernando M. Olguin. Defendants' Motions to Dismiss 14 & 30 are granted. The Complaint is dismissed with leave to amend. Defendant's Motion to Strike Complaint 36 is denied as moot. If plaintiff still wishes to pursue this action, she is granted until 7/25/2014, to file a First Amended Complaint. (vdr) (Entered: 07/11/2014) |
| 07/25/2014 | 54 | FIRST AMENDED COMPLAINT against defendants Bruce Breitman, Frederick Clement, Lisa Holder, Klein, Denatale and Goldner, Jeffrey Vetter, Peter Zouras, BBG Ltd, Barry Goldner, Does 1 through 50; Party United States of America terminated amending Notice of Removal 1 , filed by plaintiff Salma Agha-Khan. (Attachments: # 1 Part 2, # 2 Part 3, # 3 Part 4, # 4 Part 5, # 5 Part 6, # 6 Part 7, # 7 Part 8, # 8 Part 9, # 9 Part 10, # 10 Part 11). (jp) (Entered: 07/28/2014) |
| 07/25/2014 | 55 | NOTICE OF MOTION AND MOTION to Disqualify Defendant Counsel from |

| | | |
|---|---|---|
| | | Representing Defendant Trustee Vetter for Conflict of Interest; Violation of Law filed by plaintiff Salma Agha-Khan. Motion set for hearing on 9/11/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Part 2, # 2 Part 3, # 3 Part 4). (jp) (Entered: 07/29/2014) |
| 08/06/2014 | 56 | NOTICE of Substitution filed by Defendants Frederick Clement, United States of America. (Attachments: # 1 Proposed Order)(Klinck, Jonathan) (Entered: 08/06/2014) |
| 08/07/2014 | 57 | ORDER CORRECTING CAPTION by Judge Fernando M. Olguin that the caption of this case be changed to read as follows: DR. SALMA-AGHA KHAN, an individual, Plaintiff, v. THE UNITED STATES OF AMERICA; FREDRICK CLEMENT, an individual, and Judge of the United States Bankruptcy Court; JEFFREY VETTER, an individual, and Trustee of the United States Bankruptcy Court; BRUCE BREITMAN; an individual; LISA HOLDER, an individual and attorney in KDG; KLEIN DENATALE GOLDNER, a professional law corporation; the estate of PETER ZOURAS, an individual now deceased; BARRY GOLDNER, an individual and attorney in Klein DeNatale Goldner and DOES 1 through 50, inclusive, Defendants 56 . (jp) (Entered: 08/07/2014) |
| 08/08/2014 | 58 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendants Frederick Clement, United States of America. Motion set for hearing on 9/11/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Proposed Order)(Klinck, Jonathan) (Entered: 08/08/2014) |
| 08/08/2014 | 59 | NOTICE OF MOTION AND MOTION to Strike Complaint Amended Complaint, 54 (w/proof of service) filed by Defendant BBG Ltd, Bruce Breitman. Motion set for hearing on 9/11/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Declaration, # 2 Memorandum)(Attorney David N Chandler added to party BBG Ltd(pty:dft))(Chandler, David) (Entered: 08/08/2014) |
| 08/08/2014 | 60 | REQUEST FOR JUDICIAL NOTICE re MOTION to Strike Complaint Amended Complaint, 54 (w/proof of service) 59 filed by Defendant BBG Ltd, Bruce Breitman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Chandler, David) (Entered: 08/08/2014) |
| 08/08/2014 | 61 | NOTICE OF MOTION AND MOTION to Dismiss FIRST AMENDED COMPLAINT filed by DEFENDANTS Lisa Holder, Klein, Denatale and Goldner, Jeffrey Vetter. Motion set for hearing on 9/11/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Declaration CONNIE M. PARKER RE MOTION TO DISMISS FIRST AMENDED COMPLAINT)(Parker, Connie) (Entered: 08/08/2014) |
| 08/08/2014 | 62 | NOTICE OF MOTION AND MOTION to Dismiss Case (w/proof of service) filed by Defendant BBG Ltd, Bruce Breitman. Motion set for hearing on 9/11/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Declaration Declaration of David N. Chandler In Support Of Motion To Dismiss, # 2 Memorandum Memorandum Of Points And Authorities In Support Of Motion To Dismiss)(Chandler, David) (Entered: 08/08/2014) |
| 08/08/2014 | 63 | MEMORANDUM of Points and Authorities in Support OF DEFENDANTS |

Case 14-01155 Filed 01/27/15 Doc 40

| | | |
|---|---|---|
| | | *JEFFREY VETTER'S, KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP'S AND LISA HOLDER'S MOTION* Re: MOTION to Dismiss FIRST AMENDED COMPLAINT 61 (Parker, Connie) (Entered: 08/08/2014) |
| 08/08/2014 | 64 | REQUEST FOR JUDICIAL NOTICE filed by Defendants Lisa Holder, Klein, Denatale and Goldner, Jeffrey Vetter re: MOTION to Dismiss FIRST AMENDED COMPLAINT 61 (Attachments: # 1 Exhibit EXH 1-18 TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS JEFFREY VETTER'S, KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP'S AND LISA HOLDER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, # 2 Exhibit EXH 19-31 TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS JEFFREY VETTER'S, KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP'S AND LISA HOLDER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT)(Parker, Connie) (Entered: 08/08/2014) |
| 08/08/2014 | 65 | PROOF OF SERVICE filed by DEFENDANTS Lisa Holder, Klein, Denatale and Goldner, Jeffrey Vetter, re MOTION to Dismiss FIRST AMENDED COMPLAINT 61 *DECLARATION OF CONNIE M. PARKER IN SUPPORT THEREOF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF; EXHS 1-18 TO RJN IN SUPPORT THEREOF; EXHS 19-31 TO RJN IN SUPPORT THEREOF* served on August 8, 2014. (Parker, Connie) (Entered: 08/08/2014) |
| 08/20/2014 | 67 | NOTICE OF ERRATA. in First Amended Complaint 54 filed by Plaintiff Salma Agha-Khan. (Attachments: # 1 Part 2, # 2 Part 3, # 3 Part 4). (jp) (Entered: 08/25/2014) |
| 08/21/2014 | 66 | MEMORANDUM in Opposition to MOTION for Order for to Disqualify Defendant Counsel from Representing Defendant Trustee Vetter for Conflict of Interest; Violation of Law 55 filed by Defendants Lisa Holder, Klein, Denatale and Goldner, Jeffrey Vetter. (Attachments: # 1 Declaration of Barry L. Goldner in Support of Opposition to Plaintiff's Motion to Disqualify Defendant Counsel from Representing Defendant Trustee Vetter for Conflict of Interest, # 2 Proof of Service)(Parker, Connie) (Entered: 08/21/2014) |
| 08/27/2014 | 68 | STATEMENT of Non-Opposition to Motion to Dismiss First Amended Complaint MOTION to Dismiss Case 58 filed by Defendants Frederick Clement, United States of America. (Klinck, Jonathan) (Entered: 08/27/2014) |
| 08/29/2014 | 69 | ORDER by Judge Fernando M. Olguin. Defendants' Motions to Dismiss 58 , 61 and 62 are granted. The First Amended Complaint is dismissed with leave to amend. Defendants' Motion to Strike Complaint 59 is denied as moot. The Requests for Judicial Notice filed with respect to the motions to dismiss andmotion to strike 60 & 64 are denied as moot. Plaintiff's Motion to Disqualify 55 is denied without prejudice. (vdr) (Entered: 08/29/2014) |
| 09/12/2014 | 70 | SECOND AMENDED COMPLAINT against defendants BBG Ltd, Bruce Breitman, Frederick Clement, Barry Goldner, Lisa Holder, Klein, Denatale and Goldner, United States of America, Jeffrey Vetter, Peter Zouras, David N Chandler, David N Chandler PC, CitiMortgage Inc, CR Title Services Inc, ReMax |

| | | |
|---|---|---|
| | | Real Estate Corporation, Debbie Banducci, ReMax Magic amending First Amended Complaint 54 , filed by plaintiff Salma Agha-Khan. (Attachments: # 1 Part 2, # 2 Part 3, # 3 Part 4, # 4 Part 5, # 5 Part 6, # 6 Part 7, # 7 Part 8, # 8 Part 9, # 9 Part 10, # 10 Part 11). (jp) (Entered: 09/15/2014) |
| 09/22/2014 | 71 | NOTICE OF DISCREPANCY AND ORDER by Judge Fernando M. Olguin, ORDERING Second Amended Complaint, Plaintiffs Ex Parte Application, Notice of Errata submitted by Plaintiff Salma Agha-Khan received on 9/19/2014 is not to be filed but instead rejected. Denial based on: Written notice of motion lacking or timeliness of notice incorrect. No hearing date provided on motion; Second amended complaint has already been filed on 9/12/14, also multiple documents are under one cover and it should be separate. (jp) (Entered: 09/22/2014) |
| 09/22/2014 | 72 | [DOCUMENT IS STRICKEN] REQUEST FOR JUDICIAL NOTICE Regarding Docket Fraud for an Order filed by plaintiff Salma Agha-Khan. (jp) Modified on 9/24/2014 (vdr). (Entered: 09/22/2014) |
| 09/22/2014 | 73 | ORDER STRIKING FILED DOCUMENTSFROM THE RECORD by Judge Fernando M. Olguin: the documents listed below were improperly filed for the following reasons: The motion which this document is filed in support of was not accepted by the court and rejected on 9/22/2014; therefore, the following document(s) shall be stricken from the record and shall not be considered by the Court: Request for Judicial Notice 72 Filed 9/22/2014. (jp) (Entered: 09/22/2014) |
| 09/26/2014 | 74 | NOTICE OF MOTION AND MOTION to Dismiss Case *(Second Amended Complaint)* filed by Defendants Frederick Clement, United States of America. Motion set for hearing on 11/6/2014 at 10:00 AM before Judge Fernando M. Olguin. (Klinck, Jonathan) (Entered: 09/26/2014) |
| 09/26/2014 | 75 | NOTICE OF MOTION AND MOTION to Dismiss Case *(w/proof of service)* filed by Defendant BBG Ltd, Bruce Breitman. Motion set for hearing on 11/6/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Declaration Declaration of David N. Chandler In Support Of Motion To Dismiss, # 2 Memorandum Memorandum Of Points And Authorities In Support Of Motion To Dismiss)(Chandler, David) (Entered: 09/26/2014) |
| 09/26/2014 | 76 | NOTICE OF MOTION AND MOTION to Strike Complaint Amended Complaint,, 70 filed by Defendant BBG Ltd, Bruce Breitman. Motion set for hearing on 11/6/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Declaration of David N. Chandler In Support Of Motion To Strike Complaint [CCP Section 425.16], # 2 Memorandum Of Points And Authorities In Support Of Motion To Strike Complaint)(Chandler, David) (Entered: 09/26/2014) |
| 09/26/2014 | 77 | REQUEST FOR JUDICIAL NOTICE re MOTION to Strike Complaint Amended Complaint,, 70 76 , MOTION to Dismiss Case *(w/proof of service)* 75 filed by Defendant BBG Ltd, Bruce Breitman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Chandler, David) (Entered: 09/26/2014) |
| 09/26/2014 | 78 | NOTICE OF MOTION AND First MOTION to Dismiss Plaintiff's First and |

CM/ECF - California Central District

| | | |
|---|---|---|
| | | Fourth Through Eighth Claims For Relief Pursuant To F.R.C.P 12(b)(6) filed by Defendant Peter Zouras. Motion set for hearing on 11/13/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Proposed Order Granting Defendant Zouras' Motion to Dismiss Plaintiff's Second Amended Complaint) (Attorney James A Lassart added to party Peter Zouras(pty:dft))(Lassart, James) (Entered: 09/26/2014) |
| 09/26/2014 | 79 | *Defendant Estate of Peter J. Zouras'* NOTICE of Interested Parties filed by Defendant Peter Zouras, (Lassart, James) (Entered: 09/26/2014) |
| 09/26/2014 | 80 | NOTICE OF MOTION AND MOTION to Dismiss SECOND AMENDED COMPLAINT filed by Defendants Barry Goldner, Lisa Holder, Klein, Denatale and Goldner, Jeffrey Vetter. Motion set for hearing on 11/6/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Memorandum MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT, # 2 Declaration DECLARATION OF CONNIE M. PARKER REGARDING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT, # 3 REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT, # 4 Exhibit EXHIBITS 1 THROUGH 18 TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT, # 5 Exhibit EXHIBITS 19 THROUGH 31 IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT, # 6 PROOF OF SERVICE OF DOCUMENTS RELATED TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT)(Attorney Connie M Parker added to party Barry Goldner(pty:dft))(Parker, Connie) (Entered: 09/26/2014) |
| 10/03/2014 | 81 | EX PARTE MOTION: Notice of Fraudulent Ambushed Hiring of Attorneys Seeking Revenge Against Plaintiff Allowed by Defendant Judge Clement Acting Under Color of Official Right in Bankruptcy Court to Commit (1) Multiple Grand Thefts, (2) Crimes of Hate, Racial and Sexaul Discrimination Against Plaintiff; Memorandum of Points and Authorities; [Propsed] Order; Declaration of Salma Agha-Khan, MD., Regarding Meet and Confer; Proof of Service; Service List. Second Amended Complaint filed by plaintiff Salma Agha-Khan. (Attachments: # 1 Part 2 - Pages 1-25, # 2 Part 2 - Pages 26-50, # 3 Part 3, # 4 Part 4). (jp) (Entered: 10/06/2014) |
| 10/03/2014 | 82 | REQUEST FOR JUDICIAL NOTICE Regarding EX PARTE APPLICATION Ambushed Fraudulent Hiring of Attorneys Seeking Revenge Against Plaintiff Allowed by Defendant Judge Clement Acting Under Color of Official Right in Bankruptcy Court to Commit (1) Multiple Grand Thefts, (2) Crimes of Hate, Racial and Sexaul Discrimination Against Plaintiff; Memorandum of Points and Authorities; [Proposed] Order; Declaration of Salma Agha-Khan, MD., Regarding Meet and Confer; Proof of Service; Service List. Second Amended Complaint 81 filed by plaintiff Salma Agha-Khan. (jp) (Entered: 10/06/2014) |
| 10/03/2014 | 83 | EX PARTE MOTION: Notice of Docket Fraud Perpetrated by Defendants Judge Clement, Trustee Vetter and Attorneys Who Repeatedly Altered Plaintiff's Bankruptcy Matter Docket By (1) Creating a New Case Number for Incriminating Filings, (2) Misfiling Bankruptcy Matter Documents, (3) Mislabeling Transcript |

| | | |
|---|---|---|
| | | Titles of Court Hearings, (4) Misreporting Titles on All Submissions by Defendants; [Proposed] Order; Memorandum of Points and Authorities; Declaration Salma Agha-Khan, MD., Regarding Meet and Confer; Proof of Service; Service List Second Amended Complaint filed by plaintiff Salma Agha-Khan. Motion set for hearing on 11/6/2014 at 10:00 AM before Judge Fernando M. Olguin. (jp) (Entered: 10/06/2014) |
| 10/03/2014 | 84 | REQUEST FOR JUDICIAL NOTICE Regarding Exparte Motion Notice of Docket Fraud Perpetrated by Defendants Judge Clement, Trustee Vetter and Attorneys Who Repeatedly Altered Plaintiff's Bankruptcy Matter Docket By (1) Creating a New Case Number for Incriminating Filings, (2) Misfiling Bankruptcy Matter Documents, (3) Mislabeling Transcript Titles of Court Hearings, (4) Misreporting Titles on All Submissions by Defendants; [Proposed] Order; Memorandum of Points and Authorities; Declaration Salma Agha-Khan, MD., Regarding Meet and Confer; Proof of Service; Service List Second Amended Complaint 83 filed by plaintiff Salma Agha-Khan. (Attachments: # 1 Part 2, # 2 Part 3, # 3 Part 4, # 4 Part 5, # 5 Part 6, # 6 Part 7). (jp) (Entered: 10/06/2014) |
| 10/03/2014 | 90 | 21 DAYS Summons Issued re Second Amended Complaint as to Defendants BBG Ltd, Debbie Banducci, Bruce Breitman, CR Title Services Inc, David N Chandler, CitiMortgage Inc, David N Chandler PC, Barry Goldner, Lisa Holder, Klein, Denatale and Goldner, ReMax Magic, ReMax Real Estate Corporation, Jeffrey Vetter, The Estate of Peter J Zouras, and 60 DAYS Summons Issued re Second Amended Complaint 70 Frederick Clement, United States of America. (jp) (Entered: 10/08/2014) |
| 10/07/2014 | 85 | OPPOSITION to EX PARTE APPLICATION for Order for Notice of Fraudulent Ambushed Hiring of Attorneys Seeking Revenge Against Plaintiff Allowed by Defendant Judge Clement Acting Under Color of Official Right in Bankruptcy Court to Commit (1) Multiple Grand Thefts, (2) 81 filed by Defendants Frederick Clement, United States of America. (Klinck, Jonathan) (Entered: 10/07/2014) |
| 10/07/2014 | 86 | OPPOSITION to MOTION for Order for Notice of Docket Fraud Perpetrated by Defendants Judge Clement, Trustee Vetter and Attorneys Who Repeatedly Altered Plaintiff's Bankruptcy Matter Docket By (1) Creating a New Case Number for Incriminating Filings, (2) Misfili 83 filed by Defendants Frederick Clement, United States of America. (Klinck, Jonathan) (Entered: 10/07/2014) |
| 10/07/2014 | 87 | OPPOSITION to MOTION for Order for Notice of Docket Fraud Perpetrated by Defendants Judge Clement, Trustee Vetter and Attorneys Who Repeatedly Altered Plaintiff's Bankruptcy Matter Docket By (1) Creating a New Case Number for Incriminating Filings, (2) Misfili 83 filed by Defendants Barry Goldner, Lisa Holder, Klein, Denatale and Goldner, Jeffrey Vetter. (Attachments: # 1 Declaration OF CONNIE M. PARKER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE MOTION RE: DOCKET FRAUD, # 2 Exhibit (S) TO DECLARATION OF CONNIE M. PARKER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE MOTION RE: DOCKET FRAUD, # 3 PROOF OF SERVICE)(Parker, Connie) (Entered: 10/07/2014) |
| 10/07/2014 | 88 | OPPOSITION to EX PARTE APPLICATION for Order for Notice of Fraudulent Ambushed Hiring of Attorneys Seeking Revenge Against Plaintiff Allowed by Defendant Judge Clement Acting Under Color of Official Right in Bankruptcy |

| | | |
|---|---|---|
| | | Court to Commit (1) Multiple Grand Thefts, (2) 81 filed by Defendants Barry Goldner, Lisa Holder, Klein, Denatale and Goldner, Jeffrey Vetter. (Attachments: # 1 PROOF OF SERVICE)(Parker, Connie) (Entered: 10/07/2014) |
| 10/07/2014 | 89 | OF SERVICE filed by Defendant BBG Ltd, Bruce Breitman, re Request for Judicial Notice,,, Request for Relief,,,,, 77 , MOTION to Strike Complaint Amended Complaint,, 70 76 served on October 7, 2014. (Chandler, David) (Entered: 10/07/2014) |
| 10/08/2014 | 91 | REPLY to US Attorney's Filing on behalf of defendants United States of Defendants United and Fredrick Clement Regarding Plaintiff's Notice of Fraudulent Ambushed Hiring of Attorneys Seeking Revenge Against Plaintiff Allowed by Defendant Judge Clement Acting Under Color of Official Right in Bankruptcy Court to Commit (1) Multiple Grand Thefts, (2) Crimes of Hate, Racial and Sexaul Discrimination Against Plaintiff 81 filed by Plaintiff Salma Agha-Khan. (jp) (Entered: 10/08/2014) |
| 10/08/2014 | 92 | REPLY to US Attorney's Filing on behalf of defendants United States of Defendants United and Fredrick Clement Regarding Plaintiff's Notice of Docket Fraud Perpetrated by Defendants Judge Clement, Trustee Vetter and Attorneys Who Repeatedly Altered Plaintiff's Bankruptcy Matter Docket By (1) Creating a New Case Number for Incriminating Filings, (2) Misfiling Bankruptcy Matter Documents, (3) Mislabeling Transcript Titles of Court Hearings, (4) Misreporting Titles on All Submissions by Defendants 83 filed by Plaintiff Salma Agha-Khan. (jp) (Entered: 10/08/2014) |
| 10/16/2014 | 93 | TO PLAINTIFF'S EX PARTE MOTION RE: FRAUDULENT AMBUSHED HIRING OF ATTORNEYS, ETC. OPPOSITION re: EX PARTE APPLICATION for Order for Notice of Fraudulent Ambushed Hiring of Attorneys Seeking Revenge Against Plaintiff Allowed by Defendant Judge Clement Acting Under Color of Official Right in Bankruptcy Court to Commit (1) Multiple Grand Thefts, (2) 81 filed by Defendant Jeffrey Vetter. (Attachments: # 1 Declaration OF BARRY L. GOLDNER IN SUPPORT OF OPPOSITION TO PLAINTIFF'S EX PARTE MOTION RE: FRAUDULENT AMBUSHED HIRING OF ATTORNEYS, ETC., # 2 PROOF OF SERVICE)(Parker, Connie) (Entered: 10/16/2014) |
| 10/16/2014 | 94 | PLAINTIFF'S OPPOSITION to Defendants MOTION to Dismiss SECOND AMENDED COMPLAINT 80 ; Memorandum of Points and Authorities; Declaration of Salma Agha-Khan, MD; Proof of Service; Service List filed by Plaintiff Salma Agha-Khan. (jp) (Entered: 10/17/2014) |
| 10/16/2014 | 95 | PLAINTIFF'S OPPOSITION to Defendants MOTION to Strike 76 ; Memorandum of Points and Authorities; Declaration of Salma Agha-Khan, MD; Proof of Service; Service List filed by Plaintiff Salma Agha-Khan. (jp) (Entered: 10/17/2014) |
| 10/16/2014 | 96 | PLAINTIFF'S OPPOSITION to Defendants United States of America and Fredrick Clement MOTION to Dismiss *(Second Amended Complaint)* 74 ; Memorandum of Points and Authorities; Declaration of Salma Agha-Khan, MD; Proof of Service; Service List filed by Plaintiff Salma Agha-Khan. (jp) (Entered: 10/17/2014) |
| 10/16/2014 | 97 | PLAINTIFF'S OPPOSITION to Defendants Jeffrey Vetter's Klein Denatale & |

| | | |
|---|---|---|
| | | Goldner, Cooper, Rosenlieb & Kimball LLP's, Barry L Godner's and Lis Holder's MOTION to Dismiss SECOND AMENDED COMPLAINT 80 ; Memorandum of Points and Authorities; Declaration of Salma Agha-Khan, MD; Proof of Service; Service List filed by Plaintiff Salma Agha-Khan. (jp) (Entered: 10/17/2014) |
| 10/20/2014 | 98 | PLAINTIFF'S OPPOSITION to Defendant Zour's MOTION to Dismiss Plaintiff's First and Second Through Eighth Claims For Relief Pursuant To F.R.C.P 12(b)(6) 78 filed by Plaintiff Salma Agha-Khan. (jp) (Entered: 10/20/2014) |
| 10/21/2014 | 99 | REPLY In Support of MOTION to Dismiss Case *(Second Amended Complaint)* 74 filed by Defendants Frederick Clement, United States of America. (Klinck, Jonathan) (Entered: 10/21/2014) |
| 10/22/2014 | 101 | PLAINTIFF REQUEST FOR JUDICIAL NOTICE of "Mr. Chandler" Defrauding the USA, This Court, Judge Olguin and Plaintiff as detailed in "Plaintiff's Motion to Strike..." Declaration of Salma Agha-Khan, MD; Proof of Service; Service List. Second Amended Complaint filed by plaintiff BBG Ltd. (jp) (Entered: 10/24/2014) |
| 10/22/2014 | 102 | PLAINTIFFS REQUEST for Sanctions on Myriad of Lies Repeatedly Stated by Defendants Vetter, KDG Law Firm, Holder and Goldner in their Submissions filed October 16, 2014 Titled "Vetters Opposition.... Fraudulent Ambushed Hiring of Attorneys Etc" and "Declaration of Barry L. Goldner in support of Opposition..."; Memorandum of Points and Authorities; Proposed Order; Declaration of Salma Agha-Khan, MD; Proof or Service; Service List filed by plaintiff Salma Agha-Khan. (jp) (Entered: 10/24/2014) |
| 10/22/2014 | 103 | MOTION to Strike "Mr. Chandlers" Submissions Filed on September 26, 2014 and Extreme Sanctions Must Be Imposed Due to (1) Uncertainity as to which "Chandler" 1) Really Exists, ii) is Actually Filing, ii) and Submitting Docus (2) Their Repeated Defrauding of the USA, This Court, Judge Olguin and Plaintiff; Memorandum of Points and Authorities; Proposed Order; Declaration of Salma Agha-Khan, MD; Proof or Service; Service List filed by plaintiff Salma Agha-Khan. Motion set for hearing on 11/20/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Part 2)(jp) (Entered: 10/24/2014) |
| 10/23/2014 | 100 | REPLY SUPPORT MOTION to Dismiss SECOND AMENDED COMPLAINT 80 filed by Defendants Barry Goldner, Lisa Holder, Klein, Denatale and Goldner, Jeffrey Vetter. (Attachments: # 1 REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY RE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT, # 2 PROOF OF SERVICE OF REPLY DOCUMENTS RE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT)(Parker, Connie) (Entered: 10/23/2014) |
| 10/28/2014 | 105 | NOTICE OF INCORRECT HEARING DATE ON FILING Plaintiff Requests Judicial Notice of "Mr. Chandler" Defrauding the United States of America, This Court, Judge Olguin and Plaintiff as Detailed in "Plaintiff's Motion to Strike..."; Declaration of Salma Agha-Khan, MD; Proof of Service; Service List filed by plaintiff Salma Agha-Khan. (jp) (Entered: 10/29/2014) |
| 10/28/2014 | 106 | NOTICE OF COVERTING DOC #103 PREVIOUSLY FILED MOTION with Hearing Date of November 20, 2014 to an Ex parte Demanded by Severity of Fraud Outlined; Plaintiffs MOTION to Strike "Mr. Chandlers" Submissions Filed |

| | | |
|---|---|---|
| | | on September 26, 2014 and Extreme Sanctions Must Be Imposed Due to (1) Uncertainty as to which "Chandler" I) Really Exists, ii) Is Actually Filing, ii) and Submitting Docus (2) Their Repeated Defrauding of the USA, This Court, Judge Olguin and Plaintiff; Memorandum of Points and Authorities; Proposed Order; Declaration of Salma Agha-Khan, MD; Proof or Service; Service List <u>103</u> filed by Plaintiff Salma Agha-Khan. (jp) (Entered: 10/29/2014) |
| 10/28/2014 | <u>107</u> | REQUEST FOR JUDICIAL NOTICE Regarding Fooling and Defrauding of this Court, Judge Olguin and the Plaintiff by Defendants Chandler, Breittman, BBG Ltd, US Trustee Vetter, KDG Attorneys, Goldner, Holder, Cooper, Parker; Declaration of Salma Agha-Khan, MD; Proof of Service; Service list filed by plaintiff Salma Agha-Khan. (jp) (Entered: 10/29/2014) |
| 10/28/2014 | <u>108</u> | NOTICE OF INCORRECT HEARING DATE ON FILING: Plaintiff's Request for Sanctions on Myriad of Lies Repeatedly Stated by Defendants Vetter, KDG Law Firm, Holder and Goldner in their Submissions filed October 16, 2014 Titled "Vetters Opposition.... Fraudulent Ambushed Hiring of Attorneys Etc" and "Declaration of Barry L. Goldner in support of Opposition..."; Memorandum of Points and Authorities; Proposed Order; Declaration of Salma Agha-Khan, MD; Proof or Service; Service List filed by plaintiff Salma Agha-Khan. (jp) (Entered: 10/29/2014) |
| 10/28/2014 | <u>109</u> | NOTICE OF INCORRECT HEARING DATE OF FILING: Plaintiff's Opposition to Defendant Zourz's "Motion to Dismiss Plaintiff's First and Second Through Eighth Claims for Relief Pursuant to FRCP 12(b)(6)" in Second Amended Complaint; Memorandum of Points and Authorities; Declaration of Salma Agha-Khan, MD; Proof of Service; Service List filed by plaintiff Salma Agha-Khan. (jp) (Entered: 10/29/2014) |
| 10/28/2014 | <u>110</u> | NOTICE OF ERRATA to Second Amended Complaint <u>70</u>, Resubmission of Errata Initially Submitted for Filing on September 19, 2014 But Struck According to Local Rule 6-1; Declaration of Salma Agha-Khan; Proof of Service; Service List filed by Plaintiff Salma Agha-Khan. (Attachments: # <u>1</u> Part 2, # <u>2</u> Part 3, # <u>3</u> Part 4, # <u>4</u> Part 5, # <u>5</u> Part 6, # <u>6</u> Part 7). (jp) (Entered: 10/29/2014) |
| 10/29/2014 | <u>104</u> | REPLY in Support of First MOTION to Dismiss Plaintiff's First and Fourth Through Eighth Claims For Relief Pursuant To F.R.C.P 12(b)(6) <u>78</u> filed by Defendant The Estate of Peter J Zouras. (Attachments: # <u>1</u> Certificate of Service) (Lassart, James) (Entered: 10/29/2014) |
| 10/29/2014 | <u>111</u> | ALIAS SUMMONS issued as to Defendants BBG Ltd, Debbie Banducci, Bruce Breitman, CR Title Services Inc, David N Chandler, CitiMortgage Inc, Frederick Clement, David N Chandler PC, Barry Goldner, Lisa Holder, Klein, Denatale and Goldner, ReMax Magic, ReMax Real Estate Corporation, United States of America, Jeffrey Vetter, The Estate of Peter J Zouras. (jp) (Entered: 10/30/2014) |
| 10/31/2014 | <u>112</u> | Opposition To Plaintiff's Motion To Strike; Declaration Of David N. Chandler Opposition re: MOTION to Strike <u>103</u> filed by Defendants BBG Ltd, Bruce Breitman. (Attachments: # <u>1</u> Certificate Of Service)(Chandler, David) (Entered: 10/31/2014) |
| 11/03/2014 | 113 | TEXT ONLY ENTRY by Chambers of Judge Fernando M. Olguin. On the court's own motion, the Motions to Dismiss <u>74</u>, <u>75</u>, <u>80</u> and Motion to Strike <u>76</u>, are |

| | | |
|---|---|---|
| | | taken off the 11/6/2014 calendar and placed under submission. No appearances are required on 11/6/2014. An order will issue. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vdr) TEXT ONLY ENTRY (Entered: 11/03/2014) |
| 11/10/2014 | 114 | TEXT ONLY ENTRY by Chambers of Judge Fernando M. Olguin. On the court's own motion, the Motion to Dismiss 78 is taken off the 11/13/2014 calendar and placed under submission. No appearances are required on 11/13/2014. An order will issue. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vdr) TEXT ONLY ENTRY (Entered: 11/10/2014) |
| 11/17/2014 | 115 | TEXT ONLY ENTRY by Chambers of Judge Fernando M. Olguin. On the court's own motion, the Motion to Strike 103 is taken off the 11/20/2014 calendar and placed under submission. No appearances are required on 11/20/2014. An order will issue. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vdr) TEXT ONLY ENTRY (Entered: 11/17/2014) |
| 12/05/2014 | 116 | Notice of Appearance or Withdrawal of Counsel: for attorney Jonathan B Klinck counsel for Defendants Frederick Clement, United States of America. Adding John E. Nordin, II as attorney as counsel of record for United States of America; Hon. Fredrick Clement for the reason indicated in the G-123 Notice. Filed by Defendant United States of America; Hon. Fredrick Clement. (Klinck, Jonathan) (Entered: 12/05/2014) |
| 12/15/2014 | 117 | EX PARTE APPLICATION to Continue Pretrial and Trial Dates Re: Order,, Terminate Hearings,, Set/Reset Hearing, 52 filed by Defendant Frederick Clement, United States of America. (Attachments: # 1 Proposed Order Granting Ex-Parte Application)(Attorney John E Nordin, II added to party Frederick Clement(pty:dft))(Nordin, John) (Entered: 12/15/2014) |
| 12/16/2014 | 118 | Amended EX PARTE APPLICATION to Continue Pretrial and Trial Dates Re: Order,, Terminate Hearings,, Set/Reset Hearing, 52 , EX PARTE APPLICATION to Continue Pretrial and Trial Dates Re: Order,, Terminate Hearings,, Set/Reset Hearing, 52 117 filed by Defendant Frederick Clement, United States of America. (Attachments: # 1 Proposed Order Granting Ex-Parte Application)(Nordin, John) (Entered: 12/16/2014) |
| 12/17/2014 | 119 | NOTICE OF MOTION AND MOTION to Dismiss Case *(w/proof of service)* filed by Defendant David N Chandler, David N Chandler PC. Motion set for hearing on 1/15/2015 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Declaration of David N. Chandler In Support Of Motion To Dismiss, # 2 Memorandum Of Points And Authorities In Support Of Motion To Dismiss) (Attorney David N Chandler added to party David N Chandler(pty:dft), Attorney David N Chandler added to party David N Chandler PC(pty:dft))(Chandler, David) (Entered: 12/17/2014) |
| 12/17/2014 | 120 | NOTICE OF MOTION AND MOTION to Strike Complaint *(CCP Section 425.16) (w/proof of service)* filed by Defendant David N Chandler, David N Chandler PC. Motion set for hearing on 1/15/2015 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Declaration of David N. Chandler In Support Of Motion To Strike Complaint [CCP Section 425.16], # 2 Memorandum Of Points And Authorities In Support Of Motion To Strike Complaint)(Chandler, David) (Entered: 12/17/2014) |

| 12/17/2014 | 121 | DECLARATION of David N. Chandler, Jr. In Support Of MOTION to Strike Complaint *(CCP Section 425.16) (w/proof of service)* 120 , MOTION to Dismiss Case *(w/proof of service)* 119 filed by Defendants David N Chandler, David N Chandler PC. (Chandler, David) (Entered: 12/17/2014) |
|---|---|---|
| 12/17/2014 | 122 | REQUEST FOR JUDICIAL NOTICE re MOTION to Dismiss Case *(w/proof of service)* 119 , MOTION to Strike Complaint *(CCP Section 425.16) (w/proof of service)* 120 filed by Defendant David N Chandler, David N Chandler PC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Chandler, David) (Entered: 12/17/2014) |
| 12/29/2014 | 123 | ORDER RE: CO-DEFENDANTS' EX PARTE APPLICATION 118 by Judge Fernando M. Olguin. The Ex Parte Application is granted. The dates set forth in the Scheduling and Case Management Order Re: Jury Trial, filed on 7/10/2014, are vacated pending resolution of the motions to dismiss and defendants' motions to strike. (vdr) (Entered: 12/29/2014) |
| 12/29/2014 | 124 | NOTICE OF MOTION AND MOTION to Dismiss Case */ Notice of Motion and Motion to Dismiss Plaintiff's Second Amended Complaint; Memorandum of Points and Authorities In Support* filed by Defendants CR Title Services Inc, CitiMortgage Inc, Citibank, N.A., Brian H. Gunn, Andrew A. Bao, Heather S. Kim. Motion set for hearing on 2/5/2014 at 10:00 AM before Judge Fernando M. Olguin. (Attorney Meagan S. Tom added to party CR Title Services Inc(pty:dft), Attorney Meagan S. Tom added to party CitiMortgage Inc(pty:dft), Attorney Meagan S. Tom added to party Citibank, N.A.(pty:dft), Attorney Meagan S. Tom added to party Brian H. Gunn(pty:dft), Attorney Meagan S. Tom added to party Andrew A. Bao(pty:dft), Attorney Meagan S. Tom added to party Heather S. Kim(pty:dft))(Tom, Meagan) (Entered: 12/29/2014) |
| 12/29/2014 | 125 | NOTICE OF MOTION AND MOTION to Strike Second Amended Complaint Amended Complaint,, 70 */ Notice of Motion and Motion to Dismiss Plaintiff's Second Amended Complaint; Memorandum of Points and Authorities In Support* filed by Defendants Andrew A. Bao, CR Title Services Inc, CitiMortgage Inc, Citibank, N.A., Brian H. Gunn, Heather S. Kim. Motion set for hearing on 2/5/2015 at 10:00 AM before Judge Fernando M. Olguin. (Tom, Meagan) (Entered: 12/29/2014) |
| 12/29/2014 | 126 | REQUEST FOR JUDICIAL NOTICE re MOTION to Strike Second Amended Complaint Amended Complaint,, 70 */ Notice of Motion and Motion to Dismiss Plaintiff's Second Amended Complaint; Memorandum of Points and Authorities In Support* 125 , MOTION to Dismiss Case */ Notice of Motion and Motion to Dismiss Plaintiff's Second Amended Complaint; Memorandum of Points and Authorities In Support* 124 filed by Defendants Andrew A. Bao, CR Title Services Inc, CitiMortgage Inc, Citibank, N.A., Brian H. Gunn, Heather S. Kim. (Attachments: # 1 Request for Judicial Notice Exhibits A-F, # 2 Request for Judicial Notice G-M, # 3 Request for Judicial Notice N-R)(Tom, Meagan) (Entered: 12/29/2014) |
| 01/05/2015 | 127 | OF SERVICE filed by Defendants Andrew A. Bao, CR Title Services Inc, CitiMortgage Inc, Citibank, N.A., Brian H. Gunn, Heather S. Kim, Wolfe & Wyman LLP, re Request for Judicial Notice,,,, Request for Relief,,,,, 126 , |

226

| | | |
|---|---|---|
| | | MOTION to Strike Second Amended Complaint Amended Complaint,, 70 / *Notice of Motion and Motion to Dismiss Plaintiff's Second Amended Complaint; Memorandum of Points and Authorities In Support* 125 , MOTION to Dismiss Case / *Notice of Motion and Motion to Dismiss Plaintiff's Second Amended Complaint; Memorandum of Points and Authorities In Support* 124 served on 12/29/14. (Tom, Meagan) (Entered: 01/05/2015) |
| 01/12/2015 | 128 | TEXT ONLY ENTRY by Chambers of Judge Fernando M. Olguin. On the court's own motion, the Motion to Dismiss 119 and Anti-Slapp Motion to Strike Complaint 120 are taken off the 1/15/2015 calendar and placed under submission. No appearances are required on 1/15/2015. An order will issue. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vdr) TEXT ONLY ENTRY (Entered: 01/12/2015) |
| 01/16/2015 | 129 | NOTICE OF MOTION AND MOTION for Leave to Amend and Supplement Second Amended Complaint for Joiner of Additional Defendants filed by plaintiff Salma Agha-Khan. Motion set for hearing on 3/5/2015 at 10:00 AM before Judge Fernando M. Olguin. (jp) (Entered: 01/20/2015) |
| 01/16/2015 | 130 | MEMORANDUM OF POINTS AND AUTHORITIES in Support of MOTION for Leave to Amend and Supplement Second Amended Complaint for Joiner of Additional Defendants 129 filed by Plaintiff Salma Agha-Khan. (jp) (Entered: 01/20/2015) |
| 01/16/2015 | 131 | DECLARATION of SALMA AGHA-KHAN, MD., in support of her MOTION for Leave to Amend and Supplement Second Amended Complaint for Joiner of Additional Defendants 129 filed by Plaintiff Salma Agha-Khan. (jp) (Entered: 01/20/2015) |
| 01/16/2015 | 132 | PROOF OF SERVICE AND SERVICE LIST filed by plaintiff Salma Agha-Khan, re NOTICE OF MOTION AND MOTION for Leave to Amend and Supplement Second Amended Complaint for Joiner of Additional Defendants 129 , Memorandum of Points and Authorities in Support of Motion 130 Declaration (Motion related) 131 , served on 1/13/2015. (jp) (Entered: 01/20/2015) |
| 01/20/2015 | 133 | NOTICE OF ERRATA Re: Mistakenly Missing Submission of Final Page of Service List With Proof of Service and Service List Re: Notice of Motion and Motion for Leave to Amend and Supplement Second Amended Complaint for Joinder of Additional Defendants filed by Plaintiff Salma Agha-Khan. (jp) (Entered: 01/21/2015) |
| 01/20/2015 | 134 | NOTICE OF ERRATA Re: Mistakenly Missing Submission of Exhibits "A" to "O" with NOTICE OF MOTION AND MOTION for Leave to Amend and Supplement Second Amended Complaint for Joiner of Additional Defendants 129 filed by Plaintiff Salma Agha-Khan. (Attachments: # 1 Exhibits A - B, # 2 Exhibit C, # 3 Exhibit D - Part 1, # 4 Exhibit D - Part 2, # 5 Exhibit D - Part 3, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibits G - H, # 9 Exhibits I - O). (jp) (Entered: 01/21/2015) |
| 01/22/2015 | 135 | NOTICE OF MOTION AND MOTION for Order for to Deem Plaintiff Vexatious Litigant ; *Memorandum of Points and Authorities In Support* filed by Defendants Andrew A. Bao, CR Title Services Inc, CitiMortgage Inc, Citibank, N.A., Brian H. Gunn, Heather S. Kim, Wolfe & Wyman LLP. Motion set for hearing on 3/5/2015 at 10:00 AM before Judge Fernando M. Olguin. (Attorney Meagan S. |

|  |  | Tom added to party Wolfe & Wyman LLP(pty:dft))(Tom, Meagan) (Entered: 01/22/2015) |
|---|---|---|
| 01/22/2015 | 136 | DECLARATION of Meagan S. Tom in support of MOTION for Order for to Deem Plaintiff Vexatious Litigant ; *Memorandum of Points and Authorities In Support* 135 filed by Defendants Andrew A. Bao, CR Title Services Inc, CitiMortgage Inc, Citibank, N.A., Brian H. Gunn, Heather S. Kim, Wolfe & Wyman LLP. (Attachments: # 1 Exhibits 1-7 to Declaration of Meagan S. Tom In Support)(Tom, Meagan) (Entered: 01/22/2015) |
| 01/22/2015 | 137 | PROOF OF SERVICE filed by Defendants Andrew A. Bao, CR Title Services Inc, CitiMortgage Inc, Citibank, N.A., Brian H. Gunn, Heather S. Kim, Wolfe & Wyman LLP, re MOTION for Order for to Deem Plaintiff Vexatious Litigant ; *Memorandum of Points and Authorities In Support* 135 , Declaration (Motion related), 136 served on 1/22/2015. (Tom, Meagan) (Entered: 01/22/2015) |
| 01/26/2015 | 138 | NOTICE OF NON-OPPOSITION to MOTION to Dismiss Case */ Notice of Motion and Motion to Dismiss Plaintiff's Second Amended Complaint; Memorandum of Points and Authorities In Support* 124 ; *Declaration of Meagan S. Tom In Support* filed by Defendants Andrew A. Bao, CR Title Services Inc, CitiMortgage Inc, Citibank, N.A., Brian H. Gunn, Heather S. Kim, Wolfe & Wyman LLP. (Attachments: # 1 Declaration of Meagan S. Tom In Support)(Tom, Meagan) (Entered: 01/26/2015) |
| 01/26/2015 | 139 | NOTICE OF NON-OPPOSITION to MOTION to Strike Second Amended Complaint,, 70 */ Notice of Motion and Motion to Dismiss Plaintiff's Second Amended Complaint; Memorandum of Points and Authorities In Support* 125 */ Declaration of Meagan S. Tom In Support* filed by Defendants Andrew A. Bao, CR Title Services Inc, CitiMortgage Inc, Citibank, N.A., Brian H. Gunn, Heather S. Kim, Wolfe & Wyman LLP. (Attachments: # 1 Declaration of Meagan S. Tom In Support)(Tom, Meagan) (Entered: 01/26/2015) |
| 01/26/2015 | 140 | PROOF OF SERVICE filed by Defendants Andrew A. Bao, CR Title Services Inc, CitiMortgage Inc, Citibank, N.A., Brian H. Gunn, Heather S. Kim, Wolfe & Wyman LLP, re Non-Opposition to Motion, 138 , Non-Opposition to Motion,, 139 *re Notice of Non-Opposition to Motion to Dismiss and Motion to Strike Plaintiff's Second Amended Complaint* served on 1/26/2015. (Tom, Meagan) (Entered: 01/26/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/27/2015 10:02:37 | | |
| **PACER Login:** | ww0553:2726128:0 | **Client Code:** 1133-1458 |
| **Description:** | Docket Report | **Search Criteria:** 2:14-cv-03490-FMO-CW End date: 1/27/2015 |
| **Billable Pages:** | 18 | **Cost:** 1.80 |



WOLFE & WYMAN LLP

EXHIBIT "W"

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California   ☒

| | |
|---|---|
| Salma Agha-Khan, MD. | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. CV 14-03490 FMO (CWx) |
| The Unites States of America; Fredrick Clement, an individual, and Judge of the United States Bankruptcy Court; et al. See attached list for all Defendants | ) |
| | ) |
| _Defendant(s)_ | ) |

ALIAS
## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   The United States of America; Fredrick Clement, an individual and Judge United States Bankruptcy Court c/o United States Attorney, Johnathan Klinck, Suite 7516, 300 North Los Angeles Street, Los Angeles CA 90012; Robin Tubesing; an individual and attorney in US Trustees Office, 2500 Tulare Street, Suite 1401, Fresno CA 93721; Debbie Banducci, an individual and a Realtor Broker at ReMax Magic; ReMax Magic; ReMax Real Estate Corporation; 110 New Stine Rd, Bakersfield, CA 93309 et al, See attachment

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Salma Agha-Khan, MD.
10001 Venice Blvd, #402
Los Angeles, CA 90034

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

ANDRES PEDRO

Date:    OCT 2 9 2014    _____
                          Signature of Clerk or Deputy Clerk

1202

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                              *Server's signature*

                                       _____
                                              *Printed name and title*


                                       _____
                                              *Server's address*

Additional information regarding attempted service, etc:

231

## SUMMONS ATTACHMENT

**AGHA-KHAN  vs.  UNITED STATES, et al.**

**Case No.:  CV 14-03490-FMO (CWx)**

### DEFENDANT LIST

JEFFREY VETTER, an individual, and Trustee of the United States Bankruptcy Court;

LISA HOLDER, an individual and attorney in KDG;

KLEIN DENATALE GOLDNER, a professional law corporation;

BARRY GOLDNER an individual and attorney in Klein DeNatale Goldner;

BRUCE BREITMAN an individual and Principal at BBG Ltd;

BBG Ltd, a corporation;

David N. Chandler, an individual and an attorney at David N. Chandler PC;

David Chandler, an individual and an attorney at David N. Chandler PC;

David N. Chandler Jr, an individual and an attorney at David N. Chandler PC;

David N. Chandler Sr, an individual and an attorney at David N. Chandler PC;

David N. Chandler PC, a corporation;

The Estate of PETER J. ZOURAS for Peter Zouras an individual now deceased;

CitiMortgage Inc, a Citi Bank Company;

Citi Bank, a Banking concern;

CR Title Services Inc; a Title Company;

Wilmington Trust Company, a Trust Company;

ReMax Real Estate Corporation;

Debbie Banducci an individual and a Realtor Broker at ReMax Magic;

ReMax Magic,

1  Brian Gunn, an individual and Attorney at Wolf & Wyman LLP;

2  Andrew A. Bao, an individual and Attorney at Wolf & Wyman LLP;

3  Heather S. Kim, an individual and Attorney at Wolf & Wyman LLP;

4  Wolf & Wyman LLP a Professional Law Firm;

5  Eddie R. Jimenez, , an individual and Attorney at Pite Duncan LLP;

6  Brian A. Paino, an individual and Attorney at Pite Duncan LLP;

7  Pite Duncan LLP, a Professional Law Firm;

8  and Does 1 through 50 inclusive

9

10

11

12

13  **DEFENDANTS NAMES AND ADRESSES**

14  **JEFFREY VETTER**
15  **LISA HOLDER**
    **BARRY GOLDNER**
16  **KDG LAW FIRM**
    c/o David J. Cooper
17  and Connie J. Parker
    Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP
18  4550 California Avenue
    Second Floor
19  Bakersfield, CA  93309
20
    **BRUCE BREITMAN**
21  **BBG LTD**
    **DAVID CHANDLER**
22  **DAVID N. CHANDLER**
    **DAVID N. CHANDLER PC**
23  **DAVID N. CHANDLER, JR**
    **DAVID N. CHANDLER, SR**
24  c/o David N. Chandler, p.c.
    1747 Fourth Street
25  Santa Rosa, CA  95404

1    **THE ESTATE OF PETER ZOURAS for PETER ZOURAS, now deceased**
     c/o Charles Bahlert
2    and James Lassart for The Estate of Peter Zouras
3    Murphy, Pearson, Bradley & Feeney
     88 Kearny Street, 10th Floor
4    San Francisco, CA 94108

5

6    **CITI MORTGAGE**
     **CITI BANK**
7    **WILMINGTON TRUST**
     **BRIAN H. GUNN**
8    **ANDREW A. BAO**
     **HEATHER KIM**
9    **WOLFE & WYMAN LLP**
     c/o Brian H. Gunn
10   And Heather Kim
     and Andrew A. Bao
11   Wolfe & Wyman LLP
12   2175 N. California Blvd, Suite 645
     Walnut Creek, CA 94596-3502
13

14   **CR TITLE SERVICES INC**
     **BRIAN PAINO**
15   **EDDIE R. JIMENEZ**
     **PITE DUNCAN LLP**
16   c/o Brian Paino
17   Pite Duncan LLP
     4375 Jutland Drive, Suite 200
18   P.O. Box 17933
     San Diego, CA 92177
19

20

21

22

23

24

25